IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-cv-889-WDS-SCW |
| | ) | |
| ANTHONY SMITH, SBC INTERNET | ) | Removed from the Circuit Court of |
| SERVICES, INC., d/b/a AT&T INTERNET | ) | St. Clair County, IL Case No. 11-L-683 |
| SERVICES, AT&T CORPORATE | ) | |
| REPRESENTATIVE #1, COMCAST | ) | **JURY TRIAL DEMANDED** |
| CABLE COMMUNICATIONS, LLC and | ) | |
| COMCAST CORPORATE | ) | |
| REPRESENTATIVE #1 , | ) | |
| | ) | |
| Defendants. | | |

## NOTICE OF REMOVAL

Defendant, SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T"), by and through its counsel, files this Notice of Removal to this Court of an action pending against AT&T in state court (the "Action") pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 based on the following grounds:

### Introduction

1.      The plaintiff, Lightspeed Media Corporation ("Plaintiff"), filed its First Amended Complaint, for the first time naming AT&T and Comcast Cable Communications, LLC ("Comcast") as defendants, on August 3, 2012.  See Exhibit A-1.  The Action bears the same title and state court case number as noted above and is docketed in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.  A copy of the state court file and true and correct copies of all process, pleadings, and orders served upon AT&T are being filed with this notice, as required by 28 U.S.C. § 1446(a), and are attached as Exhibit B.

1

2.      Plaintiff alleges that Anthony Smith ("Smith") used hacked passwords to access Plaintiff's websites and protected computer content.  Plaintiff complains that AT&T will not identify its customers and has not taken action to prevent its customers from hacking into Plaintiff's website.  Plaintiff alleges it has been damaged in the amount "of at least $774,850."  Plaintiff has sued AT&T for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, also asserting that it has claims against AT&T and Comcast for negligence, civil conspiracy, violation of the Illinois Consumer Fraud and Deceptive Practices Act, and "aiding and abetting".  For the most part, Plaintiff's state law claims are based on the alleged downloading and dissemination of Plaintiff's alleged "exclusive right to the content" in its websites, which is preempted by federal copyright law.

## This Notice of Removal is Timely

3.      On December 14, 2011, Plaintiff filed its original Complaint against "John Doe."  AT&T was not a named as a defendant.  Exhibit A-2.  On August 3, 2012, the court entered an order granting leave for Plaintiff to file the First Amended Complaint, which substitutes "Anthony Smith" for "John Doe" and adds AT&T, Comcast, AT&T Corporate Representative #1 and Comcast Corporate Representative #1 as defendants.  Exhibit A-3.

4.      This Notice of Removal is being filed less than a year after Plaintiff filed the Complaint and within thirty days after AT&T received a copy of the First Amended Complaint and, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b).

5.      No summons has been issued by the Circuit Court of St. Clair County and no party has been served as of the time of this removal.

**Federal Question Jurisdiction Exists**

6. The Court has original federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331 as Plaintiff has alleged that the Defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Exhibit A-2, First Amended Complaint, Count I. Thus, Plaintiff's First Amended Complaint is removable to this Court pursuant to 28 U.S.C. § 1441(b).

7. The Court also has original federal question jurisdiction over Plaintiff's state law claims for Unjust Enrichment, Civil Conspiracy, Illinois Consumer Fraud and Deceptive Practices Act violations, and Aiding and Abetting as Plaintiff is seeking to enforce rights equivalent to exclusive federal copyright laws. See 17 U.S.C. § 301. Under those claims, Plaintiff alleges that it has exclusive rights to the content on the websites and that AT&T and Comcast are liable for contributory conduct in connection with the alleged violation of those rights. Thus, those claims also "arise under" federal law and are removable to this Court pursuant to 28 U.S.C. § 1441(b). Moreover, this Court has supplemental jurisdiction over any state law claims because those claims are so related to the Computer Fraud and Abuse claims and copyright claims that they form part of the same case or controversy. 28 U.S.C. § 1367(a).

8. For the reasons stated above, the Court has federal question jurisdiction over the Action pursuant to 28 U.S.C. § 1331, and the Action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) without regard to the citizenship or residence of the parties.

