Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

# IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS
### LAW DIVISION

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORPORATION, | ) | No.   L   683 |
| Plaintiff, | ) | |
| v. | ) | |
| JOHN DOE. | ) | |
| Defendant. | ) | |

FILED
ST. CLAIR COUNTY
DEC 1 3 2011
*Fahnleib a. Dean*
CIRCUIT CLERK
19

## CERTIFICATE OF DISCLOSURE

Steve Jones, founder and CEO of Arcadia Data Security Consultants, programmer of the

Trade Hacker and Intruder Evidence Finder 2.0 (T.H.I.E.F.) security software, and Declarant of

the Declaration (Exhibit C to the Complaint), is also the owner of Lightspeed Media

Corporation, the Plaintiff in this case.

Respectfully submitted,

LIGHTSPEED MEDIA CORPORATION

DATED: December 12, 2011

By: *M. O'My*

Michael O'Malley, Esq. (Bar No. 3125757)
Carey, Danis, & Lowe
5111 W. Main Street
Bellville, Illinois 62226
(618) 212-6300
MO'Malley@careydanis.com
*Attorney for Plaintiff*

FILED
ST. CLAIR COUNTY
DEC 1 4 2011
*Fahnleib a. Dean*
CIRCUIT CLERK
41

C93

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS
LAW DIVISION

LIGHTSPEED MEDIA CORPORATION,          )
                                       )     No.  L 683
            Plaintiff,                 )
                                       )
      v.                               )     DECLARATION OF STEVE
                                       )     JONES
JOHN DOE,                              )
                                       )
            Defendant.                 )
                                       )
_____)

I, Steve Jones, declare under penalty of perjury as true and correct that:

    1.    I am of legal age, under no legal disability and make this declaration based upon my personal knowledge of the facts.

    2.    I am the founder, Chief Executive Officer and sole member of Arcadia Data Security Consultants ("Arcadia") and the programmer of the Trader Hacker and Intruder Evidence Finder 2.0 ("T.H.I.E.F.") Security System.

    3.    I have worked in the computer and Internet related industries for over 25 years, primarily in software design and systems analysis capacities.  In my professional experience, I have personally developed, designed and coded numerous large scale software systems for companies such as Starbucks, Costco, and Reed's Jewelers.

    4.    Every year, Internet based businesses lose millions of dollars to hackers, thieves and other third parties who illegally access restricted or membership areas of websites in violation of the websites' user agreements.  Once these individuals access these restricted areas, they download valuable copyrighted web content which is only available to paying customers. Not only do these individuals steal valuable web content, they increase client costs by using expensive bandwidth and server resources.  The result is loss of potential earnings through theft

FILED
ST. CLAIR COUNTY

DEC 14 2011

Kathabh. A. Dix__
CIRCUIT CLERK

41

and at the same time, an increase in costs of day to day operations. Plaintiff and other similarly situated companies contract with Arcadia to help combat the unauthorized access and theft of their online content.

5.     In most instances, thieves use hacked usernames and passwords to gain unauthorized access to Plaintiff's online content. While the T.H.I.E.F. Security System does not identify how the thieves actually gain the usernames and passwords that they use, the most common methods of gaining these usernames and passwords are well known. The hacked passwords are usually gained through the use of special computer software that repeatedly attempts to guess a username and password until the correct ones are obtained. Once a valid username and password is identified through this hacking method, the thieves use that information to access to Plaintiff's websites as though they were subscribing members.

6.     Often, thieves will place the hacked username and password into "hacked password websites" and share that information with others who also seek unauthorized access to Plaintiff's online content. There are no limits to the number of individuals that can use a single hacked password, so it is common for multiple thieves to access Plaintiff's website through a single password.

7.     I have developed software systems designed to help clients combat Internet related piracy, including developing software specifically designed to stop computer hackers. The T.H.I.E.F. Security System is designed to identify these thieves and provide the information necessary to sue the thieves in civil court. The T.H.I.E.F. Security System is designed to identify the hacked usernames and passwords as well as the individuals who are using the hacked usernames and passwords.

8.    Most web servers create raw logs that contain a wide variety of detailed information about visitors to a website. The T.H.I.E.F. Security System analyzes these raw server logs generated by the client's server to determine hacking, unauthorized access, and password sharing activity. This activity is summarized in reports that can be used by clients to identify the thieves who log into the client's websites.

9.    The T.H.I.E.F. Security System uses a proprietary algorithm to parse the server logs and identify hackers who have entered the client membership or restricted area illegally and downloaded valuable web content that is only available to paying customers. Since the hackers do not use their own identifying information to access clients' websites, they are identified only by their Internet Protocol ("IP") addresses.

10.    An IP address is a unique number that is assigned to Internet users by an Internet Service Provider ("ISP") at a given date and time. An ISP generally records the time and dates that it assigns each IP address to a subscriber and maintains for a period of time a record of such an assignment to a subscriber in logs maintained by the ISP. In addition, the ISP maintains records which typically include the name, one or more addresses, one or more telephone numbers, and one or more email addresses of the subscriber. However, these records are not public and are not available to Arcadia at this time.

11.    There are two types of IP addresses: dynamic and static. A static IP address is an IP address that will be associated with a particular user as long as that user is a customer of a given ISP. A dynamic IP address is an IP address that will change from time-to-time. Most consumer customers of ISPs are assigned a dynamic IP address. The reason for this is that an ISP can get by with a smaller overall pool of IP addresses if it simply assigns the next available IP address at a given time to a customer who wishes to connect to the Internet versus allocating a

permanent and unique IP address to each of its users.  ISPs keep logs of IP addresses, but the length of time they keep the logs can be as short as days.

12.     In addition to determining the hackers' IP addresses, T.H.I.E.F. also identifies the websites accessed by being accessed by the hackers, the content being unlawfully accessed and downloaded, and the date and time of the unlawful access.  This information generated is stored in a database that may be verified and audited by independent third parties.

13.     Under penalties of perjury as provided by law pursuant to section 1-109 of the code of civil procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believe the same to be true.


_Steven E Jones_

Steve Jones


12/6/11          _K F Pe_
                  Notary

KIM F. PEARSON
NOTARY PUBLIC - ARIZONA
Maricopa County
My Commission Expires
July 26, 2015

Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS
## LAW DIVISION

LIGHTSPEED MEDIA CORPORATION, )
                                          )
          Plaintiff, )    No. 11 L 687
   v.                     )
                                          )
JOHN DOE, )
                                          )
          Defendant. )

```
FILED
ST. CLAIR COUNTY

DEC 16 2011

CIRCUIT CLERK
```

## MOTION FOR LEAVE TO TAKE EARLY DISCOVERY PURSUANT TO ILLINOIS SUPREME COURT RULE 201(d) AND MEMORANDUM OF LAW IN SUPPORT

    Plaintiff Lightspeed Media Corporation, by and through its undersigned counsel, and pursuant to Illinois Supreme Court Rule 201(d), hereby moves the Court *ex parte* for an Order permitting Plaintiff to take limited discovery in order to later name John Doe and possibly his co-conspirators in this case. Specifically, Plaintiff moves for leave to serve each of the Internet Service Providers ("ISPs") listed in Exhibits A and B to the Complaint with a subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, email address, Media Access Control ("MAC") address, and any other form of contact information that may be used to identify John Doe and each of his co-conspirators to whom the ISP assigned an Internet Protocol ("IP") address as set forth on Exhibits A and B to the Complaint. The below Memorandum of Law is attached in support of this motion.

### INTRODUCTION

    Plaintiff Lightspeed Media Corporation, the exclusive owner of private websites, seeks leave of the Court to serve limited and immediate discovery on third party Internet Service Providers ("ISPs") to learn the identity of John Doe and his co-conspirators. While a third party

Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

subpoena served upon the ISPs would normally suffice, here, a court order compelling the ISPs

to comply with the subpoenas that Plaintiff will serve on them is necessary because the ISPs are

"cable operator[s]" within the meaning of 47 U.S.C. § 551(c)(2)(B), and a court order is required

to compel a cable operator to disclose the identity of its subscribers under that statue.[1] Further,

Plaintiff cannot delay until the Defendant's answer to begin its discovery since the identity of

John Doe is currently unverifiable without the information sought herein. Most importantly, time

is of the essence in this matter because information Plaintiff seeks to discover is under imminent

threat of destruction. The Court should grant this motion because Plaintiff has good cause for

discovery pursuant to Illinois Supreme Court Rule 201(d).

## I.     BACKGROUND INFORMATION AND FACTUAL ALLEGATIONS

The Internet is a vast source of information and data. Some of this information and data is

private and exclusive to those with lawful access. "Hacking" is the act of gaining access without

legal authorization to a computer or computer system. Hacking is a serious crime usually

perpetrated by sophisticated manipulators of specialized software, and it causes millions of

dollars in damages to individuals, organizations, and businesses.[2]

Plaintiff is the owner of adult entertainment websites and its related content at issue in

this case. Plaintiff invests significant capital in maintaining and operating this website as well as

the production of its content. (Compl. ¶ 10.) Plaintiff's website is only accessible to paying

---

[1] 47 U.S.C. § 522(5) states:
   the term "cable operator" means any person or group of persons
   (A) who provides cable service over a cable system and directly or through one or more affiliates owns a
       significant interest in such cable system, or
   (B) who otherwise controls or is responsible for, through any arrangement, the management and operation
       of such a cable system.

[2] Dave Aitel, *Top Hacker Disasters of 2011: Five Critical Lessons for Businesses*, FOXBusiness, Dec. 5, 2011,
http://www.foxbusiness.com/economy/2011/12/05/top-hacker-disasters-2011-five-critical-lessons-for-businesses/
(reporting about high-profile attacks on the security and private information of four major companies like Sony,
Google, and the U.S. government which, in some instances, resulted in damages of more than $170 million).

Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

members of the public and these individuals are given exclusive access to the content of

Plaintiff's website. (*Id.*) Paying members gain access through a password assigned to the

individual upon payment of a fee. (*Id.*) John Doe and/or one or more of his co-conspirators

hacked into Plaintiff's private website. (*Id.* ¶ 11.) Once hacked passwords were obtained John

Doe and his co-conspirators shared the hacked passwords amongst each other through websites

specifically created to do so. [3] (*Id.* ¶¶ 9, 11.) Through these hacked passwords, John Doe and his

co-conspirators were able to gain unauthorized access to Plaintiff's private website and content

which is normally only available to paying members. (*Id.* ¶ 12.) As alleged in the Complaint,

Plaintiff has actionable claims against John Doe and his co-conspirators for computer fraud and

abuse; conversion; unjust enrichment; breach of contract; and civil conspiracy. (*See* Compl.)

## II.   PLAINTIFF'S INVESTIGATION AND THE BUSINESS PRACTICE OF ISPS

ISPs maintain internal logs which record the date, time, and customer identity for each

unique Internet Protocol ("IP") address assignment made by that ISP. (Compl. Ex. C ¶ 10.) The

Plaintiff's forensic investigator Arcadia Data Security Consultant, LLC ("Arcadia") used

forensic software called The Trader Hacker and Intruder Evidence Finder 2.0 ("T.H.I.E.F.")

Security System to investigate hacking activities occurring on the Plaintiff's website. (*Id.* ¶¶ 2, 7,

9.) Although Plaintiff does not know their true identity, on behalf of the Plaintiff, Arcadia

identified John Doe and his co-conspirators by unique IP addresses assigned to each individual

by their respective ISPs at the date and time of the unauthorized activity. (*Id.* ¶¶ 9-10.)

Accordingly, the ISPs can use the IP addresses provided by Plaintiff to identify John Doe and his

co-conspirators. However, ISPs generally destroy information regarding IP addresses at regular

---

[3] Examples of password theft websites include http://www.pornpaysitepasswords.com; http://www.passes4all.com; http://hackedXXXpasswords.com

Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

intervals. (Compl. Ex. C ¶¶ 10-11.) This practice makes the retrieval of such information a time-sensitive matter.

### III. INFORMATION SOUGHT BY THE PLAINTIFF

Plaintiff seeks the leave of the Court to issues subpoenas on the ISPs of John Doe and his co-conspirators to whom each ISP issued an IP address. The subpoenas will order the ISPs to disclose the true names, addresses, telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses of John Doe and his co-conspirators. Plaintiff will only use this information to determine the identity of potential defendants in order to resolve the instant action. Obtaining this information is critical for Plaintiff at this stage of the suit because, without it, Plaintiff cannot name defendants in future suits nor immediately serve John Doe to pursue any such lawsuit to protect itself. As explained below, Plaintiff may conduct limited discovery to learn the identity of John Doe and his co-conspirators in order to proceed in this suit, and a Motion for leave to take discovery is a proper tool for this purpose.

### IV. DISCOVERY REGARDING CO-CONSPIRATORS

The information regarding the co-conspirators is necessary for Plaintiff's investigation because it is relevant to the instant action. Plaintiff may seek in the future to join any number of the co-conspirators to this suit so long as their joinder is proper and pursue similar action against them. This is possible since John Doe and his co-conspirators acted in concert to perpetrate civil conspiracy. Furthermore, information regarding the co-conspirators is discoverable since it is relevant to: (1) establish collaboration and concerted action between John Doe and his co-conspirators; (2) help compute damages related to Plaintiff's claim against John Doe; and (3) establish testimony regarding the John Doe's activities during the hacking and unauthorized access to Plaintiff's protected website and content.

Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

This Court has authority to grant an *ex parte* request for early discovery. The Illinois Supreme Court Rules gives judges broad discretion to determine the timing and sequence of discovery and the manner in which it is conducted. *E.g.,* 166 Ill. 2d R. 201(c)-(e); *see also Atwood v. Warner Electric Brake & Clutch Co.,* 605 N.E.2d 1032, 1036 (1992) ("Under the supreme court rules, trial courts have broad powers to supervise the discovery process. . . . The rule make [sic] it clear discovery procedures were designed to be flexible and adaptable to the infinite variety of cases and circumstances appearing in the trial court."); *Webster v. Midland Elec. Coal Corp.,* 43 Ill. App. 2d 359, 372 (1963) ("Supreme Court Rule 19-5(2) affords the court wide discretion in controlling and directing discovery procedures.") (citing the former Supreme Court Rule 19-5(2) that covers the substance of the current rule 201(c) which contains a catchall phrase indicating broad discretion of the court). Furthermore, the Illinois Supreme Court Rules rely on the discretion and power of trial judges to tailor the scope, manner, and timing of discovery to the needs of the case in order to ensure the just, speedy, and inexpensive administration of justice. *See, e.g.,* 166 Ill. 2d R. 201(e), 203; *id.* 203 (giving the judge discretion to order deposition of a party or person); *id.* 218(c) (setting forth a trial court's power to manage discovery by determining the sequence of discovery methods used or through its Case Management Conference Order).

## B.  GOOD CAUSE EXISTS FOR THE PROPOSED *EX PARTE* EARLY DISCOVERY

The Illinois Supreme Court Rules 201(b)(1) allows a party  to obtain by discovery full disclosure regarding any relevant matter. 166 Ill. 2d. R. 201(b)(1). More specifically, Illinois Supreme Court Rule 201(d), the rule pertaining to the time discovery may be initiated, requires that any discovery procedure prior to the time all defendants have appeared or are required to

Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

appear shall be noticed or initiated with the leave of court upon the showing of good cause. *Id.*

201(d); *In re Estate of Watson*, 127 Ill. App. 3d 186, 190-92 (1984).

Although Plaintiff was able to observe Defendants' unauthorized activity through

forensic software, the T.H.I.E.F. Security System, John Doe and his co-conspirators did not use

their own identifying information to access Plaintiff's website and they are only identified by

their IP addresses. (Compl. Ex. C ¶ 9.) As such, Plaintiff is currently unable to name or serve its

Complaint upon John Doe or his co-conspirators, and the defendants have neither appeared nor

are required to appear. *E.g., In re Estate of Watson*, 127 Ill. App. 3d 186 (holding that Petitioner

was premature when he noticed discovery since the defendants were not yet required to respond

and did not do so). Accordingly, Plaintiff has good cause to be allowed leave of court to begin

early discovery.

