Order Form (01/2005)   Case: 1:10-cv-05604 Document #: 53  Filed: 03/31/11 Page 1 of 3 PageID #:245

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5604 | **DATE** | March 31, 2011 |
| **CASE TITLE** | *Lightspeed v. Does 1-1000* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Mr. Rogers' motion for improper joinder is granted and all other Doe defendants are severed from the case without prejudice to the plaintiff filing suit against them individually in the proper forum. The plaintiff shall immediately proceed with the notification procedures to all of the severed Doe defendants as detailed in this order. With respect to Mr. Rogers' motion to dismiss for lack of personal jurisdiction, the motion is denied without prejudice. The plaintiff has until April 11, 2011, to either amend the complaint to name Mr. Rogers as a defendant or dismiss the case in its entirety.

■[ For further details see text below.]

00:00

## STATEMENT

The plaintiff, Lightspeed Media Corporation, brought suit alleging that John Does 1-1,000 infringed its copyright by illegally reproducing and distributing over the Internet the plaintiff's creative works. The amended complaint alleges that the defendants downloaded the works using BitTorrent protocol under which users distribute data directly to one another rather than obtaining the files from a central server. The actual names of the defendants were unknown to the plaintiff; instead, the only means of identifying the defendants was through an Internet Protocol ("IP") address, which is a unique number assigned to a computer. On September 15, 2010, this court granted the plaintiff leave to subpoena certain Internet service providers ("ISP") to obtain the identity of the persons associated with the allegedly offending IP addresses identified in the First Amended Complaint.

One of the individuals apparently identified by an ISP as owning one of the allegedly offending IP addresses is Beau Rogers. Mr. Rogers filed a motion to quash the subpoena, a motion to dismiss the complaint based on a lack of personal jurisdiction and a motion for severance based on impermissive joinder [Dkt. ## 32, 33]. Mr. Rogers also filed a motion for a protective order asking that he be allowed to conceal his identity from the plaintiff. On February 4, 2011, the court denied Mr. Rogers' motion to quash without prejudice pending a ruling on the motions to dismiss for lack of personal jurisdiction and for severance based on impermissive joinder. In that same order, the court denied the motion for a protective order because Mr. Rogers had already disclosed his name and address to the plaintiff in his filings with the court, and because Mr. Rogers had not demonstrated that he was entitled to conceal his identity under Seventh Circuit precedent.

The plaintiff filed its opposition to Mr. Rogers' motions to dismiss and for severance on February 24, 2011. The defendant did not file a reply, though he was given the opportunity to do so; accordingly, the court will rule without the benefit of a reply.



EXHIBIT
B

Page 1 of 3

## STATEMENT

The court will first address Mr. Rogers' motion for joinder. Under Rule 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Further, Fed. R. Civ. P. 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."

Mr. Rogers notes that in other similar types of copyright cases, some courts have ordered that the defendants be severed, and asks that the same be done here. For example, Mr. Rogers cites to *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), in which the court granted a motion to sever under facts similar to those existing in this case, stating:

> The moving defendants argue that plaintiffs have failed to show that the copyright infringement claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences. (Defs.' Mem. at 12-16). The court agrees. Plaintiffs argue that the claims asserted against the various defendants arise out of the same series of transactions because each defendant used the same ISP as well as some of the same P2P networks "to commit the exact same violation of the law in exactly the same way." (Plfs.' Resp. at 22). However, merely committing the same type of violation in the same way does not link defendants together for purposes of joinder.
>
> In similar cases, other courts have commonly held that where there is no assertion that multiple defendants have acted in concert, joinder is improper. *See BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (sua sponte severing multiple defendants in action where only connection between them was allegation they used same ISP to conduct copyright infringement); *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782, at *19 (M.D. Fla. Apr. 1, 2004) (magistrate judge recommended sua sponte severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement). Accordingly, this court finds that defendants' use of the same ISP and P2P networks to allegedly commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20. This court will sever not only the moving defendants from this action, but all other Doe defendants except Doe 2. *See BMG Music v. Does 1-203*, No. 04-650, 2004 U.S. Dist. LEXIS 8457, at *2, *4, 2004 WL 953888 (E.D. Pa. Apr. 2, 2004) (upon motion for reconsideration, court upheld its sua sponte order of severance of all but one Doe defendant).

*Id.* at *2.

In response, the plaintiff argues that this case is distinguishable because BitTorrent involves more than "'merely committing the exact same violation in the same way' or using the same ISP as was alleged in those cases." Plaintiff's Opposition, Dkt. #45 at 13. But this statement ignores that the BitTorrent protocol is a peer-to-peer file sharing system, which was at issue in the *LaFace Records* case.[1] Thus, the court finds the plaintiff's attempt to distinguish its case from the others cited above unpersuasive and that Rule 20(a)(2)(A) has not been satisfied. The court is equally unmoved by the plaintiff's assertion that joinder at this stage serves the interests of judicial economy. According to the plaintiff, if joinder is not allowed, it would be

## STATEMENT

required to file 1,000 different cases in which the judges might issue inconsistent rulings. But this issue goes to the plaintiff's interests, not the court's. The plaintiff states that, after discovery is complete, "Lightspeed may ultimately dismiss the entire case and file suits against individual Defendants in other jurisdictions." Plaintiff's Memorandum in Opposition, Dkt. #45. In the meantime, given the number of "potential" defendants (*i.e.*, Does 1-1000), this court could be faced with hundreds of factually unique motions to dismiss, quash or sever from potential defendants located all over the country. Indeed, one other motion is pending in this case and in another similar case before this court, *Millenium TGA Inc. v. Does 1-100* (10 C 5603), numerous motions to quash based on a lack of personal jurisdiction are being filed as this order is being written.

The court's decision to order severance is reinforced by its concerns regarding the plaintiff's choice of venue. The plaintiff's complaint points to no facts indicating why venue is appropriate in the Northen District of Illinois. The plaintiff is an Arizona corporation with its principal place of business in Arizona. As far as the plaintiff knows, none of the defendants are located in Illinois and it has provided no good-faith basis for its allegation that "on information and belief each Defendant may be found in this district and/or a substantial part of the acts of infringement complained of herein occurred in this District." Amended Comp. at ¶7. Indeed, at least one defendant, Mr. Rogers, is not found in this district and it appears that easily accessible tools exist to verify the locations of the IP addresses of the other named Doe defendants, *see, e.g.*, http://whois.arin.net/ui/, many (if not all) of which are not located in Illinois.

For these reasons, Mr. Rogers' motion for improper joinder is granted. All other Doe defendants are severed from this case without prejudice to the plaintiff filing suit against them individually. The plaintiff shall, within 7 days of the date of this order, notify the internet service providers that have been subpoenaed that the subpoena is sua sponte quashed, to cease and desist all efforts to identify the users of the relevant IP addresses, and to have the internet service providers immediately notify anyone to whom they have previously given notice of the subpoena of this dismissal order. Moreover, as to all of the IP addresses for which the plaintiff has received identifying information, the plaintiff shall, within 7 days of the date of entry of this order, send via U.S. Mail the instant order to those users along with a letter notifying them that they are no longer named as potential defendants in the instant litigation.

With respect to Mr. Rogers' motion to dismiss for lack of personal jurisdiction, the plaintiff contends that the motion is premature because Mr. Rogers has not actually been named as a defendant in this case. The plaintiff has until April 11, 2011, to either amend the complaint to name Mr. Rogers as a defendant or dismiss the case in its entirety. In the event that the plaintiff amends the complaint to name Mr. Rogers as a defendant, Mr. Rogers may renew his motion to dismiss for lack of personal jurisdiction.

R.H./p

---

1. "Bit Torrent is a popular P2P [peer-to-peer] file sharing system. The BitTorrent network relies on Internet search engines that index files through metadata called torrents. Bit Torrent client software allows files to be downloaded and uploaded on P2P networks using a high-performance network protocol."
http://compnetworking.about.com/od/bittorrent/BitTorrent_Bit_Torrent_P2P_Network.htm
(visited March 23, 2011).

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| AF HOLDINGS LLC, | ) | Case No.: 11-CV-03336-LHK |
| Plaintiff, | ) | MINUTE ORDER |
| v. | ) | |
| DOES 1-135, | ) | |
| Defendants. | ) | |

Clerk:  Martha Parker Brown            Plaintiff's Attorney: Brett Langdon Gibbs
Reporter:  Lee-Anne Shortridge
Length of hearing:  34 minutes

    A hearing on the Court's January 19, 2012 Order to Show Cause was held on February 22, 2012.  A further case management conference was set for May 23, 2012.

    At the hearing, the Court ordered Plaintiff's counsel to file, by 6:00 p.m. on February 24, 2012, a sworn declaration(s) under penalty of perjury.  The declaration(s) must include the following information:

- The date that Plaintiff's counsel served subpoenas on each ISP and the date the ISP responded.
- The IP addresses for which Plaintiff's counsel has made a settlement offer and how that offer was communicated, e.g. by mail, phone, or email.  The movants (for motions to quash) and objectors to whom Plaintiff's counsel has made a settlement offer and how that offer was communicated.
- A list of ISPs not complying with Magistrate Judge Lloyd's expedited discovery order, and for which IP addresses the ISP is not complying.  Include the reason, if any, given by the ISP for not complying.
- A list of ISPs not complying with a subpoena, and for which IP addresses the ISP is not complying.  Include the reason, if any, given by the ISP for not complying.
- A list of the ISPs for which there is a pending motion to quash.
- Whether, when, and by what means Plaintiff's counsel has contacted John Doe 134, the movant in ECF No. 25.
- Whether, when, and by what means Plaintiff's counsel has contacted or attempted to contact Messrs. Ferlito and Smith.
- A list of the IP addresses for which Plaintiff's counsel received subpoena returns and whether the ISP provided all the categories of information requested by the subpoena.  If the ISP did not provide all categories of information, identify which categories of information were not provided.
- A list of the BitTorrent copyright infringement cases involving multiple joined John Doe Defendants filed Plaintiff's counsel's law firm or predecessor firm in federal court.  Identify the case by name, case number, court, and filing date.  For each case, indicate how many Doe Defendants were actually served.

**IT IS SO ORDERED.**

Dated: February 22, 2012

                                 *Lucy H. Koh*
                          LUCY H. KOH
                          United States District Judge

*United States District Court*
*For the Northern District of California*

Case No.: 11-CV-03336-LHK
MINUTE ORDER

EXHIBIT
C

1  Brett L. Gibbs, Esq. (SBN 251000)
   Prenda Law Inc.
2  38 Miller Avenue, #263
   Mill Valley, CA 94941
3  415-325-5900
   blgibbs@wefightpiracy.com
4  *Attorney for Plaintiff*

5              IN THE UNITED STATES DISTRICT COURT FOR THE

6                   NORTHERN DISTRICT OF CALIFORNIA

7                           SAN JOSE DIVISION

8  AF HOLDINGS LLC,                    )
9              Plaintiff,              )     No. 5:11-CV-03336-LHK
                                       )
10        v.                           )
                                       )     DECLARATION OF CHARLES E. PIEHL
11 DOES 1-135,                         )
                                       )
12            Defendants.              )
                                       )
13                                     )

14      DECLARATION OF CHARLES E. PIEHL IN RESPONSE TO MINUTE ORDER

15      I, Charles E. Piehl, declare as follows:

16      1.    I am the custodian of records for Prenda Law Inc.

17      2.    On February 23, 2012, the Court ordered the filing of this declaration.

18      3.    On information and belief, the attached Exhibit A accurately reflects the records kept

19 by Prenda Law Inc. as of February 24, 2012.

20      4.    I declare under penalty of perjury that the foregoing is true and correct based on my

21 own personal knowledge, except for those matters stated on information and belief, and those

22 matters I believe to be true. If called upon to testify, I can and will competently testify as set forth

23 above.

24

25      DATED:  February 24, 2012

26

27              By:  _____

28

EXHIBIT
D

# EXHIBIT A

1)      The date that Plaintiff's counsel served subpoenas on each ISP and the date the ISP responded.

| ISP | Issued | Response |
|---|---|---|
| Advanced Colocation | 8/5/11 | |
| Covad Communications Co. | 8/5/11 | |
| AT&T Internet Services | 8/5/11 | 11/15/11 |
| Color Broadband | 8/5/11 | 8/18/11 |
| Sonic | 8/5/11 | |
| Charter Communications | 8/5/11 | 11/15/11 |
| Comcast Cable Communications | 8/5/11 | 10/10/11 |
| Frontier Communications of America | 8/5/11 | |
| Sprint PCS | 8/5/11 | |
| Unwired Broadband | 8/5/11 | 8/18/11 |
| Black Oak Computers | 8/5/11 | 9/26/11 |
| Wave Broadband | 8/5/11 | 10/24/11 |
| Clearwire US | 8/5/11 | |
| Verizon Online | 8/5/11 | |
| Surewest Broadband | 8/5/11 | |
| Cox Communications | 8/5/11 | 11/28/11 |

2)      The IP addresses for which Plaintiff's counsel has made a settlement offer and how that offer was communicated, e.g. by mail, phone, or email.  The movants (for motions to quash) and objectors to whom Plaintiff's counsel has made a settlement offer and how that offer was communicated.

| Status | IP | | Status | IP | | Status | IP |
|---|---|---|---|---|---|---|---|
| USMail | 67.121.209.48 | | USMail | 71.202.113.106 | | USMail | 98.208.108.119 |
| USMail | 66.215.158.202 | | USMail | 76.127.112.56 | | USMail | 98.182.27.239 |
| USMail | 68.101.114.52 | | USMail | 24.6.249.176 | | USMail | 98.207.248.39 |
| USMail | 68.113.62.22 | | USMail | 67.166.151.220 | | USMail | 98.234.59.149 |
| USMail | 67.181.128.221 | | USMail | 67.180.246.80 | | USMail | 24.4.119.18 |
| USMail | 69.107.102.11 | | USMail | 76.14.29.230 | | USMail | 24.6.73.58 |
| USMail | 64.203.113.177 | | USMail | 76.254.41.180 | | USMail | 174.65.129.8 |
| USMail | 67.161.66.97 | | USMail | 24.23.6.73 | | USMail | 76.126.155.41 |
| USMail | 69.108.96.77 | | USMail | 71.198.194.113 | | USMail | 76.126.66.211 |
| USMail | 99.183.240.55 | | USMail | 72.211.231.103 | | USMail | 71.204.161.2 |
| USMail | 98.210.25.174 | | USMail | 72.197.231.3 | | USMail | 76.200.129.112 |
| USMail | 98.207.38.44 | | USMail | 24.4.144.239 | | USMail | 70.181.85.58 |
| USMail | 68.4.128.139 | | USMail | 71.198.158.39 | | USMail | 71.202.249.178 |
| USMail | 68.5.188.159 | | USMail | 72.220.42.29 | | USMail | 74.213.246.188 |
| USMail | 69.227.70.219 | | USMail | 76.230.233.239 | | USMail | 98.192.186.87 |
| USMail | 69.107.91.219 | | USMail | 24.23.222.237 | | USMail | 99.183.242.47 |
| USMail | 76.20.11.145 | | USMail | 209.237.232.57 | | USMail | 98.176.78.121 |
| USMail | 71.195.97.154 | | USMail | 108.81.168.247 | | USMail | 99.24.161.31 |
| USMail | 72.220.176.44 | | USMail | 24.180.49.171 | | USMail | 98.234.38.72 |
| USMail | 76.126.36.154 | | USMail | 24.5.38.201 | | USMail | 98.210.218.152 |
| USMail | 76.103.48.164 | | USMail | 98.207.183.169 | | USMail | 98.238.203.2 |
| USMail | 24.5.13.184 | | USMail | 24.205.30.192 | | USMail | 99.183.243.142 |
| USMail | 68.127.118.133 | | USMail | 67.180.56.26 | | USMail | 98.176.15.188 |
| USMail | 68.5.122.173 | | USMail | 68.126.204.146 | | USMail | 98.248.213.208 |
| USMail | 68.7.130.203 | | USMail | 68.111.244.226 | | USMail | 99.41.79.188 |
| USMail | 68.8.57.53 | | USMail | 68.105.66.166 | | USMail | 67.169.107.114 |
| | | | USMail | 72.197.43.207 | | USMail | 67.187.248.194 |

*In cases where a motion to quash was filed.*

| Status | IP |
|---|---|
| USMail | 71.139.12.128 |

USMail   71.83.208.158

3)      A list of ISPs not complying with Magistrate Judge Lloyd's expedited discovery order, and for which IP addresses the ISP is not complying.  Include the reason, if any, given by the ISP for not complying.

| ISP | IP Addresses | Reason |
|---|---|---|
| Advanced Colocation | ALL | None provided |
| Black Oak Computers | 66.160.133.102 | Two Subpoenas issued, one completed, the other no response, no reason provided |
| Clearwire US | ALL | None provided |
| Covad Communications Co. | ALL | None provided |
| Frontier Communications of America | ALL | None provided |
| Sonic | ALL | None provided |
| Sprint PCS | ALL | None provided |
| Surewest Broadband | ALL | None provided |
| Verizon Online | ALL | None provided |

4)      A list of ISPs not complying with a subpoena, and for which IP addresses the ISP is not complying.  Include the reason, if any, given by the ISP for not complying.

| ISP | IP Addresses | Reason |
|---|---|---|
| Advanced Colocation | ALL | None provided |
| Black Oak Computers | 66.160.133.102 | Two Subpoenas issued, one completed, the other no response, no reason provided |
| Clearwire US | ALL | None provided |
| Covad Communications Co. | ALL | None provided |
| Frontier Communications of America | ALL | None provided |
| Sonic | ALL | None provided |
| Sprint PCS | ALL | None provided |
| Surewest Broadband | 0 | None provided |
| Verizon Online | 0 | None provided |

5)      A list of the ISPs for which there is a pending motion to quash.
AT&T, COMCAST, CHARTER & COX

6)      Whether, when, and by what means Plaintiff's counsel has contacted John Doe 134, the movant in ECF No. 25.
Plaintiff's counsel has not attempted to contact the unidentified individual referred to by the Court as "John Doe 134."

