*Ex A.*

# renda Law Inc.

February 24, 2012

**Via U.S. Certified Mail**

*Re:*   *Lightspeed Media Corporation v. John Doe*
        *11-L-683*

Dear Custodian of Records:

Enclosed, please find a subpoena and attachment issued in the above-referenced matter, which is currently pending in the Circuit Court of the Twentieth Judicial Circuit St. Clair County, Illinois. Specifically, our client is requesting identifying information with respect to subscriber(s) who were associated with IP addresses controlled by your organization at a given date and time. In our subpoena, we have included the IP address, Time, and Time Zone in our search requests.

In lieu of appearing at the deposition, you may comply with the subpoena by mailing or providing electronically legible and complete copies of all specified documents, objects or tangible things requested in the enclosed subpoena on or before the due date listed on subpoena.

We regularly receive requests from Internet Service Providers for electronic copies of the enclosed documents, which we are pleased to fulfill. To receive these documents please e-mail your request to our office at the following e-mail address:

subpoena@wefightpiracy.com

If you have any other questions or concerns regarding this request please direct them to the above e-mail address or feel free to call our offices directly at 312-344-3207. We will do everything in our power to minimize the burden imposed on your organization associated with our request.

Sincerely,

*Prenda Law Inc. Subpoena Team*

Fax: 312.893.5677         161 N Clark St., Suite 3200, Chicago, IL 60601         Tel: 312.880.9160
Fax: 305.748.2103         1111 Lincoln Rd., Suite 400, Miami Beach, FL 33139         Tel: 305.748.2102

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS
LAW DIVISION

LIGHTSPEED MEDIA CORPORATION,                )
                                             )
                  Plaintiff,                 )        No. 11 L 683
                                             )
         v.                                  )
                                             )
JOHN DOE,                                    )
                                             )                    FILED
                  Defendant.                 )              ST. CLAIR COUNTY
                                             )
                                             )              DEC 1 6 2011
_____)

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE
EARLY DISCOVERY PURSUANT TO SUPREME COURT RULE 201(d)**

The Court has reviewed the Complaint with attached Exhibits, Plaintiff's Motion for

Leave to Take Early Discovery, the Memorandum of Law filed in support thereof, and relevant

case law.  Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

    1.    Plaintiff's Motion for Leave to Take Early Discovery.

    2.    Plaintiff may immediately serve each of the Internet Service Providers ("ISPs")

listed in Exhibits A and B to the Complaint with a subpoena commanding each ISP to provide

Plaintiff with the true name, address, telephone number, email address, Media Access Control

("MAC") address, and any other form of contact information that may be used to identify John

Doe and each of his co-conspirators to whom the ISP assigned an Internet Protocol ("IP")

address as set forth on Exhibits A and B to the Complaint.

    3.    Plaintiff may also serve a subpoena in the same manner as above on any ISP that

is identified in response to a subpoena as a provider of internet services to one John Doe or his

co-conspirators.

4.      Each of the ISPs that qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons;
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[,]

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[,]

by sending a copy of this Order to the Internet subscribers of whom identifying information is sought. Each ISP will have thirty (30) days from the date a copy of this Order and a copy of the subpoena are served to respond, so that it may have sufficient time to provide this notice to the subscribers.

5.      Subscribers shall have thirty (30) days from the date of notice of the subpoena upon them to file any motions in this Court to contest the subpoena. If the thirty-day period lapses without a contest, the ISPs will have ten (10) day thereafter to produce the information in response to the subpoena to Plaintiff.

6.      The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual or for the ISP's internal cost to notify its customers. If necessary, the Court shall resolve any

**IN THE CIRCUIT COURT**
**FOR THE 20th JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

LIGHTSPEED MEDIA CORPORATION

PETITIONER

vs.

JOHN DOE

NO.  11-L-683

**SUBPOENA FOR DEPOSITION**

TO:  Perry-Spencer Communications, Inc. c/o James M. Dauby 11877 E. State Road 62, St. Meinrad, IN 47577

YOU ARE COMMANDED to appear to give your deposition before a notary public in

Room No.  3200        at  161 N. Clark St., Chicago, IL 60601                               on the

11  day of                  May                20 12   at   10:00     ■ a.m. ☐ p.m.

YOU ARE COMMANDED ALSO to bring the following:

The name, current (and permanent) addresses, telephone numbers, e-mail addresses

and Media Access Control addresses, and any other form of contact information that  may

be used to identify all persons whose IP addresses are listed in the attached spreadsheet.

in your possession or control.

YOUR FAILURE TO APPEAR IN RESPOSNE TO THIS SUBPOENA WILL SUBJECT YOU TO
PUNISHMENT FOR CONTEMPT OF THIS COURT.

WITNESS,                                          20  11

KAHALAH A. DIXON
(Clerk of the Circuit Court)

(Seal of Court)

by                                    
                                   (Deputy)

I served this subpoena by handing a copy to   James M. Dauby  - via U.S. Certified Mail

on the     24    day of     February          20  12  .  I paid the witness   $

for witness and mileage fees.

Signed and sworn to before me on this  _____ day of _____   20 _____ .

                    (Notary Public)

Attorney     Michael O'Malley
Address      161 N Clark St. Ste 3200
City / State / ZIP    Chicago, IL 60601
Telephone    312-344-3207

SUBPOENA ATTACHMENT

The times listed below are in Coordinated Universal Time (UTC)

| IP Address | Date/Time (UTC) |
|---|---|
| 216.49.114.76 | 9/17/2011 22:12 |

**IN THE CIRCUIT COURT
FOR THE 20th JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS**

FILED
ST. CLAIR COUNTY
MAR 2 6 2012
*[signature]*
CIRCUIT CLERK

LIGHTSPEED MEDIA CORPORATION,      )
                                   )
          Plaintiff,               )
                                   )      No.  11-L-683
v.                                 )
                                   )
JOHN DOE,                          )
                                   )
          Defendant.               )
                                   )

## MOTION FOR LEAVE TO FILE MEMORANDUM IN EXCESS OF TEN (10) PAGES IN SUPPORT OF MOTION TO QUASH AND/OR MOTION FOR PROTECTIVE ORDER

COMES NOW, Comcast Cable Communications, LLC  (Comcasst), and for an order on their Motion for Leave to File Memorandum in Excess of Ten (10) Pages, state as follows:

1.     On or about December 14, 2011 Plaintiff filed its Complaint with this Court. On December 16, 2011, Plaintiff filed its Motion for Leave to Take Early Discovery Pursuant to Illinois Supreme Court Rule 201(d) and Memorandum of Law in Support. The Court granted this order on December 16, 2011.

2.     In order to fully inform the Court's decision and more a complete record of the issues before the Court on certain ISPs' Motion to Quash and for Protective Order, a small page limit extension of not more than ten (10) additional pages is necessary.

3.     No party will be prejudiced by this extension and the Court will have a more complete view of the issues on which to form its decision.

WHEREFORE, for the reasons stated above, Comcast requests that the Court enter an Order granting their Motion for Leave to File Memorandum in Excess of Ten (10) Pages in Support of Motion to Quash and/or Motion for Protective Order.

Cause No. 11-L-683
Page **1** of **3**

Dated:  March 26, 2012

By their attorneys,

Andrew G. Toennies
**LASHLY & BAER, P.C.**
20 East Main Street
Belleville, Illinois 62220-1602
(618) 233-5587


*Of counsel:*

John D. Seiver
Leslie G. Moylan
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
(202) 973-4200

*Counsel for Non-Party Comcast Cable
Communications, LLC*

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed and emailed and faxed, postage prepaid, this 26th day of March, 2012, to:

Mr. Kevin Hoerner
Becker, Paulson Hoerner & Thompson
5111 West Main
Belleville, IL  62226

Paul A. Duffy
Prenda Law
161 N. Clark Street, Suite 3200
Chicago, IL  60601
Via Facsimile and mail (312) 880-9160

Cause No. 11-L-683
Page **3** of **3**

C331

**IN THE CIRCUIT COURT
FOR THE 20th JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS**

LIGHTSPEED MEDIA CORPORATION,     )
                                       )
        Plaintiff,                   )
v.                                    )   No.  11-L-683
                                       )
JOHN DOE,                           )
                                       )
        Defendant.               )

FILED
ST. CLAIR COUNTY
MAR 3 0 2012
Kahnh a. Dyer
CIRCUIT CLERK

## MOTION TO CONTINUE

COMES NOW, Comcast, one of the parties subpoenaed by the Plaintiff in this matter, and for its Motion to Continue, states as follows:

1.      Plaintiff's attorney set all motions for hearing unilaterally on April 5, 2012 before this Honorable Court.  Counsel for the non-party ISP's received the notice yesterday, March 29, 2012.

2.      None of the other parties who filed their motions are available on that day including the attorneys for Comcast and the other ISP's who objected to the subpoena.

3.      The undersigned counsel faxed a letter to Paul Duffy, attorney for Plaintiff on March 29, 2012, asking for an additional week so the attorneys for the parties could argue the motions. Mr. Duffy has refused to consent to continuing the hearing one week. The undersigned counsel has tried to reach Plaintiff's local counsel regarding this request and he has not responded.

4.      No one else has an objection to moving the motions back an additional week or an available date for this Court and the other attorneys involved.

Dated:  March 30, 2012    Respectfully submitted,

Andrew G. Toennies
**LASHLY & BAER, P.C.**
20 East Main Street
Belleville, Illinois 62220-1602
(618) 233-5587

*Of counsel:*
John D. Seiver
Leslie G. Moylan
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
(202) 973-4200

*Counsel for Non-Party Comcast Cable*
*Communications, LLC*

Cause No.  11-L-683
Page **2** of **3**

## CERTIFICATE OF SERVICE

A copy of the foregoing was mailed and faxed, postage prepaid, this 30th day of March, 2012, to:

Mr. Kevin Hoerner
Becker, Paulson Hoerner & Thompson
5111 West Main
Belleville, IL 62226
Facsimile (618) 235-8558


Paul A. Duffy
Prenda Law
161 N. Clark Street, Suite 3200
Chicago, IL 60601
Facsimile (312) 880-9160

Troy A. Bozarth
Dougglas A. Stultz
HeplerBroom, LLC
130 N. Main Street
Edwardsville, IL 62025
Facsimile (618) 656-1364

Cause No. 11-L-683
Page **3** of **3**

C334

State of Illinois

**IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS**

PLAINTIFF *Lightspeed*

vs. *Media*

No. *11-L-683*

Defendant

*John Doe*

FILED
ST. CLAIR COUNTY
APR 0 2 2012
Circuit Clerk

### ORDER

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ...................................................................................................................

IT IS THEREFORE ORDERED: *The hearing currently scheduled for April 5, 2012 is vacated. The hearing on all motions is scheduled for April 12, 2012 at 10:30 am in courtroom 401. Plaintiff will send any written response, it has to counsel by April 9, 2012.*

Attorneys:                                    Enter:

.................................................        .................................................
Plaintiff                                              Judge

.................................................
Defendant

CC-14-95

C335

FREEBURG PRINTING & PUBLISHING, INC. • 618-539-3320

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS**

LIGHTSPEED MEDIA CORPORATION,          )
              Plaintiff,          )
                         )          No. 11-L-683
    V,          )
JOHN DOE,          )
              Defendant.          )
                         )

FILED
ST. CLAIR COUNTY
APR 0 9 2012
CIRCUIT CLERK

**PLAINTIFF'S COMBINED OPPOSITION TO
NON-PARTIES' MOTION TO QUASH SUBPOENA**

### INTRODUCTION

Several nonparty Internet Service Providers (collectively, "ISPs") have collectively filed two motions to quash subpoenas that Plaintiff issued in accordance with this Court's December 16, 2011 Order (the "Order"). Comcast Cable Communications, LLC ("Comcast"), a nonparty Internet Service Provider ("ISP"), individually filed a motion to quash subpoenas and to vacate the Court's Order. In another motion, two nonparties, Embarq Communications, Inc. and Verizon Online LLC (who refer to themselves as "Moving ISPs"), along with seven (7) other nonparties (who refer to themselves as "Joining ISPs," and are referred to herein collectively along with Comcast as the "Nonparties")), have joined in filing of a motion seeking to quash subpoenas that Plaintiff issued pursuant to this Court's Order.

The Nonparties have no standing to object to the subpoenas on the grounds that they assert. In each case, the Nonparty seeks to raise a substantive defense to factual allegations in the Complaint that, if raised by a party (and if valid, which the Nonparties' arguments are not) would properly be the subject to a motion to dismiss under 735 ILCS 5/2-615 or 5/2-619. But the Nonparties, of course, are not parties, and they have no standing to make substantive

11-L-683
Page 1 of 9

arguments regarding the Complaint in this Court in order to avoid compliance with a validly-issued subpoena. They also have no standing to ask the Court to vacate its prior Order, which allowed Plaintiff to obtain discovery as to the identity of the Defendant in this case and his co-conspirators. The Court considered the arguments that the Nonparties now present when it granted Plaintiff's Motion for Leave To Take Expedited Discovery. The Nonparties' suggestion that the Court could not properly rule until hearing of the Nonparties' complaints over producing responsive information has no merit.

