IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORPORATION, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 12-cv-889-GPM-SCW |
| | ) | |
| ANTHONY SMITH, SBC INTERNET | ) | Removed from the Circuit Court of |
| SERVICES, INC., d/b/a AT&T INTERNET | ) | St. Clair County, IL Case No. 11-L-683 |
| SERVICES, AT&T CORPORATE | ) | |
| REPRESENTATIVE #1, COMCAST | ) | **JURY TRIAL DEMANDED** |
| CABLE COMMUNICATIONS, LLC, and | ) | |
| COMCAST CORPORATE | ) | |
| REPRESENTATIVE #1, | ) | |
|     *Defendants*. | ) | |

## AT&T INTERNET SERVICES' MOTION TO DISMISS

Defendant SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T") files this Motion to Dismiss[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and respectfully submits as follows:

1. All of Plaintiff Lightspeed Media Corporation's ("Lightspeed's") claims against AT&T in the First Amended Complaint are based on two general factual allegations, neither of which supports a cause of action against AT&T. First, Lightspeed complains about AT&T's successful opposition to Lightspeed's third-party subpoenas in the Illinois Supreme Court. Such a complaint is invalid on its face. Second, Lightspeed complains about AT&T's alleged failure to take punitive actions against its subscribers in response to Lightspeed's unsubstantiated accusations against them. AT&T cannot be liable for any such inaction because, among other

---

[1] The defendant "AT&T Corporate Representative #1" has not been named, served, or appeared in this lawsuit. Moreover, the description of such person in Plaintiff's amended complaint is not adequate to identify any particular individual. In any event, the grounds set forth herein for dismissal of Plaintiff's meritless claims against AT&T would also constitute grounds for dismissing this lawsuit as to a corporate representative of AT&T.

things, as a matter of law, it had no legal duty to affirmatively act. *See Iseberg v. Gross*, 879 N.E.2d 278, 284 (Ill. 2007).

2.  Lightspeed's amended complaint fails to state a claim against AT&T for violation of the Computer Fraud and Abuse Act (Count I) because, among other things, Lightspeed does not allege that AT&T committed any conduct actionable under the statute. In addition, Lightspeed's amended complaint does not allege that unauthorized activity relating to its website caused an eligible "loss" under the statute during any one-year period aggregating at least $5,000 in value. *See* 18 U.S.C. § 1030(c)(4)(A)(i)(I), (g).

3.  Lightspeed's amended complaint fails to state a claim against AT&T for unjust enrichment (Count IV), which is merely an alternate theory of recovery and not available where, as here, there is no other viable cause of action. Lightspeed cannot legitimately assert that AT&T has unjustly retained Internet subscription fees from its Internet subscribers to Lightspeed's detriment, or that AT&T's retention of such fees violates the fundamental principles of justice, equity, and good conscience. *See HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989).

4.  Lightspeed's amended complaint fails to state a claim against AT&T for civil conspiracy (Count VII). Among other things, in order to state such a claim, a plaintiff must allege an agreement. *See McClure v. Owens Corning Fiberglas Corp.*, 720 N.E.2d 242, 258 (Ill. 1999); *Hard Drive Productions, Inc. v. Does 1-55*, No. 11-C-2798, 2011 WL 4889094, at *4-5 (N.D. Ill. Oct. 12, 2011). Lightspeed does not even allege that the Internet subscribers (must less the actual users of Internet accounts) who allegedly hacked Lightspeed's website even communicated with AT&T regarding Lightspeed's website or allegations – much less reached an agreement with AT&T.

5. Lightspeed's amended complaint fails to state a claim against AT&T for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count VIII). Lightspeed does not allege "a deceptive act or practice" as required under the statute. *De Bouse v. Bayer*, 922 N.E.2d 309, 313 (Ill. 2009). Lightspeed fails to identify a single alleged misrepresentation or any alleged concealment by AT&T. Concomitantly, Lightspeed fails to allege that AT&T intended for Lightspeed rely on any deception or that Lightspeed sustained "actual damages" proximately caused by the alleged deception. *Oshana v. Coca-Cola Company,* 472 F.3d 506, 513-14 (7th Cir. 2006).

6. Lightspeed's amended complaint fails to state a claim against AT&T for aiding and abetting (Count X). Among other things, a claim for aiding and abetting requires that the defendant knowingly and substantially assist the principal violation. *Time Savers, Inc. v. La Salle Bank, N.A.*, 863 N.E.2d 1156, 1168 (Ill. App. Ct. 2007). But Lightspeed's uncorroborated accusations against unnamed, non-present, and unrepresented Internet subscribers (or, more accurately stated, against unknown users of those subscribers' Internet accounts) do not impute knowledge to AT&T – or anyone else – that those statements are true. Furthermore, AT&T's alleged inaction cannot support an aiding-and-abetting claim. *See Grimes v. Saikley*, 904 N.E.2d 183, 196 (Ill. App. Ct. 2009).

7. Finally, all of Lightspeed's state-law causes of action against AT&T are based on individuals allegedly having "gained unauthorized access" to its websites, "consumed Plaintiff's content as though they were paying members," and "disseminated that information to other unauthorized individuals." Such claims are preempted by the federal Copyright Act. *See* 17 U.S.C. § 301(a).

8. AT&T's Brief in Support of its Motion to Dismiss is filed contemporaneously herewith and is incorporated herein by reference.

WHEREFORE, Defendant SBC Internet Services, Inc. d/b/a AT&T Internet Services asks that this Court dismiss the causes of action asserted against it in Plaintiff Lightspeed Media Corporation's First Amended Complaint, with prejudice, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ Troy A. Bozarth
Troy A. Bozarth – 06236748
tab@heplerbroom.com
HEPLERBROOM LLC
130 North Main Street
Edwardsville, IL 62025
(618) 656-0184

Bart W. Huffman
LOCKE LORD LLP
100 Congress Avenue, Suite 300
Austin, TX 78701
(512) 305-4700
*Admitted pro hac vice*

*Attorneys for SBC Internet Services, Inc.
d/b/a AT&T Internet Services*

## Certificate of Service

I hereby certify that on this 29th day of August 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record as listed below:

| | |
|---|---|
| Paul A. Duffy | paduffy@wefightpiracy.com |
| Kevin T. Hoerner | KTH@bphlaw.com,lane@bphlaw.com |
| Andrew G. Toennies | atoennies@lashlybaer.com,skohler@lashlybaer.com |

/s/ Troy A. Bozarth