IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, | ) |
| | ) Case No. 3:12-cv-00889-WDS-SCW |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **DEFENDANT ANTHONY** |
| ANTHONY SMITH, SBC INTERNET SERVICES, | ) **SMITH'S MOTION TO DISMISS** |
| INC., d/b/a AT&T INTERNET SERVICES; AT&T | ) **PURSUANT TO FEDERAL** |
| CORPORATE REPRESENTATIVE #1; COMCAST | ) **RULE OF CIVIL PROCEDURE** |
| CABLE COMMUNICATIONS, LLC, and | ) **12(B)(6)** |
| COMCAST CORPORATE REPRESENTATIVE #1, | ) |
| | ) |
| Defendants. | ) |

Defendant Anthony Smith ("Smith") hereby moves to dismiss all claims against him in Plaintiff Lightspeed Media Corporation's ("LMC") First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). As more fully discussed in the supporting memorandum of law, LMC fails to state any claim against Smith upon which relief may be granted, and each Count it pleads against Smith should be dismissed for the following reasons:

1. Count I of the First Amended Complaint claims Smith violated the Computer Fraud and Abuse Act ("CFAA"), but is not pleaded with enough specificity to inform Smith which subsection of the CFAA he allegdly violated, nor with enough factual allegations to show either damage or loss as required to sustain a civil claim under the CFAA. 18 U.S.C. 1030(e)(8), (e)(11), & (g).

2. Each other cause of action against Smith is preempted by the Copyright Act, because each cause arises under state common law, concerns works within the general scope of copyright, and asserts rights governed exclusively by the Copyright Act. 17 U.S.C. § 301(a).

1

3. The state common law claims also fail for independent reasons. Count II alleges conversion, but LMC has not alleged that Smith caused it to suffer a wholesale deprivation of any property, much less a tangible property, as the claim requires. *In re Thebus*, 108 Ill. 2d 255, 260 (Ill. 1985). Claims for conversion of intangible, intellectual property both fail to state a claim and are preempted by the Copyright Act. *Am. Nat'l Ins. Co. v. Citibank, Inc.*, 543 F. 3d 907, 910 (7th Cir. 2008); *Pritikin v. Liberation Publ'ns, Inc.*, 83 F. Supp. 2d 920 (N.D. Ill. 1999).

4. Count III claims unjust enrichment, which is not an independent cause of action, but one that stands or falls with a related claim alleging the same improper conduct. *Martis v. Grinnell Mut. Reinsurance Co.,* 388 Ill. App. 3d 1017 (Ill. App. Ct. 2009). LMC has not raised a remediable claim for unjust enrichment where it alleges that a contract governs the case, seeks disgorgement as damages, and has not properly pleaded any underlying cause of action.

5. Count V alleges a breach of contract claim that is precluded by LMC's claim of unauthorized access, and fails to allege that Smith either assented to the alleged contract or broke any contractual promise that is not governed and preempted by the Copyright Act. *CEO Mktg. Promotions Co. v. Heartland Promotions Co.*, 739 F. Supp. 1150, 1152-53 (N.D. Ill. 1990); *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 457 (6th Cir. 2001).

6. The remaining counts for civil conspiracy fail to state a claim where no underlying tortious act remains. *Thomas v. Fuerst*, 345 Ill. App. 3d 929, 936 (Ill. App. Ct. 2004). Count VI further fails for alleging a conspiracy, which requires multiple actors, against only Smith. *Morrison v. California*, 291 U.S. 82, 92 (1933). Count VII alleges a distinct conspiracy between other defendants as to which, even if true, Smith would have been only a third-party

beneficiary, which is insufficient to justify liability as a co-conspirator. *United States v. Townsend*, 924 F.2d 1385, 1390 (7th Cir. 1991).

WHEREFORE this Court should dismiss with prejudice each claim LMC raised against Smith in Counts I, II, III, V, VI, and VII of the First Amended Complaint for failure to state a claim, and order an award of reasonable attorney's fees to Smith pursuant to 17 U.S.C. § 505, and/or such other relief as the Court deems proper.

Dated: September 18, 2012                    Respectfully,

  /s/ Dan Booth
Dan Booth (admitted *pro hac vice*)
Email: dbooth@boothsweet.com

  /s/ Jason Sweet
Jason E. Sweet (admitted *pro hac vice*)
Email: jsweet@boothsweet.com

BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883

*Counsel for Defendant Anthony Smith*

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(b)**

I hereby certify that on this 18th day of September, 2012, I electronically filed the foregoing Motion to Dismiss and supporting Memorandum of Law and Exhibit thereto with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record and provide service upon each.

  /s/ Dan Booth
Dan Booth