UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, )<br> )<br>          *Plaintiff*, )<br> )<br>v. )<br> )<br>ANTHONY SMITH, *et al.*, )<br> )<br>          *Defendants*. ) | Case No. 12-cv-889 GPM-SCW<br><br>Judge: Hon. G. Patrick Murphy<br><br>Magistrate: Stephen C. Williams |

**DEFENDANT COMCAST'S REPLY BRIEF IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Comcast Cable Communications LLC and Comcast Corporate Representative #1 (together, "Comcast"), given the exceptional circumstances stated below pursuant to Local Rule 7.1(c), file this brief Reply to Plaintiff Lightspeed Media Corporation's ("Lightspeed") Opposition ("Opp.") to Comcast's Motion to Dismiss the First Amended Complaint ("Comcast Mot.").

**I. EXCEPTIONAL CIRCUMSTANCES**

In its Opposition, Lightspeed simply fabricates "facts" by stating that Comcast "conspired with Defendant Smith and his co-conspirators,"[1] – the vast majority of whom, including Smith, are not even Comcast subscribers – without a hint of evidence, or a reasonable inference, of any knowledge, cooperation or concerted action, or even any communication between Comcast and such persons, before or after any alleged hacking or infringement by Defendant Smith or any alleged co-conspirator. Lightspeed similarly claims Comcast "acted as [ ] *de facto* [ ] counsel for its subscribers"[2] without, again, evidence of any knowledge, agreement or

---

[1] Opp. 14. *See also*, *e.g.*, *id*. 15 ("Comcast … acted in concert with Defendant Smith and other hackers … and [ ] conspired with Defendant Smith and other hackers").

[2] *Id*. 19. *See also id*. 21 ("Comcast reached an explicit agreement with its subscribers … to shield and defend them from liability, to conceal their identities from Plaintiff, and to advocate on their behalf").

1

communication and, even though such claims defy logic, also provides no basis for any cause of action for being "de facto" counsel for anyone. These are precisely the kinds of "sketchy [and] implausible" factual allegations this Court has no obligation to accept on a motion under F.R.C.P. 12(b)(6), [3] and which do not preclude dismissal of all claims against Comcast in the Amended Complaint. Lightspeed also misstates the law in several respects so as to warrant this reply.

## II.  ARGUMENT

### A.  Copyright Preemption

For some unknown reason, Lightspeed argues its claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA") is not preempted, Opp. 6-10, although Comcast never argued that the CFAA claim was preempted. Rather, *after* explaining why the CFAA claim fails on its merits, *see* Comcast Mot. 5-7, Comcast argued copyright preemption for "[t]he rest of the Amended Complaint," *i.e.*, "non-CFAA claims." Lightspeed then admits its state law claims survive Copyright Act preemption only if they include "extra elements," [4] yet the only claim for which it attempts to show any "extra elements" is its CFAA claim. *Id*. 8-11. For all other claims – as to which Comcast did argue preemption – Lightspeed only states that they "[l]ikewise … do not involve copyright … and include … extra elements," without stating what those supposed extra elements might be. *Id*. 11.[5] This clearly cannot preserve those state law claims, given that

---

[3] *See* Comcast Mot. 4 (quoting, *inter alia*, *Walsh Chiropractic, Ltd. v. Stratacare, Inc.*, 752 F.Supp.2d 896, 904 (S.D. Ill. 2010)). Lightspeed also misstates and mischaracterizes the history of this case. It claims "Plaintiff requested, and this Court granted (on or about December 16, 2011) leave to serve discovery," Opp. 2, even though the Court *denied* "emergency" discovery on August 20, 2012 (Dkt. 23, denying Dkt. 9), and the case was not even removed to this Court until August 9, 201*2* (Dkt. 2). Lightspeed further misleads regarding prior stages of this case where early discovery was briefly granted, in suggesting Comcast did not "prevail" because its motion only "resulted a [*sic*] two-sentence Illinois Supreme Order." Opp. 20. As explained, this not only qualifies as "prevailing," it was a rare supervisory order by the State's high court in favor Comcast and other ISPs, against Lightspeed. Comcast Mot. 2-3.

[4] Opp. 7, 10-11 (citing, *inter alia*, *Seng-Tiong Ho v. Taflove*, 2011 WL 2175878 (7th Cir. Jun. 6, 2011)).

