IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, )<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>ANTHONY SMITH, SBC INTERNET )<br>SERVICES, INC., d/b/a AT&T INTERNET )<br>SERVICES, AT&T CORPORATE )<br>REPRESENTATIVE #1, COMCAST )<br>CABLE COMMUNICATIONS, LLC, and )<br>COMCAST CORPORATE )<br>REPRESENTATIVE #1, )<br>    *Defendants*. ) | Case No. 12-cv-889-GPM-SCW<br><br>Removed from the Circuit Court of<br>St. Clair County, IL Case No. 11-L-683<br><br>**JURY TRIAL DEMANDED** |

**MOTION TO DEFER DISCOVERY PENDING RULING ON
DEFENDANTS' OUTSTANDING MOTIONS TO DISMISS**

TO THE HONORABLE U.S. DISTRICT JUDGE:

Defendants Anthony Smith ("Smith"), SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T"), Comcast Cable Communications, LLC ("Comcast"), and Comcast Corporate Representative #1 (together, the "Defendants")[1] file this Motion to Defer Discovery Pending Ruling on Defendants' Outstanding Motions to Dismiss, and respectfully submit as follows:

**I. BACKGROUND**

Plaintiff Lightspeed Media Corporation ("Lightspeed") owns or operates one or more paid-subscription adult-entertainment websites. In its operative complaint, Lightspeed contends that Defendant Smith "hacked" and accessed pornographic content from Lightspeed's password-

---

[1] The defendants "AT&T Corporate Representative #1" and "Comcast Corporate Representative #1" have not been named or served in this lawsuit. Moreover, the description of such persons in Plaintiff's amended complaint is not adequate to identify any particular individual. The grounds set forth in AT&T's and Comcast's respective motions for dismissal of Plaintiff's meritless claims against them would also constitute grounds for dismissing this lawsuit as to the unnamed, unidentified "corporate representative" defendants.

protected websites without authorization. (Aug. 3, 2012 First Am. Compl. ("Am. Compl.") ¶ 18, ECF No. 2-2.) Lightspeed complains that AT&T and Comcast improperly opposed Lightspeed's state court discovery, failed to act to protect Lightspeed's websites, and thereby conspired with their customers to Lightspeed's detriment. (*Id.* ¶¶ 29-52.) Motions to dismiss this lawsuit for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure have been filed on behalf of each of the Defendants. (Def. AT&T Internet Svcs. Mot. to Dismiss, ECF No. 26 (the "AT&T Mot. to Dismiss"); Def. Comcast's Mot. to Dismiss Pl.'s First Am. Compl., ECF No. 28 (the "Comcast Mot. to Dismiss"); Def. Anthony Smith's Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 26 (the "Smith Mot. to Dismiss").) Taken together, the Defendants' motions to dismiss could dispose of most or all of this proceeding.

Lightspeed responded to the AT&T Motion to Dismiss and Comcast Mot. to Dismiss on October 1, 2012 (Opp'n to Def. Comcast Cable Commc'ns Mot. to Dismiss Am. Compl., ECF No. 39; Opp'n to Def. AT&T's Mot. to Dismiss Am. Compl., ECF No. 40.) Comcast filed a reply in support of its motion to dismiss on October 15, 2012. (Def. Comcast's Reply Brief in Further Supp. of its Mot. to Dismiss Pl.'s First Am. Compl., ECF No. 42.) Lightspeed's response to the Smith Motion to Dismiss was filed on Monday, October 22, 2012 (Opp'n to Def. Anthony Smith's Mot. to Dismiss Am. Compl., ECF No. 44.) and Smith intends to file a reply thereto. A hearing has yet to be set for the Defendants' motions to dismiss.

As set forth more fully in the above-described motions to dismiss, Defendants believe that they are likely to prevail on such motions because Lightspeed's claims against Defendants fail as a matter of law. Lightspeed's claims against AT&T and Comcast are based on their successful assertion of rights (in this same case) to obtain a supervisory order from the Illinois Supreme Court, a supposed "conspiracy" between persons who are unknown to each other (much

less in agreement with each other), a failure to take unspecified actions against unknown actors and without any duty to do so, and ineligible damages which in any event would fall short of minimum required amounts for a private right of action under applicable law.[2] Lightspeed's claims against Smith allege, among other things, that he conspired with AT&T and Comcast, though he is a customer of neither; that he somehow breached a contract to which he was not a party; and that he converted (that is, completely dispossessed) Lightspeed of property that it nevertheless still owns, operates and exploits; and that he somehow "impaired" Lightspeed's computer system merely by accessing Lightspeed's website.

