IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION,     )<br>                                                                  )<br>          Plaintiff,                                        )<br>     v.                                                        )<br>                                                                  )<br>ANTHONY SMITH,                                   )<br>SBC INTERNET SERVICES, INC., d/b/a   )<br>AT&T INTERNET SERVICES;                  )<br>AT&T CORPORATE REPRESENTATIVE #1;   )<br>COMCAST CABLE COMMUNICATIONS,  )<br>LLC., and COMCAST CORPORATE         )<br>REPRESENTATIVE #1                              )<br>                                                                  )<br>                                                                  )<br>          Defendants.                                  )<br>                                                                  )<br>_____)  | No. 3:12-cv-00889-GPM-SCW<br><br><br><br><br><br><br>Judge: Hon. G. Patrick Murphy<br><br>Magistrate: Hon. Stephen C. Williams |

**PLAINTIFF'S RESPONSE TO MOTION TO STAY DISCOVERY PENDING RULING ON CERTAIN DEFENDANTS' OUTSTANDING MOTIONS TO DISMISS**

Defendants Anthony Smith ("Smith"), SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T"), Comcast Cable Communications, LLC ("Comcast"), and Comcast Corporate Representative #1 (collectively, the "Moving Defendants") filed a motion seeking the extraordinary relief of a blanket stay of discovery. (ECF No. 47.) The Moving Defendants raise arguments that they do not—and cannot—support as a matter of fact or law. The Court should deny the motion.

**A.     Legal Standard Governing Motions to Stay**

Motions to dismiss do not automatically stay discovery. *SK Tool Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 n.11 (7th Cir. 1988) ("Discovery need not cease during the pendency of a motion to dismiss."); *Allstate Ins. Co. v. Levy*, No. CV-10-1652 (FB)(VVP), 2011 WL 288511, at *1 (E.D.N.Y. Jan. 27, 2011) ("The pendency of the motion to dismiss does not provide an automatic basis to stay discovery."). The Federal Rules of Civil Procedure presumptively provide for the early initiation and continuance of discovery and disfavor blanket

1

stays of discovery, placing a heavy burden on parties seeking stays. *E.g., Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975). Under Federal Rule of Civil Procedure 26(c), defendants have the substantial burden of establishing good cause to justify the extraordinary relief of a stay of discovery. *E.g., Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990) (a party seeking a stay of discovery carries the heavy burden of making a strong showing of why discovery should be denied); *Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988).

B.     **Factual Background**

On December 14, 2011, Plaintiff filed its complaint against an unknown defendant for his participation in a civil conspiracy to hack into Plaintiff website and help others to do the same. Compl., *Lightspeed Media Corporation v. John Doe*, No. 11-L-683 (Ill. Cir. Ct. Dec. 14, 2011) (ECF No. 9-3). Immediately thereafter, Plaintiff sought discovery of the identities of the individuals that repeatedly hacked into Plaintiff's protected website and threatened Plaintiff's livelihood. Motion, *Lightspeed*, No. 11-L-683 (Ill. Cir. Ct. Dec. 16, 2011). The Illinois circuit court granted Plaintiff's motion on December 16, 2011. Order, *Lightspeed*, No. 11-L-683 (Ill. Cir. Ct. Dec. 16, 2011) (ECF No. 9-4). In compliance with the circuit court's order, Plaintiff issued subpoena on the relevant Internet Service Providers ("ISPs"), including Defendants AT&T and Comcast. Defendants AT&T and Comcast refused to comply with Plaintiff's subpoenas and instead filed a motion to quash and motion for protective order on March 19, 2012 in which they raised defenses on behalf of their subscribers arguing that joinder of the (single) defendant was improper and that the Illinois Circuit Court lacked personal jurisdiction over non-resident members of the hacking conspiracy. Motion to Quash and for Protective Order, *Lightspeed*, No. 11-L-683 (Ill. Cir. Ct. Mar. 19, 2012) (ECF No. 9-5). The Illinois circuit court denied the Defendants' motion on April 12, 2012 and ordered the Defendants to provide

Plaintiff with the identifying information of their subscribers. Order, *Lightspeed*, No. 11-L-683 (Ill. Cir. Ct. Apr. 12, 2012) (ECF No. 9-6).

