IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORPORATION,<br>     *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No. 12-cv-889-WDS-SCW |
| ANTHONY SMITH, SBC INTERNET<br>SERVICES, INC., d/b/a AT&T INTERNET<br>SERVICES, AT&T CORPORATE<br>REPRESENTATIVE #1, COMCAST CABLE<br>COMMUNICATIONS, LLC, and COMCAST<br>CORPORATE REPRESENTATIVE #1,<br>     *Defendants*. | ) ) ) ) ) ) ) ) ) | Removed from the Circuit Court of<br>St. Clair County, IL Case No. 11-L-683<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANTS' MOTION TO STAY DISCOVERY**

TO THE HONORABLE U.S. DISTRICT AND MAGISTRATE JUDGES:

Defendants Anthony Smith ("Smith"), SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T"), Comcast Cable Communications, LLC ("Comcast"), and Comcast Corporate Representative #1 (together, the "Defendants"), pursuant to the Court's October 26, 2012, Minute Order (ECF No. 49), file this Reply to Plaintiff's Response ("Resp.," ECF No. 50) to the Defendants' Motion to Stay Discovery ("Mot. to Stay," ECF No. 47)[1] Pending Ruling on Defendants' Outstanding Motions to Dismiss (each a "Mot. to Dismiss," ECF Nos. 26, 28, and 36.)

Lightspeed's argument for proceeding with discovery before the Court rules on the pending dispositive motions is based on a contention that the amended complaint is not "patently frivolous." (Resp. at 4-5.) But as the Motion to Stay explained, and as the motions to dismiss show, many, if not all, of Lightspeed's claims appear to be just that. Lightspeed's Response here

---

[1] The Motion to Stay Discovery was originally titled "Defendants' Motion to Defer Discovery."

demonstrates as much: "Plaintiff amended its complaint to name Defendant Smith as the defendant that hacked into Plaintiff's protected computer systems and also added Defendants AT&T and Comcast and each of their corporate representatives[2] for their *constructive collaboration* with their allegedly criminal subscribers."  (Resp. at 2 (emphasis added).)   No cause of action for "*constructive collaboration*" exists, nor could there be a plausible factual or legal allegation of *any* collaboration.  Defendant Smith is not sued as a subscriber of either AT&T or Comcast, and the thousands of other subscribers, located across the nation, are neither parties nor properly the subject of discovery in this action.  The contention that Internet service providers ("ISPs") and other providers of communications services are participants in or have constructively collaborated with any person who uses the services they provide in some illegal manner is preposterous.  Furthermore, Lightspeed has not alleged that it provided Defendants AT&T and Comcast any evidence that would be sufficient to justify termination of service to their subscribers, and, even if it had, Lightspeed has not pointed to any legal duty (or practical ability) of any ISP to intercept, monitor or police the content of Internet communications directed to Lightspeed's website.[3]

---

[2] As stated, neither of the "corporate representatives" that Lightspeed purports to include as "defendants" has been named or served in this litigation, nor has any summons been issued as to either of them.  Lightspeed has not identified any "corporate representative," nor has it articulated any coherent claims against any "corporate representative."  (*See, e.g.,* First Am. Compl. ¶ 30, ECF No. 2-2 (describing ISPs' successful resistance of subpoenas in state court and successful motion for supervisory order as follows:  "The ISPs, upon information belief, through the approval and authorization of the Corporate Representative of each entity, chose to interpose themselves in this litigation, interfere with the Court's Orders, evade subpoenas, and prevent and obstruct Plaintiff from learning the identities of those ISP subscribers hacking into and stealing from its website.").)  This Court declined Lightspeed's "emergency" request for discovery concerning the "corporate representatives."  (*See* Emergency Mot.  at 14-15, ECF No. 9 (seeking identity of representative with authority as to the successful litigation decisions that resulted in a supervisory order from the Illinois Supreme Court in this case).)

