UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


SUNLUST PICTURES, LLC., CASE NO: 8:12-CV-1685-T-35MAP

      Plaintiff,

VS.                                  Tampa, Florida
                                     10:00 a.m.
TUAN NGUYEN,                         November 27, 2011

      Defendant.
_____/


TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

APPEARANCES:

Counsel for Plaintiff:        JONATHAN TORRES, ESQUIRE
(Telephonically)              1417 N. Semoran Boulevard
                              Suite 205
                              Orlando, FL   32807
                              (407)953-5818
                              jonathantorresllc@gmail.com


Counsel for Defendant:        GRAHAM W. SYFERT, ESQUIRE
                              1529 Margaret Street
                              Unit 2
                              Jacksonville, FL   32204
                              (904)383-7448
                              graham@syfert.com


Court Reporter:               CLAUDIA SPANGLER-FRY, RPR, CM
                              Official Court Reporter
                              801 North Florida Avenue
                              7th Floor
                              Tampa, FL   33602
                              (813)301-5575
                              cookiefry@aol.com


CLAUDIA SPANGLER-FRY, OFFICIAL U. S. COURT REPORTER

```
 1                    P R O C E E D I N G S

 2                    November 27, 2012

 3                         * * * * * *

 4           THE COURT:  Mr. Torres, what sort of noise are you

 5   making on the line?

 6           MR. TORRES:  I apologize, I'm in the Courthouse.

 7           THE COURT:  All right.

 8           MR. TORRES:  In Orange County.

 9           THE COURT:  Please call the case.

10           THE CLERK:  In the matter of Sunlust Pictures, LLC --

11           MR. TORRES:  Is that better?

12           THE COURT:  That's better, yes.

13           THE CLERK:  -- versus Tuan Nguyen, Case Number

14   8:12-CV-1685.

15           Counsel and parties, please state your appearances,

16   starting with parties for the Plaintiff.

17           MR. LUTZ:  Mark Lutz, appearing on behalf of Sunlust

18   Pictures.

19           THE COURT:  And for the defense?

20           MR. SYFERT:  Your Honor, Graham Syfert here on behalf

21   of Tuan Nguyen, who is also present in Court today.

22           THE COURT:  And on the phone?

23           MR. TORRES:  Attorney Jonathan Torres, Florida counsel

24   for Plaintiff.

25           THE COURT:  And Mr. Lutz, where's your coat and tie
```

1    this morning?  Did you know you were coming to Federal Court?

2              MR. LUTZ:  I did.

3              THE COURT:  Where's your coat and tie?

4              MR. LUTZ:  I apologize, I did not wear one.

5              THE COURT:  Are you an attorney barred in the State of

6    Florida?

7              MR. LUTZ:  I am not, no, I'm a corporate

8    representative.

9              THE COURT:  And who is your counsel?

10             MR. LUTZ:  I'm sorry?

11             THE COURT:  Who is your lawyer?

12             MR. LUTZ:  Our counsel is on the phone here.

13             THE COURT:  Where is your other lawyer; he hasn't been

14   permitted to withdraw?

15             MR. LUTZ:  He wasn't able to appear today.

16             THE COURT:  Mr. Torres, are you in the case or out of

17   the case?

18             MR. TORRES:  No, I'm still in the case, Your Honor.  I

19   presented a motion for telephonic appearance due to an

20   emergency hearing conflict in Orange County and I was allowed

21   to appear by phone and by order that was sent to me yesterday.

22             THE COURT:  Well, I'm a little confused.  There was a

23   lawyer who moved to withdraw, and there was another lawyer who

24   moved to appear, then he moved to withdraw, so who is on first,

25   I guess?

1              MR. TORRES:  Right now, Your Honor, I'm still on the

2    case.  And there is still discussions with my client which I

3    have to confer with them, but right for now, I'm the counsel on

4    the case, Your Honor.

5              THE COURT:  And Mr. Torres, how did you come to be the

6    lawyer in this case?

