**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ANTHONY SMITH, | ) | No. 3:12-cv-00889-GPM-SCW |
| SBC INTERNET SERVICES, INC., d/b/a | ) | |
| AT&T INTERNET SERVICES; | ) | |
| AT&T CORPORATE REPRESENTATIVE #1; | ) | |
| COMCAST CABLE COMMUNICATIONS, | ) | |
| LLC., and COMCAST CORPORATE | ) | |
| REPRESENTATIVE #1 | ) | Judge: Hon. G. Patrick Murphy |
| | ) | |
| | ) | Magistrate: Hon. Stephen C. Williams |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT ANTHONY SMITH'S MOTION FOR ATTORNEY'S FEES

Defendant Anthony Smith ("Defendant") filed, through attorneys Jason E. Sweet and Dan Booth, a motion for attorney's fees. (ECF No. 61.) Even though this case was voluntarily dismissed without prejudice and Defendant was not a prevailing party, Defendant seeks to be rewarded for his participation in this action. Defendant mostly focuses on proceedings in other actions and proclamations of innocence in support of his motion. (*Id.*) None of these unsupported claims demonstrates that Plaintiff has act unreasonably or vexatious in its litigation. For the reasons set forth below, Defendant's motion for attorney's fees is barred under controlling law.

### FACTUAL BACKGROUND

Attorneys Sweet and Booth routinely file baseless motions for attorney's fees in hopes they will eventually get lucky and a court will  award them attorney's fees requests—$70,000, in this case. *See, e.g., Millennium TGA, Inc. v. John Doe*, No. 4:11-cv-04501 (S.D. Tex. Mar. 5, 2013), ECF No. 136; *Guava, LLC v. John Doe*, No. 1:12-cv-11880 (D. Mass. Dec. 13, 2012), ECF No. 7. Courts routinely see through their unsupported arguments and systematically deny

their motions. Order, *Millennium TGA, Inc.*, No. 4:11-cv-04501 (S.D. Tex. Apr. 16, 2013), ECF No. 139 (denying motions for attorney's fees); Order, *Guava, LLC*, No. 1:12-cv-11880 (D. Mass. Feb. 6, 2013), ECF No. 14 (same).

Here, Plaintiff brought legitimate claims against the Defendant. Defendant moved to dismiss Plaintiff's claims. (ECF No. 36.) Plaintiff responded to Defendant's motion explaining that it had properly pled its allegations against the Defendant. (ECF No. 44.) Defendant replied to Plaintiff's response. (ECF No. 51.) Plaintiff dismissed the case on March 21, 2013 without prejudice. (ECF No. 59.) Defendant filed a motion for attorney's fees on April 5, 2013. (ECF No 61.)

## LEGAL STANDARD

To obtain an award under 28 U.S.C. § 1927, the party must demonstrate that the attorney "both (1) multiplies the proceedings, and (2) does so in a vexatious and unreasonable fashion.").[1] *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 794 (7th Cir. 1983). Because of the penal nature of 28 U.S.C. § 1927, the statute is strictly construed. *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1166 (7th Cir. 1983) ("Because of its penal nature, 28 U.S.C. § 1927 has been strictly construed."). Sanctions are limited to situations where the suit was completely baseless or frivolous. *Id.* ("This Circuit has recently stated that sanctions under § 1927 are limited to 'situations where the suit was without either a legal or factual basis and the attorney was or should have been aware of this fact.'" (citing *Overnite Transp. Co.*, 697 F.2d at 794).

An award under 28 U.S.C. § 1927 is limited to the excess costs caused by the multiplied proceedings. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 756 (1980) ("And 28 U.S.C. § 1927 permits a court to tax the *excess* costs of a proceeding against a lawyer 'who so multiplies the

---

[1] Fed. R. Civ. P. 54(d)(2) permits a movant to obtain attorney's fees under a specific statute or rule—28 U.S.C. § 1927 in this case.

proceedings . . . as to increase costs unreasonably and vexatiously . . . .'") (emphasis added); see also 28 U.S.C. § 1927 ("who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the *excess* costs, expenses, and attorneys' fees reasonably incurred because of such conduct.") (emphasis added).

