## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANTHONY SMITH, SBC INTERNET SERVICES, ) <br> INC., d/b/a AT&T INTERNET SERVICES; AT&T ) <br> CORPORATE REPRESENTATIVE #1; COMCAST ) <br> CABLE COMMUNICATIONS, LLC, and ) <br> COMCAST CORPORATE REPRESENTATIVE #1, ) <br> ) <br> Defendants. ) | Case No. 3:12-cv-00889-WDS-SCW <br><br> **REPLY BRIEF IN SUPPORT OF DEFENDANT ANTHONY SMITH'S MOTION FOR ATTORNEY'S FEES PURSUANT TO FED. R. CIV. P. 54(d)(2) AND 28 U.S.C. § 1927** |

As Defendant Anthony Smith ("Smith") showed in his motion for attorney's fees, ECF No. 61 ("Motion"), Plaintiff Lightspeed Media Corporation ("Plaintiff") insufficiently investigated and improperly pleaded its claims and otherwise multiplied the proceedings against him. *See Tillman v. New Line Cinema*, 374 Fed. App'x 664, 666 (7th Cir. 2010) (affirming Section 1927 sanctions where plaintiff's investigation was "patently inadequate" and claims had "no chance to prevail"). Plaintiff's opposition, ECF No. 63 ("Opposition"), exemplifies its shoddy methods. It repeatedly sets forth erroneous legal standards, and each page of its argument presents one or more false statements as fact. Pursuant to Local Rule 7.1(c), these exceptionally vexatious circumstances warrant this Reply to allow Smith to address Plaintiff's latest egregious misstatements of fact and law.

### ARGUMENT

Plaintiff dismissed all claims before the Court could rule on Defendants' motions to dismiss, but only after the Court stayed discovery. By this sequence of events, Plaintiff effectively conceded that it lacked sufficient grounds to proceed against Smith, and that Plaintiff's true, ulterior purpose was to obtain discovery about non-parties. This pretextual lawsuit unreasonably burdened Smith. The Opposition, with its erroneous legal standards and false statements, only compounds that burden.

**I.     False Statements Abound in Plaintiff's Opposition.**

Plaintiff argues that "*the fact* that another court has found Plaintiff's claims to be valid suggests that Plaintiff had a good faith basis for its claims against the Defendant." Opp. p. 3 (emphasis added) (*citing* Order, *Lightspeed Media Corp. v. World Timbers, Inc.*, No. CV2012-053230 (Ariz. Super. Ct. Nov. 2, 2012)). Despite Plaintiff's assertion, no court "has found Plaintiff's claims to be valid," as Plaintiff has never obtained a judgment on the merits. Plaintiff seeks cover from

*World Timbers*, claiming it involved "similar claims brought by Plaintiff," *id.*, or even "identical claims brought by Plaintiff." *Id.* p. 6. But that case is inapposite. Plaintiff did not plead any of the same causes of action against World Timbers that it raised against Smith, and World Timbers offered none of the same defenses as Smith.[1] By contrast, when Plaintiff has faced defenses similar to those Smith raised, it applies the vexatious pattern seen here, noticing dismissal to avoid judgment.[2]

To minimize the burden this case has imposed on Smith, Plaintiff falsely contends, "[t]he entirety of the proceedings involving Defendant up to this point is in regards to Defendant's motion to dismiss." Opp. p. 3. Smith did more than move to dismiss and reply to Plaintiff's opposition thereto. He was also active in, among other things, conferences with co-counsel and opposing counsel; the parties' joint report and proposed scheduling order; two scheduling and discovery conferences (see ECF No. 49); and two filings regarding discovery (ECF Nos. 47 & 52). Indeed, Plaintiff pretends that suing Smith imposed no burden at all: "Defendant has not had to comply with any discovery requests, respond to motions brought by Plaintiff, or *otherwise litigate this action*." Opp. p. 3 (emphasis added). But Smith had to become versed in the suit's tortured history in state and federal court to address the faulty claims against him, and had to fight for a stay of the premature discovery Plaintiff pursued even though it stood to be mooted by defendants' motions to dismiss.

