## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORPORATION,

      Plaintiff,

v.

ANTHONY SMITH, et al,

      Defendants.

CASE No. 3:12-CV-00889-GPM-SCW

Judge: Hon. G. Patrick Murphy

Magistrate: Hon. Stephen C. Williams

## PAUL HANSMEIER'S MOTION TO VACATE OR, IN THE ALTERNATIVE, FOR RECONSIDERATION OF THE ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES

### I.  INTRODUCTION

Paul Hansmeier ("Hansmeier") hereby moves to vacate the Court's Memorandum and Order (Dkt. 65) granting Defendant Anthony Smith's motion for attorneys' fees. (Dkt 61.) Hansmeier respectfully requests the Court to vacate its order because the Defendant failed to serve his motion on Hansmeier, thus depriving Hansmeier of notice and an opportunity to be heard. In the alternative, Hansmeier respectfully moves the Court to reconsider its order in light of the arguments raised herein.

### II.  BACKGROUND

The underlying action has been pending since December 14, 2011, when it was filed in Illinois state court. Hansmeier did not appear in the state court action. Hansmeier first appeared in this removal action on August 21, 2012 (Dkt, 24) and withdrew on November 14, 2012. (Dkt. 55.) During this time, Hansmeier performed a total of four discrete acts: (1) attended the emergency motion hearing via telephone; (2) assisted in the preparation of the Rule 26(f) report;

(3) attended the telephonic scheduling and discovery conference before the Magistrate Judge; and (4) as ordered by the Magistrate Judge, filed a ten page response in opposition to the ISPs' motion to defer discovery pending a ruling on the outstanding motions to dismiss.[1] (*See* Dkts. 29, 49, and 50.)

On September 10, 2012, attorney Daniel Booth filed an appearance on behalf of Defendant Anthony Smith. (Dkt.. 32.) On September 18, 2012, Defendant Smith filed a motion to dismiss Plaintiff's complaint. (Dkt. 36.) Plaintiff responded (Dkt. 44) and Defendant replied. (Dkt. 51.) Plaintiff voluntary dismissed its complaint on March 21, 2013. (Dkt. 59.) The pending motions to dismiss were dismissed as moot and the case was closed.

On April 5, 2013, Defendant Smith filed a motion seeking his attorneys' fees against attorneys John Steele, Paul Duffy and Paul Hansmeier under 28 U.S.C. § 1927. (*See* Dkt. 61.) The certificate of service for the motion reads:

> I hereby certify that on this 5th day of April, 2013, I electronically filed the foregoing documents with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record and provide service upon each.

(*Id.* at 20.) The docket reflects that Hansmeier's role in the case terminated on November 15, 2012. Hansmeier did not receive ECF notifications after that date and did not receive a notification of Defendant's motion.[2] *See* Hansmeier Decl, attached hereto. Hansmeier was not otherwise served with or made aware of Defendant's motion by Defendant or anyone else. *Id.* On October 30, 2013, the Court issued an order granting Defendant's motion for Attorneys' Fees. (*See* Dkt. 65.) Hansmeier learned of the order from attorney Paul Duffy. *See* Hansmeier Decl.

---

[1] The original scope of Hansmeier's intended role was to provide technical information to the Court at the emergency hearing, if requested. Hansmeier did not speak at or otherwise participate in the hearing. Hansmeier extended his participation in the case as a result of a medical situation facing one of Plaintiff's counsel and withdrew when that situation was stabilized.

[2] Nor, for that matter, would attorney John Steele have received an ECF notification of Defendant's motion, as Steele's participation in this case was terminated as of March 7, 2013.

III.    ARGUMENT

A.      The Court Should Vacate Its Order

The Seventh Circuit instructs that district courts may not impose sanctions *sua sponte*

under 28 U.S.C. § 1927 without providing notice and an opportunity to be heard. *See Johnson v.*

*Cherry*, 422 F.3d 540, 551 (7th Cir. 2005). The Court—on the assumption that Hansmeier and

others were served with Defendant's motion for fees—may have believed that notice and an

opportunity to be heard were present here. Yet, service did not occur, and the Court's imposition

of sanctions on Hansmeier and others was, in actuality, without notice or an opportunity to be

heard. For this reason, the Court should vacate its order as to Hansmeier.

B.      In The Alternative, The Court Should Reconsider Its Order

A motion for reconsideration, although not authorized by civil or criminal rules, is a

creature of pragmatism. *See Stanley v. Posner*, 2009 WL 3230320, at *1 (S.D. Ill. Oct. 5, 2009).

