UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, | CASE No. 3:12-CV-00889-GPM-SCW |
| Plaintiff, | |
| v. | Judge: Hon. G. Patrick Murphy |
| ANTHONY SMITH, et al, | Magistrate: Hon. Stephen C. Williams |
| Defendants. | |

**JOHN STEELE'S MOTION TO VACATE OR, IN THE ALTERNATIVE, FOR RECONSIDERATION OF THE ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES**

## I. INTRODUCTION

John Steele ("Steele") hereby moves to vacate the Court's Memorandum and Order (Dkt. 65) granting Defendant Anthony Smith's motion for attorneys' fees as it may relate to Steele. (Dkt 61.) Steele respectfully requests the Court to vacate its order because the Defendant failed to serve his motion on Steele, thus depriving Steele of notice and an opportunity to be heard. In the alternative, Steele respectfully moves the Court to reconsider its order in light of the arguments raised herein, and in particular the strict—and unmet, in this case—guidelines relating to the application of sanctions under 28 U.S.C. § 1927.

## II. BACKGROUND

Steele first appeared in this removal action on August 20, 2012 (Dkt. 24) and withdrew on March 7, 2013. (Dkt. 58.) During this time, Steele performed a total of two acts: (1) attended

the emergency motion hearing on August 20, 2012; and (2) attended the telephonic scheduling and discovery conference before the Magistrate Judge.[1] (*See* Dkts. 29 and 49).

September 10, 2012—several weeks after the emergency hearing—attorney Daniel Booth filed an appearance on behalf of Defendant Anthony Smith. (Dkt. 32.) On September 18, 2012, Defendant Smith filed a motion to dismiss Plaintiff's complaint. (Dkt. 36.) Plaintiff responded (Dkt. 44) and Defendant replied. (Dkt. 51.) Plaintiff voluntary dismissed its complaint on March 21, 2013. (Dkt. 59.) The pending motions to dismiss were dismissed as moot and the case was closed. Steele was not involved in the preparation or filing of any papers in this entire case.

On April 5, 2013, Defendant Smith filed a motion seeking his attorneys' fees against attorneys John Steele, Paul Duffy and Paul Hansmeier under 28 U.S.C. § 1927. (*See* Dkt. 61.) The certificate of service for the motion reads:

> I hereby certify that on this 5th day of April, 2013, I electronically filed the foregoing documents with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record and provide service upon each.

(*Id.* at 20.) The docket reflects that Steele's role in the case terminated on March 7, 2013. Steele did not receive ECF notifications after that date and did not receive a notification of Defendant's motion. *See* Steele Decl. attached hereto. Steele was not otherwise served with, or made aware of, Defendant's motion by Defendant or anyone else. *Id.* On October 30, 2013, the Court issued an order granting Defendant's motion for Attorneys' Fees. (*See* Dkt. 65.)

### III. ARGUMENT

#### A. The Court Should Vacate Its Order

---

[1] The scope of Steele's role was to appear for oral arguments on August 20, 2012. Steele had no other involvement with this matter after the status hearing on October 26, 2012.

The Seventh Circuit instructs that district courts may not impose sanctions *sua sponte* under 28 U.S.C. § 1927 without providing notice and an opportunity to be heard. *See Johnson v. Cherry*, 422 F.3d 540, 551 (7th Cir. 2005). This is true whether the court is sanctioning a party pursuant to its authority under Rule 11, section 1927, or its inherent authority. *Larsen v. City of Beloit,* 130 F.3d at 1286-87; *In re Rimsat, Ltd.,* 212 F.3d 1039, 1045-46 (7th Cir.2000). ("Providing such notice and a hearing prevents misunderstandings between the offending party and the sanctioning judge, provides an orderly manner and calm forum in which each party has had time to prepare adequately, and certainly aids our review on appeal"). *United States v. 1948 South Martin Luther King Drive,* 270 F.3d 1102, 1116 (7th Cir. 2001). A general notice that the court is contemplating sanctions is insufficient; rather, the offending party must be on notice of the specific conduct for which she is potentially subject to sanctions. *See Rimsat*, 212 F.3d at 1045-46 (7th Cir.2000).

The Court—on the assumption that Defendant served his motion for attorneys' fees—may have believed that notice and an opportunity to be heard were present here. Yet, service did not occur, and the Court's imposition of sanctions on Steele and others was, in actuality, without notice or an opportunity to be heard. For this reason, the Court should vacate its order as to Steele and any other attorney who did not receive notice of Defendant's Motion for Attorney's Fees.

