UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION,   ) | |
| ) | |
| *Plaintiff*,   ) | Case No. 12-cv-889 GPM-SCW |
| ) | |
| v.   ) | Judge:  Hon. G. Patrick Murphy |
| ) | |
| ANTHONY SMITH, *et al.*,   ) | Magistrate:  Stephen C. Williams |
| ) | |
| *Defendants*.   ) | |

### DEFENDANT COMCAST'S MOTION FOR ATTORNEY'S FEES PURSUANT TO F.R.C.P. 54(d)(2) AND 28 U.S.C. § 1927

Defendants Comcast Cable Communications LLC and Comcast Corporate Representative #1 (together, "Comcast"), hereby respectfully move the Court for an order pursuant to F.R.C.P. 54(d)(2) and 28 U.S.C. § 1927 requiring Messrs. John Steele, Paul Duffy and Paul Hansmeier, as counsel for Plaintiff Lightspeed Media Corporation ("Lightspeed" or "Plaintiff"), to personally satisfy the attorney's fees and costs Comcast reasonably incurred responding to the unreasonable and vexatious commencement and multiplication of proceedings before this Court in this case.

This Motion is well-founded given this Court's recent Memorandum and Order ("Fee Order") (Dkt. 65), granting the Motion of Defendant Anthony Smith for Attorney's fees (Dkt. 61) pursuant to F.R.C.P. 54(d)(2) and 28 U.S.C. § 1927; *cf.* F.R.C.P. 54(d)(2)(E).  In the Fee Order, the Court agreed that "Plaintiff raised baseless claims despite knowledge that [they] were frivolous and pressed for a meritless 'emergency' discovery hearing."  Fee Order at 1.  This is especially true of as to Comcast, which Lightspeed named as a defendant for no valid purpose other than to try and force Comcast to provide discovery on its subscribers *which discovery had already been denied by the Illinois Supreme Court.  See infra* 3, 4.  The Indeed, this Court further observed that the litigation before it "smacked of bullying pretense."  Fee Order at 1.

1

Counsel for plaintiff that would be subject to the Court's Fee Order have all moved to vacate or reconsider (Dkts. 66-67, 68-69, 74-75). The Court set a hearing on those motions for November 13, 2013 (Dkts. 70, 77), and also denied one counsel's motion to continue that hearing (Dkts. 73, 76). In challenging the award of fees to Defendant Smith, counsel have argued that this case was designed to obtain discovery from Comcast. Paul Duffy's Mem. in Support of Mot. to Vacate (Dkt. 75) at 2 ("Most of the [motions practice, including an "emergency motion"] related to efforts to get ISPs to produce information … and … were not directed to Defendant Smith."). Accordingly an award of fees and costs to Comcast is, if anything, even more appropriate.

To wit: Plaintiff baselessly and punitively named Comcast as a defendant in this action after attempting – and failing – to get third-party discovery from Comcast in the state action from which this case was removed. Then, despite the denial of the emergency discovery motion referenced in the Fee Order that Comcast opposed in pleadings and at the hearing, Plaintiff pursued the right to seek discovery from Comcast, and was forestalled only upon motion to the Magistrate to defer discovery until resolution of the then-pending motions to dismiss. And then, while those motions were pending, Plaintiff moved to voluntarily dismiss its complaint here, apparently because its counsel were more focused on challenging findings made by a federal judge in California that they committed fraud in Doe copyright litigation similar to that here.

## BACKGROUND

In addition to incorporating by reference the "Factual Background" in Defendant Smith's Motion for Fees, and that Motion's attachments cataloging how this case fits in the larger context of Plaintiffs' counsel's pattern of frivolous litigation, Comcast notes the following. Lightspeed originally filed this suit in 2011 in the Circuit Court in St. Clair County, Illinois, asserting civil

conspiracy against one Doe Defendant, and thousands of alleged anonymous co-conspirators, for allegedly accessing Plaintiff's pornographic website without authorization. *See* Dkt. 2, Attach. 3, Compl. ¶¶ 38-42. Lightspeed then proceeded to secure an *ex parte* order – before service on or the appearance of any defendant – allowing it to subpoena Comcast (and other Internet Service Providers ("ISPs")) for the personal information for 6,600 Internet subscribers across the country.

