IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, ) | |
|     *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 12-cv-889-GPM-SCW |
| ) | |
| ANTHONY SMITH, SBC INTERNET ) | Removed from the Circuit Court of |
| SERVICES, INC., d/b/a AT&T INTERNET ) | |
| SERVICES, AT&T CORPORATE ) | St. Clair County, IL Case No. 11-L-683 |
| REPRESENTATIVE #1, COMCAST ) | |
| CABLE COMMUNICATIONS, LLC, and ) | |
| COMCAST CORPORATE ) | |
| REPRESENTATIVE #1, ) | |
|     *Defendants*. ) | |

## AT&T'S MOTION FOR ATTORNEY'S FEES PURSUANT TO F.R.C.P. 54(d)(2) AND 28 U.S.C. § 1927

Defendant SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T") respectfully moves the Court for an order pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 requiring Messrs. John Steele, Paul Duffy and Paul Hansmeier, as counsel for Plaintiff Lightspeed Media Corporation ("Lightspeed" or "Plaintiff"), to personally satisfy the attorney's fees and costs AT&T reasonably incurred responding to the unreasonable and vexatious commencement and multiplication of proceedings before this Court in this case.

### I.  BACKGROUND

The facts concerning AT&T are substantially the same as the facts relating to the Comcast co-Defendants ("Comcast") except that AT&T, unlike Comcast, is not subject to the provisions of 47 U.S.C. § 551 (relating to disclosure by cable service providers of their subscribers' personally identifiable information).  Both AT&T and Comcast are ISPs; both were named as Defendants in this suit in retribution for their having successfully obtained relief from

the Illinois Supreme Court denying discovery requests granted by the trial court in the Illinois state court proceedings removed to this Court after Lightspeed amended its pleadings to name AT&T and Comcast defendants. AT&T, like co-defendant Anthony Smith, was a victim of what this Court has already characterized as "baseless" claims raised by Plaintiff "despite knowledge [they] were frivolous and pressed for a meritless 'emergency' discovery hearing." Memorandum and Order ("Fee Order") (ECF No. 65), granting the Motion of Defendant Anthony Smith for Attorney's fees (ECF No. 61) pursuant to F.R.C.P. 54(d)(2) and 28 U.S.C. § 1927; *cf.* FED. R. CIV. P. 54(d)(2)(E).

As this Court has no doubt taken note, the "emergency" discovery sought by the Prenda lawyers before this Court was the *very same discovery* implicating the *very same, nationwide subscriber base* in the *very same lawsuit* that the Illinois Supreme Court had immediately stayed and then summarily quashed. AT&T incurred significant costs and expenses (i) in the state court stages of these proceedings, (ii) before the Illinois Supreme Court, (iii) in effectuating removal upon the filing of retaliatory, baseless claims against it, (iv) in successfully resisting the egregiously unjustified "emergency" motion for discovery (i.e., for ultimate relief in terms of the mass discovery of personally identifiable information that the Illinois Supreme Court had already said Plaintiff could not have), (v) in filing motions to dismiss (ultimately for naught, because Plaintiff abruptly dismissed this lawsuit upon the commencement of a wave of sanctions proceedings against Plaintiff's counsel), and (vi) in successfully obtaining a stay of discovery. Unsurprisingly, the abusive tactics of Plaintiff's counsel caused AT&T to incur significant legal expenses in various other proceedings in other courts across the country as well.

The facts before this Court are already well-developed. No need exists for AT&T to repeat them. AT&T incorporates by reference herein the prior filings of this Court in the Fee

Order and the Background statements of Defendant Comcast's Motion for Attorney's Fees Pursuant to F.R.C.P. 54(d)(2) and 28 U.S.C. § 1927 (ECF No.78).[1]

## II. ARGUMENT

AT&T incorporates herein by reference the arguments made in its previous filings with this Court, including the Opposition of AT&T Internet Services to Emergency Motion for Early Discovery (ECF No. 14), AT&T Internet Services' Motion To Dismiss (ECF No. 26) and the Brief in Support of AT&T Internet Services' Motion To Dismiss (ECF No. 27). AT&T further agrees with and incorporates by reference the arguments made in Comcast's Motion for Attorney's Fees (ECF No. 78).

## III. CONCLUSION

For the foregoing reasons, AT&T respectfully requests that this Court grant this Motion for Attorney's Fees, and allow AT&T, like Defendant Smith, to submit an itemization of fees and costs for reimbursement by Messrs. John Steele, Paul Duffy and Paul Hansmeier.

---

[1] Plaintiff's amended complaint was accompanied by a new release bearing the title "Prenda Law Inc. Sues AT&T and Comcast for Aiding Hackers." A copy of that news release is attached as Exhibit 1 and continues to be accessible on the Internet at the following URL: http://www.prnewswire.com/news-releases/prenda-law-inc-sues-att-and-comcast-for-aiding-hackers-165300646.html. The news release begins with the statement: "On August 3rd, 2012, Prenda Law Inc. filed an amended complaint in Saint Clair County, Illinois, naming AT&T, Comcast Cable Communications *and their corporate executives* as defendants for their role in allegedly aiding hackers targeting adult content." (Emphasis added.)

The filing of the amended complaint was, without question, also intended to create adverse public relations for AT&T and serve as a threat to AT&T that Plaintiff's attorneys would renew earlier state court attempts to drive up AT&T's costs if AT&T did not abandon efforts to protect itself, its customers, and the public from Plaintiffs' attorneys pernicious abuse of federal and state courts to harvest settlement money in suits the Prenda principals and clients had no apparent basis for bringing and no intent to prosecute. Indeed, Prenda had even sought the deposition of AT&T's Chairman and Chief Executive Officer in this apparently groundless and manifestly improper proceeding before the Illinois Supreme Court granted AT&T's motion for extraordinary relief.

Respectfully submitted,

/s/ Troy A. Bozarth
Troy A. Bozarth – 06236748
tab@heplerbroom.com
HEPLERBROOM LLC
130 North Main Street
Edwardsville, IL   62025
(618) 656-0184

Bart W. Huffman
LOCKE LORD LLP
100 Congress Avenue, Suite 300
Austin, TX 78701
(512) 305-4700
*Admitted pro hac vice*

*Attorneys for SBC Internet Services, Inc.
d/b/a AT&T Internet Services*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic system upon all counsel of record via the Court's CM/ECF system, which it is assumed now re-include Attorneys Hansmeier and Steele in view of their recent motions (ECF Nos. 66-69), and by mail on Attorneys Hansmeier and Steele as well.

/s/ Troy A. Bozarth
Troy A. Bozarth

- 4 -