UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, | CASE No. 3:12-CV-00889-GPM-SCW |
| Plaintiff, | |
| | Judge: Hon. G. Patrick Murphy |
| v. | |
| | Magistrate: Hon. Stephen C. Williams |
| ANTHONY SMITH, et al, | |
| Defendants. | |

**MEMORANDUM OF LAW IN OPPOSITION TO
COMCAST'S MOTION FOR ATTORNEYS' FEES**

Paul Hansmeier respectfully opposes Defendant Comcast's Motion for Attorneys' Fees. (ECF No. 82.) Comcast's motion does not identify a single act of Hansmeier's that unreasonably and vexatiously multiplied these proceedings. Seventh Circuit precedent could not be any clearer on this issue: a lawyer is responsible for his actions, but not those of others. *FM Indus., Inc. v. Citicorp Credit Servs.*, 614 F.3d 335, 341 (7th Cir. 2010) ("Liability under § 1927 is direct, not vicarious"); *Claiborne v. Wisdom*, 414 F.3d 715, 722-74 (7th Cir. 2005) (liability is restricted to the misbehaving lawyer and may not be transferred to his partners or law firm). Hansmeier appeared in this multi-year case for a total of twelve weeks, and during that time accrued billable fees of 6.75 hours. Sanctions under 28 U.S.C. § 1927 are not warranted as to him. Because the Motion for Attorney Fees filed by SBC Internet Services, Inc. (ECF No. 82) is substantially similar to that of Comcast's, Hansmeier also opposes SBC's motion for the same reasons set forth herein, as to SBC.

## I. HANSMEIER'S CONDUCT WAS NOT UNREASONABLE OR VEXATIOUS AND DID NOT MULTIPLY THE PROCEEDINGS

The Seventh Circuit's decision in *FM Industries* is directly on point. In that case, two attorneys—Rhine and McGrath—appeared on the plaintiff's behalf. *FM Indus., Inc.*, 614 F.3d at 337-39. For his part, Rhine filed a frivolous complaint seeking $15 billion in damages, served extortionate discovery on non-party law firms, failed to observe the court's timelines and sought a sanction of $815 million when the defendants missed a discovery deadline by a single day. *Id.* at 339. "McGrath, by contrast, did not sign the complaint, demand $815 million as a discovery sanction … or take any other steps that led to the sanction against Rhine." *Id.* at 340. The district court did not identify "a single thing that McGrath did wrong." Nevertheless, the district court imposed sanctions on both Rhine and McGrath under 28 U.S.C. § 1927.

The Seventh Circuit reversed the district court's sanctions as to McGrath. Writing for the court, Chief Judge Easterbrook noted, "liability under § 1927 is direct, not vicarious." *Id.* at 340. Because of this, McGrath, "was not responsible for documents that bear Rhine's name but not his own." *Id.* Although McGrath, "filed an appearance for [the plaintiff] and signed five papers, the district court did not find that any of those five vexatiously multiplied the proceedings." *Id.* Chief Judge Easterbrook rejected the argument that McGrath should be held liable on the grounds that he did not prevent Rhine from filing unreasonable and vexatious documents. He also rejected the argument that McGrath otherwise bore responsibility for Rhine's actions. *Id.* at 340-41. The Seventh Circuit emphasized, "personal responsibility remains essential to an award of sanctions under § 1927." *Id.* at 341. *See also Claiborne v. Wisdom*, 414 F.3d 715, 722-74 (7th Cir. 2005).

Hansmeier appeared in this case, which was filed in December 2011, for a total of twelve weeks. He appeared on August 21, 2012, and withdrew on November 12, 2012. During this time

he accrued billable fees of 6.75 hours. Hansmeier: (1) attended, but did not participate in, the emergency hearing; (2) assisted in the preparation of Plaintiff's Rule 26(f) conference report and attended the corresponding scheduling conference; and (3) as ordered by the Magistrate Judge, filed a ten-page opposition to the ISPs' motion for a stay of discovery.

None of these actions unreasonably or vexatiously multiplied the proceedings as to Comcast, or any other Defendant. Regarding the emergency hearing: all Hansmeier did was listen to it via telephone. He did not ask for the hearing to be held, make arguments during it or otherwise participate in it. Regarding the scheduling conference: Hansmeier assisted in preparing Plaintiff's portions of the Rule 26(f) report and attended the scheduling conference. As for the opposition to the ISPs' motion to stay, by order of the Magistrate Judge, Hansmeier filed at 10-page opposition to the ISPs' previously-filed motion to stay discovery. Neither Comcast nor any other defendant claims that the arguments raised in the opposition were unreasonable or vexatious. Nor can they point to any multiplication of the proceedings that arose as a result of the opposition.

