## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:12-cv-00889-GPM-SCW |
| ) | |
| v. ) | **DEFENDANT ANTHONY** |
| ) | **SMITH'S RESPONSE IN** |
| ANTHONY SMITH, SBC INTERNET SERVICES, ) | **OPPOSITION TO PLAINTIFF** |
| INC., d/b/a AT&T INTERNET SERVICES; AT&T ) | **COUNSEL'S MOTIONS TO** |
| CORPORATE REPRESENTATIVE #1; COMCAST ) | **VACATE OR RECONSIDER** |
| CABLE COMMUNICATIONS, LLC, and ) | **THE ORDER GRANTING** |
| COMCAST CORPORATE REPRESENTATIVE #1, ) | **ATTORNEY'S FEES** |
| ) | |
| Defendants. ) | |

Defendant Anthony Smith ("Smith") respectfully submits this response in opposition to the motions (ECF Nos. 66, 68, & 74) filed by attorneys for Plaintiff Lightspeed Media Corporation ("LMC"), Paul Hansmeier ("Hansmeier"), John Steele ("Steele"), and Paul Duffy ("Duffy") (collectively, the "Prenda attorneys") who seek vacatur or reconsideration of the Court's Memorandum and Order (ECF No. 65; "Order") granting Smith's motion for attorney's fees pursuant to 28 U.S.C. § 1927 (ECF No. 61; "Smith Motion"). The Prenda attorneys offer no valid procedural grounds and present no cognizable error or new evidence that would warrant vacatur or reconsideration. The Order should be left undisturbed or affirmed, for the reasons stated in the Order itself, the Smith Motion, Smith's reply (ECF No. 64) to LMC's opposition to the Smith Motion (ECF No. 63), and those further stated in the Opposition below.

**FACTUAL BACKGROUND**

Smith restates and incorporates his statement of the case's factual background presented in the Smith Motion, ECF No. 61 pp. 1-3, as if fully stated herein. Smith further states:

1

The Smith Motion was filed electronically on April 5, 2013 through the Court's CM/ECF system, which sent notice of the filing and provided service to all attorneys of record, including LMC's lead counsel Duffy and its local counsel Kevin Hoerner ("Hoerner").[1] *See* ECF No. 61 p. 20 (certification of service). On April 19, 2013, Duffy filed a timely response in opposition. ECF No. 63. Smith filed and served a reply thereto on May 1, 2013. ECF No. 64.

The Prenda attorneys have each identified their law firm as Prenda Law, Inc. ("Prenda"). in documents they filed on behalf of LMC in this Court. Steele listed "Prenda law Inc." as his firm of record when he e-filed his Entry of Appearance as counsel for LMC. ECF No. 20. Hansmeier filed LMC's opposition to the Defendants' motion to stay discovery, with his signature block declaring that he is "Of Counsel to Prenda Law, Inc." ECF No. 50 p. 9. Duffy's signature blocks have consistently identified him as part of Prenda in his filings in this action. *See, e.g.,* ECF No. 9 pp. 14 ("emergency" motion for discovery).[2]

The Prenda attorneys worked hand-in-hand in this action, as is typical of lawyers from the same firm. Duffy filed a notice of appearance on Steele's behalf and a motion for *pro hac vice* admission on behalf of Hansmeier.[3] ECF Nos. 11 & 15. The Prenda attorneys appeared together as co-counsel for LMC at the August 20, 2012 hearing on Duffy's emergency motion for discovery. ECF Nos. 23 & 29 (transcript). Hansmeier's motion to continue the hearing on these

---

[1] Hoerner withdrew as local counsel for LMC on November 6, 2013. ECF Nos. 71 & 72. In addition to the Prenda attorneys and Hoerner, LMC was also represented by Michael O'Malley, who filed the initial complaint. ECF No. 2-3. O'Malley withdrew before Smith was added to the case and before the removal from state court. *See* ECF No. 2-10 pp. 33-37 (affidavit of Bart W. Huffman, counsel for Internet service providers, discussing Prenda's litigation practices and his communications with O'Malley and Duffy) and attachments thereto.

[2] *See also* ECF No. 39 p. 23, ECF No. 40 p. 22, & ECF No. 44 p. 21 (LMC's oppositions to Defendants' motions to dismiss); ECF No. 45 p. 4 (joint report and proposed scheduling order); ECF No. 63 p. 8 (opposition to Smith Motion). Duffy began representing LMC in this action on behalf of Prenda even before the suit was removed to this Court. *See, e.g.,* ECF No. 2-9 p. 39; ECF No. 2-2 pp. 22-23 (amended complaint).

[3] The clerk struck both filings, requiring Steele and Hansmeier to e-file their own appearances pursuant to Local Rule 83.1(f). ECF Nos. 16 & 20 (Steele); ECF Nos. 19 & 21 (Hansmeier).

motions (filed, oddly, by Steele) reflected a detailed awareness of the daily schedules of the other Prenda attorneys, further evidencing the Prenda attorneys' collaborative efforts. ECF No. 73.

