1          UNITED STATES DISTRICT COURT

2     CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

3          HONORABLE OTIS D. WRIGHT

4     UNITED STATES DISTRICT JUDGE PRESIDING

5               – – –

6

Ingenuity 13 LLC,                    )
7                    PLAINTIFF,      )
                                      )
8     VS.                             )   NO. CV 12–8333 ODW
                                      )
9     John Doe, et al.,               )
                     DEFENDANT,       )
10    _____)

11

12

13        REPORTER'S TRANSCRIPT OF PROCEEDINGS

14          LOS ANGELES, CALIFORNIA

15          FRIDAY, JULY 12, 2013

16

17

18    _____

19        KATIE E. THIBODEAUX, CSR 9858
          U.S. Official Court Reporter
20        312 North Spring Street, #436
          Los Angeles, California 90012
21

22

23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    APPEARANCES OF COUNSEL:

2

3    FOR MOVANT:

4         JOHN L. STEELE
          IN PRO SE
5         111 Lincoln Road
          Suite 400
6         Miami Beach, FL  33139

7

8    FOR DEFENDANT:

9         THE PIETZ LAW FIRM
          BY:  MORGAN E. PIETZ
10        3770 Highland Avenue
          Suite 206
11        Manhattan Beach, CA  90266

12        -and-

13        HELLER AND EDWARDS
          BY:  LAWRENCE HELLER
14        9454 Wilshire Boulevard
          Los Angeles, CA  90212

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1              LOS ANGELES, CALIFORNIA; FRIDAY, JULY 12, 2013

 2                          1:38 P.M.

 3                          -  -  -  -

 4

 5

 6              THE CLERK:  Calling Item 1, CV 12-8333, Ingenuity

 7   13 LLC versus John Doe.

 8                  Counsel and parties, may I have your

 9   appearances, please.

10              MR. PIETZ:  Good morning, your Honor.  Morgan

11   Pietz appearing for the putative John Doe defendants.

12              MR. HELLER:  Morning, your Honor.  Lawrence Heller

13   for Mr. Pietz and for Nicholas Ranallo.

14              MR. STEELE:  Morning, your Honor.  John Steele

15   here appearing pro se.

