**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

---

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:12-cv-00889-GPM-SCW |
| ) | |
| v. ) | **DEFENDANT ANTHONY** |
| ) | **SMITH'S OPPOSITION TO** |
| ANTHONY SMITH, SBC INTERNET SERVICES, ) | **PLAINTIFF'S ATTORNEY** |
| INC., d/b/a AT&T INTERNET SERVICES; AT&T ) | **PAUL HANSMEIER'S** |
| CORPORATE REPRESENTATIVE #1; COMCAST ) | **OPPOSITION TO** |
| CABLE COMMUNICATIONS, LLC, and ) | **COMCAST'S MOTION** |
| COMCAST CORPORATE REPRESENTATIVE #1, ) | **FOR ATTORNEY'S FEES** |
| ) | |
| Defendants. ) | |

---

Defendant Anthony Smith ("Smith") respectfully submits this response to the opposition to attorney's fees filed by Paul Hansmeier ("Hansmeier") (ECF No. 86), one of the attorneys for Plaintiff Lightspeed Media Corporation ("Plaintiff"). Hansmeier raises flawed legal arguments despite his knowledge of contrary legal authority, and makes mendacious claims as if they were grounded in fact. While Hansmeier's instant opposition is aimed more directly at Smith's fellow Defendants Comcast and AT&T, Smith herein calls attention to two of Hansmeier's misstatements, to assist the Court's appreciation of the paucity of Hansmeier's argument.

**FACTUAL BACKGROUND**

Hansmeier faces sanctions for violating 18 U.S.C § 1927. Smith moved for an order requiring LMC's counsel, namely Hansmeier, John Steele ("Steele")[1] and Paul Duffy ("Duffy"), "to satisfy personally the excess attorney's fees Smith reasonably incurred because of their

---

[1] Steele, in his opposition (ECF No. 88) to Comcast's motion, makes essentially the same legal arguments as Hansmeier, which therefore suffer the same legal flaws. Smith therefore opposes Steele's motion for the same reasons set forth herein as to Hansmeier.

unreasonable and vexatious multiplication of the proceedings in this case." ECF No. 61 p. 1. The

Court issued a Memorandum and Order granting Smith's motion. ECF No. 65. Comcast and

AT&T, the other Defendants, have also moved for Section 1927 sanctions. ECF Nos. 78 & 82.

Hansmeier does not want to be sanctioned for his role in this case. *See* ECF Nos 66 & 67

(Hansmeier motion to vacate the Memorandum and Order); *see also* ECF No. 86 (Hansmeier

opposition to Comcast and AT&T motions).

## ARGUMENT

A.   **HANSMEIER'S ARGUMENT, THAT A BASELESS COMPLAINT IS NOT SANCTIONABLE UNDER SECTION 1927, IS CONTRARY TO CONTROLLING AUTHORITY THAT HANSMEIER HIMSELF HAS CITED IN THIS ACTION.**

Hansmeier makes many invalid and improper legal arguments, but rather than briefly

sketching the flaws in each, Smith here seeks to discuss in depth the shortcomings in just one:

Hansmeier's position that a baseless complaint is not sanctionable under Section 1927. He

contends that a lawyer cannot violate Section 1927 by commencing an action, but claims that he

can't find cases on point in this Circuit. It's worth reviewing his statement in full:

> While Hansmeier is unable to identify any directly controlling Seventh Circuit authority on point, there is "an unbroken band of cases across the courts of appeals holding that a lawyer cannot violate section 1927 in the course of commencing an action." ... While no Defendant—including Comcast—alleges that Hansmeier commenced this action, the "unbroken band" of authority "across the courts of appeals" holds that section 1927 does not apply to that activity.

ECF No. 86 pp. 4-5 (quoting *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 65 (1st Cir.

2008)) (internal citations omitted).[2]

Hansmeier is well aware of, but declines to cite, dispositive case law in this Circuit

holding the contrary. His "inability to identify directly controlling Seventh Circuit authority" is

_____

[2] Steele makes the same point, substituting his name in for Hansmeier's. ECF No. 88 p. 5.

better viewed as a *knowing unwillingness* to accept, and to properly cite, contrary Seventh Circuit precedent he himself has cited in this case—including in the same document where he misleadingly claims he can't find cases on point.

1.    **The Seventh Circuit Has Repeatedly Affirmed Section 1927 Awards for All Attorney's Fees Imposed by Plaintiff's Counsel, including Fees Arising from Filing a Baseless Complaint, in Cases Squarely on Point with this Action.**

a.    ***Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789 (7th Cir. 1983).**

Thirty years ago, the Seventh Circuit questioned whether an attorney filing a complaint, in and of itself, could constitute "multiplying the proceedings" under Section 1927. *Overnite Transportation Co. v. Chicago Industrial Tire Co.*, 697 F.2d 789, 794 (7th Cir. 1983). That discussion was only dicta, as the court first found that "the district court was without jurisdiction to act on the [sanctions] motion" at the time it was filed. *Id.* at 793-94. Yet the Seventh Circuit recognized that "some courts have sanctioned an attorney under section 1927 for the filing and prosecution of a lawsuit that they have determined is meritless ... where the suit was without either a legal or factual basis and the attorney was or should have been aware of this fact." *Id.* at 794 (citing *Harrell v. Joffrion*, 73 F.R.D. 267, 268 (W.D. La. 1976) (sanctioning plaintiff's attorney who knew or should have known case was totally frivolous).

b.    ***Kotsilieris v. Chalmers*, 966 F.2d 1181 (7th Cir. 1992).**

The Seventh Circuit no longer questions whether sanctions are viable under such circumstances. Instead, the Seventh Circuit has set out a standard for Section 1927 cases, in which it has repeatedly "upheld section 1927 sanctions ... [where] counsel acted recklessly, counsel *raised baseless claims* despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders." *Kotsilieris v. Chalmers*, 966 F.

2d 1181, 1184 (7th Cir. 1992) (emphasis added) (internal citations omitted). In *Kotsilieris*, plaintiff's original counsel failed to make a jury demand in the initial complaint, and attorneys who had entered the case on plaintiff's behalf three years later filed a belated jury demand on the eve of trial; the district court granted the jury demand, but sanctioned the new plaintiff attorneys for "extreme negligence" under Section 1927. *Id.* at 1182-83, 1186. The Seventh Circuit found the district court was within its discretion to do so.

> In most instances counsel's failure to notice prior counsel's error or omission in one of voluminous documents may not constitute any more than ordinary negligence. Nonetheless, *we are not dealing with just any document, we are dealing with an omission in a complaint--a document of vital importance.*

> *Kotsilieris*, 966 F.2d at 1186 (emphasis added).

This case was also flawed at its root: the errors of plaintiff's counsel also included their acts on behalf of a flawed complaint. Hansmeier argues that his participation in this action began after the complaint was filed. ECF No. 86 p. 2. See also ECF No. 67 p. 6 ("the 'bullying pretense,' which Hansmeier understands to relate to actions occurring on or around the time of the filing of the complaint, also precedes Hansmeier's appearance"). But, as in *Kotsilieris*, whether an attorney had appeared on the docket on the plaintiff's behalf at the time of the complaint does not limit his Section 1927 liability for proceeding in a case with critical mistakes in that "document of vital importance." The flaws here were even more flagrant than those in *Kotsilieris*—there was not just one mistake in the complaint; it was riddled with factual and legal errors, such that "[n]o competent attorney who made a reasonable inquiry into the state of the law ... could have thought the [pleading] had any possible merit." *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 753 (7th Cir. 1988) (quoting *Dreis & Krump Mfg. v. Int'l Ass'n of Machinists*, 802 F.2d 247, 255 (7th Cir. 1986)). And Hansmeier personally ratified the baseless

complaint in its entirety, terming it "by no stretch of the imagination frivolous" in his opposition to Defendants' joint motion to stay discovery. ECF No. 50 p. 5. That opposition itself necessitated further litigation by Defendants (see ECF No. 52). But more significantly, Hansmeier worked hand-in-hand with Steele and Duffy to perpetuate claims baseless from their inception. *See generally* ECF No. 92 pp. 14-16.

c.   *Ordower v. Feldman*, 826 F.2d 1659 (7th Cir. 1987).

"[T]o violate § 1927 'the attorney must intentionally *file or prosecute* a claim that lacks a plausible legal or factual basis.'" *Ordower v. Feldman*, 826 F.2d 1659, 1574 (7th Cir. 1987) (quoting *Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226 (7th Cir. 1984)). In *Ordower*, the defendant moved to sanction plaintiff's counsel under Section 1927 for merely *serving* a complaint; the district court awarded sanctions against counsel (as well as against the plaintiffs under Rule 11). *Id.* at 1573. The Seventh Circuit affirmed:

> Whether reviewed under Rule 11 or 28 U.S.C. § 1927, we do not believe that the district court abused its discretion when it imposed sanctions upon the plaintiffs. The district court found that plaintiffs vexatiously and unreasonably multiplied the proceedings by serving [defendant] even though it must have been aware that [defendant] would move to dismiss ... and that the ... motion would be granted. This inference drawn by the district court is not clearly erroneous.

> *Id.* at 1574.

Thus, in *Ordower*, the Seventh Circuit "upheld an order of sanctions against a plaintiff after the complaint's defects were pointed out by defendants in their motions to dismiss." *Fred A. Smith Lumber Co.*, 845 F.2d at 753 (describing *Ordower* with approval). Similarly, in this action, Smith (and the other defendants) moved to dismiss, pointing out glaring legal and factual defects in the complaint, but Plaintiff and its counsel kept the case alive filing specious oppositions to the motions to dismiss -- only abandoning ship when repeatedly rebuffed from obtaining

discovery about non-parties. This improper purpose of Plaintiff's counsel warranted sanctions. "[W]hen the purpose of a discovery request is to gather information for use in proceedings other than in the pending suit, discovery is properly denied." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n. 17 (1978). Pursuing discovery requests that have no bearing on the instant case warrants Section 1927 sanctions. *Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002).

**d.** ***Claiborne v. Wisdom*, 414 F.3d 715 (7th Cir. 2005).**

In *Claiborne v. Wisdom*, 414 F.3d 715 (7th Cir. 2005), the Seventh Circuit affirmed an order of sanctions making against a plaintiff and her lawyer liable for all of the defendants' attorney's fees and costs: $1 of liability on the plaintiff directly, under 42 U.S.C. § 3613(c)(2), and the balance of defendants' fees, $107,844.77, imposed against her attorney under Section 1927. *Id.* at 718. The Seventh Circuit found no abuse of discretion in the district court's imposition of those fees under Section 1927, citing among other factual findings that the attorney had "pursued a number of claims without any factual basis ... and 'never made a reasonable inquiry before presenting serious allegations to this court.'" *Id.* at 722 (quoting district court opinion). The Seventh Circuit found that the attorney had "not explain[ed] why such an ill-founded case started in the first place." *Id.*

Likewise, LMC's case was pretextual, grounded in claims without factual or legal basis, aimed not at relief from the putative defendants but discovery concerning non-parties. *See* ECF Nos. 36, 37, & 61 pp. 9-13 (Smith filings discussing lack of any factual and legal basis in claims against him); ECF No. 61 pp. 13-14 (discussing Plaintiff's true aims; "discovery identifying ISP subscribers is not the beginning of a Prenda lawsuit but its end and its sole animating purpose"). In the Court's words, "[t]his case smacked of bullying pretense." ECF No. 65 p. 1.

e.    *Walter v. Fiorenzo*, 840 F.2d 427 (7th Cir. 1988).

In *Walter v. Fiorenzo*, 840 F.2d 427 (7th Cir. 1988), plaintiff's counsel was sanctioned on two distinct grounds: "filing a meritless claim" and thereafter "needlessly multiplying the proceedings." *Id.* at 433. The Seventh Circuit upheld both grounds for sanctions under Section 1927. *Id.* "Under § 1927, sanctions for filing a baseless claim properly may be imposed where those claims are not supported by the facts." *Id.* at 435 (affirming "sanctions for filing a baseless claim"). "[P]laintiff's counsel [had refused] to acknowledge the deficiencies in plaintiffs' complaint, deficiencies which previously had been flagged by the court on a number of occasions. ... [the court] justifiably imposed sanctions against counsel for the costs of the entire case." *Id.* at 436.

Likewise, in this case, the Court repeatedly flagged the dubious nature of LMC's claims at the August 20, 2012 hearing on LMC's motion for discovery. Attorney Steele argued for LMC that emergency discovery was necessary so LMC could "know who's doing it" (that is, allegedly hacking into LMC's computers) and the Court pointed out, "Well, you are never going to know who's doing it. You are going to know which computer it comes from." ECF No. 29 p. 14. Steele agreed. *Id.* But that didn't stop LMC from serving the complaint on Smith later that day, after the hearing had concluded. As Smith argued in his motion for sanctions, LMC offered no factual basis to support any allegations against Smith, "such as an affidavit describing any steps Plaintiff took to authenticate its allegations or determine that Smith, rather than his assigned IP address, had anything to do with this case."[3]   ECF No. 61 pp. 5-6 (collecting cases). "Courts have

_____

[3] Absurdly, when Smith pointed out this lack of substantive evidence in his motion for sanctions, LMC responded only that "Plaintiff is not required to prove, by a preponderance of his evidence, Defendant's guilt at this stage of the litigation--before discovery has even commenced." ECF No. 63 p. 5. Plaintiff had dismissed all claims against Smith two weeks earlier. ECF No. 59; *see also* ECF No. 64 pp. 4-5.

specifically and repeatedly warned Plaintiff's counsel against the leap of bad faith they made in naming Smith as a so-called 'hacker' based only on his IP address." *Id.* p. 6. As in *Walter*, Plaintiff's claim was without merit from the outset, and Plaintiff's counsel persisted with the complaint long after its weakness had been pointed out to them.

**f.       *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750 (7th Cir. 1988).**

In *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750 (7th Cir. 1988) ("*FASCO*"), the Seventh Circuit found another "appropriate occasion for imposing sanctions. It is apparent that [Plaintiff's] counsel failed to do the requisite legal research, that it persisted in advancing the objectively unreasonable claims already discussed, and that it generally acted in bad faith by filing a complaint for fraud in the hope that future discovery might uncover the allegations of wrongdoing." *Id.* at 754. The district court had not imposed sanctions, finding a contested cause of action was colorable when filed, but the Seventh Circuit found that plaintiff's counsel's actions were so egregious that the district court had erred by *failing* to order sanctions under Rule 11 and Section 1927. *Id.*

As in *FASCO*, Plaintiff's counsel filed the complaint in this action in the hope that future discovery might uncover the alleged wrongdoing. But that discovery was targeted at non-parties; Plaintiff had so little genuine interest in its claims against Smith and the other defendants that it dismissed the suit before the Court could rule on the motions to dismiss. Yet, while they still believed they might obtain valuable discovery about non-parties, they kept the case alive against Smith and the other defendants. They filed frivolous responses to Defendants' motions to dismiss that fail to counter their substantive arguments (ECF Nos. 39, 40 & 44; *see generally* ECF No. 61 pp. 5-7 (discussing lack of factual basis for complaint) & 9-13 (discussing lack of legal basis

in complaint and in Plaintiff's response to Smith's motion to dismiss). They mounted a last shot at the same denied discovery in the Rule 26(f) joint report (ECF No. 45), necessitating Defendants' motion and reply seeking to defer or stay discovery (ECF Nos. 47 & 52). Hansmeier and Steele only moved to withdraw after the stay order. ECF No. 53; *see also* ECF No. 55 & 57 (notices of withdrawal).

**2.      At the Time Hansmeier and Steele Made Their Erroneous Argument, They Had Been Made Aware of the Seventh Circuit's Contrary Cases by Smith and the Court.**

Hansmeier has apparently read Smith's motion for attorney's fees and the Court's Order granting the motion; his motion to vacate quotes both. *See* ECF No. 67 p. 2 (quoting Smith motion) & p. 6 (quoting Order).[4] He should be aware of the cases cited therein. Smith's motion cited to *Walter* and *Ordower*, ECF No. 61 p. 4, and to *Kotsilieris*, ECF No. 61 p. 5. Smith's reply to Plaintiff's opposition also quotes from *FASCO*, ECF No. 64 p. 4, and *Claiborne*, ECF No. 64 p. 5. The Court's Order also cites to the Section 1927 standard as set out in *Kotsilieris*. ECF No. 25 p. 1.

Smith's opposition to the motions to vacate also cites to *Walter* and *Kotsilieris*, ECF No. 81 p. 19, and quotes from *Claiborne*: "The Seventh Circuit has approved awards of 'the full amount of the defendants' attorney's fees under § 1927.' *Claiborne v. Wisdom*, 414 F.3d 715, 721 (7th Cir. 2005) (affirming $107,845.77 award)." ECF No. 81 p. 17.[5] Likewise, Smith's itemization of fees, explaining Smith's entitlement to the full amount of his attorney's fees under Section 1927, cites to *Overnite Transportation*, *Walter*, and *Claiborne*, ECF No. 84 pp. 1-2, as

---

[4] Steele was on notice too; he quoted the same filings in his motion to vacate. *See* ECF No. 69 pp. 2 & 7.

[5] Smith's Opposition was originally filed and served on November 8, 2013 (ECF No. 81), before Hansmeier's argument, but was refiled on November 12, 2013 (ECF No. 92) pursuant to the Court's Notice (ECF No. 89).

well as *Kotsilieris*, ECF No. 84 p. 3.[6] Thus, Hansmeier and Steele had been repeatedly notified

of at least five of the above cases, directly on point, explaining the invalidity of their argument

before they made it; they were served, electronically and by mail, both Smith's opposition to the

motion to vacate and his itemization of fees. ECF No. 81 p. 20; ECF No. 84 p. 11. The sixth

case, *FASCO*, was cited by the Seventh Circuit (along with *Fiorenzo* and *Ordower*) in *Kotsilieris*,

966 F.2d at 1184-85, as it explained the standard for Section 1927 sanctions that the Court

applied in its Order. *See* ECF No. 65. Hansmeier and Steele's statements that they are "unable to

identify any directly controlling Seventh Circuit authority on point" wrongfully fails to concede

that controlling authority stands fully against their position, and that they had been provided

extensive citations on that point before filing their oppositions.

3.      **Hansmeier and Steele Have Both Cited to Multiple Seventh Circuit Cases in Which
        Plaintiff's Counsel Were Sanctioned for Filing a Baseless Action, Including in the
        Memorandum in which They Pretend not to Know of Cases on Point.**

        Hansmeier and Steele filed motions to vacate the Order, in which both cited *Overnite*

*Transportation* and quoted from *Kotsilieris*. ECF No. 67 p. 4; ECF No. 69 p. 5. Moreover, in

their oppositions to the other Defendants' motions for attorney's fees, they both cite to

*Claiborne*, ECF No. 86 pp. 1 & 2; ECF No. 88 p. 1 & 3. Incredibly, Hansmeier and Steele both

extensively discuss *Overnite Transportation* in the paragraph directly preceding their statements

that they are "unable to identify any directly controlling Seventh Circuit authority on point."

ECF No. 86 p. 4; ECF No. 88 pp. 4-5. If they in fact read the cases to which they cite, they must

have identified the controlling authority and decided not to mention it.

---

[6]  Smith's Itemization was originally filed and served on November 8, 2013 (ECF No. 84), before Hansmeier's
argument, but was refiled on November 12, 2013 (ECF No. 90) pursuant to the Court's Notice (ECF No. 89).

4.      **Hansmeier and Steele's Attempts to Avoid Clearly Dispositive Authority from this Circuit Further Warrants the Imposition of Sanctions Against Them.**

Hansmeier and Steele do themselves no favors by trumpeting their willful blindness. Their arguments against sanctions provide one more reason why sanctions are warranted: failing to recognize dispositive authority. Sanctions are warranted when the plaintiff, through counsel, appears to be "employing 'the ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist,' ... unprofessional behavior this Circuit refuses to tolerate." *FASCO*, 845 F.2d at 753 (quoting *Hill v. Norfolk & Western Ry. Co.*, 814 F.2d 1192, 1198 (7th Cir. 1987)). "[A] lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law." *In re TCI Int'l, Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985) (affirming Section 1927 sanctions).

Hansmeier and Steele should not be heard to contend that the complaint against Smith— and any defense work necessitated by that complaint—is beyond the reach of Section 1927, where controlling authority is decidedly stacked against them. They could be specifically sanctioned for claiming to know of no controlling authority on point in this Circuit, and citing instead to contrary cases from other Circuits, despite knowing the Seventh Circuit precedents quite well. Hansmeier and Steele may choose to hide their heads in the sand, but their sanctionable conduct remains visible.

B.      **HANSMEIER'S CLAIM THAT SMITH, OR SMITH'S COUNSEL, HAS NOT DULY NOTIFIED HIM OF HIS WRONGFUL CONDUCT IS FALSE AND IMPROPERLY PLEADED IN THIS MOTION.**

Hansmeier's mendacity is not limited to arguments about the law that are demonstrably untrue. He also sees fit to detour into a false and irrelevant attack on Smith's counsel personally, painting himself as a victim of a fraud perpetrated in case after case. ECF No. 86 p. 6 n.2.

11

Hansmeier knows all too well what makes an actual fraud on the court; he has been sanctioned for perpetrating such frauds on several occasions. *See* ECF No. 92-4 p. 5 (Order Issuing Sanctions, *Ingenuity 13 LLC v. John Doe*, Case No. 2:12-cv-08333-ODW-JC) (finding that Steele, Hansmeier and Duffy stole a Minnesota resident's identity and fraudulently signed his name to a copyright assignment used as the basis of multiple lawsuits) & p. 8 (discussing the same act of forgery and Steele, Hansmeier and Duffy's deceptive enterprise of creating shell companies to sue on their behalf); *see also* Order, *AF Holdings, LLC v. John Doe*, Case Nos. 12-cv-01445 et al., ECF No. 67 (D. Minn. entered Nov. 6, 2013) (finding that the plaintiff, represented by Hansmeier, had engaged in the same fraudulent acts in five Minnesota cases).

Hansmeier's footnote objects that he was not notified that his conduct in this case has been sanctionable. But as noted elsewhere, service of Smith's motion for attorney's fees was made upon Duffy at Prenda Law, Inc., whose principals are Hansmeier, Steele and Duffy; they own and control it and dictate its litigation strategy. ECF No. 92 pp. 3-5 (quoting Order Issuing Sanctions, ECF No. 92-4 pp. 4-5). All three appeared in this action (and elsewhere) as part of the Prenda firm. ECF No. 92 pp. 2-3; *see also* ECF No. 50 p. 9 (Hansmeier's opposition to the stay of discovery; signature block stating "Of Counsel to Prenda Law Inc.").

Hansmeier's footnote also argues that he was not sufficiently notified of his wrongful conduct in cases in other courts where he faces liability on the defendants' counterclaims. ECF No. 86 p. 6 n. 2 (discussing, without citation, *AF Holdings, LLC v. Chowdhury*, Case No. 12-cv-12105 (D. Mass.) ("*Chowdhury*") and *AF Holdings, LLC v. Olivas*, Case No. 12-cv-01401-JBA (D. Conn.) ("*Olivas*")). This is, of course, the wrong venue to address such allegations, which are irrelevant to the pending motions in the Court. But it bears note that in both *Olivas* and

*Chowdhury*, the nominal plaintiff AF Holdings LLC (through whom Hansmeier and his confederates have perpetrated fraud[7]) defaulted on counterclaims specifically alleging that its counsel, Prenda Law, Inc., "may truly be the real parties in interest in this case." ECF No. 7, *Chowdhury*, pp. 12-14; ECF No. 10, *Olivas*, pp. 10-12. Hansmeier's willful blindness in each of these cases is irrelevant as a matter of law, where notice of Smith's motion, and the defendants' counterclaims and motions in *Olivas* and *Chowdhury*, is imputed to Hansmeier through service to his firm. *See* ECF No. 81 pp. 9-11. The Court should disregard his position that anyone but Paul Hansmeier is responsible for Paul Hansmeier's misconduct and misfortune.

## CONCLUSION

Smith therefore respectfully urges this Court to deny Hansmeier and Steele's motions.

Dated: November 12, 2013

Respectfully,

Dan Booth (admitted *pro hac vice*)
Email: dbooth@boothsweet.com

Jason E. Sweet (admitted *pro hac vice*)
Email: jsweet@boothsweet.com

BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883

*Counsel for Defendant Anthony Smith*

---

[7] The defaulting plaintiff in both cases was one of the shell companies created by Steele, Hansmeier and Duffy "to shield themselves from potential liability and to give an appearance of legitimacy. AF Holdings ... [has] no assets other than several copyrights to pornographic movies. There are no official owners or officers ... but [Steele, Hansmeier and Duffy] are the de facto owners and officers." ECF No. 92-4 p. 4.

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(b)**

I hereby certify that on this 12th day of November, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record and provide service upon each.

          /s/ Dan Booth
          Dan Booth