IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 12-889-GPM |
| ) | |
| ANTHONY SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Currently before the Court are motions to vacate, or in the alternative reconsider the order granting fees and costs to Defendant Anthony Smith filed by Paul Duffy, Paul Hansmeier, and John Steele (Docs. 66, 68, 74). Also before the Court are motions for fees and costs filed by Defendants ComCast Cable Communications, LLC ("ComCast") and SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T") (Docs. 78, 82), as well as itemizations of fees and costs filed by Smith, ComCast, and AT&T (Docs. 90, 97, 98).

The Court initially reserved ruling on these motions (*See* Doc. 96); for the reasons set forth below, the Court now denies the motions to vacate or reconsider filed by Duffy, Hansmeier, and Steele, and grants the motions for attorney fees filed by ComCast and AT&T.

## BACKGROUND

On March 21, 2013, this matter was voluntarily dismissed by Plaintiff Lightspeed Media Corp. (Docs. 59, 60). Following the dismissal, the Court granted Defendant Anthony Smith's motion requesting attorney fees and costs because Plaintiff filed and pursued claims against Smith

that Plaintiff knew were baseless from the start (Doc. 65). The Court granted Smith his fees and costs under 28 U.S.C. § 1927 to be paid by Plaintiff's counsel: John Steele, Paul Duffy, and Paul Hansmeier (Doc. 65). The Court's order granting Mr. Smith attorney fees was entered on October 30, 2013 (Doc. 65). The very next day, Paul Hansmeier filed a motion to vacate, or in the alternative reconsider, the order (Docs. 66, 67) arguing that he should not be liable for Smith's attorney fees. John Steele and Paul Duffy then filed similar motions on November 4, 2013 (Docs. 68, 69), and November 7, 2013 (Docs. 74, 75), respectively. Defendant Anthony Smith filed a response in opposition to Duffy, Hansmeier, and Steele's motions (Doc. 92).

After the Court granted Smith's request for fees and costs, Defendants ComCast and AT&T then filed motions also requesting fees and costs (Docs. 78, 82). Hansmeier filed a response in opposition to ComCast and AT&T's motions (Doc. 86), as did Steele (Doc. 88). Smith filed a reply to Hansmeier and Steele's responses (Doc. 93).

A hearing was held on November 13, 2013 on all of the above motions (Doc. 70). Duffy and Steele appeared at the hearing in person, and Hansmeier appeared by phone (Doc. 96).

## DISCUSSION

### I. MOTIONS TO VACATE, OR IN THE ALTERNATIVE RECONSIDER ORDER GRANTING ATTORNEY FEES TO DEFENDANT ANTHONY SMITH

The Court will first address the motions to vacate, or in the alternative, reconsider its order granting fees and costs to Anthony Smith under 28 U.S.C. § 1927 filed by Plaintiff's current attorney of record, Paul Duffy, and former attorneys of record, Paul Hansmeier and John Steele (Docs. 66, 68, 74). Because the motions fail to state any grounds warranting relief under Rule 60(b), the motions to vacate or reconsider are denied.

### A. Legal Standard

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. But such motions are routinely filed, and they are generally treated as motions to alter or amend judgment under Rule 59(e), or motions for relief from a judgment or order under Rule 60(b). *See e.g.*, *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). At issue here is the Court's order granting Smith's request for attorney fees (Doc. 65), which is only an interim order because the Court has not yet determined the amount of attorney fees that Smith is entitled to. *Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 456 (7th Cir. 2005). Since the order is not a final order and no judgment has been entered, Rule 59(e) is not applicable. Therefore, the motions filed by Duffy, Hansmeier, and Steele must be evaluated under Rule 60(b).

"Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances." *Talano v. N.W. Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir. 2001). Rule 60(b) permits a court to grant relief based on one of six specific grounds listed in the rule. *Talano*, 273 F.3d at 762; FED. R. CIV. P. 60(b). The request for relief "must be shaped to the specific grounds . . . listed in Rule 60(b)—they cannot be general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).

### B. Paul Duffy's Motion to Vacate or Reconsider (Doc. 74)

The Court turns first to Duffy's motion to vacate or reconsider because it can be easily dismissed as he does not state a proper legal basis for relief under Rule 60(b). In his motion, Duffy argues that the Court should reconsider its order granting attorney fees to Anthony Smith because he took only "five discrete actions" in this matter, none of which multiplied the proceedings or were unreasonable or vexatious (Doc. 75). In the alternative, if Duffy's actions

were sanctionable, Smith failed to identify any "excess" expenses directly traceable to Duffy's actions (Doc. 75).

Duffy's motion is not based on any of the grounds specified in Rule 60(b). Instead, Duffy merely takes umbrage with the Court's analysis of the evidence and its ruling, and rehashes old arguments that he made and the Court denied in his response to Anthony Smith's motion for attorney fees (*Compare* Doc. 63 *with* Docs. 74, 75). Neither of these things warrants relief under Rule 60(b). *Karraker v. Rent–A–Center, Inc.,* 411 F.3d 831, 837 (7th Cir. 2005) (Rule 60(b) motion is not the time to rehash previously rejected arguments); *Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995) (Rule 60 "was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law.")

Because Duffy's motion fails to state any grounds for relief within the scope of Rule 60(b), his motion to vacate or reconsider (Doc. 74) is **DENIED**.

### C. Paul Hansmeier and John Steele's Motions to Vacate or Reconsider (Docs. 66, 68)

The Court next turns to the motions to vacate or reconsider filed by Hansmeier and Steele. These motions can be considered in tandem because they are largely identical. Like Duffy, Hansmeier and Steele argue that that the Court should reconsider its order granting attorney fees to Anthony Smith because they took only a small number of "discrete actions" in this matter, none of which multiplied the proceedings or were unreasonable or vexatious (Docs. 67, 69). As previously stated, these arguments do not translate into a legal basis warranting relief under Rule 60(b).

Hansmeier and Steele also argue that the Court should vacate its order because it imposed

sanctions on them without giving them notice or an opportunity to be heard in violation of their right to due process (Docs. 67, 69). Specifically, they claim that they were not apprised of Smith's motion for attorney fees until after the District Court had entered its order imposing sanctions on October 30, 2013 because Smith failed to serve them. Smith's motion for attorney fees was electronically filed on April 5, 2013, and the CM/ECF system sent notice to all attorneys of record (Doc. 61). Hansmeier and Steele claim that since they were no longer attorneys of record (*See* Doc.s 56, 58), they did not receive the notice (Doc. 67, 69).

"[T]he requirements of due process of law are applicable to a proceeding to impose sanctions, entitling a party or attorney to notice and opportunity to respond[.]" *Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1494 (7th Cir. 1989). Despite their protestations, the Court finds that Hansmeier and Steele both received all the process they were due.

First and foremost, Steele's claim that he never got notice of Smith's motion for fees is baseless. A review of CM/ECF records reveals that notice of Smith's motion for attorney fees (Doc. 61) went to numerous email addresses, including: docket@wefightpiracy.com—an email address used by both Steele and Paul Duffy.[1] Therefore, it is irrefutable that Steele had actual notice of Smith's motion for attorney fees prior to the Court's order granting the motion.

Second, Smith served Paul Duffy, Plaintiff's lead attorney, with his motion for attorney fees; and service on Duffy was effective for all of Plaintiff's counsel, past and present, including Steele and Hansmeier. Rule 5 does not require motions to be served on all counsel of record, but merely requires that the pleadings be served on all parties. *See* FED. R. CIV. P. 5(a)(1). Furthermore, service is not required on each of several counsel appearing on behalf of a party.

---

[1] Prior to his termination as counsel for Plaintiff, Steele received electronic notices from the CM/ECF system at three email addresses: (1) jlsteele@wefightpiracy.com, (2) docket@wefightpiracy.com, and (3) nawersal@wefightpiracy.com (*See, e.g.,* Doc. 57). He now receives electronic notices at johnlsteele33140@gmail.com (Doc. 88).

*Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1063 (5th Cir. 1990). "Service upon one, but not all, of its counsel is effective service." *Id.* (serving "local" counsel and not "lead" counsel complied with Rule 5 because the Rule does not "require service on each of several counsel appearing on behalf of a party"); *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995) (serving motion for summary judgment only on plaintiff's attorney who had recently entered an appearance and not on attorney who had represented plaintiff from the outset complied with Rule 5 because the rule does not require service on both attorneys of record).

  Here, Smith served his motion for attorney fees on Duffy, and that is all he was required to do. He did not have to also personally serve Steele and Hansmeier. This is particularly true since Duffy, Steele, and Hansmeier are all associated with the same law firm: Prenda Law, Inc. The docket sheet indicates Paul Duffy's firm is Prenda Law; Steele listed his firm as Prenda Law on his entry of appearance and his motion to withdraw (Docs. 20, 57); and Hansmeier indicated that he was "of counsel" to Prenda Law, Inc. (Doc. 50). The Court also takes judicial notice that Steele submitted a declaration in the Central District of California swearing that he was "of counsel with the law firm, Prenda Law, Inc." and that Hansmeier was "also of counsel to the firm." *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW (C.D. Cal. March 8, 2013), ECF No. 83).

  Aside from being from the same firm, there is other evidence suggesting these three men worked in concert with one another. First, Duffy, Steele, and Hansmeier used each other's CM/ECF login information, and/or filed documents on behalf of one another. For example, both Steele and Hansmeier used Duffy's CM/ECF login information to enter their appearances, or Duffy attempted to do so for them (*See* Doc. 11, 15); Hansmeier also used Steele's CM/ECF login

information to file his motion to continue, or Steele filed it on Hansmeier's behalf (Doc. 73). Second, the similarities in documents filed by Duffy, Steele, and Hansmeier indicate an ongoing relationship. For example, in the instant motions to vacate/reconsider, the three men use identical formatting from the caption, to the font, and the signature block, and the substance is largely the same (*Compare* Docs. 66, 67, 67-1 *with* Docs. 68, 68-1, 68-2, 69 *with* Docs. 74, 75). Third, the Court takes judicial notice that several other federal courts have found Duffy, Steele, and Hansmeier to be in cahoots. Most notably, Judge Otis Wright in the Central District of California found that Steele, Hansmeier, and Duffy were "starving attorneys" with "shattered law practices" who conspired to use copyright laws to "plunder the citizenry," and he adopted into his findings a chart showing the relationship between these men and others associated with Prenda Law. *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW, 2013 WL 1898633, at *1–*2, *5 (C.D. Cal. May 6, 2013). *See also AF Holdings, LLC v. John Doe(s)*, Case No. 12-cv-1445-JNE-FLN, (D. Minn. November 6, 2013), ECF No. 67 (noting Judge Wright's findings, but stating "[i]t would not be a wise use of the Court's limited resources to *sua sponte* attempt to fully untangle the relationship between Hansmeier, Steele, Duffy, [and others]"); *AF Holdings, LLC v. Navasca*, Case No. 12-cv-02396-EMC, 2013 WL 5701104, at *2 (N.D. Cal. Oct. 16, 2013) (adopting Judge Wright's findings with respect to AF Holdings, Steele, and Hansmeier's "alter ego relationship, their conduct, and their business model"); *AF Holdings, LLC v. Chowdhury*, Case No. 12-cv-12105-JLT (D. Mass. October 22, 2013), ECF No. 34 (finding AF Holdings, LLC was "an alias of its counsel, Prenda Law, Inc., its principals, attorneys John L. Steele, Paul A. Duffy, and Paul R. Hansmeier, and its paralegal, Mark Lutz").

Based on this information, the Court has no doubt that Duffy, Steele, and Hansmeier are

closely associated and acted in concert to file and prosecute this frivolous lawsuit. Therefore, Smith's service on Duffy was also effective for Steele and Hansmeier. As such, Steel and Hansmeier had adequate notice of Smith's motion, and the deadline for response papers, but chose to disregard it.

However, assuming arguendo that Steele and Hansmeier did not have notice or an opportunity to be heard before the Court imposed sanctions, the due process violation was subsequently cured when the Court reheard the issue on November 13 at Steele and Hansmeier's request. Steele and Hansmeier had ample notice of the November 13 hearing, and they knew that they could sanctioned and ordered to pay Anthony Smith's attorney fees. The written briefs that Steele and Hansmeier filed in advance of that hearing, and the statements they made at the hearing itself gave them the opportunity to confront the Court's belief that they had engaged in sanctionable conduct and to try to convince the Court that they should not be sanctioned. "So it was essentially a no-harm, no-foul situation because, generally speaking, 'procedural errors are cured by holding a new hearing in compliance with due process requirements.'" *In re Hancock*, 192 F.3d 1083, 1086 (7th Cir. 1999), *quoting Batanic v. Immigration and Naturalization Service*, 12 F.3d 662, 667 (7th Cir. 1993) (holding imposition of sanctions was a deprivation of due process, however said deprivation was cured when the court stayed the sanctions order and scheduled another hearing). *See also Wright v. CompGeeks.com*, 429 F. App'x 693, 698 (10th Cir. 2011); *Powell v. Cadwell*, 42 F. App'x 821, 822 (7th Cir. 2002); *In re Rimsat, Ltd.*, 212 F.3d 1039, 1044 (7th Cir. 2000).

Because Hansmeier and Steele's motions fail to state any grounds for relief within the scope of Rule 60(b), and they were not deprived of due process with respect to the imposition of

sanctions, their motions to vacate or reconsider (Docs. 66, 68) are **DENIED**.

## II. MOTIONS FOR ATTORNEY FEES

The Court will next address the motions for attorney fees and costs under § 1927 filed by Defendants ComCast and AT&T (Docs. 78, 82). Under 28 U.S.C. §1927, "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The purpose of § 1927 "is to deter frivolous litigation and abusive practices by attorneys, and to ensure that those who create unnecessary costs also bear them." *Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (internal citations omitted). While there is no catch-all definition for either 'unreasonably' or 'vexatiously,' the Seventh Circuit has upheld sanctions under this statute when counsel acted recklessly, raised baseless claims despite notice of the frivolous nature of these claims, or otherwise showed indifference to statutes, rules, or court orders. *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006); *Kotsilieris v. Chalmers,* 966 F.2d 1181, 1184 (7th Cir. 1992).

ComCast and AT&T argue that fees are appropriate here because Plaintiff raised baseless claims against them, despite knowledge those claims were frivolous, in an effort to obtain the discovery that the Illinois Supreme Court had previously thwarted (Docs. 78, 82). Furthermore, Plaintiff continued to advance its baseless claims until the Court ruled that no discovery would be forthcoming until the motions to dismiss filed by Defendants were ruled on (Docs. 78, 82). Rather than waiting for the Court's ruling, however, Plaintiff dismissed all of its claims (Docs. 78, 82).

The Court agrees with ComCast and AT&T. By naming ComCast and AT&T as

Defendants without any valid claims in an attempt to make an end run around the Illinois Supreme Court's denial of discovery, Plaintiff unreasonably and vexatiously multiplied the proceedings in this matter. Namely, Defendants' attorneys were forced to respond to and appear for a hearing on Plaintiff's emergency motion for expedited discovery, to file various motions to dismiss, to appear for a scheduling and discovery conference, and to file a motion to stay discovery.

The Court also finds that Duffy, Hansmeier, and Steele exhibited a "serious and studied disregard for the orderly process of justice." *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006), *quoting Pacific Dunlop Holdings, Inc. v. Barosh,* 22 F.3d 113, 119 (7th Cir. 1994). These men have shown a relentless willingness to lie to the Court on paper and in person, despite being on notice that they were facing sanctions in this Court, being sanctioned by other courts,[2] and being referred to state and federal bars,[3] the United States Attorney in at least two districts,[4] one state Attorney General,[5] and the Internal Revenue Service.[6] For example, at the November 13 hearing, Hansmeier skirted the Court's direct questions, Steele made feigned protestations, and both flat-out lied about their association with Prenda Law, Inc. in the face of

---

[2] *AF Holdings, LLC v. John Doe(s)*, Case No. 12-cv-1445-JNE-FLN, (D. Minn. November 6, 2013), ECF No. 67 (ordering AF Holdings and Prenda Law to repay settlement money and all attorney fees and costs incurred by defendants); *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW, 2013 WL 1898633, at *5–6 (C.D. Cal. May 6, 2013) (jointly and severally liable for defendant's attorney fees and costs in the amount of $81, 319.72); *AF Holdings, LLC v. Chowdhury*, Case No. 12-cv-12105-JLT (D. Mass. October 22, 2013), ECF No. 34 (jointly and severally liable for defendant's in the amount of $21,393.60, with fees and costs trebled for a total judgment of $64,180.80).

[3] *AF Holdings, LLC v. John Doe(s)*, Case No. 12-cv-1445-JNE-FLN, (D. Minn. November 6, 2013), ECF No. 67; *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW, 2013 WL 1898633, at *5 (C.D. Cal. May 6, 2013)

[4] *AF Holdings, LLC v. John Doe(s)*, Case No. 12-cv-1445-JNE-FLN, (D. Minn. November 6, 2013), ECF No. 67; *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW, 2013 WL 1898633, at *5 (C.D. Cal. May 6, 2013)

[5] *AF Holdings, LLC v. John Doe(s)*, Case No. 12-cv-1445-JNE-FLN, (D. Minn. November 6, 2013), ECF No. 67

[6] *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW, 2013 WL 1898633, at *5 (C.D. Cal. May 6, 2013)

documentary evidence on the record in this case, and their sworn declarations in other cases.[7]

Accordingly, the imposition of attorneys' fees under § 1927 is appropriate here—from the inception of the claims through the present. *See Overnite Transp. Co. v. Chi. Indus. Tire Co.,* 697 F.2d 789, 794 (7th Cir.1983) (§ 1927 can reach the filing of the complaint where the lawsuit was legally meritless from the outset, and counsel should have known that it was); *Kotsilieris v. Chalmers,* 966 F.2d 1181, 1184–85 (7th Cir. 1992) (§ 1927 sanctions appropriate where counsel pursued baseless claim despite receiving notice that claims were frivolous).

## III.   ITEMIZATIONS OF FEES AND COSTS

For the reasons stated above, and in accordance with the Court's previous order (Doc. 65), Defendants have been awarded reasonable attorney fees and costs under 28 U.S.C. § 1927 for all time expended from the filing of the amended complaint and the removal of the case to federal court in August 2012.

Anthony Smith seeks a total of $72,367.00 in attorney fees and costs (Doc. 90). This total includes $72,150.40 in attorney fees for 187.2 hours of work done by Smith's attorneys from the time Smith was served with summons in August 2012 through May 2013 (Doc. 90-1). The hours were billed at a rate of $409.00 per hour for partners Dan Booth and Jason Sweet and $200.00 per hour for (Doc. 90-1). This total also includes $216.20 in costs (Doc. 90-1).

SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T") seeks a total of $119,637.05 in attorney fees and costs (Doc. 97). This total includes $870.29 in costs and $38,987.83 in attorney fees for the law firm of Hepler Broom for approximately 158.7 hours of

---

[7] Steele submitted a declaration in the Central District of California swearing that he was "of counsel with the law firm, Prenda Law, Inc." and that Hansmeier was "also of counsel to the firm." *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW (C.D. Cal. March 8, 2013), ECF No. 83).

work from the time the case was removed to federal court in August 2012 through November 2013 (Doc. 97-1). The hours were billed at various billing rates ranging from $295.00 to $110.00 per hour (Doc. 97-1). The total sought by AT&T also includes $864.92 in costs and $80,524.50 in attorney fees for the law firm of Locke Lord, LLP for approximately 215 hours of work from the time the case was removed to federal court in August 2012 through November 2013(Doc. 97-2). The hours were billed at various billing rates ranging from $250 to $555 per hour (Doc. 97-2).

ComCast Cable Communications, LLC seeks a total of $69,021.26 in attorney fees and costs (Doc. 98). This total includes $806.98 in costs and $57,144.28 in attorney fees for the law firm of Davis Wright Tremaine, LLP ("DWT") for approximately 132 hours of work from the time the case was removed to federal court in August 2012 through April 2013 (Doc. 98-1). The hours were billed at various billing rates ranging from $531.00 to $212.50 per hour (Doc. 98-1). This total also includes $11,070.00 in attorney fees for the law firm of Lashley & Baer, P.C. for 36.9 hours of work at a billing rate of $300.00 per hour (Doc. 98-2).

The Court notes that Paul Duffy, Paul Hansmeier, and John Steele had an opportunity to respond, and did respond, to Smith, AT&T, and ComCast's general requests for fees and costs (Docs. 63, 66, 68, 74, 86). Duffy, Hansmeier, and Steele have not filed responses to the specific itemizations, but having reviewed the itemizations and declarations in support thereof, the Court finds a response is not necessary because no further information is required for this ruling.

After carefully considering the itemizations of fees and costs and the declarations in support thereof submitted by the attorneys for Smith, AT&T, and ComCast, the Court finds the time spent and the amounts charged by Smith, AT&T, and ComCast to be reasonable. The Court has also carefully considered the interrelationship between Duffy, Hansmeier, and Steele. The

Court finds, that these men acted in concert throughout the entirety of the proceedings in this matter, share total responsibility for their actions, and are jointly and severally liable for the fees and costs of Defendants.

## CONCLUSION

The motions to vacate, or in the alternative, to reconsider the order granting Anthony Smith's motion for attorney fees filed by Paul Duffy (Doc. 74), Paul Hansmeier (Doc. 66), and John Steele (Doc. 68) are **DENIED.**

The motions for attorney fees and costs filed by Defendants ComCast Cable Communications, LLC (Doc. 78) and SBC Internet Services, Inc. d/b/a AT&T Internet Services (Doc. 82) are **GRANTED**.

It is **ORDERED** that pursuant to 28 U.S.C § 1927, Paul Duffy, Paul Hansmeier, and John Steele are jointly and severally liable, and shall pay within 14 days of this order, attorney fees and costs to Defendant Anthony Smith in the amount of $72,367.00, to AT&T in the amount of $119,637.05, and to ComCast in the amount of $69,021.26 for a total judgment of $261,025.11, with interest as provided by law.

**IT IS SO ORDERED.**

DATED: November 27, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge