### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORPORATION, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 12-cv-889 GPM-SCW |
| | ) | |
| v. | ) | Judge: Hon. G. Patrick Murphy |
| | ) | |
| ANTHONY SMITH, *et al.*, | ) | Magistrate: Stephen C. Williams |
| | ) | |
| *Defendants*. | ) | |

### DEFENDANTS' JOINT MOTION FOR CONTEMPT, OR IN THE ALTERNATIVE, FOR AN ORDER TO PLAINTIFFS' COUNSEL TO SHOW CAUSE WHY THEY EACH SHOULD NOT BE HELD IN CONTEMPT

Defendants Anthony Smith, Comcast Cable Communications LLC and Comcast Corporate Representative #1 (together, "Comcast"), and SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T") (collectively "Defendants"), hereby jointly and respectfully move the Court for an order holding in contempt Plaintiffs' Counsel John Steele, Paul Duffy and Paul Hansmeier, for their failure to comply with this Court's Order of November 27, 2013, issued pursuant to 28 U.S.C § 1927 (Dkt. 100), which clearly and unequivocally stated that they "are jointly and severally liable, ***and shall pay within 14 days of this order***, attorney fees and costs to Defendant [] Smith in the amount of $72,367.00, to AT&T … of $119,637.05, and to Comcast … of $69,021.26, for a total [ ] of $261,025.11, with interest as provided by law" (emphasis added) (the "Fee Order"). None of Plaintiff's Counsel has complied with the Fee Order or sought a stay.

Alternatively, the Court should issue an order requiring Messrs. Duffy, Hansmeier and Steele to show cause why they should not each be held in contempt for their failure to timely comply with the Fee Order by paying the stated amounts, which were due to be tendered to Defendants over two weeks ago, by December 11, 2013.

**Background on the Fee Order**

After this matter was voluntarily dismissed by Plaintiff, following full briefing of Defendants' motions to dismiss and multiple rejected efforts by Plaintiff to improperly gain third-party discovery, this Court issued the Fee Order based on motions and itemizations from Defendants that detailed the fees and expenses they were forced to incur to defend Plaintiff's baseless claims. As the Court held in granting Defendant Smith's Motion for Attorney's fees (Dkt. 61) pursuant to F.R.C.P. 54(d)(2) and 28 U.S.C. § 1927, "Plaintiff raised baseless claims despite knowledge [they] were frivolous and pressed for a meritless 'emergency' discovery hearing," as part of a case that "smacked of bullying pretense." (Dkt. 65 at 1). The fee motions were fully briefed, and Messrs. Duffy, Hansmeier and Steele had ample opportunity in motion practice to oppose the award of fees and costs (*e.g.*, Dkts. 67-69, 74-75, 86-88), and to make proffers at the hearing at which Plaintiff's Counsel were all present either in person or by phone. (Dkt. 96).

Having all this before it, and being duly informed, the Court entered the Fee Order, holding it was "irrefutable" that notice of the fee motions had been provided (Dkt. 100 at 5-13), and concluding that Plaintiffs had proceeded "without any valid claims in an attempt to make an end run around the Illinois Supreme Court's denial of discovery" and thus "unreasonably and vexatiously multiplied the proceedings." *Id*. at 10. Such efforts also "exhibited a serious and studied disregard for the orderly process of justice" that further made "the imposition of attorney's fees under § 1927 appropriate here – from the inception of claims through the present." *Id*. at 10-11. Indeed the Court noted that the underlying case was "… pointless, worthless, a sham…" and that Plaintiff's Counsel's "chances of being successful on appeal are somewhere between slim and below zero." November 13, 2013 Hearing Transcript at 26 (Dkt. 101).

### **Contempt Is Now Appropriate For Failure To Pay**

Having failed to abide by the Fee Order, Plaintiff's Counsel should be held in civil contempt. Although Messrs. Duffy, Hansmeier and Steele filed a Notice of Appeal on December 12, 2013, seeking review of the Fee Order (Dkt. 102), they did not join it with either a motion to stay the obligations imposed by the Fee Order, or a supersedeas bond.[1] The law in this Circuit is well-settled: "A judgment entitles the prevailing party to the stated sum. * * * * An appeal by the loser does not eliminate the winner's entitlement to immediate payment, although it does create the opportunity to obtain a stay by posting a supersedeas bond." *BASF Corp. v. Old World Tr. Co.*, 979 F.2d 615, 616 (7th Cir. 1992) (citing F.R.C.P. 62(d)). *Cf. Cleveland Hair Clinics, Inc. v. Puig*, 104 F.3d 123, 125 (7th Cir. 1997) (district court order or decision need not be a "judgment" for F.R.C.P. 62(d) to apply). "All orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes [it] is incorrect, the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Thomas v. City of Evanston*, 636 F.Supp. 587, 588-89 (N.D. Ill. 1986) (quoting *Maness v. Meyers*, 419 U.S. 449, 458-59 (1975)) (internal edit omitted). Where a court's decision unequivocally requires a litigant to take specific steps, including paying moneys owed – as is the case here – it is plain that even when an appeal is pending, failure to comply with that decision can and should subject the noncomplying party to a contempt finding. *Id*. at 589. *Cf. also id*. at 589 n.3 ("if the Rule 62(d) bond … would have applied to moneys paid under the seniority order,

---

[1] See Joint Docketing Statement, *Lightspeed v. Smith*, No. 13-3801 (7th Cir). Messrs. Duffy, Hansmeier and Steele argue that the Fee Order is final and appealable, but make no mention of paying the amounts ordered, posting any bond, or seeking a stay. (App. ECF 3).

the City would still be in contempt since it disobeyed the order rather than post a bond"). In the absence of a bond or a stay, contempt is now appropriate notwithstanding the appeal.[2]

The Fee Order could not have been clearer. Messrs. Duffy, Hansmeier and Steele were compelled to remit $72,367 to Defendant Smith, $69,021.26 to Defendant Comcast, and $119,637.05 to Defendant AT&T, by December 11, 2013. They have intentionally and flagrantly defied that order, just as they disregarded their obligations as officers of the court in the vexatious and improper litigation they advanced – first, in state court until the Illinois Supreme Court blocked that path, and then upon amendment and removal in federal court here. Messrs. Duffy, Hansmeier and Steele are in contempt of this Court's Fee Order, and should be sanctioned accordingly, ordered again to pay, and this time with additional interest as permitted by law *and* a daily fine for Plaintiff's counsel's continued failure to pay as ordered. *See Ingenuity 13 LLC v. John Doe*, No. 12-cv-08333-ODW-JC (C.D. Cal. entered May 21, 2013) (When the same counsel as here – Messrs. Steele, Hansmeier, and Duffy, among others – failed to properly seek a stay of an attorney's fees order against them, they were ordered to pay "$1,000 per day, per person or entity, until this attorney's fee award is paid or a bond for the same amount is posted").[3] *See also Zivitz v. Greenberg*, No. 98-cv-5350, 2000 U.S. Dist. LEXIS 7842, at *10 (N.D. Ill. Jun. 5, 2000) (as a civil contempt remedy, imposing daily fine of $250 per

---

[2] Even if Messrs. Duffy, Hansmeier and/or Steele had sought a stay, or if they should seek to do so belatedly, Defendants would not agree that a stay is appropriate. The requirements for a stay pending appeal mirror those for securing a preliminary injunction, *i.e.*, the moving party must show likelihood of winning its appeal, (2) likelihood of irreparable injury absent a stay, (3) that the stay would not unduly prejudice the nonmoving party, and (4) that a stay would be consistent with the public interest. *Thomas*, 636 F.Supp. at 590 (citing *Glick v. Koenig*, 766 F.2d 265, 269 (7th Cir. 1985)). As the Fee Order makes plain, the record is abundantly clear as to the egregious and extensive wrongdoing by the Plaintiff's Counsel, such that it can be said they have no more than a "slim to less than zero" chance of prevailing on their appeal, nor would it serve the public interest to stay their duty to pay the fees awarded, which was a sanction for unreasonably and vexatiously multiplying proceedings and advancing worthless and sham claims.

[3] The decision leading to the award of attorney's fees against Plaintiff's Counsel in *Ingenuity 13 LLC v. Doe* is available here at Dkt. 92-4. Plaintiff's counsel thereafter posted bond in that proceeding, purging contempt. *Ingenuity 13 LLC v. Doe*, Order dated June 17, 2013 (CD Cal. Dkt, 189).

day for seven days following contempt order, $500 per day for seven days after that, and $1,000 per day thereafter). At a minimum, the Court should issue an order requiring each of Messrs. Duffy, Hansmeier and Steele to show cause why they should not be held in contempt and sanctioned further.

## CONCLUSION

Accordingly, Defendants Smith, Comcast and AT&T respectfully request that this Court grant this Motion and hold Messrs. Duffy, Hansmeier and Steele in contempt of Court, or alternatively, that they be ordered to show cause why each of them should not be held in contempt. Defendants also seek their attorneys' fees incurred in seeking a finding of contempt here, which fees have been necessitated only as a result of the Plaintiff's Counsel's defiance of a clear and unequivocal Order of the Court, as well as interest and additional daily fines for each day Plaintiff's Counsel fail to make payment as ordered.

Dated: December 27, 2013

        Respectfully submitted,

        By: /s/ *Jason E. Sweet* (with consent)
        Jason E. Sweet (admitted *pro hac vice*)
        Dan Booth (admitted *pro hac vice*)
        BOOTH SWEET LLP
        32R Essex Street
        Cambridge, MA 02139
        Tel.: (617) 250-8602
        Fax: (617) 250-8883

        *Attorneys for Defendant Anthony Smith*

By: /s/ *John D. Seiver*
John D. Seiver (admitted *pro hac vice*)
Ronald G. London
DAVIS WRIGHT TREMAINE, LLP
1919 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
(202) 973-4200

Andrew G. Toennies
LASHLY & BAER, P.C.
20 East Main Street
Belleville, Illinois 62220-1602
(618) 233-5587

*Attorneys for Defendants Comcast Cable Communications, LLC and Comcast Corporate Representative #1*

By: /s/ *Bart W. Huffman* (with consent)
Bart W. Huffman (admitted *pro hac vice*)
LOCKE LORD LLP
100 Congress Avenue, Suite 300
Austin, TX 78701
(512) 305-4700

Troy A. Bozarth – 06236748
HEPLERBROOM LLC
130 North Main Street
Edwardsville, IL 62025
(618) 656-0184

*Attorneys for SBC Internet Services, Inc. d/b/a AT&T Internet Services*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 27th day of December, 2013, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic system upon all counsel of record via the Court's CM/ECF system.

                   /s/ *John D. Seiver*
                   John D. Seiver