UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, | CASE No. 3:12-CV-00889-GPM-SCW |
| Plaintiff, | |
| v. | Judge: Hon. G. Patrick Murphy |
| ANTHONY SMITH, et al, | Magistrate: Hon. Stephen C. Williams |
| Defendants. | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS FOR FINDINGS OF CONTEMPT AND AN ORDER FOR SANCTIONS**

The Court should deny the joint "Motion for Contempt, Or In The Alternative, For An Order To Plaintiffs' Counsel To Show Why They Should Not Be Held In Contempt" (the "Motion") by Defendants Comcast Cable Communications, LLC, Comcast Corporate Representative #1, SBC Internet Services, Inc. and Anthony Smith (collectively, "Defendants") (ECF #107) for at least two reasons: (1) it improperly attempts to bypass legitimate judgment enforcement procedures; and (2) Defendants have failed to satisfy any of the relevant elements of civil contempt by clear and convincing evidence.

Counsel for Defendant Smith similarly sought to bypass legitimate judgment procedures in a case pending in the U.S. District Court for the District of Massachusetts (*AF Holdings v. Chowdhury* Case No. 1:12-cv-12105-JLT) and that Court promptly denied it, without prejudice to being re-raised at the conclusion of the appeal of the matter. (ECF No.55.)  The Defendants' choice to bring such a baseless motion in this Court suggests gamesmanship on their part, as the judgment debtors' opening brief in the Seventh Circuit Appellate Court was due to be filed the previous day, as Defendants well know.

For the reasons set forth below, the Motion is improper and baseless, and the Court should deny it.

## I. Background.

The underlying action has been pending since December 14, 2011, when it was filed in Illinois state court. The lawsuit was originally brought against an unidentified computer hacker known to the Plaintiff only by his IP address. Plaintiff ultimately named that Defendant, and brought claims against the Defendant Internet Service Providers ("ISPs") who now bring the Motion. Throughout the litigation, Plaintiff's actions were primarily directed at efforts to get ISPs to produce information relevant to Plaintiff's damages. Plaintiff responded (Dkt. 44) and Defendant replied. (Dkt. 51.) Plaintiff voluntary dismissed its complaint on March 21, 2013. (Dkt. 59.) The pending motions to dismiss were dismissed as moot and the case was closed.

On April 5, 2013, Defendant Smith filed a motion seeking his attorneys' fees against attorneys John Steele, Paul Duffy and Paul Hansmeier under 28 U.S.C. § 1927. The District Court preliminarily granted Defendant Anthony Smith's petition for attorney fees under 28 U.S.C. § 1927 in an initial, non-final order which did not set the amount of fees on October 30, 2013. (CITE 65.) Shortly thereafter, Defendants AT&T and Comcast each moved for attorney fees under § 1927. (CITE 78 & 82.) The District Court denied Appellants' motions to vacate or reconsider, granted the sanctions motions of AT&T and Comcast, and set the amounts of the fee awards to Smith, AT&T and Comcast in a final order entered on November 27, 2013. (CITE 100.) Defendants bring their Motion seeking to recover the judgment through a civil contempt proceeding in this Court. No Defendant has initiated a supplemental proceeding in accordance with Illinois law to determine the judgment debtors' present ability to pay the judgment, or to collect upon it.

## II. Discussion

Initially, it is important to characterize the November 27, 2013 Order (ECF NO. 100). It was a final judgment in the case and not an interlocutory order to pay. There were no other issues remaining before the Court when it issued the November 27, 2013 Order, and that Order disposed of all pending claims in the litigation. The Court specifically stated that it was a "judgment." (Order at p. 13.) As such, the Order was a final judgment in the case (now on appeal in the Seventh Circuit), and Defendants' options to collect are governed by Illinois law governing judgment creditors.

### a. The Motion For Contempt Is An Improper Attempt To Bypass Legitimate Judgment Enforcement Procedures

Federal Rule of Civil Procedure 69 makes clear that a money judgment—such as the default judgment obtained by Defendants—is enforceable according to the procedures of the state where the court is located. Fed. R. Civ. P. 69. Defendants' efforts do not comply with the procedures established by Illinois law.

Illinois law provides that "any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all parties is not enforceable or appealable and is subject to revision at any time before entry of judgment adjudicating all the claims, rights, and liabilities of all the parties." Illinois Supreme Court Rule 304(a). The November 27 Order of the Court adjudicated all claims for relief asserted by all parties and thus is a final judgment.

The only permissible way for Defendants to seek to enforce the final judgment is through the initiation of supplemental proceedings to enforce it. In Illinois, supplemental proceedings are governed by 735 ILCS 5/2-1402 And Illinois Supreme Court Rule 277. A citation to discover assets is a supplementary proceeding which allows a creditor to discover assets or income of the debtor not exempt from the enforcement of the judgment, and to compel application of non-

exempt assets or income toward the payment due under the judgment. 735 ILCS 5/2-1402(a). The citation must be served through personal service upon the judgment debtor, and must contain a return date, which is the date upon which the debtor is to appear in court. (*Id.*) The Illinois Code of Civil Procedure provides that the creditor must give the debtor at least five days' notice of the citation hearing. (*See id.*) Generally, the debtor will appear in court on the day of the citation return date, be sworn in by the court and will be examined by the creditor's attorney, in an informal deposition format, to determine whether the debtor has assets to satisfy the judgment. If it is determined that the debtor has no assets to satisfy the judgment, the citation will be terminated and the debtor is free to go. If it is determined that the debtor does have assets to satisfy the judgment, several options are available to the creditor. The court, by appropriate order, may compel the debtor to deliver up property, either directly to the judgment creditor, or to the sheriff to be sold at an auction. A judgment debtor is also entitled to claim statutory exemptions set forth in 735 ILCS 5/12-1001.

A properly initiated supplemental proceeding requires personal service of process and other due process protections. *See id.* In a properly initiated supplemental proceeding, the court's civil contempt power cannot be invoked unless an evidentiary hearing is held and the judgment creditor proves by clear and convincing evidence that the judgment debtor has the current ability to pay the judgment, in whole or partial payments. *See* Illinois Supreme Court Rule 277. Sanctions for civil contempt are designed to either compel a party to comply with an existing court order, or to compensate the complainant for losses it sustains as a result of disobedience with an order. *States v. Dowell,* 257 F.3d 694, 699 (7th Cir. 2001). A court's civil contempt power is based upon its inherent authority to enforce compliance with its orders. *Id.* In a supplemental proceeding, the court has discretion as to the nature of the sanction to impose

for violating an order. *Star Ins. Co. v. Rush Marketing Group, Inc.,* 561 F.3d 656, 663 (7th Cir. 2009). The standard of proof for civil contempt is clear and convincing evidence. *Dowell,* 257 F.3d at 699; *Bailey v Roob,* 567 F.3d 930, 933-36 (2009).

In this action, there is a final judgment, but Defendants have not taken any proper steps to enforce it. For example, they have not: (1) properly initiated supplemental proceedings against judgment debtors that are found in Illinois; or (2) served a citation to discover assets against any of the judgment debtors. Instead, and in direct violation of the Federal Rules of Civil Procedure and the laws of Illinois, Defendants are attempting to invoke the Court's contempt power to enforce the judgment, without having first complied with the due process mandates established by Illinois law.

### b. Defendants Have Otherwise Failed To Establish The Elements Of Civil Contempt

In a contempt proceeding, the movant party must show, by clear and convincing evidence, that "(1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *W. Bend Mut. Ins. Co. v. Belmont St. Corp.,* No. 09 C 354, 2010 U.S. Dist. LEXIS 136267 at *99 (N.D. Ill. Dec. 23, 2011). The burden on the part of the movant is clear and convincing evidence.

The first two elements are unsatisfied: a money judgment, without more, is normally not a court order capable of giving rise to civil contempt. In cases cited by Defendants, individuals were held in contempt for violating orders such as injunctions, subpoenas or other process. Defendants have not --- and cannot --- suggest that Respondents violated a validly-served citation to discover assets or other supplemental proceedings provided in Illinois law to collect a

judgment. Defendants have undertaken none of the steps provided in Illinois law to determine whether any Respondent has assets sufficient to comply with the judgment of the Court.

## CONCLUSION

For all of the foregoing reasons, the undersigned requests the Court to deny the Defendants' Motion, and to grant any and all further relief that is reasonable and appropriate under the circumstances.

January 28, 2014

                                            Respectfully Submitted,

                                            /s/ Paul Duffy
                                            Paul Duffy
                                            Duffy Law Group
                                            2 N. LaSalle Street, 13thFloor
                                            Chicago, IL  60602
                                            312-952-6136
                                            pduffy@pduffygroup.com
                                            *Pro se*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 28, 2014, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

                                            /s/ Paul Duffy