UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHTSPEED MEDIA CORP.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**ANTHONY SMITH, et al.,**<br><br>*Defendants.* | Civil No. 3:12-cv-889-DRH-SCW<br><br>**MEMORANDUM OF PAUL HANSMEIER IN OPPOSITION TO THE DEFENDANTS' JOINT MOTION FOR CONTEMPT, OR, IN THE ALTERNATIVE, FOR AN ORDER TO PLAINTIFFS' COUNSEL TO SHOW CAUSE WHY THEY EACH SHOULD NOT BE HELD IN CONTEMPT** |

Paul Hansmeier respectfully opposes the Defendants' Joint Motion for Contempt, Or, In The Alternative, For an Order to Show Cause Why They Each Should Not Be Held In Contempt (the "Motion") (Dkt. 107.)

## BACKGROUND

This is the second attempt by counsel for the Defendants to attempt to enforce a money judgment through contempt proceedings, rather that proper money judgment enforcement procedures. In a case pending in the U.S. District Court for the District of Massachusetts, Defendant Smith's counsel moved the district court to hold the undersigned and several others in contempt until they satisfied a money judgment. *See* Motion for Contempt, *AF Holdings, LLC v. Sandipan Chowdhury,* No. 1:12-cv-12105-JLT (D. Mass.), at ECF No. 50. The district court quickly denied the request without prejudice, with leave to re-raise the motion after the conclusion of the appeal of the matter. *Id.,* at ECF No. 55. There is no reason why a different result should command here.

## DISCUSSION

The elements of civil contempt are well-known. The complaining party must establish by clear and convincing evidence that a party violated an "unequivocal command" of the district court. *Stotler and Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989). The Defendants have not met this heavy burden.

### A.   THE DEFENDANTS HAVE NOT SUBMITTED ANY EVIDENCE REGARDING COMPLIANCE

The most glaring problem in the Defendants' Motion is the complete absence of any evidence whatsoever on the issue of compliance. The Motion states, for example, that "None of Plaintiff's Counsel has complied with the Fee Order or sought a stay." (*See* Dkt. 107 at 1.) Yet, neither this statement nor others like it are supported by affidavit, declaration or anything else. (*See generally id.*) The Defendants' failure to submit any evidence whatsoever—much less clear and convincing evidence—of non-compliance with the November 27, 2013, Order is reason enough to summarily deny the Motion. *Stotler*, 870 F.2d at 1163.

### B.   MONEY JUDGMENTS ARE NOT ENFORCEABLE THROUGH CONTEMPT PROCEEDINGS

Even if the Defendants had established that the November 27, 2013, Order was unsatisfied, the Court must still interpret the Order to determine whether it is a money judgment or something else. By its very own words, the November 27, 2013, Order gave rise to, "a total judgment of $261,025.11, with interest as provided by law," jointly and severally against Messrs. Hansmeier, Duffy and Steele. (*See* Dkt. 100 at 13.) In other words, the November 27, 2013, Order is unambiguously a money judgment.

If the judgment imposed by the November 27, 2013, Order remains unsatisfied, the Defendants must, of course, follow proper money judgment enforcement mechanisms. In the very first case cited in the Defendants' Motion, *BASF Corp. v. Old World Trading Co.*, now-Chief Judge Easterbrook of the Seventh Circuit made clear how money judgments are properly

2

enforced. "A money judgment entitles the prevailing party to the stated sum. If the loser does not pay, the winner can seize and sell its assets." *BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 616 (7th Cir. 1992). The Seventh Circuit's statements dovetail with Federal Rule of Civil Procedure 69, which states, "A money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69. In other words, the remedy for an unpaid judgment creditor is asset seizure and sale, not contempt proceedings.

The other cases cited by the Defendants are irrelevant to the instant matter. *Cleveland Hair Clinic, Inc. v. Puig* addressed the issue of appellate jurisdiction over interlocutory sanctions awards. 104 F.3d 123 (7th Cir. 1997). *Thomas v. City of Evanston*, involved the City of Evanston's alleged violation of a consent decree, not its failure to satisfy a money judgment. 636 F.Supp. 587 (N.D. Ill. 1986). In *Zivitz v. Greenberg*, certain defendants were adjudged to be in contempt for failing to abide by the terms of a settlement agreement. No. 98-cv-5350, 2000 U.S. Dist. LEXIS 7842, at *10 (N.D. Ill. Jun. 5, 200). Thus, the Defendants fail to cite to any case in which a money judgment was enforced through contempt proceedings, rather than writs of execution.

C. THE DEFENDANTS' CONTENTION THAT THE NOVEMBER 27, 2013, ORDER IS NOT A MONEY JUDGMENT IS BELIED BY THEIR ACTIONS

The Defendants' contention that the November 27, 2013, Order is not a money judgment is belied by their behind-the-scenes actions. At this very moment, the Defendants are taking active steps to enforce the relief granted in the Order, just as they would a money judgment. Specifically, yesterday, Hansmeier received correspondence from the Defendants which stated that attorney Jason Sweet, counsel to Defendant Smith and the lead signatory of Motion, has been issuing financial records subpoenas from this Court. *See* Hansmeier Declaration, Exhibits A and B. This Court should look to the Defendants' deeds, and not their words, to ascertain

whether the Defendants subjectively believe that the November 27, 2013, Order is anything other than a money judgment.

### D. IN THE ALTERNATIVE, THE COURT SHOULD GRANT HANSMEIER AND THE OTHER JUDGMENT DEBTORS LEAVE TO SEEK A STAY OF THE NOVEMBER 27, 2013 ORDER

If the Court finds that the November 27, 2013, Order imposed an injunction, rather than a money judgment, then it should stay the November 27, 2013, Order as to Hansmeier and any other judgment debtor who seeks a stay. The elements of a stay are: (1) likelihood of success on the merits; (2) balance of interests weighing in favor of the movant; and (3) the public interest. The elements are readily satisfied in the instant matter. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Antonelli v. FBI*, 553 F. Supp. 19, 20 (N.D. Ill. 1982).

The first element—likelihood of success on the merits of the appeal—is satisfied for the following reasons: *First*, Hansmeier was not afforded the due process protections to which he was entitled. Smith's § 1927 motion was not served on Hansmeier, who had withdrawn from the case, and who found out about it only after it was granted. Counsel for Smith rebuffed the district court's suggestion to "just back up and make notice now." The district court excused Smith's lack of service on two grounds, but both are unavailing. For example, notwithstanding the district court's contention otherwise, due process requires that *each* attorney against whom sanctions are sought must be notified of the sanctions. That did not occur here. Further, the district court did not allow Hansmeier to challenge any of the Defendants' fee itemizations. These errors prejudiced Hansmeier and allowed discrepancies in the fee itemizations to go unchallenged. Because of these due process shortcomings, there is an excellent chance that Hansmeier will prevail on appeal.

*Second*, and even more importantly, the district court did not perform two necessary § 1927 inquiries. Liability under § 1927 is direct, not vicarious; sanctions must be specifically

4

apportioned according to attorneys' individual actions and cannot be imputed to others. *FM Indus., Inc. v. Citicorp Credit Servs.*, 614 F.3d 335, 341 (7th Cir. 2010); *Claiborne v. Wisdom*, 414 F.3d 715, 722–24 (7th Cir. 2005). Yet the district court sanctioned Hansmeier jointly and severally for the entirety of the litigation without linking his individual actions to harm against the Defendants. As a matter of record Hansmeier, did not sign the Complaint, first appeared in the case after it was removed to federal court, and withdrew from the case long before it was dismissed. The only substantive action Hansmeier took was the filing of a single ten-page opposition paper to the Defendants' motion for a stay of discovery.

In other words, for the sole act of filing a single ten-page opposition paper, Hansmeier was sanctioned jointly and severally with others for over a quarter million dollars in liability. This result not only offends basic notions of fairness, but it also cannot be squared with controlling Seventh Circuit precedent. The Seventh Circuit has also established that if § 1927 motions are not brought within a reasonable time, the district court loses jurisdiction to consider them. *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 793 (7th Cir. 1983). Yet, the district court considered and granted § 1927 motions by AT&T and Comcast filed more than seven months after Plaintiff's voluntary dismissal, without any inquiry into the issue of timeliness.

*Third*, the sanctions order was not supported by the record. The sanctions order repeatedly describes Plaintiff's case as baseless, but it fails to explain how or why Plaintiff's claims were baseless. Nor is it evident from the record why the sanctioned attorneys should have known in advance that Plaintiff's claims would be adjudged baseless, particularly since the district court had expressed muted optimism regarding the case and had been made aware of supportive authority from other jurisdictions. The district court drew a negative inference from

5

Plaintiff's voluntary dismissal, despite good-faith reasons for that dismissal. And the district court found that the three attorneys exhibited a "relentless willingness to lie," based only on several statements by Steele and Hansmeier (not Duffy) that were not contradicted by the record. These reasons also support Hansmeier's likelihood of success on the merits of his appeal.

The second element—balance of interests—is also met. On the one hand, AT&T and Comcast are among the largest companies in the United States. Smith was not billed by his attorneys for their work. Thus, the beneficiaries of the November 27, 2013, Order are not materially prejudiced by waiting for the Seventh Circuit to rule whether the November 27, 2013, Order will be vacated as to Hansmeier. This is particularly true where, as here, the appeal is proceeding in a timely manner. Appellants Duffy, Steele and Hansmeier have already perfected their appeal and filed their opening brief. *See* Hansmeier Declaration Exhibit C. On the other hand, the quarter of a million dollars liability created by the very tenuous November 27, 2013, Order would impose a crippling financial liability on Hansmeier. To be sure, if the November 27, 2013, Order is upheld as to Hansmeier or anyone else, there will be ample opportunity for the Defendants to engage in enforcement efforts.

The final element—the public interest—is not meaningfully implicated by Hansmeier's request. The equitable factors associated with requests for a stay cannot be reduced to a "set of rigid rules," but rather necessitate "individualized judgments in each case." *Hilton*, 481 U.S. at 777. Further, "to find that plaintiffs have a strong likelihood of success on appeal, the Court need not harbor serious doubts concerning the correctness of [a] decision. Otherwise, relief under rule 62© would rarely be granted." *Peck v. Upshur Cnty. Bd. Of Educ.*, 941 F. Supp. 1478, 1481 (N.D. W. Va. 1996). The substantiality of Hansmeier's arguments on appeal, together with the balance of equities, weighs heavily in favor of granting a stay pending appellate review.

## CONCLUSION

For the reasons set forth herein, the Court should deny the Defendants' Motion. In the alternative, the Court should stay the November 27, 2013, Order pending the Seventh Circuit's ruling on the appeal that is pending.

January 29, 2014 /s/ Paul Hansmeier
Paul Hansmeier
80 S. 8th St. Ste 900
Minneapolis, MN 55402
612-234-5744