<div style="text-align:center">

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

</div>

| | |
|---|---|
| **LIGHTSPEED MEDIA CORP.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**ANTHONY SMITH, et al.,**<br><br>*Defendants*. | Civil No. 3:12-cv-889-DRH-SCW<br><br><br>**MEMORANDUM IN SUPPORT OF JOHN STEELE'S MOTION TO STAY THE NOVEMBER 27, 2013 ORDER** |

John Steele submits this memorandum in support of his Motion to Stay the November 27, 2013 Order.

**<u>DISCUSSION</u>**

The elements of a stay are: (1) likelihood of success on the merits; (2) balance of interests weighing in favor of the movant; and (3) the public interest. The elements are readily satisfied in the instant matter. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Antonelli v. FBI*, 553 F. Supp. 19, 20 (N.D. Ill. 1982).

The first element—likelihood of success on the merits of the appeal—is satisfied for the following reasons: *First*, Steele was not afforded the due process protections to which he was entitled. Smith's § 1927 motion was not served on Steele, who had withdrawn from the case, and who found out about it only after the motion was granted. Counsel for Smith rebuffed the district court's suggestion to "just back up and make notice now." The district court excused Smith's lack of service on two grounds, but both are unavailing. For example, notwithstanding the district court's contention otherwise, due process requires that *each* attorney against whom sanctions are sought must be notified of the sanctions. That did not occur here. Further, the

district court did not allow Steele to challenge any of the Defendants' fee itemizations. These errors prejudiced Steele and allowed discrepancies in the fee itemizations to go unchallenged. Because of these due process shortcomings, there is an excellent chance that Steele will prevail on appeal.

*Second*, and even more importantly, the district court did not perform two necessary § 1927 inquiries. Liability under § 1927 is direct, not vicarious; sanctions must be specifically apportioned according to attorneys' individual actions and cannot be imputed to others. *FM Indus., Inc. v. Citicorp Credit Servs.*, 614 F.3d 335, 341 (7th Cir. 2010); *Claiborne v. Wisdom*, 414 F.3d 715, 722–24 (7th Cir. 2005). Yet the district court sanctioned Steele jointly and severally for the entirety of the litigation without linking his individual actions to any harm against the Defendants. Yet this Court can take judicial notice that Steele did not sign the Complaint and that he withdrew from the case before it was dismissed. The only substantive action Steele took in this case was that he appeared for one oral argument. It is worth noting that Steele's co-counsel, Kevin Hoerner, was also at the hearing Steele is being sanctioned for. Yet, this Court found Hoerner, who also filed the actual Amended Complaint in this matter, did nothing sanctionable. Meanwhile, Steele was found liable for the entire case, extending back to before he even appeared in the matter.

For the sole act of appearing at one brief hearing with Attorney Hoerner—whom this Court found did NOT engage in sanctionable conduct—Steele was sanctioned for over a quarter of a million dollars.

Additionally, the Seventh Circuit has established that if § 1927 motions are not brought within a reasonable time, the district court loses jurisdiction to consider them. *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 793 (7th Cir. 1983). Yet, the district court

considered and granted § 1927 motions by AT&T and Comcast filed more than seven months after Plaintiff's voluntary dismissal—and after Steele had left the case—without any inquiry into the issue of timeliness.

In addition, the sanctions order was not supported by the record. The sanctions order repeatedly describes Plaintiff's case as baseless, but it fails to explain how or why Plaintiff's claims were baseless. Nor is it evident from the record why the sanctioned attorneys should have known in advance that Plaintiff's claims would be adjudged baseless. Steele had successfully made similar arguments in The Northern District of Illinois and the District of Columbia. The district court also found that the three attorneys exhibited a "relentless willingness to lie," based only on several statements by Steele and Hansmeier that are <u>not</u> contradicted by the record. These reasons also support Steele's likelihood of success on the merits of his appeal.

The second element—balance of interests—is also met. First, AT&T and Comcast are among the largest companies in the United States, and can certainly afford to wait for any monetary award, especially since it would accrue interest. As to Smith, he has never been billed by his attorneys, and thus cannot possibly be harmed.

Thus, the beneficiaries of the November 27, 2013, Order are not materially prejudiced by waiting for the Seventh Circuit to rule whether the Order should be vacated. This is particularly true where, as here, the appeal is proceeding in a timely manner. Appellants Duffy, Steele and Hansmeier have already perfected their appeal and filed their opening brief.

Although the beneficiaries of the November 27, 2013 order would not be prejudiced by a stay, Steele will be greatly harmed if this Court denies this motion. The quarter of a million dollars liability created by the very tenuous November 27, 2013, Order would impose a crippling financial liability on Steele.

The final element—the public interest—weighs in favor of granting Steele's Motion. If an attorney risks receiving a $250,000 sanction for appearing at one hearing then it would drastically change the legal system for the worse. No attorney could ever be co-counsel in any case. If an attorney intending to appear in a case solely to make one oral argument, such as Steele did in this matter, becomes liable for every co-counsel's every action since the case began, there would be no limits to § 1927 sanctions. Clearly, such an outcome is belied by the plain language of § 1927, and the *Claiborne* court's requirements that sanctions must be specifically apportioned according to attorneys' individual actions and cannot be imputed to others.

The equitable factors associated with requests for a stay cannot be reduced to a "set of rigid rules," but rather necessitate "individualized judgments in each case." *Hilton*, 481 U.S. at 777. The reason that the Unites States Supreme Court rejected a rigid set of rules regarding a motion to stay is because it knew that oftentimes District Courts judges are in the best position to prevent a miscarriage of justice. This Court is Steele's last realistic chance at protection from an order that raises serious concerns of procedural, and substantive, due process and which would irrevocably harming Steele.

Steele's Motion to Stay is not intended to criticize this Court, but meant solely to protect his due process rights as discussed briefly in this motion and more extensively in his Appeal. In fact, Steele filed this motion because he believes that this Court, after considering the arguments raised in this motion, will find that a stay of the November 27, 2013 order would be appropriate.

## CONCLUSION

For the reasons set forth herein, the Court should grant Steele's Motion To Stay the November 27, 2013 order.

January 29, 2014 /s/ John Steele
John Steele
1111 Lincoln Road Suite 400
Miami Beach, FL 33139
johnlsteele33140@gmail.com
786-571-8131