UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHTSPEED MEDIA CORP.,** | Civil No. 3:12-cv-889-DRH-SCW |
| *Plaintiff*, | |
| v. | MOTION TO QUASH AND FOR A PROTECTIVE ORDER |
| **ANTHONY SMITH, et al.,** | |
| *Defendants*. | |

Movants Paul Hansmeier, Paul Duffy and John Steele ("Movants") respectfully move the Court to quash subpoenas issued by Defendant Anthony Smith in this case and for a protective order. In support of their motion, Movants state as follows:

*First,* Smith's subpoenas are overbroad in that they seek information about eighteen different persons and entities—fifteen of which are not even judgment debtors in this action. *See* Hansmeier Declaration, Exhibit A.[1] By way of example, in subpoenas captioned from this Court, Smith is seeking the bank records of Mark Lutz, *who is not even a party to this case*. Instead, Mr. Lutz is a judgment debtor in a case pending before the U.S. District Court for the District of Massachusetts. Thus, Smith's counsel is using the subpoena power of this Court to gather information for use in another currently-pending judgment enforcement proceeding—all without notice to Mr. Lutz. This is the very essence of discovery misconduct.

---

[1] Seeking financial records for Mark Lutz, Paul Duffy, John Steele, Paul Hansmeier, AF Holdings LLC, Ingenuity13 LLC, VPR, Inc., MCGIP, LLC, Prenda Law, Inc., Steele Hansmeier PLLC, Anti-Piracy Law Group LLC, Duffy Law Group LLC, LW Systems LLC, Alpha Law Firm LLC, Class Action Justice Institute LLC, Class Justice PLLC, Media Copyright Group, 6881 Forensics LLC.

*Second*, worsening matters, Smith's issuance of discovery is in direct violation of a discovery stay (Dkt. No. 53) that was imposed over ten months ago. Rather than seek relief from the stay, Smith flat-out violated it by issuing fourteen subpoenas without leave of Court.

*Third*, Smith's subpoenas are facially defective. Under the recently-amended Federal Rule of Civil Procedure 45, a court *must* quash *any* subpoena that purports to compel compliance beyond the geographic limits specified in Rule 45(c). *See* Fed R. Civ. P. 45(d)(3)(A)(ii) (emphasis added). *See also* Fed. R. Civ. P. 45 Advisory Committee Notes on Rules—2013 Amendment (same). Yet, each of Smith's subpoenas compels compliance in Cambridge, Massachusetts, which is well outside the 100-mile limitation imposed under Rule 45(c)(2)(A) with respect to each of the fourteen subpoenas issued by Smith.

## CONCLUSION

For the reasons set forth above, Movants respectfully request that the Court quash the subpoenas attached as Exhibit B to the attached Hansmeier declaration. The subpoenas are overbroad, were issued in violation of a discovery stay, and are facially defective.

/s/ Paul Duffy (with consent)
Paul Duffy
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602
312-952-6136

/s/ Paul Hansmeier
Paul Hansmeier
80 S. 8th St. Ste 900
Minneapolis, MN 55402
612-234-5744

/s/ John Steele (with consent)
John Steele
1111 Lincoln Road, Suite 400
Miami Beach, FL 33139
786-571-8131