UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORPORATION, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 12-cv-889 GPM-SCW |
| | ) | |
| v. | ) | Judge: David R. Herndon |
| | ) | |
| ANTHONY SMITH, *et al.*, | ) | Magistrate: Stephen C. Williams |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANTS' JOINT REPLY TO OPPOSITIONS OF PAUL DUFFY AND PAUL HANSMEIER TO MOTION FOR CONTEMPT, OR IN THE ALTERNATIVE, FOR AN ORDER TO PLAINTIFF'S COUNSEL TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT**

Defendants Anthony Smith, Comcast Cable Communications LLC and Comcast Corporate Representative #1, and SBC Internet Services, Inc. d/b/a AT&T Internet Services (collectively "Defendants"), hereby jointly and respectfully respond to Plaintiff's Counsel Paul Duffy's and Paul Hansmeier's Oppositions to Defendants' Motion for Contempt, or in the Alternative, for an Order to Plaintiff's Counsel to Show Cause Why They Should Not Be Held in Contempt (Dkt. No. 107; "Motion" or "Mot.").[1]  Defendants' Motion targeted the ongoing failure by Plaintiff's counsel to comply with this Court's Memorandum and Order (Dkt. 100) of November 27, 2013 (the "Fee Order"), requiring that Plaintiff's counsel, pursuant to 28 U.S.C § 1927, jointly and severally "shall pay within 14 days … attorney fees and costs to Defendant[s]."  *Id*. at 13.

---

[1] Dkt. Nos. 111 & 113 ("Duffy Opp." & "Hansmeier Opp." respectively, and "Oppositions" collectively).  No showing of exceptional circumstances is required by Local Rule 7.1(c) for this pleading because this Court's Orders setting this matter for a show-cause hearing (Dkts. 112 and 117) specifically directed Defendants to file this Reply to the Oppositions.

1

**ARGUMENT**

The Oppositions are incorrect as a matter of law and should be rejected, and an order of contempt entered.[2] The Oppositions' core argument – that the Fee Order entered pursuant to 28 U.S.C. § 1927 is a "money judgment" under Fed.R.Civ.P. 69 enforceable only through procedures provided by Illinois law – rests on a mistaken premise and is plainly incorrect. Duffy Opp. § II.a; Hansmeier Opp. § B. Fundamentally, the Fee Order is not a final judgment against a party, it is a final sanctions order against individual attorneys. Moreover, although all three of the sanctioned attorneys saw fit to abuse the authority of the state and federal courts in Illinois in connection with this case, only one of them evidently resides in Illinois. Prenda Law's gamesmanship, delay tactics, and associated burdens on other parties and the courts have recently been the subject of sanctions from another federal court in Illinois, as set forth in the February 3, 2014 opinion and order of Judge Darrah attached hereto as Exhibit 1. Mem. Op. & Order, *Prenda Law, Inc. v. Godfread*, Case No. 13-cv-4341 (N.D. Ill. February 3, 2014).[3]

In any event, as the Seventh Circuit explained in *Cleveland Hair Clinic, Inc. v. Puig*: "Use of the contempt power is an appropriate way to enforce a sanction for misconduct, ***which is not an ordinary money judgment***." 106 F.3d 165, 166 (7th Cir. 1997) (emphasis added). This

---

[2] Instead of filing an opposition, Plaintiff's counsel John Steele filed a Motion to Stay the Fee Order (Dkts. 114, 115). Steele had contacted certain of the undersigned seeking a 30-day extension to oppose the Contempt Motion, and it was suggested in response that a three-day extension was more appropriate, after which undersigned counsel heard nothing further. By not opposing the Contempt Motion, Steele concedes it. *See* Local R. 7.1(c) ("Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."). Defendants will separately oppose the Motion to Stay within the time permitted by the Rules, and at that time will respond to the request for similar relief that Hansmeier has improperly folded into his Opposition rather than filing his own separate motion. *See* Hansmeier Opp. § D. For present purposes, however, Steele's (and Hansmeier's) post hoc request to stay the effect of the Fee Order cannot excuse their noncompliance with it for the more than two months since it issued, and thus cannot be grounds for avoiding a contempt finding. The other defects in the requests to stay (including the absence of any representation as to a supersedeas bond) will be addressed in Defendants' opposition to those requests.

[3] The February 3 Order granted sanctions against Prenda Law and Paul Duffy for, among other things, false statements Duffy made before Judge Darrah about one of this Court's prior rulings: "the record reflects that the Southern District of Illinois Court said nothing of the sort. ... To fabricate what a federal judge said in a ruling before another court falls well outside the bounds of proper advocacy and demonstrates a serious disregard for the judicial process." *Id*. at 8.

statement wholly undercuts the Oppositions on this point, and also lays to rest any suggestion that the Contempt Motion's reliance on *Cleveland Hair Clinic* was "irrelevant," on the supposed ground that the case implicated only appellate jurisdiction over interlocutory sanctions.[4] Hansmeier's further suggestion that a case Defendants cited actually supports his argument, *BASF Corp. v. Old World Trading Co.,* 979 F.2d 615 (7th Cir. 1992) (cited Hansmeier Opp. 3; Mot. 3), is similarly misplaced – *BASF* says nothing at all about sanctions orders awarding attorney's fees being enforceable only though Fed.R.Civ.P. 69, and thus does nothing to undermine the propriety of Defendants' Motion here.

Because the Seventh Circuit has held that orders imposing monetary sanctions are not "money judgments," Fed.R.Civ.P. 69 simply has no application here. *See Spain v. Board of Educ. of Meridian Cmty. Unit Sch. Dist. No. 101*, 214 F.3d 925 (7th Cir. 2000) (finding it proper to hold attorney in contempt for failing to comply with sanctions, including payment of attorney's fees) (cited in *England v. Goodcents Holdings, Inc.*, 2009 WL 2835201, *2 (N.D. Ga. Aug. 31, 2009) (rejecting claim that exclusive remedy for violating order awarding attorney's fees after dismissal of case is writ of execution, not civil contempt)). Indeed, there is no doubt that there is a difference between a "money judgment" for which a writ of execution is required, and an order to pay attorney's fees as a sanction. *See*, *e.g.*, *England*, at *2. Insistence that the Fee Order is a "final judgment" is thus immaterial, Duffy Opp. 3, 5, as is Hansmeier's

---

[4] Hansmeier Opp. 3. For a true example of irrelevance, *see* Hansmeier Opp. at 1, which references the denial, without prejudice to refile after appeal, of a contempt motion in *AF Holdings, LLC v. Sandipan Chowdhury*, No. 1:12-cv-12105-JLT (D. Mass.), at ECF 55. That decision did not find that a motion for contempt was improper because Fed.R.Civ.P. 69 or some other procedure applied. Moreover, given this Court's Order setting a show-cause hearing (Dkt. 112), Hansmeier's complaint about Defendants' lack of evidence proving noncompliance is premature and irrelevant. In any event, it could only have relevance if Hansmeier could prove payment had been made, which Hansmeier is fully aware it has not. Indeed, it is disingenuous for Hansmeier to imply that compliance may have occurred in the same filing in which he seeks a stay of compliance.

observation that "Defendants fail to cite to any case in which a money judgment was enforced through contempt proceedings[.]" Hansmeier Opp. 3.

Again, a § 1927 sanction imposing attorney's fees and costs is not a "judgment." As the sanctioned attorneys here know quite well, sanctions are enforceable by contempt. *See, e.g.,* Order to Show Cause re Attorney's-Fee Award , *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333, at 2 (C.D. Cal. May 21, 2013) ("Steele, Hansmeier, Duffy ... and Prenda are hereby ordered to show cause why they have contravened the Court's order to pay the attorney's-fee award."); Order Issuing Sanctions*, id.*, at 3 (C.D. Cal. May 6, 2013) ("The power to punish contempt and to coerce compliance with issued orders is based on statutes and the Court's inherent authority.").[5] There is no doubt that it is a proper use of a district court's authority to conduct contempt proceedings with respect to those who fail to comply with orders to pay attorney's fees as a sanction. *Robbins v. Labor Transp. Corp.*, 599 F.Supp. 705, 709 (N.D. Ill. 1984).[6] Furthermore, seeking a contempt order may be proper *even if* there is an alternative method of enforcing a sanctions order through issuance of a writ of execution. *Laborers' Pension Fund v. Dirty Work Unlimited, Inc.*, 919 F.2d 491, 494 (7th Cir. 1990).

It is of no moment that, once the Fee Order was decided, "[t]here were no other issues remaining before the Court … , and th[e Fee] Order disposed of all the pending claims in the litigation" Duffy Opp. 3. The same was true in cases cited in Defendants' Motion, and it did not affect the ability of the parties seeking to compel compliance with an order to do so through contempt proceedings in those cases. *See*, *e.g.*, *Robbins*, 599 F.Supp. at 706; *England*, at \*1.

---

[5] The Order Issuing Sanctions against Steele, Hansmeier, Duffy and others in the *Ingenuity 13* proceeding is available in the docket of this case at Dkt. No. 92-4.

[6] Notably, case law cited in Defendants' Motion reveals another example of a type of order to pay funds that is not a "money judgment," such that resort to the court's contempt power is appropriate. *See Thomas v. City of Evanston*, 636 F.Supp. 587, 588-89, 591 (7th Cir. 1997) (failure to "pay out money" as ordered by court to make hired class members whole was proper subject of a contempt motion, and led to an order of contempt and sanctions) (cited Mot. 3-4).

4

Ultimately, the Fee Order unambiguously commands Plaintiff's counsel to pay fees and costs as a sanction, yet they have not complied. Simply filing an appeal does not obviate the need to both seek and obtain a stay before the compliance date, or to timely post a supersedeas bond. *Cf. Puig*, 106 F.3d at 166. *See also* Mot. 3-4. Contempt is therefore appropriate at this time.

## CONCLUSION

For the reasons stated above and in Defendants' Motion, Defendants respectfully request that this Court hold Messrs. Duffy, Hansmeier and Steele in contempt of Court, and also order them to pay the Defendants attorneys' fees incurred in seeking this finding of contempt, along with interest and additional daily fines for each day the sanctioned attorneys fail to make any and all payment(s) ordered.

Dated: February 6, 2014

Respectfully submitted,

By: /s/ Jason E. Sweet (with consent)
Jason E. Sweet (admitted pro hac vice)
Dan Booth (admitted pro hac vice)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883

Attorneys for Defendant Anthony Smith


By: /s/ John D. Seiver
John D. Seiver (admitted pro hac vice)
Ronald G. London
DAVIS WRIGHT TREMAINE, LLP
1919 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
(202) 973-4200

Andrew G. Toennies
LASHLY & BAER, P.C.
20 East Main Street
Belleville, Illinois 62220-1602
(618) 233-5587

Attorneys for Defendants Comcast Cable Communications, LLC and Comcast Corporate Representative #1


By: /s/ Bart W. Huffman (with consent)
Bart W. Huffman (admitted pro hac vice)
LOCKE LORD LLP
100 Congress Avenue, Suite 300
Austin, TX 78701
(512) 305-4700

Troy A. Bozarth – 06236748
HEPLERBROOM LLC
130 North Main Street
Edwardsville, IL 62025
(618) 656-0184

Attorneys for SBC Internet Services, Inc.
d/b/a AT&T Internet Services


CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic system upon all counsel of record via the Court's CM/ECF system.

/s/ John D. Seiver
John D. Seiver