UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHTSPEED MEDIA CORP.,** *Plaintiff*, v. **ANTHONY SMITH, et al.,** *Defendants*. | Civil No. 3:12-cv-889-DRH-SCW |

**PAUL HANSMEIER'S MOTION FOR LEAVE TO FILE SURREPLY**

Paul Hansmeier ("Hansmeier") respectfully moves for leave to file the attached, *Paul Hansmeier's Surreply to the Defendants' Joint Reply to Oppositions of Paul Duffy and Paul Hansmeier to Motion for Contempt, or in the Alternative, for an Order to Plaintiff's Counsel to Show Cause Why They Should Not be Held in Contempt*. Hansmeier should be allowed to file a surreply for two reasons:

*First*, the Movants' Reply relies heavily on language from the Seventh Circuit's decision in *Cleveland Hair Clinic v. Puig*, 106 F.3d 165 (7th Cir. 1997). (*See* Dkt. 119, at 2-3.) The Reply cited a statement from *Cleveland Hair Clinic*, and proceeded to declare that, "[t]his statement wholly undercuts the Oppositions on this point, and also lays to rest any suggestion that the Contempt's Motion's reliance on *Cleveland Hair Clinic* was 'irrelevant,' on the supposed ground that the case implicated only appellate jurisdiction over interlocutory sanctions." (*Id.*)

Yet, the *Cleveland Hair Clinic* decision cited in the Contempt Motion[1] was *different* than the *Cleveland Hair Clinic* decision cited in the Reply[2]. In other words, the Reply—without

---

[1] 104 F.3d 123.
[2] 106 F.3d 165.

adequately disclosing this fact—swaps a later *Cleveland Hair Clinic* Seventh Circuit decision in for the one that was cited in the Contempt Motion. This undisclosed swap is troubling enough. But the Reply went further. It expressly invoked language from the new *Cleveland Hair Clinic* case to accuse Hansmeier of misrepresenting the *Cleveland Hair Clinic* decision that was cited in the Contempt Motion. Yet, as a review of the decision that was actually cited readily reveals, Hansmeier's analysis of the case was correct. Hansmeier should be granted leave to file the attached surreply to respond to the Movants' new arguments arising from the attempted *Cleveland Hair Clinic* swap.

    *Second,* The Reply references a sanctions order that was recently issued against Prenda Law, Inc. and attorney Paul Duffy. The Movants ostensibly referenced the sanctions order in order to bias the Court against Hansmeier and others. The Movants did not reference the sanctions order in their original Contempt Motion. As such, Hansmeier should be given an opportunity to respond to the Movants' characterization of it. Hansmeier was not a subject of the sanctions order and never appeared in the case in which it issued. The Movants' ongoing failure to distinguish among the acts of Paul Duffy, Hansmeier and John Steele is one of the core reasons why the November 27, 2013 order violates Seventh Circuit precedent and is therefore highly vulnerable to reversal on appeal. *See, e.g., FM Indus., Inc. v. Citicorp Credit Servs., Inc.*, 614F.3d 335 340-41 (7th Cir. 2010) (vacating 28 U.S.C. § 1927 attorneys' fee award against attorney who appeared in the litigation, but did not perform any of the allegedly offending acts).

For these reasons, Hansmeier respectfully requests leave to file the attached *Paul Hansmeier's Surreply to the Defendants' Joint Reply to Oppositions of Paul Duffy and Paul Hansmeier to Motion for Contempt, or in the Alternative, for an Order to Plaintiff's Counsel to Show Cause Why They Should Not be Held in Contempt.*

February 11, 2014 /s/ Paul Hansmeier
Paul Hansmeier
80 S. 8th St. Ste 900
Minneapolis, MN 55402
612-234-5744