## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ANTHONY SMITH, SBC INTERNET SERVICES, )<br>INC., d/b/a AT&T INTERNET SERVICES; AT&T )<br>CORPORATE REPRESENTATIVE #1; COMCAST )<br>CABLE COMMUNICATIONS, LLC, and )<br>COMCAST CORPORATE REPRESENTATIVE #1, )<br>)<br>    Defendants. ) | Case No. 3:12-cv-00889-GPM-SCW |

### DEFENDANT SMITH'S OPPOSITION TO JOHN STEELE, PAUL HANSMEIER AND PAUL DUFFY'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER

Defendant Anthony Smith ("Smith") respectfully submits this response in opposition to the Motion to Quash and for a Protective Order (ECF No. 116; "Motion") submitted by John Steele, Paul Hansmeier and Paul Duffy (collectively, "the Movants" or "the sanctioned attorneys"). On November 27, 2013, the Court sanctioned Movants pursuant to 28 U.S.C. § 1927, finding them "jointly and severally liable for the fees and costs of Defendants," and ordered them to "pay, within 14 days of this order, attorney fees and costs to Defendant Anthony Smith in the amount of $72,367.00." ECF No. 100 p. 13.[1] On January 16, 2014, more than a month after Movants failed to comply, Smith's counsel served subpoenas on several financial institutions seeking financial records about Movants and affiliated non-parties. See ECF No. 116-1. Movants raise procedural objections to the subpoenas, which they argue: 1) are overbroad; 2) violate a previous order staying discovery (ECF No. 53); and 3) improperly compel compliance outside the 100-mile limitation imposed under Rule 45. None of those objections have merit, and the Motion should be denied.

### LEGAL STANDARD

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (*citing Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

---

[1] In the same sanctions order, the Court also ordered Movants to pay $188,658.11 to the other Defendants. *Id.*

Federal Rule of Civil Procedure 45(a) permits the issuance of subpoenas to produce documents and other tangible things in a person's possession, custody or control. *See* Fed. R. Civ. P. 45(a). On timely motion, a court must quash or modify a subpoena that:

(i)   fails to allow a reasonable time to comply;
(ii)  requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv)  subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

In pertinent part, Rule 45(c) provides that "[a] subpoena may command … production of documents … or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2), (A). Yet "[a] person commanded to produce documents … or tangible things … need not appear in person at the place of production … unless also commanded to appear for a deposition, hearing, or trial." Fed. R. Civ. P. 45(d)(2)(A).

The party seeking to quash a subpoena under Rule 45(c)(3)(A) bears the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden. *Pac. Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 193 (N.D. Ill. 2012) (Movants John Steele and Paul Duffy for plaintiff Pacific Century International, Ltd.) (citing *Williams v. Blagojevich,* No. 05-cv-4673, 2008 U.S. Dist. LEXIS 643, *9 (N.D. Ill. Jan. 2, 2008). As with other discovery issues, deciding whether to grant a motion to quash lies within the sound discretion of the district court. *Sullivan v. Gurtner Plumbing, Inc.*, No. 11-cv-6261, 2012 U.S. Dist. LEXIS 35479, *3 (N.D. Ill. Mar. 13, 2012) (citing *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992)).

## ARGUMENT

**A. Movants' objection to the subpoenas as "overbroad" is unsupported and insufficient.**

Movants object that the subpoenas are "overbroad." Motion p. 1. "Overly broad" is not among Rule 45's list of enumerated reasons for quashing a subpoena. More so,

> The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules. *See Jackson v. Brinker,* 147 F.R.D. 189, 193-94 (S.D. Ind. 1993) ("[t]he scope of material obtained by a Rule 45 subpoena is as broad as permitted under the discovery rules … if the material is relevant, not privileged, and is, or is likely to lead to, admissible evidence, it is obtainable by way of a subpoena.") (internal citations omitted); Fed. R. Civ. P. 45 advisory committee note to the 1991 amendment. The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant. *Wauchop v. Domino's Pizza, Inc.,* 138 F.R.D. 539, 543 (N.D. Ind. 1991). To meet this burden, the objecting party must

2

> "specifically detail the reasons why each [request] is irrelevant…" *Schaap v. Executive Indus., Inc.,* 130 F.R.D. 384, 387 (N.D. Ill. 1990).
>
> Under Rule 26(b)(2), the Court must weigh the burden or expense of proposed discovery and its likely benefit by taking into account "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Simon Property Group L.P. v. MySimon, Inc.,* 194 F.R.D. 639, 640 (S.D. Ind. 2000) (Hamilton, J.).

*Williams*, No. 05-cv-4673, 2008 U.S. Dist. LEXIS at *9-10.

A party objecting to a discovery request on the grounds that the request is overly broad has the burden to support its objection.[2] *First Fin. Bank, N.A. v. Bauknecht*, No. 12-cv-1509, 2013 U.S. Dist. LEXIS 102952, *4 (C.D. Ill. July 23, 2013). Movants make no effort to explain how the subpoenas could be "overly broad." Smith's subpoenas seek financial records of Movants and their known associates, businesses, business aliases, shell companies, and other related corporate entities. The Court has now ordered the sanctioned attorneys to "submit asset statements from a certified public accountant to support their financial resources." ECF No. 123 p. 2. The discovery sought will help ensure their disclosures' completeness and accuracy, which cannot otherwise be presumed. As the *Ingenuity 13* court noted in its order sanctioning the Movants last year, "the Principals [e.g., the sanctioned attorneys] also obfuscate other facts, especially those concerning their operations, relationships, and financial interests. The Principals' web of disinformation is so vast that the Principals cannot keep track—their explanations of their operations, relationships, and financial interests constantly vary. This makes it difficult for the Court to make a concrete determination." ECF No. 92-4 p. 8. the *Ingenuity 13* court adopted as its finding a chart detailing a

---

[2] It is questionable whether Movants even have standing to raise this or any other objection to the subpoenas, which were not served on Movants but on third-party financial institutions. *See Collins v. Commodity Futures Trading Comm'n*, 737 F. Supp. 1467, 1481 (N.D. Ill. 1990) ("Movants, after all, are not the respondents to the subpoenas in question, and therefore they cannot resort to the principles which govern subpoena enforcement proceedings generally to oppose the subpoenas."); *accord Mgcip, LLC v. Doe*, No. 10-cv-6677, 2011 U.S. Dist. LEXIS 61879, *5 (N.D. Ill. June 9, 2011) (Movant John Steele for Plaintiff MCGIP, LLC); *see also United States v. Miller*, 425 U.S. 435, 442-43 (1976) (bank customers cannot seek to quash subpoenas issued to bank for its bank records).

web of non-parties intimately tied to the sanctioned attorneys. *Id.* pp. 8-9. The subpoenas target financial records for those closely related non-parties.[3]

Where Movants have failed to pay financial sanctions as ordered, discovery about the potential hiding places for their enterprises' improperly obtained revenues is directly pertinent to resolving their unpaid debts to Smith and the other defendants. Given the scope and breadth of Movants' wrongful acts, and their vast web of shell companies, the discovery sought would help cut short Movants' financial shell game, a benefit that outweighs any burden or overbreadth the Movants may conceive. Notably, the Motion does not even contend that the subpoenas would burden *anyone*: not the Movants themselves, and not the third-party financial institutions subject to the subpoenas. The subpoenas are properly targeted at relevant information subject to discovery.

### B. Movants' objection to the subpoenas based on a stay of discovery misstates the record.

Movants' object that the subpoenas "are in direct violation of a discovery stay (ECF No. 53) that was issued over ten months ago." Motion p. 2. That objection misrepresents the record of the case. The Court granted Defendants' motion to stay Movants' pursuit of preliminary discovery "pending resolution of the Defendants' motions to dismiss." *See* ECF Nos. 47 & 53. Defendants' motions to dismiss, however, were effectively resolved by Plaintiff's voluntary dismissal of the case. *See* ECF No. 59. Pursuant to that dismissal, both the motions to dismiss and the stay order became moot. *See* ECF No. 60 (order dismissing action; "The motions to dismiss are terminated without prejudice as moot pursuant to Plaintiff's voluntary dismissal."). Smith did not violate an order to stay *pre-trial* discovery between the parties by seeking discovery about the Movants, relevant to a sanctions order issued after the case was dismissed.

---

[3] The sanctioned attorneys are the "de facto owners and officers" of the offshore shell companies AF Holdings LLC and Ingenuity13 LLC. *Id.* ¶ 2. The docket in this case identifies the sanctioned attorneys with Alpha Law Firm LLC, Steele Hansmeier PLLC, and Prenda Law, Inc.. Duffy has identified himself with Anti-Piracy Law Group (ECF No. 92-5) and Duffy Law Group. *See LW Systems LLC v. Hubbard*, No. 13-L-15 (St. Clair County, IL) (Steele and Duffy were both sanctioned in this matter). Steele and Hansmeier operate LiveWire Holdings, LLC (a/k/a LW Systems, LLC). ECF No. 92-3 ¶ 6. Prenda Law's paralegal Mark Lutz has been identified the CEO of AF Holdings, Ingenuity 13 and LiveWire. Id. at ¶¶ 7-9. Lutz identified himself as a corporate representative for hire for Prenda clients. ECF No. 61-4 pp. 16-17. Media Copyright Group, LLC ("MCG") is used by Prenda to monitor and document Internet-based piracy of copyrighted creative works. MCG also operates as 6881 Forensics, LLC. ECF No. 92-4. Paul and Peter Hansmeier have often submitted declarations to courts on behalf of MCG identifying alleged infringers' IP addresses. MCGIP, LLC was a client of Prenda. MCGIP was, in part, claiming the rights of another Prenda client, VPR, Inc. MCG, MCGIP, Steele Hansmeier PLLC, Alpha Law and Class Action Justice Institute LLC (a/k/a Class Justice) all share the same registered office..

### C. The "100-mile limitation" in Rule 45(c) does not apply to the subpoenas.

Movants object that the subpoenas request production beyond the 100-mile limit set out in Rule 45(c). Motion p. 2. Movants misread or misconstrue the Rule. The sole geographical *limits* specified in Rule 45(c) apply only to subpoenas that "command a person to attend a trial, hearing, or deposition." *See* Fed. R. Civ. P. 45(c)(1)(A) (permitting such subpoenas "only as" specified therein). The subpoenas at issue seek production by non-parties, not personal attendance. *See* ECF No. 116-1 pp. 9-20. Rule 45(c)(2), which governs subpoenas for the production of documents, provides not a limitation but a permissive guide; unlike Rule 45(c)(1), it does not mandate that subpoenas for documents may be made "only as follows." *Compare* Fed. R. Civ. P. 45(c)(1) (dictating that subpoenas for personal appearances be made "only as follows" and setting forth geographic limits) *with* Fed. R. Civ. P. 45(c)(2)(A) (stating that a subpoena for document discovery "may command" production within 100 miles of the producing person's place of residence, employment, or regular place of business). Rule 45 does not prohibit production outside those bounds where the producing party is not subject to undue burden. Instead, the Rule recognizes that complying with a subpoena for only documents or tangible things does not require any person to travel more than 100 miles. *See* Fed. R. Civ. P. 45(d)(2)(A) ("A person commanded to produce documents … or tangible things … need not appear in person at the place of production … unless also commanded to appear for a deposition, hearing, or trial.").

> Because a subpoenaed person or entity that is directed only to produce documents need not appear in person at the place of production … Rule 45's protections against compelled travel do not apply to the production of documentary materials. Accordingly, courts routinely enforce subpoenas for the production of documents, even where the requested documents are located over 100 miles from the district.

*Estate of Esther Kleiman v. Palestinian Auth.,* 293 F.R.D. 235, 240 (D.D.C. 2013) (collecting cases). *Accord Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009); *Appleton Papers Inc. v. George Whiting Paper Co.*, No. 08-cv-16, 2009 U.S. Dist. LEXIS 71322, *8-9 (E.D. Wisc. July 31, 2009); *Kremen v. Cohen*, No. 02-cv-1145, 2012 U.S. Dist. LEXIS 66483, *3-4 (S.D. Cal. May 11, 2012); *Zech Farms Trucking, Inc. v. Abengoa Bioenergy of Neb., L.L.C.*, No. 11-cv-51, 2012 U.S. Dist. LEXIS 61951, *3 (D. Neb. May 3, 2012); *U.S. Bank Ass'n v. James*, 264 F.R.D. 17, 19-20 (D. Me. 2010) ("a majority of the courts that have dealt directly with the 100-mile issue have held that such a subpoena should be enforced") (collecting cases).

These case law precedents distinguishing the 100-mile limit from the rules for document subpoenas were decided under Rule 45 before the amendments effective December 1, 2013, which added a new Rule 45(c). *See* Fed. R. Civ. P. 45 Advisory Committee Notes on Rules–2013 Amendment ("Subdivision (c) is new. It collects the various provisions on where compliance can be required and simplifies them."). However, the amended Rule makes that distinction even clearer: "Unlike the prior rule, place of service is not critical to place of compliance." *Id.* Indeed, the amended Rule is designed to facilitate production that can "be transmitted by electronic means. Such arrangements facilitate discovery, and nothing in these amendments limits the ability of the parties to make such arrangements." *Id.* If followed, Movants' suggestion that a subpoena may not request that a non-party produce documents by transmitting them to a point more than 100 miles away would frustrate the common-sense terms and purposes of the Rule. Accordingly, the subpoenas at issue do not violate the geographical limits of Rule 45(c), because they do not require any person to travel more than 100 miles to comply.

## CONCLUSION

The frivolous Motion is only the latest in the Movants' long series of dilatory tactics. After objectively considering all of the surrounding circumstances, including Movants multiple efforts to avoid compliance with and enforcement of the sanctions order against them, it is reasonable to infer that Movants filed their Motion for an improper purpose, namely as a dilatory tactic.

The Court has already found that the Movants vexatiously pursued and unnecessarily multiplied the present litigation. ECF No. 100. They continue to do so. The motion to quash has no basis and must be denied. As a further sanction for the conduct discussed here, Smith requests that the Court order Movants to fully compensate Smith for those attorney's fees incurred in investigating, researching and contesting Movants' meritless Motion. *See Painewebber, Inc. v. Can Am Fin'l Group, Ltd.*, 121 F.R.D. 324, 333 (N.D. Ill. 1988) ("The court may infer an improper purpose when the effect of a paper is to delay the proceedings and increase the costs.") (citation omitted).

WHEREFORE, Defendant Anthony Smith respectfully requests that the Court deny the Motion to Quash and for a Protective Order and order the Movants to compensate Smith for attorneys' fees incurred as a result of the Motion; or, in the alternative, withhold any ruling on the motion to quash pending the sanctioned attorneys' complete production of their certified financial records.

Dated: February 16, 2014

                Respectfully submitted,

                By: /s/ *Jason E. Sweet*

                Jason E. Sweet
                Daniel G. Booth (*with consent*)
                BOOTH SWEET LLP
                32R Essex Street
                Cambridge, MA 02139
                Tel.: (617) 250-8602
                Fax: (617) 250-8883

                *Attorneys for Defendant Anthony Smith*
                *Admitted pro hac vice*