IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORP.,

    Plaintiff,

vs.                                                     No.   3:12-cv-889-DRH-SCW

ANTHONY SMITH, et al.,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This case is before the Court on movants Paul Hansmeier, Paul Duffy, and John Steele's (collectively "movants") motion to quash and for a protective order (Doc. 116). On January 16, 2014, defendant Anthony Smith's ("Smith") counsel served subpoenas on several financial institutions requesting the movants' and other affiliated parties' financial records (Doc. 116-1, Ex. B). Movants assert: (1) Smith's subpoenas are overbroad, (2) Smith's issuance of discovery is in direct violation of a discovery stay (Doc. 53), and (3) Smith's subpoenas are facially defective because the subpoenas compel compliance well outside the 100-mile limitation imposed under Rule 45(c)(2)(A). In support of their two-page motion, movants provide copies of 12 of the subpoenas (Ex. B) and a copy of the document attached to each subpoena as Schedule A (Ex. A). Smith responded (Doc. 124). For the following reasons, movants' motion to quash and for a protective order is **DENIED.**

Federal Rule of Civil Procedure 45(a) permits the issuance of subpoenas to produce documents and other tangible things in the possession, custody, or control of a person.  On timely motion, the Court must quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographic limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).  As with other discovery issues, deciding whether to grant a motion to quash lies with the sound discretion of the district court.  *See Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008).

First, the Court will not quash the subpoenas as overly broad.  An overly broad subpoena may be quashed pursuant to Federal Rule of Civil Procedure (d)(3)(A)(iv) as unduly burdensome.  *See, e.g., Margoles v. U.S.*, 402 F.2d 450, 451-52 (7th Cir. 1968) (holding that the district court did not abuse its discretion in granting the Government's motion to quash subpoenas as unreasonable as much too broad); *WM High Yield v. O'Hanlon*, 460 F.Supp.2d 891, 896 (S.D. Ind. Feb. 17, 2006) (Baker, J.) (finding "Deloitte's subpoena inflicts an undue burden because the requests are overly broad and not reasonably calculated to lead to the discovery of admissible evidence per Rule 26").  However, movants fail to adequately support their assertion that the subpoenas are overly broad.  Movants argue that the subpoenas are overbroad because they seek information about eighteen different persons and entities, fifteen of which they claim are not judgment

debtors in this action. They provide the court with the example of Mark Lutz, a non-party to this action. However, non-parties can obviously be subject to a subpoena inquiry and without more, the Court cannot conclude that the subpoenas cause an undue burden on these financial institutions. Furthermore, Smith provides compelling reasons why the financial records of these individuals and entities were subpoenaed (Doc. 124 at 3-4).

Second, the Court's order to stay discovery was in direct response to the pending motions to dismiss and does not impact these post-judgment discovery requests. In its order staying discovery, the Court indicated that after the motions were resolved, the Court would set a new scheduling conference to address the scheduling and conduct of discovery (Doc. 53). Prior to the resolution of the motions to dismiss, plaintiff entered a notice of voluntary dismissal (Doc. 59). Thereafter the Court terminated the motions to dismiss in its order addressing the notice (Doc. 60). At that point the pretrial discovery order was moot. Therefore, Smith has not violated the discovery order in his attempt to ascertain certain facts relevant to the Court's § 1927 sanctions order.

Third, the movants' analysis regarding Federal Rule of Civil Procedure 45(c) is flawed. While it is accurate that the Court "*must* quash or modify a subpoena if it requires a person to comply beyond the geographical limits specified in Rule 45(c)," that is not the case here. Fed. R. Civ. P. 45(d)(3)(A)(ii) (emphasis added). The 2013 revisions clearly indicate that "[a] subpoena *may* command production of documents, electronically stored information, or tangible things at a place within

100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A) (emphasis added). The key under the 2013 revisions, as it has always been, is on the burden of the subpoenaed party. In this case, there is no suggestion that the requested documents could not be provided electronically or by other agreed-upon means. *See* Fed. R. Civ. P. 45 Advisory Committee Notes, 2013 Amendments ("Such arrangements facilitate discovery, and nothing in these amendments limits the ability of parties to make such arrangements.")

Accordingly, movants' motion to quash and for a protective order (Doc. 116) is **DENIED.**

**IT IS SO ORDERED.**
Signed this 19th day of February, 2014.

Digitally signed by David R. Herndon
Date: 2014.02.19 16:00:03 -06'00'

**Chief Judge**
**United States District Court**