**Diversity of Citizenship Exists Between Plaintiff and Defendants**

9. The Court also has original diversity jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a), and the Action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

10. Plaintiff is an Arizona corporation with its principal place of business in Arizona, and is therefore a citizen of Arizona for purposes of diversity.

11. Defendant AT&T is a California corporation with its principal place of business in Texas, and is therefore a citizen of California and Texas for purposes of diversity.

12. Defendant Comcast is a limited liability company organized under the laws of Delaware. The sole member of Comcast is Comcast Holdings Corporation, which is incorporated in Pennsylvania and whose principal place of business is Philadelphia, Pennsylvania. Therefore Comcast is a citizen of Pennsylvania for purposes of diversity.

13. The citizenship of the unknown "AT&T Corporate Representative 1" is disregarded for the purposes of determining diversity because he or she has been sued under a fictitious name. 28 U.S.C. § 1441(a).

14. The citizenship of the unknown "Comcast Corporate Representative 1" is disregarded for the purposes of determining diversity because he or she has been sued under a fictitious name. 28 U.S.C. § 1441(a).

15. Upon information and belief, Defendant Smith is not a citizen of Arizona. Plaintiff does not allege that Defendant Smith is a citizen of Illinois. Plaintiff alleges both that "on information and belief, Defendant Smith resides in or committed the unlawful acts in St. Clair County, Illinois" and that "on information and belief, Defendant resides in St. Clair County, Illinois," but Plaintiff does not otherwise identify the defendant it has named as "Anthony Smith." Even if Smith is a local defendant, he has not been served, and, therefore, his citizenship is disregarded for diversity removal purposes. 28 U.S.C. § 1441(b); *Massey v. Cassens & Sons, Inc.*, 2006 WL 381943, *2 (S.D. Ill. Feb.16, 2006) (explaining federal courts

have decided "virtually uniformly" that the forum defendant rule applies only if a resident defendant is joined and served at the time of removal).

16.     Thus, the parties are completely diverse and no "joined and served" defendant is a citizen of the state of Illinois.

### The Amount in Controversy Exceeds $75,000

17.     Plaintiff alleges that Defendants have "damaged Plaintiff in the amount of at least $774,850" Exhibit A-2, First Amended Complaint at ¶ 60.  Plaintiff seeks judgment for actual damages in "an amount in excess of $200,000." *Id*. at page 21.  Therefore the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### Consent to Removal

18.     Since no co-defendants have yet been served in this matter, their consent to removal is not required.  However, AT&T has been advised that Comcast consents to this removal and will shortly enter an appearance to that effect.

### Notice of Removal

19.     AT&T will promptly provide notice of the removal of this action to Plaintiff and to the Circuit Court of St. Clair County, Illinois, by filing a "Removal Notice to State Court," together with a copy of this "Notice of Removal," in the Circuit Court of St. Clair County, Illinois, and by serving copies of the same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

* * * * *

WHEREFORE, AT&T, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes the Action from the Circuit Court of St.

Clair County, Illinois to the Southern District of Illinois, for all purposes.

                        Respectfully submitted,

                        _/s/ Troy A. Bozarth_____
                        Troy A. Bozarth – 06236748
                        tab@heplerbroom.com
                        HEPLERBROOM LLC
                        130 North Main Street
                        Edwardsville, IL   62025
                        (618) 656-0184

                        Bart W. Huffman
                        LOCKE LORD LLP
                        100 Congress Avenue, Suite 300
                        Austin, TX 78701
                        (512) 305-4700
                        *Pro hac vice application forthcoming*

                        *Attorneys for SBC Internet Services, Inc.*
                        *d/b/a AT&T Internet Services*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 9th day of August 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.  I also served the foregoing document by causing a true and correct copy of it to be served, via U.S. mail with postage prepaid on August 9, 2012, to the persons listed on the service list below:

| | |
|---|---|
| Kevin T. Hoerner | Paul Duffy |
| Becker, Paulson, Hoerner | Prenda Law, Inc. |
|   & Thompson, P.C. | 161 N. Clark Street, Suite 3200 |
| 5111 W. Main Street | Chicago, IL 60601 |
| Belleville, IL 62226 | |

                        __/s/ Troy A. Bozarth_____
                            Troy A. Bozarth