### 1. Information Sought by the Plaintiff is Under Threat of Imminent Destruction

As part of routine practice, many of the ISPs only retain the information necessary to

correlate an IP address to a person for a short amount of time. (Compl. Ex. C ¶¶ 10-11.) The

length of time they keep the logs can be as short as days. (*Id.*) If that information is erased,

Plaintiff will have no ability to identify the Defendants, and thus will be unable to pursue its

lawsuit to protect its website and the private works located therein. Time is of the essence with

respect to getting the subpoenas to the ISPs so that the ISPs may preserve and maintain this

information necessary to identify John Doe and any co-conspirators to this action.

### 2. Harm Perpetrated by John Doe and His Co-conspirators is Ongoing and Continuous

Furthermore, the harm perpetrated by John Doe and his co-conspirators is ongoing and

continuous due to continued unauthorized access to Plaintiff's private website. John Doe and his

Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

co-conspirators are in possession of passwords obtained through unlawful means. Any access

obtained through these hacked passwords is unauthorized and it is a source of ongoing harm to

Plaintiff's rights. At present, this harm continues unmitigated and Plaintiff has no control over

who accesses the materials on its website. Without the Court's permission for leave and an order

authorizing Plaintiff for issuance of subpoenas, Plaintiff is without recourse to remedy the harm

and damage caused by John Doe and his co-conspirators.

### 3. Plaintiff Cannot Proceed with this Action without this Information

Although Plaintiff has filed a Complaint against John Doe, this individual is currently

unknown and without any identifying information. In order to identify John Doe, Plaintiff needs

the true name, address, telephone number, e-mail address and Media Access Control ("MAC")

address of that individual and the co-conspirators. Plaintiff does not have access to this

information and such information is inaccessible through the use of forensic tools utilized by

Arcadia. The information sought by the Plaintiff is under the control of the ISPs of the respective

John Doe and co-conspirators, and this information is within easy access to the ISPs as part of

their regular practice of business. In summary, Plaintiff is unable to proceed with this action

without the information in possession of the ISPs.

Further, *ex parte* relief is appropriate because Plaintiff is not requesting an order

compelling Defendants to respond to the particular discovery, where notice and opportunity to be

heard would be of paramount significance to the other party. Rather, Plaintiff is merely seeking

an order authorizing it to commence limited discovery directed towards a third party.

Additionally, the Illinois Supreme Court Rules has mechanisms to prevent abuse of the discovery

process and may be applied to that end, if necessary. 166 Ill. 2d R. 201(c). For the foregoing

Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

reasons, the Plaintiff has good cause for early discovery in this action, and an *ex parte* motion to

discover the identities of Doe Defendants is appropriate.

## CONCLUSION

For all the forgoing reasons, the Court should enter an order granting this Motion.

Respectfully submitted,

LIGHTSPEED MEDIA CORPORATION

DATED: December 12, 2011

By:    _M O'Mly_____

Michael O'Malley, Esq. (Bar No. 3125757)
Carey, Danis, & Lowe
5111 W. Main Street
Bellville, Illinois 62226
(618) 212-6300
MO'Malley@careydanis.com
*Attorney for Plaintiff*

C106

# IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS
### LAW DIVISION

LIGHTSPEED MEDIA CORPORATION,   )
         )
     Plaintiff,       )    No.   L
    v.                )
               )
JOHN DOE,             )
              )
     Defendant.     )
              )
              )

**FILED**
**ST. CLAIR COUNTY**
**DEC 1 6 2011**

## [~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE EARLY DISCOVERY PURSUANT TO SUPREME COURT RULE 201(d)

The Court has reviewed the Complaint with attached Exhibits, Plaintiff's Motion for Leave to Take Early Discovery, the Memorandum of Law filed in support thereof, and relevant case law.  Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

    1.    Plaintiff's Motion for Leave to Take Early Discovery.

    2.    Plaintiff may immediately serve each of the Internet Service Providers ("ISPs") listed in Exhibits A and B to the Complaint with a subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, email address, Media Access Control ("MAC") address, and any other form of contact information that may be used to identify John Doe and each of his co-conspirators to whom the ISP assigned an Internet Protocol ("IP") address as set forth on Exhibits A and B to the Complaint.

    3.    Plaintiff may also serve a subpoena in the same manner as above on any ISP that is identified in response to a subpoena as a provider of internet services to one John Doe or his co-conspirators.

4. Each of the ISPs that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

the term "cable operator" means any person or group of persons:

(A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or

(B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[,]

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[,]

by sending a copy of this Order to the Internet subscribers of whom identifying information is sought. Each ISP will have thirty (30) days from the date a copy of this Order and a copy of the subpoena are served to respond, so that it may have sufficient time to provide this notice to the subscribers.

5. Subscribers shall have thirty (30) days from the date of notice of the subpoena upon them to file any motions in this Court to contest the subpoena. If the thirty-day period lapses without a contest, the ISPs will have ten (10) day thereafter to produce the information in response to the subpoena to Plaintiff.

6. The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual or for the ISP's internal cost to notify its customers. If necessary, the Court shall resolve any

disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

      7.     Plaintiff may only use the information disclosed in response to a subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

      DONE AND ORDERED in Chambers at St. Clair County, Illinois this _16ᵗ_

day of ___December___, 2011.

_____
CIRCUIT COURT JUDGE

IN THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY
STATE OF ILLINOIS

LIGHTSPEED MEDIA CORP.,                )
                                       )
                     PLAINTIFF,        )
                                       )
                                       )        11 L 683
                                       )
                                       )
JOHN DOE,                              )
                     DEFENDANT.        )
                                       )

FILED
ST. CLAIR COUNTY
JAN 2 7 2012
*Kathleen A. Ryan*
CIRCUIT CLERK
87

## MOTION TO QUASH SUBPOENA

John Doe, hereby respectfully moves that this Court quash the subpoenas purportedly served upon Movant, or in the alternative declare that no valid subpoena has properly been served upon Movant.

As grounds therefore, Movant states as follows:

1.   Movant lives and works in North Carolina. Movant is neither located nor operates any business within St. Clair County, Illinois nor within 100 miles of this Court.

2.   On or about December 28th, 2011, plaintiff Lightspeed Media Corp, through counsel, purported to serve Movant's Internet provider, Century Link, a subpoena demanding information with respect to the movant in violation of movant's rights to privacy.

3.   The subpoena requires that Movant's internet provider disclose to plaintiff information of a private nature despite this Movant's legitimate expection of privacy.

4. In addition, this Court lacks personal jurisdiction over the Movant and the underlying case must therefore be dismissed for that reason. The person(s) alleged to have committed the acts in plaintiff's complaint do not reside or work in this judicial district, and are not alleged to have acted in this judicial district.

5. The anonymity of persons accessing Internet web sites should not be breached in the aid of a case not properly filed in this Court.

6. Plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss. A conclusory pleading such as that of the plaintiff's in the instant matter that the plaintiff believes the Movant lives in St. Clair County will never be sufficient to establish this element.

7. It is improper to imposed on a third party the burden of any subpoena—particularly one that raises a host of thorny privacy issues—in aid of a case that does not belong in this Court in the first place.

Wherefore, Movant respectfully moves this Court to Quash the plaintiff's subpoena and for any such other relief this Court deems just and proper.

Respectfully Submitted,

Celestine Dotson, #6239270
300 N. Tucker Blvd
Suite 301
St. Louis, MO 63101
(314) 454-6543
(314) 241-4943 (Fax)

*Attorney for Respondent*

### CERTIFICATE OF SERVICE

The above signature also certifies that a true and accurate copy of the foregoing was mailed by US Postage prepaid to Michael O'Malley 5111 W Main St., Belleville, IL 62226 On January 27, 2011.

# IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS
### LAW DIVISION

LIGHTSPEED MEDIA CORPORATION,       )
                                    )
            Plaintiff,              )        No.    11 L 683
    v.                              )
                                    )        **ORDER OF COMMISSION**
JOHN DOE,                           )        (FLORIDA DEPONENT)
                                    )
            Defendant.              )
                                    )
_____)

FILED
ST. CLAIR COUNTY

FEB 1 0 2012

*Katrala a. Dixon*
CIRCUIT CLERK

1

This matter is before the Court pursuant to Plaintiff's Motion for Leave to Take Early

Discovery Pursuant to Illinois Supreme Court Rule 201(d), whereby Plaintiff sought leave to

issue subpoenas on certain Internet Service Providers ("ISPs").

It appearing that the ISPs possess the identifying information of the internet subscribers

of Internet Protocol ("IP") addresses associated with the hacking of Plaintiff's protected website *as further set forth in Petition*

and unauthorized access of Plaintiff's private computer content, this Court finds that good cause *for Early*

exists for such an Order, therefore *Discov*

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appropriate

authorities in the State of Florida are hereby authorized and directed to issue deposition

subpoenas requiring Cox Communications, Inc. (the Florida deponent) to comply with the

subpoena issued to them consistent with the above.

DONE AND ORDERED in Chambers at St. Clair County, Illinois this _____

day of _____, 2012.

_____
CIRCUIT COURT JUDGE

Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
### ST. CLAIR COUNTY, ILLINOIS
### LAW DIVISION

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORPORATION, | ) | No.   11 L 683 |
| Plaintiff, | ) | |
| v. | ) | |
| JOHN DOE, | ) | |
| Defendant. | ) | |
| | ) | |

FILED
ST. CLAIR COUNTY
FEB 1 7 2012
*[signature]*
CIRCUIT CLERK

### PLAINTIFF'S RESPONSE TO "JOHN DOE'S" MOTION TO QUASH SUBPOENA

An anonymous individual ("Movant"), through attorney Celestine Dotson, filed a motion

to quash allegedly on behalf of John Doe. (Notice of Hearing and Motion to Quash Subpoena,

January 27, 2012, hereinafter "Mot. to Quash"). Movant moves the Court to "quash the

subpoenas purportedly served upon Movant." (Mot. at Quash at 2.) However, all the subpoenas

issued in this case were issued to Internet Service Providers ("ISPs") and not to individuals. (*See*

Court's December 16 Order granting Plaintiff's Discovery Motion, December 16, 2011.) There

is no subpoena issued to Movant for the Court to quash.

In support of his motion, Movant argues, without citing to any legal authority, that the

subpoena issued to his Internet Service Provider ("ISP"), Century Link, should be quashed

because it violates "Movant's legitimate expectation of privacy" (*id.* ¶ 3), "this Court lacks

personal jurisdiction over the Movant" (*id.* ¶ 4), and that it is improper to impose a "burden" on

Movant (*id.* ¶ 7). Further, Movant claims to bring his motion as John Doe. (*Id.* at 1-2.) Movant,

however, is not John Doe, and should not be allowed to raise any legal arguments on his behalf.



1

Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

## ARGUMENT

This response consists of two parts. Part I argues that the motion to quash should be denied for its multiple fatal procedural defects. Part II argues that the motion to quash should be denied on its merits.

## I.   MOVANT'S MOTION SUFFERS FROM MULTIPLE FATAL PROCEDURAL DEFECTS

Movant's motion suffers from multiple fatal procedural defects. First, Movant is not a party to this action, but is attempting to usurp the rights of an actual party—John Doe—in this case. Second, Movant failed to consult with Plaintiff regarding this matter or file the proper statement with the Court as required by the rules. Third, Movant fails to establish any connection to this case. Movant's motion should be denied for these violations.

### A.  Movant Lacks Standing to Raise Arguments on Behalf of John Doe

Movant's motion to quash should be denied because he lacks standing to raise arguments on behalf of John Doe. Movant claims, multiple times, that the motion to quash is being filed on behalf of John Doe. (Mot. to Quash at 1-2.) ("John Doe, hereby respectfully moves that . . .") However, Movant also explains that his ISP is Century Link (*id.*), while John Doe's ISP is actually Charter Communications. (*See* Compl., Ex. A.) Based on Movant's own admission, Movant cannot possibly be John Doe.

Movant requests that "the underlying case must therefore be dismissed . . ." (Mot. to Quash ¶ 4.) Under the rules, only a defendant, and not a third-party, can bring a motion to dismiss a case. 735 ILCS 5/2-619 ("*Defendant* may, within the time for pleading, file a motion for dismissal of the action . . .") (emphasis added.) The Court should not allow Movant to stand in the shoes of John Doe.

2

Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

### B. Movant Failed to Consult with Plaintiff Regarding this Motion and Failed to Attach the Required Statement Regarding that Consultation

Under the Rules "[e]very motion with respect to discovery shall incorporate a statement that after personal consultation and reasonable attempts to resolve differences the parties have been unable to reach an accord." 87 Ill.2d R. 201(k). Movant failed to consult with Plaintiff in any manner before filing his motion to quash. Movant also failed to incorporate a statement regarding a consultation and the inability to reach an agreement. (*See generally* Mot. to Quash.) The Illinois Supreme Court has held that, "in the absence of a statement complying with Supreme Court Rule 201(k) or any indication that consultations similar to those required took place or were attempted, a motion concerning discovery should be dismissed." *Mistler v. Mancini*, 111 Ill. App.3d 228, 231 (Ill. App. Ct. 1982) (*citing Williams v. A.E. Staley Manufacturing Co.*, 83 Ill.2d 559, 567 (Ill. 1981). Because the Movant failed to comply with this important rule, the Court should deny Movant's motion to quash. *See id.* ("Thus, it appears that [movant's] motion to quash was not properly presented and should have been dismissed for failure to comply with Supreme Court Rule 201(k)."); *see also Gallo v. Henke*, 107 Ill. App.3d 21, 27 (Ill. App. Ct. 1982) ("Finally, it does not appear on the face of the motion to dismiss or in the appended transcript that consultation had occurred between counsel in an effort to resolve their differences over discovery. In the absence of such a statement, required by Supreme Court Rule 201(k), defendants' motion to dismiss was defective.") (citation omitted.)

### C. Movant has not Provided this Court with Sufficient Information to Grant the Relief Sought

Movant failed to provide any identifying information beyond the name of his ISP. Without at least an IP address associated with the motion to quash, the Court would not know for which individual to grant relief. Movant lacks standing to argue for the quashing of subpoenas

3

Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

relating to other internet subscribers, even those with the same ISP as Movant. *See Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (explaining that to have standing one must have

"suffered an injury in fact" and "there must be a causal connection between the injury and the

conduct complained of . . ."). Movant cannot possibly claim that the subpoenas issued to other

internet subscribers have caused him injury in some manner. To grant the relief Movant seeks,

the Court would have to know for whom specifically to grant the relief. Because the Court

cannot do that here, Movant's motion should be denied.

## II. MOVANT'S MOTION TO QUASH SHOULD BE DENIED BECAUSE HIS ARGUMENTS ON THE MERITS ARE ERRONEOUS AND PREMATURE AT THIS STAGE OF THE LITIGATION

Movant's motion to quash should also be denied on the merits of the motion. Movant's

privacy concerns are outweighed by Plaintiff's need for the information sought in the subpoena.

Movant's personal jurisdiction arguments are premature at this stage of litigation. Movant is not

subject to an undue burden.

### A. Movant's Privacy Concerns are Outweighed by Plaintiff's Need for the Information Sought in the Subpoena.

Movant argues that the "subpoena requires that Movant's internet provider disclose to

plaintiff information of a private nature despite this Movant's legitimate expectation of privacy."

(Mot. to Quash ¶ 3.) Movant's privacy concerns, however, are outweighed by Plaintiff's need to

identify the individual(s) that hacked into Plaintiff's protected website and gained unauthorized

access to its private computer content. *Maxon v. Ottawa Pub. Co.*, 929 N.E.2d 666, 674–78 (Ill.

App. Ct. 2010) (finding that the petitioner should be allowed to identify anonymous individuals

accused of defaming petitioner). Further, federal courts across the nation have repeatedly held

that individuals who use the Internet to harm others through illegal actions are not protected from

having their identities disclosed to the victim. *See, e.g., MCGIP, LLC v. Does 1-14*, No. 11-2887

4

Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

(N.D. Ill. July 26, 2011) ("This Court agrees with the courts that have held that even the limited

First Amendment privacy interest held by individuals who [illegally] share electronic files is

outweighed by the plaintiff's need for discovery of alleged copyright infringers' identities.");

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's

need for discovery of the defendants outweighed the defendants' First Amendment right to

anonymity); *Sony Music Entm't v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004)

("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right

to use the judicial process to pursue what appear to be meritorious copyright infringement

claims.").

    Movant cannot cloak his identity in privacy arguments when his infringing activities are

not private. Movant has shared information with John Doe and other co-conspirators in order to

hack into Plaintiff's protected website. (*See* Compl., ¶ 11) ("Defendant and Defendant's co-

conspirators belong to a hacking community where hacked passwords are passed back and forth

among the members. . . . Defendant and his co-conspirators actively participated with one

another in order to disseminate the hacked passwords, and intentionally engaged in a concerted

action with one another to access the same websites and content."). It is difficult to say that

Movant had a strong expectation of privacy when he used one or more hacked passwords to gain

unauthorized access to Plaintiff's websites and protected computer content. *See also Voltage*

*Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011)

(finding movants' rights to anonymity to be minimal). Because Movant's limited privacy interest

must give way in light of Plaintiff's *prima facie* showing of several counts of tortious activity,

the Court should deny Movant's motion.

Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

### B. Movant's Personal Jurisdiction Argument is Premature and Erroneous

Movant argues that the Illinois "Court lacks personal jurisdiction over the Movant" because he "lives and works in North Carolina." (Mot. to Quash ¶¶ 1, 4.) This argument is premature at this stage of litigation, where the lone Defendant in the case is unknown and the Court cannot yet analyze John Doe's connections with this jurisdiction. This argument is especially premature for Movant because he is not even the Defendant in this case. *See supra* Part I(A). Movant cannot possibly claim that the exercise of personal jurisdiction over him is improper when the Court is not even exercising personal jurisdiction over him.

With respect to the actual John Doe defendant in this case, the case for personal jurisdiction is plainly met. Under the rules the Court has personal jurisdiction over "any person who: (1) Is a natural person present within this State when served; (2) Is a natural person domiciled or resident within this State when the cause of action arose, the action was commenced, or process was served . . ." 735 ILCS 5/2-209. Plaintiff has properly pled jurisdiction in regards to John Doe. (*See* Compl., ¶ 4):

> Pursuant to 735 ILCS 5/2-209, this Court has personal jurisdiction over Defendant because, upon information and belief, Defendant resides in or committed the unlawful acts in St. Clair County, Illinois. Plaintiff used geolocation technology to trace Defendant's location to St. Clair County, Illinois. Although not a litmus test for personal jurisdiction, the use of geolocation gives Plaintiff good cause for asserting that personal jurisdiction is proper over Defendant.

Because Movant's argument is premature and Plaintiff has sufficiently pled jurisdiction in regards to John Doe, Movant's motion should be denied.

The remedy Movant seeks for lack of personal jurisdiction over him is dismissal of the entire case. (Mot. to Quash ¶ 4.) However, the rules require that "every action must be commenced (1) in the county of residence of *any defendant* who is joined in good faith . . ." 735

6

Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

ILCS 5/2-101. (emphasis added.) Because Movant is not a defendant in this action, where he is located is not relevant to whether or not this case was properly commenced. Movant's request for dismissal should be denied.

### C. Movant Cannot Credibly Claim that Century Link's Compliance with the Subpoena Would Burden Him

Movant argues that it "is improper to imposed [sic] on a third party the burden of any subpoena." (Mot. to Quash ¶ 7.) All subpoenas issued in this case pursuant to the Court's order were issued to ISPs and not individuals. (*See* Court's December 16 Order granting Plaintiff's Discovery Motion, December 16, 2011.) Further, Movant is not a party to this action. *See supra* Part I(A). Therefore, Movant is not required to respond to the subpoena or otherwise appear before this Court. Only Movant's ISP, Century Link, could credibly bring an undue burden argument to quash the subpoena. Movant's motion should be denied. See *Mistler*, 111 Ill. App.3d at 233 (denying a motion to quash that was brought on the basis that the subpoena would "unduly burden" the deponent.)

### CONCLUSION

The motion to quash should be denied for its multiple fatal procedural defects: Movant is not John Doe and lacks standing to raise arguments on his behalf, Movant failed to consult with Plaintiff regarding this matter or file the proper statement with the Court as required by the rules, and Movant has failed to establish any connection to this case. Movant's motion should be denied for these reasons. The motion to quash should also be denied on its merits: Movant's privacy concerns are outweighed by Plaintiff's need for the information sought in the subpoena, Movant's personal jurisdiction arguments are erroneous, and Movant is not subject to an undue burden.

Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

Respectfully submitted,

LIGHTSPEED MEDIA CORPORATION

DATED: February 17, 2012

By:     Michael O'Malley, Esq. (Bar No. 3125757)
        Carey, Danis, & Lowe
        5111 W. Main Street
        Bellville, Illinois 62226
        (618) 212-6300
        MO'Malley@careydanis.com
        *Attorney for Plaintiff*

8

C120

Michael O'Malley, Esq.
Carey, Danis, & Lowe
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 17, 2012 a true and correct copy of the foregoing was sent via First-Class, postage prepaid, to each of the Respondents in this case that were served with a subpoena and to:

Celestine Dotson
300 N. Tucker Blvd., Suite 301
St. Louis, MO 63101

_____
Michael O'Malley

9

State of Illinois

## IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS

PLAINTIFF

Lightspeed Media Corp

Defendant

John Doe

No. 11-L-683

FILED
ST. CLAIR COUNTY

FEB 2 3 2012

*Kiahalah A. Anfuson*
CIRCUIT CLERK
BY

### ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ................................................................................................................

IT IS THEREFORE ORDERED:

Defendant "John Doe" motion to ~~dis~~ to Quash Subpoena is denied. Case set for status Apr 30, 2012 at 9:30am in courtroom 401.

Attorneys:                                          Enter:

*Michael O'Malley*
...............................................
Plaintiff

*Celestine Detsov*
...............................................
Defendant

...............................................
Judge

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY
STATE OF ILLINOIS

LIGHTSPEED MEDIA CORPORATION, )
                                       )
          Plaintiff,          )
                                         )
vs.                                 )    Cause No.    11-L-683
                                       )
JOHN DOE                      )
                                       )
                 Defendant.     )

```
                                    FILED
                                 ST. CLAIR COUNTY

                                  MAR 0 2 2012

                                 Katherine A. Dixon
                              54    CIRCUIT CLERK
```

## MOTION FOR ADDITIONAL TIME TO RESPOND OR OTHERWISE OBJECT TO SUBPOENA FOR DEPOSITION

        COMES NOW, Comcast Cable Holdings, LLC  (hereinafter Comcast) and for its Motion for Additional Time to Respond and Object to Plaintiff's Subpoena for Deposition, states as follows:

        1.      Comcast files this motion and limited appearance in this matter to seek additional time of fourteen (14) days to respond and object to Plaintiff's Subpoena for Deposition, which Plaintiff scheduled for March 5, 2012 in Chicago, Cook County, Illinois.   The Subpoena for Deposition is attached and marked as Exhibit A.

        2.      Comcast attaches as Exhibit 2 the February 28, 2012 correspondence from their attorney John Seiver to Plaintiff's Attorney Michael O'Malley setting forth in more detail the reasons for the objections to the subpoena.

        3.      Comcast will not restate for the purpose of brevity the arguments set forth in the attached correspondence, but simply seeks an additional fourteen (14) days , or, until March 19, 2012 to file any response, objection or motion to quash Plaintiff's subpoena for deposition.

Cause No. 11-L-683

Page 1 of 2

4.      No prejudice exists to the Plaintiff to allow Comcast an additional fourteen (14) days to respond.

WHEREFORE, Comcast Cable Holdings, LLC prays this Court grant its Motion for Additional Time to Respond and Object to Plaintiff's Subpoena for Deposition, allowing it until March 19, 2012 to file such pleadings and responses.

By_____
              Andrew G. Toennies        #6212112
              LASHLY & BAER, P.C.
              20 East Main Street
              Belleville, IL  62220
              (314) 621-2939
              (314) 621-6844 (Fax)


## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed and emailed and faxed,  postage prepaid, this 2nd day of March, 2012, to:

Michael O'Malley
Carey, Danis & Lowe
5111 W. Main Street
Belleville, IL  62226
Attorney for Plaintiff
momalley@careydanis.com


Cause No. 11-L-683

Page **2** of **2**

**IN THE CIRCUIT COURT
FOR THE 20th JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS**

LIGHTSPEED MEDIA CORPORATION

PETITIONER

vs.                                                          NO.  11-L-683

JOHN DOE

**SUBPOENA FOR DEPOSITION**

**TO:**  Comcast Cable Holdings, LLC c/o C T Corporation System; 208 S. LaSalle St. Ste 814, Chicago, IL 60604-1101

　　　　YOU ARE COMMANDED to appear to give your deposition before a notary public in

Room No.  3200　　　　　at　 161 N. Clark St., Chicago, IL 60601　　　　　　　　on the

5　　　day of　 March　　　　　　　20 12　　at　 10:00　　■ a.m. ☐ p.m.

　　　　YOU ARE COMMANDED ALSO to bring the following:

The name, current (and permanent) addresses, telephone numbers, e-mail addresses

and Media Access Control addresses, and any other form of contact information that  may

be used to identify all persons whose IP addresses are listed in the attached spreadsheet.

in your possession or control.

　　　　YOUR FAILURE TO APPEAR IN RESPOSNE TO THIS SUBPOENA WILL SUBJECT YOU TO
PUNISHMENT FOR CONTEMPT OF THIS COURT.

　　　　　　　　　　　　　　　　　WITNESS,　　　　　　　　　　　　　20  11

　　　　　　　　　　　　　　　　　　　KAHALAH A. DIXON
　　　　　　　　　　　　　　　　　　　(Clerk of the Circuit Court)

(Seal of Court)

　　　　　　　　　　　by　　　_m am_

　　I served this subpoena by handing a copy to　 C T Corporation System

on the　　　　　　　day of　 December　　　　　20  11　　.  I paid the witness　$

for witness and mileage fees.

Signed and sworn to before me on this　　　　　　day of　　　　　　　　　20

　　　　　　　　　　(Notary Public)

| | |
|---|---|
| Attorney | Michael O'Malley |
| Address | 161 N Clark St. Ste 3200 |
| City / State / ZIP | Chicago, IL 60601 |
| Telephone | 312-344-3207 |

**EXHIBIT
1**

 **Davis Wright Tremaine** LLP

Suite 800
1919 Pennsylvania Avenue, NW
Washington, DC   20006-3401

John D. Seiver
202.973.4212 Direct Telephone
202.973.4412 Direct Fax
202.973.4200 Main Telephone
202.973.4499 Main Fax
johnseiver@dwt.com

February 28, 2012

**VIA ELECTRONIC AND U.S. MAIL**
momalley@careydanis.com

Michael O'Malley
Carey, Danis & Lowe
5111 W. Main Street
Bellville, IL 62226

Re:   *Lightspeed Media Corporation v. John Doe,* **Case No. 11-L-683, Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois Subpoena to Comcast**

Dear Mr. O'Malley:

I am counsel to Comcast Cable Communications LLC ("Comcast"). This letter is in response to the subpoena duces tecum ("Subpoena") served on Comcast on or about December 2011, in the above-referenced action, captioned with the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois. Your Subpoena requests that, by March 5, 2012, Comcast produce customer name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses for the subscribers using certain Comcast-registered IP addresses listed in the subpoena. For the reasons we set forth below, Comcast objects to your Subpoena and no documents will be produced unless and until a specific and valid court order is entered.

As a preliminary matter, Comcast is aware that, prior to filing the instant action, the Plaintiff in this action had filed a substantially identical action in the same jurisdiction, and that such earlier action has been stayed pending an appeal that would likely resolve any of the issues presented in this letter. We understand that the instant action was filed before the stay was put in place in the prior action. As we previously discussed with your colleague, John Steele, Comcast will not comply with the subpoena in this action (if at all) until resolution of the earlier action. We are also aware that the other ISPs subpoenaed in the instant action have also served objections similar to those of Comcast set forth below.


EXHIBIT

Michael O'Malley
February 28, 2012
Page 2

Comcast must give notice to its subscribers before turning over any records and your timetable does not allow for reasonable notice. Moreover, the federal Communications Act prohibits Comcast from providing any of the subpoenaed information to you without prior notice to the affected subscriber(s) and a court order with reasonable time allotted for the subscribers to interpose objections. You have also not offered to reimburse Comcast for its reasonable expenses. A party seeking documents or tangible things is required to pay any reasonable expenses incurred by the non-party in producing the requested materials. Illinois Supreme Court Rule 204(a)(4). Indeed, "nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of costs of a litigation to which they are not a party."[1] In this regard, courts have consistently held that nonparties should be compensated for their time and labor in producing requested documents.[2] Your Subpoena contains more than 1,200 IP addresses. Resolving each IP address is time consuming initially and for quality control, notice and response.

As a cable operator, Comcast must protect its cable, telephone, and Internet subscribers' privacy in compliance with federal law. Comcast may not provide any subscriber's personally identifiable information to a third party without first ensuring compliance with the requirements of Section 631(c) of the Communications Act, 47 U.S.C. § 551(c). That Section generally prohibits cable operators from disclosing such information without the subscriber's express written consent and also imposes an affirmative obligation on a cable operator to "take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator." 47 U.S.C. § 551(c)(1).

Section 631(c)(2) provides three exceptions to the general ban on disclosing personally identifiable information without the subscribers' express consent. Disclosure is permitted: (1) "when necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber," 47 U.S.C. § 551(c)(2)(A); (2) "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed," 47 U.S.C. § 551(c)(2)(B); and (3) in the form of aggregate customer name and address lists, as long as the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure and the lists contain no information regarding customers' viewing activities or other transactions. 47 U.S.C. § 551(c)(2)(C).

---

[1] *United States v. Columbia Broadcasting Sys. Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1981), *cert. denied*, 457 U.S. 1118.

[2] *See Linder v. Adolfo Calero-Portocarrero*, 251 F.3d. 178, 182 (D.C. Cir. 2001) (finding that nonparty should be compensated for half the reasonable copying and labor costs); *In re Midlantic Corp. Shareholder Litigation*, 1994 WL 750664 at *6 (stating that nonparty must be compensated for reasonable copying and labor costs); *Exxon Valdez*, 142 F.R.D. at 384 (requiring requesting party to pay a portion of discovery costs); *Mycogen Plant Science, Inc. v. Monsanto Co.*, 1996 U.S. Dist. LEXIS 2264, * 16 (E.D. Pa. 1996) (finding that a nonparty should be compensated for its time and labor in producing documents); *Compaq Computer Corp., v. Packard Bell Electronics, Inc.*, 1995 U.S. Dist. LEXIS 20549, *24-25 (N.D. Cal. 1995) (holding that nonparty witness is entitled to be compensated at a reasonable hourly rate for producing documents); *In re Letters Rogatory*, 144 F.R.D. 272, 278-79 (E.D. Pa. 1992) (reimbursement for production costs).

Michael O'Malley
February 28, 2012
Page 3

    The only exception applicable to your subpoena is contained in Section 631(c)(2)(B), which requires a court order and notice to the subscriber before disclosure of any PII may be made.[3]  Without a valid court order that recognizes that it will ultimately have jurisdiction over the unnamed subscribers, whether they may be properly joined, and providing for reasonable reimbursement with a reasonable time to fulfill any large order, we will not notify our subscribers or produce documents or any other information identifying subscribers associated with IP addresses. *Please be advised Comcast will, however, preserve all data relevant to the IP addresses in question for 90 days.*

    Comcast also objects to your subpoena on the ground that the alleged "co-conspirators" have not been properly joined in the underlying action.  Discovery of a large number of alleged "co-conspirators" is improper because Plaintiff has made no attempt to satisfy the rules for joinder or to demonstrate that personal jurisdiction would exist over the alleged "co-conspirators" in light of the many cases that have expressly prohibited discovery and quashed subpoenas similar to yours.  Indeed, the discovery appears to make an end-run around the procedural protections recognized in many similar "Doe" defendant copyright cases.[4]  Plaintiff's allegations in the instant action are insufficient to satisfy even the basic elements for pleading a conspiracy under Illinois law. *Vance v.* Chandler, 231 Ill.App.3d 747, 750, 597 N.E.2d 233, 236 (3d Dist. 1992) (setting forth elements of conspiracy); *see also Buckner v. Atlantic Plaint Maintenance, Inc.*, 182 Ill.2d 12, 23, 694 N.E.2d 565, 571 (Ill. 1998 (in Illinois, plaintiff must plead the facts essential to his cause of action; unsupported conclusion are not sufficient).  Accordingly, Plaintiff has not and cannot show "good cause" for obtaining early discovery as to the thousands of alleged "co-conspirators" pursuant to the Illinois Supreme Court Rule Supreme Court Rule 204(a)(4). *See also* Illinois Supreme Court Rule 201(b)(1) (limiting discoverable material to that "relevant to the subject matter involved in the pending action"); *Youle v. Ryan M.D.*, 349 Ill.App.3d 377, 380-81, 811 N.E.2d 1281, 1283 (4th Dist. 2004) (a court should "deny a discovery request where there is insufficient evidence that the requested discovery is relevant or will lead to such evidence.").

    In addition, John Doe (identified in Exhibit A to the Complaint), the sole alleged defendant for whom discovery might be proper, is not alleged to be a Comcast subscriber.  Moreover, you alleged that you used a geolocation technology to trace that IP address to a

---

[3]  Such notice must afford the subscriber enough time to challenge anonymously any disclosure before it is made.  A decision otherwise would render the notice provision a nullity. *See* Lyrissa Barnett Lidsky & Thomas F. Cotter, *Authorship, Audiences, and Anonymous Speech*, 82 Notre Dame L. Rev. 1537, 1598 (April 2007) (advocating extending the protections of Section 631 in other contexts to "guarantee the defendant has a chance to defend his right to speak anonymously *before it is too late*") (emphasis added).

[4]  *See, e.g., Hard Drive Prods. V. Does*, 2011 U.S. Dist. LEXIS 132449, at *9 (N.D. Cal. Nov. 16, 2011) (dismissing Does 2-130 and imposing ongoing obligations upon plaintiff and its counsel to demonstrate that the discovery sought of Doe 1 is used for a proper purpose); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 12633, at *3-9 (S.D. Fla. Nov. 1, 2011) (the court *sua sponte* found joinder of multiple Doe defendants improper under Fed. R. Civ. P. 20(a) and dismissed the claims against all but a single defendant); *On the Cheap, LLC v. Does 1-5011*, 2011 U.S. Dist. LEXIS 99831, at *16-17 & n.6 (N.D. Cal. Sept. 6, 2011) (disapproving the use of mass actions and noting abusive settlement tactics); *McGip, LLC v. Doe*, 2011 U.S. Dist. LEXIS 128033, at *9 (N.D. Cal. Nov. 4, 2011) (citing other similar cases).

Michael O'Malley
February 28, 2012
Page 4

location in Illinois.  Complaint, ¶ 4.  If you had done the same for the other IP addresses, you would have seen that only 37 of the more than 1,200 Comcast-registered IP addresses are for Comcast subscribers in Illinois.[5]  Accordingly, even if joinder were proper (it is not), most of the alleged co-conspirators would not be subject to the jurisdiction of this Court, as a subpoena issued by an Illinois court cannot reach nonparties residing outside the state.  *Whitley v. Lutheran Hospital*, 73 Ill.App.3d 763, 392 N.E.2d 729 (3d Dist. 1979) (before courts of any state can compel persons to appear and furnish information possibly against their own interest, it is necessary for such court to have jurisdiction over those persons); *Hill v. Thomas B. Jeffery Co.*, 292 Ill. 490, 496, 127 N.E. 124, 126 (1920) (court cannot compel witness residing out of state to appear for giving his deposition outside state because its jurisdiction does not extend beyond the limits of the state); *Price v. Grefco, Inc.*, 187 Ill. App. 3d 514, 516, 543 N.E.2d 521, 523 (4th Dist. 1989) (discovery from out-of-state nonparties cannot be obtained using Illinois Supreme Court Rule 204); *see also CP Prods., Inc. v. Does 1-300*, No. 10 C 6255, 2011 WL 737761, at *1 (N.D. Ill. 2011) ("[T]here is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist and-more importantly-as to whom [plaintiff's] counsel could readily have ascertained that fact.").  Before asking the Court to allow early discovery, you should have noted that you were seeking discovery of individuals not within the Court's jurisdiction.

If and when you obtain an order that complies with the Communications Act and the law with respect to unnamed co-conspirators, jurisdiction and venue, and serve a valid subpoena, we will revisit the issues concerning time for compliance and reimbursement of Comcast's reasonable expenses. In the meantime we ask that you withdraw the subpoena or agree not to move to compel unless and until we have resolved these issues.  If you will not agree to withdraw the subpoena we will have to file a motion to quash and for a protective order or otherwise join in any motion other ISPs may file.  In addition to its grounds for objection set forth above, Comcast reserves the right to object the Subpoena, any motion to compel, or assert any other appropriate grounds in any pleading filed in this matter.

Please let us know your intentions promptly.

Very truly yours,

John D. Seiver

cc:   Comcast Communications
      Andrew G. Toennies, Esq.
      Paul Duffy, Esq.

---

[5]  This conclusion was made after Comcast performed a preliminary search of its records in order to preserve the subpoenaed information.

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY
STATE OF ILLINOIS

LIGHTSPEED MEDIA CORPORATION,   )
                                )
                 Plaintiff,     )
                                )
vs.                             )          Cause No.      11-L-683
                                )
JOHN DOE                        )
                                )
                                )
                 Defendant.     )

```
                                        +--------------------------+
                                        |          FILED           |
                                        |    ST. CLAIR COUNTY      |
                                        |                          |
                                        |      MAR 0 2 2012         |
                                        |                          |
                                        |      Kahelah a. Dixon     |
                                        | 54      CIRCUIT CLERK     |
                                        +--------------------------+
```

## ORDER

Upon motion of non-party, Comcast Cable Holdings, LLC, for their Motion for
Additional Time to Object to Plaintiff's Subpoena for Deposition, said Motion is hereby granted,
and Comcast Cable Holdings, LLC is granted until March 19, 2012 to respond, object and/or file
its motion to quash the subpoena for deposition.

DATE: 3/2/12                     SO ORDERED: _____
                                                    JUDGE

Cause No. 11-L-683

Page 1 of 1

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**
**LAW DIVISION**

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 11-L-683 |
| v. | ) | |
| | ) | |
| JOHN DOE, | ) | |
| an individual, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO THIRD-PARTY COMCASTT CABLE**
**HOLDINGS LLC'S 'S MOTION FOR ADDITIONAL TIME TO RESPOND OR**
**OTHERWISE OBJECT TO SUBPOENA FOR DEPOSITION**

This Court should deny third-party Comcast Cable Holdings, LLC's ("Comcast") Motion For Additional Time To Respond or Otherwise Object to Subpoena for Deposition ("Motion") because (i) it offers no facts justifying an extension; (ii) the delay it seeks will severely prejudice LIGHTSPEED MEDIA CORPORATION ("Lightspeed") because this case cannot proceed until Comcast complies with the subpoena; and (iii) Comcast's motion is not timely (it was filed on March 2 and seeks extension of a March 5 deadline), and it has failed to allege any basis as to why the Court should hear its motion on an emergency basis.

Comcast was served with the subpoena in late December 2011. Following service, Comcast waited for approximately seventy (70) days to submit an objection. And when it objected it was in a lengthy letter from Lightspeed's Washington, D.C. lawyer raising objections that do not justify its failure to comply with the subpoena, or justify any valid reason for delay. Comcast makes no attempt to state facts justifying its failure to act on the subpoena until seventy days after being served with it. Furthermore, Comcast's claim that it "simply seeks an additional

an additional [14] days … to file any objection, response or motion to quash" the subpoena is disingenuous given that its Washington, D.C. attorney has already stated flatly that "no documents will be produced" until this Court rules upon its objections. *See* Motion at par. 3 and Exhibit 2.

Lightspeed, on the other hand, will suffer severe prejudice from Comcast's attempts to delay this law suit. The only information that Comcast has regarding the Defendant and his co-conspirators is their Internet Protocol ("IP") addresses. Lightspeed cannot identify the actual identity of those individuals unless Comcast, and the other Internet Service Providers ("ISPs") that Lightspeed has subpoenaed, produce identifying information in response to Lightspeed's subpoenas. This matter cannot proceed unless Comcast and other providers comply with their obligations under subpoenas served upon them.

For all of the foregoing reasons, Lightspeed respectfully requests that this Court deny Comcast's Motion, direct Comcast to promptly comply with the subpoena, and grant any and all further relief that this Court deems to be reasonable and appropriate.

Respectfully submitted,

**LIGHTSPEED MEDIA CORPORATION,**
Plaintiff

By: _____

One of its attorneys

Paul A. Duffy, Esq.
Prenda Law, Inc.
161 N. Clark Street, #3200
Chicago, IL 60601
(312) 880-9160

Page 2 of 5

## PROOF OF SERVICE

The undersigned attorney certifies that he caused a copy of the foregoing **Appearance** and **Opposition to Third-Party Comcast Cable Holdings, LLC's Motion For Additional Time To Respond To Subpoena** to be served upon the following on this **2d** day of **March, 2012**, to:

Andrew G. Toennies, Esq.
Lashly & Baer, P.C.
20 E. Main Street
Belleville, IL 62220
By e-mail at atonnies@ashlybaer.com
And facsimile at (314) 621-6844
*Counsel for Comcast Cable Holdings, LLC*

John D. Seiver, Esq.
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, D.C. 20006-3401
By e-mail at johnseiver@dwt.com
And by facsimile at (202) 973-4412
*Counsel for Comcast Holdings, LLC*

Troy A. Bozarth, Esq.,
HelperBroom LLC
130 N. Main Street
Edwardsville, IL 62025
By e-mail at troybozarth@helperbroomcom
And by facsimile at (618) 656-1364
*Counsel for several third-party ISPs*

Page 4 of 5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 2nd day of March, 2012, a true and correct copy of the foregoing was sent via First-Class, postage prepaid, ~~to each of the Respondents in this case that were served with a subpoena~~ and to:

Celestine Dotson
300 N. Tucker Blvd., Suite 301
St. Louis, MO 63101

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

LIGHTSPEED MEDIA CORPORATION,   )
                                )
        Plaintiff,            )
                                )
vs.                             )   No.:  11-L-683
                                )
JOHN DOE,                       )
                                )
        Defendant.            )

## MOTION FOR ADDITIONAL TIME TO MOVE TO QUASH AND/OR MOVE FOR A PROTECTIVE ORDER WITH RESPECT TO SUBPOENAS

Internet service providers ("ISPs") denoted herein as AT&T Internet Services, BellSouth.net, Cellco Partnership d/b/a Verizon Wireless, Centurytel Internet Holdings Inc., Cox Communications, Inc., Embarq Communications, Inc., Qwest Communications Company LLC, Verizon Online LLC, and Wayport, Inc. (collectively, the "Objecting ISPs") intend to file motions to quash and/or for a protective order with respect to all subpoenas that have been or may be served upon any of them in connection with this proceeding.   In this motion for additional time, the Objecting ISPs seek an extension of time, until March 19, 2012, to file such motions to quash and/or for a protective order.

    1.      The Objecting ISPs set forth the grounds of their opposition to subpoenas herein by letter to Michael O'Malley dated February 27, 2012, a true and correct copy of which is attached hereto as Exhibit A.   In that letter, the Objecting ISPs also stated as follows:

> If Plaintiff does not withdraw all pending subpoenas at this point, but decides to do so after the ISPs file motions for a protective order and/or to quash (as has been our experience in other, similarly improper proceedings), please be advised that the ISPs will nonetheless continue to seek recovery of their costs and attorneys' fees, because those costs and attorneys' fees could have been minimized or avoided had Plaintiff withdrawn the subpoenas before such motions were prepared and finalized for filing.

C135

In response to that letter, Paul Duffy of Prenda Law, Inc. contacted counsel for the Objecting ISPs to advise that Plaintiff's principal/owner had passed away. Mr. Duffy asked for a couple of additional days to respond to the Objecting ISPs' February 27 letter. The Objecting ISPs agreed, provided that they would have a couple of additional days to move to quash or for other relief with respect to subpoenas in this proceeding. The agreement among counsel was memorialized in a letter dated February 28, 2012, a true and correct copy of which is attached hereto as Exhibit B. As set forth in that letter, Plaintiff agreed that the Objecting ISPs could move to quash or for other relief with respect to pending subpoenas on or before March 7, 2012.

2. Mr. Duffy did not thereafter contact the Objecting ISPs to withdraw the subpoenas, or even to address the apparent complete lack of evidentiary support occasioned by the passing of Plaintiff's principal (who was also the source of the sole evidence presented by Plaintiff and the author of the software allegedly used to identify thousands of instances of alleged computer "hacking"). Instead, in communications among counsel, Mr. O'Malley indicated his intention to withdraw from representing Plaintiff in this case.

3. Separately, the Objecting ISPs learned that Comcast Cable Holdings, LLC ("Comcast") had sought and obtained an extension of time, until March 19, 2012, in order to respond or object to a subpoena served upon it in this proceeding. The grounds for Comcast's objections are similar to those of the Objecting ISPs.

4. Accordingly, the Objecting ISPs request an extension of time herein (i) in recognition of the impending withdrawal of Mr. O'Malley, (ii) in order to have time to address the implications of the passing of Lightspeed's principal and sole source of submitted evidence,

and (iii) so that briefs on the same issues by the Objecting ISPs and Comcast will be presented at the same time to the Court. Plaintiff will not be prejudiced by the additional time sought.

WHEREFORE, the Objecting ISPs respectfully request that this Court grant their motion for additional time and permit them until March 19, 2012, to move to quash and/or for a protective order with respect to all subpoenas that have been or may be served upon any of them in this proceeding. The Objecting ISPs request such other and further relief to which they may be justly entitled.

Dated:  March 5, 2012

Respectfully submitted,

By: _____

Troy A. Bozarth – 06236748
Dougglas A. Stultz – 06279879
HEPLERBROOM LLC
130 N. Main Street
Edwardsville, Illinois 62025-0510
(618) 656-0184

C137

## Certificate of Service

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded to the counsel below on this 5th day of March, 2012, by facsimile, and by enclosing same in an envelope addressed to said attorneys, with proper postage fully prepaid, and depositing same in the United States mail at Edwardsville, Illinois:

Michael O'Malley                         Andrew G. Toennies
Carey Danis, & Lowe                      Lashly & Baer, P.C.
5111 W. Main Street                      20 East Main Street
Belleville, IL  62226                    Belleville, IL  62220

Paul Duffy
Prenda Law, Inc.
161 N. Clark Street, Suite 3200
Chicago, IL 60601

C138

11 L 683  Page 4 of 9



# Locke Lord LLP

**Attorneys & Counselors**

100 Congress, Suite 300
Austin, TX 78701
Telephone  512-305-4700
Fax  512-305-4800
www.lockelord.com

Ben Huffman
Direct Telephone  512-305-4746
Direct Fax  512-391-4741
bhuffman@lockelord.com

February 27, 2012

***Via E-mail and U.S. mail***

Michael O'Malley
Carey Danis, & Lowe
5111 W. Main Street
Belleville, IL 62226

Re:   *Lightspeed Media Corporation v. John Doe*, No. 11-L 683, in the Circuit Court of the Twelfth Judicial Circuit, St. Clair County, Illinois

Dear Mr. O'Malley:

I am writing on behalf of entities denoted by you as AT&T Internet Services, BellSouth.net, Cellco Partnership d/b/a Verizon Wireless, Centurytel Internet Holdings Inc., Cox Communications, Inc., Embarq Communications, Inc., Qwest Communications Company LLC, Verizon Online LLC, and Wayport, Inc. (collectively, the "Objecting ISPs") with respect to subpoenas that have been or may be issued to any of them in the above-referenced proceeding.  This proceeding and the discovery sought therein are unduly burdensome, improper, and an obvious attempt to circumvent the rights and interests of the Objecting ISPs and what appears to be in excess of six thousand five hundred (6,500) unnamed, unrepresented "co-conspirators" located across the country.

In this proceeding, Plaintiff simultaneously maintains that the alleged "co-conspirators" are not parties, and therefore that personal jurisdiction, venue, and related procedural issues do not matter, but also that the "co-conspirators" are part of an actionable conspiracy and therefore the court should order discovery from the ISPs.[1]  At bottom, there is no legitimate or factual basis for the contention that a single, unnamed, alleged "hacker" (*i.e.*, the single John Doe defendant) "conspired" with thousands of other unnamed, alleged "hackers," in connection with activity allegedly involving multiple, unspecified websites and allegedly occurring over a period of time spanning four calendar months. *Cf. Reuter v. MasterCard Int'l*, Inc., 397 Ill.App.3d 915, 927, 921 N.E.2d 1205, 1216 (5th Dist. 2010) ("Civil conspiracy is an intentional tort.").

---

[1] Put another way, Plaintiff wants to implicate thousands of individuals in this lawsuit in order to obtain their personally identifiable information, but Plaintiff does not want the interests of those thousands of individuals to be actually considered by the court.



EXHIBIT
A

Michael O'Malley
February 27, 2012
Page 3

particular legal wrong.  The elements of a conspiracy are (i) an agreement between two or more persons to participate in an unlawful act, or a lawful act in an unlawful manner; (ii) an injury caused by an unlawful overt act performed by one of the parties; and (iii) that the overt act was done pursuant to and in furtherance of the common scheme. *Vance v. Chandler*, 231 Ill.App.3d 747, 750, 597 N.E.2d 233, 236 (3rd Dist. 1992). Plaintiff has made no showing of any communication or contact at all between the John Doe defendant and any of the thousands of alleged "co-conspirators," let alone any agreement as to any common scheme.  *Redelmann v. Claire Sprayway, Inc.*, 375 Ill.App.3d 912, 924, 874 N.E.2d 230, 241 (1st Dist. 2007) (civil conspiracy complaint must allege existence of an agreement); *see also Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill.2d 12, 23, 694 N.E.2d 565, 571 (Ill. 1998) (in Illinois, plaintiff must plead the facts essential to his cause of action; unsupported conclusions are not sufficient).

Plaintiff concedes that it seeks mass discovery herein prior to any assessment of whether joinder is proper as to the thousands of implicated individuals artfully referred to as "co-conspirators." (Mot. for Leave to Take Early Discov., Sec. IV ("Plaintiff may seek in the future to join any number of the co-conspirators to this suit so long as their joinder is proper ....").)  Moreover, even if joinder were proper, most of the alleged "co-conspirators" appear to be located outside Illinois and would not be subject to the personal jurisdiction of this Court.  *See, e.g., Millenium TGA v. Doe*, No. 1:10-cv-05603, 2011 U.S. Dist. LEXIS 110135 (N.D. Ill. Sept. 26, 2011) (*citing CP Productions, Inc v. Does 1-300*, No. 10 C 6255, February 24, 2011, order, Dkt. #32 (N.D. Ill.) (denying motion for reconsideration of the court's earlier order dismissing without prejudice all 300 Doe defendants in part because "there is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist.")) (dismissing Doe defendant on personal jurisdiction and venue grounds).

There is simply no "good cause" in Plaintiff's suit sufficient to warrant expedited discovery to obtain the personally identifiable information of over six thousand Internet subscribers (i) who are not even alleged to have any particular association with the single John Doe defendant; (ii) who may not even be the individuals who were using the Internet accounts when any wrongs were allegedly committed; (iii) as to whom this Court is likely not to have personal jurisdiction or venue, and (iv) as to which joinder is not likely to be proper.  *See Redelmann*, 375 Ill.App.3d at 927 (noting the trial court's "unwilling[ness]" to permit plaintiff to go on a fishing expedition where plaintiff "failed to explain how discovery will help him overcome the pleading deficiencies"—namely that plaintiff failed to "plead facts that establish all the elements in his conspiracy counts"); *see also Evitts v. DaimlerChrysler Motors Corp.*, 359 Ill.App.3d 504, 514, 834 N.E.2d 942, 952 (5th Dist. 2005) ("Discovery is not necessary where a cause of action has not been stated."); *accord First Time Videos, LLC v. Doe*, No. CIV S-11-3478, 2012 U.S. Dist. LEXIS 15810 (E.D. Cal. Feb. 8, 2012) (finding that plaintiff's "request to conduct

Michael O'Malley
February 27, 2012
Page 4

expedited discovery regarding all of the alleged co-conspirators is not reasonable and is not supported by good cause").

The Objecting ISPs request that Plaintiff withdraw all subpoenas that have been issued to any of them in this proceeding, and that Plaintiff agree to refrain from issuing any subpoenas to any of the Objecting ISPs or their affiliates in connection with this proceeding.   Please let me know Plaintiff's response by the close of business on Wednesday, February 29, 2012.  If all outstanding subpoenas to the Objecting ISPs are not withdrawn by then, some or all of the Objecting ISPs intend to file motions to quash and/or for a protective order, and to seek recovery of their attorneys' fees and costs.  If Plaintiff does not withdraw all pending subpoenas at this point, but decides to do so after the ISPs file motions for a protective order and/or to quash (as has been our experience in other, similarly improper proceedings), please be advised that the ISPs will nonetheless continue to seek recovery of their costs and attorneys' fees, because those costs and attorneys' fees could have been minimized or avoided had Plaintiff withdrawn the subpoenas before such motions were prepared and finalized for filing.

Sincerely,

Bart W. Huffman

cc:     Joseph Perea
        Paul Duffy
        Troy Bozarth
        Lauren Fincher – Firm

C141

472961v.2



**TROY A. BOZARTH**
LICENSED IN ILLINOIS
DIRECT DIAL: 618-307-1124
TAB@HEPLERBROOM.COM

SAINT LOUIS • CHICAGO • SPRINGFIELD, IL
EDWARDSVILLE (Madison County), IL
www.heplerbroom.com

130 N. MAIN ST.
PO BOX 510
EDWARDSVILLE, ILLINOIS 62025
PH: 618-656-0184
FX: 618-656-1364

February 28, 2012

Michael O'Malley
Carey, Danis & Lowe
5111 W. Main Street
Belleville, IL 62226-4728

In re:   Lightspeed Media Corporation vs. John Doe
Case No.:      11-L-683
Our clients:  Entities denoted by you as AT&T Internet Services, BellSouth.net,
Cellco Partnership d/b/a Verizon Wireless, Centurytel Internet
Holdings Inc., Cox Communications, Inc., Embarq Communications,
Inc., Qwest Communications Company LLC, Verizon Online LLC,
and Wayport, Inc. (collectively, the "Objecting ISPs")

Dear Mike,

We received a request for a two day extension of the Wednesday, February 29, 2012
deadline to withdraw outstanding subpoenas contained in Bart Huffman's letter to you dated
February 27, 2012.  We would be agreeable to the requested extension and will extend the
deadline until the close of business Friday, March 2, 2012.  The extension is contingent upon the
additional agreement of the Plaintiff that the response date to all pending subpoenas to any of the
Objecting ISPs, which will otherwise remain in effect, will be moved to Wednesday, March 7,
2012, in order to allow time for the Objecting ISPs to file any motion to quash or other motion
they deem necessary should the subpoenas not be withdrawn.

Please confirm your agreement by signing below and returning this letter to me.

Respectfully,

Troy A. Bozarth

AGREED:

Michael O'Malley
for the Plaintiff

C142

EXHIBIT
B

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**
**LAW DIVISION**

LIGHTSPEED MEDIA CORPORATION,    )
                                 )    No.    11 L 683
                 Plaintiff,      )
       v.                        )
                                 )
JOHN DOE,                        )
                                 )
                 Defendant.      )

> FILED
> ST. CLAIR COUNTY
> MAR 0 6 2012
> *Hatahah a. Dia*
> CIRCUIT CLERK
> 87

**ORDER**

COMES NOW before this court Motion for Withdrawal and Substitution of Counsel filed by Plaintiff Lightspeed Media Corporation, and good cause appearing:

IT IS THEREFORE ORDERED that said motion is GRANTED and the law firm of Becker, Paulson, Hoerner & Thompson is substituted for the law firm of Carey, danis & Lowe.

DATED this 6th day of March, 2012.

_____
JUDGE

RECEIVED MAR 0 7 2012

# IN THE CIRCUIT COURT
## TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS

LIGHTSPEED MEDIA CORPORATION,   )
)
       Plaintiff,                )
)
vs.                             )    No.:  11-L-683
)
JOHN DOE,                 )
)
       Defendant.             )

*FILED*
*ST. CLAIR COUNTY*
*MAR  6 2012*
*Isabel a. Dixon*
*CIRCUIT CLERK*

## ORDER

On the motion for additional time by non-party Internet service providers ("ISPs")

denoted herein as AT&T Internet Services, BellSouth.net, Cellco Partnership d/b/a Verizon

Wireless, Centurytel Internet Holdings Inc., Cox Communications, Inc., Embarq

Communications, Inc., Qwest Communications Company LLC, Verizon Online LLC, and

Wayport, Inc. (collectively, the "Objecting ISPs"), the Court has decided to grant the requested

relief.  Accordingly, the Objecting ISPs shall have until March 19, 2012 to file motions to quash

and/or for a protective order with respect to all subpoenas that have been or may be served upon

any of them in connection with this proceeding.

Dated: March __, 2012         SO ORDERED:

C144

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS
LAW DIVISION

LIGHTSPEED MEDIA CORPORATION,    )
                                 )
                   Plaintiff,    )        No.  2011-L-683
                                 )
vs.                              )
                                 )
JOHN DOE,                        )
                                 )
                  Defendant,     )

> **FILED**
> ST. CLAIR COUNTY
> MAR 0 8 2012
> _Takala R. Dunn_
> 1  CIRCUIT CLERK

## ENTRY OF APPEARANCE AND JURY DEMAND

COMES NOW  Karen E. Scanlan, Attorney at Law, of Puryear Law P.C., and hereby

enters his appearance on behalf of the Defendant, alleged user of IP address 173.30.177.50, and

further requests notice of all further and future proceedings. Said Karen E. Scanlan, after having

been duly authorized, hereby DEMANDS a Trial by Jury herein for Defendant.

                              JOHN DOE, Defendant

                              _Karen E Scanlan_
                              BY: Karen E. Scanlan
                              Attorney for Defendant

Karen E. Scanlan
Puryear Law P.C.
3719 Bridge Ave # 6
Davenport, IA 52807
Illinois Phone: (309)948-6699
Iowa Phone: (563)265-6961
Toll-Free: (888)919-3719
Fax: (866)415-5032
Email: karen@PuryearLaw.com

**Certificate of Service**
The undersigned certifies that the foregoing instrument was served on all parties to the cause of action by:
X Depositing a copy thereof in the U.S. Mail, postage prepaid, in envelopes addresses to each party at their respective addresses disclosed on the pleadings
__ Facsimile
__ Placing same in their respective boxes at the local County Courthouse
__ Hand delivery
__ Other:_____

Date: 3/1/12             _Karen E Scanlan_



IN THE CIRCUIT COURT
FOR THE 20TH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

LIGHTSPEED MEDIA CORPORATION          )
                                      )       NO.    11 L 683
            Plaintiff,                )
    v.                                )
                                      )
JOHN DOE,                             )
                                      )
            Defendant.                )

**FILED**
**ST. CLAIR COUNTY**
**MAR 0 9 2012**
CIRCUIT CLERK

## MOTION FOR EXTENSION OF TIME

NOW COMES, the defendant, JOHN DOE, alleged user of IP address, 173.30.177.50, by and through his attorneys, Puryear Law, P.C., and respectfully requests that his Court enter an order granting him an extension of time to contest the subpoena served upon Mediacom Communications Corporation ("Mediacom"), and in support thereof states as follows:

1.      That on or about 16 December 2011 this court entered an order granting Plaintiff leave to take early discovery (the "Order"); a copy of the Order is attached hereto as Exhibit "A."

2.      That pursuant to the terms of the Order John Doe has thirty (30) days from the date of notice of the subpoena upon him to file any motions to contest the subpoena. See Exhibit "A" at Paragraph 5.

3.      That on or about 16 February 2012 John Doe received a letter from Mediacom purporting to be a Notice Regarding an Issuance of Subpoena Seeking Disclosure of Your Identity (the "Notice"); a copy of the Notice is attached hereto as Exhibit "B."

4.      That enclosed with the Notice was a Subpoena for Deposition (the "Subpoena") requiring Mediacom's participation on 5 March 2012; a copy of the Subpoena is attached hereto as Exhibit "C."

5.      That the time between John Doe's receipt of the Notice and the appearance date on the Subpoena is less than thirty (30) days (16 February 2012 – 5 March 2012), despite the clear language

disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff,

7.     Plaintiff may only use the information disclosed in response to a subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

DONE AND ORDERED in Chambers at St. Clair County, Illinois this _16<sup>t</sup>_ day of _December_____, 2011.

_____
CIRCUIT COURT JUDGE



*Bruce Gluckman*
*Group Vice President of Legal & Regulatory*
*Affairs and Deputy General Counsel*

## BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED

February 14, 2012



Re: **Lightspeed Media Corporation v. AT&T Internet Services et. al.,**
Circuit Court of the Twentieth Judicial District, St. Clair County, Illinois
IP Address: 173.30.177.50



### READ AT ONCE
### NOTICE REGARDING ISSUANCE OF SUBPOENA
### SEEKING DISCLOSURE OF YOUR IDENTITY

A legal document called a subpoena has been sent to us as your Internet Service Provider requiring Mediacom to appear at a deposition on March 5, 2012 in Chicago to presumably authenticate the identity of certain Mediacom subscribers, including you. This proceeding was initiated by the filing of a proceeding by the plaintiff, Lightspeed Media Corporation, which is authorized under Illinois court rules. The rules allow anyone including Lightspeed to file a complaint simply for the purpose of discovering who you are and it can be served upon Mediacom in St. Clair County because we are found there by virtue of our company's cable franchise. The plaintiff sought and received an order allowing it to take this discovery and setting forth a process by which disclosure will occur. Sending this letter to you is part of this process. I have enclosed a copy of the complaint and the order. The complaint states that you among others hacked into the company's web site through the use of unauthorized passwords to obtain material available only to paying members. I am also including the information that enabled us to identify you as the holder of the IP address requested.

### INFORMATION ABOUT YOU HAS NOT YET BEEN DISCLOSED, BUT IT WILL BE DISCLOSED IN 30 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA.

Your identifying information has not yet been disclosed to the Plaintiff. Mediacom takes no position on whether you did or did not engage in the complained activity. It is only providing you notice as required under the order and applicable law.

This notice is intended to inform you of some of your rights and options. It does not provide legal advice. We cannot advise you about what grounds exist, if any, to challenge this action. If you would like legal advice you should consult an attorney. You will find a list of resources that may help you locate an attorney and decide how to respond to the subpoena or lawsuit.

**EXHIBIT**

B

You should read the order carefully. You have only thirty days from the date you receive this letter to respond if you wish to contest disclosure by us. If you take no action, we will disclose this information as required by the order.

To help you find a lawyer, the American Bar Association's attorney locator can be found on the Internet at http://www.abanet.org/lawyerlocator/searchlawyer.html or alternatively, you can consult the bar association of the state that you reside in.

The Electronic Frontier Foundation is an organization that seeks to protect the rights of Internet users. They have created a website that lists attorneys who have volunteered to consult with people in your situation and contains further information about the lawsuit that has been filed against you as well as similar lawsuits: https://www.eff.org/issues/file-sharing/subpoena-defense

## OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

To maintain a lawsuit against you, the court must have personal jurisdiction over you. You may or may not be able to challenge the court's personal jurisdiction over you in the event that the plaintiff chooses the same jurisdiction as this proceeding involving Mediacom. However, please note that even if your challenge is successful, the Plaintiff can still file against you in the state in which a court has personal jurisdiction over you. In fact the plaintiff may initiate its suit against you in the location where you live.

If you are interested in discussing this matter with the Plaintiff's attorneys, you may contact them by telephone at the number listed on the complaint. Please understand that these lawyers represent the company that sued you. They can speak with you about settling the lawsuit, if you wish to consider that. You should be aware that if you contact them they may learn your identity, and that anything you say to them can later be used against you in court.

You should not call the Court. While you can call this office, Mediacom cannot offer legal or any other advice or information beyond repeating the contents of this letter. Any request to postpone disclosure has to be done through legal process.

Again, you may wish to retain an attorney to discuss these issues and your options.


Very Truly Yours,


Bruce Gluckman
Deputy General Counsel


Enclosure

**IN THE CIRCUIT COURT**
**FOR THE 20th JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

LIGHTSPEED MEDIA CORPORATION

PETITIONER

                    vs.                    NO. 11-L-*683*

JOHN DOE

**SUBPOENA FOR DEPOSITION**

TO:   Mediacom Communications Corporation  c/o C T Corporation System  208 S LaSalle St Ste 814 Chicago IL 60604

        YOU ARE COMMANDED to appear to give your deposition before a notary public in

Room No.  3200          at   161 N. Clark St., Chicago, IL 60601                on the

5     day of   March           20 12    at   10:00     ☑ a.m. ☐ p.m.

        YOU ARE COMMANDED ALSO to bring the following:

The name, current (and permanent) addresses, telephone numbers, e-mail addresses

and Media Access Control addresses, and any other form of contact information that  may

be used to identify all persons whose IP addresses are listed in the attached spreadsheet.

in your possession or control.

        YOUR FAILURE TO APPEAR IN RESPOSNE TO THIS SUBPOENA WILL SUBJECT YOU TO
PUNISHMENT FOR CONTEMPT OF THIS COURT.

                WITNESS,                              20  11

                                KAHALAH A. DIXON
                                (Clerk of the Circuit Court)

(Seal of Court)

                        by       *m. may*

        I served this subpoena by handing a copy to   C T Corporation System

on the            day of   December         20  11    .  I paid the witness   $ 20.20

for witness and mileage fees.

Signed and sworn to before me on this        day of              20  11    .

                    (Notary Public)

Attorney     Michael O'Malley
Address      161 N Clark St. Ste 3200
City / State / ZIP     Chicago, IL 60601
Telephone    312-344-3207

**EXHIBIT**

C



Home   Logout   Help
SCANLAN, KAREN
ST. CLAIR - 20th Judicial Circuit Court

**Request Submitted Details**

Your Case Details has been sent for approval.
Your Transaction ID is  17163532

NOTE: Please remember your Transaction ID. You will need it to check the status of documents uploaded to I2File.
When you, the filer, finish uploading documents and you complete the transaction by clicking the "SUBMIT" button, you
will receive an email message stating that your document(s) has been received by I2File and that a further notification
will be sent to you with the status of the filing.

A document will be considered timely submitted if e-filed at any time before the time allowed by filing jurisdiction or
before the date on which the document is due as long as the document(s) are in compliance with applicable Supreme
Court Rules. A document submitted electronically to the Clerk's office after the time allowed by filing jurisdiction or
on a day when the Clerk's office is not open for business will, unless rejected, be file stamped as filed on the next
business day for which the Clerk's office is open to receive conventional filings.

You will also receive the I2F Transaction Review Results via email. You may then logon to I2File and find your filing.

If Statutory docketing Fees are due to the Clerk for filing,you will have to pay the statutory fees due before you can
review the document(s) on I2File. The "Unpaid" indicator on the transaction serves as a reminder to pay the fees.

If for any reason your filing is rejected, no fee is charged.

Click Here to file another case.

Back To Home

*filed by DM 3-1-12*

©2007-2012, I2F Internet Case Filing System                    Office Hours: 08:30 AM - 04:30 PM CST

**IN THE CIRCUIT COURT
FOR THE 20th JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS**

LIGHTSPEED MEDIA CORPORATION,    )
                                    )
          Plaintiff,          )
v.                             )  No. 11-L-683
                                      )
JOHN DOE,                  )
                                      )
         Defendant.      )

FILED
MAR 1 9 2012
ST. CLAIR COUNTY

**NON-PARTY COMCAST CABLE COMMUNICATIONS, LLC'S
MOTION TO QUASH SUBPOENA AND VACATE ORDER
<u>GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE EARLY DISCOVERY</u>**

COMES NOW, non-party Comcast Cable Communications, LLC ("Comcast") hereby moves to quash the subpoena served by Lightspeed on Comcast and vacate the Court's earlier order granting Plaintiff's Motion for Leave to Take Early Discovery. As set forth in the Memorandum accompanying this Motion, the grounds for this Motion are as follows:

1.     Plaintiff's Complaint in this action asserts, *inter alia*, a civil conspiracy claim against Defendant John Doe and thousands of anonymous co-conspirators for the alleged unauthorized access to Plaintiff's pornographic website. Compl. ¶¶ 38-42. Comcast is an Internet service provider ("ISP") but is not a defendant or party to this lawsuit, and Plaintiff has not alleged that Comcast has any liability for the claims herein. Plaintiff instead claims to have identified certain IP addresses corresponding to various ISPs, including Comcast, including one IP address of a subscriber resident in St. Clair County. *Id.* This Court granted permission for Plaintiff to pursue limited discovery of the ISPs to attempt to identify the named Doe and other subscribers alleged to be co-conspirators and associated with specific IP addresses who will then be named as defendants in an amended complaint. *Id.*; Order Granting Plaintiff's Motion for

C152

Leave to Take Early Discovery Pursuant to Supreme Court Rule 201(d) ("Discovery Order"). Comcast did not have the opportunity to participate in this Court's consideration or ultimate relief granted in the Discovery Order. Pursuant to the Discovery Order, Plaintiff served a subpoena on Comcast in December 2011 (the "Subpoena"), seeking the identities of more than 1,200 individuals who, Plaintiff alleges, are Comcast subscribers.

2.     The allegations of Plaintiff's underlying Complaint in this action are insufficient to plead a conspiracy under Illinois law; thus, the rules for joinder of the alleged co-conspirators, and the need for early discovery, cannot be satisfied in the underlying action. Indeed, any claim that John Doe and the alleged co-conspirators actively participated with one another is dubious, given that the exhibit attached to Plaintiff's Complaint reflects that the alleged illegal activity of the different IP addresses occurred on different days and times over a four-month period. The distinct trend in federal district courts has been to deny prospective joinder and quash subpoenas in similar actions where a conspiracy is alleged. The courts have also found that utilizing a court's discovery process to identify Does who are never sued, but are nonetheless contacted for settlement demands, is abusive.

3.     Even if joinder were proper (it is not), the vast majority of the alleged co-conspirators are not Illinois residents. Indeed, a preliminary search of the IP addresses listed in Plaintiff's Subpoena reveals that just 37 of the more than 1,200 Comcast IP addresses in the Subpoena are definitely associated with a subscriber located in Illinois. Because a subpoena issued by an Illinois court cannot reach non-parties residing outside the state, there is no good cause for permitting Plaintiff to obtain discovery from non-party Comcast.

4.     Additionally, it is not at all clear why Plaintiff chose to file this action in this Court except to test the judicial waters of this forum. Plaintiff Lightspeed's other actions are

Cause No. 11-L-683
Page 2 of 5

pending in federal courst in Chicago and Oakland, California, and Plaintiff's counsel has filed actions for similar plaintiffs in multiple federal district courts around the country, including Illinois, District of Columbia, Virginia, Minnesota, California, Texas, Kentucky, and Florida. Plaintiff's prior filing in federal district court in Chicago demonstrates that the gravamen of the complaint is not hacking, but copyright infringement for illegally downloading videos. *See* Lightspeed Compl., No. 1:10-cv-05604 (N.D. Ill. Mar. 31, 2011) (order dismissing for improper joinder).

5.     The allegations include detecting the IP addresses of others who downloaded material from the website (Compl. ¶ 17), which, in the dismissed federal court complaint, was alleged to constitute copyright infringement.  Plaintiff alleges that the reason the case is brought here is that, allegedly, one Doe resides in St. Clair County, although all but 37 of the more than 1,200 Does whose identity is sought in the Subpoena are not Illinois residents and have no other connection to this State or St. Clair County.  Indeed, if a mass action like this were appropriate (it is not), it would be in Arizona where the Plaintiff's website and servers are located that were allegedly hacked. And if appropriate, Plaintiff's copyright infringement claims could only be brought in federal court. 28 U.S.C. § 1338(a).

6.     Plaintiff's history has been to obtain names and identifying information in discovery and then demand settlements from the individual subscribers, never intending to add them to the complaint.  Given this apparent and expected abuse of the discovery process, the aforementioned procedural anomalies, and inherent substantive defects in the underlying action, not only would Comcast be unduly burdened by having to comply with the Subpoena, its subscribers' privacy interests would not be adequately protected and they would be inappropriately drawn into a civil action that could not be commenced against them individually

DWT 19236505v1 0107080-000054

in this Court.  Accordingly, the Subpoena should be quashed and the Discovery Order should be vacated.

      7.     Finally, even if the Court were to order Comcast to comply with the Subpoena, the Court should modify the Discovery Order and enter a protective order allowing for a reasonable time for Comcast to comply, notify subscribers as required by law, and allow them the opportunity to contest the validity of the claims being asserted before being identified and pursued by plaintiff for settlement.  Given the number of subpoenas served on Comcast nationwide in similar actions (many brought by Plaintiff's counsel herein), the Court should limit such identifications to 50 IP addresses per month.

      WHEREFORE, for the foregoing reasons, Comcast respectfully requests that this Court quash the Subpoena and vacate or stay the Discovery Order , and grant any further relief this Court deems just.

Dated:  March 19, 2012

By their attorneys,

Andrew G. Toennies
**LASHLY & BAER, P.C.**
20 East Main Street
Belleville, Illinois 62220-1602
(618) 233-5587

*Of counsel:*
John D. Seiver
Leslie G. Moylan
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
(202) 973-4200

*Counsel for Non-Party Comcast Cable Communications, LLC*

Cause No. 11-L-683
Page 4 of 5

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed and emailed and faxed, postage prepaid, this 19th day of March, 2012, to:

Mr. Kevin Hoerner
Becker, Paulson Hoerner & Thompson
5111 West Main
Belleville, IL  62226

Paul A. Duffy
Prenda Law
161 N. Clark Street, Suite 3200
Chicago, IL  60601
Via Facsimile and mail (312) 880-9160

IN THE CIRCUIT COURT
FOR THE 20th JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

LIGHTSPEED MEDIA CORPORATION,  )
                                )
        Plaintiff,              )
                                )
v.                              )   No.  11-L-683
                                )
JOHN DOE,                       )
                                )
        Defendant.              )

## NON-PARTY COMCAST CABLE COMMUNICATIONS, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH SUBPOENA AND VACATE ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE EARLY DISCOVERY

Non-party Comcast Cable Communications, LLC ("Comcast") hereby submits this

memorandum in support of its Motion to Quash Subpoena and Vacate Order Granting Plaintiff's

Motion for Leave to Take Early Discovery.

### INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff's Complaint in this action asserts, *inter alia*, a civil conspiracy claim against

Defendant John Doe and thousands of anonymous co-conspirators for the alleged unauthorized

access to Plaintiff's pornographic website.  Compl. ¶¶ 38-42.  Comcast is not a defendant in this

case, nor has Plaintiff alleged that Comcast has any liability for the claims in its lawsuit.

Comcast is a non-party that is, among other things, an Internet service provider ("ISP"), and is

not liable for subscribers' online activities.  Comcast was served with a subpoena because

Plaintiff does not know the identity of the Doe defendant whom it sued anonymously or the

alleged co-conspirators.  *Id.* ¶ 3.  Plaintiff claims to have identified certain IP addresses

corresponding to various ISPs, including Comcast, including one IP address of a subscriber

resident in St. Clair County.  *Id.*  This Court granted permission for Plaintiff to pursue limited

Cause No.  11-L-683
Page 1 of 17

discovery of the ISPs to attempt to identify the named Doe and other subscribers alleged to be co-conspirators and associated with specific IP addresses. Plaintiff claims these additional subscribers will then be named as defendants in an amended complaint. *Id.*; Order Granting Plaintiff's Motion for Leave to Take Early Discovery Pursuant to Supreme Court Rule 201(d) ("Discovery Order"). Comcast did not have the opportunity to participate in this Court's consideration or ultimate relief granted in the Discovery Order.

Pursuant to the Discovery Order, Plaintiff served a subpoena on Comcast in December 2011 (the "Subpoena"), seeking the identities of more than 1,200 individuals who, Plaintiff alleges, are Comcast subscribers. Compl., Exh. B. Comcast objected to the Subpoena by letter dated February 28, 2012. (Attached hereto as Exhibit A is a true and correct copy of the February 28, 2012 letter.) Pursuant to Supreme Court Rule 201(k), Comcast states that, after personal consultation and reasonable attempts to resolve differences, the parties have been unable to reach an accord in that a telephone call between counsel for the parties was held previously but agreement was not obtained, and counsel for Plaintiff even opposed Comcast's motion for extension of time to move to quash, which extension the Court granted by Order dated March 6, 2012. Further efforts to discuss this motion would be futile.

Comcast moves to quash the Subpoena and vacate the Discovery Order on several grounds. First, because Plaintiff's allegations are insufficient to plead a conspiracy under Illinois law, the rules for joinder of the alleged co-conspirators cannot be satisfied in the underlying action. Indeed, any claim that John Doe and the alleged co-conspirators actively participated with one another is dubious, given that the exhibit attached to Plaintiff's Complaint reflects that the alleged illegal activity of the different IP addresses occurred on different days and times over a four-month period. The distinct trend in federal district courts has been to deny prospective

Cause No. 11-L-683

Page 2 of 17

joinder and quash subpoenas in similar actions where a conspiracy is alleged.  The courts have also found that utilizing a court's discovery process to identify Does who are never sued, but are nonetheless contacted for settlement demands, is abusive.  There is thus no good cause for permitting Plaintiff to obtain discovery from non-party Comcast, where joinder of any potentially identifiable subscriber would be improper anyway.

Second, even if joinder were proper (it is not), the vast majority of the alleged co-conspirators whose personal information is sought in the Subpoena are not even subject to this Court's jurisdiction.  Indeed, a preliminary search of the IP addresses listed in Plaintiff's Subpoena reveals that just 37 of the more than 1,200 Comcast IP addresses in the Subpoena are definitely associated with a subscriber located in Illinois.  Because a subpoena issued by an Illinois court cannot reach non-parties residing outside the state, there is no good cause for permitting Plaintiff to obtain discovery from non-party Comcast.

Finally, it is not at all clear why Plaintiff chose to file this action in this Court except to test the judicial waters of this forum.  Plaintiff Lightspeed's other actions are pending in federal court in Chicago and Oakland, California, and Plaintiff's counsel has filed actions for similar plaintiffs in multiple federal district courts around the country, including Illinois, District of Columbia, Virginia, Minnesota, California, Texas, Kentucky, and Florida. Plaintiff's counsel has even served subpoenas captioned in altogether different courts from where the underlying action is pending.  And, in response to an order in an action involving Plaintiff's counsel in this action, Plaintiff's counsel disclosed more than 100 suits filed alleging illegal downloads of pornographic and other materials and that, despite gaining the identity of many subscribers' names, not one defendant in those suits had ever been served.  Indeed, as with this Plaintiff's prior filing in federal district court in Chicago, the gravamen of the complaint is not hacking, but copyright

infringement for illegally downloading videos. *See* Lightspeed Compl., No. 1:10-cv-05604 (N.D. Ill. Mar. 31, 2011) (order dismissing for improper joinder) (attached hereto as Exhibit B). Indeed, here the allegations include detecting the IP addresses of others who downloaded material from the website (Compl. ¶ 17), which, in the dismissed federal court complaint, was alleged to constitute copyright infringement. The reason the case is brought here is that, allegedly, one Doe resides in St. Clair County, although all but 37 of the more than 1,200 Does whose identity is sought in the Subpoena are not Illinois residents and have no other connection to this State or St. Clair County. Indeed, if a mass action like this were appropriate (it is not), it would be in Arizona where the Plaintiff's website and servers are located that were allegedly hacked.

Given the apparent and expected abuse of the discovery process, these procedural anomalies, and inherent substantive defects in the underlying action, not only would Comcast be unduly burdened by having to comply with the Subpoena, its subscribers' privacy interests would not be adequately protected and they would be inappropriately drawn into a civil action that could not be commenced against them individually in this Court. Accordingly, the Subpoena should be quashed and the Discovery Order should be vacated. Finally, even if the Court were to order Comcast to comply with the Subpoena, the Court should modify the Discovery Order and enter a protective order allowing for a reasonable time for Comcast to comply, notify subscribers as required by law, and allow them the opportunity to contest the validity of the claims being asserted before being identified and pursued by plaintiff for settlement.

**ARGUMENT**

I.   **Because Plaintiff Seeks the Same Type of Subscriber Information from Comcast in Another Action in this Court that is Currently Stayed Pending Appeal, the Subpoena Should be Quashed and the Discovery Order Stayed or Vacated.**

On November 3, 2011, the exact same Plaintiff in this action filed a Petition for Discovery Before Suit to Identify Responsible Persons and Entities pursuant to Rule 224 [Dkt. No. 11-L-621] ("*Lightspeed I*"), naming Comcast as a Respondent among a host of other ISPs. The Petition in *Lightspeed I* details the same factual allegations and need for discovery as in the instant action. *Compare, e.g.,* [allegation from Petition and allegation from Complaint].  On November 6, 2011, the Court in *Lightspeed I* entered an order allowing Plaintiff to take discovery of the ISPs named as respondents in the Petition.  The Comcast subscriber information sought in *Lightspeed I* is the same type of Comcast subscriber information sought here.[1] *Compare, e.g.,* exhibit from Petition and exhibit from Complaint.  *Lightspeed I* was challenged by several ISPs and the Appellate Court for the Fifth District granted a motion to stay the action pending appeal on December 29, 2011.  However, while the challenge to *Lightspeed I* was pending, but before the December 29, 2011 stay order was entered, Plaintiff filed the instant action on December 14, 2011 and obtained the Discovery Order on December 16, 2011 – all without ever mentioning to the Court the existence or procedural status of *Lightspeed I*.

Plaintiff's strategy here is obvious – whereas a petition pursuant to Rule 224 provides significant safeguards to protect any anonymous individual from any improper inquiry into his or her identity by, among other things, requiring the trial court to hold a hearing at which it must determine that the unidentified person is "one who may be responsible in damages" to the

---

[1] Indeed, in the Subpoena here, Plaintiff refers to itself in the caption as "Petitioner," suggesting that Plaintiff has confused even itself with its own tactics.

Cause No. 11-L-683
Page **5** of **17**

petitioner, *see Maxon v. Ottawa Publ'g Co.*, 402 Ill. App. 3d 704, 711, 929 N.E.2d 666, 672 (3d

Dist. 2010), Plaintiff in the instant action was able to avoid any inquiry into its allegations and

providing notice to Comcast before the Discovery Order was entered and the Subpoena served.

The same protections were not afforded to Comcast when Lightspeed elected to take another bite

at the apple by seeking early discovery through the instant Doe defendant action – i.e., because

the discovery order was obtained ex parte, Comcast had no idea of the existence of the case and

no opportunity to be heard on the potential discovery sought until it was served with the

Subpoena.  This Court should not condone such tactics.  *Cf. Federal Signal Corp. v. Thorn*

*Automated Sys., Inc.*, 295 Ill. App. 3d 762, 769, 693 N.E.2d 418, 422 (1st Dist. 1998) (upholding

dismissal where plaintiff "sought to escape the constraints of discovery rules to obtain discovery

for this case without notice to defendant or its employee").  Nor should the Court risk making

any ruling that might ultimately be inconsistent with the resolution of *Lightspeed I.*  Accordingly,

the Subpoena should be quashed and the Discovery Order vacated.

## II.   Because Good Cause Does Not Exist for Allowing Early Discovery, the Court Should Quash the Subpoena and Vacate or Stay the Discovery Order

### A.  Legal Standard

A trial judge has broad discretion in controlling discovery.  *People v. Fairbanks*, 141 Ill.

App. 3d 909, 914, 491 N.E.2d 74, 77 (1986).  Despite  that Rule 201(d) allows discovery to be

initiated before all defendants have appeared with leave of court upon showing of "good cause,"

the trial court may nonetheless deny or limit discovery "to prevent unreasonable annoyance,

expense, embarrassment, disadvantage, or oppression" pursuant to Rule 201(c)(1).  *See also*

Supreme Court Rule 201(b)(1) (limiting discoverable material to that "relevant to the subject

matter involved in the pending action"); *Youle v. Ryan*, 349 Ill. App. 3d 377, 380-81, 811 N.E.2d

1281, 1283 (4th Dist. 2004) (a court should "deny a discovery request where there is insufficient evidence that the requested discovery is relevant or will lead to such evidence"); *Leeson v. State Farm Mut. Auto. Ins. Co.*, 190 Ill. App. 3d 359, 366-68, 546 N.E.2d 782 (1989) (a court should deny a discovery request not only when the material requested is irrelevant or immaterial but also when the request is oppressive.).

Here, Plaintiff has not and cannot show "good cause" for obtaining early discovery as to the thousands of alleged "co-conspirators" identified in the exhibit to the Complaint.

### B.  Plaintiff has not properly pled a claim for conspiracy, so there is no good cause for allowing discovery of alleged co-conspirators who cannot be lawfully joined

Because Plaintiff has not properly alleged a cause of action for conspiracy, joinder of the alleged "co-conspirators" identified in the Subpoena would be improper.  Accordingly, there is no good cause for allowing the requested discovery of these alleged co-conspirators sought in the Subpoena.

Plaintiff's allegations in the instant action are insufficient to satisfy even the basic elements for pleading a conspiracy under Illinois law.[2]  The elements of a conspiracy are (i) an agreement between two or more persons, (ii) to participate in an unlawful act, or a lawful act in an unlawful manner; (iii) an injury caused by an unlawful overt act performed by one of the parties; and (iv) that the overt act was done pursuant to and in furtherance of the common scheme.  *Vance v. Chandler*, 231 Ill. App. 3d 747, 750, 597 N.E.2d 233, 236 (3d Dist. 1992).

---

[2] Oddly, Plaintiff's Complaint prays for an order that "Defendant is jointly and severally liable to the Plaintiff" on the civil conspiracy claim.  Given that there are no other named Defendants, this sole prayer for relief on the civil conspiracy claim is not available relief, and for this reason alone the claim should be dismissed.  Elsewhere in the prayer for relief portion of the Complaint, Plaintiff curiously seeks judgment against "Defendants."  This may be a remnant from Plaintiff's prior state and federal court pleadings.

Plaintiff has made no showing of any communication or contact at all between the John Doe defendant and any of the thousands of alleged "co-conspirators," let alone any agreement as to any common scheme. *Redelmann v. Claire Sprayway, Inc.*, 375 Ill. App. 3d 912, 924, 874 N.E.2d 230, 241 (1st Dist. 2007) (civil conspiracy complaint must allege existence of an agreement); *see also Buckner v. Atlantic Plant Maint., Inc.*, 182 Ill. 2d 12, 24, 694 N.E.2d 565, 571 (Ill. 1998) (in Illinois, plaintiff must plead the facts essential to his cause of action; unsupported conclusions are not sufficient).

Accordingly, Plaintiff has not and cannot show "good cause" for obtaining early discovery as to the thousands of alleged "co-conspirators" pursuant to the Rule 201(d). *Redelmann*, 375 Ill. App. 3d at 927, 874 N.E.2d at 244 (noting the trial court's "unwilling[ness]" to permit plaintiff to go on a fishing expedition where plaintiff "failed to explain how discovery will help him overcome the pleading deficiencies" – namely that plaintiff failed to "plead facts that establish all the elements in his conspiracy counts"). *See also* Supreme Court Rule 201(b)(1) (limiting discoverable material to that "relevant to the subject matter involved in the pending action"); *Youle*, 349 Ill. App. 3d at 380-81, 811 N.E.2d at 1283 (a court should "deny a discovery request where there is insufficient evidence that the requested discovery is relevant or will lead to such evidence") (quoting *Leeson*, 190 Ill App. 3d at 366, 546 N.E.2d at 787).

In similar Doe defendant actions in federal courts throughout the country (many of which were initiated by Plaintiff's counsel here), courts have expressly prohibited discovery and quashed subpoenas similar to the instant Subpoena, holding that discovery of a large number of alleged "co-conspirators" is improper where the plaintiff has made no attempt to satisfy the rules for joinder of the alleged "co-conspirators." Indeed, Plaintiff's tactic here of naming only one Doe defendant with thousands of potential "co-conspirators" appears to make an end-run around

Cause No. 11-L-683
Page **8** of 17

the procedural protections recognized in the similar "Doe" defendant cases throughout the country. *See, e.g., Millennium TGA, Inc. v. Does 1-100*, No. 1:10-cv-05603 (N.D. Ill. Mar. 31, 2011) (court order *sua sponte* severing all but one Doe defendant, finding that "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder") (quoting *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-297, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008)); *Lightspeed Media Corp. v. Does 1-100*, No. 10 C 5604 (N.D. Ill. Mar. 31, 2011) (court order *sua sponte* concluding that the putative defendants were improperly joined) (Manning, J.).[3] In fact, counsel for Plaintiff must be aware of the *Hard Drive, Lightspeed, Boy Racer, Pacific Century, Millennium* and *McGIP*[4] cases, given that its firm (or the firm that merged with its firm) represented the plaintiff in each of those cases.[5]

---

[3] *See also Hard Drive*, 809 F. Supp. 2d 1150 (finding joinder improper and severing and dismissing all claims against all but one Doe defendant) (citing *Boy Racer, Inc. v. Does 2-52*, No. 11-2834 (N.D. Cal.) [Dkt. No. 12]) (finding joinder of otherwise unrelated Doe defendants improper); *Diabolic Video Prods., Inc. v. Does 1-2099*, No. 10-CV-5865, 2011 WL 3100404, at *3 (N.D. Cal. May 31, 2011) ("[T]he mere allegation that defendants have used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards for joinder set forth in Rule 20."); *Pacific Century Int'l, Inc. v. Does 1-101*, No. C-11-02533, 2011 WL 2690142, at *4 (N.D. Cal. July 8, 2011) (Rule 20(a)(2) joinder is improper because "the only commonality between copyright infringers of the same work is that each commit[ted] the exact same violation of the law in exactly the same way") (internal quotation marks and citation omitted); *Millennium TGA, Inc. v. Does 1-21*, No. 11-2258, 2011 WL 1812786, at *3 (N.D. Cal. May 12, 2011) (finding Rule 20(a)(2) joinder of the Doe defendants impermissible because "the Doe [d]efendants' individual and separate alleged reproductions of Plaintiff's Work—which occurred over the span of twenty days—do not satisfy [the Rule 20(a)(2)] requirement.")); *Hard Drive Prods., Inc. v. Does 1-130*, No. C-11-3826, 2011 U.S. Dist. LEXIS 132449, at *9 (N.D. Cal. Nov. 16, 2011) (dismissing Does 2-130 and imposing ongoing obligations upon plaintiff and its counsel to demonstrate that the discovery sought of Doe 1 is used for a proper purpose); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, No. 11-cv-21525, 2011 WL 5190048, at *2-4 (S.D. Fla. Nov. 1, 2011) (the court *sua sponte* found joinder of multiple Doe defendants improper under Fed. R. Civ. P. 20(a) and dismissed the claims against all but a single defendant); *On the Cheap, LLC*, 2011 U.S. Dist. LEXIS 99831, at *16-17 & n.6 (disapproving the use of mass actions and noting abusive settlement tactics); *Digital Sin, Inc. v. Doe*, No. C 11-04397, 2011 U.S. Dist. LEXIS 128033, at *9 (N.D. Cal. Nov. 4, 2011) (citing other similar cases).

[4] *McGIP, LLC v. Does 1-149*, No. C 11-02331, 2011 U.S. Dist. LEXIS 108109 (N.D. Cal. Sept. 16, 2011).

[5] The existence of these, and other, unfavorable decisions suggests that Plaintiffs and their counsel give at least the appearance of forum shopping – i.e., selecting venues based on an assessment of where they

Cause No. 11-L-683
**Page 9 of 17**

As the court pointed out in the *McGIP* case, Plaintiffs' strategy in filing these cases

> effectively precludes consideration of joinder issues at a later point
> in the proceedings. By not naming or serving a single defendant,
> [Plaintiff] ensures that this case will not progress beyond its infant
> stages and therefore, the court will never have the opportunity to
> evaluate joinder.   Deferring a ruling on joinder, then, would
> "encourage[] [p]laintiffs ... to join (or misjoin) as many doe
> defendants as possible...."

*McGIP*, 2011 U.S. Dist. LEXIS 108109, at *8 (quoting *Arista Records, LLC v. Does*, No. 07-

CV-2828, 2008 U.S. Dist. LEXIS 90183, at *17 (N.D. Ohio Nov. 3, 2008)) (alterations in

original).

Indeed, in another case brought by Plaintiffs' counsel pending in the Northern District of

California, the court issued an order to show cause requiring Plaintiffs' lawyers to list the multi-

defendant cases it has pending in federal court and the number of defendants who had actually

been served in each case.  (Attached hereto as Exhibit C is a true and correct copy of the Order.)

In response, Plaintiff's counsel declared that in none of the 118 federal actions listed that were

filed during the last two years by the Prenda law firm (or its predecessors) has a single Defendant

been served with the actual complaint.[6]  (Attached hereto as Exhibit D is a true and correct copy

of the Declaration of Charles E. Piehl dated February 24, 2012, along with the listing of cases

---

are likely to obtain the largest amount of subscriber information with the least judicial resistance.  In fact,
the same Plaintiff in this action has filed at least three other Doe defendant actions in the Northern District
of Illinois.

[6] The Court ordered Plaintiff's counsel to disclose "a list of the BitTorrent copyright infringement cases
involving *multiple joined* John Doe Defendants filed [by] Plaintiff's counsel's law firm or predecessor
firm in federal court." (Emphasis added.)  Plaintiff's counsel took the judge's Order quite literally and
disclosed only those cases in which more than one Doe defendant had been named in the complaint.
Plaintiff's counsel did not disclose the numerous other cases (approximately 60) it has also filed in
various federal courts, in which only one Doe is named as a defendant, but where discovery of alleged
"co-conspirators" is sought in the same manner as the "multiple joined" Doe defendant cases.  Plaintiff's
counsel's Doe-plus-co-conspirator approach is just one of its latest tactics to test the judicial waters for
obtaining subscriber information.

Cause No. 11-L-683

Page **10** of 17

filed which indicates on its face that not a single Doe defendant has been served.)  This striking

admission confirms the *modus operandi* employed by Plaintiffs' counsel – move from court to

court seeking authorization to serve subpoenas to the broadest number of subscribers – imposing

ever-increasing burdens on the ISPs – without using the information gathered for the purpose of

litigating any case on its merits.  Instead, "plaintiffs have used the offices of the Court as an

inexpensive means to gain the Doe defendants' personal information and coerce payment from

them."  *K-Beech, Inc. v. Does 1-85*, No. 11-CV-00469, 2011 U.S. Dist. LEXIS 124581, at *7

(E.D. Va. Oct. 5, 2011).[7]  These facts weigh heavily in favor of addressing compliance with the

rules for joinder at the outset.  *E.g.*, *McGIP*, 2011 U.S. Dist. LEXIS 108109, at *10 (in these

specific circumstances, a threshold evaluation of joinder "is critical to ensuring compliance with

the Federal Rules of Civil Procedure"); *Boy Racer, Inc. v. Does 2-52*, No. 11-2834 (N.D. Cal.

Aug. 5, 2011) (order granting in part application to take limited discovery prior to Rule 26(f)

Conference, at 2 [Dkt. No. 12] ("[B]efore allowing expedited discovery to uncover the identity

of unnamed defendants, the district courts of this circuit must determine whether [joinder is

justified].").  For these additional reasons, Plaintiffs' Motion should be denied and the Subpoena

should be quashed.

### C. Even if joinder were proper, there is no good cause for discovery because this court lacks jurisdiction over the majority of the alleged co-conspirators

Even if joinder of the alleged co-conspirators were proper in this action (it is not), the

vast majority of the alleged co-conspirators whose personal information is sought in the

---

[7]  In yet another similar action, in an order denying proposed discovery, a federal judge remarked that, "[i]f plaintiff and [plaintiff's counsel, different from this case] had displayed the slightest degree of candor with the court, they would have disclosed to the court in their motion for leave [to take expedited discovery] that *judges in this district had raised serious questions concerning the propriety of the filing of actions such as this and the discovery techniques employed by [counsel] and his clients in all, or a large number, of the suits they filed in the Dallas Division*." *Well Go USA, Inc. v. Does*, No. 4:11cv00554A (N.D. Tex. Sept. 28, 2011) (Order at 2-3) [Dkt. No. 12] (emphasis added).

Cause No. 11-L-683

Page **11** of 17

Subpoena are not even subject to this Court's jurisdiction.  Because a subpoena issued by an Illinois court cannot reach non-parties residing outside the state, there is no good cause for permitting Plaintiff to obtain discovery from non-party Comcast.

Plaintiff alleged that it used a geolocation technology to trace the IP address of John Doe to a location in Illinois.[8]  Compl. ¶ 4.  If Plaintiff had done the same for the other IP addresses listed in the Subpoena, it would have seen that only 37 of the more than 1,200 Comcast-registered IP addresses are for Comcast subscribers in Illinois.[9]  Accordingly, even if joinder were proper (it is not), most of the alleged co-conspirators would not be subject to the jurisdiction of this Court, as a subpoena issued by an Illinois court cannot reach non-parties residing outside the state.  *Whitley v. Lutheran Hosp.*, 73 Ill. App. 3d 763, 765-66, 392 N.E.2d 729, 732 (3d Dist. 1979) (before courts of any state can compel persons to appear and furnish information possibly against their own interest, it is necessary for such court to have jurisdiction over those persons); *Hill v. Thomas B. Jeffery Co.*, 292 Ill. 490, 496, 127 N.E. 124, 126 (1920) (court cannot compel witness residing out-of-state to appear for giving his deposition outside state because its jurisdiction does not extend beyond the limits of the state); *Price v. Grefco, Inc.*, 187 Ill. App. 3d 514, 516, 543 N.E.2d 521, 523 (4th Dist. 1989) (discovery from out-of-state non-parties cannot be obtained using Rule 204); *see also CP Prods., Inc. v. Does 1-300*, No. 10 C 6255, 2011 WL 737761, at *1 (N.D. Ill. Feb. 24, 2011) ("[T]here is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over

---

[8]  John Doe (identified in Exh. A to the Complaint), the sole alleged defendant for whom discovery might be proper, is not alleged to be a Comcast subscriber.

[9]  This conclusion was made after Comcast performed a preliminary search of its records in order to preserve the subpoenaed information.

Cause No. 11-L-683
Page **12** of 17

address is time consuming initially and for quality control, notice and response.  Accordingly, if the Court orders compliance with the Subpoena (though Comcast believes it should not), a protective order should be entered providing Comcast with a reasonable amount of time that would permit Comcast to respond to the subpoena on a timeframe allows for identification and notice to the affected subscribers.  Moreover, the timeframe should not excessively tax its resources and inhibit it from engaging in other business.  Comcast proposes that it can reasonably respond to no more than 50 IP address lookup requests per month.  As such, the Court should enter a protective order limiting Comcast's compliance with the Subpoenas to providing information with respect to no more than 50 IP addresses per month.  The protective order should provide Comcast with 30 days to provide a response from the date of notice to its subscriber for each set of 50 IP addresses.  The look-up and response process would thus occur on a rolling basis.  As such, Comcast would preserve its records for the IP addresses listed in the Subpoena so that the rolling responses would not cause information related to IP addresses to go beyond Comcast's normal residential IP retention policy.

## CONCLUSION

For the foregoing reasons, Comcast respectfully requests that this Court quash the Subpoena and vacate or stay the Discovery Order. In the alternative, the Court should enter a protective order allowing for a reasonable time for Comcast to comply with the Subpoena.

Dated:  March 19, 2012

Respectfully submitted,

Andrew G. Toennies
**LASHLY & BAER, P.C.**
20 East Main Street
Belleville, Illinois 62220-1602
(618) 233-5587

*Of counsel:*
John D. Seiver
Leslie G. Moylan
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
(202) 973-4200

*Counsel for Non-Party Comcast Cable
Communications, LLC*

Cause No.  11-L-683
Page **16** of 17

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed and emailed and faxed, postage prepaid, this 19th day of March, 2012, to:

Mr. Kevin Hoerner
Becker, Paulson Hoerner & Thompson
5111 West Main
Belleville, IL  62226


Paul A. Duffy
Prenda Law
161 N. Clark Street, Suite 3200
Chicago, IL  60601
Via Facsimile and mail (312) 880-9160

 **Davis Wright Tremaine LLP**

Suite 800
1919 Pennsylvania Avenue, NW
Washington, DC 20006-3401

John D. Seiver
202.973.4212 Direct Telephone
202.973.4412 Direct Fax
202.973.4200 Main Telephone
202.973.4499 Main Fax
johnseiver@dwt.com

February 28, 2012

**VIA ELECTRONIC AND U.S. MAIL**
momalley@careydanis.com

Michael O'Malley
Carey, Danis & Lowe
5111 W. Main Street
Bellville, IL 62226

> **Re:** *Lightspeed Media Corporation v. John Doe,* Case No. 11-L-683, Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois Subpoena to Comcast

Dear Mr. O'Malley:

I am counsel to Comcast Cable Communications LLC ("Comcast"). This letter is in response to the subpoena duces tecum ("Subpoena") served on Comcast on or about December 2011, in the above-referenced action, captioned with the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois. Your Subpoena requests that, by March 5, 2012, Comcast produce customer name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses for the subscribers using certain Comcast-registered IP addresses listed in the subpoena. For the reasons we set forth below, Comcast objects to your Subpoena and no documents will be produced unless and until a specific and valid court order is entered.

As a preliminary matter, Comcast is aware that, prior to filing the instant action, the Plaintiff in this action had filed a substantially identical action in the same jurisdiction, and that such earlier action has been stayed pending an appeal that would likely resolve any of the issues presented in this letter. We understand that the instant action was filed before the stay was put in place in the prior action. As we previously discussed with your colleague, John Steele, Comcast will not comply with the subpoena in this action (if at all) until resolution of the earlier action. We are also aware that the other ISPs subpoenaed in the instant action have also served objections similar to those of Comcast set forth below.

Anchorage
Bellevue
Los Angeles
100% ♻

New York
Portland
San Francisco

Seattle
Shanghai
Washington, D.C.



Michael O'Malley
February 28, 2012
Page 3

The only exception applicable to your subpoena is contained in Section 631(c)(2)(B), which requires a court order and notice to the subscriber before disclosure of any PII may be made.[3] Without a valid court order that recognizes that it will ultimately have jurisdiction over the unnamed subscribers, whether they may be properly joined, and providing for reasonable reimbursement with a reasonable time to fulfill any large order, we will not notify our subscribers or produce documents or any other information identifying subscribers associated with IP addresses. *Please be advised Comcast will, however, preserve all data relevant to the IP addresses in question for 90 days.*

Comcast also objects to your subpoena on the ground that the alleged "co-conspirators" have not been properly joined in the underlying action. Discovery of a large number of alleged "co-conspirators" is improper because Plaintiff has made no attempt to satisfy the rules for joinder or to demonstrate that personal jurisdiction would exist over the alleged "co-conspirators" in light of the many cases that have expressly prohibited discovery and quashed subpoenas similar to yours. Indeed, the discovery appears to make an end-run around the procedural protections recognized in many similar "Doe" defendant copyright cases.[4] Plaintiff's allegations in the instant action are insufficient to satisfy even the basic elements for pleading a conspiracy under Illinois law. *Vance v.* Chandler, 231 Ill.App.3d 747, 750, 597 N.E.2d 233, 236 (3d Dist. 1992) (setting forth elements of conspiracy); *see also Buckner v. Atlantic Plaint Maintenance, Inc.,* 182 Ill.2d 12, 23, 694 N.E.2d 565, 571 (Ill. 1998 (in Illinois, plaintiff must plead the facts essential to his cause of action; unsupported conclusion are not sufficient). Accordingly, Plaintiff has not and cannot show "good cause" for obtaining early discovery as to the thousands of alleged "co-conspirators" pursuant to the Illinois Supreme Court Rule Supreme Court Rule 204(a)(4). *See also* Illinois Supreme Court Rule 201(b)(1) (limiting discoverable material to that "relevant to the subject matter involved in the pending action"); *Youle v. Ryan M.D.,* 349 Ill.App.3d 377, 380-81, 811 N.E.2d 1281, 1283 (4th Dist. 2004) (a court should "deny a discovery request where there is insufficient evidence that the requested discovery is relevant or will lead to such evidence.").

In addition, John Doe (identified in Exhibit A to the Complaint), the sole alleged defendant for whom discovery might be proper, is not alleged to be a Comcast subscriber. Moreover, you alleged that you used a geolocation technology to trace that IP address to a

---

[3]   Such notice must afford the subscriber enough time to challenge anonymously any disclosure before it is made. A decision otherwise would render the notice provision a nullity. *See* Lyrissa Barnett Lidsky & Thomas F. Cotter, *Authorship, Audiences, and Anonymous Speech,* 82 Notre Dame L. Rev. 1537, 1598 (April 2007) (advocating extending the protections of Section 631 in other contexts to "guarantee the defendant has a chance to defend his right to speak anonymously *before it is too late*") (emphasis added).

[4]   *See, e.g., Hard Drive Prods, V. Does,* 2011 U.S. Dist. LEXIS 132449, at *9 (N.D. Cal. Nov. 16, 2011) (dismissing Does 2-130 and imposing ongoing obligations upon plaintiff and its counsel to demonstrate that the discovery sought of Doe 1 is used for a proper purpose); *Liberty Media Holdings, LLC v. BitTorrent Swarm,* 2011 U.S. Dist. LEXIS 12633, at *3-9 (S.D. Fla. Nov. 1, 2011) (the court *sua sponte* found joinder of multiple Doe defendants improper under Fed. R. Civ. P. 20(a) and dismissed the claims against all but a single defendant); *On the Cheap, LLC v. Does 1-5011,* 2011 U.S. Dist. LEXIS 99831, at *16-17 & n.6 (N.D. Cal. Sept. 6, 2011) (disapproving the use of mass actions and noting abusive settlement tactics); *McGip, LLC v. Doe,* 2011 U.S. Dist. LEXIS 128033, at *9 (N.D. Cal. Nov. 4, 2011) (citing other similar cases).

Michael O'Malley
February 28, 2012
Page 4

location in Illinois.  Complaint, ¶ 4.  If you had done the same for the other IP addresses, you would have seen that only 37 of the more than 1,200 Comcast-registered IP addresses are for Comcast subscribers in Illinois.[5]  Accordingly, even if joinder were proper (it is not), most of the alleged co-conspirators would not be subject to the jurisdiction of this Court, as a subpoena issued by an Illinois court cannot reach nonparties residing outside the state.  *Whitley v. Lutheran Hospital*, 73 Ill.App.3d 763, 392 N.E.2d 729 (3d Dist. 1979) (before courts of any state can compel persons to appear and furnish information possibly against their own interest, it is necessary for such court to have jurisdiction over those persons); *Hill v. Thomas B. Jeffery Co.*, 292 Ill. 490, 496, 127 N.E. 124, 126 (1920) (court cannot compel witness residing out of state to appear for giving his deposition outside state because its jurisdiction does not extend beyond the limits of the state); *Price v. Grefco, Inc.*, 187 Ill. App. 3d 514, 516, 543 N.E.2d 521, 523 (4th Dist. 1989) (discovery from out-of-state nonparties cannot be obtained using Illinois Supreme Court Rule 204); *see also CP Prods., Inc. v. Does 1-300*, No. 10 C 6255, 2011 WL 737761, at *1 (N.D. Ill. 2011) ("[T]here is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist and-more importantly-as to whom [plaintiff's] counsel could readily have ascertained that fact.").  Before asking the Court to allow early discovery, you should have noted that you were seeking discovery of individuals not within the Court's jurisdiction.

If and when you obtain an order that complies with the Communications Act and the law with respect to unnamed co-conspirators, jurisdiction and venue, and serve a valid subpoena, we will revisit the issues concerning time for compliance and reimbursement of Comcast's reasonable expenses. In the meantime we ask that you withdraw the subpoena or agree not to move to compel unless and until we have resolved these issues.  If you will not agree to withdraw the subpoena we will have to file a motion to quash and for a protective order or otherwise join in any motion other ISPs may file.  In addition to its grounds for objection set forth above, Comcast reserves the right to object the Subpoena, any motion to compel, or assert any other appropriate grounds in any pleading filed in this matter.

Please let us know your intentions promptly.

Very truly yours,

John D. Seiver

cc:   Comcast Communications
      Andrew G. Toennies, Esq.
      Paul Duffy, Esq.

---

[5]  This conclusion was made after Comcast performed a preliminary search of its records in order to preserve the subpoenaed information.