7)      Whether, when, and by what means Plaintiff's counsel has contacted or attempted to contact Messrs. Ferlito and Smith.
Plaintiff's counsel attempted to contact Mr Ferlito by U.S. mail.  Plaintiff's counsel attempted to contact Mr. Smith by U.S. mail.

8)      A list of the IP addresses for which Plaintiff's counsel received subpoena returns and whether the ISP provided all the categories of information requested by the subpoena.  If the ISP did not provide all categories of information, identify which categories of information were not provided.

| IP Address | Missing | | | | |
|---|---|---|---|---|---|
| 68.126.204.146 | Phone, email | 69.107.91.219 | Phone, email | 76.200.129.112 | Phone, email |
| 68.127.118.133 | Phone, email | 69.108.96.77 | Phone | 76.254.41.180 | Phone, email |
| 69.107.102.11 | Phone, | 69.227.70.219 | Phone | 99.183.240.55 | Phone, email |
| | | 71.139.12.128 | Email | | |

| | | | | | |
|---|---|---|---|---|---|
| 99.183.242.47 | Phone, email | 24.5.13.184 | Email | 76.126.66.211 | Email |
| 99.183.243.142 | Phone, email | 67.161.66.97 | Email | 98.192.186.87 | Email |
| 99.24.161.31 | Phone, email | 67.166.151.220 | Email | 98.207.248.39 | Email |
| | | 67.169.107.114 | Email | 98.208.108.119 | Email |
| 99.41.79.188 | Phone | 67.180.56.26 | Email | 98.210.218.152 | Email |
| 209.237.232.57 | Phone | 67.181.128.221 | Email | 98.210.25.174 | Email |
| 68.113.62.22 | Email | 67.187.248.194 | Email | 98.234.128.170 | Email |
| 74.213.246.188 | Email | 71.198.158.39 | Email | 98.234.38.72 | Email |
| 24.23.222.237 | Email | 71.202.113.106 | Email | 98.234.59.149 | Email |
| 24.23.6.73 | Email | 71.202.249.178 | Email | 98.248.213.208 | Email |
| 24.4.144.239 | Email | 76.103.48.164 | Email | 68.101.114.52 | Email |
| | | 76.126.155.41 | Email | 72.197.231.3 | Phone, email |
| | | 76.126.36.154 | Email | | |

9)     A list of the BitTorrent copyright infringement cases involving multiple joined John Doe Defendants filed Plaintiff's counsel's law firm or predecessor firm in federal court. Identify the case by name, case number, court, and filing date. For each case, indicate how many Doe Defendants were actually served.

Although our records indicate that we have filed suits against individual copyright infringement defendants, our records indicate that no defendants have been served in the below-listed cases.

| Case Name | Case Number | Court | Filing date |
|---|---|---|---|
| Lightspeed Media Corporation v. Does 1-9 | 4:11-cv-02261 | ND CA | 5/6/11 |
| MCGIP, LLC v. Does 1-9 | 3:11-cv-02262 | ND CA | 5/6/11 |
| CP Productions, Inc. v. Does 1-300 | 1:10-cv-06255 | ND IL | 9/29/10 |
| Future Blue, Inc. v. Does 1-300 | 1:10-cv-06256 | ND IL | 9/29/10 |
| First Time Videos LLC v. Does 1-500 | 1:10-cv-06254 | ND IL | 9/29/11 |
| Hard Drive Productions, Inc. v. Does 1-100 | 1:10-cv-05606 | ND IL | 9/2/10 |
| Lightspeed Media Corporation v. Does 1-100 | 1:10-cv-05604 | ND IL | 9/2/10 |
| Millennium TGA, Inc. v. Does 1-100 | 1:10-cv-05603 | ND IL | 9/2/10 |
| In the Matter Of a Petition By Ingenuity13 LLC | 2:11-mc-00084 | ED CA | 10/28/11 |
| Pacific Century International Ltd. v. Does 1-101 | 4:11-cv-02533 | ND CA | 5/25/11 |
| Boy Racer Inc. v. Does 1-10 | 1:11-cv-00592 | SD OH | 8/26/11 |
| Hard Drive Productions, Inc. v. Does 1-10 | 1:11-cv-02980 | ND IL | 5/4/11 |
| Boy Racer Inc. v. Does 1-10 | 3:11-cv-00492 | WD KY | 8/31/11 |
| CP Productions, Inc. v. Does 1-12 | 3:11-cv-02259 | ND CA | 5/6/11 |
| Hard Drive Productions, Inc. v. Does 1-11 | 1:11-23033 | SD FL | 8/23/11 |
| Hard Drive Productions, Inc. v. Does 1-12 | 1:11-cv-00595 | SD OH | 8/26/11 |
| MCGIP, LLC v. Does 1-14 | 1:11-cv-02887 | ND IL | 4/29/11 |
| CP Productions, Inc. v. Does 1-14 | 1:11-22204 | SD FL | 6/17/11 |
| Hard Drive Productions, Inc. v. Does 1-14 | 1:11-cv-02981 | ND IL | 5/4/11 |
| Pacific Century International LTD v. Does 1-14 | 1:11-cv-03118 | ND IL | 5/10/11 |
| Boy Racer Inc. v. Does 1-17 | 1:11-cv-05416 | ND IL | 8/10/11 |
| MCGIP, LLC v. Does 1-316 | 1:10-cv-06677 | ND IL | 10/15/10 |
| Hard Drive Productions, Inv. v. Does 1-16 | 1:11-cv-23064 | SD FL | 8/25/11 |
| Hard Drive Productions, Inc. v. Does 1-16 | 1:11-cv-03108 | ND IL | 5/10/11 |
| VPR Internationale v. Does 1-17 | 4:11-cv-01494 | ND CA | 3/28/11 |
| First Time Videos LLC v. Does 1-18 | 4:11-cv-00069 | SD IN | 6/14/11 |
| MCGIP, LLC v. Does 1-17 | 3:11-cv-50062 | ND IL | 3/9/11 |
| Boy Racer Inc. v. Does 1-17 | 1:11-cv-03097 | ND IL | 5/9/11 |
| VPR International v. Does 1-1017 | 2:11-cv-02068 | ND IL | 3/8/11 |
| Hard Drive Productions, Inc. v. Does 1-118 | 4:11-cv-01567 | ND CA | 3/3/11 |
| Hard Drive Productions, Inv. v. Does 1-18 | 1:11-cv-23032 | SD FL | 8/23/11 |

| | | | |
|---|---|---|---|
| MCGIP, LLC v. Does 1-18 | 3:11-cv-01495 | ND CA | 3/28/11 |
| Pink Lotus Entertainment LLC v. Does 1-20 | 1:11-cv-03048 | ND IL | 5/6/11 |
| MCGIP, LLC v. Does 1-20 | 1:11-cv-04486 | ND IL | 7/1/11 |
| Millennium TGA, inc. v. Does 1-21 | 3:11-cv-02258 | ND CA | 5/6/11 |
| MCGIP, LLC v. Does 1-21 | 4:11-cv-01783 | ND CA | 4/12/11 |
| Hard Drive Productions, Inc. v. Does 1-21 | 4:11-cv-00059 | SD IN | 5/20/11 |
| Hard Drive Productions, Inv. v. Does 1-20 | 1:11-cv-22208 | SD FL | 6/17/11 |
| AF Holdings LLC v. Does 1-20 | 3:11-cv-00491 | WD KY | 8/31/11 |
| Millennium TGA, Inc. v. Does 1-21 | 5:11-cv-01739 | ND CA | 4/8/11 |
| Boy Racer Inc. v. Does 1-23 | 4:11-cv-00070 | SD IN | 6/14/11 |
| First Time Videos LLC v. Does 1-23 | 1:11-cv-05417 | ND IL | 8/10/11 |
| Boy Racer Inc. V. Does 1-22 | 1:11-cv-02984 | ND IL | 5/4/11 |
| MCGIP, LLC v. Does 1-24 | 1:11-cv-04488 | ND IL | 7/1/11 |
| Hard Drive Productions Inc. v. Does 1-25 | 1:11-cv-03684 | ND IL | 6/7/11 |
| Openmind Solutions, Inc. v. Does 1-2,925 | 3:11-cv-00092 | SD IL | 2/2/11 |
| MCGIP, LLC v. Does 1-24 | 1:11-cv-02985 | ND IL | 5/4/11 |
| Hard Drive Productions, Inc. v. Does 1-24 | 1:11-cv-02829 | ND IL | 4/27/11 |
| MCGIP LLC v. Does 1-26 | 5:11-cv-03679 | ND CA | 7/27/11 |
| Hard Drive Productions, Inc. v. Does 1-27 | 1:11-cv-03863 | ND IL | 6/7/11 |
| First Time Videos LLC v. Does 1-27 | 1:11-cv-02890 | ND IL | 4/29/11 |
| Pacific Century International Ltd, v. Does 1-129 | 5:11-cv-03681 | ND CA | 7/27/11 |
| First Time Videos LLC  v. Does 1-28 | 1:11-cv-02982 | ND IL | 5/4/11 |
| MCGIP LLC v. Does 1-30 | 5:11-cv-03680 | ND CA | 7/27/11 |
| Hard Drive Productions, Inv. v. Does 1-130 | 4:11-cv-03826 | ND CA | 8/3/11 |
| AF Holdings LLC v. Does 1-29 | 0:11-cv-01794 | D MN | 7/6/11 |
| Hard Drive Productions, Inc. v. Does 1-30 | 1:11-cv-22102 | SD FL | 6/9/11 |
| Pacific century International LTD v. Does 1-31 | 1:11-cv-09064 | ND IL | 12/21/11 |
| Hard Drive Productions, Inv. v. Does 1-33 | 4:11-cv-03827 | ND CA | 8/3/11 |
| Hard Drive Productions, Inv. v. Does 1-32 | 1:11-cv-22206 | SD FL | 6/17/11 |
| MCGIP, LLC v. Does 1-32 | 1:11-cv-22210 | SD FL | 6/17/11 |
| Pacific Century International LTD v. Does 1-34 | 1:11-cv-03857 | ND IL | 6/7/11 |
| Hard Drive Productions, Inc. v. Does 1-35 | 1:11-cv-03866 | ND IL | 6/7/11 |
| Boy Racer Inc v. Does 1-34 | 1:11-cv-23035 | SD FL | 8/23/11 |
| AF Holdings LLC v. Does 1-135 | 4:11-cv-03336 | ND CA | 7/7/11 |
| Bubble Gum Productions, LLC v. Does 1-37 | 1:12-cv-00595 | ND IL | 1/26/12 |
| First Time Videos LLC  v. Does 1-37 | 4:11-cv-01675 | ND CA | 4/6/11 |
| Openmind Solutions, Inc. v. Does 1-39 | 3:11-cv-03311 | ND CA | 7/6/11 |
| First Time Videos LLC v. Does 1-541 | 1:11-cv-02031-RLW | DC | 11/15/11 |
| Hard Drive Productions, Inc. v. Does 1-42 | 3:11-cv-01956 | ND CA | 4/22/11 |
| First Time Videos LLC v. Does 1-43 | 1:11-cv-09066 | ND IL | 12/21/11 |
| MCGIP, LLC v. Does 1-44 | 1:11-cv-03098 | ND IL | 5/9/11 |
| Pacific Century International LTD v. Does 1-44 | 1:11-cv-04825 | ND IL | 7/18/11 |
| Hard Drive Productions, Inc. v. Does 1-44 | 1:11-cv-02828 | ND IL | 4/27/11 |
| Pink Lotus Entertainment LLC v. Does 1-46 | 5:11-cv-02263 | ND CA | 5/6/11 |
| First Time Videos LLC v. Does 1-46 | 3:11-cv-03822 | ND CA | 8/3/11 |
| Hard Drive Productions, Inc v. Does 1-46 | 3:11-cv-01959 | ND CA | 4/22/11 |
| Pacific Century International, LTD v. Does 1-48 | 3:11-cv-03823 | ND CA | 8/3/11 |
| Hard Drive Productions, Inc. v. Does 1-48 | 3:11-cv-01957 | ND CA | 4/22/11 |
| Hard Drive Productions, Inc. v. Does 1-48 | 1:11-cv-09062 | ND IL | 12/21/11 |
| MCGIP, LLC v. Does 1-49 | 5:11-cv-01801 | ND CA | 4/13/11 |
| MCGIP, LLC v. Does 1-149 | 4:11-cv-02331 | ND CA | 5/11/11 |
| Hard Drive Productions, Inc. v. Does 1-51 | 1:11-cv-05414 | ND IL | 8/10/11 |
| Boy Racer Inc v. Does 2-52 | 5:11-cv-02834 | ND CA | 6/14/11 |
| Boy Racer Inc. v. Does 1-52 | 5:11-cv-02339 | ND CA | 5/11/11 |
| Hard Drive Productions, Inc. v. Does 1-53 | 3:11-cv-02330 | ND CA | 5/11/11 |
| Pink Lotus Entertainment LLC v. John Does 1-53 | 1:11-cv-22103 | SD FL | 6/9/11 |

| | | | |
|---|---|---|---|
| MCGIP LLC v. Does 1-55 | 3:11-cv-03312 | ND CA | 7/6/11 |
| Hard Drive Productions, Inv. v. Does 1-55 | 1:11-cv-02798 | ND IL | 4/27/11 |
| Hard Drive Productions, Inc. v. Does 1-58 | 4:11-cv-02537 | ND CA | 5/25/11 |
| AF Holdings LLC v. Does 1-1,058 | 1:12-cv-00048 | DC | 1/11/12 |
| Boy Racer Inc v. Does 1-60 | 3:11-cv-01738 | ND CA | 4/8/11 |
| AF Holdings LLC v. Does 1-62 | 1:11-cv-00593 | SD OH | 8/26/11 |
| AF Holdings LLC v. Does 1-162 | 1:11-cv-23036 | SD FL | 8/23/11 |
| First Time Videos LLC v. Does 1-63 | 1:11-cv-03837 | ND IL | 6/6/11 |
| MCGIP, LLC v. Does 1-1,164 | 1:10-cv-07675 | ND IL | 12/2/10 |
| Hard Drive Productions, Inv. v. Does 1-166 | 5:11-cv-03682 | ND CA | 7/27/11 |
| Openmind Solutions, Inc. v. Does 1-565 | 1:11-cv-01883 | DC | 10/25/11 |
| Hard Drive Productions, Inc.v. Does 1-66 | 5:11-cv-03005 | ND CA | 6/17/11 |
| Boy Racer Inc v. Does 2-71 | 5:11-cv-02833 | ND CA | 6/14/11 |
| Boy Racer Inc. v. Does 1-71 | 5:11-cv-01958 | ND CA | 4/22/11 |
| Heartbreaker Productions, Inc. v. Does 1-71 | 1:11-cv-02860 | ND IL | 4/28/11 |
| Boy Racer Inc v. Does 1-73 | 3:11-cv-02534 | ND CA | 5/25/11 |
| First Time Videos LLC v. Does 1-76 | 1:11-cv-03831 | ND IL | 6/6/11 |
| Hard Drive Productions, Inc. v. Does 1-80 | 5:11-cv-02535 | ND CA | 5/25/11 |
| Bubble Gum Productions, LLC v. Does 1-80 | 1:12-cv-20367 | SD FL | 1/30/12 |
| Hard Drive Productions, Inv. v. Does 1-84 | 5:11-cv-03648 | ND CA | 7/26/11 |
| Pacific Century International LTD v. Does 1-87 | 3:11-cv-02915 | ND CA | 6/14/11 |
| First Time Videos LLC v. Does 1-186 | 3:11-cv-03310 | ND CA | 7/6/11 |
| Hard Drive Productions, Inc v. Does 1-87 | 3:11-cv-02333 | ND CA | 5/11/11 |
| Hard Drive Productions, Inc v. Does 1-188 | 3:11-cv-01566 | ND CA | 3/31/11 |
| Hard Drive Productions, Inc v. Does 1-87 | 5:11-cv-03004 | ND CA | 6/17/11 |
| Hard Drive Productions, Inv. v. Does 1-90 | 5:11-cv-03825 | ND CA | 8/3/11 |
| First Time Videos LLC v. Does 1-294 | 3:11-cv-02916 | ND CA | 6/14/11 |
| Hard Drive Productions, Inv. v. Does 1-1,495 | 1:11-cv-01741 | DC | 9/27/11 |
| AF Holdings LLC v. Does 1-96 | 3:11-cv-03335 | ND CA | 7/7/11 |
| AF Holdings LLC v. Does 1-97 | 4:11-cv-03067 | ND CA | 6/21/11 |
| Boy Racer Inc. v. Does 1-98 | 3:11-cv-02536 | ND CA | 5/25/11 |

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

LIGHTSPEED MEDIA CORPORATION,    )
                                         )
       Plaintiff,    )
                                         )
vs.    )    No.: 11-L-683
                                         )
JOHN DOE,    )
                                         )
       Defendant.    )

FILE
CLAIR COUNTY

...... 2 0 2012

Kahalah A. S-ian
CIRCUIT CLERK

FILED
ST. CLAIR COUNTY

MAR 2 0 2012

Kahalah A. Sian
CIRCUIT CLERK

## MOTION TO QUASH AND FOR PROTECTIVE ORDER

Comes Now Internet service providers ("ISPs") denoted by Plaintiff as Embarq Communications, Inc. and Verizon Online LLC (collectively, the "Moving ISPs"), joined by AT&T Internet Services, BellSouth.net, Cellco Partnership d/b/a Verizon Wireless, Centurytel Internet Holdings Inc., Cox Communications, Inc., Qwest Communications Company LLC, and Wayport, Inc. (together with the Moving ISPs, the "Objecting ISPs") and for their Motion to Quash, and as more fully explained in the contemporaneously filed Memorandum in Support of this motion, state as follows:

1)    Good cause exists to quash any and all subpoenas that have been or may be issued to any of the Objecting ISPs in this action (the "Subpoenas") because they seek information not relevant to Plaintiff's case against the single John Doe defendant. Furthermore, good cause is lacking as to the discovery sought concerning the thousands of so-called "co-conspirators" because, among other things, Plaintiff has not alleged any actionable conspiracy.

2)    Good cause does not exist to assert personal jurisdiction over or proper venue as to the so-called "co-conspirators" making their suggested, potential joinder

improper, and the pretense of potential claims against the so-called "co-conspirators" does not constitute good cause for discovery concerning them.

3)      The discovery is sought for improper purpose.

4)      Plaintiff has no evidentiary basis for its assertions and for this additional reason good cause for its requested discovery does not exist.

WHEREFORE, premises, considered, the Objecting ISPs respectfully request that this Court:

1)      Quash the Subpoenas;

2)      Enter a protective order pursuant to Rule 201(c) of the Illinois Rules of Civil Procedure, staying all discovery in this case until such time as the interests of the Objecting ISPs, the other non-party ISPs referenced on Exhibit B to Plaintiff's Complaint, and the so-called "co-conspirators" can be heard and considered by the Court;

3)      Consider the appointment of an attorney *ad litem* to represent the unrepresented Doe Defendant and so-called "co-conspirators";

4)      Grant such other and further relief to which the Objecting ISPs may be justly entitled; and.

5)      For costs and attorneys' fees and such other relief as this Court deems just.

Dated:  March 19, 2012                             Respectfully submitted,

                                                   By: _____

                                                   Troy A. Bozarth – 06236748
                                                   Dougglas A. Stultz – 06279879
                                                   HEPLERBROOM LLC
                                                   130 North Main St., POB 510
                                                   Edwardsville, Illinois 62025-0510
                                                   (618) 656-0184

## <u>Certificate of Service</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded to the counsel below on this 19th day of March, 2012, by facsimile, and by enclosing same in an envelope addressed to said attorneys, with proper postage fully prepaid, and depositing same in the United States mail at Edwardsville, Illinois:

Kevin T. Hoerner
Becker, Paulson, Hoerner & Thompson, P.C.
5111 W. Main Street
Belleville, IL  62226

Andrew G. Toennies
Lashly & Baer, P.C.
20 East Main Street
Belleville, IL  62220

Paul Duffy
Prenda Law, Inc.
161 N. Clark Street, Suite 3200
Chicago, IL 60601

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

LIGHTSPEED MEDIA CORPORATION,    )
                                     )
         Plaintiff,                   )
                                       )
vs.                                         )     No.: 11-L-683
                                       )
JOHN DOE,                         )
                                       )
         Defendant.              )

FILED
ST. CLAIR COUNTY
MAR 2 0 2012
CIRCUIT CLERK

## <u>MEMORANDUM IN SUPPORT OF</u>
## <u>MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER</u>

Internet service providers ("ISPs") denoted by Plaintiff as Embarq Communications, Inc. and Verizon Online LLC (collectively, the "Moving ISPs") move this Court for an order quashing Plaintiff's Subpoenas for Deposition and/or granting a protective order with respect to any and all subpoenas that have been or may be served on any of them in this action. Furthermore, because Exhibit B of Plaintiff's Complaint lists AT&T Internet Services, BellSouth.net, Cellco Partnership d/b/a Verizon Wireless, Centurytel Internet Holdings Inc., Cox Communications, Inc., Qwest Communications Company LLC, and Wayport,Inc. (the "Joining ISPs") as entities from whom the Plaintiff, Lightspeed Media Corporation ("Plaintiff" or "Lightspeed"), also seeks discovery, the Joining ISPs join in this Motion and seek relief as set forth herein with respect to any subpoenas that have been or may be served on any of them in this action. The Moving ISPs and the Joining ISPs are collectively referred to herein as the "Objecting ISPs."

### BACKGROUND

At last count, Plaintiff's counsel Prenda Law, Inc. and/or its predecessor firm have filed approximately 200 lawsuits implicating thousands of "John Doe" Internet subscribers in

numerous federal and a handful of state courts across the country. *See* Affidavit of Bart Huffman[1] ¶¶ 2-3 and Exs. 1-2. In all or virtually all of these suits, the plaintiffs do not actually pursue litigation beyond the *ex parte* use of the courts to issue subpoenas to ISPs. In fact, it appears that, out of all these suits, only a handful of individuals, at most, have ever been served or named as defendants. *See id.*

The sole apparent objective of these suits is to harvest personally identifiable information of Internet account subscribers so that the plaintiffs' lawyers can coerce the identified individuals into paying several thousand dollars to avoid the expense of engaging counsel and the embarrassment of public association with the sexually explicit material at issue. In the absence of adversarial litigation, neither the plaintiffs' alleged rights or alleged entitlement to damages, nor the evidence allegedly implicating the "John Doe" defendants are subject to scrutiny or debate.

As a number of courts have observed, the "John Does" are often not likely to be subject to the jurisdiction or venue of the forum court and/or are not properly joined together in a given lawsuit. Moreover, the "John Does" that Plaintiff's counsel seeks to identify (and then coerce into settlement) are the ISPs' Internet account *subscribers*, who in many instances would not be the same person as the *user* of an Internet account (*e.g.*, a roommate, spouse, child, Wi-fi guest, etc.) with respect to any allegedly wrongful acts.

## SUMMARY

This proceeding is nothing more than a familiar attempt by Plaintiffs' counsel to identify thousands of individual Internet subscribers in a single proceeding without regard to whether those subscribers are likely to have any connection to this forum or to be properly joined in this

---

[1] The Affidavit of Bart Huffman ("Huffman Aff.") and the Affidavit of Lauren M. Fincher ("Fincher Aff."), attached hereto as Exhibits A and B, respectively.

proceeding.  Filing a lawsuit against a single "Doe" defendant, believed to be located in this County, then seeking an *ex parte* order for identification of thousands of so-called "co-conspirators" (which, as Plaintiff's counsel are fully aware, are located across the nation[2]) is a transparent attempt to bypass fundamental individual rights and protections while imposing substantial and undue burdens on the ISPs.

Here, Plaintiff's *ex parte* discovery motion was based on Illinois Supreme Court Rule 201(d).  That Rule expressly prohibits discovery to be initiated "[p]rior to the time that all defendants have appeared" unless "good cause" is shown.  However, the furtherance of Plaintiff's and its counsel's nationwide settlement campaign does not constitute "good cause" for the discovery sought.

Assuming *arguendo* that Plaintiff could demonstrate "good cause" to identify the single John Doe defendant, discovery seeking the identification of numerous other alleged wrongdoers does not have any relevance to the pending action against John Doe.  Further, Plaintiff cannot create relevance or "good cause" as to thousands of unrelated, unidentified individuals by suggesting that they may have "conspired" with John Doe.  Plaintiff's suggestion in this regard is untenable on its face and falls far short of asserting an actionable conspiracy under Illinois law.

In suing only one John Doe, Plaintiff seeks to avoid serious personal jurisdiction, venue, and joinder problems, and to deprive the so-called "co-conspirators" of other rights and protections that would be afforded to them if they were parties in this proceeding.  In essence, Plaintiff wants to implicate thousands of individuals in this lawsuit in order to obtain their personally identifiable information, but Plaintiff does not want the interests of those thousands of individuals to be actually considered by the Court.

---

[2] A review of generally-available resources regularly used to approximate the geographic location of IP addresses reveals that a sample of twenty-five (25) of the IP addresses on Exhibit B to Plaintiff's Complaint are associated with locations in fourteen (14) different states.  Fincher Aff. ¶ 2.

Nor is this the first time in this Court that Plaintiff has adopted such a tactic. In *Lightspeed Media Corp. v. AT&T Internet Servs., et al.*, No. 11-L-621, in the 20th Judicial Circuit Court for St. Clair County, Illinois, Plaintiff sought relief under Illinois Supreme Court Rule 224. Rule 224 specifically governs "Discovery Before Suit to Identify Responsible Persons and Entities," and expressly requires that the discovery targets (*i.e.*, the ISPs) be given notice and an opportunity to be heard. However, Plaintiff bypassed that clear and fundamental requirement, and instead obtained an *ex parte* order purporting to grant the Plaintiff's petition for discovery. Order Granting Petition for Discovery Before Suit to Identify Responsible Persons and Entities, *Lightspeed Media Corp. v. AT&T Internet Svcs., et al.*, No. 11-L-583 (Cir. Ct. of St. Clair Co. Ill. Nov. 9, 2011), Huffman Aff. ¶ 4, Ex. 3. Certain of the Objecting ISPs have appealed that order and the proceeding has been stayed by the appellate court.[3] Order of December 29, 2011, *Lightspeed Media Corp. v. AT&T Internet Servs., et al.*, No. 5-11-0566 (Ill. App. Ct. 5th Dist.), Huffman Aff., ¶ 4, Ex. 4; *see also* Order of February 10, 2012, *Lightspeed Media Corp. v. AT&T Internet Servs., et al.*, No. 5-11-0566 (Ill. App. Ct. 5th Dist.) (denying Petitioner's motion to reconsider grant of stay pending appeal and denying Petitioner's motion to dismiss appeal for lack of jurisdiction), Huffman Aff., ¶ 4, Ex. 5.

---

[3] Plaintiff has also attempted to abuse a similar procedure in Florida known as a "pure bill of discovery." *See, e.g.*, Complaint in Equity for Pure Bill of Discovery, *Lightspeed Media Corporation v. John Does 1 – 160*, No. 11-34345-CA-32 (Fla. 11th Cir. Ct. Oct. 19, 2011), Huffman Aff., ¶ 5, Ex. 6. Because that procedure also requires notice and an opportunity for the discovery targets (*i.e.*, the ISPs) to be heard, Plaintiff filed its "bill of discovery" proceeding naming numerous nameless, unrepresented John Doe defendants (from whom Plaintiff of course does not seek discovery), then Plaintiff sought and obtained an *ex parte* order purporting to permit the service of identification subpoenas on numerous ISPs. *See* Huffman Aff., ¶ 5, Ex. 6. After opposing a request for that and three other improper "bill of discovery" proceedings to be transferred to a single judge, the Prenda firm sent a letter to counsel for the ISPs stating that it "is withdrawing its request for subscriber information from ISPs Verizon Online, LLC, Bright House Networks, LLC, and Cox Communications, Inc." and demanding that such counsel "immediately withdraw" their motions to quash and for a protective order in those proceedings. *See id.* ¶ 5.

## SUBPOENAS AT ISSUE

The Objecting ISPs are currently aware that the following subpoenas have been served in this lawsuit:

- Undated Subpoena to Embarq Communications, Inc. with a corresponding check in the amount of $20.20 payable to Embarq Communications, Inc. This Subpoena, like the others described below, seeks "[t]he name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses, and any other form of contact information that may be used to identify all persons whose IP addresses are listed in the attached spreadsheet." The Subpoena Attachment lists approximately forty (40) IP addresses.

- Undated Subpoena to Verizon Online LLC ("Verizon"), with a corresponding check in the amount of $20.20 payable to Verizon. The Subpoena Attachment lists approximately one hundred (100) IP addresses. A spot check of ten (10) of those IP addresses reveals none that are associated with Verizon – rather, nine (9) are associated with "Qwest" and one (1) is associated with "Telus".[4] *See* Fincher Aff., ¶ 4.

- Undated Subpoena to Verizon with a corresponding check in the amount of $20.20 payable to AT&T Internet Services.[5] The Subpoena Attachment references approximately three hundred and seventy-five (375) IP addresses.

- Undated Subpoena to Verizon with a corresponding check in the amount of $20.20 payable to Comcast Cable Communications Management.[6] The Subpoena Attachment references approximately one thousand one hundred (1,100) IP addresses. A spot check of ten of those IP addresses reveals none that are associated with Verizon – rather, all ten (10) are associated with "Comcast Cable Communications Holdings".[7] *See* Fincher Aff., ¶ 5.

True and correct copies of the above-described subpoenas are attached as Exhibits 1-4 of the Affidavit of Lauren M. Fincher submitted herewith. Those subpoenas and any other subpoenas that have been or may be served on any of the Objecting ISPs in this proceeding are collectively referred to herein as the "Subpoenas."

---

[4] It appears that this subpoena was issued to the wrong ISP.

[5] Because the tendered check is made payable to an entity other than the subpoenaed entity, this subpoena fails to comply with the witness fee requirement set forth in Supreme Court Rule 204.

[6] Because the tendered check is made payable to an entity other than the subpoenaed entity, this subpoena fails to comply with the witness fee requirement set forth in Supreme Court Rule 204.

[7] It appears that this subpoena was issued to the wrong ISP.

## PLAINTIFF'S ALLEGATIONS

On December 14, 2011, Plaintiff Lightspeed Media Corporation filed its Complaint, complaining that Defendant John Doe "and Defendant's co-conspirators" made use of "one or more hacked passwords" to access Plaintiff's pornographic website.  (Compl. ¶ 1.)   In the Complaint, Plaintiff alleges that it has "good cause for asserting that personal jurisdiction is proper" as to the single John Doe Defendant (whose IP address information is set forth in Exhibit A to the Complaint) because Plaintiff "used geolocation technology to trace Defendant's location to St. Clair County." (*Id.* ¶¶ 4, 18.)  Plaintiff alleges that venue is proper because "upon information and belief" the single John Doe Defendant "resides in St. Clair County, Illinois." (*Id.* ¶ 5.)

With respect to some sixty-five hundred so-called "co-conspirators" (whose IP address information is set forth in Exhibit B of the Complaint), Plaintiff does not allege that it has "used geolocation technology" to determine whether it has "good cause for asserting that personal jurisdiction is proper" as to any of them.  (*See id.* ¶¶ 4-6, 18.)  Nor does Plaintiff say where it is informed and believes any of the so-called "co-conspirators" resides.   (*See id.* ¶¶ 4-6.)   Instead, Plaintiff merely alleges that it "may elect, after learning additional facts" to seek to amend the Complaint "to include Defendant's co-conspirators as defendants in this action." (*Id.* ¶ 6.) Plaintiff never states what "additional facts" it seeks to learn concerning the so-called "co-conspirators," other than their names. (*See id.* ¶ 1 (alleging that Plaintiff "expects to ascertain" the names of "Defendant's co-conspirators" during discovery).)

Plaintiff's other contentions concerning the so-called "co-conspirators" are as follows:

- "Defendant and Defendant's co-conspirators belong to a hacking community ..." (*Id.* ¶ 11.)

- "The series of transactions in this case involved accessing and sharing [unspecified, multiple] hacked passwords over the Internet and using the hacked passwords to access Plaintiff's [unspecified, single] website and [unspecified] content." (*Id.* ¶ 11; *see also id.* ¶¶ 39-40. )

- "Defendant and his [approximately 6,500] co-conspirators actively participated with one another in order to disseminate the [unspecified, single] hacked password ..." (*Id.* ¶ 11.)

- "Defendant and his [approximately 6,500] co-conspirators ... intentionally engaged in a concerted action with one another to access the same [unspecified, single] website and [unspecified] content." (*Id.*)

- "Defendant and Defendant's co-conspirators ... used [unspecified, multiple] hacked passwords to gain unlawful access to the member's section of Plaintiff's [unspecified, multiple] websites." (*Id.* ¶ 12.)

- "They even downloaded Plaintiff's [unspecified] private content and disseminated that information (sic) to other unauthorized individuals." (*Id.*; *see also id.* ¶ 41.)

Plaintiff contends that it engaged Arcadia Data Security Consultants, LLC ("Arcadia"), and that Arcadia utilized forensic software called Trader Hacker and Intruder Evidence Finder 2.0 to "detect hacking, unauthorized access, and password sharing activity on Plaintiff's websites."   (*Id.* ¶¶ 14, 15.)  Although Plaintiff provides a partial listing of websites allegedly accessed and files allegedly downloaded by the John Doe Defendant, Plaintiff does not provide any such information for any of the so-called "co-conspirators."  (*See id.* ¶ 18, Exs. A and B.) Plaintiff does not specify any password that was allegedly hacked by the John Doe Defendant or any of the so-called "co-conspirators," nor does Plaintiff state whether any given password was shared among any particular group of Internet users.  (*See id.* ¶¶ 15-18, Exs. A, B.)

Finally, Plaintiff claims that "[t]he individuals committing these unlawful activities are identified by their IP addresses as well as the dates and times they unlawfully accessed Plaintiff's [unspecified, multiple] websites." (*Id.* ¶ 15.)  As noted above, courts have repeatedly recognized that the individual using an Internet account (and its corresponding IP address) at a given date

and time is not necessarily the same as the subscriber for that account. *E.g.*, *Digital Sin, Inc. v. Does 1-5698*, 2011 U.S. Dist. LEXIS 128033, at *10 (N.D. Cal. Nov. 4, 2011) ("as has been discussed by other courts in this district, the ISP subscribers may not be the individuals who infringed upon Digital Sin's copyright").

## EFFORTS TO CONFER

The Objecting ISPs set forth the grounds of their opposition to Plaintiff's discovery in this lawsuit by letter to Michael O'Malley dated February 27, 2012. Huffman Aff. ¶ 6, Ex. 7. In that letter, the Objecting ISPs also stated as follows:

> If Plaintiff does not withdraw all pending subpoenas at this point, but decides to do so after the ISPs file motions for a protective order and/or to quash (as has been our experience in other, similarly improper proceedings), please be advised that the ISPs will nonetheless continue to seek recovery of their costs and attorneys' fees, because those costs and attorneys' fees could have been minimized or avoided had Plaintiff withdrawn the subpoenas before such motions were prepared and finalized for filing.

In response to that letter, Paul Duffy of Prenda Law, Inc. contacted counsel for the Objecting ISPs to advise that Plaintiff's principal and owner had passed away. *Id.* ¶ 6. Mr. Duffy asked for a couple of additional days to respond to the Objecting ISPs' February 27 letter. *Id.* The Objecting ISPs agreed, and the agreement among counsel was memorialized in a letter dated February 28, 2012. *Id.* ¶ 6, Ex. 8.

Mr. Duffy did not thereafter contact the Objecting ISPs to withdraw the subpoenas, or even to address the apparent lack of evidentiary support occasioned by the passing of Plaintiff's principal (who was also the sole source of the evidence presented by Plaintiff and the author of the software allegedly used to identify instances of alleged computer "hacking"). *See id.* ¶ 6. Instead, in communications among counsel, Plaintiff's counsel Michael O'Malley indicated his intention to withdraw from representing the Plaintiff in this case. *Id.*

## POINTS AND AUTHORITIES

I.    **There is Good Cause to Quash the Subpoenas, in that the Subpoenas Seek Information That Is Not Relevant to Plaintiff's Claims Against the Single John Doe Defendant and Good Cause is Lacking as to the Discovery Sought Concerning Thousands of So-Called "Co-Conspirators".**

Supreme Court Rule 201(d) provides as follows:

> *(d)   Time Discovery May Be Initiated.*   Prior to the time all defendants have appeared or are required to appear, no discovery procedure shall be noticed or otherwise initiated without leave of court granted upon good cause shown.

Similarly, 735 ILCS 5/2-1101 provides that this Court may quash any subpoena "for good cause shown."

Plaintiff has not demonstrated good cause for early discovery as to the so-called "co-conspirators" because (i) such discovery is not relevant to Plaintiff's case against the John Doe Defendant, (ii) Plaintiff has not asserted any claims in this court against the so-called "co-conspirators," and (iii) the voluminous, improper discovery demands on the Objecting ISPs would be unduly burdensome.[8]

Supreme Court Rule 201(b)(1) limits discoverable material to that "relevant to the subject matter involved in the pending action."   The right to discovery is limited to the disclosure of matters that will be relevant to the case at hand in order to protect against abuses and unfairness, and a court should deny a discovery request where there is an insufficient showing that the requested discovery is relevant or will lead to such evidence.   *Youle v. Ryan, M.D.,* 349 Ill. App. 3d 377, 380-381, 811 N.E. 2d 1281, 1283 (4th Dist. 2004).   Courts generally hold that the

---

[8] The burden imposed on the ISPs includes not only the legal resources associated with handling subpoenas, and the personnel time associated with performing IP address research, but also the personnel hours and expenses required to notify and respond to inquiries from subscribers.   If left unchecked, such burden would unduly interfere not only with the ISPs' business operations, but also with their ability to respond to law enforcement requests and other civil litigants.

allowance of wide, sweeping discovery requests is an abuse of discretion. *See In re All Asbestos Litigation,* 385 Ill. App. 3d 386, 391, 895 N.E. 2d 1155, 1158 (1st Dist. 2008); *Yuretich v. Sole,* 259 Ill. App. 3d 311, 317 (4th Dist. 1994) ("A plaintiff must possess a minimum level of information indicating defendant is liable to him before he commences litigation and forces defendant to undergo discovery. Otherwise plaintiff is engaged in a 'fishing expedition,' a recognized form of litigation abuse.... It is no justification that a fishing expedition might result in worthwhile information.").

Plaintiff has not provided anything more than vague, conclusory, and inconsistent allegations concerning the so-called "co-conspirators." Plaintiff does not specify that any particular "co-conspirators" interacted with any other "co-conspirators" – or for that matter that any of the "co-conspirators" even knows who some or all of the other "co-conspirators" are. At best, Plaintiff's assertions and evidentiary support are limited to alleged wrongdoing by individuals acting separately, and are devoid of any indicia of conspiracy.[9]

Civil conspiracy is an intentional tort. *Eeuter v. MasterCard Intern., Inc.,* 397 Ill. App. 3d 915, 927, 921 N.E. 2d 1205, 1216 (5th Dist. 2010). It is defined as "a combination of two or more persons for the purpose of accomplishing by concerted action either an unlawful purpose or a lawful purpose by unlawful means." *Id.* (citing *McClure v. Owens Corning Fiberglas Corp.,* 188 Ill. 2d 102, 133, 720 N.E. 2d 242, 258 (Ill. 1999)). The elements of a conspiracy are (i) an agreement between two or more persons to participate in an unlawful act, or a lawful act in an unlawful manner; (ii) an injury caused by an unlawful overt act performed by one of the parties;

---

[9] Even the limited evidentiary basis that Plaintiff has provided is particularly suspect, given that Plaintiff's owner is also its purported forensic investigator. (*See* Compl. ¶ 14 ("Plaintiff retained Arcadia Data Security Consultants, LLC ('Arcardia') to identify IP addresses..."); Certif. of Disclosure (Declarant Steve Jones, Founder and CEO of Arcadia and programmer of the software used is also the owner of Plaintiff).) Furthermore, as discussed below, Plaintiff's counsel has indicated that Plaintiff's owner and purported forensic investigator has recently passed away.

and (iii) that the overt act was done pursuant to and in furtherance of the common scheme. *Vance v. Chandler*, 231 Ill. App. 3d 747, 750, 597 N.E. 2d 233, 236 (3rd Dist. 1992).

Plaintiff complains of password-sharing, yet Plaintiff's Complaint is devoid of any information concerning the passwords allegedly used by any of thousands of alleged "hackers." Furthermore, Plaintiff claims, in this lawsuit, that it does not employ even basic security measures that would, for example, prevent excessive use of any given "hacked" password. (*See* Compl. Ex. B; Decl. of Steve Jones ¶ 6 ("There are no limits to the number of individuals that can use a single hacked password...").) On Plaintiff's website, however, Plaintiff indicates otherwise.   Lightspeed   Membership   Problems   Home   Page,   *available   at* http://www.lightspeedsupport.com/membership.php?r=typein&p= ("We track all traffic in our membership areas, and we use special software to detect when different people are using the same membership password.").

In fact, Plaintiff has made no showing of any communication or contact at all between the John Doe defendant and any of the thousands of alleged "co-conspirators," let alone any *agreement* as to any common scheme. *Redelmann v. Claire Sprayway, Inc.*, 375 Ill. App. 3d 912, 924, 874 N.E. 2d 230, 241 (1st Dist. 2007) (civil conspiracy complaint must allege existence of an agreement); *see also Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill. 2d 12, 23, 694 N.E. 2d 565, 571 (Ill. 1998) (in Illinois, plaintiff must plead the facts essential to his cause of action; unsupported conclusions are not sufficient).

In addition, Plaintiff's civil conspiracy allegations suffer a more fundamental flaw.  Plaintiff summarily contends that thousands of alleged infractions were part of a concerted action, but there is no allegation or evidence, or even any indication that any of the so-called "co-conspirators" acted in concert with any others.

Given the lack of any pleading or evidentiary basis for Plaintiff's conspiracy theory (and the clear, improper motive behind such a theory), there is good cause to quash the Subpoenas under 735 ILCS 5/2-1101. Plaintiff's pursuit of identifying information for the so-called "co-conspirators" is nothing more than a fishing expedition designed to locate new settlement targets, as opposed to a legitimate pursuit of evidence in support of Plaintiff's viable claims, if any, against John Doe. *See Cooney v. Magnabosco*, 407 Ill. App. 3d 264, 270 (Ill. App. 1st Dist. 2011) ("Discovery cannot be used as fishing expedition to build speculative claims."); *Redelmann v. Claire Sprayway, Inc.*, 375 Ill. App. 3d 912, 927 (1st Dist. 2007) (noting the trial court's "unwillingness" to permit plaintiff to go on a fishing expedition where plaintiff "failed to explain how discovery will help him overcome the pleading deficiencies"—namely that plaintiff failed to "plead facts that establish all the elements in his conspiracy counts"); *Evitts v. Daimler Chrysler Motors Corp.*, 359 Ill. App. 3d 504, 514 (2005) ("Discovery is not necessary where a cause of action has not been stated."); *accord First Time Videos, LLC v. Doe*, No. CIV S-11-3478, 2012 U.S. Dist. LEXIS 15810 (E.D. Cal. Feb. 8, 2012) (finding that plaintiff's "request to conduct expedited discovery regarding all of the alleged co-conspirators is not reasonable and is not supported by good cause").

## II. There is No Good Cause for Asserting that Personal Jurisdiction and Venue is Proper as to the So-Called "Co-Conspirators", or that They Could be Properly Joined in this Proceeding.

In the Complaint, Plaintiff alleges that it used geolocation technology to determine the location of the single John Doe Defendant in order to have "good cause for asserting that personal jurisdiction is proper" as to that defendant. (Compl. ¶ 4; *see also id.* ¶ 5 (alleging, on information and belief, that John Doe resides in this County).) Conspicuously absent from Plaintiff's pleading, however, is any indication that Plaintiff utilized geolocation technology to

determine whether there is "good cause for asserting that personal jurisdiction is proper" as to the thousands of so-called "co-conspirators" whose identifying information is the true and sole objective of Plaintiff's lawsuit and improper Subpoenas.

In fact, the use of geolocation technology with respect to a sample of the so-called "co-conspirator" subscribers suggests that they are likely to be located in numerous other states. *See* Fincher Aff., ¶ 2. Accordingly, as Plaintiff essentially concedes, there is no "good cause" for asserting that personal jurisdiction is proper as to those thousands of subscribers. *Accord Millenium TGA v. Doe*, No. 1:10-cv-05603, 2011 U.S. Dist. LEXIS 110135 (N.D. Ill. Sept. 26, 2011) (dismissing Doe defendant on personal jurisdiction and venue grounds); *Lightspeed Media Corp. v. Does 1-1000*, No. 10-cv-05604 (N.D. Ill. Mar. 31, 2011), ECF No. 53 (severing all but one Doe defendant on the basis of improper joinder); Mem. Op. & Order at 2, *CP Productions, Inc. v. Does 1-300*, 10-cv-06255 (N.D. Ill. Feb. 24, 2011), ECF No. 32 (denying motion for reconsideration of the court's earlier order dismissing without prejudice all 300 Doe defendants in part because "there is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist and – more importantly – as to whom [plaintiff]'s counsel could have readily ascertained that fact.").

Plaintiff concedes that it seeks mass discovery herein prior to any assessment of whether joinder is proper as to the thousands of implicated individuals artfully referred to as "co-conspirators." (Mot. for Leave to Take Early Discov., Sec. IV ("Plaintiff may seek in the future to join any number of the co-conspirators to this suit so long as their joinder is proper ….").) Plaintiff's admission is well-founded, given the absence of any factual allegations supporting the existence of any actual "conspiracy" and the lack of any basis for asserting that personal jurisdiction and venue are proper as to over six thousand implicated Internet subscribers who

may or may not have been the actual users of the Internet accounts at the time of any alleged "hacking" activity.

### III.     Plaintiff does not seek Discovery for a Proper Purpose.

In actuality, Plaintiff does not seek to amend its suit to sue thousands of identified individuals in St. Clair County, Illinois.  Rather, Plaintiff seeks to obtain a trove of personally identifiable information in order to coerce settlement from those Internet subscribers located across the country, many of whom may not be the individuals who allegedly committed any wrongs.  Indeed, assuming $2,500 per coerced settlement, the potential value of the so-called "co-conspirator's" identifying information to Plaintiff and its counsel could exceed sixteen million dollars ($16,000,000.00).

Courts dealing with similar suits have repeatedly recognized that a given Internet subscriber may not be the individual who was actually using the Internet account in question. *E.g., Digital Sin, Inc. v. Doe*, No. 1:12-cv-00126, 2011 U.S. Dist. LEXIS 128033, at *5-6 (N.D. Cal. Nov. 4, 2011) ("[Plaintiff's] [c]ounsel stated that the true offender is often the 'teenaged son ... or the boyfriend if it's a lady.'....Alternatively, the perpetrator might turn out to be a neighbor in an apartment building that uses shared IP addresses or a dormitory that uses shared wireless networks.").  Courts have also recognized that the sexually explicit subject matter involved, as well as the costs of engaging legal counsel, may lead an individual to settle regardless of culpability.  *E.g., MCGIP, LLC v. Doe*, No. 4:11-cv-02331, 2011 U.S. Dist. LEXIS 108109, at *8 n.5 (N.D. Cal. Sept. 16, 2011) ("[S]ubscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle....Thus, these mass copyright infringement cases have emerged as a strong tool for leveraging settlements – a tool whose efficiency is largely derived from the plaintiffs' success in avoiding the filing fees for multiple

suits and gaining early access en masse to the identities of alleged infringers."); *K-Beech, Inc. v. Does 1-85*, 11-CV-00469 at 4 (E.D. Va. Oct. 5, 2011) ECF No. 9 ("This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does.").

Plaintiff's interests in perpetuating its coercive "settlement" scheme do not constitute good cause for discovery as to the thousands of affected, unrepresented Internet subscribers involved.

## IV. The Suspect Evidentiary Basis of Plaintiff's Motion to Take Early Discovery Is Evidently No Longer Available to Plaintiff.

Plaintiff's Motion for Leave to Take Early Discovery was supported by the verified Declaration of Steve Jones. According to Mr. Jones' Declaration, he is the owner and sole member of Arcadia Data Security Consultants ("Arcadia") and the programmer of the "Trader Hacker and Intruder Evidence Finder 2.0 ('T.H.I.E.F.') Security System". (Jones Decl. ¶ 2.) Evidently, Mr. Jones is also the owner of Lightspeed Media Corporation, the Plaintiff in this matter. (Certif. of Disclosure); *see also* Lightspeed Media Corporation Facebook Page, *available at* http://www.facebook.com/pages/Lightspeed-Media-Corporation/112303382119060 ("Lightspeed Media Corporation is a company from Glendale, Arizona, founded in 1999 by Steve Lightspeed, alias of Steve Jones, that operates many Internet pornography Web sites ...").

According to Plaintiff's Complaint, Mr. Jones' company Arcadia and his T.H.I.E.F. software are the means whereby Mr. Jones' company Lightspeed allegedly obtained IP address, date, time, website access, and file download information forming the basis of Plaintiff's claims against the Doe Defendant and thousands of so-called "co-conspirators". (Compl., ¶¶ 15, 17,

18.)  According to counsel for Plaintiff, Mr. Jones has recently passed away.  *See* Huffman Aff. ¶ 6.

Mr. Jones' Declaration was the sole evidentiary support proffered in connection with Plaintiff's Motion to Take Early Discovery.  While testimony in the form of a deposition may be preserved after the death of the witness, *see* S. Ct. R. 212(a)(5) and (b)(1), an affidavit does not preserve testimony of a deceased witness.  Rather, affidavits and the averments contained therein are inadmissible at a trial or hearing after the affiant's death.  *Schott v. Short*, 131 Ill. App. 2d 854, 959-59 (3rd Dist. 1971).  Accordingly, it appears that Plaintiff's Motion to Take Early Discovery, and its entire Complaint for that matter, are based only on inadmissible statements contained in an affidavit of the evidently deceased Mr. Jones.

Assuming that Mr. Jones has passed away, as represented by Plaintiff's counsel, Mr. Jones' Declaration must be disregarded under Illinois law.  Thus, Mr. Jones' Declaration cannot serve to support "good cause" for early discovery in this matter.  The absence of an evidentiary basis for Plaintiff's contentions constitutes additional good cause to quash the Subpoenas.

* * * * *

There is simply no "good cause" in Plaintiff's suit sufficient to warrant expedited discovery to obtain the personally identifiable information of over six thousand Internet subscribers (i) who are not even alleged to have any particular association with the single John Doe Defendant; (ii) who are not otherwise alleged to have been involved in any actionable civil conspiracy; (iii) who may not even be the individuals who were using the Internet accounts when any wrongs were allegedly committed; (iv) as to whom there is no good cause to believe that this Court would have personal jurisdiction or venue; (v) as to which there is no good cause to believe that joinder in this lawsuit would be proper; and (vi) whose identifying information is

actually sought only for the purposes of coercing millions of dollars in settlement payments, and not for the purpose of prosecuting this lawsuit.

WHEREFORE, premises, considered, the Objecting ISPs respectfully request that this Court:

(1) Quash the Subpoenas;

(2) Enter a protective order pursuant to Rule 201(c) of the Illinois Rules of Civil Procedure, staying all discovery in this case until such time as the interests of the Objecting ISPs, the other non-party ISPs referenced on Exhibit B to Plaintiff's Complaint, and the so-called "co-conspirators" can be heard and considered by the Court;

(3) Consider the appointment of an attorney *ad litem* to represent the unrepresented Doe Defendant and so-called "co-conspirators";

(4) Grant such other and further relief to which the Objecting ISPs may be justly entitled; and

(5) For costs and attorneys' fees and such other relief as this Court deems just.

Dated: March 19, 2012

Respectfully submitted,

By: _____

Troy A. Bozarth – 06236748
Douglas A. Stultz – 06279879
HEPLERBROOM LLC
130 N. Main Street
Edwardsville, Illinois 62025-0510
(618) 656-0184

## Certificate of Service

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded to the counsel below on this 19th day of March, 2012, by facsimile, and by enclosing same in an envelope addressed to said attorneys, with proper postage fully prepaid, and depositing same in the United States mail at Edwardsville, Illinois:

Kevin T. Hoerner
Becker, Paulson, Hoerner & Thompson, P.C.
5111 W. Main Street
Belleville, IL  62226

Andrew G. Toennies
Lashly & Baer, P.C.
20 East Main Street
Belleville, IL  62220

Paul Duffy
Prenda Law, Inc.
161 N. Clark Street, Suite 3200
Chicago, IL 60601

C209

C210

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

LIGHTSPEED MEDIA CORPORATION, )
                                                              )
      Plaintiff,                                )
                                                              )
vs.                                                       )    No.: 11-L-683
                                                              )
JOHN DOE,                                          )
                                                              )
      Defendant.                          )

---

### AFFIDAVIT OF BART W. HUFFMAN

---

STATE OF TEXAS         §
                           §
COUNTY OF TRAVIS     §

      BEFORE ME, the undersigned authority, personally appeared Bart W. Huffman, who, after being by me duly sworn, deposed as follows:

      1.      My name is Bart W. Huffman. I am over 18 years of age, of sound mind, and fully competent to make this Affidavit. I have personal knowledge of the matters stated herein (other than a couple of matters stated on information and belief, as to which I am informed and believe as stated), and those matters are true and correct. I am an attorney with Locke Lord LLP ("Locke Lord"), which represents Internet service providers ("ISPs") denoted by Plaintiff in the above-captioned case as Embarq Communications, Inc., Verizon Online LLC, AT&T Internet Services, BellSouth.net, Cellco Partnership d/b/a Verizon Wireless, Centurytel Internet Holdings Inc., Cox Communications, Inc., Qwest Communications Company LLC, and Wayport, Inc. (collectively, the "Objecting ISPs").



EXHIBIT
A

2.      Recently, U.S. District Judge Lucy H. Koh issued an Order to Show Cause, requiring attorney Brett Gibbs of Prenda Law, Inc. to file a sworn declaration setting forth, among other things, the following information:

> A list of the BitTorrent copyright infringement cases involving multiple joined John Doe Defendants filed [by] Plaintiff's counsel's law firm or predecessor firm in federal court. Identify the case by name, case number, court, and filing date. For each case, indicate how many Doe Defendants were actually served.

Minute Order, *AF Holdings, LLC v. Does 1-135*, No. 5:11-cv-03336 (N.D. Cal. February 22, 2012), ECF No. 42. A true and correct copy of such order is attached hereto as Exhibit 1. In response, a representative of Prenda Law, Inc. filed a declaration and exhibit indicating that Prenda Law, Inc. and its predecessor firm (the "Prenda firm") had filed approximately 118 "multiple joined John Doe Defendant" federal lawsuits involving almost 16,000 Doe defendants, but that no defendants had actually been served in any of those lawsuits. Decl. of Charles E. Piehl and Exhibit A, *AF Holdings, LLC v. Does 1-135*, No. 5:11-cv-03336 (N.D. Cal. February 22, 2012), ECF Nos. 43 and 43-1. True and correct copies of such declaration and exhibit are attached hereto as Exhibit 2.

3.      In addition to "multiple joined John Doe Defendant" federal court cases, I am aware of a number of other federal and state proceedings in which the Prenda firm has issued subpoenas for Internet subscribers' personally identifiable information. My knowledge is based on research in the federal court's PACER system and my personal experience representing AT&T Internet Services and other ISPs in connection with various subpoenas being issued on an ongoing basis by the Prenda firm in multiple courts across the nation. Those cases include a number of "single John Doe Defendant" federal cases in which a plaintiff represented by the Prenda firm sues a single John Doe but also seeks discovery as to a host of so-called "co-

conspirators". I do not believe that the Prenda firm has actually served more than a handful of defendants (at most, if any) out of the hundreds of implicated Internet subscribers in those cases.

4.      I am one of the attorneys representing AT&T Internet Services and Verizon Online LLC, together with Illinois counsel, in connection with another proceeding filed in the Circuit Courts of St. Clair County, Illinois, which proceeding is currently on appeal in the Fifth District Court. Attached hereto as Exhibits 3-5 are true and correct copies of the following documents from that proceeding:

> Exhibit 3: [*Ex parte*] Order Granting Petition for Discovery Before Suit to Identify Responsible Persons and Entities, *Lightspeed Media Corp. v. AT&T Internet Servs., et al.*, No. 11-L-583 (Cir. Ct. of St. Clair Co. Ill. Nov. 9, 2011);
>
> Exhibit 4: Order of December 29, 2011, *Lightspeed Media Corp. v. AT&T Internet Servs., et al.*, No. 5-11-0566 (Ill. App. Ct. 5th Dist. 2011); and
>
> Exhibit 5: Order of February 10, 2012, *Lightspeed Media Corp. v. AT&T Internet Servs., et al.*, No. 5-11-0566 (Ill. App. Ct. 5th Dist. 2012) (denying Petitioner's motion to reconsider grant of stay pending appeal and denying Petitioner's motion to dismiss appeal for lack of jurisdiction).

5.      In addition, I am one of the attorneys representing several of the Objecting ISPs, together with Florida counsel, in connection with four "pure bill of discovery" proceedings filed by the Prenda firm in Florida state court on behalf of four different plaintiffs, including Lightspeed Media Corporation. Attached hereto as Exhibit 6 is a true and correct copy of the Complaint in Equity for Pure Bill of Discovery (without its exhibits) in one of those proceedings, styled *Lightspeed Media Corporation v. John Does 1 – 160*, No. 11-34345-CA-32 (Fla. 11th Cir. Ct.). After opposing a request for the four improper "bill of discovery" proceedings to be transferred to a single judge, the Prenda firm sent a letter to my Florida co-counsel stating that Prenda law "is withdrawing its request for subscriber information for ISPs Verizon Online, LLC, Bright House Networks, LLC, and Cox Communications, Inc." and demanding that we

**AFFIDAVIT OF BART W. HUFFMAN—PAGE 3**

"immediately withdraw" our clients' motions to quash and for a protective order in those proceedings.

     6.    In the instant case, the Objecting ISPs set forth the grounds of their opposition to subpoenas herein by letter to Michael O'Malley dated February 27, 2012, a true and correct copy of which is attached hereto as Exhibit 7. In that letter, the Objecting ISPs also stated as follows:

> If Plaintiff does not withdraw all pending subpoenas at this point, but decides to do so after the ISPs file motions for a protective order and/or to quash (as has been our experience in other, similarly improper proceedings), please be advised that the ISPs will nonetheless continue to seek recovery of their costs and attorneys' fees, because those costs and attorneys' fees could have been minimized or avoided had Plaintiff withdrawn the subpoenas before such motions were prepared and finalized for filing.

In response to that letter, Paul Duffy of the Prenda firm contacted me by telephone on or about February 28, 2012 to advise that Plaintiff's principal/owner had passed away. In that phone conversation, Mr. Duffy also asked for a couple of additional days to respond to my letter. I agreed on behalf of the Objecting ISPs, provided that they would have a couple of additional days to move to quash or for other relief with respect to subpoenas in this proceeding. The agreement among counsel was memorialized in a letter dated February 28, 2012, a true and correct copy of which is attached hereto as Exhibit 8. Mr. Duffy did not thereafter contact me to withdraw the subpoenas, or even to address the apparent lack of evidentiary support occasioned by the passing of Plaintiff's principal. Instead, in subsequent email correspondence between myself and Michael O'Malley, Mr. O'Malley indicated his intention to withdraw from representing the Plaintiff in this case.

     FURTHER AFFIANT SAYETH NOT.

Bart W. Huffman

**AFFIDAVIT OF BART W. HUFFMAN—PAGE 4**

SUBSCRIBED AND SWORN TO BEFORE ME on the 19th day of March, 2012, to certify which witness my hand and official seal.

ROXANE C. GONZALES
MY COMMISSION EXPIRES
March 6, 2015

Notary Public, State of Texas

Case5:11-cv-03336-LHK   Document42   Filed02/23/12   Page1 of 1

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | | |
|---|---|---|
| AF HOLDINGS LLC, | ) | Case No.: 11-CV-03336-LHK |
| Plaintiff, | ) | MINUTE ORDER |
| v. | ) | |
| DOES 1-135, | ) | |
| Defendants. | ) | |

Clerk:  Martha Parker Brown        Plaintiff's Attorney: Brett Langdon Gibbs
Reporter:  Lee-Anne Shortridge
Length of hearing:  34 minutes

A hearing on the Court's January 19, 2012 Order to Show Cause was held on February 22, 2012.  A further case management conference was set for May 23, 2012.

At the hearing, the Court ordered Plaintiff's counsel to file, by 6:00 p.m. on February 24, 2012, a sworn declaration(s) under penalty of perjury.  The declaration(s) must include the following information:

- The date that Plaintiff's counsel served subpoenas on each ISP and the date the ISP responded.
- The IP addresses for which Plaintiff's counsel has made a settlement offer and how that offer was communicated, e.g. by mail, phone, or email.  The movants (for motions to quash) and objectors to whom Plaintiff's counsel has made a settlement offer and how that offer was communicated.
- A list of ISPs not complying with Magistrate Judge Lloyd's expedited discovery order, and for which IP addresses the ISP is not complying.  Include the reason, if any, given by the ISP for not complying.
- A list of ISPs not complying with a subpoena, and for which IP addresses the ISP is not complying.  Include the reason, if any, given by the ISP for not complying.
- A list of the ISPs for which there is a pending motion to quash.
- Whether, when, and by what means Plaintiff's counsel has contacted John Doe 134, the movant in ECF No. 25.
- Whether, when, and by what means Plaintiff's counsel has contacted or attempted to contact Messrs. Ferlito and Smith.
- A list of the IP addresses for which Plaintiff's counsel received subpoena returns and whether the ISP provided all the categories of information requested by the subpoena.  If the ISP did not provide all categories of information, identify which categories of information were not provided.
- A list of the BitTorrent copyright infringement cases involving multiple joined John Doe Defendants filed Plaintiff's counsel's law firm or predecessor firm in federal court.  Identify the case by name, case number, court, and filing date.  For each case, indicate how many Doe Defendants were actually served.

**IT IS SO ORDERED.**

Dated: February 22, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No.: 11-CV-03336-LHK
MINUTE ORDER

United States District Court
For the Northern District of California


EXHIBIT
1

Case5:11-cv-03336-LHK   Document43   Filed02/24/12   Page1 of 1

1   Brett L. Gibbs, Esq. (SBN 251000)
    Prenda Law Inc.
2   38 Miller Avenue, #263
    Mill Valley, CA 94941
3   415-325-5900
    blgibbs@wefightpiracy.com
4   *Attorney for Plaintiff*

5               IN THE UNITED STATES DISTRICT COURT FOR THE

6                    NORTHERN DISTRICT OF CALIFORNIA

7                         SAN JOSE DIVISION

8   AF HOLDINGS LLC,                        )
9                    Plaintiff,            )    No. 5:11-CV-03336-LHK
                                           )
10          v.                             )
                                           )    DECLARATION OF CHARLES E. PIEHL
11  DOES 1-135,                            )
                                           )
12                   Defendants.           )
                                           )
13                                         )

14          DECLARATION OF CHARLES E. PIEHL IN RESPONSE TO MINUTE ORDER

15      I, Charles E. Piehl, declare as follows:

16      1.      I am the custodian of records for Prenda Law Inc.

17      2.      On February 23, 2012, the Court ordered the filing of this declaration.

18      3.      On information and belief, the attached Exhibit A accurately reflects the records kept

19  by Prenda Law Inc. as of February 24, 2012.

20      4.      I declare under penalty of perjury that the foregoing is true and correct based on my

21  own personal knowledge, except for those matters stated on information and belief, and those

22  matters I believe to be true. If called upon to testify, I can and will competently testify as set forth

23  above.

24

25      **DATED:  February 24, 2012**

26

27                                    By: _____

28

**EXHIBIT**

*2*

# EXHIBIT A

1)      The date that Plaintiff's counsel served subpoenas on each ISP and the date the ISP responded.

| ISP | Issued | Response |
|---|---|---|
| Advanced Colocation | 8/5/11 | |
| Covad Communications Co. | 8/5/11 | |
| AT&T Internet Services | 8/5/11 | 11/15/11 |
| Color Broadband | 8/5/11 | 8/18/11 |
| Sonic | 8/5/11 | |
| Charter Communications | 8/5/11 | 11/15/11 |
| Comcast Cable Communications | 8/5/11 | 10/10/11 |
| Frontier Communications of America | 8/5/11 | |
| Sprint PCS | 8/5/11 | |
| Unwired Broadband | 8/5/11 | 8/18/11 |
| Black Oak Computers | 8/5/11 | 9/26/11 |
| Wave Broadband | 8/5/11 | 10/24/11 |
| Clearwire US | 8/5/11 | |
| Verizon Online | 8/5/11 | |
| Surewest Broadband | 8/5/11 | |
| Cox Communications | 8/5/11 | 11/28/11 |

2)      The IP addresses for which Plaintiff's counsel has made a settlement offer and how that offer was communicated, e.g. by mail, phone, or email. The movants (for motions to quash) and objectors to whom Plaintiff's counsel has made a settlement offer and how that offer was communicated.

| Status | IP | | Status | IP | | Status | IP |
|---|---|---|---|---|---|---|---|
| | | | USMail | 71.202.113.106 | | USMail | 98.208.108.119 |
| USMail | 67.121.209.48 | | USMail | 76.127.112.56 | | USMail | 98.182.27.239 |
| USMail | 66.215.158.202 | | USMail | 24.6.249.176 | | USMail | 98.207.248.39 |
| USMail | 68.101.114.52 | | USMail | 67.166.151.220 | | USMail | 98.234.59.149 |
| USMail | 68.113.62.22 | | USMail | 67.180.246.80 | | USMail | 24.4.119.18 |
| USMail | 67.181.128.221 | | USMail | 76.14.29.230 | | USMail | 24.6.73.58 |
| USMail | 69.107.102.11 | | USMail | 76.254.41.180 | | USMail | 174.65.129.8 |
| USMail | 64.203.113.177 | | USMail | 24.23.6.73 | | USMail | 76.126.155.41 |
| USMail | 67.161.66.97 | | USMail | 71.198.194.113 | | USMail | 76.126.66.211 |
| USMail | 69.108.96.77 | | USMail | 72.211.231.103 | | USMail | 71.204.161.2 |
| USMail | 99.183.240.55 | | USMail | 72.197.231.3 | | USMail | 76.200.129.112 |
| USMail | 98.210.25.174 | | USMail | 24.4.144.239 | | USMail | 70.181.85.58 |
| USMail | 98.207.38.44 | | USMail | 71.198.158.39 | | USMail | 71.202.249.178 |
| USMail | 68.4.128.139 | | USMail | 72.220.42.29 | | USMail | 74.213.246.188 |
| USMail | 68.5.188.159 | | USMail | 76.230.233.239 | | USMail | 98.192.186.87 |
| USMail | 69.227.70.219 | | USMail | 24.23.222.237 | | USMail | 99.183.242.47 |
| USMail | 69.107.91.219 | | USMail | 209.237.232.57 | | USMail | 98.176.78.121 |
| USMail | 76.20.11.145 | | USMail | 108.81.168.247 | | USMail | 99.24.161.31 |
| USMail | 71.195.97.154 | | USMail | 24.180.49.171 | | USMail | 98.234.38.72 |
| USMail | 72.220.176.44 | | USMail | 24.5.38.201 | | USMail | 98.210.218.152 |
| USMail | 76.126.36.154 | | USMail | 98.207.183.169 | | USMail | 98.238.203.2 |
| USMail | 76.103.48.164 | | USMail | 24.205.30.192 | | USMail | 99.183.243.142 |
| USMail | 24.5.13.184 | | USMail | 67.180.56.26 | | USMail | 98.176.15.188 |
| USMail | 68.127.118.133 | | USMail | 68.126.204.146 | | USMail | 98.248.213.208 |
| USMail | 68.5.122.173 | | USMail | 68.111.244.226 | | USMail | 99.41.79.188 |
| USMail | 68.7.130.203 | | USMail | 68.105.66.166 | | USMail | 67.169.107.114 |
| USMail | 68.8.57.53 | | USMail | 72.197.43.207 | | USMail | 67.187.248.194 |

*In cases where a motion to quash was filed.*

| Status | IP |
|---|---|
| USMail | 71.139.12.128 |

USMail  71.83.208.158

3)    A list of ISPs not complying with Magistrate Judge Lloyd's expedited discovery order, and for which IP addresses the ISP is not complying.  Include the reason, if any, given by the ISP for not complying.

| ISP | IP Addresses | Reason |
|---|---|---|
| Advanced Colocation | ALL | None provided |
| Black Oak Computers | 66.160.133.102 | Two Subpoenas issued, one completed, the other no response, no reason provided |
| Clearwire US | ALL | None provided |
| Covad Communications Co. | ALL | None provided |
| Frontier Communications of America | ALL | None provided |
| Sonic | ALL | None provided |
| Sprint PCS | ALL | None provided |
| Surewest Broadband | ALL | None provided |
| Verizon Online | ALL | None provided |

4)    A list of ISPs not complying with a subpoena, and for which IP addresses the ISP is not complying.  Include the reason, if any, given by the ISP for not complying.

| ISP | IP Addresses | Reason |
|---|---|---|
| Advanced Colocation | ALL | None provided |
| Black Oak Computers | 66.160.133.102 | Two Subpoenas issued, one completed, the other no response, no reason provided |
| Clearwire US | ALL | None provided |
| Covad Communications Co. | ALL | None provided |
| Frontier Communications of America | ALL | None provided |
| Sonic | ALL | None provided |
| Sprint PCS | ALL | None provided |
| Surewest Broadband | 0 | None provided |
| Verizon Online | 0 | None provided |

5)    A list of the ISPs for which there is a pending motion to quash.
AT&T, COMCAST, CHARTER & COX

6)    Whether, when, and by what means Plaintiff's counsel has contacted John Doe 134, the movant in ECF No. 25.
Plaintiff's counsel has not attempted to contact the unidentified individual referred to by the Court as "John Doe 134."

7)    Whether, when, and by what means Plaintiff's counsel has contacted or attempted to contact Messrs. Ferlito and Smith.
Plaintiff's counsel attempted to contact Mr Ferlito by U.S mail.  Plaintiff's counsel attempted to contact Mr. Smith by U.S. mail.

8)    A list of the IP addresses for which Plaintiff's counsel received subpoena returns and whether the ISP provided all the categories of information requested by the subpoena.  If the ISP did not provide all categories of information, identify which categories of information were not provided.

| IP Address | Missing | | | | |
|---|---|---|---|---|---|
| 68.126.204.146 | Phone, email | 69.107.91.219 | Phone, email | 76.200.129.112 | Phone, email |
| 68.127.118.133 | Phone, email | 69.108.96.77 | Phone | 76.254.41.180 | Phone, email |
| 69.107.102.11 | Phone, | 69.227.70.219 | Phone | 99.183.240.55 | Phone, email |
| | | 71.139.12.128 | Email | | |

| | | | | | |
|---|---|---|---|---|---|
| 99.183.242.47 | Phone, email | 24.5.13.184 | Email | 76.126.66.211 | Email |
| 99.183.243.142 | Phone, email | 67.161.66.97 | Email | 98.192.186.87 | Email |
| | | 67.166.151.220 | Email | 98.207.248.39 | Email |
| 99.24.161.31 | Phone, email | 67.169.107.114 | Email | 98.208.108.119 | Email |
| | | 67.180.56.26 | Email | 98.210.218.152 | Email |
| 99.41.79.188 | Phone | 67.181.128.221 | Email | 98.210.25.174 | Email |
| 209.237.232.57 | Phone | 67.187.248.194 | Email | 98.234.128.170 | Email |
| 68.113.62.22 | Email | 71.198.158.39 | Email | 98.234.38.72 | Email |
| 74.213.246.188 | Email | 71.202.113.106 | Email | 98.234.59.149 | Email |
| 24.23.222.237 | Email | 71.202.249.178 | Email | 98.248.213.208 | Email |
| 24.23.6.73 | Email | 76.103.48.164 | Email | 68.101.114.52 | Email |
| 24.4.144.239 | Email | 76.126.155.41 | Email | 72.197.231.3 | Phone, email |
| | | 76.126.36.154 | Email | | |

9)      A list of the BitTorrent copyright infringement cases involving multiple joined John Doe Defendants filed Plaintiff's counsel's law firm or predecessor firm in federal court. Identify the case by name, case number, court, and filing date. For each case, indicate how many Doe Defendants were actually served.

Although our records indicate that we have filed suits against individual copyright infringement defendants, our records indicate that no defendants have been served in the below-listed cases.

| Case Name | Case Number | Court | Filing date |
|---|---|---|---|
| Lightspeed Media Corporation v. Does 1-9 | 4:11-cv-02261 | ND CA | 5/6/11 |
| MCGIP, LLC v. Does 1-9 | 3:11-cv-02262 | ND CA | 5/6/11 |
| CP Productions, Inc. v. Does 1-300 | 1:10-cv-06255 | ND IL | 9/29/10 |
| Future Blue, Inc. v. Does 1-300 | 1:10-cv-06256 | ND IL | 9/29/10 |
| First Time Videos LLC v. Does 1-500 | 1:10-cv-06254 | ND IL | 9/29/11 |
| Hard Drive Productions, Inc.v. Does 1-100 | 1:10-cv-05606 | ND IL | 9/2/10 |
| Lightspeed Media Corporation v. Does 1-100 | 1:10-cv-05604 | ND IL | 9/2/10 |
| Millennium TGA, Inc. v. Does 1-100 | 1:10-cv-05603 | ND IL | 9/2/10 |
| In the Matter Of a Petition By Ingenuity13 LLC | 2:11-mc-00084 | ED CA | 10/28/11 |
| Pacific Century International Ltd, v. Does 1-101 | 4:11-cv-02533 | ND CA | 5/25/11 |
| Boy Racer Inc. v. Does 1-10 | 1:11-cv-00592 | SD OH | 8/26/11 |
| Hard Drive Productions, Inc. v. Does 1-10 | 1:11-cv-02980 | ND IL | 5/4/11 |
| Boy Racer Inc. v. Does 1-10 | 3:11-cv-00492 | WD KY | 8/31/11 |
| CP Productions, Inc. v. Does 1-12 | 3:11-cv-02259 | ND CA | 5/6/11 |
| Hard Drive Productions, Inc. v. Does 1-11 | 1:11-cv-23033 | SD FL | 8/23/11 |
| Hard Drive Productions, Inc. v. Does 1-12 | 1:11-cv-00595 | SD OH | 8/26/11 |
| MCGIP, LLC v. Does 1-14 | 1:11-cv-02887 | ND IL | 4/29/11 |
| CP Productions, Inc. v. Does 1-14 | 1:11-cv-22204 | SD FL | 6/17/11 |
| Hard Drive Productions. Inc. v. Does 1-14 | 1:11-cv-02981 | ND IL | 5/4/11 |
| Pacific Century International LTD v. Does 1-14 | 1:11-cv-03118 | ND IL | 5/10/11 |
| Boy Racer Inc. v. Does 1-17 | 1:11-cv-05416 | ND IL | 8/10/11 |
| MCGIP, LLC v. Does 1-316 | 1:10-cv-06677 | ND IL | 10/15/10 |
| Hard Drive Productions, Inv. v. Does 1-16 | 1:11-cv-23064 | SD FL | 8/25/11 |
| Hard Drive Productions, Inc. v. Does 1-16 | 1:11-cv-03108 | ND IL | 5/10/11 |
| VPR Internationale v. Does 1-17 | 4:11-cv-01494 | ND CA | 3/28/11 |
| First Time Videos LLC v. Does 1-18 | 4:11-cv-00069 | SD IN | 6/14/11 |
| MCGIP. LLC v. Does 1-17 | 3:11-cv-50062 | ND IL | 3/9/11 |
| Boy Racer Inc. v. Does 1-17 | 1:11-cv-03097 | ND IL | 5/9/11 |
| VPR International v. Does 1-1017 | 2:11-cv-02068 | ND IL | 3/8/11 |
| Hard Drive Productions, Inc. v. Does 1-118 | 4:11-cv-01567 | ND CA | 3/3/11 |
| Hard Drive Productions, Inv. v. Does 1-18 | 1:11-cv-23032 | SD FL | 8/23/11 |

| | | | |
|---|---|---|---|
| MCGIP, LLC v. Does 1-18 | 3:11-cv-01495 | ND CA | 3/28/11 |
| Pink Lotus Entertainment LLC v. Does 1-20 | 1:11-cv-03048 | ND IL | 5/6/11 |
| MCGIP, LLC v. Does 1-20 | 1:11-cv-04486 | ND IL | 7/1/11 |
| Millennium TGA, inc. v. Does 1-21 | 3:11-cv-02258 | ND CA | 5/6/11 |
| MCGIP, LLC v. Does 1-21 | 4:11-cv-01783 | ND CA | 4/12/11 |
| Hard Drive Productions, Inc. v. Does 1-21 | 4:11-cv-00059 | SD IN | 5/20/11 |
| Hard Drive Productions, Inv. v. Does 1-20 | 1:11-cv-22208 | SD FL | 6/17/11 |
| AF Holdings LLC v. Does 1-20 | 3:11-cv-00491 | WD KY | 8/31/11 |
| Millennium TGA, inc. v. Does 1-21 | 5:11-cv-01739 | ND CA | 4/8/11 |
| Boy Racer Inc. v. Does 1-23 | 4:11-cv-00070 | SD IN | 6/14/11 |
| First Time Videos LLC v. Does 1-23 | 1:11-cv-05417 | ND IL | 8/10/11 |
| Boy Racer Inc. V. Does 1-22 | 1:11-cv-02984 | ND IL | 5/4/11 |
| MCGIP, LLC v. Does 1-24 | 1:11-cv-04488 | ND IL | 7/1/11 |
| Hard Drive Productions Inc. v. Does 1-25 | 1:11-cv-03864 | ND IL | 6/7/11 |
| Openmind Solutions, Inc. v. Does 1-2,925 | 3:11-cv-00092 | SD IL | 2/2/11 |
| MCGIP, LLC v. Does 1-24 | 1:11-cv-02985 | ND IL | 5/4/11 |
| Hard Drive Productions, Inc. v. Does 1-24 | 1:11-cv-02829 | ND IL | 4/27/11 |
| MCGIP LLC v. Does 1-26 | 5:11-cv-03679 | ND CA | 7/27/11 |
| Hard Drive Productions, Inc. v. Does 1-27 | 1:11-cv-03863 | ND IL | 6/7/11 |
| First Time Videos LLC v. Does 1-27 | 1:11-cv-02890 | ND IL | 4/29/11 |
| Pacific Century International Ltd, v. Does 1-129 | 5:11-cv-03681 | ND CA | 7/27/11 |
| First Time Videos LLC  v. Does 1-28 | 1:11-cv-02982 | ND IL | 5/4/11 |
| MCGIP LLC v. Does 1-30 | 5:11-cv-03680 | ND CA | 7/27/11 |
| Hard Drive Productions, Inv. v. Does 1-130 | 4:11-cv-03826 | ND CA | 8/3/11 |
| AF Holdings LLC v. Does 1-29 | 0:11-cv-01794 | D MN | 7/6/11 |
| Hard Drive Productions, Inc. v. Does 1-30 | 1:11-cv-22102 | SD FL | 6/9/11 |
| Pacific century International LTD v. Does 1-31 | 1:11-cv-09064 | ND IL | 12/21/11 |
| Hard Drive Productions, Inv. v. Does 1-33 | 4:11-cv-03827 | ND CA | 8/3/11 |
| Hard Drive Productions, Inv. v. Does 1-32 | 1:11-cv-22206 | SD FL | 6/17/11 |
| MCGIP, LLC v. Does 1-32 | 1:11-cv-22210 | SD FL | 6/17/11 |
| Pacific Century International LTD v. Does 1-34 | 1:11-cv-03857 | ND IL | 6/7/11 |
| Hard Drive Productions, Inc. v. Does 1-35 | 1:11-cv-03866 | ND IL | 6/7/11 |
| Boy Racer Inc v. Does 1-34 | 1:11-cv-23035 | SD FL | 8/23/11 |
| AF Holdings LLC v. Does 1-135 | 4:11-cv-03336 | ND CA | 7/7/11 |
| Bubble Gum Productions, LLC v. Does 1-37 | 1:12-cv-00595 | ND IL | 1/26/12 |
| First Time Videos LLC  v. Does 1-37 | 4:11-cv-01675 | ND CA | 4/6/11 |
| Openmind Solutions, Inc. v. Does 1-39 | 3:11-cv-03311 | ND CA | 7/6/11 |
| First Time Videos LLC v. Does 1-541 | 1:11-cv-02031-RLW | DC | 11/15/11 |
| Hard Drive Productions, Inc. v. Does 1-42 | 3:11-cv-01956 | ND CA | 4/22/11 |
| First Time Videos LLC v. Does 1-43 | 1:11-cv-09066 | ND IL | 12/21/11 |
| MCGIP, LLC v. Does 1-44 | 1:11-cv-03098 | ND IL | 5/9/11 |
| Pacific Century International LTD v. Does 1-44 | 1:11-cv-04825 | ND IL | 7/18/11 |
| Hard Drive Productions, Inc. v. Does 1-44 | 1:11-cv-02828 | ND IL | 4/27/11 |
| Pink Lotus Entertainment LLC v. Does 1-46 | 5:11-cv-02263 | ND CA | 5/6/11 |
| First Time Videos LLC v. Does 1-46 | 3:11-cv-03822 | ND CA | 8/3/11 |
| Hard Drive Productions. Inc v. Does 1-46 | 3:11-cv-01959 | ND CA | 4/22/11 |
| Pacific Century International, LTD v. Does 1-48 | 3:11-cv-03823 | ND CA | 8/3/11 |
| Hard Drive Productions. Inc. v. Does 1-48 | 3:11-cv-01957 | ND CA | 4/22/11 |
| Hard Drive Productions, Inc. v. Does 1-48 | 1:11-cv-09062 | ND IL | 12/21/11 |
| MCGIP, LLC v. Does 1-49 | 5:11-cv-01801 | ND CA | 4/13/11 |
| MCGIP, LLC v. Does 1-149 | 4:11-cv-02331 | ND CA | 5/11/11 |
| Hard Drive Productions, Inc. v. Does 1-51 | 1:11-cv-05414 | ND IL | 8/10/11 |
| Boy Racer Inc v. Does 2-52 | 5:11-cv-02834 | ND CA | 6/14/11 |
| Boy Racer Inc. v. Does 1-52 | 5:11-cv-02329 | ND CA | 5/11/11 |
| Hard Drive Productions, Inc. v. Does 1-53 | 3:11-cv-02330 | ND CA | 5/11/11 |
| Pink Lotus Entertainment LLC v. John Does 1-53 | 1:11-cv-22103 | SD FL | 6/9/11 |

| | | | |
|---|---|---|---|
| MCGIP LLC v. Does 1-55 | 3:11-cv-03312 | ND CA | 7/6/11 |
| Hard Drive Productions, Inv. v. Does 1-55 | 1:11-cv-02798 | ND IL | 4/27/11 |
| Hard Drive Productions, Inc. v. Does 1-58 | 4:11-cv-02537 | ND CA | 5/25/11 |
| AF Holdings LLC v. Does 1-1,058 | 1:12-cv-00048 | DC | 1/11/12 |
| Boy Racer Inc v. Does 1-60 | 3:11-cv-01738 | ND CA | 4/8/11 |
| AF Holdings LLC v. Does 1-62 | 1:11-cv-00593 | SD OH | 8/26/11 |
| AF Holdings LLC v. Does 1-162 | 1:11-cv-23036 | SD FL | 8/23/11 |
| First Time Videos LLC v. Does 1-63 | 1:11-cv-03837 | ND IL | 6/6/11 |
| MCGIP, LLC v. Does 1-1,164 | 1:10-cv-07675 | ND IL | 12/2/10 |
| Hard Drive Productions, Inv. v. Does 1-166 | 5:11-cv-03682 | ND CA | 7/27/11 |
| Openmind Solutions, Inc. v. Does 1-565 | 1:11-cv-01883 | DC | 10/25/11 |
| Hard Drive Productions, Inc.v. Does 1-66 | 5:11-cv-03005 | ND CA | 6/17/11 |
| Boy Racer Inc v. Does 2-71 | 5:11-cv-02833 | ND CA | 6/14/11 |
| Boy Racer Inc. v. Does 1-71 | 5:11-cv-01958 | ND CA | 4/22/11 |
| Heartbreaker Productions, Inc. v. Does 1-71 | 1:11-cv-02860 | ND IL | 4/28/11 |
| Boy Racer Inc v. Does 1-73 | 3:11-cv-02534 | ND CA | 5/25/11 |
| First Time Videos LLC v. Does 1-76 | 1:11-cv-03831 | ND IL | 6/6/11 |
| Hard Drive Productions, Inc. v. Does 1-80 | 5:11-cv-02535 | ND CA | 5/25/11 |
| Bubble Gum Productions, LLC v. Does 1-80 | 1:12-cv-20367 | SD FL | 1/30/12 |
| Hard Drive Productions, Inv. v. Does 1-84 | 5:11-cv-03648 | ND CA | 7/26/11 |
| Pacific Century International LTD v. Does 1-87 | 3:11-cv-02915 | ND CA | 6/14/11 |
| First Time Videos LLC v. Does 1-186 | 3:11-cv-03310 | ND CA | 7/6/11 |
| Hard Drive Productions, Inc v. Does 1-87 | 3:11-cv-02333 | ND CA | 5/11/11 |
| Hard Drive Productions, Inc v. Does 1-188 | 3:11-cv-01566 | ND CA | 3/31/11 |
| Hard Drive Productions, Inc v. Does 1-87 | 5:11-cv-03004 | ND CA | 6/17/11 |
| Hard Drive Productions, Inv. v. Does 1-90 | 5:11-cv-03825 | ND CA | 8/3/11 |
| First Time Videos LLC v. Does 1-294 | 3:11-cv-02916 | ND CA | 6/14/11 |
| Hard Drive Productions, Inv. v. Does 1-1,495 | 1:11-cv-01741 | DC | 9/27/11 |
| AF Holdings LLC v. Does 1-96 | 3:11-cv-03335 | ND CA | 7/7/11 |
| AF Holdings LLC v. Does 1-97 | 4:11-cv-03067 | ND CA | 6/21/11 |
| Boy Racer Inc. v. Does 1-98 | 3:11-cv-02536 | ND CA | 5/25/11 |

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**
**LAW DIVISION**

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORPORATION, | ) | No. 11-L-C21 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AT & T INTERNET SERVICES, BRADLEY | ) | |
| UNIVERSITY, CEBRIDGE CONNECTIONS, | ) | |
| CELLCO PARTNERSHIP D/B/A VERIZON | ) | |
| WIRELESS, CLEARWIRE US LLC, COMCAST | ) | |
| CABLE HOLDINGS, LLC, EASTERN ILLINOIS | ) | |
| UNIVERSITY, FAIRPOINT | ) | |
| COMMUNICATIONS INC., FRONTIER | ) | |
| COMMUNICATIONS OF AMERICA INC., | ) | |
| HARGRAY COMMUNICATIONS GROUP, INC., | ) | |
| HOSTFORWEB INC., HOSTING | ) | |
| SERVICES, INC., MEDIACOM | ) | |
| COMMUNICATIONS CORP., MKE BRIDGED | ) | |
| CIRCUITS, NORTHERN ILLINOIS | ) | |
| UNIVERSITY, NORTHWESTERN | ) | |
| UNIVERSITY, PAETEC – STARNET DIVISION, | ) | |
| PSINET, INC., RCN CORPORATION, | ) | |
| SANCTUARY HOST, SENTRAL | ) | |
| ASSEMBLIES & COMPONENTS, | ) | |
| UNIVERSITY OF ILLINOIS AT CHICAGO, | ) | |
| VERIZON ONLINE LLC, WAYPORT, INC., and | ) | |
| WIDEOPENWEST ILLINOIS | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

FILED
ST. CLAIR COUNTY

NOV 9 – 2011

Kathleen A. Drew
CIRCUIT CLERK

22

**ORDER GRANTING PETITION FOR DISCOVERY BEFORE SUIT TO IDENTIFY**
**RESPONSIBLE PERSONS AND ENTITIES**

THIS CAUSE, having come before this Court on Petitioner's Petition for Discovery

before Suit to Identify Responsible Persons and Entities ("Petition"), and the Court having

reviewed said Petition, the Memorandum of Law filed in support thereof, and being otherwise

duly advised in the premises, it is hereby

1

**EXHIBIT**
**3**

ORDERED AND ADJUDGED as follows:

1.      The Petition is GRANTED.

2.      Petitioner may serve each of the Internet Service Providers ("ISPs") listed in Exhibit A to the Petition with a subpoena commanding each ISP to provide Petitioner with the true name, address, telephone number, e-mail address, Media Access Control ("MAC") address for each of the John Does (hereinafter "Does") to whom the ISP assigned an Internet Protocol ("IP") address as set forth on Exhibit A to the Petition. Petitioner shall attach to any such subpoena a copy of this Order. Each ISP served with a subpoena pursuant to this Order shall comply with it.

3.      Petitioner may also serve a subpoena in the same manner as above on any ISP that is identified in response to a subpoena as a provider of internet services to one of the Does.

4.      Each of the ISPs that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

the term "cable operator" means any person or group of persons:

(A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or

(B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[,]

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[,]

by sending a copy of this Order to each Doe.

5.      The subpoenaed ISPs shall not require Petitioner to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs required Petitioner to pay a

2

fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual or for the ISP's internal cots to notify its customers. If necessary, the Court shall resolve any disputes between the ISPs and Petitioner regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Petitioner.

6.   Petitioner may only use the information disclosed in response to a subpoena served on an ISP for the purpose of identifying the unknown Does so Petitioner can protect and enforce its rights as set forth in its Petition.

DONE AND ORDERED in Chambers at St. Clair County, Illinois this _____ day of _____, 2011.

_____
CIRCUIT COURT JUDGE

FILED
ST. CLAIR COUNTY
NOV 9 - 2011
CIRCUIT CLERK
22

3



**JOHN J. FLOOD**
CLERK
(618) 242-3120

STATE OF ILLINOIS
APPELLATE COURT
FIFTH DISTRICT
14TH & MAIN STREETS
P.O. BOX 867
MT. VERNON, IL 62864-0018

12/29/11

Troy A. Bozarth
HepleBroom LLC
130 North Main Street
P.O. Box 510
Edwardsville, IL 62025

RE: *Lightspeed Media Corporation v. AT&T Internet Services, et al.*
St. Clair County No. 11-L-621
Gen. No.: 5-11-0566

Dear Counsel:

Enclosed herewith please find a copy of an Order entered today in the above cause.

Yours very truly,

John J. Flood, Clerk

JJF/sr
Enclo.
cc: Paul A. Duffy
    Hon. Kahalah A. Dixon, Circuit Clerk, with Certified copy of Order

EXHIBIT
4

DEC-29-2011  15:51       5TH DIST CLERK                    618 242 9133     P.02/03

NO. 5-11-0566

IN THE

APPELLATE COURT OF ILLINOIS.

FIFTH DISTRICT

**FILED**

**DEC 2 9 2011**

**JOHN J. FLOOD**
CLERK APPELLATE COURT, 5TH DIST.

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, ) | |
| ) | |
|   Petitioner, ) | |
| ) | |
|   v. ) | Appeal from the |
| ) | Circuit Court of |
| AT&T INTERNET SERVICES, BRADLEY ) | St. Clair County. |
| UNIVERSITY, CEBRIDGE CONNECTIONS, ) | |
| CELLCO PARTNERSHIP d/b/a VERIZON ) | |
| WIRELESS, CLEARWIRE US LLC, ) | |
| COMCAST CABLE HOLDINGS, LLC, ) | |
| EASTERN ILLINOIS UNIVERSITY, ) | |
| FAIRPOINT COMMUNICATIONS, INC., ) | |
| FRONTIER COMMUNICATIONS OF ) | |
| AMERICA INC., HARGRAY ) | |
| COMMUNICATIONS GROUP INC., ) | No.: 11-L-621 |
| HOSTFORWEB INC., HOSTING SERVICES, ) | |
| INC., MEDIACOM COMMUNICATIONS ) | |
| CORP., MKE BRIDGED CIRCUITS, ) | |
| NORTHERN ILLINOIS UNIVERSITY, ) | |
| NORTHWESTERN UNIVERSITY, ) | |
| PAETEC-STARNET DIVISION, PSINET, ) | |
| INC., RCN CORPORATION, SANCTUARY ) | |
| HOST, SENTRAL  ASSEMBLIES & ) | |
| COMPONENTS, UNIVERSITY OF ILLINOIS ) | |
| AT CHICAGO, VERIZON ONLINE LLC, ) | |
| WAYPORT, INC., and WIDEOPENWEST ) | |
| ILLINOIS, ) | |
| ) | |
|   Respondents, ) | |
| ) | |
| VERIZON ONLINE LLC and AT&T ) | |
| INTERNET SERVICES, ) | |
| ) | |
|   Respondents-in-Discovery-Appellants. ) | |

## O R D E R

This cause coming on to be heard on the motion for stay pending appeal, filed by Verizon Online LLC and AT&T Internet Services, Respondents-in-Discovery-Appellants, and the court being advised in the premises:

IT IS THEREFORE ORDERED as follows:

The court will exercise its discretion under Supreme Court Rule 361(d) and act upon appellants' motion for stay prior to the time for filing a response has expired.

Appellants' motion for stay pending appeal is GRANTED.

The clerk shall notify the parties (by fax and by surface mail) and shall transmit to the clerk of the Circuit Court of St. Clair County (by fax and by surface mail) a certified copy of this order granting the stay.

TOTAL P.03



**JOHN J. FLOOD**
CLERK
(618) 242-3120

STATE OF ILLINOIS
APPELLATE COURT
FIFTH DISTRICT
14TH & MAIN STREETS
P.O. BOX 867
MT. VERNON, IL 62864-0018

February 10, 2012

Paul A. Duffy
Prenda Law, Inc.
161 North Clark St., Ste. 3200
Chicago, IL 60601

Michael O'Malley
Carey, Danis & Lowe
5111 West Main Street
Belleville, IL 62226

RE:   *Lightspeed Media Corporation v. AT&T Internet Services, et al.*
Appellate Court No. 5-11-0566
S. Clair County No. 11-L-621

Dear Counsel:

Enclosed please find an order which was filed today in the above cause.

Very truly yours,

John J. Flood, Clerk

JJF/reo
Enclosure
cc:    Troy A. Bozarth
Hon. Kahalah A. Dixon - St. Clair County Circuit Clerk

RECEIVED FEB 13 2012

C230

EXHIBIT
5

NO. 5-11-0566

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

FILED

FEB 1 0 2012

JOHN J. FLOOD
CLERK APPELLATE COURT, 5TH DIST

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORPORATION, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Appeal from the |
| | ) | Circuit Court of |
| AT&T INTERNET SERVICES, BRADLEY | ) | St. Clair County. |
| UNIVERSITY, CEBRIDGE CONNECTIONS, | ) | |
| CELLCO PARTNERSHIP d/b/a VERIZON | ) | |
| WIRELESS, CLEARWIRE US LLC, | ) | |
| COMCAST CABLE HOLDINGS, LLC, | ) | |
| EASTERN ILLINOIS UNIVERSITY, | ) | |
| FAIRPOINT COMMUNICATIONS, INC., | ) | |
| FRONTIER COMMUNICATIONS OF | ) | |
| AMERICA INC., HARGRAY | ) | |
| COMMUNICATIONS GROUP INC., | ) | No.: 11-L-621 |
| HOSTFORWEB INC., HOSTING SERVICES, | ) | |
| INC., MEDIACOM COMMUNICATIONS | ) | |
| CORP., MKE BRIDGED CIRCUITS, | ) | |
| NORTHERN ILLINOIS UNIVERSITY, | ) | |
| NORTHWESTERN UNIVERSITY, | ) | |
| PAETEC-STARNET DIVISION, PSINET, | ) | |
| INC., RCN CORPORATION, SANCTUARY | ) | |
| HOST, SENTRAL  ASSEMBLIES & | ) | |
| COMPONENTS, UNIVERSITY OF ILLINOIS | ) | |
| AT CHICAGO, VERIZON ONLINE LLC, | ) | |
| WAYPORT, INC., and WIDEOPENWEST | ) | |
| ILLINOIS, | ) | |
| | ) | |
| Respondents, | ) | |
| | ) | |
| VERIZON ONLINE LLC and AT&T | ) | |
| INTERNET SERVICES, | ) | |
| | ) | |
| Respondents-in-Discovery-Appellants. | ) | |

<u>O R D E R</u>

This cause coming on to be heard on the court's own motion, and the court being advised in the premises, finds:

That on January 3, 2012, petitioner, Lightspeed Media Corporation, filed a "Motion to Reconsider the Appellate Court's Grant of Respondents, Verizon Online LLC'S and AT&T Internet Services', Motion to Stay Pending Appeal," along with a memorandum in support thereof;

That on January 6, 2012, petitioner filed "Petitioner's Amendment to its Memorandum in Support of its Motion to Reconsider the Appellate Court's Grant of Respondents, Verizon Online LLC'S and AT&T Internet Services', Motion to Stay Pending Appeal";

That on January 20, 2012, petitioner filed a Supporting Record in support of its aforesaid motion in the form required by Supreme Court Rules 328, 361;

That on January 20, 2012, Verizon Online LLC and AT&T Internet Services, respondents-in discovery, filed a "Response to Petitioner's Motion to Reconsider the Appellate Court's Ruling on Respondents-in-Discovery Verizon Online LLC and AT&T Internet Services' Rule 305(d) Motion to Stay Pending Appeal";

That on January 23, 2012, petitioner filed "Petitioner's/Appellee's Motion to Dismiss Respondents'/Appellants' Verizon Online LLC's and AT&T Internet Services' Appeal for Lack of Subject Matter Jurisdiction";

That on January 31, 2012, respondents-in-discovery filed a "Response to Petitioner's Motion to Dismiss for Lack of Subject Matter Jurisdiction."

IT IS THEREFORE ORDERED as follows:

2

Petitioner's Motion to Reconsider Grant of Stay Pending Appeal is denied.

Petitioner's Motion to Dismiss Appeal for Lack of Jurisdiction is denied.

The Record on Appeal is due March 1, 2012.

Respondents-Appellants' brief is due April 5, 2012.

Petitioner-Appellee's brief is due May 10, 2012.

Respondents-Appellants' reply brief, if any, is due May 24, 2012.

3

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL DISTRICT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

LIGHTSPEED MEDIA CORPORATION,

    Plaintiff,

v.

DOES 1-160,

    Defendant.

CASE NO. 11 - 34345 CA 32

Judge:

Magistrate Judge:

THE ORIGINAL FILED

ON   OCT 1 9 2011

IN THE OFFICE OF
CIRCUIT COURT DADE CO
FLA. DIVISION

## COMPLAINT IN EQUITY FOR PURE BILL OF DISCOVERY

Plaintiff, Lightspeed Media Corporation, a foreign corporation, hereby sues unknown Doe Defendants, and alleges as follows:

### NATURE OF THE ACTION

1.    Through this Complaint, Plaintiff seeks to identify several unidentified Doe Defendants (hereinafter "Does") so that Plaintiff may file a computer fraud and abuse action against each of them.

### THE PARTIES

2.    Plaintiff is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business located in Arizona.

3.    Does are known to Plaintiff solely by an Internet Protocol ("IP") address given to Does by the Does' Internet Service Provider ("ISP"). An IP address is a unique number that is assigned to Internet users by an ISP at a given date and time. An ISP generally records the time and dates that it assigns each IP address to a subscriber and maintains for a period of time a record of such an assignment to a subscriber in logs maintained by the ISP.

1



EXHIBIT

tabbies

10.     Hacking is the act of gaining access without legal authorization to a computer or computer system. This is normally done through the use of special computer programming software. This password cracking software repeatedly attempts to guess a password until the correct password is ascertained. The software can attempt a great number of passwords in a short period of time, sometimes even a million per second, making this type of software very efficient at obtaining the password. Individuals that utilize this type software are called hackers.[1]

11.     Once a password is obtained, the hacker has unauthorized access to the protected content as long as the password remains valid. Sometimes a hacker will post the hacked password on a hacked password website, making it available to the members or visitors of that website. The hacker may even charge individuals for use of the hacked password and make a profit off of the loss and harm he or she has caused to the website owner or users. There are not necessarily any limits on how often or by how many people a password can be used, so a single hacked password can potentially allow unauthorized access to limitless numbers of individuals.

## FACTUAL ALLEGATIONS

12.     Plaintiff is the owner and operator of an adult entertainment website. Plaintiff invests significant capital in maintaining and operating this website. Plaintiff makes the website available only to those individuals who have been granted access to Plaintiff's website content (i.e. paying members). This access is given to members of the Plaintiff's website who sign-up and pay a fee to access the content. Access to this content is protected by a password assigned to each individual member.

---

[1] The technical definition of "hacker" is actually much broader and includes anyone who modifies a computer system to accomplish a goal—whether authorized or not (very similar to a computer programmer). A "cracker" is the technically correct definition of someone who gains unauthorized access to a computer. However, the common, popular definition of "hacking" is generally understood to be that of a "cracker." In this document any references to "hacker" or "hacking" will refer to their common definition of "cracker" or "cracking."

3

13.     Does in this case gained unauthorized access to Plaintiff's private website. Does used a hacked password to gain unlawful access to the member's sections of Plaintiff's websites. Through these hacked passwords Does could consume Plaintiff's content as though they were actual members. They could even download Plaintiff's private content and disseminate that information to other unauthorized individuals.

14.     Since Does access the website through a hacked password, they are not required to provide any identifying personal information, such as their true names, addresses, telephone numbers or email addresses. Does can only be identified by their IP addresses.

15.     Plaintiff retained Arcadia Data Security Consultants, LLC ("Arcadia") to identify the IP addresses associated with the hackers that use hacked passwords and the Internet to access Plaintiff's private website and content.

16.     Arcadia used forensic software named Trader Hacker and Intruder Evidence Finder 2.0 (T.H.I.E.F.) to detect hacking, unauthorized access, and password sharing activity on Plaintiff's websites. The individuals committing these unlawful activities are identified by their IP addresses as well as the dates and times they unlawfully accessed Plaintiff's websites.

17.     Once the IP address and date and time of unlawful access were ascertained, Arcadia used publicly available reverse-lookup databases on the Internet to determine what ISP issued the IP address. This information is set forth in Exhibit A.

18.     In addition to logging IP addresses, Arcadia's software logged other important information into a uniform database, such as the specific websites that were unlawfully accessed and the files that were downloaded during that unauthorized access. A summarization of this information is set forth in Exhibit B.

19.     A declaration attesting to Arcadia's software is attached as Exhibit C.

4

## COUNT I: PURE BILL OF DISCOVERY

20.     The allegations contained in the preceding paragraphs are hereby re-alleged as if fully set forth herein.

21.     Each Doe used one or more hacked passwords to gain unauthorized access to Plaintiff's website and protected content in direct violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. A private right of action exists under the Act under 18 U.S.C. § 1030(g).

22.     The above alleged facts support claims of computer fraud and abuse by Plaintiff against Does. Plaintiff will be an actual party, and not merely a witness or other third party to the claims brought against Does.

23.     Plaintiff does not know Does true identities. Each of Does' true identities are known only to each Doe and by the ISP to which each Doe subscribes.

24.     Plaintiff seeks the name, address, telephone number, email address, MAC address and any other form of information that may be used to identify Does. Plaintiff is interested in and entitled to this information so that Plaintiff may bring claims of computer fraud and abuse against Does.

25.     Plaintiff has a right to the relief sought in order to identify the unknown Does, which is a condition precedent to Plaintiff serving process upon such Does.

26.     The discovery sought is material to Plaintiff's anticipated actions at law.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment:

(A)     Authorizing Plaintiff to serve subpoenas to compel the ISPs listed in Exhibit A to this pleading to turn over the following personal identification information it currently possess, and may identify in the future during the course of this litigation, for each IP address linked to each individual Doe described in Exhibit A to this pleading:

5

- True Name;

- Address;

- Telephone Number;

- E-mail Address; and

- Media Access Control Address.

(B)    Ordering the ISPs served with Plaintiff's subpoenas pursuant to this Court's authorization to respond to Plaintiff's subpoenas in their entirety.

(C)    Granting Plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

LIGHTSPEED MEDIA CORPORATION

DATED: October 18, 2011

By: _____

JOANNE DIEZ—Florida Bar No. 276110
Attorney E-Mail Address:
jodiez@wefightpiracy.com
Steele Hansmeier, PLLC
1111 Lincoln Road, #400
Miami Beach, FL 33139
Telephone: (305) 531-2503
Telecopier: (305) 748-2103
*Attorney for Plaintiff*

6

## CERTIFICATE OF SERVICE

I hereby certify that on _____ *12-19* ___, 2011, I served the foregoing document

by hand-delivery on the persons set forth on the service list.

By: _____

Joanne Diez, Esq.

7



# Locke Lord LLP

Attorneys & Counselors

100 Congress, Suite 300
Austin, TX 78701
Telephone  512-305-4700
Fax  512-305-4800
www.lockelord.com

Ben Huffman
Direct Telephone  512-305-4745
Direct Fax  512-391-4741
bhuffman@lockelord.com

February 27, 2012

***Via E-mail and U.S. mail***

Michael O'Malley
Carey Danis, & Lowe
5111 W. Main Street
Belleville, IL 62226

Re:     *Lightspeed Media Corporation v. John Doe*, No. 11-L 683, in the Circuit Court of the Twelfth Judicial Circuit, St. Clair County, Illinois

Dear Mr. O'Malley:

I am writing on behalf of entities denoted by you as AT&T Internet Services, BellSouth.net, Cellco Partnership d/b/a Verizon Wireless, Centurytel Internet Holdings Inc., Cox Communications, Inc., Embarq Communications, Inc., Qwest Communications Company LLC, Verizon Online LLC, and Wayport, Inc. (collectively, the "Objecting ISPs") with respect to subpoenas that have been or may be issued to any of them in the above-referenced proceeding. This proceeding and the discovery sought therein are unduly burdensome, improper, and an obvious attempt to circumvent the rights and interests of the Objecting ISPs and what appears to be in excess of six thousand five hundred (6,500) unnamed, unrepresented "co-conspirators" located across the country.

In this proceeding, Plaintiff simultaneously maintains that the alleged "co-conspirators" are not parties, and therefore that personal jurisdiction, venue, and related procedural issues do not matter, but also that the "co-conspirators" are part of an actionable conspiracy and therefore the court should order discovery from the ISPs.[1]  At bottom, there is no legitimate or factual basis for the contention that a single, unnamed, alleged "hacker" (*i.e.*, the single John Doe defendant) "conspired" with thousands of other unnamed, alleged "hackers," in connection with activity allegedly involving multiple, unspecified websites and allegedly occurring over a period of time spanning four calendar months. *Cf. Reuter v. MasterCard Int'l*, Inc., 397 Ill.App.3d 915, 927, 921 N.E.2d 1205, 1216 (5th Dist. 2010) ("Civil conspiracy is an intentional tort.").

---

[1] Put another way, Plaintiff wants to implicate thousands of individuals in this lawsuit in order to obtain their personally identifiable information, but Plaintiff does not want the interests of those thousands of individuals to be actually considered by the court.

C241



EXHIBIT

7

Michael O'Malley
February 27, 2012
Page 2

In actuality, Plaintiff does not seek the ISPs' subscriber information in order to amend its suit and sue identified individuals in state court in St. Clair County, Illinois. Rather, Plaintiff seeks to obtain a trove of personally identifiable information in order to coerce settlement from thousands of Internet subscribers located across the country, many of whom may not be the individuals who allegedly committed any wrongs.[2]

Plaintiff has not and cannot show "good cause" for obtaining early discovery as to the thousands of alleged "co-conspirators" pursuant to Illinois Supreme Court Rule 201(d). Illinois Supreme Court rules limit discoverable material to that "relevant to the subject matter involved in the pending action." S. Ct. Rule 201(b)(1). The right to discovery is limited to the disclosure of matters that will be relevant to the case at hand in order to protect against abuses and unfairness, and a court should "deny a discovery request where there is insufficient evidence that the requested discovery is relevant or will lead to such evidence." *Youle v. Ryan, M.D.*, 349 Ill.App.3d 377, 380-381, 811 N.E.2d 1281, 1283 (4th Dist. 2004).

Here, Plaintiff's allegations and evidentiary support are limited to alleged wrongdoing by individuals acting separately, and are devoid of any indicia of conspiracy.[3]  There is no legitimate basis for Plaintiff's assertion that thousands of unnamed, unrepresented individuals allegedly "conspired" with the single John Doe defendant to commit any

---

[2] Courts dealing with similar suits have repeatedly recognized that a given Internet subscriber may not be the individual who was actually using the Internet account in question. *E.g., Digital Sin, Inc. v. Doe*, No. 1:12-cv-00126, 2011 U.S. Dist. LEXIS 128033, at *5-6 (N.D. Cal. Nov. 4, 2011) ("[Plaintiff's] [c]ounsel stated that the true offender is often the 'teenaged son ... or the boyfriend if it's a lady.'....Alternatively, the perpetrator might turn out to be a neighbor in an apartment building that uses shared IP addresses or a dormitory that uses shared wireless networks."). Courts have also recognized that the sexually explicit subject matter involved, as well as the costs of engaging legal counsel, may lead an individual to settle regardless of culpability. *E.g., MCGIP, LLC v. Doe*, No. 4:11-cv-02331, 2011 U.S. Dist. LEXIS 108109, at *8 n.5 (N.D. Cal. Sept. 16, 2011) ("[S]ubscribers, often embarrassed about the prospect of being named in a suit involving pornographic movies, settle....Thus, these mass copyright infringement cases have emerged as a strong tool for leveraging settlements – a tool whose efficiency is largely derived from the plaintiffs' success in avoiding the filing fees for multiple suits and gaining early access *en masse* to the identities of alleged infringers."); *K-Beech, Inc. v. Does 1-85*, 11-CV-00469 at 4 (E.D. Va. Oct. 5,2011) ECF No. 9 ("This course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does.").

[3] Even the limited evidentiary basis that Plaintiff has provided is particularly suspect, given that Plaintiff's owner is also its purported forensic investigator.  (*See* Compl. ¶ 14 ("Plaintiff retained Arcadia Data Security Consultants, LLC ('Arcadia') to identify IP addresses...") Certif. of Disclosure (Declarant Steve Jones, Founder and CEO of Arcadia and programmer of the software used is also the owner of Plaintiff).) It is also notable that Plaintiff vaguely complains of password-sharing, and evidently bases its "conspiracy" allegations on such activity, yet Plaintiff evidently did not record the passwords allegedly used by any of the thousands of allegedly conspiring "hackers," and Plaintiff evidently does not employ even basic security measures that would, for example, prevent excessive use of any given "hacked" password. (*See* Compl. Ex. B; Decl. of Steve Jones ¶ 6 ("There are no limits to the number of individuals that can use a single hacked password...").)

Michael O'Malley
February 27, 2012
Page 3

particular legal wrong.  The elements of a conspiracy are (i) an agreement between two or more persons to participate in an unlawful act, or a lawful act in an unlawful manner; (ii) an injury caused by an unlawful overt act performed by one of the parties; and (iii) that the overt act was done pursuant to and in furtherance of the common scheme. *Vance v. Chandler*, 231 Ill.App.3d 747, 750, 597 N.E.2d 233, 236 (3rd Dist. 1992). Plaintiff has made no showing of any communication or contact at all between the John Doe defendant and any of the thousands of alleged "co-conspirators," let alone any agreement as to any common scheme.  *Redelmann v. Claire Sprayway, Inc.*, 375 Ill.App.3d 912, 924, 874 N.E.2d 230, 241 (1st Dist. 2007) (civil conspiracy complaint must allege existence of an agreement); *see also Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill.2d 12, 23, 694 N.E.2d 565, 571 (Ill. 1998) (in Illinois, plaintiff must plead the facts essential to his cause of action; unsupported conclusions are not sufficient).

Plaintiff concedes that it seeks mass discovery herein prior to any assessment of whether joinder is proper as to the thousands of implicated individuals artfully referred to as "co-conspirators." (Mot. for Leave to Take Early Discov., Sec. IV ("Plaintiff may seek in the future to join any number of the co-conspirators to this suit so long as their joinder is proper ....").)   Moreover, even if joinder were proper, most of the alleged "co-conspirators" appear to be located outside Illinois and would not be subject to the personal jurisdiction of this Court.  *See, e.g., Millenium TGA v. Doe*, No. 1:10-cv-05603, 2011 U.S. Dist. LEXIS 110135 (N.D. Ill. Sept. 26, 2011) (*citing CP Productions, Inc v. Does 1-300*, No. 10 C 6255, February 24, 2011, order, Dkt. #32 (N.D. Ill.) (denying motion for reconsideration of the court's earlier order dismissing without prejudice all 300 Doe defendants in part because "there is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist.")) (dismissing Doe defendant on personal jurisdiction and venue grounds).

There is simply no "good cause" in Plaintiff's suit sufficient to warrant expedited discovery to obtain the personally identifiable information of over six thousand Internet subscribers (i) who are not even alleged to have any particular association with the single John Doe defendant; (ii) who may not even be the individuals who were using the Internet accounts when any wrongs were allegedly committed; (iii) as to whom this Court is likely not to have personal jurisdiction or venue, and (iv) as to which joinder is not likely to be proper.  *See Redelmann*, 375 Ill.App.3d at 927 (noting the trial court's "unwilling[ness]" to permit plaintiff to go on a fishing expedition where plaintiff "failed to explain how discovery will help him overcome the pleading deficiencies"—namely that plaintiff failed to "plead facts that establish all the elements in his conspiracy counts"); *see also Evitts v. DaimlerChrysler Motors Corp.*, 359 Ill.App.3d 504, 514, 834 N.E.2d 942, 952 (5th Dist. 2005) ("Discovery is not necessary where a cause of action has not been stated."); *accord First Time Videos, LLC v. Doe*, No. CIV S-11-3478, 2012 U.S. Dist. LEXIS 15810 (E.D. Cal. Feb. 8, 2012) (finding that plaintiff's "request to conduct

Michael O'Malley
February 27, 2012
Page 4

expedited discovery regarding all of the alleged co-conspirators is not reasonable and is not supported by good cause").

The Objecting ISPs request that Plaintiff withdraw all subpoenas that have been issued to any of them in this proceeding, and that Plaintiff agree to refrain from issuing any subpoenas to any of the Objecting ISPs or their affiliates in connection with this proceeding.   Please let me know Plaintiff's response by the close of business on Wednesday, February 29, 2012.  If all outstanding subpoenas to the Objecting ISPs are not withdrawn by then, some or all of the Objecting ISPs intend to file motions to quash and/or for a protective order, and to seek recovery of their attorneys' fees and costs.  If Plaintiff does not withdraw all pending subpoenas at this point, but decides to do so after the ISPs file motions for a protective order and/or to quash (as has been our experience in other, similarly improper proceedings), please be advised that the ISPs will nonetheless continue to seek recovery of their costs and attorneys' fees, because those costs and attorneys' fees could have been minimized or avoided had Plaintiff withdrawn the subpoenas before such motions were prepared and finalized for filing.

Sincerely,

Bart W. Huffman

cc:    Joseph Perea
       Paul Duffy
       Troy Bozarth
       Lauren Fincher – Firm

472961v.2



**TROY A. BOZARTH**
LICENSED IN ILLINOIS
DIRECT DIAL: 618-307-1124
TAB@HEPLERBROOM.COM

**HeplerBroom** LLC

SAINT LOUIS ▪ CHICAGO ▪ SPRINGFIELD, IL
EDWARDSVILLE (Madison County), IL
www.heplerbroom.com

130 N. MAIN ST.
PO BOX 510
EDWARDSVILLE, ILLINOIS 62025
PH: 618-656-0184
FX: 618-656-1364

February 28, 2012

Michael O'Malley
Carey, Danis & Lowe
5111 W. Main Street
Belleville, IL 62226-4728

      In re:   Lightspeed Media Corporation vs. John Doe
      Case No.:   11-L-683
      Our clients:  Entities denoted by you as AT&T Internet Services, BellSouth.net, Cellco Partnership d/b/a Verizon Wireless, Centurytel Internet Holdings Inc., Cox Communications, Inc., Embarq Communications, Inc., Qwest Communications Company LLC, Verizon Online LLC, and Wayport, Inc. (collectively, the "Objecting ISPs")

Dear Mike,

      We received a request for a two day extension of the Wednesday, February 29, 2012 deadline to withdraw outstanding subpoenas contained in Bart Huffman's letter to you dated February 27, 2012. We would be agreeable to the requested extension and will extend the deadline until the close of business Friday, March 2, 2012. The extension is contingent upon the additional agreement of the Plaintiff that the response date to all pending subpoenas to any of the Objecting ISPs, which will otherwise remain in effect, will be moved to Wednesday, March 7, 2012, in order to allow time for the Objecting ISPs to file any motion to quash or other motion they deem necessary should the subpoenas not be withdrawn.

      Please confirm your agreement by signing below and returning this letter to me.

                         Respectfully,

                         Troy A. Bozarth

AGREED:

Michael O'Malley
for the Plaintiff

C245

EXHIBIT
8

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 11-L-683 |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

---

**AFFIDAVIT OF LAUREN M. FINCHER**

---

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TRAVIS | § |

BEFORE ME, the undersigned authority, personally appeared Lauren M. Fincher, who, after being by me duly sworn, deposed as follows:

1.      My name is Lauren M. Fincher.  I am over 18 years of age, of sound mind, and fully competent to make this Affidavit.  I have personal knowledge of the matters stated herein, and they are true and correct.  I am an attorney with Locke Lord LLP ("Locke Lord"), which represents Internet service providers ("ISPs") Embarq Communications, Inc., Verizon Online LLC, AT&T Internet Services, BellSouth.net, Cellco Partnership d/b/a Verizon Wireless, Centurytel Internet Holdings Inc., Cox Communications, Inc., Qwest Communications Company LLC, and Wayport, Inc. in the above-captioned case.

2.      I have reviewed Plaintiff's Complaint in this matter that was filed on December 14, 2011 ("Complaint") and its Exhibit B.  I selected a sample of twenty-five IP address entries

**AFFIDAVIT OF LAUREN M. FINCHER—PAGE 1**

**EXHIBIT**
**B**

from those listed on Exhibit B. Then, I reviewed generally-available resources to approximate the geographic location of IP addresses, and my review indicated that the sample of twenty-five (25) IP addresses from Exhibit B are associated with locations in fourteen different states: Alabama, Arkansas, California, Illinois, Indiana, Massachusetts, Missouri, New Jersey, Ohio, Pennsylvania, South Carolina, Tennessee, Texas, and Virginia.

3.      In addition, I reviewed four subpoenas that have been served by Plaintiff in this matter. True and correct copies of those subpoenas as attached hereto as Exhibits 1-4. One of the subpoenas was issued to Embarq Communications, Inc. ("Embarq") and the other three subpoenas were issued to Verizon Online LLC ("Verizon"). Each of the aforementioned subpoenas include an attachment listing IP addresses. Using generally-available resources to determine the Internet Service Provider ("ISP") associated with a given IP address, I determined the ISP associated with samples of ten (10) IP addresses from those listed in the subpoena attachment for each subpoena, as discussed further below.

4.      The subpoena attachment for one of the subpoenas served on Verizon lists approximately one hundred (100) IP addresses. *See* Exhibit 2. A spot-check of ten (10) of those IP addresses reveals none that are associated with Verizon – rather, nine (9) are associated with "Qwest" and one (1) is associated with "Telus".

5.      The subpoena attachment for another of the subpoenas served on Verizon lists approximately one thousand one hundred (1,100) IP addresses. *See* Exhibit 4. A spot check of ten (10) of those IP addresses reveals none that are associated with Verizon – rather, all ten (10) are associated with "Comcast Cable Communications Holdings".

FURTHER AFFIANT SAYETH NOT.

AFFIDAVIT OF LAUREN M. FINCHER—PAGE 2

_Lauren M. Fincher_

Lauren M. Fincher

SUBSCRIBED AND SWORN TO BEFORE ME on the 19th day of March, 2012, to

certify which witness my hand and official seal.

ROXANE C. GONZALES
MY COMMISSION EXPIRES
March 6, 2015

Notary Public, State of Texas

**AFFIDAVIT OF LAUREN M. FINCHER—PAGE 3**

DEC-28-2011 11:00   From:9133456683                                    Page:1/8


# CT Corporation

**Service of Process Transmittal**
12/27/2011
CT Log Number 519705707

TO:   Stacey Goff, Attorney
      CenturyLink, Inc.
      100 Century Park Drive
      Monroe, LA 71203-

RE:   **Process Served in Illinois**

FOR:  Embarq Communications, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lightspeed Media Corporation, Petitioner vs. John Doe // To: Embarq Communications, Inc. |
| **DOCUMENT(S) SERVED:** | Subpoena, Check, Order, Attachment(s) |
| **COURT/AGENCY:** | St. Clair County - 20th Judicial Circuit Court, IL Case # 11L683 |
| **NATURE OF ACTION:** | Subpoena - Business records - Pertaining to IP Addresses 184.1.156.234, 184.6.146.110, etc. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/27/2011 at 09:05 |
| **JURISDICTION SERVED:** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | 03/05/12 at 10:00 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Michael O'Malley 161 N Clark St Suite 3200 Chicago, IL 60601 312-344-3207 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 793059252870 Image SOP<br>Email Notification, Vickie Sartor VICKIE.SARTOR@CENTURYTEL.COM<br>Email Notification, Stacey Goff STACEY.GOFF@CENTURYTEL.COM<br>Email Notification, Diane Barnes Diane.Barnes@centurylink.com<br>Email Notification, Art Walker arthur.walker@centurylink.com<br>Email Notification, Nancy Shelledy nancy.l.shelledy@centurylink.com<br>Email Notification, Stacey Goff STACEY.GOFF@CENTURYTEL.COM<br>Email Notification, Vickie Sartor VICKIE.SARTOR@CENTURYTEL.COM<br>Email Notification, Nancy Shelledy nancy.l.shelledy@centurylink.com<br>Email Notification, Diane Barnes Diane.Barnes@centurylink.com<br>Email Notification, Art Walker arthur.walker@centurylink.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Thad DiBartelo |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of 1 / FR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT**

DEC-28-2011 11:00    From:9133456683                                    Page:2/8