The Nonparties thus lack standing for any of their substantive arguments and, in any event, those arguments are legally and logically baseless. Their claims of "undue burden" fail because the Nonparties have not articulated a single valid reason why producing the information is overly burdensome, or anything beyond a mere desire not to produce the information subpoenaed. Finally, the request by the "Moving ISPs" and "Joining ISPs" to vacate the Order because Plaintiff's "principal," Steve Jones, whose declaration supported granting early discovery, has died, is a bizarre misstatement of fact. Their claim that Plaintiff's counsel informed Nonparties' counsel that Mr. Jones had died is unequivocally false, and Mr. Jones has not died. It seems inconceivable, in this day and age, that an affiliation of large telecommunications companies, all represented by counsel, would be collectively unable to pick up a telephone in order to confirmation that claim, but that is apparently what happened. Had they engaged in proper consultation with Plaintiff's counsel pursuant to Illinois Supreme Court Rule 201(k), they could have learned that their rumors of Mr. Jones' death were greatly exaggerated. They chose not to comply with Rule 201(k), and instead chose to waste judicial resources based upon an incorrect rumor of Mr. Smith's death.

As set forth below, Plaintiff was the victim of massive and widespread hacking of his website, in which Defendant, upon information and belief is a St. Clair County resident, participated in concert with thousands and thousands of others. Nonparties' claims that looking up the minimal information necessary for Plaintiff to identify the hackers is baseless, and the Court should reject the Nonparties' attempts to further delay this litigation.

## ARGUMENT

The Nonparties, while numerous, share the goal of seeking to avoid giving Plaintiff identifying information for Internet Protocol ("IP") owners observed hacking into, and illegally appropriating content from, Plaintiff's website. But the Nonparty are third-party subpoena respondents, not parties, and they do not have standing to make those substantive arguments. The Defendant, and anyone who may be joined as a defendant in the future, may make such substantive arguments directed to liability if they are named at parties. But the Nonparties have failed to point to anything that would confer standing upon them to make the arguments that they attempt. The Court should therefore deny both Motions.

**I.    PLAINTIFF HAS SUFFERED, AND CONTINUES TO SUFFER, SUBSTANTIAL HARM FROM THE NONPARTIES' CUSTOMERS WHO HAVE HACKED AND STOLEN FROM ITS WEBSITE.**

While the Nonparties speculate at very great length in the respective motions about the "strategy," "intentions" and "improper purposes" for seeking the discovery, they need not have bothered, because (i) Illinois law does not excuse a nonparty court-ordered subpoena respondent from its duty to comply based on baseless speculation as to a party's "strategy" and "intentions" for issuing it; and (ii) Plaintiff's strategy and intentions are clear in the Complaint. Plaintiff seeks to recover damages from those who hacked into its website and stole its content, and to prevent continued hacking in the future.

The Motions, despite their extraordinary lengths, are notable primarily because they do not dispute that the Nonparties' customers hacked Plaintiff's website and stole its content. The Nonparties, despite raising jurisdiction, joinder and other arguments that only a defendant has standing to raise, discontinued their substantive arguments when it came to addressing Plaintiff's factual allegations that the Defendant and his co-conspirators illegally hacked into Plaintiff's website. They do not deny that Defendant and his co-conspirators belong to a "hacking community where hacked passwords are passed back and forth among the members." Compliant ("Compl.") at ¶11. They do not contest that Defendant and his co-conspirators engaged in a series of transactions whereby they accessed and shared hacked passwords over the Internet, in order to access Plaintiff's private website and steal its content. (*Id.*) They do not counter the allegations that Defendant and his co-conspirators intentionally engaged in a concerted action with one another to access the same website and content. (*Id.*) And they do not contest the allegation that nearly 7,000 IP addresses, attached to Plaintiff Complaint, were involved in hacking into and stealing from Plaintiff's website.

Despite Nonparties' baseless arguments that Plaintiff's discovery is unduly burdensome, in reality, the individuals referenced in the Complaint are only a small percentage of hackers that have targeted Plaintiff. The extent of hacking of Plaintiff's property is staggering: Based upon information available to Plaintiff, Plaintiff's software blocked well over 330,000 unauthorized sign-on attempts to its website (over 2,500 per day) between August 1 and December 6, 2011 alone. The IP addresses listed in the Complaint represent less than two percent (2%) of the attempts to hack into Plaintiff's website. In total, hackers illegally downloaded over 170,000 files, using more than 3.5 terbytes of total bandwith, from Plaintiff's website. Furthermore, information available to Plaintiff demonstrates that nearly *twenty percent*, or 1,805, of the IP

addresses identified in the Complaint *attempted to hack into Plaintiff's website after this suit was filed*, with a new, hacked user- or passcode.  Of those, at least seventy-five have each attempted to hack Plaintiff's website *five or more times each* since the Complaint in this action was filed.

Plaintiff is the victim of an astonishing level of hacking, and that hacking continues with many of the IP addresses attached to the Complaint.  And Plaintiff's subpoenas are clearly not overly broad in any respect, despite Nonmovants' claims.  As shown above, even if the Nonparties comply with the subpoenas, they will identify only a small fraction of the hundreds of thousands of hackers attempting to impermissibly enter Plaintiff's website.  While Nonparties claim that the subpoenas are "unduly burdensome," they do not cite any facts to support that conclusion and, when weighed against the staggering amount of hacking that Plaintiff has been victim to by the IP addresses in the Complaint, which the Nonparties seek to protect from discovery, any burden to Nonparties is clearly insignificant by comparison to the ongoing harm being caused to Plaintiff.

Plaintiff filed suit in this Court because an IP owner, apparently a St. Clair County resident, acted in concert with thousands and thousands of others to steal Plaintiff's property in this County.  Plaintiff urgently needs to learn the identities of the Defendant and his co-conspirators in order to both calculate its damages, and to prevent the continued theft.  The Court should therefore not quash any subpoenas issued to the Nonparties seeking that information.

## II.   NONPARTIES HAVE NO BASIS TO AVOID COMPLYING WITH THE SUBPOENAS BASED UPON THEIR OTHER ARGUMENTS.

The Nonparties lack standing to make their other challenges to Plaintiff's subpoenas, and those arguments fail for logical and other infirmities as well.

### A.   Nonparties Were Never Informed That Mr. Jones Has Died.

Perhaps the most egregious of the Nonparties' invalid arguments is one by the "Moving ISPs" and "Joining ISPs" that one of the attorneys for the Plaintiff (Paul Duffy), advised them that that "Plaintiff's principal [Steve Jones] and owner had passed away."   MISP/JISP Memorandum at p. 11. The Nonparties argue that Mr. Jones "death" somehow vitiates the declaration that Mr. Jones supplied in support of early discovery.   Unfortunately for the Nonparties, however, their claim is unequivocally false. Plaintiff's counsel never informed them that Mr. Jones had died.   In reality, Plaintiff's counsel advised counsel for the Nonparties, in response to their unilateral threat that Plaintiff withdraw its subpoenas by a Wednesday or else they would file a motion to quash subpoenas, informed Nonparties that Mr. Jones' *father* had passed away, and asked for a two-day extension in their threat deadline in order to be respectful to Mr. Jones, and allow a reasonable time to address Nonparties' threats.  The Nonparties could have picked up a telephone to confirm their rumor that Mr. Jones had died.  Indeed, they were required to do at least as much before filing their Motion, pursuant to Illinois Supreme Court Rule 201(k), but they chose not to.  In any event, the Court should disregard Nonparties' attempt to use an incorrect rumor of a death to avoid complying with its subpoenas.

### B.   Other Arguments Fail.

Nonparties' other arguments are equally invalid:

The Moving and Joining ISP's argument that "Plaintiff has not demonstrated good cause for early discovery" as to the names of the co-conspirators (MISP/JISP Memorandum at p. 9), but  ignores the fact that this Court has already found that Plaintiff *has* demonstrated good cause,

04/10/2012   08:06                                  (FAX)                                P.008/010

when it issued the Order allowing Plaintiff to take that discovery. The Court's ruling is the rule of this case, which should not be vacated at the request of a nonparty.

The Nonparties' repeated argument that complying with the subpoenas would be "unduly burdensome" is, literally, baseless, because they offer no fact suggesting how producing the required information is "burdensome" in any way.

In both motions, the Nonparties address whether Plaintiff has properly alleged a cause of action for conspiracy. None of them, however, cite any valid legal authority from Illinois suggesting that the conspiracy claim is not well-pled. And they ignore the fact that there are four (4) other validly-pled causes of action in the Complaint and that, even if a party properly moved to dismiss the conspiracy claim, there would be four left for which the discovery of co-conspirators' identities is directly relevant.

While Nonparties argue that joinder is improper in this case, there is only one Defendant here. It is, however, axiomatic to say that a single defendant cannot be misjoined with himself and there cannot be improper joinder here.

Nonparties also argue that the Court lacks personal jurisdiction of the co-conspirators referenced in the Complaint. That argument fails because it is the ISPs who are subject to the subpoenas, not the IP owners. They cite no Illinois law suggesting that the Court must have personal jurisdiction over the IP owners for the ISP to be required to produce their names.

The argument that the claims here are not subject to jurisdiction of an Illinois State Court fails because Plaintiff has asserted five (5) counts arising under the laws of the State of Illinois, and there is no federal cause of action pending.

Comcast's "proposal" to perform only 50 IP address lookups per month in response to the Plaintiff's subpoenas is completely unjustified. To put Comcast's proposal in perspective, as of

February 15, 2012, Comcast serviced over 18 million high-speed Internet customers.[1] In other words, Comcast has systems in place to accurately bill, monitor and collect payments from *18 million* subscribers *every month*, but claims to only be able to process *fifty* IP address lookups in that same time frame. But subpoenas issued by the Courts of the State of Illinois are not an entrée to give-and-take negotiations, as Comcast appears to be inviting in its "proposal" to the Court. Instead, a subpoena's recipient is required to simply comply with a subpoena unless the subpoena would impose an undue burden. And if the recipient believes that the subpoena would impose an undue burden, the recipient must establish this fact, which Comcast and the other Nonparties have failed to do.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny the Comcast Motion, and the Moving-Joining ISP's Motion, in their entireties, and to grant any and all further relief that this Court deems to be reasonable and appropriate.

Respectfully submitted,

LIGHTSPEED MEDIA CORPORATION

By: _____
One of its Attorneys

DATED: April 9, 2012

Kevin T. Hoerner, #6196686
BECKER, PAULSON, HOERNER
& THOMPSON P.C.
5111 West Main Street
Belleville, IL 62226
(618) 235-0020
(618) 235-8558 - Fax

Paul A. Duffy, #6210496
PRENDA LAW, INC.
161 N. Clark Street, #3200
Chicago, IL 60601
(312) 880-9160
(312) 893-5677 - Fax

---

[1] *See Comcast Reports 1st Quarter 2011 Results, available at*
http://www.cmcsk.com/releasedetail.cfm?ReleaseID=574179 (last visited April 9, 2012).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served upon all parties to the above cause by facsimile, and by enclosing same in an envelope addressed to such parties as indicated by the pleadings herein, with postage fully prepaid, and by depositing said envelope in a U.S. Post Office mail box in Belleville, Illinois, on this 9th day of April, 2012.

Celestine Dotson
Attorney at Law
300 N. Tucker Blvd.
Suite 301
St. Louis, MO 63101

Andrew G. Toennies
Lashly & Baer, PC
20 East Main Street
Belleville, IL 62220

John D. Seiver
Leslie G. Moylan
Attorneys at Law
1919 Pennsylvania Ave., N.W.
Suite 800
Washington, D.C. 20006

Troy A. Bozarth
Douglas A. Stultz
HeplerBroom LLC
130 N. Main Street
Edwardsville, IL 62025

Andrew J. Rankin
Attorney at Law
1939 Delmar
PO Box 735
Granite City, IL 62040

11-L-683
Page 9 of 9

C344

# IN THE CIRCUIT COUNTY
# TWENTIETH JUDICIAL CIRCUIT
# ST CLAIR COUNTY, ILLINOIS

```
                                    FILED
                                 ST. CLAIR COUNTY

                                 APR 1 2 2012

                          07              CIRCUIT CLERK
```

**Lightspeed Media Corporation**     )
   Plaintiff     )
                              )
                              )       CASE NO.   **11 L 683**

VS.     )
                              )

**John Doe**     )
   Defendant     )

# ORDER

Case called for hearing on pending motions to quash subpoenas: parties
present through counsel, arguments heard
IT IS THEREFORE ORDERED:

1)    All pending motions to quash subpoenas filed by the ISPs are Denied.

2)    All ISPs shall comply with plaintiff's outstanding subpoenas (consistent
with the court's order entered 12/16/11) as follows: ISPs shall issue any
required statutory notice of this order to their subscribers and shall
produce all client subscriber identifying information (including but not
limited to name and address) on or before 6/12/12. (By agreement of
plaintiff and Comcast, Comcast to produce 80% of its compliance on or
before said date with final compliance to be completed by 6/26/12.)

3)    The ISPs shall provide the following notice in substantially the following
form to their subscribers:

"we have been ordered to provide your identifying information to Prenda Law
pursuant to a court order dated April 12, 2012 in the case Lightspeed Media
Corp. vs. John Doe, case number 11-L-683 in St. Clair County, Illinois.  The
court has ordered that any motions filed relating to this order will be heard on
July 20, 2012 at 10:00am.  No other dates will be set to hear any motions
relating to compliance with outstanding subpoenas.  All Non-Attorneys are
prohibited from directly contacting the court in any manner other than in
writing."

**RECEIVED APR 1 2 2012**

4)  In the event one or more ISP subscribers file a motion of any kind relating to the release of their private information, that ISP shall delay production with respect to the moving subscribers only and shall not delay the release of the information of any other subscribers.

5)  All pleadings objecting to the release of information must list the IP address associated with the person objecting.  The ISP that has the subscribers information shall preserve all information until the court rules on the objecting motion.

So Ordered:

Hon. Robert P. LeChien

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

LIGHTSPEED MEDIA CORPORATIO )
    Plaintiff, )
     )
    vs. )             11-L-683
     )
JOHN DOE )
    Defedandt. )

FILED
ST. CLAIR COUNTY

APR 1 6 2012

*Kahalah a. Drien*
CIRCUIT CLERK

ORDER

    Pursuant to its powers to supervise discovery, there is a substantial risk that contact with the ISP subscriber will create a boisterous percussion. Plaintiff is to make not contact with any ISP subscriber until the Court has approved that communication(written/electronic/telephonic). Plaintiff to prepare proposed contact letter for subscribers and submit it to the Court for approval. In addition, contact with subscriber shall begin with the base of the pyramid, i.e. the ISP subscriber that breached Plaintiff's website and pirated content the most times then the penultimate pirate, and so on to the least frequent.

    Plaintiff to submit draft of the letter or other communication of content to an ISP subscriber to Court for *in camera* review by April 27, 2012.

SO ORDERED.
¬c.c.   All Counsel of Record

                           *Robert P. LeChien*

            Honorable Robert P. LeChien,  Circuit Judge

RECEIVED APR 1 6 2012

No. 11 L 683

# ORIGINAL

FILED
ST. CLAIR COUNTY

APR 16 2012

*Katheleth a. Dorn*
CIRCUIT CLERK

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**
**LAW DIVISION**

LIGHTSPEED MEDIA CORPORATION        :
                                    :      No. 11 L 683
              Plaintiff,            :
                                    :
       v.                           :
JOHN DOE, *et. al.*                 :      **Jury Trial Demanded**
                                    :
              Defendant             :

### OBJECTIONS AND MOTION TO QUASH ORDER TO PRODUCE/SUBPOENA FILED BY *PRO SE* MOVING JOHN DOE, WHOM IS A RESIDENT OF PENNSYLVANIA AND WHO HAS WINDSTREAM COMMUNICATIONS AS HIS INTERNET CARRIER

**I.        PROCEDURAL BACKGROUND**

1.        I, the Moving John Doe identified herein, learned about this pending action when my telephone and Internet provider, Windstream Communication informed me that I had until April 16, 2012 to file an Objection to an Order To Produce/Subpoena that had been recently served upon them in order to prevent the release of my IP address and other personal information about me to the law firm of Carey, Danis & Lowe. (A partially redacted copy of the March 17, 2012 e-mail communication from Windstream is attached hereto as Exhibit "A").

2.        At my direction, my Pennsylvania-based family attorney was able to procure a copy of the initiating Petition For Discovery Before Suit To Identify Responsible Persons And Entities (which did not contain an Exhibit "A" or an Exhibit "B"), through the Internet, which forms the entire basis of my knowledge about this specific case and this was the only additional document that I was able to procure.

3.        I, Moving John Doe, hereby assert that I have been erroneously identified as a "hacker" in Plaintiff, Lightspeed Media Corporation's Petition For Discovery Before Suit To Identify Responsible Persons And Entities and my efforts in trying to resolve this matter without resort to Court intervention have been thwarted by a lack of good faith by the attorneys at Carey, Danis, & Lowe.

4.        I have been unable to orally convey my position as detailed further below because the attorneys at Carey, Danis, & Lowe will not even accept my telephone calls unless and until I provide them with my IP address and other private information, which is central to the right to privacy issues that I am presently attempting to protect.

5.      Furthermore, I, the Moving John Doe, do not even know what my IP address is so fundamentally there is no way for me to orally communicate with Carey, Danis, & Lowe about this matter in light of the pre-conditions that they have set in order for me to talk to them about this case.

6.      Based on the foregoing, I am taking the extraordinary action of filing a *pro se* Objection and Motion To Quash in order to protect my privacy rights, which should be protected since I have not engaged in the conduct that is being attributed to me as detailed below

## II.      BASES FOR THE OBJECTION TO THE SUBPOENA

### A.      SUBSTANTIVE OBJECTIONS

7.      My family attorney's Internet search indicates that in actuality Plaintiff, Lightspeed Media Corporation is a company from Glendale, Arizona that operates several Internet pornographic web sites so their relationship with St. Clair County, Illinois appears to be tenuous.

8.      I, Moving John Doe, do hereby verify and say that I have never, ever in my entire life downloaded pornography from the Internet from any website let alone one that is controlled by Plaintiff, Lightspeed Media Corporation.

9.      I, Moving John Doe am a sixty-six year old male, who is a devoted Christian and find the concept of pornography to be utterly repulsive and have been suffering from Non-Hodgkin's Lymphoma since 2009, which medical condition has made it physically impossible for me to be aroused or to obtain an erection of any type so there would be no reason for me to watch pornography. (See Exhibit "B", which is partially redacted, and Exhibit "C").

10.     I, Moving John Doe, do not have the technical know-how or ability to hack into a computer website and therefore could not and did not commit the acts that have been attributed to me by Plaintiff, Lightspeed Media Corporation.

11.     I, Moving John Doe, also do not have the computer sophistication to be able to engage in peer to peer distribution of any sort and therefore intellectually could not and physically did not commit the acts that have been attributed to me by Plaintiff, Lightspeed Media Corporation.

12.     Ergo, the allegation that I used one or more hacked passwords to gain unauthorized access to Plaintiff, Lightspeed Media Corporation's website and protected content in violation of the Computer Fraud and Abuse Act is wrong and thus Plaintiff, Lightspeed Media Corporation has failed to state a cause of action upon which relief can be granted against me, the Moving John Doe so the Order To Produce/Subpoena that was directed to Windstream Communications, which is seeking my IP address and other personal information is objectionable, was improperly issued, and should be quashed.

No. 11 L 683

13.     In the alternative and in addition, if the computer and/or server that is in my home was utilized by anyone, including by wireless fiberoptics, to access pornography of any type, such action was done without my authorization or approval, and it is my understanding that a person cannot be held liable simply because another person used their computer or internet server to download illegal material of any sort without the Internet subscriber's knowledge or consent so again Plaintiff, Lightspeed Media Corporation has failed to state a cause of action upon which relief can be granted against me, the Moving John Doe so the Subpoena that was directed to Windstream Communications, which is seeking my IP address and other personal information is objectionable, was improperly issued, and should be quashed.

14.     In the further alternative and addition, Plaintiff, Lightspeed Media Corporation has failed to identify a specific violation or total violation(s) that involved Moving John Doe's computer and internet server, let alone in connection with other computers, which by itself or in the aggregate in combination with others caused more than Five Thousand (> $5,000.00) and 00/100 Dollars, which is the minimum jurisdictional amount in order for a claim to proceed under the Computer Fraud Abuse Act, 18 U.S.C. § 1030, so the Subpoena that was directed to Windstream Communications, which is seeking my IP address and other personal information is objectionable, was improperly issued,  and should be quashed.

**B.     PROCEDURAL OBJECTIONS**

15.     I, the Moving John Doe, am a resident of the Commonwealth of Pennsylvania so jurisdiction and venue are not proper in St. Clair,  Illinois as related to myself so clearly the geotechnological technology that was relied upon by Plaintiff, Lightspeed Media Corporation is flawed and produces inaccurate conclusions about a person's location.

16.     The bare fact that one or more of the John Does might reside in St. Clair County, Illinois does not, by itself, give rise to subject matter jurisdiction as related to Moving John Doe as I reside in the Commonwealth of Pennsylvania and it is highly probable that many other John Does are located in other parts of the country with no discernible ties to St. Claire, Illinois and defending against this claim is particularly burdensome given my geographic location and poor state of health.

17.     Plaintiff, Lightspeed Media Corporation has failed to articulate any facts, which demonstrate that any of the alleged acts of the John Does including Moving John Doe arise out of the same transaction, occurrence, or series of transactions or occurrences or are somehow temporally related as the supposed time period of these alleged events has not been identified.

18.     Based on the foregoing, particularly in light of the Affidavit that I, Moving John Doe executed, Plaintiff, Lightspeed Media Corporation has been given sufficient information to pursue their case against me, the Moving John Doe, in Pennsylvania, which forum permits pre-Complaint discovery so the Order To Produce/Subpoena that was directed to Windstream Communications, which is seeking my IP address and other personal information is objectionable, was improperly issued, and should be quashed.

19.     Because I, the Moving John Doe, am a resident of Pennsylvania, am in poor health, and did not engage in the acts that have been attributed to me, it is respectfully submitted that jurisdiction and venue in St. Clair, Illinois are not proper as related to me, The Moving John Doe and alternatively, St. Clair, Illinois constitutes a forum *non conveniens* such that the Order To Produce/Subpoena that was directed to Windstream Communications, which is seeking my IP address and other personal information is objectionable, was improperly issued, and should be quashed.

## C.     OBJECTIONS BASED UPON EQUITY

20.     In a day and age when identity theft is so prevalent, the Moving John Doe intends to be hypervigilent in protecting against out-of-state third party's with whom he has no contact obtaining his IP address and other personal information, especially under the facts of this case.

21.     My family attorney's search of the Internet revealed that Plaintiff, Lightspeed Media Corporation has been filing these pre-Complaint lawsuits all over the country in an effort to force settlement payments out of innocent defendants based solely upon their IP addresses.

22.     Various newspaper articles state that after obtaining the IP addresses of various individuals, Plaintiff, Lightspeed Media Corporation then attempts to extract a settlement of several thousands of dollars from the IP address holder in lieu of filing suit and are often successful because many otherwise innocent defendants desire to avoid the perceived fear, embarrassment, or humiliation that might come with the prospect of having their actual identities linked to pornographic downloads in a publicly filed document.

23.     My family attorney's search of the Internet found that invariably suits of this type are eventually dismissed and a partial sampling of cases in which Plaintiff, Lightspeed Media Corporation has been involved includes:

- *Lightspeed Media Corp. v. John Does*, Case No. 2011-34345-CA-01.

- *Lightspeed Media Corp. v. Does 1-100*, Case No. 1:10-cv-05604 (U.S.D.C. N.D. (Ill.) 2011).

No. 11 L 683

24.     Based on the foregoing principals of equity, it is respectfully submitted that the Order To Produce/Subpoena that was directed to Windstream Communications, which is seeking my IP address and other personal information is objectionable, was improperly issued, and should be quashed.

### D.     DESIGNATED AGENT

25.     In an effort to maintain my privacy, I must maintain my anonymity so I am designating, a receiving agent for any response to the instant Objections and Motion To Quash Order To Produce/Subpoena as follows:

Wayne E. Bradburn, Jr., Esquire
MASORTI & DONALDSON, P.C.
302 South Burrowes Street
State College, PA 16801
(814) 234-9500

### E.     PRAYER FOR RELIEF

26.     Based on the foregoing, I, the Moving John Doe pray that the instant Objections be Sustained and that the Motion To Quash be granted in full and respectfully request that an Order be issued, which quashes the Order To Produce/Subpoena and indicates that Windstream Communications does not have to respond to the Order To Produce/Subpoena dated December 16, 2011 to the extent that they would be divulging any information about their customer's IP addresses and other personal information, whom are residents of the Commonwealth of Pennsylvania.

RESPECTFULLY SUBMITTED:

By: *Moving John Doe*
Moving John Doe

Dated: *April 5th 2012*

No. 11 L 683

# EXHIBIT

# "A"

Copyright Compliance ▮▮▮▮

**Subject:** Copyright Compliance▮▮▮▮
**From:** <abuse@windstream.net>
**Date:** 3/17/2012 4:52 PM



**windstream**
communications

Dear Customer:

On January 3, 2012, Windstream Corporation ("Windstream") received a subpoena issued by the Circuit Court of the Twentieth Judicial Circuit commanding us to produce certain information and documents related to a lawsuit filed by Lightspeed Media Corporation (the "Plaintiffs"). The lawsuit arises from Plaintiffs' allegations that individuals have infringed the copyrighted recordings of its movies through illegal peer-to-peer distribution of such copyrighted works. The lawsuit has identified the alleged infringers, as John Doe and by their respective IP addresses. The Plaintiffs, with the consent and command of the Circuit Court of the Twentieth Judicial Circuit, seek the names associated with those IP addresses.

The subpoena requires Windstream to provide them with information by April16, 2012, including name, address, telephone number, e-mail address associated with each identified IP address. Upon internal investigation, we have identified one of the IP addresses listed in the subpoena and the lawsuit as registered in your name. The Windstream Terms and Conditions that govern your use of Windstream services explicitly state that "you agree that we may release information we have about you when required to do so by law..."

This letter is to alert you not only of our impending response to the subpoena but also to inform you that the Court has provided you a Thirty day notice of the disclosure of your information. Please direct questions regarding the subpoena or possible resolution of the matter to the Plaintiffs' representatives by phone at 312-344-3207 or by e-mail at subpoena@wefightpiracy.com. If you believe you have been identified in error or have any questions regarding the subpoena, you should immediately contact Plaintiffs' representatives before the April 16, 2012 deadline.

If you contest this subpoena, please provide a copy of the filed motion to Windstream via email at abuse@windstream.net within twenty-four (24) hours of filing. Windstream will not provide your information if you have filed a motion, but Windstream cannot assist you in any way in a legal contest regarding the subpoena.

Thank you in advance for your immediate attention to this matter.


Windstream Internet Security/Abuse
abuse@windstream.net

-- Attachments: ---------------------------------------------------------------

Court Order.pdf                                                     64.0 KB

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS
LAW DIVISION

LIGHTSPEED MEDIA CORPORATION,       )
                                    )
            Plaintiff,              )        No. 11 L 683
                                    )
      v.                            )
                                    )
JOHN DOE,                           )
                                    )
            Defendant.              )
                                    )
_____)

**FILED
ST. CLAIR COUNTY
DEC 16 2011**

**[            ] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO
TAKE EARLY DISCOVERY PURSUANT TO SUPREME COURT RULE 201(d)**

The Court has reviewed the Complaint with attached Exhibits, Plaintiff's Motion for

Leave to Take Early Discovery, the Memorandum of Law filed in support thereof, and relevant

case law. Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1.      Plaintiff's Motion for Leave to Take Early Discovery.

2.      Plaintiff may immediately serve each of the Internet Service Providers ("ISPs")

listed in Exhibits A and B to the Complaint with a subpoena commanding each ISP to provide

Plaintiff with the true name, address, telephone number, email address, Media Access Control

("MAC") address, and any other form of contact information that may be used to identify John

Doe and each of his co-conspirators to whom the ISP assigned an Internet Protocol ("IP")

address as set forth on Exhibits A and B to the Complaint.

3.      Plaintiff may also serve a subpoena in the same manner as above on any ISP that

is identified in response to a subpoena as a provider of internet services to one John Doe or his

co-conspirators.

4.   Each of the ISPs that qualifies as a "cable operator," as defined by 47 U.S.C. §
522(5), which states:

> the term "cable operator" means any person or group of persons:
>
> (A) who provides cable service over a cable system and directly or through one or
>     more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the
>     management and operation of such a cable system[,]

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure
> is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is
> notified of such order by the person to whom the order is directed[,]

by sending a copy of this Order to the Internet subscribers of whom identifying information is
sought. Each ISP will have thirty (30) days from the date a copy of this Order and a copy of
the subpoena are served to respond, so that it may have sufficient time to provide this notice
to the subscribers.

5.   Subscribers shall have thirty (30) days from the date of notice of the subpoena
upon them to file any motions in this Court to contest the subpoena. If the thirty-day period
lapses without a contest, the ISPs will have ten (10) day thereafter to produce the information in
response to the subpoena to Plaintiff.

6.   The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of
providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a
fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve
to the same individual, or for an IP address that does not provide the name of a unique individual
or for the ISP's internal cost to notify its customers. If necessary, the Court shall resolve any

disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

7.    Plaintiff may only use the information disclosed in response to a subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

DONE AND ORDERED in Chambers at St. Clair County, Illinois this _16$^{t}$_

day of _December_, 2011.

_____
CIRCUIT COURT JUDGE

No. 11 L 683

# EXHIBIT

## "B"

ONCOLOGY HEMATOLOGY ASSOCIATES
OF NORTHERN PA, P.C..
**CARMINE MARCHIOLI, M.D.**
MEDICAL ONCOLOGY,HEMATOLOGY
100 HOSPITAL AVENUE, P.O. BOX 447
DU BOIS, PA 15801

(814) 375-3800 · DEA # _____
LIC # MD 047897-L (PA)

NPI # _____

NAME ████████████ AGE ____
ADDRESS _____ DsB  9-3₂-45 _____ DATE 3-27-2012

**TAMPER-RESISTANT FEATURES INCLUDE: SAFETY-BLUE
ERASE-RESISTANT BACKGROUND, "ILLEGAL" PANTOGRAPH,
QUANTITY CHECK-OFF BOXES AND REFILL INDICATOR**

℞

Mr. ████████████ is
receiving treatment
for Non-Hodgkin's
Lymphoma

☐ 1-24
☐ 25-49
☐ 50-74
☐ 75-100
☐ 101-150
☐ 151 and over
_____ Units

LABEL
Refill NR 1 2 3 4 5    Dr.C. Marchioli

SUBSTITUTION PERMISSIBLE
IN ORDER FOR A BRAND NAME PRODUCT TO BE DISPENSED,
THE PRESCRIBER MUST HANDWRITE "BRAND NECESSARY"
OR "BRAND MEDICALLY NECESSARY" IN THE SPACE BELOW.

♻                                                         1HON5094465

# EXHIBIT

## "C"

# *ORIGINAL*

No. 11 L 683

## AFFADAVIT OF MOVING JOHN DOE

I, Moving John Doe, hereby verify and say that I am a resident of the Commonwealth of Pennsylvania, that I am sixty-sixty (66) years old, and that I have been a telephone and Internet subscriber to Windstream Communications for over ten (> 10 yrs.) years.

There is a computer in my home in Pennsylvania, which is equipped with access to the Internet, which is provided by Windstream Communications, which can be accessed by the direct server as well as by wireless fiberoptics.

I, Moving John Doe am filing this Affidavit as Moving John Doe in order to preserve and maintain my anonymity and in doing so am attempting to maintain my right to privacy, while concurrently attempting to prevent my personnel and confidential information from being improperly disseminated to the attorneys for Plaintiff, Lightspeed Media Corporation in a matter that I have no personal involvement, which is pending in a distant forum that I have no direct or indirect contact.

My knowledge about this case began with an e-mail communication that was sent on March 17, 2012 by my telephone and Internet provider, Windstream Communications, which notified me that on March 17, 2012 they had been served with an Order To Produce/Subpoena dated December 16, 2011 and that I had until April 16, 2012 to contest this document.

I, Moving John Doe, then contacted my family attorney in Pennsylvania, whom gained additional information about Plaintiff, Lightspeed Media Corporation, the present action, and past lawsuits that Plaintiff, Lightspeed Media has been involved. This is the sum total of my knowledge, familiarity, and interactions with Plaintiff, Lightspeed Media Corporation, their websites, or their products.

I, Moving John Doe further state, maintain, and declare that I have never, ever in my entire life downloaded pornography from the Internet from any website let alone one that is controlled by Plaintiff, Lightspeed Media Corporation. Nor have I ever used, let alone obtained, a password to hack into any website including one that is controlled by Plaintiff, Lightspeed Media Corporation. I, Moving John Doe finally assert that I do not have the computer sophistication to be able to engage in peer to peer distribution of any sort and therefore intellectually could not and physically did not commit the acts that have been attributed to me by Plaintiff, Lightspeed Media Corporation.

Moreover, I, Moving John Doe am a sixty-six year old male, who is a devoted Christian and find the concept of pornography to be utterly repulsive and have been suffering from Non-Hodgkin's Lymphoma since 2009, which medical condition has made it physically impossible to be aroused or to obtain an erection so there would be no reason for me to watch pornography.



No. 11 L 683

Finally, I, Moving, John Doe hereby assert that if the computer and/or server that is in my home was utilized by anyone, including by wireless fiberoptics, to access pornography of any type, such action was done without my authorization, approval, or consent.

I, Moving John Doe, understand that I am subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification as well as equivalent statutes in the State of Illinois for any false statements made herein.

*Moving John Doe*
MOVING JOHN DOE

Dated: *April 5th 2012*

Sworn to before me, this _5_ day of *APRIL*, 2012, I hereby have set and affixed my notary seal.

*Notary Public*

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
J. David Petruzzi, Notary Public
Brockway Boro, Jefferson County
My Commission Expires June 23, 2013
Member, Pennsylvania Association of Notaries

ORIGINAL

No. 11 L 683

## VERIFICATION

    I, Moving John Doe, the undersigned, under penalties of perjury as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, hereby certifies that the statements set forth in this instrument are true ad correct, except my actual legal identity is not being divulged so that I can preserve my anonymity and privacy as well as to any matters herein stated to be on information and belief and as to all such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*Moving John Doe*

MOVING JOHN DOE

Sworn to me This
___ of April, 2012

_____ Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
J. David Petruzzi, Notary Public
Brockway Boro, Jefferson County
My Commission Expires June 23, 2013
Member, Pennsylvania Association of Notaries

# BECKER, PAULSON, HOERNER & THOMPSON, P.C.

ATTORNEYS AT LAW
5111 WEST MAIN
BELLEVILLE, ILLINOIS 62226
AREA CODE 618
235-0020  271-1600  FAX 235-8558
WWW.BPHLAW.COM

KEVIN T. HOERNER*
kth@bphlaw.com

*ILLINOIS AND MISSOURI

April 17, 2012

Clerk of the Circuit Court
St. Clair County Building
10 Public Square
Belleville, IL 62220

```
FILED
ST. CLAIR COUNTY

APR 1 8 2012

Fababah a. Dxon
CIRCUIT CLERK
22
```

**Re:**  **Lightspeed Media Corporation v. John Doe**
**St. Clair County Case No. 11-L-683**

Dear Clerk:

This letter is sent merely to provide notice that pursuant to Court Order entered on April 16, 2012 the undersigned sent a draft subscriber contact letter to Judge Robert P. LeChien for *in camera* review. Plaintiff's counsel will wait to make any further subscriber contact in this case until such time as the Court has had an opportunity to review said letter.

By:  *Kevin T. Hoerner*

Kevin T. Hoerner

KTH/les

cc:  All Counsel of Record

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

LIGHTSPEED MEDIA CORPORATION,      )
                                     )
        Plaintiff,      )
                                     )
vs.                                 )     No.:  11-L-683
                                   )
JOHN DOE,      )
                                     )
        Defendant.      )

**FILED ST. CLAIR COUNTY APR 2 5 2012** — 15 — CIRCUIT CLERK

## INTERNET SERVICE PROVIDERS' MOTION FOR FINDING OF "FRIENDLY" CONTEMPT FOR PURPOSES OF IMMEDIATE APPEAL

TO THE HONORABLE CIRCUIT COURT JUDGE:

      Internet service providers Embarq Communications, Inc.; Verizon Online LLC; AT&T Internet Services; BellSouth.net; Cellco Partnership d/b/a Verizon Wireless; Centurytel Internet Holdings Inc.; Cox Communications, Inc.; Qwest Communications Company LLC; and Wayport, Inc. (collectively, the "ISPs") file this Motion for a Finding of "Friendly" Contempt, respectfully asking for the purpose of this motion only that the Court to hold the ISPs in contempt for good faith refusal to comply with the Court's order denying the ISPs' motions to quash and/or for a protective order, for purposes of obtaining immediate appellate review of such order.[1]

### Preliminary Statement

      The ISPs desire to obtain an immediate appeal of the Court's April 12, 2012 order denying the ISPs' motions to quash and/or for a protective order.  The ISPs respectfully request the Court to issue a "friendly" contempt citation against the ISPs, in a nominal monetary amount,

---

[1] The ISPs wish to emphasize that they seek the finding of "friendly" contempt in an effort to seek appellate review and should the Court not be willing to enter a "friendly" contempt they may reevaluate their position and options.

for the sole purpose of the ISPs' good faith effort to secure review of their motions to quash and/or for a protective order on appeal.

## Background

In its Complaint, Plaintiff, the owner and operator of one or more paid-subscription adult-entertainment websites, contends that the sole Defendant—a "John Doe"—gained unauthorized access to one or more of Plaintiff's websites. Plaintiff seeks the personally identifiable information of not just the single John Doe defendant, however, but also some 6,500 other, so-called "co-conspirators" who are located across the country and have no ascertainable, particular connection to the single John Doe defendant or the claims asserted against the single John Doe defendant in this lawsuit.

The ISPs filed motions to quash and/or for a protective order with respect to subpoenas that have been or may be served on any of them seeking personal information as to any of the 6500+ Internet subscribers who are the so-called "co-conspirators" in this case but who are not parties in this case. On April 12, 2012, the Court denied the ISPs' motion to quash and/or for a protective order. The ISPs respectfully seek to obtain appellate review of the Court's order.

## Argument

"A contempt proceeding is an appropriate method for testing the correctness of a discovery order." *In re D.H.*, 319 Ill. App. 3d 771, 773 (2001). Thus, where a person appeals a contempt judgment imposed for violating a discovery order, the discovery order is subject to review. *Id.*; S. Ct. Rule 304(b)(5).

The ISPs seek to obtain appellate review of the Court's order on the motions to quash. A good faith motion for friendly contempt is an appropriate means by which immediate appellate review of a discovery order may be obtained. *See, e.g., Norskog v. Pfiel*, 197 Ill. 2d 60, 69 (2001).

Solely for the purposes of this Motion for "Friendly" Contempt, the ISPs, in good faith, respectfully decline to comply with the Court's April 12 order to the extent it requires the ISPs to produce their subscribers' identifying information to Plaintiff and to issue notice to affected subscribers beforehand regarding such production. To avoid any argument of undue prejudice, the ISPs will commit to preserve the underlying subscriber information sought in otherwise valid subpoenas issued to them pending the resolution of the appeal. Thus, Plaintiff would not suffer any hardship as a result of the Court's granting this Motion for Friendly Contempt and the accompanying motion to stay.

The ISPs request that the Court's contempt order include a nominal fine of no more than $50 per ISP. *See Norskog*, 197 Ill. 2d at 67-68 ($25 sanction per contemnor); *In re D.H.*, 319 Ill. App. 3d at 772-73 ($50 sanction for contemnor); *Tomlinson v. Paris Cmty. Hosp.*, Rule 23 Order, No. 5-10-0209 (May 20, 2011) (same). A nominal amount is particularly appropriate in a case such as this where the contemnors are not defendants and no allegations of misconduct have been asserted against them.

## **Conclusion**

For these reasons, the ISPs respectfully request that the Court hold the ISPs in "friendly contempt," with a nominal fine of no more than $50 per ISP, for the sole purpose of the ISPs' good faith effort to secure on appeal a review of the ISPs' motions to quash and/or for protective order.

Dated:  April _25_, 2012

Respectfully submitted,

By: _____

Troy A. Bozarth – 06236748
Dougglas A. Stultz – 06279879
HEPLERBROOM LLC
130 N. Main Street
Edwardsville, Illinois 62025-0510
(618) 656-0184

## Certificate of Service

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded to the counsel below on this _25_ th day of April, 2012, by enclosing same in an envelope addressed to said attorneys, with proper postage fully prepaid, and depositing same in the United States mail at Edwardsville, Illinois:

Kevin T. Hoerner
Becker, Paulson, Hoerner & Thompson, P.C.
5111 W. Main Street
Belleville, IL  62226

Paul Duffy
Prenda Law, Inc.
161 N. Clark Street, Suite 3200
Chicago, IL 60601

Andrew G. Toennies
Lashly & Baer, P.C.
20 East Main Street
Belleville, IL  62220

Celestine Dotson
300 N. Tucker Blvd.
Suite 301
St. Louis, MO  63101

John D. Seiver
Leslie G. Moylan
1919 Pennsylvania Ave., N.W.
Suite 800
Washington, DC  20006

Andrew J. Rankin
1939 Delmar
P. O. Box 735
Granite City, IL  62040

## IN THE CIRCUIT COURT
## TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS

LIGHTSPEED MEDIA CORPORATION,   )
                                      )
        Plaintiff,              )
                                        )
vs.                                  )     No.:  11-L-683
                                        )
JOHN DOE,                            )
                                        )
        Defendant.           )

FILED
ST. CLAIR COUNTY
APR 2 5 2012
*Zahava a. Dixon*
CIRCUIT CLERK
15

## INTERNET SERVICE PROVIDERS' MOTION TO STAY

TO THE HONORABLE CIRCUIT COURT JUDGE:

Internet service providers Embarq Communications, Inc.; Verizon Online LLC; AT&T Internet Services; BellSouth.net; Cellco Partnership d/b/a Verizon Wireless; Centurytel Internet Holdings Inc.; Cox Communications, Inc.; Qwest Communications Company LLC; and Wayport, Inc.. (collectively, the "ISPs")  file this Motion to Stay, respectfully asking the Court, pursuant to Supreme Court Rule 305(b), to stay further matters in this Court pending the ISPs' appeal of the April 12, 2012 order denying their motions to quash and/or for a protective order.

### Preliminary Statement

A stay is necessary to preserve the fruits of the ISPs' meritorious appeal, which could otherwise be lost if the case proceeds in this Court. *See Stacke v. Bates*, 138 Ill. 2d 295, 305 (1990).  Absent a stay, the ISPs would be required to comply with any otherwise valid subpoenas issued by Plaintiff, the propriety of which is the precise subject of the appellate review sought by the ISPs.

### Background

In its Complaint, Plaintiff, the owner and operator of one or more paid-subscription adult-entertainment websites, contends that the sole Defendant—a "John Doe"—gained unauthorized

access to one or more of Plaintiff's websites.   Plaintiff seeks the personally identifiable information of not just the single John Doe defendant, however, but also some 6,500 other, so-called "co-conspirators" who are located across the country and have no ascertainable, particular connection to the single John Doe defendant or the claims asserted against the single John Doe defendant in this lawsuit.

The ISPs filed motions to quash and/or for a protective order with respect to subpoenas that have been or may be served on any of them seeking personal information as to any of the 6500+ Internet subscribers who are the so-called "co-conspirators" in this case but who are not parties in this case.   On April 12, 2012, the Court denied the ISPs' motion to quash and/or for a protective order.   The ISPs now seek to obtain appellate review of the Court's order.

## Argument

Our Supreme Court has held that a stay pending appeal is appropriate where the movant has shown a substantial case on the merits and the balance of equitable factors weighs in its favor. *Stacke*, 138 Ill. 2d at 309.   The factors are malleable.   Thus, if the balance of equitable factors does not strongly favor the movant, then more of a showing of likelihood of success on the merits is necessary.   *Id.*   On the other hand, a showing that the equitable factors strongly favor the movant can offset a less certain likelihood of success on the merits.   *Id.*   The granting of a stay pending appeal is protective and seeks to maintain the status quo pending appeal.   *Id.*

Here, the equitable factors strongly weigh in favor of the ISPs' requested stay, and the ISPs have a substantial case on the merits.   Accordingly, the Court should exercise its discretion to stay proceedings in this Court while the ISPs appeal.

### I.     Equitable considerations strongly favor staying the litigation pending appeal.

The equitable considerations strongly favor staying proceedings in this Court pending appeal.   First, and probably foremost, a stay is necessary to preserve the fruits of a meritorious

appeal, which the Supreme Court in *Stacke* recognized is one of the critical purposes of a stay pending appeal. *Id.* at 305. A meritorious appeal would mean that The ISPs need not comply with Plaintiff's subpoenas. However, absent a stay, the ISPs would be required to comply with any otherwise valid subpoenas issued by Plaintiff, without regard to the timetable of the appellate court's review. Compliance would mean that personally identifiable information of thousands of individuals across the country would be provided to a party that seeks to use that personal information in order to threaten them with litigation and extract settlements from them, all without having even asserted any claim against them in the court from which the discovery emanates. It is indisputable that a stay is necessary to preserve the fruits of a meritorious appeal.

Also, Plaintiff will not suffer hardship as a result of the Court's granting a stay in the litigation, because the ISPs agree to preserve the identifying information of subscribers listed in subpoenas that have been served by the Plaintiff in this lawsuit. Thus, there is no concern that any information sought by Plaintiff in any otherwise valid subpoenas will be lost as a result of the stay.

If the Court's ruling is ultimately affirmed on appeal, Plaintiff will not be prejudiced given that the ISPs' would have preserved data called for by otherwise valid subpoenas. If on the other hand, the Court's ruling is ultimately reversed on appeal, the stay would prove to have been necessary and critical to avoid what would otherwise effectively be a massive, nation-wide data breach affecting thousands of individual Internet account subscribers located across the country.

## II.      The ISPs have a substantial case on the merits.

The ISPs respectfully suggest that the likelihood of reversal of the Court's April 12 ruling is high. The discovery at issue seeks personal information of thousands of individuals against whom no cause of action has been asserted, whose information is irrelevant to the causes of

action asserted against the one defendant in the case, and who are more than likely to have no significant connection whatsoever to St. Clair County or even the State of Illinois.

Because no claims have been asserted against the thousands of Internet account subscribers, Plaintiff's attempt to obtain their identifying information must relate to its claims against the one Defendant in the case. *See* S. Ct. Rule 201(b)(1). Given that Plaintiff contends it associates the single Defendant with a specific Internet Protocol ("IP") addresses, the actual names and contact information of the subscribers associated with Internet use from thousands of other IP addresses are neither necessary nor relevant to the identity of the single Defendant or whether the single Defendant gained unauthorized access to any of Plaintiff's websites.

Moreover, there is simply no basis alleged in the Complaint (or otherwise shown) for personal jurisdiction to exist in this Circuit Court for any potential claims against the thousands of non-resident Internet subscribers whose personally identifiable information Plaintiff seeks. No relevant act is alleged to have occurred in St. Clair County. No harm is alleged to have been suffered in St. Clair County. The non-resident subscribers have no alleged contacts with St. Clair County. *See* 735 ILL. COMP. STAT. 5/2-209 (West 2011); *see also MacNeil v. Trambert,* 401 Ill. App. 3d 1077, 932 N.E.2d 441 (2d Dist. 2010). Not even Plaintiff resides in St. Clair County (or even Illinois).

Nor does Plaintiff's bald allegation that the thousands of non-defendant, non-resident subscribers are "co-conspirators" have any legitimate basis. A civil conspiracy claim requires an agreement to participate. *See Eeuter v. Master Card Intern., Inc.*, 397 Ill. App. 3d 915, 927 (5th Dist. 2010). Plaintiff alleges no agreement. Plaintiff only speculates that, as a general matter, (unspecified) passwords may be "passed back and forth" (by unspecified individuals or groups of individuals) and posted on some (unspecified) "hacked password website." Thus, Plaintiffs have

utterly failed to allege any conspiracy. *Accord, e.g.*, Mem. Op. & Order, *Pacific Century Int'l, Ltd. v. John Does 1-37*, No. 12 C 1057, at 11 (N.D. Il. Mar. 30, 2012), ECF No. 23 (quashing subpoenas seeking information from ISPs and stating that "[w]hat the plaintiffs may not do…is improperly use court processes by attempting to gain information about hundreds of IP addresses located all over the country in a single action, especially when many of those addresses fall outside of the court's jurisdiction"); *Hard Drive Prods., Inc. v. Does 1-55*, No. 11 C 2798, 2011 WL 4889094, at *5 (N.D. Ill. Oct. 12, 2011) ("Hard Drive's conspiracy claim fails because it has not pled the existence of an agreement among Does 1–55 to commit copyright infringement.").

Based on the foregoing and the points and authorities raised in the ISPs' motion to quash and/or for protective order, the ISPs respectfully submit that they have a substantial case on the merits.  The discovery sought by Plaintiff as to more than 6500 individuals constitutes an improper and impermissible fishing expedition with respect to claims that have not and in all likelihood could not be pled in any lawsuit filed in this court.  In any event, the likelihood of success is sufficient to warrant a stay.

## Conclusion

For these reasons, the ISPs respectfully request that the Court stay any obligation of the ISPs to produce to Plaintiff any personally identifiable information of the ISPs' subscribers pending resolution of the ISPs' appeal.

Dated: April _25_, 2012

Respectfully submitted,

By: _____

Troy A. Bozarth – 06236748
Dougglas A. Stultz – 06279879
HEPLERBROOM LLC
130 N. Main Street
Edwardsville, Illinois 62025-0510
(618) 656-0184

**Certificate of Service**

The undersigned hereby certifies that a true and accurate copy of the foregoing document was forwarded to the counsel below on this 2 5 th day of April, 2012, by enclosing same in an envelope addressed to said attorneys, with proper postage fully prepaid, and depositing same in the United States mail at Edwardsville, Illinois:

Kevin T. Hoerner
Becker, Paulson, Hoerner & Thompson, P.C.
5111 W. Main Street
Belleville, IL  62226

Paul Duffy
Prenda Law, Inc.
161 N. Clark Street, Suite 3200
Chicago, IL 60601

Andrew G. Toennies
Lashly & Baer, P.C.
20 East Main Street
Belleville, IL  62220

Celestine Dotson
300 N. Tucker Blvd.
Suite 301
St. Louis, MO  63101

John D. Seiver
Leslie G. Moylan
1919 Pennsylvania Ave., N.W.
Suite 800
Washington, DC  20006

Andrew J. Rankin
1939 Delmar
P. O. Box 735
Granite City, IL  62040

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

LIGHTSPEED MEDIA CORPORATION,       )
                                    )
            Plaintiff,              )
                                    )        No. 11-L-683
                                    )
  V.                                )
                                    )
JOHN DOE,                           )
                                    )
            Defendant.              )
                                    )

**FILED
ST. CLAIR COUNTY
APR 2 6 2012
[signature]
CIRCUIT CLERK**

## MOTION TO ORDER COURT-SUPERVISED
## DEPOSITION OF RANDALL L. STEPHENSON

Plaintiff, LIGHTSPEED MEDIA CORPORATION, by and through its undersigned counsel and pursuant to the Illinois Supreme Court Rules, the Illinois Rules of Civil Procedure and other governing law, as and for its Motion to Order Court-Supervised Deposition of AT&T'S Chief Executive Officer, Randall L. Stephenson, states as follows:

1.      A group of Internet Service Providers ("ISPs") have taken a series of actions to avoid compliance with subpoenas that Plaintiff has served out of this Court in this case. The lead ISP in connection with those actions has been SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T"), represented by Bart Huffman. During a telephone conference with Plaintiff's attorney on April 24, 2012, local counsel for AT&T acknowledged that AT&T has taken the lead in refusing all efforts to comply with subpoenas in this case specifically and throughout the country generally.

2.      AT&T's obstructionist tactics are pervasive and continue today. On December 16, 2011 this Court granted Plaintiff's request to serve subpoenas upon AT&T, which were served within days thereafter. AT&T failed to take any steps to respond to the subpoena. On March 4, 2012 AT&T filed a Motion for Extension of Time to Respond to Subpoenas for

fourteen days, which the Court granted.  Thereafter, on March 19, 2012, AT&T filed a Motion to Quash and for Protective Order and supporting memorandum.  On March 20, 2012, having already missed the Court-extended deadline, AT&T filed a Motion for Additional Time to Move to Quash and/or Move for a Protective Order with Respect to Subpoenas.  After an extensive hearing, and having addressed the concerns raised by AT&T and denying each request by AT&T, this Court issued an unambiguous order that AT&T was to immediately begin compliance with its December 16th order and provide the identifying information of its subscribers requested within 60 days. Instead of finally beginning compliance with this Court's multiple orders, AT&T, by its own admission, simply refused to begin compliance. On April 24, 2012, after Plaintiff's counsel indicated that the status of the ISPs' compliance with the Court's April 24th order would be raised at the next status date of April 30, 2012, AT&T immediately filed a motion seeking a "friendly contempt" order from this Court in an effort to continue evading this Court's multiple orders.

3.    AT&T, both through its conduct described above and its conduct in comparable cases throughout the country, has demonstrated an extreme propensity to obstruct subpoenas issued from state and federal courts.  AT&T's inappropriate and dilatory tactics, combined with their active efforts to enlist other ISPs to obstruct lawful subpoenas has created incredible amounts of unnecessary litigation, delay, and costs to all parties.  Based on information and belief, attorney Bart Huffman literally cold calls other ISPs and offers to include them in AT&T's pleadings for little or no charge.  These other ISPs, who formerly complied with valid court orders, have been convinced by AT&T's counsel, and his successful delaying tactics, to begin mirroring such inappropriate behavior.  While such tactics may not make sense at first, Plaintiff is only able to conceive of two reasons for such behavior from a non-party.

4.     First, AT&T's conduct represents a business calculation by a major corporation to continue collecting revenues from 492 subscribers who are accused of committing criminal acts against Plaintiff. In aggregate, this conduct on a national basis across all of its cases places AT&T in a position to pocket millions of dollars of revenue on the backs of small business owners. It would appear that ignoring this Court, and risking sanctions, is simply an acceptable 'cost of doing business' for AT&T.

5.     In the alternative, it is possible that senior decision makers at AT&T are not aware of the extreme legal posture taken by its counsel. Until recently, AT&T was a cooperating partner in the fight against the criminal use of its networks. This changed abruptly when AT&T retained outside counsel Bart Huffman, who implemented the vastly different policy on display before this Court. For reasons that remain unclear, AT&T's good faith compliance with court orders ended almost overnight.

6.     Regardless of what the underlying explanation is, the traditional subpoena approach is clearly not working to compel AT&T's compliance with the Court's order. Therefore, Plaintiff believes it is time to depose AT&T's decision maker to determine several facts important to this case. First, is AT&T, through its actions, making itself a co-conspirator in the criminal acts of its subscribers? Second, is someone high enough within the AT&T organization even aware of the arguably unusual legal posture currently advocated by its counsel? Third, is there someone with sufficient authority who can work out a compromise on behalf of AT&T to ensure reasonable compliance with Court orders?

7.     Plaintiff's counsel asked Mr. Huffman who at AT&T would be the appropriate person for such a deposition on April 25, 2012. Rather than answer the question, attorney Huffman refused to provide a name. Thus, Plaintiff has no alternative other than to request the

deposition of Mr. Stephenson, a person certainly in position to know, or easily obtain, the information necessary for this Court and Plaintiff's counsel to ask the serious and important questions raised by AT&T's actions in this case. To avoid any possible claims of harassment by Plaintiff, or abuse of judicial process, Plaintiff has no objection to this Court supervising the deposition of Mr. Stephenson. Plaintiff's intent through this motion is merely to move the normally simple process of third party subpoena compliance forward so that the defendants may be ascertained in a timely manner.

  **WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that this Court enter an order compelling Mr. Stephenson to appear for Plaintiff's discovery deposition, which the Court shall supervise, on a mutually agreeable date. Plaintiff also respectfully requests that the Court grant it any and all further relief that the Court deems to be reasonable and appropriate under the circumstances.

Respectfully submitted,

LIGHTSPEED MEDIA CORPORATION

DATED: April 26, 2012

By: _____

One of its attorneys

Kevin T. Hoerner, #6196686
**BECKER, PAULSON, HOERNER
& THOMPSON, P.C.**
5111 West Main Street
Belleville, IL 62226
(618) 235-0020

Paul A. Duffy, #6210496
**PRENDA LAW, INC.**
161 N. Clark Street, #3200
Chicago, IL 60601
(312) 880-9160
(312) 893-5677 - Fax

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing instrument was served upon all parties to the above cause by facsimile, and by enclosing same in an envelope addressed to such parties as indicated by the pleadings herein, with postage fully prepaid, and by depositing said envelope in a U.S. Post Office mail box in Belleville, Illinois, on this 26th day of April, 2012.

Celestine Dotson
Attorney at Law
300 N. Tucker Blvd.
Suite 301
St. Louis, MO 63101

Andrew G. Toennies
Lashly & Baer, PC
20 East Main Street
Belleville, IL 62220

John D. Seiver
Leslie G. Moylan
Attorneys at Law
1919 Pennsylvania Ave., N.W.
Suite 800
Washington, D.C. 20006

Troy A. Bozarth
Douglas A. Stultz
HeplerBroom LLC
130 N. Main Street
Edwardsville, IL 62025

Andrew J. Rankin
Attorney at Law
1939 Delmar
PO Box 735
Granite City, IL 62040

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

CASE NO. 11-L-683

LIGHTSPEED MEDIA CORPORATION,

     Plaintiff,

vs.

JOHN DOE

     Defendant.

_____/



FILED
ST. CLAIR COUNTY

APR 2 6 2012

CIRCUIT CLERK

21

## AFFIDAVIT OF JOHN STEELE

ON THIS DAY, the undersigned, being first duly sworn and under oath, states the following:

1. My name is John Steele.  I am a licensed attorney in the State of Illinois and am one of the attorneys representing Plaintiff, Lightspeed Media Corporation, in case 11-L-683.

2. I spoke with Troy Bozarth, local counsel for non-party ISP's in this case that are refusing to comply with various court orders issued from this court, namely AT&T Internet Services, Bellsouth.net, Cellco Partnership d/b/a/ Verizon Wireless, Centurytel Internet Holdings Inc., Cox Communications, Inc., Qwest Communications Company LLC, and Wayport, Inc. (herein referred to as "The ISP's").

3. On April 24, 2012, at 4:51 p.m. I had a conversation with Mr. Bozarth.  I informed him that Comcast had begun compliance with this Court's April 12th order, and has shown my office proof of compliance.

4. I asked Mr. Bozarth if his clients could confirm for me that they had begun compliance with this Court's April 12th order so that co-counsel could inform this Court that all the ISP's were complying at the scheduled April 30th status date in this case.

5. Mr. Bozarth informed me that he did not know if his clients had begun compliance with this Court's order but that he would verify that they were and get back to me.

6. Mr. Bozarth also informed me that AT&T and Verizon were the two ISP's "running the show" and that the other, smaller, ISP's were "just tagging along".

7. Less than 60 minutes after my phone call with Mr. Bozarth in which he claimed to not know the status of his client's compliance with this Court's April 12th order, I received a motion filed by Mr. Bozarth titled "Internet Service Providers' Motion for Finding of "Friendly" Contempt For Purposes of Immediate Appeal", herein referred to as "Bozarth Motion".

8. In the Bozarth Motion, Mr. Bozarth makes it clear that his clients are respectfully declining to comply with this Court's order.

9. Prior to Mr. Bozarth and his co-counsel Bart Huffman representing AT&T and Verizon, both ISP's, through inside general counsel, complied with every single subpoena issued from our law office.

10. Immediately after Mr. Huffman, and later Mr. Bozarth, began representing AT&T and Verizon, those ISP's began refusing to honor subpoenas.

11. My efforts to contact inside general counsel to reestablish my previous relationship has been thwarted by Mr. Huffman, who has refused to convey messages from me to his inside counsel contacts, refused to provide me with certain names and phone numbers of

said inside counsels, and refused to confirm in writing that corporate officers have instructed him to proceed on his current path.

12. It is my belief that Mr. Huffman and Mr. Bozarth are not informing the appropriate decision makers at their clients, AT&T and Verizon, of the current state of this case.

13. My specific concern is that based on my long standing relationship with AT&T and Verizon before and after Mr. Huffman began representation, and the unusual steps taken by Mr. Huffman to prevent my office from reaching anyone associated with AT&T or Verizon's inside general counsel, I do not believe the appropriate corporate officials at AT&T and Verizon that may ultimately be found liable for willful and bad faith non-compliance with this Court's December 16, 2011 and April 12, 2012 order, are aware of Mr. Bozarth's recent filings.

FURTHER AFFIANT SAYETH NAUGHT.

JOHN STEELE

STATE OF ILLINOIS
COOK COUNTY

Sworn to and subscribed before me this ___26th___ day of ___April___, 2012, by JOHN STEELE, personally known to me to be the person who signed the Affidavit or who produced _S 3404727106 20 FL.-_ as identification.

(Seal)

_Asfaw T. Mossa_
NOTARY PUBLIC
In and for said County and State

Reg # 238437
MY Com Exp. Feb 29, 2016

C383

IN THE CIRCUIT COURT
OF THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

```
FILED
ST. CLAIR COUNTY

APR 2 7 2012

Nahalal a Drian
CIRCUIT CLERK
87
```

LIGHTSPEED MEDIA CORPORATION          )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )          11-L-683
                                      )
JOHN DOE, *et. al.*                   )
                                      )
        Defendant(s).                 )


ORDER


    Pursuant to the Court's authority to supervise discovery of John Doe

Defendants (Doe), after review of certain Doe submissions to the Court it is hereby

ordered that LIGHTSPEED MEDIA CORPORATION (Lightspeed) halt mailing demand

letters to named subscribers of disclosed IP addresses until further order of Court.


April 27, 2012

c.c.    Kevin Hoerner
        Troy Bozarth
        Andrew Toennies

                                    *Robert P. LeChien, Circuit Judge*


C383.1

April 27, 2012

At 9:35a.m. I received a call from a lady who said she received a letter from Comcast and a Subpoena telling her about the Lightspeed Media vs. John Doe. She was very upset and would not give me her name.  She would only tell me that she lives in Southern Illinois. She wanted me to tell her if this was a scam or if there really was a Lightspeed case filed in St. Clair County.  I confirmed that yes; this was a real case that was filed in St. Clair County.  She went on to ask me what her options were and if she needed to get an attorney or should she pay the $3,000 dollars she was told she could pay to "make this case go away".  I told her I was not an attorney was not able to give her legal advice but that she should read the letter she received very carefully and she may want to contact an attorney for legal advice.  I made Judge LeChien aware of this call.



State of Illinois

**IN THE TWENTIETH JUDICIAL CIRCUIT, ST. CLAIR COUNTY, BELLEVILLE, ILLINOIS**

PLAINTIFF

Lightspeed Media Corp.

vs.

Defendant

John Doe

No. 11 - L - 683

FILED
ST. CLAIR COUNTY

APR 3 0 2012

CIRCUIT CLERK

**ORDER**

This cause coming before the Court; the Court being fully advised in the premises and having jurisdiction of the subject matter;

The Court finds: ...........................................................................................................................

IT IS THEREFORE ORDERED:

Matter called for STaTus. π present by Counsel and Various ISPs present by counsel Troy Bozarth and counsel Andrew Toennies. Celestine DoTson also present. Court and counsel advise of various Doe ConTacTs. ISPs motion To sTay and for friendly contempt and π's motion for supervised Deposition are set for hearing on May 14, 2012 at 10:00am. Moving ISPs are not required To mail any noTice leTTers before receiving a ruling on Their pending motions buT shall proceed as Though They may be required To comply (mail) imeadiaTly afTer. The courT rules.

Attorneys:

_____
Plaintiff

_____ for Moving ISPs
Defendant

Enter:

_____
Judge

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

LIGHTSPEED MEDIA CORPORATION,　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　 )　　　No.: 11-L-683
　　　　　　　　　　　　　　　　)
JOHN DOE,　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　 )

```
┌─────────────────────────┐
│          FILED          │
│     ST. CLAIR COUNTY    │
│                         │
│       APR 3 0 2012      │
│                         │
│      Wahbah a. Dixon    │
│  27    CIRCUIT CLERK    │
└─────────────────────────┘
```

## *DECLARATION*

　　　　1.　　　I, Troy A. Bozarth, am over the age of 21 and a resident of the State of Illinois. I am competent in all respects to make this declaration. The facts stated herein are within my personal knowledge and are true and correct.

　　　　2.　　　As Attorney of Record for several Internet Service Providers in connection with discovery sought in the above-captioned matter, my office has already begun to receive unsolicited requests for information and help concerning out-of-state so-called "co-conspirators" — one from a retired couple in their 60's from Massachusetts and the other from an uncle on behalf of his niece from Massachusetts.

　　　　3.　　　The attached Exhibit A is a transcription of a voicemail received by me at my office phone number on Thursday, April 26, 2012, at 9:26 a.m. CDT, redacted of the caller's name and phone number.

　　　　4.　　　The attached Exhibit B is an email received by Associate Douglgas A. Stultz of HeplerBroom LLC on Friday, April 27, 2012, at 6:47 a.m. CDT, redacted of sender's name and email address.

　　　　Executed this 30thday ofApril, 2012.


Troy A. Bozarth

11-L-683　　　　　C386　　　　　　　　　　　　　　　　　　　　Page 1 of 3

## Voicemail received by Troy Bozarth
Time:        9:26 a.m.
Date:          April 26, 2012

Good morning, Troy. My name is _____ . I am calling from

Massachusetts for my niece. She received the subpoena from the court and I spoke

to the Civil Court and they told me that you are handling the cases for the John

Doe individuals. She never did anything and was never involved in any website or

anything else that all of these allegations have taken place. She doesn't have the

money. She barely holds down a job and I don't know how she could go to

Illinois. So I would appreciate it if you could give me a call at area code

_____ . Thank you.


EXHIBIT
A

**Dougglas A. Stultz**

**From:**
**Sent:**          Friday, April 27, 2012 6:47 AM
**To:**            Dougglas A. Stultz
**Subject:**       MTQ in Lightspeed Media Corporation v. John Doe case

Mr. Stultz,

I received a letter from Comcast last week informing me that I have been identified via my IP address as allegedly infringing on Lightspeed Media Corporation's copyrights by downloading a movie without permission. Comcast has been ordered by the Court to supply my name and address to Lightspeed unless I file a motion to quash or vacate the subpoena by May 10, 2012. In researching this case on the Internet, I came across the http://fightcopyrighttrolls.com site with a lengthy discussion regarding this case. One of the posters gave a list of the attorneys representing the John Does and that's where I obtained your contact information.

I would like to inquire if you would be willing to file a motion on my behalf to quash or vacate the release of my identity and, if so, what the cost would be. Based on the date and time of the alleged infringement, I'm sure it wasn't any by anyone in my household. My wife and I are in our 60's and we go to bed at 9:00 PM almost every night and the alleged download was at 02:27:52 GMT. We do have a wireless router so perhaps someone was bootlegging our Internet connection.

If you are willing to take on my case, I'd like to speak with you at your earliest convenience. Please let me know when I should call you. Thanks very much,

Respectfully,


Mansfield, MA


EXHIBIT
B
tabbies

BECKER, PAULSON, HOERNER & THOMPSON, P.C.

ATTORNEYS AT LAW
5111 WEST MAIN
BELLEVILLE, ILLINOIS 62226
AREA CODE 618
235-0020  271-1600  FAX 235-8558
WWW.BPHLAW.COM

KEVIN T. HOERNER*                                                          *ILLINOIS AND MISSOURI
kth@bphlaw.com

May 7, 2012

Hon. Kahalah A. Dixon
Clerk of the Circuit Court
St. Clair County Courthouse
10 Public Square
Belleville, IL 62220

        Re:   **Lightspeed Media Corporation v. John Doe**
              **Case No. 11-L-683**

Dear Ms. Dixon:

        This case is currently on Judge LeChien's docket. On April 12, 2012, Judge
LeChien entered an order enforcing a subpoena that had been served on
various internet service providers ("ISPs") requesting the disclosure of the identity
of certain of their subscribers. The order, among other things, required that the
notice provided by the ISPs to their subscribers include an instruction that **all
non-attorneys are prohibited from directly contacting the court in any manner
other than in writing.**

        It has come to our attention that some subscribers have telephoned your
office about this case, including direct contact with Judge LeChien's clerk, Tina
Sambo, to discuss this case contrary to the court's order. Because of the large
number of ISPs involved future errant inquiries are inevitable. I'm contacting you
in an effort to avoid your office having to field any such inquiry and in that
regard, request that you have them contact plaintiff's counsel with any
questions.  Pleased have them contact Mr. Paul Duffy at (800) 380-0840.

        Thank you for your courtesy.

                                        By:   _Kevin T. Hoerner_

                                              Kevin T. Hoerner

cc:   Hon. Judge Robert LeChien
      All Attorneys of Record

RECEIVED MAY 0 9 2012

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

FILED
ST. CLAIR COUNTY

MAY 8   2012

*Vuhonda a. Dxian*
CIRCUIT CLERK
28

LIGHTSPEED MEDIA CORPORATION, )
                                      )
         Plaintiff,            )
                                        )
      vs.                           )        No.: 11-L-683
                                          )
JOHN DOE,                       )
                                        )
       Defendant.          )

## MOTION TO QUASH SUBPOENA ON BEHALF OF
## JOHN DOE IP ADDRESS 24.118.107.24

COMES NOW, John Doe IP address 24.118.107.24 by and through his/her attorney's Joley, Nussbaumer, Oliver, Dickerson & Beasley, P.C., and hereby moves to quash the Subpoena served by plaintiff on Comcast requesting Comcast to disclose information about John Doe IP address 24.118.107.24. For John Doe IP address 24.118.107.24 Motion to Quash Subpoena, states as follows:

         1.       John Doe IP address 24.118.107.24, who has not been sued in the above case and lives and works in Wisconsin. John Doe IP address 24.118.107.24 has never operated a business or lived in St. Clair County or any other part of the State of Illinois. Therefore, this court does not have jurisdiction over John Doe IP address 24.118.107.24.

         2.       The Court ordered Comcast, among other Internet service providers (ISP), to "produce all client subscriber identifying information (including but not limited to name and address" unless a motion to quash or vacate was filed on behalf of an IP address at which point the matter would be taken up at a later date.

         3.       The above mentioned Court Order is requiring a non-party, out of state resident to disclose personal information of a private nature in violation of John Doe IP address 24.118.107.24 rights to privacy.

4.      John Doe IP address 24.118.107.24 vehemently denies all actions alleged by plaintiff in the above captioned matter.

5.      Further, there is no evidence that John Doe IP address 24.118.107.24 was a co-conspirator or did any of the acts alleged in the complaint. We are well aware that public IP address are 2assigned by the Internet provider and open your computer up to the whole world. These public IP address are also easily stolen. Yet the Court has ordered Comcast to disclose John Doe IP address 24.118.107.24 personal and private information regarding allegations that could damage his/her reputation and career.

6.      It would be unjust and an abuse of the discovery process, to allow the personal information of a non-party, out of state citizen, to be disclosed through a Illinois subpoena served on another non-party who also resides outside of the State of Illinois.

WHEREFORE, for the foregoing reasons, John Doe IP address 24.118.107.24 respectfully requests that this Court quash the Subpoena served by plaintiff on Comcast requesting Comcast to disclose information regarding John Doe IP address 24.118.107.24 and for any such further relief this Court deems just and proper.

John Doe, IP address 24.118.107.24

BY

CHARLES L. JOLEY - #6188622
LAURA K. BEASLEY - #6274537
Joley, Nussbaumer, Oliver,
    Dickerson & Beasley,  P.C.
8 East Washington Street
Belleville, IL 62220
(618) 235-2020
(618) 235-9632 facsimile

2

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing Motion to Quash Subpoena was served upon the attorneys of record of all parties to the above by enclosing the same in an envelope addressed to such attorneys at their business address as disclosed by the pleadings of record herein, with postage duly prepaid and by depositing said envelopes in a U.S. Post Office mail box in Belleville, Illinois on this 8th day of May, 2012.

LAURA K. BEASLEY - #6274537

**Copies Forwarded To:**

Michael O'Malley
161 N. Clark St., Ste. 3200
Chicago, IL 60601
**Attorney for Plaintiff**

3

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

Lightspeed Media Corporation )
)
    Plaintiff, )
)
)    Case No.    11-L-683
v. )
)
)
John Doe )
)
    Defendant. )

## MOTION TO QUASH SUBPOENA AND OBJECTION TO PERSONAL JURISDICTION

Now comes Movant, in accordance with 735 ILCS 5/2-301, identified by Internet

Protocol ("IP") address 24.63.63.74, by and through his attorneys, and hereby moves to quash

Plaintiff's subpoena served on Comcast Cable Holdings, LLC seeking Movant's "name, current

(and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control

addresses, and any other form of contact information…".  Subpoena of December 2011, to

Comcast Cable Holdings, LLC ("Comcast"), attached hereto as Exhibit A.  A copy of the

subpoena was delivered to Movant through his Internet Service Provider, Comcast.  In support of

his motion, Movant states as follows:

    I.    **INTRODUCTION**

On or about December 2011, Plaintiff in the above-captioned action issued a subpoena

for deposition to Comcast seeking the "name, current (and permanent) addresses, telephone

numbers, e-mail addresses and Media Access Control addresses, and any other form of contact

information that may be used to identify all persons whose IP addresses are listed in the attached

RECEIVED MAY 11 2012

PRV 1198534.1

spreadsheet." Exhibit A. Various Internet Service Providers moved to quash the subpoenas and, in an Order dated April 12, 2012, those motions were denied. Movant received a letter from Comcast dated April 19, 2012 advising him that his identifying information would be produced pursuant to the April 12, 2012 Order unless Movant took action to oppose the subpoena.

## II.    LEGAL STANDARD

Illinois Supreme Court Rule 201(b)(1) provides that "a party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking disclosure or of any other party...." Rule 201(c) limits the authorization to pursue relevant discovery by providing that a court may "make a protective order as justice requires, denying...discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression." A litigant's "right to discovery is limited to disclosure of matters that will be relevant to the case at hand in order to protect against abuses and unfairness...." Leeson v. State Farm Mut. Auto. Ins. Co., 546 N.E.2d 782, 787 (Ill. App. 1989). Relevancy, for discovery purposes, "is determined by reference to the issues, for generally, something is relevant if it tends to prove or disprove something in issue." Bauter v. Reding, 385 N.E.2d 886, 890 (Ill. App. 1979).

## III.    ARGUMENT

A.    Movant Has Standing To Challenge The Subpoena

There is not question that Movant has standing to challenge the subpoena served on Comcast. It is well-recognized that the "decision to remain anonymous . . . is an aspect of the freedom of speech protected by the First Amendment." McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 342 (1995). The use of the internet does not destroy this fundamental right. See Reno v. ACLU, 521 U.S. 844, 870 (1997) (recognizing there is "no basis for qualifying the level

of First Amendment scrutiny that should be applied" to the internet).  Even if a customer's

privacy interest in its subscriber information is minimal or "exceedingly small," "parties need

only have some personal right or privilege in the information sought to have standing to

challenge a subpoena to a third party." Third Degree Films, Inc. v. Does 1-108, 2012 U.S. Dist.

LEXIS 25400, *7-8 (D. Md. Feb. 28, 2012) (internal quotation marks and citation omitted).  As a

result, Movant has standing to challenge the subpoena seeking his personal information.

B.      Because An IP Address Does Not Identify The Person That Actually Engaged In the
        Alleged Activity, The Subpoena Seeking The Personal Information Associated With
        Movant's Purported IP Address, 24.63.63.74, Should Be Quashed

        Plaintiff's Complaint asserts that Defendant and his co-conspirators "are known to

Plaintiff only by their Internet Protocol ("IP") address, which are numbers assigned to devices,

such as computers, connected to the Internet."  Complaint, at p. 1, ¶ 3.  Further, Plaintiff alleges

that "[i]n the course of monitoring website access, Plaintiff's agents observed unauthorized

access of Plaintiff's protected website through the IP addresses listed in on [*sic*] Exhibit A...."

Id.  It is important to note that Plaintiff has merely identified an internet account as having

allegedly unlawfully accessed its website, it has not identified that the subscriber of that account

is the individual responsible for the alleged unlawful access.  "An IP address provides only the

location at which one of any number of computer devices may be deployed, much like a

telephone number can be used for any number of telephones." In re: Bittorrent Adult Film

Copyright Infringement Cases, 2012 U.S. Dist. LEXIS 61447, at *3 (E.D.N.Y. May 1, 2012).  In

addition, "[m]any homes today...use routers to share a single Internet connection between

multiple computers."  Id. (quoting "What is an IP address?" available at

http://computer.howstuffworks.com/internet/basics/question5492.htm).  Therefore, by

purportedly observing its website activity Plaintiff has only seen a router or wireless access point, not the individual that committed the alleged activity.

Any ISP subscriber that will be identified through his purported IP address is not necessarily the individual who engaged in the acts alleged in Plaintiff's complaint. See Id. at *4 ("[W]hile the ISPs will provide the name of if its subscriber, the alleged infringer could be the subscriber, a member of his or her family, an employee, invitee, neighbor or interloper."); see also Digital Sin, Inc. v. Does 1-176, 2012 WL 263491, at *3 (S.D.N.Y. Jan. 30, 2012) ("The Court is concerned about the possibility that many of the names and addresses produced in response to Plaintiff's discovery request [seeking the personal information associated with a list of IP addresses] will not in fact be those of the individuals who [engaged in the alleged activity]."); SBO Pictures, Inc. v. Does 1-3036, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011) ("[T]he ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes...."); VPR Int'l v. Does 1-1017, 2011 U.S. Dist. LEXIS 64656, at *4 (C.D. Ill. April 29, 2011) ("Where an IP address might actually identify an individual subscriber and address the correlation [between IP subscriber and copyright infringer] is far from perfect. * * * The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment."). Because an IP address does not identify the individual that engaged in the alleged unlawful activity, the subpoena seeking Movant's personal information should be quashed. Releasing Movant's personal information will not "prove or disprove something in issue" (i.e., reveal the identity of an alleged co-conspirator), but merely identify an out of state individual that purchases access to the internet. Bauter, 385 N.E.2d at 890. Accordingly, the subpoena seeking Movant's personal information should be quashed.

C.   Because This Court Lacks Personal Jurisdiction Over Movant, The Subpoena Seeking The Personal Information Associated With Movant's Purported IP Address, 24.63.63.74, Should Be Quashed

The subpoena seeking the personal information connected with Movant's IP Address, 24.63.63.74, should be quashed because he is not a resident of the state of Illinois and lacks any contacts with this forum. Movant lacks even the "minimum contacts" necessary to confer personal jurisdiction as set forth by the U.S. Supreme Court in International Shoe Co. v. State of Washington, 326 U.S. 316, 316 (1945) and its progeny.

1.   Illinois Long-Arm Statute

Section 2-209 of the Code of Civil Procedure sets forth when Illinois courts will exercise personal jurisdiction over a nonresident defendant. See 735 ILCS 5/2-209. Subsection (a) governs specific jurisdiction and lists fourteen (14) different acts that could subject a nonresident defendant the jurisdiction of an Illinois court. See 735 ILCS 5/2-209(a)(1) through (a)(14). Plaintiff has alleged that personal jurisdiction over Defendant John Doe. Complaint, at p. 2, ¶ 4. With respect to this Court's jurisdiction over Movant, Plaintiff's Complaint has not asserted that this Court has personal jurisdiction over Movant and instead states that it "may elect, after learning additional facts, to seek leave of the Court to amend this complaint to include Defendant's co-conspirators as defendants in this action pursuant to 735 ILCS 5/2-405." Id. at p. 2, ¶ 6. Plaintiff has alleged no facts that would demonstrate that Movant has engaged in substantial activity in Illinois and, as discussed infra, Movant is not a resident of the state of Illinois. Further, as set forth in Movant's supporting declaration (attached hereto as Exhibit B), Movant is not a resident of the state of Illinois nor has Movant engaged in any activity, substantial or otherwise, within the state of Illinois. See Exhibit B. As a result, Plaintiff has not

was the purpose of the due process clause to insure." Id. at 319.  The minimum contacts necessary to confer jurisdiction depend on whether specific or general jurisdiction is asserted. MacNeil v. Trambert, 932 N.E.2d 441, 445-46 (Ill. App. 2010).  General jurisdiction is satisfied when a defendant's general business contacts within the forum state are continuous and systemic. Id. at 446.  Specific jurisdiction exists when the defendant purposefully directs his activities at the forum state or the cause of action arises out of the defendant's contacts with the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985); see also MacNeil, 932 N.E.2d at 446.

Plaintiff has not alleged that this Court has specific or general jurisdiction over Movant. Instead, it has only alleged that there is a potential for joinder of co-conspirators pursuant to 735 ILCS 5/2-405.  Therefore, Plaintiff has failed to proffer a basis for this Court's jurisdiction and the Court lacks jurisdiction over Movant.  See Pace Commuc'ns Serv. Corp. v. Express Products, Inc., 945 N.E.2d 1217, 1221 (Ill. App. 2011) ("When seeking jurisdiction over a nonresident defendant, a plaintiff has the burden of establishing a prima facie case for jurisdiction.").  In addition, as discussed supra and set forth in Movant's supporting declaration, Movant is not a resident of the state of Illinois nor has Movant engaged in any activity, substantial or otherwise, within the state of Illinois. See Exhibit B.

Further, Plaintiff has relied upon geolocation technology to provide a basis for this Court's jurisdiction over the sole Defendant.  Using similar, publicly available geolocation tools, Movant's IP address is traced to a location in Massachusetts.  Movant is an individual residing outside of this Court's jurisdiction and Plaintiff has failed to provide a basis for general or specific jurisdiction over Movant.  As a result, this Court lacks personal jurisdiction over Movant and the subpoena seeking Movant's personal information should be quashed.

D.   In Similar Cases, Numerous Courts Have Quashed The Subpoenas Served On ISPs Or Otherwise Protected A Movant's Personal Information From Disclosure

Many courts have quashed subpoenas or protected a movant's personal information from disclosure in similar circumstances.  Some have blocked the subpoenas because the moving party was not subject to personal jurisdiction in the forum court.  See Nu Image, Inc. v. Does 1-3,932, No. 11-cv-545, Doc. No. 31-1 (M.D. Fla. Feb. 24, 2012) (recommending that a movant's motion to quash be granted because the court lacks jurisdiction over the out of state movant).  Others have acted after concluding that joinder of massive numbers of unknown defendants was improper.  See, e.g., Liberty Media Holdings, LLC v. Bittorrent Swarm, 2011 U.S. Dist. LEXIS 126333, at *4 (S.D. Fla. Nov. 1, 2011) ("Numerous courts have found that alleged copyright infringement through the use of [peer-to-peer] networks is insufficient to sustain permissive joinder.") (citing Hard Drive Prods v. Does 1-188, 2011 U.S. Dist. LEXIS 94317, at *7-9) (N.D. Cal Aug. 23, 2011)); On the Cheap, LLC v. Does 1-5001, 2011 U.S. Dist. LEXIS 99831, at *17 (N.D. Cal. Sept. 6, 2011) (severing and dismissing without prejudice all but the first Doe defendant to appear on plaintiff's list of IP addresses, which was the first IP address that appeared to reside within the court's jurisdiction); La Face Records, LLC v. Does 1-38, 2008 U.S. Dist. LEXIS 14544, at *7 (E.D.N.C. Feb. 27, 2008) ("[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder.").  And some courts, as noted above, have dismissed similar lawsuits altogether, on grounds that the identify of the owner of an IP address is not probative of unlawful activity.

### IV.   CONCLUSION

For the foregoing reasons, the subpoena seeking Movant's personal information should be quashed as to Movant's IP address 24.63.63.74.

Dated: May 10, 2012

                                        Respectfully submitted,


                          By:   _M. A. Hatch_
                                M. Ann Hatch, #3121789
                                Brian M. Wacker, #6302105
                                John G. Beseau, #6284680
                                Herzog Crebs LLP
                                100 North Broadway, 14th Floor
                                St. Louis, MO 63102
                                314-231-6700
                                mah@herzogcrebs.com
                                bmw@herzogcrebs.com
                                jgb@herzogcrebs.com


                                Illinois Office
                                Herzog Crebs LLP
                                5111 W. Main Street
                                Belleville, IL 62226
                                618-235-7656

                                and


                                Mark A. Pogue
                                Erika J. Lindberg
                                EDWARDS WILDMAN PALMER LLP
                                2800 Financial Plaza
                                Providence, RI 02903
                                401.274.9200
                                mpogue@edwardswildman.com
                                elindberg@edwardswildman.com

PRV 1198534.1                   9

## <u>CERTIFICATE OF SERVICE</u>

  I, the undersigned, hereby certify that on the _10_ day of May, 2012, I caused a true copy of the within Motion to Quash to be served by first class mail, postage prepaid, to the following counsel of record:

Michael O'Malley, Esq.
Carey, Danis, & Lowe
5111 W. Main Street
Bellville, Illinois 62226
Attorney for Plaintiff

Bay Oak Law Firm APLC
180 Grand Ave, Ste 700
Oakland, CA 94612
Attorney for Defendant

Andrew J. Rankin
Lueders, Robertson & Konzen LLC
1939 Delmar Ave.
Granite City, IL 62040
Attorney for Defendant

Karen E. Scanlan
Puryear Law P.C.
3719 Bridge Ave #6
Davenport, IA 52807
Attorney for Defendant

Dougglas A. Stultz
HelperBroom LLC
130 North Main Street
Edwardsville, IL 62025
Attorney for Defendant

Exhibit A

IN THE CIRCUIT COURT
FOR THE 20th JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

LIGHTSPEED MEDIA CORPORATION

PETITIONER

vs.                                    NO.  11-L-683

JOHN DOE

SUBPOENA FOR DEPOSITION

TO:  Comcast Cable Holdings, LLC c/o C T Corporation System; 208 S. LaSalle St. Ste 814, Chicago, IL 60604-1101

YOU ARE COMMANDED to appear to give your deposition before a notary public in
Room No.  3200 _____ at  161 N. Clark St., Chicago, IL 60601 _____ on the
5 ____ day of  March _____ 20 12 ___ at  10:00 ____ ☒ a.m. ☐ p.m.
YOU ARE COMMANDED ALSO to bring the following:

The name, current (and permanent) addresses, telephone numbers, e-mail addresses
and Media Access Control addresses, and any other form of contact information that may
be used to identify all persons whose IP addresses are listed in the attached spreadsheet.

In your possession or control.
YOUR FAILURE TO APPEAR IN RESPOSNE TO THIS SUBPOENA WILL SUBJECT YOU TO
PUNISHMENT FOR CONTEMPT OF THIS COURT.
WITNESS, _____ 20  11

KAHALAH A. DIXON
(Clerk of the Circuit Court)
(Seal of Court)

by   m.am/

I served this subpoena by handing a copy to   C T Corporation System
on the _____ day of  December _____ 20  11 ___ . I paid the witness   $ _____
for witness and mileage fees.

Signed and sworn to before me on this _____ day of _____ 20 ____ .

_____
(Notary Public)

Attorney       Michael O'Malley
Address        161 N Clark St. Ste 3200
City / State / ZIP      Chicago, IL 60601
Telephone      312-344-3207

Exhibit B

## IN THE CIRCUIT COURT
## TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS

| | | | |
|---|---|---|---|
| Lightspeed Media Corporation | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| | ) | Case No. | 11-L-683 |
| v. | ) | | |
| | ) | | |
| | ) | | |
| John Doe | ) | | |
| | ) | | |
| Defendant. | ) | | |

## DECLARATION OF MOVANT IP ADDRESS 24.63.63.74
## IN SUPPORT OF MOTION TO QUASH SUBPOENA

Movant, identified by IP Address 24.63.63.74, declares under penalty of perjury as follows:

1.     I make this Declaration in support of my Motion to Quash the subpoena issued by the Plaintiff, Lightspeed Media Corporation.

2.     I make this Declaration as Doe, identified by IP Address 24.63.63.74, one of the alleged co-conspirators whose personal information has been sought by a subpoena served on my Internet Service Provider, Comcast.

3.     I have received a copy of the subpoena and correspondence dated April 19, 2012 from Comcast stating, among other things, that Comcast has been ordered to provide my identifying information to Prenda Law pursuant to an April 12, 2012 court order.  A copy of said subpoena is attached as Exhibit A to my Motion To Quash Subpoena.

4.     I am not a resident of Illinois and have never been a resident of Illinois.

5.     I have not operated, conducted, engaged in or carried on any business or business venture in Illinois, nor do I have an office or agency in Illinois.

Exhibit B

6.      I have not contracted to insure any person, property, or risk in Illinois.

7.      I have no interest in any real property located in Illinois, I have never owned, used, possessed or held a mortgage or any other lien on any real property in Illinois.

8.      I have not committed a tortious act in Illinois.

9.      I have never caused an injury to persons or property within Illinois and have no other contacts with the state.

10.     I do not regularly do or solicit business in Illinois.

11.     I do not derive any income, much less substantial income, from Illinois.

12.     I have never entered into or breached a contract in Illinois.

13.     I do not engage in any other persistent course of conduct in Illinois.

14.     I do not consent to personal jurisdiction in the state of Illinois.

15.     Should the Court require or request me to do so, I will file a notarized version of this declaration which includes my personal information.  I will, however, seek to file such a document under seal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 9, 2012

                                        /s/   Doe, I.P. Address 24.63.63.74

IN THE CIRCUIT COURT OF THE COUNTY OF ST. CLAIR
STATE OF MISSOURI

LIGHTSPEED MEDIA CORP.,                    )
             Plaintiff,                    )
                                    )
                                    )
                                    )   11 L 683
                                    )
                                    )
                                    )
vs.                    )
                                    )
                                    )
JOHN DOE,                    )
              Defendant.                    )

FILED
ST. CLAIR COUNTY

MAY 1 0 2012

_Kahaleh a. Dixon_
54   CIRCUIT CLERK

## MOTION TO QUASH SUBPEONA

    Nonparties possessing the IP addresses of 50.135.237, 24.128.211.198, 24.34.73.23, 24.128.211.198, 24.130.141.253,  24.5.28.105  hereafter referred to as Movants respectfully request that this Court quash the subpoenas purportedly served upon Comcast seeking  the names of  these  Movants.

As grounds therefore, Movants state as follows:

1.  Movants live and work in the states of Washington,  Massachussettes,  Minnesota and California. None of the six  movants  are located within, nor operate any business within, St. Clair County or within 100 miles of this Court.

2.  At various points throughout the month of April  2012, Plaintiff Lightspeed, through counsel, purported to serve on Movants' ISP, ComCast,  subpoenas  seeking the personal information of the Movants.

3.   there for are unreasonable in that: These subpoenas are filed in support of a case that is

not properly before this Court  in that :

a.   The alleged "John Doe" who is the defending   party to this case has neither made an

appearance nor has the plantiff demonstrated that he resides or works in this judicial circuit.

The information the plaintiff seeks through its subpoenas must relate to its claims against

John Doe.   Plaintiff has failed to demonstrate how the internet addresses of the  Movants

relates to the allegations against the defendant.  Unless the plaintiff's can establish how the

owners of these addresses can be used to establish the allegations against the defendant, the

subpeona's must be denied as unreasonable.  <u>People ex Rel Fisher v. Carey</u> 77Ill. 2d 259,

(1979).

b.   The court lacks personal jurisdiction over the movants.  These subpoenas represent a

derogation of the Movant's due process rights in that the exposure of their names violates

their right to privacy without this court having any personal jurisdiction over the movants.

No relevant act is alleged to have occurred in St. Clair County.   No harm is alleged to have

been brought by these Movants in St. Clair County.  Thus the necessary contact with the

county does not exist to sustain these subpoenas, 735 ILL. Comp. Stat. 5/2-209 (West 2011).

The anonymity of persons accessing Internet web sites should not be breached in aid of a

case not properly filed in this Court.

c.   This is "ghost" litigation.  The plaintiff should establish to the Court that its suit against

defendant could withstand a motion to dismiss. The plaintiff should be required to at least

demonstrate the adequacy of the Complaint.   A conclusory pleading such as that of the

plaintiff's in the instant matter that the plaintiff believes the John Doe lives in St. Clair

County will never be sufficient to establish this element.

Wherefore, the Movants seek to have their motion to quash granted in that these

subpoenas represent a gross violation of the Movants' due process rights and for such other

relief as this court deems just.

By: _____

Celestine  Dotson, #6239270
300 N. Tucker Blvd.  Ste. 300
St. Louis, MO 63101
(314) 454-6543
(314) 241-4943 Facsimile
ATTORNEY FOR MOVANT

### CERTIFICATE OF SERVICE

The above signature also certifies that the foregoing was served upon all parties to the above
cause by enclosing same in an envelope addressed to such parties as indicated by the pleadings
herein, with postage fully prepaid, and by depositing said envelope in a US Post Office mail box
in St. Louis, MO on the 10th day of May, 2012.

Kevin Hoerner
Becker, Paulson, Hoerner & Thompson, PC
Attorneys At Law
5111 West Main
Belleville, IL 62226

Andrew Toennies
Lashly &Baer, PC
20 East Main Street
Belleville,IL 62220

John D. Seiver
Leslie G. Moylan
Attorneys at Law
1919 Pennsylvania Ave., N.W.
Suite 800
Washington, D.C. 20006

Andrew J. Ranking
Attorney at Law
1939 Delmar
PO Box 735
Granite City, IL 62040

Troy Bozarth
Douglas A. Stultz

HeplerBroom LLC
130 N. Main St.
Edwardsville, IL 62025

Paul Duffy
Prenda Law, Inc.
161 N. Clark Street,
Ste. 3200
Chicago, IL 60601