[5] Even with the alleged "extra elements" the CFAA claim remains defective. Comcast Mot. 5-7.

the Amended Complaint's gravamen is that Smith and co-conspirators allegedly accessed online content unlawfully. [6]

### B.     CDA Section 230 Immunity

Lightspeed also misstates the law in claiming that immunity under the Communications Decency Act, 47 U.S.C. § 230(c) ("CDA") applies only in the context of "offensive material." Opp. 11.  As noted in a case just like this, "many courts have applied CDA immunity to [ ] causes of action … not … involving offensive speech." [7]  Lightspeed also overreaches in arguing it is improper to use § 230 immunity to dismiss under FED. R. CIV. P. 12(b)(6).  Opp. 12 (citing *Doe v. GTE*, 347 F.3d 655, 656 (7th Cir. 2003)).  Courts routinely dismiss cases under Rule 12(b)(6) on § 230 grounds, including in this Circuit post-*GTE*. [8]  Even *GTE* notes such objections are fruitless form-over-substance, as judgment on the pleadings still lies, 347 F.3d at 657, reducing the issue to one of mere "academic interest," as another Circuit put it. *Consumeraffairs.com, Inc.*, 591 F.3d at 254 n.4.  *Cf.*, *Doe v. MySpace, Inc.*, 528 F.3d 413, 416-17 (5th Cir. 2008) (affirming disposition after conversion of 12(b)(6) motion to dismiss into a Rule 12(c) motion for judgment on pleadings).

---

[6] Comcast Mot. 8-10.  *See also* Opp. 5 ("hackers illegally downloaded over 170,000 files").  Nor can Lightspeed avoid copyright preemption – as to any claim, including state law – by attempting to manufacture a distinction between unlawful accessing of "private" as opposed to "public" files. Opp. 8-9.  Lightspeed offers no authority for this purported distinction, and copyright preemption applies to works that are not yet copyrighted but could be. *See Taflove*, 648 F.3d at 501 (cited Opp. 10).

[7] *AF Holdings LLC v. Doe*, 2012 WL 3835102, *5 (N.D. Ca. Sept. 4, 2012) ("[c]ourts [] appl[y] CDA immunity … where the claims ha[ve] no connection to offensive speech").  Lightspeed's counsel claims to be "unaware" of "any case [that] successfully invoked section 230 immunity for … the dissemination of non-offensive material," Opp. 11.  The same firm that represents Lightspeed here was counsel in *AF Holdings*, *see* 2012 WL 3835102, *1, and its undersigned counsel here actually represents AF Holdings in similar cases before other courts.  *See*, *e.g.*, *AF Holdings LLC v. Does 1-1,058*, 2012 WL 3204917 (D.D.C. Aug. 6, 2012).

[8] *E.g.*, *Hadley v. Gatehouse Media Freeport Holdings, Inc.*, 2012 WL 2866463 (N.D. Ill. July 10, 2012).  *See also Black v. Google, Inc.*, 457 Fed.Appx. 622 (9th Cir. 2011); *Nemet Chevrolet, Ltd. v. Consumeraffairs. com, Inc.*, 591 F.3d 250, 253, 260 (4th Cir. 2009); *Dimeo v. Max*, 248 Fed.Appx. 280 (3d Cir. 2007); *Universal Commc'ns Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 415-17, 427 (1st Cir. 2007) (all affirming 12(b)(6) dismissals on grounds of § 230 immunity); *M.A. v. Village Voice Media Holdings*, 809 F.Supp.2d 1041 (E.D. Mo. 2011) (§ 230 dismissal).

### III. CONCLUSION

The remainder of Plaintiff's Opposition is sufficiently dealt with in Plaintiff's Motion such that no further reply is necessary. For the foregoing reasons, and those set forth previously, Comcast respectfully requests that the Court dismiss each of Counts I, IV, VII, VIII, and X of Lightspeed's Complaint as against Comcast, with prejudice, for failure to state a claim upon which relief may be granted.

Dated: October 15, 2012

Respectfully submitted,

By: /s/ John D. Seiver

John D. Seiver (admitted *pro hac vice*)
Ronald G. London
DAVIS WRIGHT TREMAINE, LLP
1919 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
(202) 973-4200

Andrew G. Toennies
LASHLY & BAER, P.C.
20 East Main Street
Belleville, Illinois 62220-1602
(618) 233-5587

*Attorneys for Defendants Comcast Cable Communications, LLC and Comcast Corporate Representative #1*