On October 11, 2012, a Notice was entered by the Court's Deputy Clerk, which set a scheduling and discovery conference for October 25, 2012. (Notice to Counsel, ECF No. 41.) Pursuant to that Notice and Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, the parties conferred, and thereafter, submitted their Joint Report of the Parties and Proposed Scheduling Order ("Joint Report") setting forth a proposed discovery schedule. In the Joint Report, Defendants objected to making initial disclosures or commencing discovery until the outstanding motions to dismiss are resolved.

For good cause, Defendants seek an order from the Court staying discovery in this lawsuit in order to avoid discovery disputes[3] and burdens that will likely prove unnecessary upon the determination of the motions to dismiss. In order to avoid a waste of the parties' and the

---

[2] Shortly after removal, Judge Murphy denied Lightspeed's request for "emergency" relief based on these allegations. (Tr., Hr'g on Mot. for Disc. at 18, ECF No. 29.)

[3] For example, it is already apparent from Lightspeed's "emergency" request for relief in this Court that Lightspeed intends to seek the personally identifying information as to thousands of unrelated Internet subscribers located across the nation. Based on the same hacking allegations, the Illinois Supreme Court ruled Lightspeed could not obtain discovery as to those individuals. Indeed, the only apparent reason Lightspeed added AT&T and Comcast to its complaint is to make another run at this same, improper discovery while also harassing AT&T and Comcast in retribution for Lightspeed's loss in the Illinois Supreme Court.

Court's time and resources, the Court should exercise its discretion to stay or limit discovery pending the Court's ruling on Defendants' motions to dismiss.[4]

## II. ARGUMENT

It is well settled that a trial court may, for good cause and within its discretion, exercise its powers under Rule 26(c) of the Federal Rules of Civil Procedure to stay discovery pending the outcome of dispositive motions. *See DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08-cv-1531, 2008 U.S. Dist. LEXIS 87473 at *4, 11 (N.D. Ill. Oct. 28, 2008) (stating "District courts enjoy extremely broad discretion in controlling discovery" and ultimately granting motion to stay certain discovery pending the outcome of motion to dismiss); *Chavous v. Dist. of Columbia Fin. Responsibility and Mgmt. Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("It is settled that entry of an order staying discovery pending the determination of dispositive motions is an appropriate exercise of the court's discretion."). Although a stay of discovery is not automatic upon the filing of a motion to dismiss, such a stay is appropriate where, as here, discovery may be "especially burdensome and costly to the parties," *3D Sys. Corp.*, 2008 U.S. Dist. LEXIS 87473 at *5, and is an "eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous*, 201 F.R.D. at 2; *cf. Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009) (citing the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "a defendant should not be burdened with the heavy costs of pretrial discovery that are likely to be incurred in complex litigation unless the complaint indicates that the plaintiff's case is a substantial one.").

---

[4] Motions to dismiss are decided on the pleadings, and their determination does not require discovery. *See* Fed. R. Civ. P. 12(b)(6); *Landry v. Airline Pilots Assoc. Int'l AFL-CIO*, 901 F.2d 404, 435-36 (5th Cir. 1990) (agreeing with defendants therein that "no discovery was needed to resolve motions to dismiss under [Rule] 12(b)(6). Such motions are decided on the face of the complaint" and further stating, "Discovery is not justified when cost and inconvenience will be its sole result.").

This is all the more evident here, given that Lightspeed amended its complaint to name AT&T and Comcast only to again seek discovery that had already been ruled improper (by the highest state court in Illinois no less) and as retribution for the successful challenge to that discovery by them.

Courts exercising their discretion to stay or limit discovery pending the outcome of motions to dismiss have taken a practical approach to staying or limiting discovery. For example, in finding that good cause existed to stay discovery, the court in *3D Sys. Corp.* noted that discovery related to the types of claims asserted therein often imposed a "hefty cost" on the party responding to discovery and that the information at issue therein was of a "sensitive subject matter." *Id.* at *8. The *Chavous* court articulated that a stay could be granted where a pending motion to dismiss could dispose of the entire case, the discovery is not needed to by a party in opposing a motion to dismiss, and the party opposing the motion to dismiss would not be prejudiced by the delay. *Id.* at 4.

Lightspeed has filed oppositions to each motion to dismiss, but has raised no argument which would make factual discovery necessary or even helpful to the Court's analysis of the legal issues raised by the motions. No factual discovery is needed to dispose of the motions and, potentially, the entire case. "A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion." *Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should ... be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading

are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.").

Here, with respect to defendants AT&T and Comcast, Lightspeed will almost certainly seek in discovery the personally identifiable information of thousands of Internet subscribers against whom no viable claim has been asserted, who in all likelihood are not subject to the jurisdiction of this Court, and who may or may not have been the user of their Internet account at the time of any alleged online infringement. Lightspeed will do so again, even though the Illinois Supreme Court already said "no." And, as before, Lightspeed will do so not for the purpose of "discovery," but rather so that Lightspeed's attorneys can contact the identified subscribers and threaten litigation against them. As a result, AT&T and Comcast will have to re-urge the same objections they successfully raised in connection with obtaining extraordinary relief from the Illinois Supreme Court in this very same case. Even while doing so, AT&T and Comcast would almost certainly receive invasive discovery requests pertaining to their related internal legal decisions, work product, communications, and other privileged matters.[5] AT&T and Comcast would certainly oppose such discovery, and the valuable time and resources of this Court would almost certainly be called upon to adjudicate the dispute.

Defendant Smith has declared his innocence regarding Lightspeed's claims against him and has moved to dismiss those claims on various legal grounds. (*See* Smith Mem. of Law in Supp. of Mot. to Dismiss at 1, ECF No. 37.) Imposing potentially invasive discovery burdens upon Smith at this time could foster Lightspeed's ability to coerce settlement without advancing legally viable claims. The Seventh Circuit has commended the purpose of staying discovery "to prevent settlement extortion—using discovery to impose asymmetric costs on defendants in

---

[5] Before removal of this case (and before AT&T was named as a defendant), Lightspeed filed a groundless motion to take the deposition of AT&T's Chairman and Chief Executive Officer. (ECF No. 2-12 at pp. 53-57.)

order to force a settlement advantageous to the plaintiff regardless of the merits of his suit." *Am. Bank v. City of Menasha*, 627 F.3d 261, 266 (7th Cir. 2010) (PSLRA case).

Many – if not all – of these concerns may be avoided once decisions are reached on Defendants' motions to dismiss. Defendants' motions to dismiss may dispose of many or all issues in this case, thus significantly curtailing or eliminating entirely the need for any discovery. At a minimum, it is likely that rulings on the motions to dismiss will significantly narrow the claims and issues outstanding in this lawsuit. As presently posed, Lightspeed's lawsuit is likely to generate highly controversial discovery and related motion practice. Such controversy can be avoided or minimized by a brief stay of discovery until Defendants' motions to dismiss are determined – rendering discovery entirely unnecessary or significantly narrowing its scope. *See 3D Sys. Corp.,* 2008 U.S. Dist. LEXIS 87473 at *4; *Johnson v. N.Y. Univ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (granting stay pending motion to dismiss where "the adjudication of the pending motion to dismiss may obviate the need for burdensome discovery . . . until the resolution of the motion to dismiss"). Nothing would be lost if discovery is stayed until the pending motions are decided, yet much could be wasted if discovery is allowed to proceed.

The practical approach proposed herein furthers the stated goals of the Federal Rules of Civil Procedure and this Court by promoting more efficient litigation and the narrowing of issues before the Court, before significant sums are spent and resources are consumed in the pursuit of discovery related to tenuous claims. *See* Fed. R. Civ. P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"); Notice to Counsel, ECF No. 41 (listing the objectives of the scheduling conference set for October 25, 2012, including "To formulate, simplify, and narrow the issues."); Tr., Hr'g on Mot. for Disc., (statement by Judge Murphy in denying motion for emergency,

expedited discovery that " . . . you are going to have to go through the regular discovery route just like everyone else, and then some judge or magistrate will have to sit down and very carefully tailor this thing").) Lightspeed offered *no* valid basis for objecting to a brief postponement of discovery,[6] nor does one exist.

### III. CONCLUSION

For good cause, in order to lessen the burden on the parties and the Court, to avoid unnecessary expense, and to allow for an efficient determination of the matters at issue in this lawsuit, Defendants request that the Court stay discovery until after it rules on the Defendants' pending motions to dismiss.

If this case is not dismissed, the Court may also wish to set another pre-trial scheduling conference and require the parties to jointly confer and submit another joint report and proposed scheduling order upon receipt of the Court's rulings. In the alternative, the Court may decide to decline to permit Lightspeed to seek any discovery at all unless and until Lightspeed makes an appropriate evidentiary showing, given that Lightspeed has still failed to submit a sworn declaration that *any* particular IP address allegedly "hacked" into its computer systems at any point in time. *See* Minute Order, *Guava, LLC v. John Doe*, No. 12-cv-01661 (D.D.C. Oct. 18, 2012) (Howell, J.) (denying motion for expedited discovery where plaintiff, represented by Paul Duffy of Prenda Law, Inc., failed to provide sworn declaration as to IP addresses).[7]

---

[6] In declining to agree to the stay requested herein, Lightspeed's counsel only argued that his client's website is being "decimated" by "hacking efforts" – a wholly-unsupported argument that does not warrant immediate discovery and that has been rejected over and over again in this litigation. (*See, e.g.*, Tr., Hr'g on Mot. for Disc. at 18 (observing that, "[p]roperly understood," what Lightspeed was seeking in its motion for emergency discovery was "injunctive relief," and declining to award such relief).

[7] Lightspeed has urged the Court to view Judge Howell's opinions on discovery from ISPs related to IP addresses as "authoritative." (Em. Mot. to Order Defs. AT&T and Comcast to Produce Limited Disc. Prior to the Rule 26(f) Conference at 3-4, ECF No. 9.)

Respectfully submitted,


By: /s/ Troy A. Bozarth
Troy A. Bozarth – 06236748
tab@heplerbroom.com
HEPLERBROOM LLC
130 North Main Street
Edwardsville, IL 62025
(618) 656-0184

Bart W. Huffman (admitted *pro hac vice*)
bhuffman@lockelord.com
LOCKE LORD LLP
100 Congress Avenue, Suite 300
Austin, TX 78701
(512) 305-4700

*Attorneys for SBC Internet Services, Inc.*
*d/b/a AT&T Internet Services*


By: /s/ John D. Seiver (w/ consent)
John D. Seiver (admitted *pro hac vice*)
Ronald G. London
DAVIS WRIGHT TREMAINE, LLP
1919 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
(202) 973-4200

Andrew G. Toennies
LASHLY & BAER, P.C.
20 East Main Street
Belleville, Illinois 62220-1602
(618) 233-5587

*Attorneys for Comcast Cable Communications,*
*LLC and Comcast Corporate Representative #1*

                    By: /s/ Dan Booth (w/ consent)
                    Dan Booth (admitted *pro hac vice*)
                    dbooth@boothsweet.com
                    Jason Sweet (admitted *pro hac vice*)
                    jsweet@boothsweet.com
                    BOOTH SWEET LLP
                    32R Essex Street
                    Cambridge, MA 02139
                    (617) 250-8602

                    *Attorneys for Anthony Smith*

### Certificate of Conference

I hereby certify that counsel for Defendants conferred with counsel for Lightspeed concerning the stay of discovery sought herein, and counsel for Lightspeed declined to agree to such stay.

                    /s/ Troy A. Bozarth
                    Troy A. Bozarth

### Certificate of Service

I hereby certify that on this 24th day of October 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record as listed below:

| | |
|---|---|
| Paul A. Duffy | paduffy@wefightpiracy.com |
| John L. Steele | jlsteele@wefightpiracy.com |
| Paul Hansmeier | prhansmeier@thefirm.mn |
| Kevin T. Hoerner | KTH@bphlaw.com,lane@bphlaw.com |
| Andrew G. Toennies | atoennies@lashlybaer.com,skohler@lashlybaer.com |

                    /s/ Troy A. Bozarth