In an effort to further delay disclosing their subscribers' identities, Defendants AT&T and Comcast asked the Illinois circuit court to stay the case so they could certify their arguments for appeal. Motion to Stay, *Lightspeed*, No. 11-L-683 (Ill. Cir. Ct. Apr. 25, 2012) (ECF No. 9-7). This request was also rejected by the circuit court. Order, *Lightspeed*, No. 11-L-683 (Ill. Cir. Ct. May 21, 2012) (ECF No. 9-8). Finally, Defendants AT&T and Comcast submitted a motion for a supervisory order to the Illinois Supreme Court. Motion for Supervisory Order, *AT&T Internet Services, et al. v. Lightspeed Media Corporation*, No. 114334 (Ill. June 12, 2012) (ECF No. 9-9). This motion was granted, but the relief granted was limited to reversing an administrative order and ordering certain subpoenas quashed as issued. Order, *AT&T Internet Services*, No. 114334 (Ill. June 27, 2012) (ECF No. 9-10). The supervisory order did not dismiss the case, vacate the Circuit Court's order granting leave to issue subscriber identification subpoenas or otherwise hamper Plaintiff's case. *Id.* Plaintiff amended its complaint to name Defendant Smith as the defendant that hacked into Plaintiff's protected computer systems and also added Defendants AT&T and Comcast and each of their corporate representatives for their constructive collaboration with their allegedly criminal subscribers. First Amend. Compl., *Lightspeed*, No. 11-L-683 (Ill. Cir. Ct. May 21, 2012) (ECF No. 9-11).

The Defendants removed the action to federal court and the case was assigned before this Court. (ECF No. 2.) Defendant AT&T moved to dismiss Plaintiff's claims against it on August 29, 2012. (ECF No. 26.)[1] Defendant Comcast and its Defendant corporate representative moved to dismiss Plaintiff's claims against it on the same day. (ECF No. 28.) Defendant Smith moved

---

[1] AT&T's Defendant corporate representative has not filed, or joined in, a motion to dismiss in this action.

3

to dismiss Plaintiff's claims against him on September 18, 2012. (ECF No. 36.) Plaintiff responded to each of these motions. (ECF Nos. 39, 40, 44.) Defendants filed a motion to stay discovery pending the resolution of each of these motions to dismiss. (ECF No. 47.) Plaintiff now responds to that motion.

**C.     The Moving Defendants Have Not Carried Their Heavy Burden to Justify a Stay of Discovery**

       **1.  A Motion to Dismiss Does not Stay Discovery**

The Moving Defendants' primary justification for stay of the requested discovery is the pending motions to dismiss. (*See generally* ECF No. 47.) Courts consistently reject the proposition that the mere filing of a motion to dismiss automatically stays discovery. *SK Tool Hand Tool Corp.*, 852 F.2d at 945 n.11; *see also Moss v. Hollis*, No. B-90-177 (PCD), Fed. Sec. L. Rep. (CCH) ¶ 95,443 at ¶ 97,259-60 (D. Conn. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, they would contain such a provision. Rather, Rule 1 provides that the rules shall be construed to secure the just, speedy, and inexpensive determination of any action."). The Moving Defendants' argument that they might prevail on their respective motions to dismiss does not satisfy the "showing of good cause" requirement:

> Defendants have done no more than to argue in conclusory fashion that their motions to dismiss … will succeed …. Idle speculation does not satisfy Rule 26(c)'s good cause requirement. Such general arguments could be said to apply to any reasonably large civil litigation. If this court were to adopt defendants' reasoning, it would undercut the Federal Rules' liberal discovery provisions. The motions referred to by defendants will be decided in due course; in the meantime, defendants may only seek to attack the discovery requests by means of objections, if appropriate, as provided in the Federal Rules.

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Moreover, courts generally refuse to examine the merits of complaints on motions to stay discovery, unless the complaint is

patently "frivolous". *Moss v. Hollis*, at ¶ 97,260; *Gray v. First Winthrop Corp.*, 133 F.R.D. at 40. The Complaint in this action is by no stretch of the imagination frivolous.

Further, a stay of discovery should not be granted because the pending motions will not dispose of the entire case. First, even if Plaintiff's complaint were to be dismissed, the complaint could be amended to cure any perceived defect. *See In re Chase Manhattan Corp. Sec. Litig.*, No. 90 CIV 6092 (LMM), 1991 U.S. Dist. Lexis 6136, at *172 (S.D.N.Y. May 7, 1991), *Howard v. Galesi*, 107 F.R.D. at 350-51, and n.4; *Biofeedtrac, Inc. v. Kolinor Optical Enters. & Consultants*, No. 90-1169 (EHN), 1991 WL 85951 at 1 (E.D.N.Y. May 7, 1991); *Moss v. Hollis*, Fed. Sec. L. Rep. at ¶ 97,200. Second, not all of the defendants in this action filed motions to dismiss. AT&T Corporate Representative #1, for example, has not filed such a motion. A stay of discovery is rarely appropriate when pending motions will not dispose of the entire case. *See, e.g., Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 at 263 (M.D.N.C. 1988) (stay of discovery is not favored and "is rarely appropriate where resolution of pending motion will not dispose of entire case."). This is true here.

### 2. The Moving Defendants Did Not Carry Their Burden to Show Good Cause for a Stay.

The Moving Defendants speculate that allowing discovery to proceed may subject them to burden and expense. (ECF No. 47 at 3, 4, 6-8.) The fact that some expense may be involved in discovery is not sufficient cause to satisfy the Moving Defendants' burden in seeking a stay of discovery. *E.g., Lehnert v. Ferris Faculty Ass'n — MEA-NEA*, 556 F. Supp. 316, 318 (W.D. Mich. 1983) ("[G]ood cause is not established merely be showing that discovery may involve inconvenience and expense.").

Here, the Moving Defendants have completely failed to provide *any* substantiation of *any* concern from proceeding with discovery. (*See generally* ECF No. 47.) The motion for a stay is

not supported by affidavits, declarations or even discussion on burden. (*See generally id.*) To read the motion one would believe that all of the Moving Defendants are identically situated with respect to Plaintiff's planned discovery requests. Nothing could be further from the truth; Defendant Smith cannot plausibly state that he anticipates the same discovery experience as the Defendant ISPs. The Moving Defendants' one-size-fits-all motion demonstrates the Moving Defendants' perfunctory approach to the relief they seek. Finally, any potentially burdensome discovery from which the Moving Defendants seek relief is properly addressed, pending disposition of their motions to dismiss, by way of objections as provided for in the Federal Rules. *See Howard v. Galesi*, 107 F.R.D. 348 (S.D.N.Y. 1985).

### 3. The Moving Defendants' Other Arguments Have no Relevance to a Good Cause Showing

The remainder of the Moving Defendants' brief is devoted to statements that have no relevance to a motion for a stay. (*See generally* ECF No. 47.) Their misguided theories behind Plaintiff's motives for bringing its case, their condemnably inaccurate characterization of a supervisory order and other such vitriolic attacks do nothing to cure the fatal defects associated with their motion for a stay. *AF Holdings LLC v. Does 1-1,058*, No. 12-00048 (D.D.C. Aug. 6, 2012) (ECF No. 9-2) (rejecting numerous *ad hominem* attacks brought Defendants AT&T and Comcast and concluding "that the ISPs' objections to the plaintiff's subpoenas have no merit.").

### D. A Stay of Discovery Would Irreparably Harm Plaintiff

Plaintiff is a small business that owns and operates subscription-based websites. (Declaration of Steve Jones, ECF No. 9-1 ¶ 3.) The integrity of its business depends on preventing unauthorized access to its members-only areas. (*Id.*) In support of this mission, Plaintiff deploys industry-leading anti-hacking systems, namely ProxyPass. (*Id.* ¶ 4.) Yet, no

software can anticipate and protect against every emerging hacking tactic.[2] Plaintiff's websites are heavily targeted by hackers, who are actively hacking into Plaintiff's sites at this very moment. (*Id.*)

The only entities that know the hackers' identities are the Defendant ISPs, AT&T and Comcast. (*Id.* ¶ 5.) Yet, the Defendant ISPs are entirely unwilling to divulge the hackers' identities. (*Id.*) They are not even willing to lessen the frequency of the criminal actions that their customers are currently perpetrating against Plaintiff. (*Id.*) Instead, the Defendant ISPs are providing these criminals with unfettered Internet access—so long, of course, as the criminals continue making subscription payments to the Conspiring ISP's. (*Id.*)

Plaintiff initiated its litigation as far back as December 14, 2011. Compl., *Lightspeed*, No. 11-L-683 (Ill. Cir. Ct. Dec. 14, 2011) (ECF No. 9-3). Even though the Defendant ISPs never once denied that their subscribers were engaging in systematic criminal activity against Plaintiff in their voluminous filings, they made a business decision to adopt an obstructionist stance. (ECF No. 9-1 ¶ 5.) Their motive was financial. (*Id.*) As Chief Justice Roberts has recognized, major ISPs profit mightily from high-speed Internet subscriptions. *See TECHNOLOGY; In Court, Verizon Challenges Music Industry's Subpoenas*, N.Y. Times, Sept. 17, 2003 (stating that Internet Service Providers, such as AT&T and Comcast, "make a lot of money off of piracy . . . People engaged in that activity use the more expensive services that [ISPs] offer."). The

---

[2] *See* Emil Protalinski, *Richard Clarke: China has Hacked Every Major US Company*, Zero Day, March 27, 2012, *available at* http://www.zdnet.com/blog/security/richard-clarke-china-has-hacked-every-major-us-company/11125 (last checked August 16, 2012) (explaining that even high tech, multi-million-dollar corporations cannot prevent hacking from occurring.); Glenn Chapman, *Cyber Defenders Urged to go on the Offensive*, Yahoo! News, July 26, 2012, available at http://news.yahoo.com/cyber-defenders-urged-offense-140023880.html (last checked August 16, 2012) (Former FBI cyber crime unit chief, Shawn Henry, explained that a proactive, instead of simply a reactive, approach needed to be taken to reduce and prevent hacking and other cyber crimes. Black Hat founder Jeff Moss added "I can't print money; I can't raise an army, but I can hire lawyers and they are almost as good. One way to fight the enemy is you just sue them.")

information provided by the majority of the ISPs allowed Plaintiff's agents to begin unraveling the conspiracy and decrease instances of hacking. (ECF No. 9-1 ¶ 6.) While many of the identified hackers acknowledged their role and expressed surprise that their identities were subject to discovery, others chose to fight Plaintiff's claims. (*Id.*) Plaintiff is currently litigating its claims against dozens of the hackers that were identified in the original action. (*Id.*)

Plaintiff's business is at a breaking point. Plaintiff's systems have been repeatedly and systematically targeted by hackers worldwide while this litigation has been pending. (ECF No. 9-1 ¶ 8.) The efforts of the Defendant ISPs have emboldened the hackers, who now believe that they have complete impunity to commit criminal acts against Plaintiff. (*Id.*) The Defendant ISPs subscribers have permanently destroyed Plaintiff's computer systems, engaged in identity theft against Plaintiff and Plaintiff's counsel, attempted to incite fellow hackers to engage in violence against Plaintiff's CEO and founder, and even committed identity theft against Plaintiff's CEO and his family

Furthermore, the Defendant ISPs' aiding and abetting has prevented their criminal subscribers from being put on notice of the pending litigation, and thus their evidence preservation obligations. (*Id.*) As the Defendant ISPs know, as each day passes Plaintiff's ability to prove its case against the Defendant ISPs is dramatically lessened. (ECF No. 9-1 ¶ 9.) There is no good justification for allowing critical digital forensic evidence to expire, yet an even further delay of discovery would result in just that.

## CONCLUSION

The Moving Defendants have provided the Court with no colorable basis on which to grant the relief they seek. The motion to stay discovery should be denied.

                                    Respectfully submitted,

                                    LIGHTSPEED MEDIA CORPORATION

DATED: October 31, 2012

                                  By:    <u>/s/ Paul Hansmeier</u>
                                            Paul Hansmeier (MN Bar No. 0387795)
                                            Of Counsel to Prenda Law Inc.
                                            40 South 7th Street
                                            Minneapolis, MN 55402
                                            *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on October 31, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                   /s/ Paul Hansmeier
                   Paul Hansmeier