[3] Although Lightspeed's counsel have suggested that individual consumers should have Wi-Fi security sufficient to block unauthorized access to their home networks, Lightspeed comes to this Court without so much as a suggestion that its security systems have been set up to block hackers, as distinguished from merely tracking alleged hackers to enable Lightspeed to sue for far more in damages than would have charged for the allegedly stolen content.  Even if Lightspeed were to actually specify some action that could be taken, the ISPs are not the censors of the Internet or a private police force acting at the beck and call of a website owner whose security is not adequately designed to block the theft of its proprietary information.

More to the point, Defendants could not have "collaborated" when any hacking or downloading occurred – that would have been impossible, as their identities were unknown and many, including Defendant Smith, are allegedly subscribers of ISPs other than AT&T and Comcast.  The same is true in the aftermath of such conduct (if such conduct occurred).  The only possible basis for alleging any "collaboration" is that the ISPs filed successful motions to quash and/or for protective order based on relevance and jurisdictional issues as to subpoenas that were served seeking the personally identifiable information of thousands of unnamed subscribers.[4]  Asserting rights in legal proceedings is a right of all persons sued or subpoenaed as non-parties in court actions.  Speaking to a court is not actionable conduct, a conspiracy, aiding-and-abetting, or anything wrongful. Such fanciful claims cannot support proceeding with expensive, invasive, and contentious discovery at this juncture.

Moreover, before Smith is put to the additional burden of producing evidence, Lightspeed has to show that there is some ground for suspecting that Smith has indeed violated Lightspeed's rights.  Here discovery would not be sought to gather evidence that will help Lightspeed to prevail on the merits of its case but to coerce Smith and the defendant ISPs' customers to settle regardless of the merits.  Absent a tenable claim, it is not reason enough that evidence *might* be in Smith's possession. Otherwise, Lightspeed could threaten anyone with the task of producing evidence without having anything better than a hope and a prayer that evidence may exist that would establish an actionable violation of law.

---

[4] The record before this Court is clear on the three bases for the ISPs Motions to Quash and the Illinois Supreme Court's order granting those motions outright.  Any attempt by Lightspeed to limit the significance of the extraordinary Illinois Supreme Court action in this matter simply ignores the plane facts presented by that record. (*See, e.g.,* Br. in Supp. of AT&T Internet Svcs. Mot. to Dismiss at 1-5, ECF No. 27.)

Notably, Lightspeed invokes a question by U.S. Supreme Court Chief Justice Roberts (without acknowledging the oral argument query relied upon came when he was Circuit Court Judge) that ISPs supposedly "make a lot of money off of piracy."  (Resp. at 7 (citing *N.Y. Times* article).)  This suggests that the quotation reflects Chief Justice Roberts' belief, a decision by a court or is somehow precedential, none of which is the case.  The article from which the quotation was copied simply reported on a D.C. Circuit appellate oral argument,[5] not a decision by the court – and, in fact, the decision later rendered in that case unanimously quashed the subpoenas at issue.[6]

Claims that staying discovery pending action on the motions to dismiss will irreparably harm Lightspeed are also overstated, to say the least.  Lightspeed urged this same harm earlier and the Court found it unpersuasive.  (Tr., Hr'g on Mot. for Disc. ("Tr.") at 17:24-18:15.)  Lightspeed claims to be at its "breaking point," but the only "substantiation" for this claim is a self-serving declaration to that effect.  Lightspeed has been claiming such distress throughout this case, which it notes is nearly a year old, yet has continued operations, while moreover claiming continued "active hacking," which would not be possible if operations were as diminished (or stand to be as diminished) as Lightspeed would have the Court believe. (Tr. at 6:3-8, 7:11-8:7, 11:17-12:13 (ECF 29).)

---

[5]   Counsel for Verizon denied at argument Chief Justice Roberts' question which Lightspeed relies on here.

[6]   *See Recording Industry Ass'n of Am., Inc. v. Verizon Internet Servs. Inc.*, 351 F.3d 1229 (D.C. Cir. 2003).  Then-Judge Roberts did not dissent or file a separate opinion, and nothing involving the colloquy appeared in the court's decision.  Lightspeed also gains nothing citing *AF Holdings LLC v. Does 1-1,058*, No. 12-cv-00048, 2012 WL 3204917 (D.D.C. Aug. 6, 2006), to suggest there is "no merit" to ISP objections to subpoenas such as those served in the state court here and which would be transformed into the discovery with which Lightspeed now wishes to proceed.  That decision has been stayed and certified for interlocutory appeal, *Id.* at *20-23, and is in any event is at odds with many other courts that have considered the same issues, including in the Circuit in which the *AF Holdings* court sits (*id.*  at *22), decisions of Chief Judge Holderman in the Northern District of Illinois (*Pacific Cen. Int'l. v. Does 1-37*, 282 F.R.D. 189 (N.D. Ill. 2012) and, of particular significance, the ruling of the Illinois Supreme Court in the state-court phase of *this same case*.

As the present Response reflects, Lightspeed's objective is to learn the identities of as many of its targets as possible before the litigation collapses as baseless, so that Lightspeed can force them to "acknowledge[] their role" – i.e., enter quick, monetary settlements with Lightspeed – or hope to leverage the same by threatening to "litigat[e] its claims against" them. (*See* Resp. at 8.)  As made plain by its actions before the state court, its "emergency motion" to this Court, and its present posture, this case is all about Lightspeed learning the identities of a long list of so-called "co-conspirators"– over most of whom it could not obtain jurisdiction in this Court due to improper joinder and other issues – before its case and complaint are deemed unsustainable.  Given the failure to get the information by subpoena from Comcast and AT&T, Lightspeed made them parties so it might seek to obtain the same, irrelevant personally identifiable information en masse by way of party discovery.   Staying discovery until the motions to dismiss are decided will preclude this obvious tactic, as Lightspeed might otherwise obtain virtually all the "relief" it needs if it is enabled to pursue discovery and then strong-arm the ISP defendants' subscribers before the Court assesses the bona fides of Lightspeed's claims.

## CONCLUSION

For all the foregoing reasons, and those in the Motion to Stay, for good cause shown, and in order to lessen the burden on the parties and the Court to avoid unnecessary expense and allow for efficient determination of the matters at issue in this lawsuit, Defendants ask the Court to stay discovery until it rules on the pending motions to dismiss.

November 5, 2012

Respectfully submitted,


By: /s/ Troy A. Bozarth
Troy A. Bozarth – 06236748
tab@heplerbroom.com
HEPLERBROOM LLC
130 North Main Street
Edwardsville, IL 62025
(618) 656-0184


Bart W. Huffman (admitted pro hac vice)
bhuffman@lockelord.com
LOCKE LORD LLP
100 Congress Avenue, Suite 300
Austin, TX 78701
(512) 305-4700

*Attorneys for SBC Internet Services, Inc.*
*d/b/a AT&T Internet Services*


By: /s/ John D. Seiver (w/ consent)
John D. Seiver (admitted pro hac vice)
Ronald G. London
DAVIS WRIGHT TREMAINE, LLP
1919 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
(202) 973-4200

Andrew G. Toennies
LASHLY & BAER, P.C.
20 East Main Street
Belleville, Illinois 62220-1602
(618) 233-5587

*Attorneys for Comcast Cable Communications,*
*LLC and Comcast Corporate Representative #1*

By: /s/ Dan Booth (w/ consent)
Dan Booth (admitted *pro hac vice*)
dbooth@boothsweet.com
Jason Sweet (admitted *pro hac vice*)
jsweet@boothsweet.com
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
(617) 250-8602

*Attorneys for Anthony Smith*

## Certificate of Service

I hereby certify that on this 5th day of November 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record as listed below:

| | |
|---|---|
| Paul A. Duffy | paduffy@wefightpiracy.com |
| John L. Steele | jsteele@wefightpiracy.com |
| Paul Hansmeier | prhansmeier@thefirm.mn |
| Kevin T. Hoerner | KTH@bphlaw.com, lane@bphlaw.com |

/s/ Troy A. Bozarth
Troy A. Bozarth