7              MR. TORRES:  Your Honor, I was contacted by the

8    client, Prenda Law, in order to --

9              THE COURT:  The client and Prenda Law or Prenda Law?

10             MR. TORRES:  Prenda Law, Your Honor,

11             THE COURT:  And what is their relation to you?

12             MR. TORRES:  Just co-counsel arrangement, Your Honor.

13             THE COURT:  And what is that arrangement?

14             MR. TORRES:  For me to appear for any local hearings,

15   Your Honor.

16             THE COURT:  Well, I got a letter from someone from the

17   Prenda Law Group saying they were not representing any party in

18   this case and were not involved in the case and had no

19   authority to speak on anyone's behalf in this case, so is

20   Prenda Law principal counsel in the case or not?

21             MR. TORRES:  No, Your Honor.

22             THE COURT:  So what is their relationship again then

23   to you as counsel in this case?

24             MR. TORRES:  Well, Your Honor, I was --

25             THE COURT:  I'm sorry, I'm sorry, hold on a second.

1          Ms. Vizza, would you please swear this witness, on the

2   phone, yes.

3          Mr. Torres, if you would please raise your right hand.

4          Ms. Vizza.

5          MR. TORRES:  Yes.

6   Thereupon,

7                          JONATHAN TORRES,

8   having first been duly sworn to tell the truth, the whole

9   truth, and nothing but the truth, was examined and testified as

10  follows:

11         MR. TORRES:  Yes.

12         THE COURT:  All right, sir.  You're under oath, you

13  have to give truthful answers to the questions that are asked

14  or face penalties of perjury for false answers.

15         Do you understand that?

16         MR. TORRES:  I understand.

17         THE COURT:  All right.

18         So, starting over now, Prenda is the referring law

19  firm to your firm or the originating firm or principal counsel?

20         MR. TORRES:  My understanding, Your Honor, is that

21  Prenda Law was the counsel for Plaintiffs and is still counsel

22  for Plaintiffs.

23         I was contacted by Brett Gibbs in order to be local

24  counsel to appear on behalf of Prenda Law.

25         THE COURT:  So, Prenda Law purports to be the

Page 6

1  principal law firm in this case?

2           MR. TORRES:  Correct.

3           THE COURT:  Did Prenda Law file a notice of appearance

4  as principal law firm in this case?

5           MR. TORRES:  My understanding, Your Honor, is that

6  they were, at one point, counsel in the case.  I'm not sure if

7  they actually have a current notice of appearance or not, I'm

8  not sure.

9           THE COURT:  And what is your financial arrangement

10 with Prenda Law?

11          MR. TORRES:  Well, I'm working on a contingency basis,

12 Your Honor.

13          THE COURT:  And what percentage is your cut of the

14 contingency?

15          MR. TORRES:  My understanding is that it's 75 percent,

16 my understanding, of whatever the fees are generated, my

17 understanding, at least.

18          THE COURT:  Yours will be 75 percent and Prenda's will

19 be 25 percent?

20          MR. TORRES:  That is correct, Your Honor.

21          THE COURT:  Who is principally responsible for the

22 case; Prenda or you?

23          MR. TORRES:  Well, my understanding is that I was

24 recently contacted in regards to this case.

25          My understanding is that I was going to be primarily

1    responsible and be the local counsel for this case, but the

2    reason why I presented a motion to withdraw is because just

3    recently I was contacted by defense counsel and was advised of

4    certain issues that were going on in the case.

5         THE COURT:  When were you retained?

6         MR. TORRES:  Well, I was contacted, I believe, Your

7    Honor, it was about 15 days ago.

8         THE COURT:  And who were you contacted by?

9         MR. TORRES:  I was contacted by Mr. Brett Gibbs from

10   Prenda Law.

11        THE COURT:  And who did he tell you was current

12   counsel in the case?

13        MR. TORRES:  Well, he told me that Prenda Law through

14   another attorney locally was the current counsel in the case,

15   and that's why, you know, they were substituting me for counsel

16   in this case, and eight other cases -- actually seven other

17   cases that purportedly Prenda Law was the counsel on.

18        THE COURT:  Give me one second, I need to look up

19   something in the docket.

20        (Brief pause.)

21        And did Mr. Wasinger call you?

22        MR. TORRES:  No, Your Honor, Mr. Wasinger apparently

23   presented a motion to withdraw or substitution of counsel at

24   that point.

25        THE COURT:  And then the Court ordered that he was not

1  granted his leave and directed that he was to appear at this

2  hearing and that his motion for withdrawal would be taken up at

3  this hearing.  And did you see that on the docket when you

4  filed your notice of appearance?

5        MR. TORRES:  No, Your Honor, I did not.

6        THE COURT:  Did you look at the docket when you filed

7  your notice of appearance?

8        MR. TORRES:  I presented the notice of appearance and

9  did not see that Mr. Wasinger was still counsel.

10        THE COURT:  Did you look at the docket is what I asked

11  you?

12        MR. TORRES:  I looked at -- I did look at the docket,

13  per se, I didn't --

14        THE COURT:  The answer is no, you did not read the

15  docket on the case you were appearing in?

16        MR. TORRES:  Correct, Your Honor.

17        THE COURT:  And then shortly after you file your

18  notice of appearance, you moved to withdraw?

19        MR. TORRES:  That is correct, Your Honor.

20        THE COURT:  And why is that?

21        MR. TORRES:  Well, Your Honor, I'll be perfectly

22  honest with you.  Defense counsel contacted me shortly

23  thereafter of being counsel of record, instructed me to call

24  him immediately.

25        And so I -- actually I did, and left him a message,

1  then he returned my phone call.  And there was discussions

2  between Defendant and -- Defendant's counsel and myself in

3  regards to this case.

4          The only thing that -- the first thing that I heard

5  from defense counsel was, you know, rather than see how this

6  case might be settled or anything to that effect, was the fact

7  that there were -- there had been some bar complaints or

8  something to that effect associated with this case or something

9  to that effect, and based on that statement from defense

10 counsel, I decided to present my motion to withdraw and have no

11 further involvement with any of the cases.

12         THE COURT:  Did you have any contact with

13 Mr. Wasinger?

14         MR. TORRES:  No, I did not, Your Honor.

15         THE COURT:  Do you have a written contract with Prenda

16 Law Group?

17         MR. TORRES:  No, I do not, Your Honor.

18         THE COURT:  Have you filed a notice of appearance in

19 all of the other cases that Mr. Wasinger has withdrawn from?

20         MR. TORRES:  Yes, Your Honor.

21         THE COURT:  Have you moved to withdraw in all those

22 cases as well?

23         MR. TORRES:  Yes, I did, Your Honor.

24         THE COURT:  Have those motions been granted?

25         MR. TORRES:  No, Your Honor, based on local rule,

Page 10

1    after conferring with counsel, but that's something I'll

2    remedy, Your Honor.

3            THE COURT:  I got a letter on the 18th from a

4    Mr. Duffy at Prenda Law, Inc.

5            MR. TORRES:  Okay.

6            THE COURT:  And he advises that he was recently made

7    aware that the Court ordered a principal of Prenda Law to

8    appear in person at the motion to dismiss hearing scheduled for

9    today's date.

10           As the sole principal of Prenda Law, Inc., that would

11   be me.  For the record, I was never served with notice of the

12   Court's Order or otherwise made aware of it until very recently

13   via a phone call from a fellow attorney.

14           As an initial matter, I must respectfully inform the

15   Court I am located in Chicago and my attendance would require

16   air travel and he has had surgery on his eyes and this and

17   that.

18           Then he says, I also respectfully question how my

19   appearance could benefit the Court, particularly since I am not

20   representing anyone, in italics, in this case and have no

21   authority to speak on anyone's behalf.

22           It would certainly -- it would clearly be improper for

23   me to make any statement on a pending matter in a jurisdiction

24   in which I am not licensed and on behalf of a client I do not

25   represent.  In light of the foregoing, I pray that the Court

Page 11

1  will excuse my attendance at this hearing.

2        Now, is Prenda Law, Inc. different than the entity

3  that you are dealing with?

4        MR. TORRES:  Your Honor, my only understanding is that

5  Prenda Law is the one that has been in contact with me.  That's

6  the only thing I know.

7        To be honest, Your Honor, I responded to an ad for a

8  local appearance, that's all I did, Your Honor.  And other than

9  that, I was brought into these cases, and that's pretty much

10 it.

11       THE COURT:  Who is Prenda Law, Inc.?  Is that the

12 person you're local counsel for?

13       MR. TORRES:  That's technically my understanding of

14 the situation or the arrangement, if you will.

15       THE COURT:  Who is Mr. Gibbs in relation to Mr. Duffy?

16       MR. TORRES:  Well, Mr. Gibbs apparently is a principal

17 at Prenda Law, to my understanding.

18       THE COURT:  Who is Mr. Duffy?

19       MR. TORRES:  Mr. Duffy, I have no contact with

20 Mr. Duffy.  I've never had any contact with Mr. Duffy.

21       THE COURT:  Mr. Lutz, who is the individual who you

22 just spoke to in the Courtroom with you?

23       MR. LUTZ:  Sorry?

24       THE COURT:  Who is that behind you?

25       MR. STEELE:  Your Honor, my name is John Steele.

1          THE COURT:  Who are you?

2          MR. STEELE:  I'm an attorney, but not involved in this

3    case.

4          THE COURT:  You're an attorney with what law firm?

5          MR. STEELE:  I'm not an attorney with any law firm

6    right now, but I have worked with Mr. Duffy in the past and I

7    am certainly familiar with this litigation just because I've

8    been involved in many different cases like this in the past.

9          THE COURT:  But not this case?

10         MR. STEELE:  Correct.

11         THE COURT:  So, Mr. Torres, you don't know who your

12   general counsel is other than Mr. Gibbs, and you don't have a

13   written agreement and you just answered a random ad and put

14   your name on a docket in Federal Court?

15         MR. TORRES:  Well, Your Honor, I was going to make a

16   local appearance for someone that, you know, needed a local

17   counsel, and so I did.

18         THE COURT:  Well, you're still a lawyer.

19         MR. TORRES:  I understand.

20         THE COURT:  And Mr. Lutz, did Mr. Wasinger speak with

21   you about his decision not to appear at this hearing?

22         MR. LUTZ:  They did not, no.

23         THE COURT:  Do you know who Mr. Duffy is?

24         MR. LUTZ:  I believe he is a principal of Prenda Law.

25         THE COURT:  And who is Mr. Gibbs?

Page 13

1              MR. LUTZ:  Mr. Gibbs is also affiliated with Prenda

2   Law, I don't know his official title.

3              THE COURT:  Is he an attorney?

4              MR. LUTZ:  I believe so, in the State of California.

5              THE COURT:  But not in the State of Illinois?

6              MR. LUTZ:  I can't say for sure.

7              THE COURT:  Do you know if he is a partner in the

8   Prenda Law Group?

9              MR. LUTZ:  I do not know his official title, no.

10             THE COURT:  Who is your counsel, who is your lawyer?

11             MR. LUTZ:  Prenda Law is one of them, they represent

12  Sunlust in several cases, not in this case, particularly.

13             THE COURT:  What does that mean; particularly?

14             MR. LUTZ:  Well, it's not in this matter, they

15  represent us in various different cases.

16             THE COURT:  So they were not retained to be your

17  lawyer and they did not refer this matter to Mr. Torres?

18             MR. LUTZ:  I don't know what their affiliation with

19  Mr. Torres is, officially.

20             THE COURT:  Yes, sir.

21             MR. SYFERT:  Your Honor, if I may interject, Mr. Lutz

22  used to work for Mr. Steele down in Miami.  Mr. Lutz was

23  actually a paralegal and debt collector for Prenda Law when it

24  was a multi-state, multi-jurisdictional law firm between here

25  and Illinois.  That's Mr. Lutz.

Page 14

1          So if he's -- he should have better information about

2    the structure of Prenda Law than this and probably has very

3    little structure about the -- or very little information about

4    the actual structure of Sunlust Pictures, Your Honor.

5          THE COURT:  Will you swear this witness, Ms. Vizza,

6    Mr. Lutz.

7    Thereupon,

8                         JOHN LUTZ,

9    having first been duly sworn to tell the truth, the whole

10   truth, and nothing but the truth, was examined and testified as

11   follows:

12          MR. LUTZ:  Yes.

13          THE COURT:  Mr. Lutz, you're under oath, you have to

14   give truthful answers or you face penalties of perjury.

15          Do you understand that?

16          MR. LUTZ:  Yes.

17          THE COURT:  What is your position with Sunlust?

18          MR. LUTZ:  I'm a representative of them.

19          THE COURT:  What does that mean?

20          MR. LUTZ:  Corporate representative.

21          THE COURT:  What does that mean?

22          MR. LUTZ:  They asked me to appear on various matters

23   throughout the country.

24          THE COURT:  Are you an officer of the company?

25          MR. LUTZ:  I'm not, no.

Page 15

1           THE COURT:  Are you authorized to bind the company to

2    any legal contracts?

3           MR. LUTZ:  I am not.

4           THE COURT:  Are you salaried?

5           MR. LUTZ:  No, 1099.

6           THE COURT:  So you are a 1099 contracted entity and

7    you just go around and sit in a Court and represent yourself to

8    be the corporate representative of the company?

9           MR. LUTZ:  Yes.

10          THE COURT:  Mr. Torres, did you know this was

11   Mr. Lutz's position, a paid corporate representative?

12          MR. TORRES:  No, Your Honor, I did not.

13          THE COURT:  Who is the president of Sunlust?

14          MR. LUTZ:  I'm unaware.

15          THE COURT:  Who is the vice president?

16          MR. LUTZ:  I'm unaware

17          THE COURT:  Who is the secretary?

18          MR. LUTZ:  I have no idea.

19          THE COURT:  Who owns Sunlust?

20          MR. LUTZ:  I do not know.

21          THE COURT:  Who signs your checks?

22          MR. LUTZ:  I believe somebody in the accounting

23   department.

24          THE COURT:  What is their name?

25          MR. LUTZ:  To be honest with you, I can't read the

Page 16

1    signature.

2          THE COURT:  Where is the accounting department

3    located?

4          MR. LUTZ:  I'm sorry?

5          THE COURT:  Where is the accounting department

6    located?

7          MR. LUTZ:  I've received checks from California.

8          THE COURT:  How much are you paid monthly to be the

9    corporate representative?

10         MR. LUTZ:  Again, it depends on my appearances, the

11   number of appearances that I do.

12         THE COURT:  How much were you paid last month?

13         MR. LUTZ:  Approximately $1,000.

14         THE COURT:  And do you have any other job than to

15   around go to Courts representing yourself to be the corporate

16   representative of Sunlust?

17         MR. LUTZ:  For Sunlust, no.

18         THE COURT:  Do you have any other job for the Prenda

19   Law holdings to do anything other than go around the country

20   and represent yourself to be their corporate representative?

21         MR. LUTZ:  I do not work for Prenda Law.

22         THE COURT:  Do you serve in this capacity for any

23   other entity than Sunlust?

24         MR. LUTZ:  Yes.

25         THE COURT:  What companies?

Page 17

1              MR. LUTZ:  Hard Drive Productions would be one and

2   Guava, LLC.

3              THE COURT:  Do they have similar lawsuits around the

4   country?

5              MR. LUTZ:  They do.

6              THE COURT:  Do you receive a percentage of the

7   recovery of any of these lawsuits?

8              MR. LUTZ:  I do not.

9              THE COURT:  Do you know Mr. Duffy?

10             MR. LUTZ:  Not personally, no.

11             THE COURT:  Have you talked to him before?

12             MR. LUTZ:  I have not, no.

13             THE COURT:  Is he your lawyer?

14             MR. LUTZ:  He is not my attorney

15             THE COURT:  Is he the lawyer for Prenda Law -- or

16   Sunlust?

17             MR. LUTZ:  In various matters, yes.

18             THE COURT:  How many matters do you represent Sunlust

19   in, in the country?

20             MR. LUTZ:  Approximately a dozen.

21             THE COURT:  So half of them are located here in the

22   Middle District and there are others elsewhere?

23             MR. LUTZ:  I believe we have three here in the Middle

24   District.

25             THE COURT:  Mr. Torres, I thought you entered an

Page 18

1   appearance on five of them here in the Middle District.

2           MR. TORRES:  But not for that particular company.

3           THE COURT:  What was the other company?

4           MR. TORRES:  I believe it's FTG Videos.  I don't have

5   access to my computer at this time, Your Honor, because I'm in

6   the Court in Orange County, but I believe one of them is FTG

7   Videos.

8           THE COURT:  F as in Frank or S as in Sam?

9           MR. TORRES:  F as in Frank, Your Honor.

10          THE COURT:  Mr. Steele, who is the principal of

11  Sunlust?

12          MR. STEELE:  I'm sorry, you're asking me, ma'am?

13          THE COURT:  Yes, sir.

14          MR. STEELE:  I wouldn't know.

15          THE COURT:  You don't know who owns Sunlust?

16          MR. STEELE:  That's correct.

17          THE COURT:  You don't know who the president is?

18          MR. STEELE:  I -- the only person that I know that's

19  involved with Sunlust is Sunny Leone.

20          THE COURT:  Sunny Leone?

21          MR. STEELE:  Is one of the people involved with

22  Sunlust.  That's the only person I've ever --

23          THE COURT:  What is the name?

24          MR. STEELE:  Sunny Leone.

25          THE COURT:  Spell it.

Page 19

1          MR. STEELE:  S-O-N-N-Y, Leone --

2          THE COURT:  L-E-O-N?

3          MR. STEELE:  I believe there's an E at the end of

4     that, I'm not certain.

5          THE COURT:  Where's is he located.

6          MR. STEELE:  Well, I believe it's a she, and I believe

7     that the last time I heard, she was in India filming a major

8     motion picture with some studio down there, but I don't keep up

9     with that, I don't represent Sunlust or anybody anymore.  I no

10    longer actively practice law.

11         THE COURT:  You're not practicing law?

12         MR. STEELE:  Correct.  I do appear occasionally at

13    hearings on an ad hoc basis, but I do not have any current

14    clients.

15         THE COURT:  You still have a bar license in the State

16    of Florida?

17         MR. STEELE:  No, I'm licensed only in the State of

18    Illinois.

19         I want to make very clear to this Court I'm not

20    purporting in any way to be an attorney licensed in the State

21    of Florida.

22         THE COURT:  Have you ever been licensed in the State

23    of Florida?

24         MR. STEELE:  No.

25         THE COURT:  All right.

Page 20

1          Thank you, sir.

2          So, Mr. Lutz, you don't know who you serve for, you're

3    just sitting here in the Courtroom purporting to be a corporate

4    representative?

5          MR. LUTZ:  I was contacted by Sunny Leone several

6    months ago.

7          THE COURT:  And told what?

8          MR. LUTZ:  She asked me to -- when they needed for me

9    to appear for various reasons, if I would do it on a

10   representative basis.

11         THE COURT:  You can sit away from the table, you're

12   not a corporate representative of anybody if you don't have any

13   information about the corporation.

14         You're not an officer or principal of the corporation.

15   The Court will exclude you as a proper corporate entity for

16   this Defendant.

17         Mr. Torres, your motion to withdraw is granted, you

18   are removed from this case.  Any other lawyer who purports to

19   come in to represent this Defendant would need to file a motion

20   for leave to do so.

21         The case is dismissed for failure to appear at this

22   hearing, for failure to present a lawful agent, for attempted

23   fraud on the Court by offering up a person who has no authority

24   to act on behalf of the corporation as its corporate

25   representative, and the Court will hear, by motion, a motion

1    for sanctions and fees against this Sunlust entity and everyone

2    affiliated with it, including a motion against Mr. Wasinger for

3    his purposeful failure to appear at this hearing.

4            And a motion will also be heard on Mr. Duffy for his

5    lack of candor in relation to his connection with this matter

6    based upon the representation of Mr. Torres that he was

7    contacted by the Prenda Law Group or Prenda Law, Inc. for the

8    purpose of being retained as local counsel in this case and

9    that was not presented to the Court in this purported

10   correspondence.  The case is dismissed.

11           I intend to advise the other Judges in the Courthouse

12   of the nature of this matter and may refer this matter to the

13   Florida Bar for further proceedings.

14           Is there anything further from the Plaintiff -- I'm

15   sorry -- from the defense?

16           MR. SYFERT:  No, Your Honor.

17           Well, yes, Your Honor, we have one other case that was

18   transferred to Orlando, same issues exist as in this case.

19           THE COURT:  Who is the Judge in the case.

20           MR. SYFERT:  The First Time -- it's First Time Videos

21   versus Oppold, O-P-P-O-L-D.

22           It was originally filed in Tampa then transferred to

23   Orlando.  Spaulding I believe is the Judge, Your Honor.

24           THE COURT:  Judge Spaulding is a Magistrate Judge.  Do

25   you know the case number?

Page 22

1              MR. SYFERT:  I don't have that with me.  I have the

2    old case number from the --

3              THE COURT:  Tampa case?

4              MR. SYFERT:  I have -- yeah, the Tampa case number was

5    8:12-CV-1685-MSS-MAP.

6              THE COURT:  All right.  I'll take a look at it.

7              Mr. Torres, a word to the wise, sir.  When you

8    represent an entity, no matter how limited your role is, you're

9    placing your bar number at issue and you're placing your name

10   and your goodwill at issue before a Court.

11             And saying you're local counsel and you only intended

12   to file on their behalf and pick up a small fee for that

13   limited role does not absolve you from responsibility for

14   making sure that whatever you sign on to, whatever you enter an

15   appearance on behalf of is a legitimate entity with legitimate

16   concerns, because you run a strong risk that you could be

17   sanctioned or lose your bar license behind conduct of the type

18   that you're witnessing here.

19             I hope that this is a lesson to you about how to

20   proceed going forward with characters such as the ones that are

21   presented here.

22             MR. TORRES:  Yes, Your Honor, I totally understand and

23   thank you.

24             THE COURT:  Thank you.

25             MR. TORRES:  Am I excused, Your Honor?

1            THE COURT:   You are excused.

2            This matter is dismissed.

3            MR. SYFERT:   Thank you, Your Honor.

4            THE COURT:   Thank you.

5            (Thereupon, the proceedings concluded.)

6                         * * * * * * * *

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 24

1                          CERTIFICATE

2

3   STATE OF FLORIDA        )
                                 SS
4   COUNTY OF HILLSBOROUGH   )

5

6          I, CLAUDIA SPANGLER-FRY, Official Court Reporter for

7   the United States District Court, Middle District, Tampa,

8   Division,

9          DO HEREBY CERTIFY, that I was authorized to and did,

10  through use of Computer Aided Transcription, report in

11  shorthand the proceedings and evidence in the above-styled

12  cause, as stated in the caption hereto, and that the foregoing

13  pages numbered 1 to 24 inclusive, constitute a true and correct

14  transcription of my shorthand report of said proceedings and

15  evidence.

16          IN WITNESS WHEREOF, I have hereunto set my hand

17  in the City of Tampa, County of Hillsborough, State of Florida,

18  this 29th day of November, 2012.

19

20          CLAUDIA SPANGLER-FRY, Official Court Reporter

21

22

23                  BY: /s/ CLAUDIA SPANGLER-FRY

24

25