## ARGUMENT

Defendant cannot establish either of the necessary elements for an award of fees under 28 U.S.C. § 1927. First, Defendant cannot demonstrate that Plaintiff has multiplied the proceedings. The entirety of the proceedings involving Defendant up to this point is in regards to Defendant's motion to dismiss. (*See* ECF Nos. 36, 44, 51.) Defendant has not had to comply with any discovery requests, respond to motions brought by Plaintiff, or otherwise litigate this action. Defendant cannot credibly argue that Plaintiff has multiplied these proceedings when Defendant has filed a grand total of two papers in this action. (ECF Nos. 36, 51.)

Second, Defendant cannot demonstrate that Plaintiff has engaged in vexatious or unreasonable conduct. Plaintiff brought legitimate claims against the Defendant and it had a good faith basis for its claims. By way of example, an Arizona state court previously ruled that similar claims brought by Plaintiff could withstand a motion to dismiss. Order, *Lightspeed Media Corporation v. World Timber, Inc.*, No. CV 2012-05320 (Superior Ct. of Ariz. Nov. 2, 2012) (denying defendant's motion to dismiss). Even in the unlikely event that this Court were to grant Defendant's motion to dismiss, the fact that another court has found Plaintiff's claims to be valid suggests that Plaintiff had a good faith basis for its claims against the Defendant.

Defendant has had ample opportunity to seek attorney's fees if he felt that Plaintiff's allegations were meritless. *See* Fed. R. Civ. P. 11. Instead, Defendant—or more accurately his attorneys—waited until after the case was dismissed to seek $70,000, even though Defendant is

in no way a prevailing party. Attorneys Sweet and Booth's latest improper attempt to obtain a windfall even without prevailing in a case should be rejected. Order, *Millennium TGA, Inc.*, No. 4:11-cv-04501 (S.D. Tex. Apr. 16, 2013), ECF No. 139 (denying motions for attorney's fees); Order, *Guava, LLC*, No. 1:12-cv-11880 (D. Mass. Feb. 6, 2013), ECF No. 14 (same).

Finally, Defendant seeks $70,000 but does not establish how this amount constitutes an "excess cost." *Roadway Express, Inc.*, 447 U.S. at 756 (limiting the award under 28 U.S.C. § 1927 to the excess costs of the proceedings). As explained, *supra*, Defendant has not had to comply with or respond to discovery requests, excessive motions brought by Plaintiff, or even litigate outside of his motion to dismiss. Defendant has failed to show that he has incurred any *excess* costs. As a result, he cannot obtain any award in this matter under 28 U.S.C. § 1927.

Defendant sets forth four arguments in support of his motion. First, Defendant argues that Plaintiff brought Defendant into this action for baseless reasons. Second, Defendant argues that Plaintiff brought him into this action under fraudulent terms. Third, Defendant argues that Plaintiff's claims against him are frivolous. Finally, Defendant argues that Plaintiff conduct has been unreasonable and vexatious. Plaintiff responds to each of these arguments below.

## I.   PLAINTIFF'S CLAIMS AGAINST DEFENDANT ARE NOT BASELESS

Defendant's first argument is that Plaintiff brought Defendant into this action for baseless reasons. (ECF No. 61 at 5-7.) Defendant bases this argument on the fact that he has previously claimed that he is innocent. (*Id.*) If a claim of innocence was all that was required to find that claims were baseless, no plaintiff would be able to maintain an action.

Defendant cites numerous cases for the proposition that "the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the internet connection for illicit purposes." (*Id.* at 6.) Plaintiff does not dispute this statement, but Plaintiff has far more

evidence than a single IP address connecting Defendant to the action. Defendant argues that "Plaintiff presented no evidence to the contrary" of Defendant's claim of innocence. (*Id.* at 5.) But Plaintiff is not required to prove, by a preponderance of the evidence, Defendant's guilt at this stage of the litigation—before discovery has even commenced. Plaintiff is only required to bring its lawsuit in good faith. Fed. R. Civ. P. 11. If Defendant genuinely believed that Plaintiff's claims lacked good faith he had every opportunity to bring a Rule 11 motion. The fact that he did not do so strongly suggests that his instant claims of bad faith are baseless.

## II.   PLAINTIFF HAS NOT BROUGHT DEFENDANT INTO THIS ACTION UNDER FRAUDULENT TERMS

Defendant's second argument is that Plaintiff brought Defendant into this action under fraudulent terms. (ECF No. 61 at 8-9.) This argument is based on two separate assertions. First, Defendant takes issue with the process server handing him "a business card with [John] Steele's phone number on it" because if Defendant had called the number on the business card it "would have allowed Steele to immediately engage in improper 'settlement' discussions." (*Id.* at 8.) Defendant does not explain how settlement discussions between the parties are improper or why Plaintiff should be required to pay Defendant attorney's fees for the actions of a process server. Defendant is not arguing that Plaintiff attempted to contact him once he had counsel, but has only provided hearsay testimony regarding what a process server told him once he was served. Defendant has not established that any fraud has occurred as a result of his interaction with a process server.

Second, Defendant argues that "Plaintiff brought Smith into this action knowing that venue was improper." (*Id.*) Defendant bases this argument on his claim that while the action was brought in St. Clair County, Illinois, he resides in Madison County, Illinois. (*Id.*) Defendant does not argue that venue in this Court is improper. If Defendant subjectively believes that venue was

improper, his avenue for relief is a motion to transfer venue or to dismiss for improper venue, not a motion for fees pursuant to 28 U.S.C. § 1927. Defendant concedes that the removal of this action to federal court created a basis for venue. (ECF No. 61 at 8.) He cannot point to any excess costs incurred as a result of removal.  Therefore, Defendant's request for fees on the basis of allegedly improper venue is equally baseless as his other grounds.

Defendant further argues that "[s]uch misrepresentations are habitual for Plaintiff and its counsel." (*Id.* at 9.) Defendant points to the fact that Plaintiff claimed it was "currently litigating its claims against dozens of the hackers that were identified in the original action," but when Defendant checked PACER only two lawsuits involving Plaintiff were active. (*Id.*) PACER, of course, is a *federal* litigation database. PACER does not track *state* cases. Defendant's logical error should have been self-evident because the instant case originated in state court.

## III.    PLAINTIFF'S CLAIM AGAINST DEFENDANT ARE NOT FRIVOLOUS

Defendant's third argument is that Plaintiff's claims against him are frivolous. (ECF No. 61 at 9-13.)  Defendant basically attempts to re-litigate his motion to dismiss. (*See* ECF Nos. 36, 37.) Plaintiff hereby incorporates its Opposition to Defendant Anthony Smith's Motion to Dismiss Amended Complaint (ECF No. 44) as if fully set forth herein. As explained in its memorandum in opposition, Plaintiff has properly pled the necessary elements for its multiple claims against Defendant. (*Id.*) Further, an Arizona court has already found that identical claims brought by Plaintiff could withstand a motion to dismiss. Order, *Lightspeed Media Corporation v. World Timber, Inc.*, No. CV 2012-05320 (Superior Ct. of Ariz. Nov. 2, 2012) (denying defendant's motion to dismiss). This demonstrates that Plaintiff had at least a good faith basis to bring these claims against Defendant.

## IV.    PLAINTIFF'S CONDUCT HAS NOT BEEN UNREASONABLE AND VEXATIOUS

Defendant's final argument is that Plaintiff conduct has been unreasonable and vexatious. (ECF No. 61 at 13-19.) In support of this argument Defendant cites to and references proceedings in a handful of other cases not involving Plaintiff. The obvious flaw in Defendant's arguments is that none of these are relevant to the proceedings in *this case*. Any proceedings happening before other courts will be handled by *those courts*.

Defendant has a high burden to show that Plaintiff acted in a vexatious fashion. *Badillo*, 717 F.2d at 1166; *Overnite Transp. Co.*, 697 F.2d at 794. By discussing the proceedings of other cases, instead of setting forth the necessary showings regarding this case, Defendant has not met this burden. Because Defendant has not demonstrated that Plaintiff conduct has been unreasonable and vexatious, he is not entitled to attorney's fees under 28 U.S.C. § 1927.

## CONCLUSION

Attorney Sweet's and Booth's latest attempts to obtain a windfall for meritless reasons should be rejected just as their previous attempts have been. Plaintiff's claims against Defendant are not baseless. Plaintiff has not brought Defendant into this action under fraudulent terms. Plaintiff claims against Defendant are not frivolous. Plaintiff's conduct has not been unreasonable and vexatious. The Court should deny Defendant's motion, just as this Court's esteemed colleagues nationwide have done.

Respectfully submitted,

LIGHTSPEED MEDIA CORPORATION

DATED: April 19, 2013

By:    /s/ Paul Duffy_____
        Paul Duffy (Bar No. 6210496)
        Prenda Law Inc.
        161 N. Clark Street, Suite 3200
        Chicago, IL 60601
        Phone: 312-880-9160
        Fax: 312-893-9160
        E-mail: paduffy@wefightpiracy.com
        *Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 19, 2013, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

/s/ Paul Duffy
Paul Duffy