When Plaintiff's agent served Smith process, he gave no such pretense that this lawsuit would be burden-free. "You're in a lot of trouble," he said, recommending that Smith contact Plaintiff's lead counsel, Attorney Steele, while falsely stating that Steele had no interest in the matter. Motion p. 2; ECF No. 61-1 ¶¶ 2 & 6-7. Plaintiff tries to disclaim liability "for the actions of a process server." Opp. p. 5. Its attempt flies in the face of hornbook agency law. *See Scheit v. Warren*, 693 F. Supp. 416, 419-20 (E.D. Va. 1988) ("an attorney may be held liable for tort arising from a process server's acts done within the scope of the agency relationship.").[3]

---

[1] Plaintiff alleged five intentional torts against Smith, ECF No. 2-2 ¶¶ 53-72 & 79-89, but alleged only negligence and *respondeat superior* against World Timbers. *See* Exhibit A hereto **(**Def. World Timbers, Inc.'s Motion to Dismiss, *Lightspeed Media Corp. v. World Timbers, Inc.* (filed July 3, 2012)). Further, World Timbers' only defenses, an unsigned complaint and lack of duty to Plaintiff, do not apply to the pleading against Smith. *See id.*

[2] *See, e.g.,* Exhibit B hereto (Br. in Supp. of Def.'s Mot. to Dismiss Compl., *Lightspeed Media Corp. v. Shashek*, No. 3:12-cv-00860-WDS-DGW (S.D. Ill. filed Aug. 7, 2012)) & Exhibit C hereto (Pl.'s Notice of Voluntary Dismissal, *id.* (filed Jan. 30, 2013)).

[3] Plaintiff falsely portrays Smith's uncontested affidavit about false statements Plaintiff's agent made directly to Smith as mere hearsay. Opp. p. 5. Such "comments are not hearsay because they were not offered for their truth, but rather to show that [the process server] made them." *Nash v. Bd. of Educ.*, 492 Fed. App'x 662, 665 (7th Cir. 2012).

2

Plaintiff adds insult to injury, falsely claiming that "Defendant seeks to be rewarded for his participation in this action." Opp. p. 1. Smith wants only to be made whole, and Plaintiff must bear the excess costs it imposed on Smith.[4] Plaintiff falsely portrays Smith's Motion to recover incurred fees as an "attempt to obtain a windfall" for Smith's counsel. Opp. pp. 4 & 7. Smith seeks comnpensation for costs incurred, and to deter Plaintiff and Prenda from further vexatious tactics. They repeatedly file suit on dubious copyright or CFAA claims to obtain names of settlement targets, with no intention of proceeding on the merits, and have taken exactly none to trial.[5] This abusive practice is evidenced in a court-ordered filing where Prenda listed 118 multiple-defendant copyright cases it had initiated, in which *none* of the 15,878 Doe defendants were ever served.[6]

Smith's counsel have never before moved for an award under Section 1927. Plaintiff falsely claims that Smith's counsel "routinely file baseless motions for attorney's fees," citing two prior cases filed by Plaintiff's counsel (Prenda Law f/k/a Steele Hansmeier) ("Prenda"). Opp. p. 1-2. For reasons Plaintiff fails to disclose, those cases further display Prenda's vexatious patterns. One was dismissed for lack of subject matter jurisdiction upon motion by Smith's counsel,[7] rendering void the order Plaintiff cites denying Rule 41(d) costs. In the other case, upon motion by Smith's counsel, the Court found it necessary to amend an order of judgment to correct clearly erroneous claims by

---

[4] "Sanctions under § 1927 are meant to compensate the party that has been injured by a lawyer's bad-faith conduct and to compel the lawyer to bear the costs of his own lack of care." *Tillman v. New Line Cinema*, 374 Fed. App'x 664, 666-67 (7th Cir. 2010). "Litigation must be grounded in an objectively reasonable view of the facts and the law. If it is not, the lawyer who proceeds recklessly — not his innocent adversaries — must foot the bill." *In re TCI Ltd.*, 769 F.2d 441, 450 (7th Cir. 1985). "Unless attorneys learn from experience, § 1927 will not achieve its purpose." *Id*.

[5] Plaintiff protests, "Defendant does not explain how settlement discussions between the parties are improper." Opp. p. 5. The Motion showed that Plaintiff and its counsel consistently file predatory lawsuits not to pursue relief on the merits in good faith, but to extort settlements and obtain names of prey for more. *See, e.g.,* Motion pp. 13-14, 15 & 18. The impropriety of filing suit in order to "bully" a settlement, on claims without a colorable basis, should require no explanation, but the Seventh Circuit has spelled it out for Plaintiff. *Burda v. M. Ecker Co.*, 2 F.3d 769, 777-78 (7th Cir. 1993) (affirming Section 1927 sanctions against plaintiff who opposed motion to dismiss non-viable claims, "ignor[ing] all of the cogent legal authority"); *see also Openmind Solutions, Inc. v. Doe*, Case No. 12-03285-CV, 2013 U.S. Dist LEXIS 58553, at *6-8 n.3 (W.D. Mo. Apr. 24, 2013) (Prenda for plaintiff). Plaintiff's counsel's proclivity for straw defendants further calls its settlement discussions into question. *See* Motion p. 15.

[6] *See* Exhibit D hereto at pp. 4-6 (*AF Holdings v. Does 1-135*, No. 5:11-cv-0336, ECF No. 43-1 (N.D. Cal. Feb. 24, 2012)) ("Our records indicate that no defendants have been served in the below-listed cases"). That list of pretextual discovery suits includes two of the many cases Prenda filed for Plaintiff, but never took to trial. *Id.* p. 4 (referencing *Lightspeed Media Corporation v. Does 1-9*, No. 11-cv-02261 (N.D. Cal. filed May 6, 2011) and *Lightspeed Media Corporation v. Does 1-100*, No. 11-cv-05604 (N.D. Ill. filed Sept. 2, 2010)).

[7] Clerk's Notes for Mot. Hr'g, *Guava, LLC v. John Doe*, Civ. A. No. 1:12-cv-11880, ECF No. 20 (D. Mass. entered Apr. 5, 2013). Smith's counsel had moved to dismiss under the *Rooker-Feldman* doctrine, reasoning that Prenda could not seek to nullify an Illinois state court's order in a Massachusetts district court. *See* Exhibit E hereto (Mot. to Dismiss for Lack of Subject Matter Jurisdiction, *id.*, ECF No. 17 (filed Feb. 13, 2013)).

Prenda,[8] although it declined to award "prevailing party" costs under the Copyright Act. In each case, Smith's counsel properly challenged Prenda's "serious and studied disregard for the orderly process of justice." *HK Sys., Inc. v. Eaton Corp.*, 353 Fed. App'x 44, 45 (7th Cir. 2009).

## II.   The Opposition Raises Multiple Inapplicable Legal Standards.

"Misrepresentations of the controlling law in this case 'unreasonably multiplied the proceedings' and the prompt resolution of real issues." *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 754 (7th Cir. 1988). In the Opposition, Plaintiff continues to misstate controlling law.

Plaintiff argues against sanctions because Smith was not a "prevailing party." Opp. pp. 1, 3-4. None of Plaintiff's claims against Smith include fee-shifting provisions for prevailing parties, and "§ 1927 does not distinguish between winners and losers." *Roadway Express v. Piper*, 447 U.S. 752, 762 (1980). "Even those who prevail may be liable for fees if in bad faith they cause their adversaries to bear excessive costs." *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985) (citations omitted).[9]

Plaintiff argues that it "is only required to bring its lawsuit in good faith." Opp. p. 5. But Plaintiff cannot rest on a subjective claim of good faith. Litigants must "conform their behavior to the governing rules regardless of their subjective beliefs." *Coleman v. Comm'r*, 791 F.2d 69, 72 (7th Cir. 1986). *See also Westinghouse Electric Corp. v. NLRB*, 809 F.2d 419, 425 (7th Cir. 1987) (imposing Section 1927 penalties "[e]ven if only negligence was at work"). "[T]he key point [is] the objective unreasonableness of the attorney's actions, not the absence of bad faith or evil intent. ...The absence of subjective bad faith is therefore not enough to avoid a sanction under § 1927, if the attorney's actions otherwise meet the standard of objective unreasonableness we have described." *Claiborne v. Wisdom*, 414 F.3d 715, 721 (7th Cir. 2005).

As is typical for Prenda, its only proffered evidence against Smith was "an IP address, the name of the BitTorrent client used, the alleged time of download, and an unresponsive subscriber." ECF No. 61-3 p. 5 (discussing Prenda's "lack of reasonable investigation"); *see* Complaint, ECF No.

---

[8] Prenda voluntarily dismissed claims against 939 John Doe defendants in two federal courts, but claimed the second dismissal was "without prejudice." *See* Exhibit F hereto (Pl.'s Notice of Voluntary Dismissal, *Millennium TGA, Inc. v. John Doe*, No. 4:11-cv-04501 (S.D. Tex. filed Dec. 14, 2012)). The Court at first entered dismissal on the basis Prenda claimed, but altered its judgment upon motion by Smith's counsel, which reasoned that, pursuant to the "two-dismissal" rule, Rule 41(a)(1)(B), dismissal *with* prejudice was required as a matter of law. *See* Exhibit G (Order of Dismissal, *id.* (Dec. 14, 2012), Exhibit H (Def.'s Mot. to Alter or Amend J. Pursuant to Fed. R. Civ. P. 59 (e), *id.* (filed Jan. 11, 2013)), Exhibit I (Mem. of Law in Support, *id.* (filed Jan. 11, 2013)), & Exhibit J hereto (Order, *id.* (Feb. 19, 2013)).

[9] As Smith has noted, Section 1927 is applicable even where there has been no judgment on the merits, and therefore *no* prevailing party. Motion p. 5 (citing *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226 (7th Cir. 1984)).

4

2-2 ¶¶ 20-26. Such evidence gave Prenda no objectively reasonable basis to make Smith a defendant. *See* ECF No. 61-3 p. 6 (describing Prenda plaintiff's "deductive process" whereby "if the subscriber is 75 years old or female, then Plaintiff looks to see if there is a pubescent male in the house; and if so, he is named as the defendant. Plaintiff's 'factual analysis' cannot be characterized as anything more than a hunch."). "[T]he charge in court papers should not have been made until [Plaintiff] had made an adequate investigation and found a realistic basis on which to make such a claim." *Nw. Bypass Grp. v. U.S. Army Corps of Eng'rs*, 569 F.3d 4, 7 (1st Cir. 2009) (affirming order sanctioning plaintiff's counsel).

Plaintiff does not dispute that such evidence alone would be inadequate, but asserts that other evidence connects Smith to the action. Opp. pp. 4-5. Section 1927 may be imposed without "an opportunity for the presentation of factual material that might have led plaintiff's counsel to form a reasonable belief that the statements made in its pleadings were supportable." *Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 247 n.31 (1st Cir. 2010) (citations and internal quotations omitted). Plaintiff offered no such *post hoc* justifications in the Opposition, arguing instead that it need not "prove, by a preponderance of the evidence, Defendant's guilt at this stage of the litigation—before discovery has even commenced." Opp. p. 5. This case, which Plaintiff voluntarily dismissed, is obviously past the pre-discovery stage. "Belated factual or legal arguments are viewed with great suspicion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F. 3d 1264, 1270 (7th Cir. 1996). Plaintiff's unsubstantiated claim that it has more evidence up its sleeve should be disregarded.[10]

Plaintiff pretends that Smith has not shown that costs incurred in opposing its frivolous action constitute "excess costs" for purposes of Section 1927. Opp. p. 4. The full amount of attorney's fees incurred constitutes excess costs where the plaintiff brought claims without a factual basis and without a reasonable inquiry. *See Claiborne v. Wisdom*, 414 F.3d 715, 721 (7th Cir. 2005) (affirming $107,845.77 award, "the full amount of the defendants' attorney's fees under § 1927"). As the Motion stated, "[a]ll of Smith's attorney fees were unreasonably imposed by Plaintiff's actions in this case." Motion p. 19. Plaintiff deserves sanctions for its role in this sham, and appropriately, Section 1927 sanctions would fall on Plaintiff's counsel, Prenda, the sham's architects.

---

[10] Elsewhere, Plaintiff has tried to prop up equally thin evidence with erroneous claims that a defendant "lived alone." *See* Exhibit K hereto (Decl. of Jesse Nason ¶¶ 2-4, *Ingenuity 13, LLC v. John Doe*, No. 12-cv-08333 (C.D. Cal. filed Jan. 14, 2013)) (discussing *Lightspeed Media Corp. v. Nason*, No. NC057950 (Los Angeles Super. Ct.)). Plaintiff failed to offer even such mistaken and insufficient additional "facts" about Smith.

## CONCLUSION

For the foregoing reasons, and those stated in his foregoing Motion for Attorney's Fees Pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1927, Defendant Anthony Smith respectfully renews his request that the Motion be granted.

Dated: May 1, 2013

Respectfully submitted,

By: /s/ Dan Booth

Dan Booth (admitted *pro hac vice*)
dbooth@boothsweet.com

By: /s/ Jason Sweet (w/consent)

Jason E. Sweet (admitted *pro hac vice*)
jsweet@boothsweet.com
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
(617) 250-8602

*Counsel for Defendant Anthony Smith*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(b)

I hereby certify that on this 1st day of May, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record and provide service upon each.

/s/ Dan Booth
Dan Booth