Typically arising in civil cases, a motion to reconsider serves the limited function of correcting

errors of law or fact or presenting newly discovered evidence. *Caisse Nationale de Credit*

*Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1990) (citation omitted). That said,

motions for reconsideration serve a valuable function where the court "has patently

misunderstood a party, *or has made a decision outside the adversarial issues presented to the*

*Court by the parties*, or has made an error not of reasoning but of apprehension." *Id.* (citation

omitted) (internal quotation marks omitted). Here, reconsideration is appropriate because the

Defendant's failure to serve Hansmeier and others renders the Court's decision outside the

adversarial issues presented to the court by the parties.

Under 28 U.S.C. § 1927, "an attorney who so multiplies the proceedings in any case

unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

expenses, and attorneys' fees reasonably incurred because of such conduct." *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1183 (7th Cir. 1992). The two key elements in determining whether an attorney will be sanctioned under Section 1927 are: (1) whether that attorney multiplied the proceedings; and (2) whether he did so in an unreasonable or vexatious fashion. *Overnight Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 794 (7th Cir. 1983).

### a.    Multiplication of Proceedings

There is no evidence in the record that Hansmeier took any action that multiplied the proceedings. Hansmeier took four discrete actions in this matter: (1) attended the emergency hearing via telephone; (2) assisted in preparing the Rule 26(f) report; (3) attended the rule 26(f) conference before the Magistrate Judge; and (4) filed a memorandum opposing the ISPs' request for a stay of discovery pending the Court's ruling on a motion to dismiss. None of these actions multiplied the proceedings.

*First,* regarding the emergency hearing, Hansmeier did not move for an emergency hearing to be held, argue the motion at the hearing, or otherwise do anything other than listen to the hearing via telephone. Further, the hearing occurred prior to the date on which Defendant's attorneys filed appearances in this case. Therefore, nothing about Hansmeier's participation in the emergency hearing multiplied the proceedings, particularly with respect to the Defendant who did not attend the hearing and whose counsel had not yet appeared.

*Second,* regarding the Rule 26(f) report and the Rule 26(f) scheduling conference, a Rule 26(f) scheduling report is an ordinary requirement of federal litigation that is completed in anticipation of a Rule 26(f) scheduling conference. The Rule 26(f) scheduling conference was held by order of the Court and not as a result of any action on the part of Hansmeier or the

Plaintiff. Nothing about Hansmeier's participation in completing the report or participating in the Rule 26(f) conference multiplied the proceedings.

*Third*, Hansmeier's filing of an opposition to the ISPs' motion to stay discovery pending a ruling on their motion to dismiss was simply a response to a motion initiated by an opposing party. The arguments raised in opposition to the ISPs' motion were well within the ordinary scope of the traditional challenges to a motion to stay discovery. Therefore, nothing about Hansmeier's opposition multiplied the proceedings.

None of Hansmeier's individual actions multiplied the proceedings. Taken as a whole, his actions did not multiply the proceedings. There is nothing in the record to suggest otherwise. Indeed, Defendant makes no specific allegation that Hansmeier, himself, multiplied the proceeding. Finally, liability under Section 1927 is direct, not vicarious. *See FM Indus., Inc. v. Citicorp Credit Servs.*, 614 F.3d 335, 341 (7th Cir. 2010). Thus, Hansmeier can only be held accountable for his actions, not those of others.

### b. Unreasonable And Vexatiously

There is no evidence or allegation in the record that any of the actions Hansmeier took were unreasonable or vexatious.

*First*, regarding Hansmeier's participation in the emergency hearing, Hansmeier's purpose for attending the hearing was to be available to the Court if the Court had questions of a technical nature. Far from being vexatious or unreasonable, Hansmeier's objective and subjective goal was to assist the Court, if needed.

*Second*, regarding his assistance in the preparation of the Rule 26(f) report and participation in the Rule 26(f) conference, Hansmeier's actions reflected the standard acts of the discovery planning process embodied by the Federal Rules.

*Third*, regarding his preparation and filing of the opposition to the ISPs' motion for a stay of discovery, Hansmeier raised arguments well within the scope of the traditional oppositions to such requests. Although the Magistrate Judge granted the ISPs' motion, a loss of a motion does not, by itself, indicate that the arguments raised therein were frivolous.

None of Hansmeier's individual actions were unreasonable or vexatious. Taken as a whole, his actions were not unreasonable or vexatious. There is nothing in the record to suggest otherwise. Indeed, Defendant does not point to any specific action that Hansmeier took that was unreasonable or vexatious. Because liability under Section 1927 is direct, not vicarious, Hansmeier can only be held accountable for his actions, not those of others. *See FM Indus., Inc.* 614 F.3d at 341 (7th Cir. 2010).

It bears mentioning that the concerns cited by the Court in its Memorandum and Order granting Defendants' motion for fees—namely, bullying pretense and the emergency hearing—relate to filings and actions that occurred prior to Hansmeier's first appearance in this case. Although Hansmeier was available to participate in the emergency hearing, he did not initiate it. Further, the "bullying pretense", which Hansmeier understands to relate to actions occurring on or around the time of the filing of the complaint, also precedes Hansmeier's appearance. Hansmeier submits that the emergency hearing was necessary to address an exigent threat to the Plaintiff's livelihood. He further submits that Plaintiff's complaint was filed in a good-faith attempt to seek relief from serious hacking threats. Nevertheless, Hansmeier would note that all of the Defendants' allegations relate to conduct that preceded Hansmeier's appearance.

c.     **Excess Costs, Expenses, and Attorneys' Fees**

An attorney who violates 28 U.S.C. § 1927 is not responsible for paying the entire costs of the litigation, but only the "excess" costs, expenses and fees arising directly from any such

violation. Even if any of Hansmeier's actions violated Section 1927—and they did not—the Court would be left to determine what excess costs, expenses and attorneys' fees are directly traceable to any such violation. The Defendant fails to identify any such excess expenses.

*First*, regarding the emergency hearing, neither Defendant nor his attorney participated in the hearing. Indeed, Defendant's attorney had not even appeared in the case at that time. Accordingly, Defendant cannot have inured any excess costs, expenses or fees as a result of the hearing.

*Second*, regarding Hansmeier's participation in the Rule 26(f) scheduling conference, a scheduling conference is a requirement of every federal lawsuit, and there is no allegation that any aspect of the scheduling conference was excessive.

*Third*, regarding Hansmeier's drafting and filing of the opposition to a motion for a stay of discovery, the docket entry associated with the ISPs' filing of their reply indicates that it was filed by counsel for SBC Internet Services, Inc., not counsel for Defendant. Accordingly, Defendant cannot point to any excessive cost, expense, or fee arising from the opposition. Further, Hansmeier's opposition was a response to the ISPs' motion, and not a matter initiated by Hansmeier.

*Finally*, Defendant's suggestion that a "fair estimate" of his fees is $70,000 is not even superficially plausible. Defendants' counsels' sole meaningful act in connection with this litigation was to file a motion to dismiss and a reply memorandum. The notion that Defendant incurred $70,000 in connection with his motion to dismiss far exceeds all bounds of reasonableness. To put this number in context, Defendant's counsel would have had to spend 29-days straight (billing eight hours a day) to approach this figure. Yet, Defendant filed his motion to dismiss only eight days after his counsel first appeared. (*Compare* Dkt. 30 *with* Dkt. 36.)

Further, Defendant's motion to dismiss was filed after the ISPs' motions to dismiss, and ostensibly borrowed heavily from the reasoning and research contained therein.[3]

## IV.    CONCLUSION

Every litigant has a due process right of notice and an opportunity to be heard prior to being sanctioned. Hansmeier was deprived of that right due to Defendant's failure to serve him with his motion for sanctions. Accordingly, the Court should vacate the sanctions order as to Hansmeier. If the Court declines to do so, it should, at the very least, determine whether sanctions were warranted in light of the information and arguments raised herein. The fact that the Defendant has not pointed to a specific act that Hansmeier took that actually multiplied the litigation (unreasonably, vexatiously or otherwise) and that all of the Court's concerns arise from acts taken prior to the time Hansmeier first appears, warrants the Court's reconsideration of sanctions as to Hansmeier.

Respectfully Submitted

DATED: October 31, 2012

By:    /s/ Paul Hansmeier
       Paul Hansmeier (MN Bar No. 387795)
       80 S. 8th. St. Ste 900
       Minneapolis, MN 55402
       612-234-5744

## Certificate of Service

I hereby certify that on this 31st day of October 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ Paul Hansmeier

---

[3] Assuming an hourly billing rate of $300 per hour.

8