Related to Steele's absolute right for notice and opportunity to be heard is the Seventh Circuit's express instruction that an attorney cannot be held vicariously liable under Section 1927 for others' conduct. *See, e.g., FM Indus., Inc. v. Citicorp Credit Servs.*, 614 F.3d 335, 341 (7th Cir. 2010) ("Section 1927 does not require every lawyer who files an appearance to review and vet every paper filed by every other lawyer. Neither the text of § 1927, nor any decision of

3

which we are aware, imposes on any lawyer a duty to supervise or correct another lawyer's work."); *see also Claiborne v. Wisdom*, 414 F.3d 715, 722-24 (7th Cir. 2005) (liability is restricted to the misbehaving lawyer and may not be transferred to his partners or law firm). The Defendant's motion for attorney's fees, and correspondingly the Court's order granting the motion, does not identify any specific misconduct that Steele *himself* engaged in. The Defendant's motion is contrary to the Seventh Circuit's express instructions.

Since none of the pleadings in this matter allege any specific acts Steele is alleged to have done that was vexatious, or multiplied the proceedings, it is impossible for Steele to properly respond. Related to Steele's absolute right for notice and opportunity to be heard is Steele's right under 28 U.S.C. § 1927, to know what the specific allegations against him are. The requirement of 'notice' extends beyond Defendant's obligation to send Steele a copy of his pleading—although even that bare minimum requirement was not met here. Steele must be made aware of what specific acts that Steele himself committed that rise to the high level of sanctionable conduct under 28 U.S.C. § 1927. After all, it would be impossible for Steele to review any of the pleadings or orders in this case and know which particular wrongdoings that Steele is being personally accused of. Even if this Court were to vacate its order and grant Steele time to respond, he would still not know what specific allegations he is being accused of. The reason that the 7th Circuit has consistently ruled that attorneys have an absolute right under 28 U.S.C. § 1927 to know—with specifically—what is alleged is that it allows an attorney to properly respond to those allegations. Here Steele has received no notice, no opportunity to respond, or even the opportunity to know what the specific allegations against him are.

**B. In The Alternative, The Court Should Reconsider Its Order**

A motion for reconsideration, although not authorized by civil or criminal rules, is a creature of pragmatism. *See Stanley v. Posner*, 2009 WL 3230320, at *1 (S.D. Ill. Oct. 5, 2009). Typically arising in civil cases, a motion to reconsider serves the limited function of correcting errors of law or fact or presenting newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1990) (citation omitted). That said, motions for reconsideration serve a valuable function where the court "has patently misunderstood a party, *or has made a decision outside the adversarial issues presented to the Court by the parties*, or has made an error not of reasoning but of apprehension." *Id.* (citation omitted) (internal quotation marks omitted). Here, reconsideration is appropriate because the Defendant's failure to serve Steele and others renders the Court's decision outside the adversarial issues presented to the court by the parties.

Under 28 U.S.C. § 1927, "an attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1183 (7th Cir. 1992). The two key elements in determining whether an attorney will be sanctioned under Section 1927 are: (1) whether that attorney multiplied the proceedings; and (2) whether he did so in an unreasonable or vexatious fashion. *Overnight Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 794 (7th Cir. 1983).

  a. **Multiplication of Proceedings**

There is no evidence in the record that Steele took any action that multiplied the proceedings. Steele took two discrete actions in this matter: (1) attended the emergency hearing on August 20, 2012; and (2) attended the rule 26(f) conference before the Magistrate Judge. Neither of these actions multiplied the proceedings.

*First,* regarding the emergency hearing, Steele was not even an attorney of record at the time that the Emergency Motion for Discovery was filed. In fact, Steele filed his appearance the day of the hearing on August 20, 2013, so that he could assist in the oral argument before the Court later that morning. Thus, Steele cannot possibly be found to have 'multiplied the proceedings' as it would have been impossible for Steele to have filed anything in this matter prior to his appearance. Even if this Court finds the Emergency Motion was vexatious, Steele cannot be held liable for a pleading that he did not prepare or file in a case that he was not even an attorney on at the time of the filing.

Further, the hearing occurred prior to the date on which Defendant's attorneys filed appearances in this case. Therefore, nothing about Steele's participation in the emergency hearing multiplied the proceedings, particularly with respect to the Defendant who did not attend the hearing and whose counsel had not yet appeared.

*Second,* regarding the Rule 26(f) scheduling conference, the Rule 26(f) scheduling conference was held by order of the Court and not as a result of any action on the part of Steele or the Plaintiff. Nothing about Steele's participation in the Rule 26(f) conference multiplied the proceedings.

None of Steele's individual actions multiplied the proceedings. Taken as a whole, his actions did not multiply the proceedings. There is nothing in the record to suggest otherwise. Indeed, Defendant makes no specific allegation that Steele, himself, multiplied the proceeding. Finally, liability under Section 1927 is direct, not vicarious. *See FM Indus., Inc. v. Citicorp Credit Servs.*, 614 F.3d 335, 341 (7th Cir. 2010). Thus, Steele can only be held accountable for his actions, not those of others.

    b.  **Steele is not alleged to have committed a single act that could be vexatious or unreasonable.**

  None of Steele's individual actions were unreasonable or vexatious. There is nothing in the record to suggest otherwise. Indeed, even Defendant fails to allege a single act that Steele took that was unreasonable or vexatious. Because liability under Section 1927 is direct, not vicarious, Steele can only be held accountable for his actions, not those of others. *See FM Indus., Inc.* 614 F.3d at 341 (7th Cir. 2010).

  Since the only conduct by Steele in this matter—other than appearing at a status hearing-- is his appearance at the August 20, 2012 hearing, Steele presumes this Court's concerns specifically related to Steele are due to his oral arguments made on August 20, 2012. The concerns cited by the Court in its Memorandum and Order granting Defendants' motion for fees—namely, bullying pretense and the emergency hearing—relate to filings and actions that occurred prior to Steele's first appearance in this case. Although Steele participated in the emergency hearing, he did not initiate it. Further, the "bullying pretense", which Steele understands to relate to actions occurring on or around the time of the filing of the complaint, also precedes Steele's appearance. Steele submits that the emergency hearing was necessary to address an exigent threat to the Plaintiff's livelihood. He further submits that Plaintiff's complaint was filed in a good-faith attempt to seek relief from serious hacking threats. Nevertheless, Steele would note that all of the Defendants' allegations relate to conduct that preceded Steele's appearance.

  c. **Excess Costs, Expenses, and Attorneys' Fees**

  An attorney who violates 28 U.S.C. § 1927 is <u>not</u> responsible for paying the entire costs of the litigation, but only the "excess" costs, expenses and fees arising directly from any such

violation. Even if any of Steele's actions violated Section 1927—and Steele submits that his actions did not—the Court would be left to determine what excess costs, expenses and attorneys' fees are directly traceable directly to Steele for any such violation. The Defendant fails to identify any such excess expenses.

*First*, regarding the emergency hearing, neither Defendant nor his attorney participated in the hearing. Indeed, Defendant's attorney had not even appeared in the case at that time. It is axiomatic that an attorney cannot incur legal fees before he actually does anything. Accordingly, Defendant cannot have inured any excess costs, expenses or fees as a result of a hearing he was not even a participant to.

*Second*, regarding Steele's participation in the Rule 26(f) scheduling conference, a scheduling conference is a requirement of every federal lawsuit, and there is no allegation that any aspect of the scheduling conference was excessive.

*Finally*, Defendant's suggestion that a "fair estimate" of his fees is $70,000 is simply ridiculous. Defendants' counsels' sole meaningful act in connection with this litigation was to file a motion to dismiss and a reply memorandum. The notion that Defendant incurred $70,000 in connection with his motion to dismiss far exceeds all bounds of reasonableness. Defendant filed his motion to dismiss only eight days after his counsel first appeared. (*Compare* Dkt. 30 *with* Dkt. 36.) So Defendant's counsel would have this Court believe that it incurred approximately $8750.00 in legal costs *per day* between the date they filed their appearance and when Defendant's Motion to Dismiss was fled. Steele would also point out to this Court that Defendant's motion to dismiss was filed after the ISPs' motions to dismiss, and a cursory review of the pleadings shows that Defendant's counsel clearly borrowed heavily from the reasoning and research contained therein.

8

IV. CONCLUSION

Every litigant has a due process right of notice and an opportunity to be heard prior to being sanctioned. Steele was deprived of that right due to Defendant's failure to serve him with his motion for sanctions. Accordingly, the Court should vacate the sanctions order as to Steele. If the Court declines to do so, it should, at the very least, reconsider whether sanctions were warranted in light of the information and arguments raised herein. The fact that the Defendant has not pointed to a specific act that Steele took that actually multiplied the litigation (unreasonably, vexatiously or otherwise) and the fact that all of the Court's concerns arise from acts taken prior to the time Steele first appeared, both warrant the Court's reconsideration of sanctions as to Steele.

Respectfully Submitted

DATED: November 4, 2012

By: /s/ John Steele
John Steele
1111 Lincoln Road Suite 400
Miami Beach, FL 33139
786-571-8131

**Certificate of Service**

I hereby certify that on this 4th day of November 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ John Steele