Comcast and the ISPs moved the trial court to quash the subpoenas, but were rebuffed, and so they moved the Illinois Supreme Court for a stay and a supervisory order directing a grant of their motions to quash. The Supreme Court did not act, however, before Comcast was forced to provide notice to its subscribers that Lightspeed had subpoenaed their personal information, although a stay was entered the day before Comcast had been ordered to furnish the information to Lightspeed. *See* Dkt. 14, Ex. A at 15-16. Thereafter, the Court granted the extraordinary relief requested and directed the trial court to quash the subpoenas to Comcast and the ISPs. (Dkt. 9, Attach. 10, Supervisory Order).

Undeterred, and in a fit of pique, Lightspeed amended its complaint in state court to add counts, to identify a Doe defendant (Smith), and to punitively add Comcast as a defendant, along with a Comcast "corporate representative" (and another ISP, AT&T, and its corporate representative). *See* Dkt. 2, Attach. 2. As Comcast demonstrated to this Court in moving to dismiss the Amended Complaint,[1] there was absolutely no basis – in fact, or good-faith theory of law – to name Comcast as a defendant, or to attempt to have it held liable for any violation of federal or state law, or for conspiracy or aiding-and-abetting, simply because Comcast successfully moved to quash subpoenas and/or litigated related issues, including lack of justification for early

---

[1] (Dkt. 28). The Amended Complaint was removed by Defendant AT&T to this court on August 9, 2012, and thereafter Comcast consented to removal (Dkt. 4).

discovery, inability to plead conspiracy among the Does, improper joinder, lack of personal jurisdiction over the alleged co-conspirators, and the commands of 47 U.S.C. § 551 (governing disclosure of cable service subscribers' personally identifiable information)..

As alluded to in the Fee Order, Lightspeed also filed – just a week after the Complaint, well before it was served or the time to answer or otherwise respond had run – an "Emergency" Motion for Discovery Prior to Rule 26(f) Conference, seeking to obtain the same information from Comcast that the Illinois Supreme Court had held it could not properly obtain. [2] Even as early as the hearing on that "Emergency" Motion, the Court expressed how it was "skeptical about how this case could ever be put on" (Dkt. 29, at 18:9-10), a view that, as the Fee Order bears out, was well-founded. Comcast was then forced to file an extensive Motion to Dismiss Plaintiff's baseless claims (Dkt. 28), and later had to participate in a Joint Report in which Defendants had to request forestalling discovery until the dismissal motions could be decided.

Even then, Plaintiff pressed the point, forcing Defendants to file a Motion to Defer Discovery (Dkts. 47, 52), which the Magistrate quickly granted (Dkt. 53). Thwarted in its attempt to use this case for its intended "bullying" purpose, Fee Order at 1, Plaintiff ultimately voluntarily dismissed the Complaint (Dkt. 59). The Court thus issued an Order stating that judicial approval was not required for dismissal, and that the motions to dismiss were thus terminated as moot without prejudice (Dkt. 60).

Lightspeed's voluntary dismissal only confirmed the failings of its Complaint, and reinforces that its efforts in this Court were a gambit to seek personal information for as many indivi-

---

[2] Even before removal to this Court, Lightspeed issued a subpoena out of the Circuit Court for *Cook County*, Illinois that it served on Comcast seeking personal identifying information for Comcast subscribers, although its Amended Complaint was (at that time) pending in *St. Clair County* and no state court order authorizing the subpoena had issued. *See* Dkt. 28, Ex. B. And then, despite the removal, Lightspeed re-served post-removal copies of the state court subpoena on Comcast. *See id.* Ex. C.

4

duals as could be had, so that it could intimidate them into settlements of Lightspeed's dubious claims, while in the end avoiding litigation of the merits of its case. Lightspeed's retreat here is especially unsurprising, given the machinations of its counsel as outlined in Defendant Smith's fee motion and the materials attached thereto. Indeed, in the time since the pleadings closed on Defendant Smith's Motion for Fees, the reasons for Lightspeed's voluntary dismissal of this case, and the underlying larger sham of which it seems to be a part, have become even clearer.

Significantly, shortly after briefing closed on Defendant Smith's fee motion here, the federal court for the Central District of California on May 6, 2013, made findings of fact in a related case, including that:

> Plaintiffs have outmaneuvered the legal system. They've discovered the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs. And they exploit this anomaly by accusing individuals of illegally downloading a single pornographic video ….
>
> * * * * Seeking easy money, [Steele, Hansmeier, and Duffy (the "Principals")] conspired to operate this enterprise and formed the AF Holdings and Ingenuity 13 entities (among other fungible entities) for the sole purpose of litigating copyright-infringement lawsuits. They created these entities to shield the Principals from potential liability and to give an appearance of legitimacy ….
>
> The Principals have shown little desire to proceed in these lawsuits when faced with a determined defendant. Instead of litigating, they dismiss the case. When pressed for discovery, the Principals offer only disinformation – even to the Court ….
>
> The Principals stole the identity of Alan Cooper [of Isle, Minnesota]. The Principals fraudulently signed [a] copyright assignment … using Alan Cooper's signature without his authorization, holding him out to be an officer of AF Holdings. Alan Cooper is not an officer of AF Holdings and has no affiliation with Plaintiffs other than his employment as a groundskeeper for Steele.

*Ingenuity 13*, 2013 U.S. Dist. LEXIS 64564, at *1, 5-8. The *Ingenuity 13* court also referred the plaintiff's principals and counsel – including those who are counsel to Lightspeed here and

5

subject to the Fee Order – to the U.S. Attorneys' Office, the Criminal Investigation Division of the I.R.S., and federal and state bars. *Id.* at *15-16.

A magistrate in another case in the Northern District of California also recently examined virtually identical allegations and made findings that AF Holdings had failed to rebut the credible evidence that its principals "(1) manufactured Cooper's involvement in AF and forged his signature; (2) were in cahoots with the computer forensic experts who identified the alleged illegal downloaders … then sued; and (3) themselves uploaded the Video … to induce others to download [it]." *AF Holdings*, 2013 U.S. Dist. LEXIS 149156, at *17 (affirmed by *AF Holdings LLC v. Navasca*, 2013 U.S. Dist. LEXIS 149169 (N.D. Cal. Oct. 16, 2013)). And evidence has been submitted in other related cases that the pornography "Does" are accused of downloading was uploaded to BitTorrent file-sharing websites by AF Holdings' beneficial owner, and counsel – and counsel for Lightspeed here – Mr. Steele. *See*, *e.g.*, *First Time Videos, LLC. v. Oppold*, No. 6:12-CV-01493-CEH (M.D. Fla. June 3, 201), ECF No. 37-11 (declaration from forensic investigator). *See also* http://www.techdirt.com/articles/20130603/02204423292/new-anti-prenda-court-filing-lays-out-tons-evidence-suggesting-john-steele-uploaded-videos-to-bittorrent-himself.shtml. Needless to say, uploading a film to a file-sharing website, or to invite access via shared passwords, for purpose of manufacturing litigation claims that Internet subscribers are accessing the film without authorization smacks of the kind of fraud and abuse of process that supports a § 1927 award.

In the wake of these revelations, virtually all of Prenda Law's multi-Doe cases have been dismissed or transformed into investigations of misconduct by plaintiffs' principals and counsel, who are the same as Lightspeed counsel here. It is thus hardly surprising that after the voluntary

dismissal in this case, the Court concluded that Lightspeed made similar "baseless claims [with] knowledge that [they] were frivolous," and awarded Defendant Smith fees under Section 1927.

## ARGUMENT

Comcast is entitled to an award of excess costs, expenses, and attorneys' fees reasonably incurred, due to the unreasonable and vexatious conduct of Lightspeed's counsel. *See* 28 U.S.C. § 1927. Sanctions under § 1927 are proper "when an attorney [acts] in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice," or "pursue[s] a claim that is without a plausible legal or factual basis." *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717 720 (7th Cir. 2006) (internal quotes and citations omitted). This Court has already held that Lightspeed's counsel raised baseless claims, despite knowing they were frivolous, as was their pursuit of "emergency" discovery, the fruits of which they intended to use to "bully" Doe defendants. Fee Order at 1. Moreover, as the case was concededly designed to force Comcast and AT&T to turn over subscriber records, *see supra* 2, with the obvious intent to bully – indeed, naming a corporate representative could be no less – the conclusions in the Fee Order apply equally to Comcast.

There is also ample evidence, offered by Defendant Smith and in developments since as outlined above, that Plaintiff's counsel "serious[ly] … disregard[s ] the orderly process of justice. *See supra* 4-6. As Section 1927 fees may be imposed for making baseless claims, filing baseless oppositions, and/or making scandalous obligations, all of which occurred here, Comcast should be awarded its fees and costs. *See*, *e.g.*, *Kotsileris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 2003); *Smiga v. Dean, Witter, Reynolds, Inc.*, 766 F.2d 698, 708 (2d Cir. 1985); *Blair v. Shenandoah Women's Ctr., Inc.*, 757 F.2d 1435, 1438 (4th Cir. 1985).

As set forth in greater detail in Comcast's Motion to Dismiss (Dkt. 28) and Reply in support of it (Dkt. 52), there was absolutely no justifiable basis for naming Comcast or its representative as Defendants in this matter, forcing them to move to dismiss, or forcing them to brief repeated motions as counsel for Lightspeed sought to discover the identities of Comcast's subscribers. As a threshold matter, the vast majority of the Doe defendants here, which Plaintiff's counsel identified by IP addresses, were individuals outside the jurisdiction of all Illinois state and federal courts. So even on that most fundamental level, pursuit of their identities in this Court, and the filing of baseless claims against Comcast to get them through discovery, was wholly improper. *See also* Smith Mot. for Attorney's Fees at 6 (describing fallibility of pursuing defendants based solely on IP addresses, and citing cases).

Indeed, the claims directed against Comcast were beyond frivolous. Lightspeed alleged a federal Computer Fraud and Abuse ("CFAA") claim without asserting that Comcast took any action directly affecting protected computers, or causing the transmission of any command or password, *see* Dkt. 28 § A, and which, in fact, did not even specify which CFAA prohibition Comcast purportedly violated. *Id*. at 5. The only allegation was not of any affirmative act by Comcast, but that it assertedly "refused to take action to prevent hacking into and theft from" Lightspeed's website. Compl. ¶ 56; *see also id*. ¶¶ 30-49 (alleging inaction, and engaging in litigation, but no act involving a protected computer). Moreover, it was clear that Lightspeed had pled a CFAA claim to avoid the obvious conclusion that the case really sounded in copyright, and that a federal copyright action can neither be brought in state court, nor pressed as a mass, country-wide copyright claim in a single federal court. And these are just the most obvious of the CFAA claim's failings. *See also generally* Dkt. 28 § A.

8

Lightspeed also alleged conspiracy and aiding and abetting claims even though no "meeting of minds" between Comcast and any of its subscribers or any other defendant was alleged or could have occurred, and despite it being utterly implausible Comcast that offered "substantial and knowing assistance" to any defendant. *Id*. § D. Lightspeed also alleged state law claims that plainly were preempted by the Copyright Act, i*d*. § B, and that were clearly unfounded on their merits. *Id*. §§ C-E. Further, Plaintiff did not even have standing to bring its Illinois Fraud and Deceptive Practices Act claim against Comcast, as Lightspeed is not a consumer, and the actions complained of lacked any nexus to consumer harm. *Id*. at 10-11.

To the extent the claim rested on steps Comcast took before courts under § 551 of the Cable Act, it flew in the face of a clearly applicable absolute litigation privilege, *id*. at 12-13, and Lightspeed even argued Comcast somehow became its subscribers' *de facto* counsel, without any basis in law for such a position. *See id*. at 18-19. The Complaint also alleged a separate count of "unjust enrichment" even though Illinois law does not recognize such a cause of action. *Id*. at 19. While these are just some of the many failings of Lightspeed's Complaint, they are the most egregious examples of the baselessness of the claims, and are ample evidence of Plaintiff's counsel's objective unreasonableness, and of the lack of any plausible legal or factual basis, as to the claims advanced.

But there is perhaps no better evidence of improper purpose – and of the insufficient grounds for filing the Complaint in the first instance – than the fact that Lightspeed dismissed all of its claims before the Court could rule on the motions to dismiss. Notably, it did so only after it was clear that no discovery would be forthcoming, frustrating Lightspeed's true purpose of obtaining the identities of Doe defendants – many of whom are not even within the jurisdiction of the courts of this state – so that Plaintiff's counsel could shake them down as they have done

in countless similar cases. Ultimately, all of Comcast's attorney's fees and costs incurred defending this action were unreasonably imposed by the baseless, frivolous, and vexatious conduct of Plaintiff's counsel, and were multiplied by the additional unnecessary discovery- and related motions-practice. As the Seventh Circuit has recognized: "Suits are easy to file and hard to defend. Litigation gives lawyers opportunities to impose on their adversaries costs much greater than they impose on their own clients." *In re TCI, Ltd.*, 769 F.2d 441, 446 (7th Cir. 1985). That is especially true where, as here, the litigation is "a predatory instrument, rather than a method of resolving honest disputes." *Id*. There is nothing "honest" about how counsel for Plaintiff have conducted this case, or any of the other patchwork of similar and related cases from which the bottoms have now fallen. An award of fees under Section 1927 in this case should be granted to Comcast as well as Defendant Smith. [3]

---

[3] Between the issuance of the Fee Order and the filing of this Motion, Plaintiff's counsel Hansmeier has sought to vacate the Fee Order as to him (Dkts. 66-67). More recently Plaintiff's counsel Steele sought to vacate the Fee Order as it relates to him, significant portions of which are identical to or track the Hansmeier motion (Dkts. 68-69). After the hearing was set on these motions (*see* Dkt. 70), Plaintiff's counsel Duffy has sought to vacate the Fee Order as it relates to him as well, or for its reconsideration (Dkts. 74-75). Comcast submits that, inasmuch as a significant part of what multiplied the costs of this litigation was the motions practices on discovery and related issues, apart from the motions to dismiss, the motions should be denied, perhaps as early as the at the hearing that the Court has set, and declined to continue (Dkts. 70, 76 and 77), which hearing counsel for Plaintiffs, now the movants, should be required to attend in person.

## CONCLUSION

For the foregoing reasons, Comcast respectfully requests that this Court grant this Motion for Attorney's Fees, and allow Comcast, like Defendant Smith, to submit an itemization of fees and costs for reimbursement by Messrs. John Steele, Paul Duffy and Paul Hansmeier.

Dated: November 8, 2013

        Respectfully submitted,

        By:  /s/ *Andrew G. Toennies*
        Andrew G. Toennies
        LASHLY & BAER, P.C.
        20 East Main Street
        Belleville, Illinois 62220-1602
        (618) 233-5587

        John D. Seiver
        Ronald G. London
        DAVIS WRIGHT TREMAINE, LLP
        1919 Pennsylvania Ave., NW
        Suite 800
        Washington, DC 20006
        (202) 973-4200

        *Attorneys for Defendants Comcast Cable Communications, LLC and Comcast Corporate Representative #1*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic system upon all counsel of record via the Court's CM/ECF system, which it is assumed now re-include Attorneys Hansmeier and Steele in view of their recent motions (Dkts. 66-69), and by mail on Attorneys Hansmeier and Steele as well.

/s/ *John D. Seiver*
John D. Seiver