## II. COMCAST'S CORE CRITICISM IS NOT DIRECTED AGAINST HANSMEIER AND IS OTHERWISE BARRED

Comcast summarized its core criticism of Plaintiff's conduct as follows: "To wit, Plaintiff baselessly and punitively named Comcast as a defendant in this action after attempting – and failing – to get third-party discovery from Comcast." (*See* ECF No. 78 at 2.) Comcast's criticism is not directed against Hansmeier because the asserted impropriety—naming Comcast as a defendant—occurred before Hansmeier even filed an appearance in this case. Further, Comcast never took any formal action, such as the filing of a motion under Federal Rule of Civil Procedure 11, during the pendency of the litigation that reflected its asserted concern. Even when

the case was dismissed, Comcast did not bring a timely motion for attorneys' fees; Comcast presumably would never have done so absent the Court's recent order.

Further, there are two reasons why Comcast's motion is barred: (1) timeliness; and (2) eligibility. As for timeliness, it is well-established that section 1927 motions must be brought within a "reasonable time" or as "expeditiously as possible" after a case is disposed of. *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 793 (7th Cir. 1983). In *Overnite Transp.*, the Seventh Circuit ruled that a district court lacked jurisdiction to rule on section 1927 motion brought over eight months after the case was dismissed. *Id.* at 792. While the Seventh Circuit declined to adopt the Eighth Circuit's twenty-one day rule deadline for bringing section 1927 motions, it nevertheless emphasized that "motions for fees and costs must be made within a reasonable time." *Id.* at 793 n.4. Here, Comcast's motion for fees was filed roughly six months after this case was dismissed. Under the Seventh Circuit's holding in *Overnite Transp.*, Comcast's motion is untimely.

As for eligibility, Comcast's core criticism is that the complaint filed against it was baseless. While Hansmeier is unable to identify any directly controlling Seventh Circuit authority on point, there is "an unbroken band of cases across the courts of appeals holding that a lawyer cannot violate section 1927 in the course of commencing an action." *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 65 (1st Cir. 2008) (citing *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006); *MEMC Elec. Mat'ls, Inc. v. Mitsubishi Mat'ls Silicone Corp.*, 420 F.3d 1369, 1382 (Fed. Cir. 2005); *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999); *Zuk v. E. Pa. Psych. Inst.*, 103 F.3d 294, 297 (3d Cir. 1996); *In re Keegan Mgmt. Co.*, 78 F.3d 431, 435 (9th Cir. 1996). While no Defendant—including Comcast—alleges that Hansmeier commenced this action, the "unbroken band" of authority "across the courts of appeals" holds that section

1927 does not apply to that activity. If Comcast genuinely believed that Plaintiff's complaint was baseless, it always had the option to seek timely relief under Fed. R. Civ. P. 11.

### III. COMCAST'S *AD HOMINEM* ATTACKS HAVE NO RELEVANCE TO THE ISSUE BEFORE THE COURT

The overwhelming majority of Comcast's motion is devoted to launching gratuitous insults against Messrs. Hansmeier, Duffy and Steele, and in particular referencing and quoting the sanctions order issued by Judge Wright in *Ingenuity 13 v. John Doe*, No. 12-cv-8333 (C.D. Cal.). To be sure, Judge Wright's findings are extreme, but they are also the subject of seven appeals to the U.S. Court of Appeals for the Ninth Circuit. For this Court's background, at a hearing that lasted an estimated 12 minutes at which no evidence was presented, Judge Wright found, among other things, that attorneys were dodging taxes, that they were forging signatures, that their law practices were "shattered", that they were the *de facto* owners of the plaintiff[1] and that they directed attorneys to lie to the court. These findings were not based on evidence and were made notwithstanding that Hansmeier, Duffy and Steele never appeared or otherwise participated in the case. With respect, it was a patently unjust proceeding, and that is why it is being vigorously contested on appeal.

The tactics of the defendants in comparable actions around the nation rely almost exclusively on launching similar personal attacks—whether based in fact or not (and they never are)—against copyright holder plaintiffs and their counsel. Their tactics reveal the continuing relevancy of the maxim: if the facts are on your side, pound the facts; if the law is on your side, pound the law; if neither are on your side, pound the table. In this case, Comcast is forced down the third path: it cannot identify a single unreasonable or vexatious act that Hansmeier took that

---

[1] The court, for example, determined that Messrs. Hansmeier, Steele and Duffy were the plaintiff's owners notwithstanding that plaintiff's officer appeared at the hearing and was prepared, but not allowed, to testify as to the plaintiff's actual ownership.

5

multiplied the proceedings (no facts); it cannot circumvent the Seventh Circuit's holdings in *FM Industries* and its progeny, which eliminated vicarious liability under Section 1927 (no law); instead, Comcast pounds on the table in hopes that the Court will disregard both the facts and the law, and sanction Hansmeier anyways. The Court should not take the bait.[2]

### IV. NAMING THE ISPS AS DEFENDANTS

Although Hansmeier's participation in this case was very limited, and although none of the Defendants identified a factual or legal basis to hold Hansmeier liable for sanctions under section 1927, Hansmeier does not wish to convey the impression that he agrees with Comcast's contention that it was named as a defendant in this action as a "punitive" measure. A review of the record in this case makes clear that this is simply not true; instead, the record demonstrates that Comcast was named as defendant as a measure of last resort.

The Plaintiff filed this action in December 2011 against a single John Doe. At that time, Comcast and other Internet Service Providers were merely third-party custodians of records. Plaintiff issued subpoenas to Comcast and others, but the ISPs vigorously resisted compliance. The grounds on which the ISPs resisted did not involve burdens placed on them by the subpoenas, but instead consisted of arguments on the merits on behalf of their subscribers. The state court hearing the action rejected the ISPs' arguments, and ordered the ISPs to provide the information sought by the Plaintiff. The ISPs continued to resist, going so far as to petition the

---

[2] For the Court's background, Defendant Smith's attorneys Jason Sweet and Dan Booth have pioneered a new tactic for winning motions: don't serve the other side. In this case and in cases nationwide Sweet and Booth are filing attorneys' fees motions or default judgment motions against Hansmeier, Duffy and Steele without serving them. In this case for example, Booth and Sweet moved for fees against Hansmeier, but did not serve him with the motion. In a case in Massachusetts, Booth and Sweet moved for a default judgment against a third-party plaintiff. After that judgment was granted, Booth and Sweet fraudulently moved the Court to amend the judgment to just add Hansmeier and others as judgment debtors. A motion to vacate that judgment as void is currently pending. Booth and Sweet have attempted a similar fraudulent effort in Connecticut.

Illinois Supreme Court for a supervisory order. In a one-sentence order, and without providing an explanation, Justice Karmeier granted the ISPs' request and ordered the subpoenas quashed.

At that point, Plaintiff was faced with the choice to lie down and accept that digital attacks—which greatly intensified in the wake of Justice Karmeier's ruling—would ultimately put him out of business or take the next step and name the ISPs as defendants. At least one court has suggested that plaintiffs, such as Lightspeed, should not be allowed to proceed with subscriber-identification subpoenas without first naming the ISPs as defendants. *See, e.g., VPR Internationale v. John Doe et al*, No. 2:11-cv-2068 (C.D. Ill. Mar. 9, 2011) ("Certainly there are existing, identified entities who could be named as defendants that have control over or know the identity of a particular internet service address customers. Their being named in the suit would give the court an entity upon whom process could possibly be served and provide personal jurisdiction over identified parties to the suit."). While the ISPs may disagree with this holding, their mere disagreement does not render the Central District of Illinois' contention, "baseless", as Comcast contends. Plaintiff did not begin its action with the desire or intent to name the ISPs as defendants. However, the ISPs' actions boxed Plaintiff into a corner where the only course of action under the law, according to at least one federal court, was to name the ISPs as defendants.

## CONCLUSION

Hansmeier attended—but did not participate in—the emergency hearing, prepared for and attended the Court-ordered scheduling conference, and, by the Magistrate Judge's order, filed a 10-page opposition to the ISPs' motion for a stay. For these three discrete actions, the Defendants, including Comcast, seek to hold Hansmeier liable for hundreds of thousands of dollars of attorneys' fees. For good reason, the Seventh Circuit has made clear that these requests are completely inappropriate.

                Respectfully Submitted

DATED: November 10, 2013

            By: /s/ Paul Hansmeier
               Paul Hansmeier (MN Bar No. 387795)
               80 S. 8th. St. Ste 900
               Minneapolis, MN 55402
               612-234-5744

### Certificate of Service

 I hereby certify that on this 10th day of November 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                   /s/ Paul Hansmeier