Filings in other courts further attest to their collaboration. Each of the Prenda attorneys has a Prenda "@wefightpiracy.com" email address. See Status Report, *AF Holdings LLC v. Does 1-20*, Case No. 3:11-cv-00491-JGH, ECF No. 6 (W.D. Ky. filed Jan. 29, 2012) (Exhibit A hereto). Two days after Steele moved to withdraw from this case, he declared in another action, "I am of counsel with the law firm, Prenda Law, Inc.," and that Hansmeier "is also of counsel to the firm." Declaration of John Steele, *Ingenuity 13 LLC v. John Doe*, Case No. 2:12-cv-08333-ODW-JC ("*Ingenuity 13*"), ECF No. 83 ¶¶ 1 & 4 (C.D. Cal. filed Mar. 8, 2013) (Exhibit B hereto). Brett Gibbs, a former attorney of counsel for Prenda, declared in *Ingenuity 13*: "It is my understanding that the sole principal of Prenda is Paul Duffy. ... During the course of my work with Prenda, Mr. Steele and Mr. Hansmeier were the attorneys who informed me that they communicated with Prenda's clients, oversaw the litigations on behalf of those clients, and provided me with instructions and guidelines, which I was informed, originated from the clients. I reported to Mr. Steele and Mr. Hansmeier." Declaration of Brett L. Gibbs, *Ingenuity 13*, ECF No. 58 ¶ 5 (C.D. Cal. filed Mar. 1, 2013) (Exhibit C hereto).[4]

A damning order in *Ingenuity 13* found that the Prenda attorneys jointly own and control Prenda, and sanctioned them for perpetrating a fraud on the court in connection with their nationwide strategy of vexatious litigation. Order Issuing Sanctions, *Ingenuity 13*, ECF No. 130

---

[4] Attorney Gibbs had served as counsel of record for the nominal plaintiff in *Ingenuity 13*, among other Prenda actions, and filed the declaration shortly after terminating his of counsel relationship with Prenda. *See id.* ¶ 1.

(C.D. Cal. entered May 6, 2013) ("*Ingenuity 13* Order") (Exhibit D hereto). Its findings of fact about the Prenda attorneys (referred to therein as "Principals"[5]) include:

> 3. The Principals started their copyright-enforcement crusade in about 2010, through *Prenda Law, which was ... owned and controlled by the Principals*. Their litigation strategy consisted of monitoring BitTorrent download activity of their copyrighted pornographic movies, recording IP addresses of the computers downloading the movies, filing suit in federal court to subpoena Internet Service Providers ("ISPs") for the identity of the subscribers to these IP addresses, and sending cease-and-desist letters to the subscribers, offering to settle each copyright-infringement claim for about $4,000.
>
> 4. This nationwide strategy was highly successful because of statutory-copyright damages, the pornographic subject matter, and the high cost of litigation. Most defendants settled with the Principals, resulting in proceeds of millions of dollars due to the numerosity of defendants. ...
>
> 5. *For defendants that refused to settle, the Principals engaged in vexatious litigation designed to coerce settlement*. These lawsuits were filed using boilerplate complaints based on a modicum of evidence, calculated to maximize settlement profits by minimizing costs and effort.
>
> 6. *The Principals have shown little desire to proceed in these lawsuits when faced with a determined defendant. Instead of litigating, they dismiss the case*. When pressed for discovery, the Principals offer only disinformation—even to the Court. ...
>
> 8. The Principals maintained full control over the entire copyright-litigation operation. The Principals dictated the strategy to employ in each case, ordered their hired lawyers and witnesses to provide disinformation about the cases and the nature of their operation, and possessed all financial interests in the outcome of each case. ...
>
> 11. Plaintiffs[6] have demonstrated their willingness to deceive not just this Court, but other courts where they have appeared. Plaintiffs' representations about their operations, relationships, and financial interests have varied from feigned ignorance to misstatements to outright lies. But this deception was calculated so

---

[5] "Steele, Hansmeier, and Duffy ('Principals') are attorneys with shattered law practices." *Ingenuity 13* Order at p. 3.

[6] The *Ingenuity 13* court used the term "Plaintiffs" to cover not just the nominal plaintiffs but also "related entities, individuals, and attorneys that collaborated in the underlying scheme..." *Ingenuity 13* Order p. 1 n.1. The court found that the Prenda attorneys "are the de facto owners and officers" of the shell-company plaintiffs and that they formed those companies "for the sole purpose of litigating copyright-infringement lawsuits." *Id.* p. 4.

> that the Court would grant Plaintiffs' early-discovery requests, thereby allowing Plaintiffs to identify defendants and exact settlement proceeds from them. With these granted requests, Plaintiffs borrow the authority of the Court to pressure settlement.

*Ingenuity 13* Order pp. 4-5 (emphases added). The court also adopted as its finding a chart of Plaintiff's relationships, which showed that Prenda included Steele and Duffy in 2012. *Id.* p. 9.

Despite their affiliation with Prenda, the Prenda attorneys wear many hats. During the pendency of this action each of them also identified himself with other firm names, in this Court or elsewhere. Though Hansmeier and Steele both filed documents in this action naming Prenda as their firm, the docket identifies Hansmeier as part of Alpha Law Firm in Minneapolis, and lists Steele's law firm as Steele Hansmeier PLLC (Prenda's predecessor, which Steele founded with Hansmeier) in the same Chicago building and phone number Steele gave for Prenda on his Entry of Appearance, ECF No. 20. Meanwhile Duffy has elsewhere identified himself with Anti-Piracy Law Group. *See, e.g.*, Notice of Change in Attorney Contact Information, *AF Holdings LLC v. Chris Rogers*, Case No. 3:12-cv-01519-BTM-BLM (E.D. Cal. Feb. 5, 2013) (Exhibit E hereto).

This multiplicity leads to duplicity, as when Prenda's agent directly misrepresented Steele's role in this case to Smith.[7] On August 20, 2012, Prenda's process server handed Smith a complaint, a summons, and Steele's name and phone number on a business card. Smith Motion pp. 2 & 8; *see also* ECF No. 61-1 pp. 2-3 (business card). The process server told Smith that "Steele was a big deal attorney from Washington, D.C. who had no interest in the case but wanted to help me negotiate a settlement, and that [Smith] should call him." ECF No. 61-1 ¶ 7. But at a hearing that very afternoon, Steele had led oral arguments for LMC. ECF Nos. 23 & 29.

---

[7] "[I]t is clear that the Principals' enterprise relies on deception. ... The Principals' web of disinformation is so vast that the Principals [themselves] cannot keep track—their explanations of their operations, relationships, and financial interests constantly vary." *Ingenuity 13* Order p. 8.

The Defendants jointly moved to stay discovery pending a ruling on their motions to dismiss. ECF No. 47. In LMC's response in opposition, the only substantive motion Hansmeier filed, his signature block identified him as "Of Counsel to Prenda Law, Inc." ECF No. 50 p. 9. Hansmeier specifically argued that LMC's complaint "is by no stretch of the imagination frivolous." *Id.* p. 5. Defendants' joint reply noted that many if not all of LMC's claims appeared patently frivolous. ECF No. 52 p. 1. Defendants further argued that LMC's suit was pretextual:

> [B]efore Smith is put to the additional burden of producing evidence, Lightspeed has to show that there is some ground for suspecting that Smith has indeed violated Lightspeed's rights. Here discovery would not be sought to gather evidence that will help Lightspeed to prevail on the merits of its case but to coerce Smith and the defendant ISPs' customers to settle regardless of the merits.

*Id.* p. 3. The Court granted Defendants' joint motion to stay discovery. ECF No. 53. One week later Hansmeier, having identified himself as of counsel to Prenda, moved to withdraw as counsel for LMC. ECF No. 55. Steele, having entered his appearance on behalf of Prenda, moved to withdraw as counsel for LMC. ECF No. 57. Both attorneys stated that LMC would not be prejudiced by their withdrawal as Duffy continued to act as its lead counsel. ECF Nos. 55 & 57. Once the Court had granted their withdrawal motions, Duffy noticed the voluntary dismissal of all of LMC's claims, again signing on behalf of Prenda. ECF No. 59.

On October 30, 2013, the Court entered its Order granting the Smith Motion, which it characterized as a "motion for attorney's fees because Plaintiff raised baseless claims despite knowledge those claims were frivolous and pressed for a meritless 'emergency' discovery hearing." ECF No. 65. The Court agreed with Smith, stating: "The litigation smacked of bullying pretense." *Id*. On October 31, 2013, Hansmeier moved to vacate or reconsider the Order; Steele did the same on November 4, 2013. ECF Nos. 66 & 68. The Court scheduled a November 13,

2013 hearing on Steele and Hansmeier's motions. ECF No. 72. On November 6, 2013, Hansmeier moved to continue the hearing; the Court denied his motion the next day. ECF Nos. 73 & 76. On November 7, 2013 Duffy moved to vacate or reconsider the Order. ECF No. 74.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure do not specifically address motions to 'reconsider.' The Seventh Circuit Court of Appeals has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to FRCP 59(e) or 60(b)." *Gay v. Chandra*, Civ. No. 10-336-GPM-DGW, 2013 U.S. Dist. LEXIS 34170, *2 (S.D. Ill. Mar. 12, 2013) (citations omitted). "Where a substantive motion for reconsideration is filed within twenty-eight days of entry of the order, the Court usually construes these as a motion filed under FRCP 59(e)." *Id.* at *3. "Altering or amending a judgment under Rule 59(e) is permissible where there is newly discovered evidence or where there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citation omitted). "Rule 59(e) ... requires that the movant 'clearly establish' one of the aforementioned grounds for relief." *Id.* (quoting *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the motion." *Id.* at 1270. "Motions to alter or amend judgments are no place to start giving evidence that could have been presented earlier." *Dal Pozzo v. Basic Machinery Co.*, 463 F.3d 609, 615 (7th Cir. 2006).

## ARGUMENT

**I.   Steele and Hansmeier Were Given Due Notice and an Opportunity to Respond to the Smith Motion When It Was Filed and Served.**

Attorneys are entitled to due process before sanctions are imposed on them, specifically notice and an opportunity to be heard. *Johnson v. Cherry*, 422 F.3d 540, 549 (7th Cir. 2006) ("The imposition of sanctions requires that the party to be sanctioned receive notice of the possible sanction and the opportunity to be heard.") (quoting *Larsen v. City of Beloit*, 130 F.3d 1278, 1286 (7th Cir. 1997)). "The precise procedural protections of due process vary, depending upon the circumstances, because due process is a flexible concept unrestricted by any bright-line rules." *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006). Notice can be sufficient even if the defendant "never filed a motion for fees under § 1927" when plaintiff's counsel knew "that his conduct could lead to sanctions." *Id.* "Notice of the possibility of sanctions may be either actual or constructive." *Schutts v. Bently Nev. Corp.*, 966 F. Supp. 1549, 1562 (D. Nev. 1997) (imposing responsibility for defendants' litigation expenses on plaintiff and on attorney under Section 1927) (citing *FTC v. Alaska Land Leasing, Inc.*, 799 F.2d 507, 510 (9th Cir. 1986)). Steele and Hansmeier argue that they have not received due process. ECF No. 67 p. 3; ECF No. 69 pp. 3-5. As shown below, whether through actual or constructive notice, they have.[8]

**A.   Service of the Smith Motion to Hoerner and Duffy Constituted Service to Steele and Hansmeier.**

Steele and Hansmeier argue that the Court may not sanction them *sua sponte*. ECF No. 67 p. 3; ECF No. 69 p. 3. The Court did not act *sua sponte* but upon motion. *See generally Dal Pozzo v. Basic Machinery Co.*, 463 F.3d 609, 613 (7th Cir. 2006) (affirming, under Section 1927,

---

[8] As Steele was memorably told at an *Ingenuity 13* hearing in July, on his motion seeking reconsideration of the order imposing sanctions against him in that case, "you are getting all the due process you can stand." Hearing Transcript, *Ingenuity 13,* ECF No. 232 p. 18 (C.D. Cal. filed Aug. 1, 2013) (Exhibit F hereto).

8

sanctions imposed on motion, not *sua sponte*). They further argue that "service did not occur." ECF No. 67 p. 3; ECF No. 69 p. 3. But Steele and Hansmeier were given ample, timely notice of the Smith Motion when it was filed and served on Hoerner, LMC's local counsel. Service on Hoerner constitutes service to all counsel of record for LMC, pursuant to the Local Rules:

> In all cases filed in, removed to, or transferred to this Court, all parties ... must be represented by a member of the bar of this Court. *Service upon such attorney shall constitute service upon all other counsel appearing of record for the party*.

SDIL-LR 83.1(e) (emphasis added). The Prenda attorneys all appeared as counsel of record for LMC, so under Local Rule 83.1(e), service of the Smith Motion upon Duffy and Hoerner was also effective service on Steele and Hansmeier. *See Blackwell v. Cook*, 570 F. Supp. 474, 477 n.2 (N.D. Ind. 1983) (where service was made on local counsel, claim by plaintiff's Chicago counsel that he was never served "is meritless and does not excuse the dilatory conduct exhibited by said counsel" in light of analogous Local Rule).

**B.      Service of the Smith Motion to Duffy Imputes Notice to Steele and Hansmeier.**

A lawyer's actual knowledge is imputed to each of the firm's other lawyers. *Bank of Am. v. First Mut. Bancorp of Ill., Inc.*, No. 09 C 5108, 2010 U.S. Dist. LEXIS 65557, *25 (N.D. Ill. July 1, 2010) ("an attorney's knowledge is imputed to his entire firm"); *Van Jackson v. Check 'N Go of Illinois, Inc.,* 114 F. Supp. 2d 731, 733 (N.D. Ill. 2000) ("the knowledge possessed by one attorney in a firm is presumed to be shared with the other attorneys at that firm"). The Seventh Circuit "imputes knowledge of one member of the firm to all members. It is common knowledge that members of a law firm discuss cases among themselves." *Gen. Elec. Co. Industra Prods., Inc.*, 683 F. Supp. 1254, 1260 (N.D. Ind. 1988). "One of the purposes of law firms is to facilitate the communication between the courts and the parties who are represented. Any risk of a

breakdown in internal communication must fall on the parties concerned and not on the courts or on innocent parties..." *In re Owens Corning*, 305 B.R. 175, 216 (Bankr. D. Del. 2004) (rejecting argument "that notice to one lawyer in a firm cannot constitute notice to another in the same firm").[9]

Service of the sanctions motion on Duffy gave full notice to the other Prenda attorneys. "[N]otice ... to counsel of record for the plaintiff and to a member of plaintiff's law firm is notice to the entire law firm." *Waller v. Kotzen*, 567 F. Supp. 424, 427 (E.D. Pa. 1983). LMC has been represented by Prenda in this action at all times since at least March 20, 2012, before removal and before LMC named Smith a defendant. *See, e.g.,* ECF No. 2-9 pp. 38-40 (state court filing, signed by Duffy for LMC as "[o]ne of its attorneys," listing Prenda in his signature block). Steele and Hansmeier identified themselves as Prenda attorneys in court filings, and sought to employ Duffy as their agent in this Court, giving him their signed documents seeking admission to appear, so that he could file on their behalf. *See* ECF Nos. 11 & 15. They cannot be heard now to deny their roles in Prenda, or Duffy's role as their agent. Their motions do nothing to rebut the "presumption that actual knowledge of one or more lawyers in a firm is imputed to each member of that firm." *Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311, 1321 (7th Cir. 1978). Instead, Steele and Hansmeier make the dubious claim that Duffy neglected to inform them about the Smith Motion for more than six months after it was filed, though he filed a timely opposition to it in April, and though he notified them of the Order so promptly that they filed

---

[9] *See also In re ProEducation Int'l, Inc.*, 587 F.3d 296, 300 n.3 (5th Cir. 2009) ("an attorney's knowledge is imputed by law to every other attorney in the firm"); *Edwards v. Gould Paper Corp. Long Term Disability Plan,* 352 F. Supp. 2d 376, 381 (E.D.N.Y. 2005) ("It is well settled that the knowledge of a single attorney within a firm is to be imputed to the entire firm."); *McKethan v. Texas Farm Bureau*, 996 F.2d 734, 740 n. 14 (5th Cir. 1993) (actual knowledge by associate "obviously" imputed to another lawyer in associate's firm); *Buder v. Denver Nat'l Bank*, 151 F.2d 520, 526 (8th Cir. 1945) ("Knowledge of one partner in relation to the business of a firm is imputed to the other partner regardless of the nature of the partnership.")

motions to reconsider within days. Even if Duffy did fail to provide these lawyers in his firm actual notice, their imputed notice is sufficient. *See Anthony v. Small Tube Mfg. Corp.*, 448 Fed. App'x 704, 709 (3d Cir. 2012) (affirming denial of reconsideration of order awarding costs to defendant where plaintiff's attorney claimed not to have received service, in part because "two other attorneys employed at the same firm also were electronically served with the Order").

**C.    Service of the Smith Motion to Duffy Operates as Notice to Steele and Hansmeier.**

Moreover, notice to Prenda suffices as notice to the Prenda attorneys where they are functionally interchangeable. They use Prenda as little more than an alias or alter ego, a sword for extracting settlement payments and a shield against counterclaims and sanctions. As found in *Ingenuity 13*, Prenda is "owned and controlled by the Principals," i.e., Steele, Hansmeier and Duffy. *Ingenuity 13* Order p. 4. Steele and Hansmeier cannot pretend that service on Prenda did not reach them by claiming to be merely "of counsel" to Prenda, when they have been found to share in the ownership and control of Prenda's operations. Their hands-on role guiding Prenda's litigation, including this action, makes the specific dates on which they formally appeared or withdrew irrelevant. As their former underling informed the *Ingenuity 13* court earlier this year, "Mr. Steele and Mr. Hansmeier were the attorneys who informed me that they communicated with Prenda's clients, oversaw the litigations on behalf of those clients, and provided me with instructions and guidelines ..." Ex. C ¶ 5. Service of the Smith Motion to Prenda's attorney Duffy was sufficient to constitute notice to Prenda's overseers Steele and Hansmeier.

**D.    Because Steele and Hansmeier Were Effectively Served the Smith Motion, They Had an Opportunity to Respond, Which They Waived.**

Smith had no duty to separately serve Steele and Hansmeier. Unlike Rule 11, "Section 1927 does not require a warning shot across the nonmovant's bow." *Philos Techs., Inc. v. Philos*

11

*& D., Inc.*, No. 08 C 7240, 2013 U.S. Dist. LEXIS 66048, *17 n. 4 (N.D. Ill. May 8, 2013). Whether service is established as a matter of law pursuant to the Local Rule or imputed through their association with Prenda, they were effectively served.

Service upon Prenda also gave Steele and Hansmeier an opportunity to be heard. Duffy filed a timely opposition to the Smith Motion on behalf of their firm. *See* ECF No. 63 p. 8 (naming Prenda in signature block). Steele and Hansmeier had until April 22, 2013 to file separate responses if desired, pursuant to SDIL-LR 7.1(g) & 5.1(c), and they have stated no valid reason why they did not. "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-28). Likewise, the Seventh Circuit has "never held that an attorney's gross negligence justifies relief under Rule 60(b)." *Nelson v. City Colleges of Chicago*, 962 F.2d 754, 755 (7th Cir. 1992). If Duffy in fact neglected to timely forward the Smith Motion to Steele and Hansmeier, their proper recourse would lie in a claim against him for breach of fiduciary duty or for contribution, not motions further postponing Smith's recompense of frivolous expenses they imposed on him more than a year ago. Whether their notice of the Smith Motion was actual or constructive, any blame for their delayed response falls among the Prenda attorneys themselves.[10] It is appropriate to deny their motions as untimely and consider the merits of the Smith Motion admitted by Steele

---

[10] The Fifth Circuit has affirmed a Section 1927 attorney's fees award, even if the sanctioned attorney did not receive notice of the contempt hearing, when the lack of notice "was his own fault." *Neely v. Regions Bank Inc.*, 262 Fed. App'x 630, 634 (5th Cir. 2008). Similarly, a motion for reconsideration filed by Steele in Ingenuity 13 was denied where "any failure by [defense counsel] to serve papers on Steele was caused by Steele's own incompetence." Order Denying Motion for Reconsideration, Ingenuity 13, ECF No. 224 p. 3 (C.D. Cal. filed July 18, 2013).

and Hansmeier. "Failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1(g).

## II. Steele and Hansmeier Have Actual Notice of the Smith Motion and an Opportunity to Be Heard through their Motions for Reconsideration and the Hearing Thereon.

While service was effectively achieved six months ago, any perceived defect has now been cured. Steele and Hansmeier have had actual notice of the Smith Motion and the Order; their motions expressly respond to the Order and even quote from the Smith Motion. They have also been given an opportunity to be heard through their motions for reconsideration. The Seventh Circuit has affirmed the imposition of attorney's fee awards against counsel even without a hearing, where "a hearing would have served no useful purpose," finding that "counsel had adequate opportunity to contest [sanctions] in its motion for reconsideration" and on appeal. *Rodgers v. Lincoln Towing Serv., Inc*. 771 F.2d 194, 205-06 (7th Cir. 1985). When an attorney faces sanctions, due process concerns are satisfied by notice and an opportunity to be heard; a hearing is not required. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980). Yet the Prenda attorneys are being afforded a full hearing on their motions. ECF Nos. 70, 76 & 77. They will have "all the due process they can stand." *See* Ex. F p. 18.

## III. Steele, Hansmeier and Duffy Are Each Liable Under 18 U.S.C. § 1927.

The Prenda attorneys each contend that (1) there is no evidence in the record that their actions multiplied the proceedings, (2) there is no allegation or record that their acts were unreasonable or vexatious, and (3) the costs they imposed were not excess costs under Section 1927. *See* ECF No. 67 pp. 4-8; ECF No. 69 pp. 5-8; ECF No. 75 pp. 3-9. They each apply the same faulty legal standards to reach this wrong conclusion.

A.	The Prenda Attorneys Multiplied the Proceedings and Ratified Its Vexatious Course.

The Prenda attorneys had multiplied the proceedings even before Smith was served by doubling down on their pursuit of unfounded claims for an improper purpose. They must bear all costs subsequently imposed on him over the course of the litigation, because all his costs arose from the same wrongful acts. "The purpose of § 1927 'is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them." *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) (quoting *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989)).

The Smith Motion explains in great detail the basis for an award of attorney's fees: the vexatious conduct of this frivolous, apparently pretextual litigation. "Plaintiff's counsel had no valid claims to stand behind, and actually prosecuted nothing beyond its failed attempt to resuscitate the discovery denied by the Illinois Supreme Court. Its decision to hale Smith into the action as a pretext for pursuing non-parties warrants sanctions." Smith Motion p. 14. The Prenda attorneys used Smith as a scapegoat for their unfounded claims in order to bolster their pursuit of discovery previously denied by the Illinois Supreme Court. They then "pressed for a meritless 'emergency' discovery hearing" eleven days after removal. Order p. 1. They were again denied discovery at that hearing, but the Prenda attorneys persisted in their objectively unreasonable and vexatious course. They served Smith, requiring him to explain the shoddiness of their claims in his motion to dismiss and otherwise defend himself, keeping the case alive until the Court's stay order denied early discovery a third time. "[A]rguing the same claims after repeated rejections is not creative. It is harassing, frivolous and in bad faith." *In re TCI Ltd.*, 769 F.2d 441, 443-44 (7th Cir. 1985). When the Prenda attorneys found that Smith would not be useful as a means to that

discovery, without awaiting the Court's ruling on his motion to dismiss and their response thereto, Hansmeier and Steele withdrew and Duffy noticed dismissal, demonstrating that they had no genuine, good-faith intent to prosecute their half-baked claims against Smith.

Each of the Prenda attorneys endorsed this vexatious approach both implicitly, by participating in the case, and by their express representations to the Court. Steele ratified it by falsely suggesting that the firm's methods need not, and do not, trouble judges:

> Right now, at the Illinois state level, we have several cases that are large cases going on without even a remotest sort of delay or the judge does not disagree with us in any of our matters. As far as the federal court ... we have well over ... 80 cases right now going on in the Northern District of Illinois, and I don't believe any currently in the Southern District. But all these cases are proceeding fine.

ECF No. 29 p. 8 (hearing transcript).

Duffy ratified the Prenda course of conduct throughout this case by his unflagging support of Prenda's improper aims and, specifically, by his frivolous arguments opposing Smith's motions. *See* Smith Motion p. 9 ("Defendant's arguments in opposing Smith's motion [to dismiss], signed by Duffy, defied common sense."); *id.* p. 12 ("Plaintiff's allegations against Smith were each frivolous taken on their merits, indefensible even on the basis of Plaintiff's arguments in opposition, and were vexatious *in toto*."); ECF No. 64 p. 1 (Duffy's opposition to the Smith Motion "repeatedly sets forth erroneous legal standards, and each page of its argument presents one or more false statements as fact").

Hansmeier also ratified it, when he argued that discovery should not be stayed because the complaint was "by no stretch of the imagination frivolous." ECF No. 50 p. 5. Hansmeier argued against any examination of the merits "on motions to stay discovery, unless the complaint

is patently frivolous." *Id.* pp. 4-5. So when the Court granted the stay, the Prenda attorneys were all put on alert that the complaint itself might be found so frivolous as to warrant sanctions.

That frivolousness was among the grounds asserted in the Smith Motion, and among the grounds on which the motion was granted. *See* Smith Motion pp. 5 ("Every factual allegation and claim Plaintiff's counsel made against Smith was sanctionably frivolous.") & 8 ("Plaintiff brought Smith into this case alleging only frivolous claims against him."); Order p. 1 ("Plaintiff raised baseless claims despite knowledge those claims were frivolous."). Section 1927 sanctions are fully warranted by such frivolousness: "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) (quoting *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989)).

But the Prenda attorneys' role in this case is not limited to their in-court filings and appearances. Together they operate and control Prenda, steering its litigation campaigns. *Ingenuity 13* Order p. 4. Their guiding role in overseeing this trainwreck of a case justifies holding them liable for Smith's excess costs. *See* ECF No. 64 p. 5 ("Plaintiff deserves sanctions for its role in this sham, and appropriately, Section 1927 sanctions would fall on Plaintiff's counsel, Prenda, the sham's architects").

**B.  The Prenda Attorneys' Actions Pertinent to Smith Were All Vexatious.**

Each of the Prenda attorneys argue that none of their own discrete actions was wrongful, if viewed individually and out of context. The notion that the Prenda attorneys never coordinated any of their efforts while working on the same case together is belied by the record, which shows them working hand-in-hand, and by common sense. Duffy also argues that LMC reasonably

believed that its predicament warranted suing to obtain discovery about alleged infringers.[11] ECF No. 75 pp. 5-6. That is not the basis on which Section 1927 sanctions are applied or reviewed. The question is not how many filings they made, how diligently they approached any particular task, or how their client perceived its circumstances. Rather, the question is whether their course was objectively reasonable. *See Tillman v. Newline Cinema*, 374 Fed. App'x 664, 666 (affirming Section 1927 sanctions; "[T]he district court did not award sanctions on the ground that Nix submitted too many filings, proceeded too slowly, or did not honestly believe the conspiracy theory. Rather, the court explained at some length that Nix pursued an 'objectively unreasonable course' by proceeding with this litigation in the face of evidence showing he had no chance to prevail."). By the time Smith was roped into this litigation, its course was already objectively unreasonable, and every action by the Prenda attorneys in support sustained it to his detriment.

C. **Smith's Costs, Expenses and Attorney's Fees Were All "Excess" Under Section 1927, and Should Be Paid by the Prenda Attorneys Jointly and Severally.**

The Prenda attorneys challenge the amount of fees to be charged, without even having seen the itemization of fees, which Smith shall file separately pursuant to the Court's Order. ECF No. 65 p. 2. The Seventh Circuit has approved awards of "the full amount of the defendants' attorney's fees under § 1927." *Claiborne v. Wisdom*, 414 F.3d 715, 721 (7th Cir. 2005) (affirming $107,845.77 award). "[W]hen the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under § 1927 may ... shift the entire financial burden of an action's defense." *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991). The Court may order "sanctions representing [defendant's] costs and fees for defending against

---

[11] Duffy's point that LMC sued "to seek relief from serious hacking threats," ECF No. 75 p. 7, even if true, does not justify the facially insufficient, pretextual complaint against Smith. "When a plaintiff is just suing for money and he has no ground at all for obtaining a money judgment, the fact that his rights may have been violated does not save his suit from being adjudged frivolous." *Eagle Servs. Corp. v. H2O Indus. Servs.*, 532 F. 3d 620, 623 (7th Cir. 2008).

17

this entire litigation." *Walker v. City of Bogalusa*, Civ. A. No. 96-3470 Section "G," 1997 U.S. Dist. LEXIS 18853, *2 (E.D. La. Nov. 25, 1997); *see also id.* at *14 (awarding Section 1927 attorney's fees to defendant where "every aspect of this litigation is patently meritless").

The Prenda attorneys also argue that they may not be held vicariously liable under Section 1927 for acts by other attorneys. See ECF No. 67 pp. 3 & 6-7 (Steele); ECF No. 69 pp. 6-7 (Hansmeier); ECF No. 75 pp. 5 & 7 (Duffy). Smith has no reason to believe any meaningful distinction can be drawn between the Prenda attorneys' vexatious acts, and seeks joint and several liability for their shared course of conduct.

> The [Prenda attorneys] dictated the strategy to employ in each case, [and] ordered their hired lawyers and witnesses to provide disinformation about the cases and the nature of their operation ...
>
> Plaintiffs have demonstrated their willingness to deceive not just this Court, but other courts where they have appeared. Plaintiffs' representations about their operations, relationships, and financial interests have varied from feigned ignorance to misstatements to outright lies.

*Ingenuity 13* Order at p. 5.

The Prenda attorneys should be made jointly and severally liable with each other. Sanctioned attorneys may be required to pay opposing counsel's attorney's fees jointly and severally. *Obert v. Republic Western Ins. Co.*, 264 F. Supp. 2d 106, 111 (D.R.I. 2003) (sanctions under Rule 11 and Section 1927), *modified on other grounds*, 398 F.3d 138 (1st Cir. 2003). Attorneys who participate as counsel of record in litigation together may be held jointly and severally liable for a Section 1927 award even where one attorney plays a more limited role in the proceedings. *Young Apts., Inc. v. Town of Jupiter*, 503 Fed. App'x 711, 727 n. 10 (11th Cir. 2013). There is "no need to determine what portion of" fees are recoverable when defendants alleged that the entire proceedings "involved a claim Plaintiff's Counsel knew was baseless and

without any evidentiary support." *Id.* at 727. The entire case was vexatious, and each of the Prenda attorneys played a role in making it so. Neither Smith nor the Court has enough inside information into Prenda's shadowy inner workings to discern which of them, if any, bears greater responsibility for the case at any given stage; their proper avenue for relief on the issue is through motions for contribution from each other. But Smith must be compensated for their joint excursion down this objectively unreasonable path, and the Prenda attorneys must be deterred from vexatious litigation habit. "Sanctions under § 1927 are meant to compensate the party that has been injured by a lawyer's bad-faith conduct and to compel the lawyer to bear the costs of his own lack of care." *Tillman v. Newline Cinema*, 374 Fed. App'x 664, 666-67 (7th Cir. 2010).

## CONCLUSION

The Court's decision on Smith's motion is committed to its sound discretion. "The review of an order imposing sanctions under section 1927 is a deferential one, subject to the abuse of discretion standard. ... This court need only inquire whether any reasonable person could agree with the district court's sanction award." *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (citing *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988)). The Order was more than reasonable. Smith therefore respectfully urges this Court to deny the motions to vacate or reconsider its Order, or to reaffirm its Order in full. Moreover, Smith requests that the Court find that Steele, Hansmeier and Duffy each "acted recklessly, ... raised baseless claims despite notice of the frivolous nature of these claims, [and/or] ... otherwise showed indifference to statutes, rules, or court orders." *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992). Finally, Smith requests that this court enter an order that Steele, Hansmeier and Duffy are each jointly and severally liable for Smith's reasonable costs, expenses, and attorney's fees.

Dated: November 12, 2013[12]

Respectfully,

/s/ Dan Booth
Dan Booth (admitted *pro hac vice*)
Email: dbooth@boothsweet.com

/s/ Jason Sweet
Jason E. Sweet (admitted *pro hac vice*)
Email: jsweet@boothsweet.com

BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883

*Counsel for Defendant Anthony Smith*

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(b)**

I hereby certify that on this 12th day of November, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record and provide service upon each.

　　　　　/s/ Dan Booth
　　　　　Dan Booth

---

[12] Smith's Opposition was originally filed on November 8, 2013, but was refiled on November 12 pursuant to the Court's Notice (ECF No. 89).