16              THE COURT:  Good morning.

17              MR. STEELE:  Good morning.

18              THE COURT:  All right.  Mr. Steele, we are here on

19   your motion for reconsideration.  Before I get started, I

20   just want to note for the record I continue to get

21   filings.  Paul Hansmeier -- is this today?  Something

22   called administrative motion for request to appear by

23   telephone and appear for what, I am not sure.  He hasn't

24   filed a motion nor has he joined the motion.  And then I

25   got this from you, Mr. Steele, exhibits to bar complaints
```

 1    against Brent Gibbs.

 2              Why do we have that here?

 3         MR. STEELE:  Well, your Honor -- well, your Honor,

 4    for one, obviously, I am aware of the various pleadings

 5    that have been filed since March in this case.

 6         THE COURT:  You are aware.  Because that is going

 7    to be the topic of further discussion.

 8         MR. STEELE:  Sure.  I would say that as I sit here

 9    today, I am aware of everything that has been filed in

10    this case.  May not have been aware of them earlier when

11    I should have been, but I am certainly aware of them now.

12    It is obvious to me having a personal knowledge of a lot

13    of these facts that Brett Gibbs has committed perjury or

14    a scale that I have never even seen before.

15         THE COURT:  Wait.  No.  You have filed something

16    with the California State Bar.

17         MR. STEELE:  Yes, your Honor.

18         THE COURT:  And you realize that we are not the

19    California State Bar.

20         MR. STEELE:  Yes, your Honor.

21         THE COURT:  My question is why you have filed

22    these exhibits with the United States District Court.

23         MR. STEELE:  Because it goes to the questions that

24    are raised.  It goes to --

25         THE COURT:  Which questions?  Are raised where?

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

 1          MR. STEELE:  Well, first of all, it goes to my

 2    motion for reconsideration.  It goes to the allegations

 3    raised by Mr. Pietz and his co-counsel and the response.

 4          THE COURT:  Wait a minute.  Tell me how anything

 5    having to do with Brett Gibbs goes to your motion for

 6    reconsideration.

 7          MR. STEELE:  Because Mr. Gibbs is working with

 8    Mr. Ranallo and Mr. Pietz to file their documents and to

 9    conduct this course so I do believe it is related.

10          THE COURT:  Okay.  As best I am able to ascertain,

11    this is all about you not getting service on certain

12    pleadings; right?

13          MR. STEELE:  Yes, your Honor.

14          THE COURT:  What does Mr. Gibbs and his state bar

15    complaint have to do with that?

16          MR. STEELE:  I am not saying that this is -- that

17    is not my response to anything filed by Mr. Pietz or

18    Ranallo in this hearing today.

19          THE COURT:  Then why do I care?  You just thought

20    I needed more paper?

21          MR. STEELE:  Well, your Honor, I am assuming you

22    want to get this right.

23          THE COURT:  Which right?  When you say this?

24          MR. STEELE:  This hearing.

25          THE COURT:  This hearing for reconsideration?

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1        MR. STEELE:  I want to assume you want to get at

2    least not only this proceeding but everything before your

3    Honor, and I would assume that you want to do this with

4    the proper information.  And basically this is --

5        THE COURT:  If you thought this was important and

6    in order to achieve a just result, why did you just lay

7    on me that much paper if you wanted it to be considered?

8        MR. STEELE:  Well, your Honor, I am not asking you

9    to consider it for today's hearing.  What I am asking you

10   to consider it for, first of all, my complaint itself is

11   only a few pages I believe.  I don't know the exact

12   number, but I believe four or five pages.  There is

13   exhibits that because I believe that when I make

14   allegations about somebody or something I need to attach

15   some kind of evidence or documentary proof.

16            But I am certainly not trying to say that

17   Mr. Gibbs' actions in the past has anything do with the

18   fact that I did not receive proper notice from Mr. Pietz

19   or Mr. Ranallo or Mr. Gibbs.

20       THE COURT:  So it has got nothing to do with this

21   hearing.

22       MR. STEELE:  Well, no.  Mr. Gibbs also didn't --

23       THE COURT:  It doesn't have anything to do with

24   this hearing.

25       MR. STEELE:  It does because part of the bar

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    complaint talks about the fact that Mr. Gibbs also failed

2    to serve me, and he is working with Mr. Ranallo -- I'm

3    sorry -- Mr. Pietz filing joint documents without serving

4    me.  So not only did Mr. Pietz or Mr. Ranallo not serve

5    me, but Mr. Gibbs has not served me in accordance with

6    the local rule and in accordance with the Federal Civil

7    Procedure No. 5.  So it is very relevant the fact that

8    Mr. Gibbs has literally done the same exact bad acts, the

9    same fraud on this court that Mr. Ranallo and Mr. Pietz

10   has done.

11           THE COURT:  All right.  Listen, I have got the

12   docket here.  It has been a long time since Mr. Gibbs has

13   filed anything.  He has been relieved as counsel of

14   record.  To my knowledge, since then, he has filed

15   nothing.  So I am not sure where you are getting your

16   information, and I am certainly not going to act on that

17   kind of supposition.

18               But let's put that aside for a second.  On the

19   monitor, you will see your request for substitution of

20   attorney.

21           MR. STEELE:  I believe that was prepared by my

22   attorney at the time from what I can see.

23           THE COURT:  Okay.  You anticipate my question.

24   Did you see it?

25           MR. STEELE:  I don't -- could I see the actual

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1      document?

2              THE COURT:  Right.

3              MR. STEELE:  I would have to --

4              THE COURT:  You don't know whether or not you ever

5      saw the request for substitution?

6              MR. STEELE:  I am sure I did at some point.  I

7      mean, my past attorney was very diligent and when he

8      represented me getting me documents and so on.

9              THE COURT:  Is that address for you correct?

10             MR. STEELE:  No.

11             THE COURT:  So you saw this document, and you

12     didn't notice it twice on that document your address is

13     incorrect?

14             MR. STEELE:  Your Honor, like I said, I obviously

15     didn't sign that document.  I am not sure what it -- I

16     think we can save a little bit of time by saying that I

17     agree wholeheartedly on the record that I have received

18     every court-issued document that has been sent to that

19     address.  There is no 111 whatever.  So I get documents

20     all the time from the court mailed to me.

21             THE COURT:  Tell me what is going on with your

22     e-mail address now.

23             MR. STEELE:  Are you referring to

24     johnlsteele@gmail.com?

25             THE COURT:  Yes.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1          MR. STEELE:  Well, as you might imagine, there has
 2   been a lot of spam and hacking and different attempts to
 3   mess up not only my e-mail but various websites and
 4   certainly everybody associated with Prenda Law has at
 5   some point or another dealt with this.  The e-mail bombs
 6   and the various things that are going on, I literally
 7   couldn't even open up my e-mail sometimes.  It has been
 8   basically impossible.
 9          So for some period of time, I don't know how
10   many weeks or whatever, a short period of time, maybe
11   three weeks, I had an auto responder saying this is my
12   new e-mail, this is my new work e-mail whatever.  And,
13   then, finally, sometime in June, I cancelled the account.
14   I have had it since probably over 10 years.  So that is
15   pretty much why I shut it down.
16          THE COURT:  All right.  And have you replaced it?
17          MR. STEELE:  I have an old -- I have an old e-mail
18   that I use sometimes as needed.
19          THE COURT:  Do you plan on letting the court in on
20   that?
21          MR. STEELE:  If your Honor would like to have --
22          THE COURT:  No.  The local rules require it.  And
23   by Local Rule 11-3.8A, your e-mail address is to appear
24   on your pleadings.
25          MR. STEELE:  Well, I can certainly obviously
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    update the court and put that on my pleadings.

2         THE COURT:  Would you?

3         MR. STEELE:  Sure.

4         THE COURT:  I think that would probably remedy an

5    awful lot of what we are dealing with.

6         MR. STEELE:  Well, your Honor, I would

7    respectfully disagree because I don't believe my having

8    an e-mail address somehow obviates the plain reading of

9    the rules that I need to be served.  I am pro se.  I

10   don't have an ECF account.  I deserve to be served with

11   papers just like everyone else is, and there is no

12   getting around that.

13          Obviously, there can be, oh, did your e-mail

14   change and why don't you have it updated, but the fact of

15   the matter is long before 1965 when they started doing

16   e-mail, the very first e-mail, people still had to have

17   service.  So I don't think whether or not I receive

18   service is dependent upon whether or not I have an e-mail

19   account.

20        THE COURT:  All right.  Tell you what you do.

21   Don't worry about our rules.  You just do whatever you

22   want.  All right.  And then when you don't get served,

23   then why don't you fly out here and complain about it.

24        MR. STEELE:  Well, no, your Honor.

25        THE COURT:  No.  Hang on a second.  First of all,

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

 1    back in June when the first time you raised this issue

 2    that you had not been served with papers, you listed 21

 3    documents that you had not been served with.  And you

 4    prefaced this with the statement, a cursory review of the

 5    papers they -- that is Pietz and Ranallo -- submitted

 6    show that they did not serve their papers on pro se

 7    persons.  And then you list 21 documents.

 8         MR. STEELE:  Is this on my original?

 9         THE COURT:  It is.  Page 2.

10         MR. STEELE:  Okay.

11         THE COURT:  Okay.  We begin with ECF Docket No.

12    69.  And I think that is what caught my attention when I

13    first read this.  Now, when we go back that early in

14    time, they were not pro se; correct?

15         MR. STEELE:  I wouldn't know because I don't have

16    the document in front of me.

17         THE COURT:  All right.  Then I will help you

18    because I do.  Docket 69, dated March 6th.  All right.

19    Now, people didn't start going pro se for another couple

20    of months; right?

21         MR. STEELE:  No.  That is not true at all.  There

22    has been people that have been pro se since the beginning

23    of this thing started, Peter Hansmeier, I think Livewire

24    Holdings.

25         THE COURT:  Let's start with you.  You are the

 1     complaining party.  It is your motion.

 2          MR. STEELE:  Right, but I am referring to the

 3     fact --

 4          THE COURT:  Hang on a second.  We are not going to

 5     argue anybody else's motion but yours.

 6          MR. STEELE:  I am not.

 7          THE COURT:  This is your pleading.  You went pro

 8     se when?

 9          MR. STEELE:  I believe it was late May.

10          THE COURT:  May 17.  It is on your screen.

11     May 17.

12          MR. STEELE:  I don't dispute that.

13          THE COURT:  All right.  That is Docket No. 146.

14     So anything that predates Docket 146 was not when you

15     were pro se?

16          MR. STEELE:  Correct.

17          THE COURT:  Well, why did you list all but six of

18     these?

19          MR. STEELE:  Because as I was trying to state,

20     this is the entire pattern.  What I am claiming here is

21     not that Mr. Pietz accidentally forgot to serve me on a

22     couple of things.  I am saying this is a pattern, a fraud

23     in which he didn't serve anybody at any time.

24          THE COURT:  When you had a lawyer, how were you

25     served?

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1         MR. STEELE:  My lawyer was served.

2         THE COURT:  How?

3         MR. STEELE:  I am assuming through ECF.

4         THE COURT:  That's right.  That's right.

5         MR. STEELE:  But none of the pro se people at that

6  time were being served.

7         THE COURT:  That's right.  So when you get rid of

8  your lawyer, you need to update your contact information

9  so that the court and the parties can contact you.  All

10  right?

11         MR. STEELE:  My contact information is -- I have

12  been receiving every document issued by this court to

13  that address up until literally, I have received a couple

14  the other day.  So I received everything from this court

15  and everything that people send me including --

16         THE COURT:  You accept what comes from the court

17  to that bad address, but you don't accept what comes

18  from --

19         MR. STEELE:  I have with me the actual pleadings

20  that Mr. Ranallo finally decided to grace me with, and it

21  is post dated July 2nd and sent to the Lincoln Road

22  address.  I have it.  Great.  But the problem is that

23  July 2nd doesn't really give me a good chance to fight

24  the pleadings that were filed resulting in the order.

25         THE COURT:  We are going to talk about those.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

 1    Okay.  Because like I said, I have gone through all of

 2    them, and there are only six documents that post date

 3    your substitution of attorney.  And we begin with

 4    Document No. 148, and you object to the fact that you

 5    didn't get Document No. 148.  148 was a response to the

 6    court's request that they provide us with bar information

 7    on all of the attorneys involved in this scheme.

 8            Now, is that something that you wanted to file

 9    some sort of an opposition to?

10        MR. STEELE:  I don't know.

11        THE COURT:  Why don't you tell me this.  In fact,

12    instead of us going through all of this, why don't you

13    tell me which one of these documents and not being served

14    with a copy of that document has prejudiced you somehow

15    because I will tell you now, none of these documents seek

16    affirmative relief against any of the pro se entities or

17    parties.  So how have you been prejudiced?

18        MR. STEELE:  Well, every single document is

19    prejudicing, your Honor, because my Fifth Amendment right

20    to due process doesn't require that I justify why I have

21    my Fifth Amendment right.  I have it.  It is an

22    individual right that I have because I am a citizen, and

23    the very fact that I have not been allowed to have due

24    process, the fact that this court seems to indicate that

25    it doesn't really matter.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1   THE COURT:  What doesn't matter?  I'm sorry.  What

2 doesn't matter?  Your Fifth Amendment?  Last time you

3 were here, you asserted your Fifth Amendment, and I let

4 you head right back to the airport, didn't I?

5   MR. STEELE:  Yes.

6   MR. STEELE:  But that is a different Fifth

7 Amendment right, your Honor.  I am talking about the

8 Fifth Amendment right to due process.

9   THE COURT:  I am asking you, how have you been

10 damaged?

11   MR. STEELE:  Well, simple.  Mr. Pietz filed

12 fraudulent documents claiming that he had incurred

13 certain billing expenses and asked for additional monies,

14 and the reality of it is that I didn't have an

15 opportunity to contest that.  I didn't have an

16 opportunity to point out all the different deficiencies,

17 and to the extent your Honor asked me to brief a matter

18 that is not before the court today, I would ask for time

19 to obviously prepare a comprehensive response.  Quite

20 frankly, the responses to the list of all the things that

21 Mr. Pietz has done improper in this case against me would

22 definitely take more than this hearing.

23   THE COURT:  All right.  I am a little surprised at

24 that request.  This is your motion.  Well, let's back up.

25 Let's talk about why you are entitled to be here at all.

1   Tell me the legal basis that entitles you for

2   reconsideration of the June 21 motion.

3           MR. STEELE:  Well, I am assuming you are referring

4   to my original motion.

5           THE COURT:  Which was ruled on right away.  Why

6   are you entitled to be back here for a second bite?

7           MR. STEELE:  Sure.  Well, it is not a second bite.

8   Well, technically, I guess you could consider it a second

9   bite.

10          THE COURT:  It is a reconsideration.

11          MR. STEELE:  But, as I think all the attorneys in

12  this room know, that if there is new information

13  subsequent to the filing of the original document, then I

14  can certainly -- and it is certainly relevant, then I can

15  certainly ask for a motion to reconsider.

16          THE COURT:  When is it relevant when it is on an

17  undisputed fact?

18          MR. STEELE:  Well, it is undisputed between

19  Mr. Pietz and myself, and if your Honor also agrees that

20  Mr. Pietz has simply not served me with any documents --

21          THE COURT:  I took you at your word.  It was

22  undisputed.  You had not been served with those

23  documents, and I went through them.  I found it

24  completely irrelevant one way or the other.  It was

25  undisputed.  So, now, you have come up with further

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    factual support of this undisputed irrelevant issue.

2              How does that entitle you to reconsideration?

3         MR. STEELE:  Well, your Honor, at the time you

4    stamped declined within minutes of me filing that

5    original document, I certainly had no knowledge that you

6    agreed with my position.  I had no idea about that.  But

7    the important thing to remember is you are asking me to

8    explain why I need to have my rights, why I need to have

9    my Fifth Amendment.  I get them no matter what.  You

10   don't have --

11        THE COURT:  Stop.  I asked you quite clearly.  Why

12   are you entitled to a second hearing on this motion?

13        MR. STEELE:  As I stated, there is additional new

14   evidence showing that Mr. Pietz has engaged in a pattern

15   of conduct, a fraud.  He has admitted that he never

16   served anybody at any time that was pro se.

17        THE COURT:  It is undisputed.  So you find some

18   more evidence on something that is undisputed and

19   irrelevant, how does that entitle you -- give me the

20   legal citation for how that entitles you to

21   reconsideration.

22        MR. STEELE:  You are asking me to find a citation

23   as I am sitting here in court?

24        THE COURT:  You filed a motion.  Now, you devoted

25   an entire 17 lines of text none of which did you spell

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1   out why you are entitled to reconsideration.

2        MR. STEELE:  I believe I did.

3        THE COURT:  But you are getting all the due

4   process you can stand.  All right.  So you are permitted

5   to come out here and argue your position to the court.

6   Now, tell me what entitles you to this opportunity?

7        MR. STEELE:  Well, as I stated, the information

8   from Mr. Pietz's gloating e-mail to me was written after,

9   after the court order came back.

10       THE COURT:  It confirms an undisputed fact.

11       MR. STEELE:  I didn't know it was undisputed.  I

12   didn't know that Mr. Ranallo --

13       THE COURT:  He never disputed it, has he?

14       MR. STEELE:  Well, he didn't dispute it in his

15   e-mail to me but prior to that.

16       THE COURT:  When has he disputed it to this court?

17       MR. STEELE:  He has never --

18       THE COURT:  Thank you.  He has never disputed it.

19       MR. STEELE:  Your Honor, I need to finish my

20   sentence.  If your Honor wants me to come to this court

21   and argue my position --

22       THE COURT:  No.  I want you to just answer my

23   questions.  All right?

24       MR. STEELE:  Okay.

25       THE COURT:  Okay.  As succinctly as you can.  And

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1  I won't detain you.  Okay.  When has he disputed in any

2  filing in this court your assertion that you and the

3  other pro se parties were not served?

4      MR. STEELE:  I don't understand how that is even

5  relevant to this proceeding.  He has --

6      THE COURT:  Tell you what.

7      MR. STEELE:  He is alleging --

8      THE COURT:  No.  No.  You have got to understand

9  the ground rules.  I put a question to you, your response

10  is you don't see how that is relevant, I won't detain

11  you.  You can leave if you can't tell me how this e-mail

12  which addresses an undisputed issue which is also

13  irrelevant, an undisputed issue entitles you to

14  reconsideration of a motion that has already been argued,

15  heard and decided.

16      MR. STEELE:  It wasn't argued.  It wasn't heard.

17  And you decided it minutes after I filed it.

18      THE COURT:  You argued it on paper.

19      MR. STEELE:  Your Honor, Mr. Pietz never agreed or

20  disagreed refused or refuted it, didn't do anything with

21  that until the e-mail.

22      THE COURT:  Is it disputed, "yes" or "no?"

23      MR. STEELE:  As we stand here today, no.

24      THE COURT:  All right.  So you have got

25  information on an undisputed issue.  How does that --

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    show me.  Show me.  Is it Rule 60?  How does that entitle

2    you to reconsideration, a second bite?

3         MR. STEELE:  Because I get entitled to

4    reconsideration under this -- well, first of all, besides

5    the constitution --

6         THE COURT:  Where in the constitution gives you a

7    second bite?

8         MR. STEELE:  When my due process rights are

9    violated.

10        THE COURT:  When you are deprived of life, liberty

11   or property without due process of law.

12        MR. STEELE:  Right.

13        THE COURT:  How is that applied here?  You filed a

14   motion.  The motion was decided.  So you get to come back

15   and do it again?

16        MR. STEELE:  No.  No.

17        THE COURT:  And you get that entitlement from the

18   Fifth Amendment?

19        MR. STEELE:  Yes.

20        THE COURT:  This is absurd.

21        MR. STEELE:  Because the effect of this order that

22   was entered against me ex parte makes me have to pay a

23   lot of money and comply with onerous conditions.  It is

24   simply a burden upon me and a taking of my property

25   without me getting an opportunity to be heard.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    THE COURT:  Stop.  Stop.  Stop.  Number one, that

2    order did not involve any taking of your property.  You

3    had asked for sanctions to be levied by this court

4    against that law firm.  Your request was denied.  How did

5    that deprive you of property?

6        MR. STEELE:  No.  Your Honor, the motion was

7    referring to the ex parte behavior of Morgan Pietz, the

8    fact that I don't get to address that in front of this

9    court.

10       THE COURT:  You addressed it.  You addressed it in

11   your motion papers.  It was decided.

12       MR. STEELE:  If your Honor is on the record as

13   saying he doesn't care that I didn't receive notice from

14   Morgan Pietz and Ranallo or Gibbs for that matter, then I

15   guess there is nothing I can do and it is an appellate

16   issue.  I don't know what else to say.

17       THE COURT:  Believe me, they have got a reserved

18   parking space for you down at the Ninth Circuit dealing

19   with all these appeals that you filed.  No.

20           What I am saying is you filed your motion.

21   You made some pretty bold assertions that scores of

22   documents have been filed, and, clearly, I have gone

23   through the docket.

24       MR. STEELE:  There have been scores.

25       THE COURT:  Scores of documents have not been

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

 1   filed wherein you have not received service.  That is

 2   simply not true.

 3        MR. STEELE:  I respectfully disagree this court.

 4   I get documents --

 5        THE COURT:  Count them.  Tell me where they are.

 6   Because I have them in front of me.  You tell me where

 7   they are.

 8        MR. STEELE:  Your Honor, every document that has

 9   been filed without due process, notice to the pro se

10   person is a violation -- is wrong.

11        THE COURT:  Six.

12        MR. STEELE:  What?

13        THE COURT:  Six documents.  One of them is an

14   amended document.

15        MR. STEELE:  One document is a violation of my due

16   process.

17        THE COURT:  It is not scores.

18        MR. STEELE:  Scores in total because there is

19   other pro se people, and this is a pattern of fraudulent

20   misconduct by Mr. Pietz, but to me personally --

21        THE COURT:  I find it laughable that you use the

22   word fraud.

23        MR. STEELE:  I do too.

24        THE COURT:  But we will put that aside for a

25   second.  All right.  Tell me how you have been hurt by

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    not getting served with a copy of Pietz's report to the

2    court.

3            MR. STEELE:  I don't know.  I would have to review

4    the document, I would have to consult with an attorney,

5    and if I had an opportunity to come back before this

6    court and finally get the chance to object timely prior

7    to an order being issued, I am sure that I would have

8    plenty of objections to it.  But it is unfair of this

9    court to say, okay, I want your -- I want every

10   objection.  I want every legal basis you have for every

11   document you have ever not received timely.  I believe

12   the correct response is, wait, Mr. Steele, you didn't get

13   this document, oh, shoot, I can't believe I issued an

14   order based upon an ex parte pleading filing and not even

15   getting notice.  And you should have an opportunity,

16   Mr. Steele, to properly respond.  These are allegations

17   that are being made about every facet of misconduct

18   imaginable, and, your Honor --

19           THE COURT:  Actually, in point of fact, what these

20   six documents deal with is the bond issue, and none of

21   these documents are initiating anything.  These are

22   responses by this law firm to Mr. Duffy's motions.

23           MR. STEELE:  It wasn't just a response.

24           THE COURT:  Oh.  You do know about that?

25           MR. STEELE:  Yes.  As I sit here today.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

 1          THE COURT:  You knew about them contemporaneously

 2   with the filing of these documents too; right?

 3          MR. STEELE:  I don't understand your question,

 4   your Honor.

 5          THE COURT:  When did you learn about these

 6   documents?

 7          MR. STEELE:  Which documents?

 8          THE COURT:  Are you saying just now?

 9          MR. STEELE:  Which documents, your Honor?

10          THE COURT:  These six documents that I think are

11   at issue.

12          MR. STEELE:  Well, I would have to depend on each

13   particular document.  I learned about some of them

14   one day, some of them a different day, but I can tell you

15   that the date that I learned about the order based on

16   Mr. Pietz's ex parte pleading was June 10th, I believe.

17          THE COURT:  Okay.

18          MR. STEELE:  And that was the original order that

19   I got mailed to me at Lincoln Road.  And it looked

20   strange to me because it had Morgan Pietz's name across

21   the top, and there was weird italics in the order, and I

22   thought it was a request order or whatever.  And,

23   eventually, the corrected order came out because it looks

24   like the court just copied whatever Mr. Pietz asked for.

25   And then I said, wow, this is really interesting.  I got

          UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

Case 2:12-cv-08333-ODW-JC  Document 232  Filed 08/01/13  Page 25 of 36  Page ID #:4260
Case 3:12-cv-00889-GPM-SCW  Document 92-6  Filed 11/12/13  Page 25 of 36  Page ID
#2784

 1   the e-mail from Mr. Vineyard, attorney for Prenda Law.  I

 2   read it on the 14th, immediately responded.

 3          Quite frankly, it doesn't matter if it was the

 4   10th, 14th, 11th, as long as it was after the 6th, I did

 5   not have an opportunity to object to the order, object to

 6   the document filed  by Mr. Pietz that led to an order

 7   depriving me of a lot of things.  The order that you

 8   issued, your Honor, is pretty extensive, and the fact

 9   that your Honor, I would hope, would feel a little

10   concerned if one of the people that is the prime targets

11   of that order had not received it prior to issuing the

12   order, I would imagine this court is very concerned about

13   that.

14       THE COURT:  If I thought that was indeed the case,

15   I probably would be.  But I know that you are deeply,

16   intimately involved in every aspect of this case, aren't

17   you?

18       MR. STEELE:  Well, no, I am not.  And I object to

19   that as -- I haven't heard anything here today or at any

20   time to indicate that I did not, or that I did receive --

21   apologize.  There is no evidence that I have seen or that

22   anyone has ever been able to present that I did receive

23   that notice.  And there is no -- it is common sense is

24   that how could I have received it since Morgan Pietz

25   himself says he didn't serve it on me.  There is no

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1  disagreement that I didn't get served in accordance with

2  Federal Rule of Civil Procedure, No. 5.

3       THE COURT:  Everything has been served.

4  Everything has been filed online.  You periodically check

5  this docket, don't you?

6       MR. STEELE:  No, I do not.

7       THE COURT:  You just said.  You know, in some of

8  your papers, you indicate that a recent examination of

9  the docket has disclosed.  Now, you don't check the

10  docket.  Which is it?  Or are you just having trouble

11  keeping them together?

12       MR. STEELE:  I can answer that question if you

13  would like.

14       THE COURT:  I don't really care.

15       MR. STEELE:  Well, your Honor, if you don't

16  care --

17       THE COURT:  I don't care what the answer is

18  whether you check the docket occasionally or whether you

19  are willing to admit that you check the docket or you are

20  going to deny that you check the docket.

21       MR. STEELE:  I don't believe I have actually gone

22  on ECF and checked any docket in any court case in well

23  over a year or two.  So that is just ridiculous.

24       THE COURT:  By the way, you gentlemen want

25  anything?

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1              MR. HELLER:  I would like to make a couple of

 2     points.

 3              THE COURT:  Go.

 4              MR. HELLER:  First, I would like to note that

 5     Mr. Steele said that I guess there was some form of error

 6     of putting the Lincoln Road, Miami Beach address on the

 7     substitution of attorney, the request for it.  I would

 8     note for the court that that same address appears on all

 9     of the motions which are the subject of this hearing

10     today, both the original emergency motion, the motion for

11     reconsideration and the amended motion for

12     reconsideration.

13              THE COURT:  I am well aware.

14              MR. HELLER:  A number of months past.  I think I

15     need to -- past the substitution of attorney.  I think I

16     also need to make the point Mr. Gibbs and Mr. Pietz have

17     never filed anything together other than a stipulation

18     which I understand -- and I am somewhat the new boy on

19     the block -- was a stipulation dealing with Mr. Gibbs and

20     his obligation under the bond.  And that is really the

21     only thing.

22                   There is an envelope that was produced from

23     Mr. Ranallo who I also represent, and I understand from

24     conferring with my client now that that is in, in fact,

25     another case.
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1      THE COURT:  No.  There was an envelope that was

2  waved.

3      MR. HELLER:  Waved.  Correct, your Honor.  Hasn't

4  been put into evidence, and I don't know what is in it.

5      THE COURT:  Nor do I.

6      MR. STEELE:  Neither do I, Judge.

7      MR. HELLER:  As the court has correctly, I think

8  noted, this is not a proper motion for reconsideration.

9  The fact that the e-mail is not what Local Rule 7-18 or

10  more pertinently, the Federal Rules of Civil Procedure

11  59(e) require which is that there be some form of an

12  emergence of new material facts in evidence.

13      And, as your Honor stated, there was no

14  opposition to the original order for motion for emergency

15  relief.  It is presumed that your Honor read it, that

16  your Honor took it as all being true and nevertheless

17  denied it because your Honor, as we said, found it to be

18  irrelevant.

19      So this is not a proper motion to begin with,

20  and among other things, we have asked for sanctions or

21  that an OSC because, in state court, reconsiderations

22  have in their statute automatically a sanctions provision

23  if it is not brought properly procedurally.  In federal

24  court 59(e) which is to amend an order or a motion does

25  not have that.  So we have asked for the issuance of an

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    order to show cause why sanctions should not be levied

2    against Mr. Steele for the filing of the motion for

3    reconsideration and the filing of the amended motion.

4            Secondly, there is a -- well, your Honor has

5    noted a number of local rules that Mr. Steele has

6    violated by not putting his fax number and otherwise,

7    and, of course, in our papers, our response, we noted

8    Local Rule 41-6 and 83-2.4 which requires Mr. Steele to

9    provide to the court, even though he is in pro per, his

10   e-mail address, his phone number and his fax number which

11   we assume he has.  Certainly, the e-mail address and the

12   phone number are listed on the Illinois bar site so we

13   know that he has that.

14           Next, we get to this e-mail which is the basis

15   of the motion for reconsideration which I note was not

16   attached to the original motion for reconsideration but

17   indeed showed up in an amended motion for

18   reconsideration.  As we pointed out in the response, that

19   e-mail is highly suspicious.  It is quite clear that

20   something was cut off on the top of it because you could

21   actually see the lines and the reason that this becomes

22   relevant is because when the e-mail was sent by

23   Mr. Pietz, it bounced back to Mr. Pietz as is evidenced

24   by Mr. Pietz' declaration and Exhibit 1.

25           So although Mr. Steele says he is not in

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

 1   contact with any of the other pro se defendants, clearly

 2   he got it from someone and --

 3        MR. STEELE:  I never said I am not in contact with

 4   the other pro se people.  I never once said that.

 5        THE COURT:  Settle down.  Do they actually do that

 6   in Florida?

 7        MR. STEELE:  I don't know.  I am not licensed in

 8   Florida.  Never practiced law in Florida or California.

 9        THE COURT:  I just need you to stay quiet.  You

10   don't interrupt one another; all right?

11        MR. STEELE:  So, your Honor, I am not allowed to

12   object to anything?

13        THE COURT:  No.

14        MR. STEELE:  Okay.

15        THE COURT:  Go ahead.

16        MR. HELLER:  I'm sorry.  More relevantly, it looks

17   like this is a doctored document.  And that would explain

18   why it was not attached to the original motion for

19   reconsideration.  And, of course, we put it in our

20   response.

21            And what we would like to ask as well, your

22   Honor, is that there be a preservation order on the Gmail

23   account for johnlsteele@gmail.com, so that we can make a

24   determination if this e-mail was received, when it was

25   received as well as some of the other representations

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1   that have been made by Mr. Steele both in his papers and

2   here in open court.

3           Thirdly, the original motion that this motion

4   seeks to reconsider, Mr. Steele starts by saying he

5   recently reviewed the docket in this matter and was

6   shocked to learn that attorneys Pietz and Ranallo have

7   been submitting scores of paper to the court for the past

8   month without serving him.

9           Well, just to clarify -- and the court did see

10  this -- Mr. Pietz has filed two oppositions which were

11  not, admittedly not served, if indeed he did not access

12  the ECF account, on Mr. Steele and perhaps the other pro

13  se defendants.  There were not scores of documents.

14  However, this is also false because if you look at

15  Exhibit 2 of Mr. Pietz' declaration, you will see an

16  e-mail chain.  And Page 14 of 21 of that e-mail chain --

17          THE COURT:  I have that one marked.

18          MR. HELLER:  Yes.

19          -- shows that, indeed, the draft of the appeal

20  on the bond motion was sent to Mr. Steele for his review.

21  One might ask why.  It is almost a moot point because

22  Mr. Vineyard does not represent Mr. Steele as I

23  understand it, but, nevertheless, he received it.

24          And if you go to Exhibit 3 which is that

25  draft, and you take a look at Page 6 and 7.  And, of

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    course, Mr. Steele wrote an e-mail back in Exhibit 2

2    saying that he has looked at that draft appellate brief

3    and asked that there be a change.  So he clearly read it.

4    And if you look at Pages 6 and 7, you see that, in fact,

5    there is a recitation of all of the documents which were

6    filed by Mr. Pietz.

7            So this idea -- the first document.  Excuse

8    me, your Honor.  So this idea that there are scores of

9    documents, of course is not true in the original motion.

10   And, secondly, that he was unaware of it is not true.  He

11   was quite aware of it.  As the court I think has

12   indicated, it does strain credulity to think that

13   Mr. Steele does not regularly monitor the ECF docket in a

14   manner which is so integrally important to him.

15           I think that covers, your Honor, the points

16   that I wanted to cover.  I am not going to get into the

17   Fifth Amendment argument.  I just don't think that is

18   worthwhile, but I would ask that there be a preservation

19   of Mr. Steele's e-mail account as part of the court's

20   order here and that there be an OSC set for sanctions

21   because Mr. Pietz did have to hire me as outside counsel

22   in order to represent him.  And he did consider it, as he

23   says in his declaration, a serious matter when there are

24   multiple motions brought against him for sanctions and

25   the hearing is set.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1      THE COURT:  As to your first request, no.  As to

2  your second request, yes.  I really don't want to learn

3  that there has been another forged document submitted to

4  this court.  I just don't want to know that.

5      MR. STEELE:  Your Honor, can I respond?

6      THE COURT:  To what?

7      MR. STEELE:  To all the statements made.

8      THE COURT:  I have a question of you.

9      MR. STEELE:  Your Honor, can I please at least

10  have the opportunity to respond in court to false

11  allegations and insinuations?

12      THE COURT:  I want you to answer a question that I

13  have.  All right.  Everything that one lawyer says to the

14  court isn't necessarily relevant.  It is not necessarily

15  important, and I may not necessarily care.  So I really

16  don't want it.  I don't care about you rebutting

17  something I don't care about.  All right.

18          I will let you know what I care about, and I

19  will give you an opportunity to respond or assert the

20  Fifth.  All right.  My question is this:  In looking at

21  your papers -- well, who typed your papers?  Your motion

22  for reconsideration?

23      MR. STEELE:  This was mine.  I prepared this

24  motion.

25      THE COURT:  You prepared this motion.  And I asked

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    who typed it.  Did you type it?

2        MR. STEELE:  I typed part of it.  I asked for

3    help, suggestions from -- but I am responsible for

4    pleadings that I signed, I am responsible for.  Pleadings

5    I did not sign, I am not responsible for.

6        THE COURT:  I couldn't help but notice, holding up

7    Peter Hansmeier's notice to the court, Paul Hansmeier's

8    notice to the court, Mark Lutz' notice to the court and,

9    of course, your motion for reconsideration, that they

10   were all, they all followed the exact same format.  They

11   have the exact same footers down at the bottom.  They are

12   almost indistinguishable.  They are all typed by the same

13   person, weren't they?

14       MR. STEELE:  No, your Honor.  Your Honor, can I

15   finish my answer?

16       THE COURT:  There is no way.  There is no way that

17   these documents were not typed by the same person.  They

18   are identical.

19       MR. STEELE:  Your Honor, would you like me to

20   answer or --

21       THE COURT:  You know what.  No.  You know what.

22       MR. STEELE:  If I get the right to answer.

23       THE COURT:  You reach a point where an attorney, a

24   witness, an individual has lost so much credibility, it

25   becomes a waste of time.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

 1          MR. STEELE:  Your Honor.

 2          THE COURT:  First of all --

 3          MR. STEELE:  It is called cutting and pasting.

 4   People do it all the time.

 5          THE COURT:  First of all, first of all, there is

 6   no justification to this hearing.  I have given you

 7   plenty of time to tell me the legal justification for

 8   this motion for reconsideration.  None has been provided.

 9          Now, I am setting an order to show cause why

10   you should not be sanctioned and pay the attorney's fees

11   necessarily incurred by Morgan Pietz, but I will do that

12   in writing.  This hearing is over.

13          MR. STEELE:  Am I going to get to respond to

14   counsel?  Your Honor does not allow me to ever respond

15   to --

16          THE COURT:  Raise your voice again, and I am going

17   to introduce you to the United States Marshals.  Get out.

18          (Proceedings concluded.)

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28,

United States Code, the foregoing is a true and correct

transcript of the stenographically reported proceedings held

in the above-entitled matter and that the transcript page

format is in conformance with the regulations of the

Judicial Conference of the United States.

Date:  July 30, 2013


 /s/ Katie Thibodeaux, CSR No. 9858, RPR, CRR

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA