## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHTSPEED MEDIA CORP.,** | |
| *Plaintiff*, | |
| v. | Civil No. 3:12-cv-889-DRH-SCW |
| **ANTHONY SMITH, et al.,** | |
| *Defendants*. | |

## PAUL HANSMEIER'S MEMORANDUM IN SUPPORT OF HIS EMERGENCY MOTION FOR RECONSIDERATION

### I.  INTRODUCTION

Movant Paul Hansmeier seeks emergency reconsideration of the Court's order adjudicating him to be in civil contempt and imposing additional sanctions on him (the "Contempt Order"). (Dkt. 136.) Motions for reconsideration may be brought to correct manifest errors of fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). In addition, the Court has the inherent authority to reconsider orders "as justice requires." *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).

Reconsideration of the Contempt Order is appropriate for two reasons. First, the Court dismissed Hansmeier's CPA-prepared statement of financial condition because that statement was not presented in accordance with GAAP. Hansmeier has obtained an updated letter from his CPA that provides an explanation of how the statement departed from GAAP and has submitted it for the Court's review. Second, the discovery obtained by Defendant Anthony Smith is newly-obtained

evidence that lends substantial credibility to Hansmeier's inability to comply with the November 27, 2013 Sanctions Order ("Sanctions Order"). (Dkt. 100.) Finally, and in the alternative, Hansmeier moves the Court to stay the Contempt Order pending its adjudication of Smith's *Ex Parte* Renewed Motion for Contempt. ("Renewed Motion"). (Dkt. 135.)

II. **ARGUMENT**

    A. **Emergency Relief is Warranted Because Irreparable Harm to Hansmeier Is Currently Accruing.**

The Court adjudicated Hansmeier to be in civil contempt and imposed significant additional financial sanctions on him. The Court also accused Hansmeier of demonstrating clear disrespect of the Court, which is itself a significant sanction. The contempt is currently running and will begin imposing even more financial penalties in five days, on March 31, 2014. Hansmeier's ability to maintain his license to practice law is under threat due to the Contempt Order. Emergency relief is warranted for all of these reasons.

    B. **The Court's Dismissal of Hansmeier's CPA-Prepared Statement of Financial Condition Should be Reconsidered in Light of the Newly-Submitted Financial Statement.**

The Court directed Hansmeier to file asset statements from a certified public accountant on or before February 24, 2014. (Dkt. 136, at 5.) Hansmeier timely complied with the Court's instructions by submitting a statement of financial condition prepared by his CPA. The statement listed Hansmeier's assets, liabilities and net-worth. On its face, this statement of financial condition demonstrated that Hansmeier's compliance with the Sanctions Order is, "clearly, plainly, and

2

unmistakably … impossible."*In re Re. Tech. Corp.*, 624 F.3d 376, 387 (7th Cir. 2010) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). Nothing in Hansmeier's statement of financial condition could possibly be interpreted as suggesting that Hansmeier has the financial resources to make the $261,025.11 payment required by the Sanctions Order. No evidence was submitted by the Defendants in rebuttal.[1] Upon Hansmeier's showing of an inability to pay the Sanctions Order, the burden of persuasion then shifts back to the moving parties to prove that Hansmeier has the ability to pay. *See U.S. v. Rylander*, 460 U.S. 752, 757 (1983).

Yet, the Court dismissed the statement submitted by Hansmeier and determined that Hansmeier did not satisfy his burden of demonstrating an inability to pay. The Court's dismissal appeared to arise from industry-standard disclaimers in the CPA's cover letter.[2] Specifically, the Court focused on the CPA's disclaimer of a departure from GAAP and the absence of GAAP disclosures.

Regarding the first point, Hansmeier has provided an updated letter that explains the manner in which his statement of financial condition differs from GAAP. In brief, according to GAAP, assets must include a provision for estimated income taxes that would realized on sale. Hansmeier's statement does not include

---

[1] In the Contempt Order, the Court indicated that it had not relied on Smith's *Ex Parte* Renewed Motion for Contempt.

[2] The Court also described Hansmeier's statement of financial condition as "incomplete" and "suspicious", but did not state specific reasons for applying those labels. (*See* Dkt. 136, at 7.)

3

such a provision. If anything, this departure from GAAP would tend to overstate Hansmeier's assets.

Regarding the second point, GAAP disclosures are the explanatory footnotes found in the quarterly and annual reporting statements of companies. For example, a pension liability/asset listed on a balance sheet would ordinarily be accompanied by a GAAP disclosure setting forth the assumptions made in calculating the value. In the present context, where there are no complex valuations, it is unclear what a GAAP disclosure would even describe.

In the end, the message of the updated financial statement is the same as that of the original statement: Hansmeier does not have the ability to pay $261,025.11. In light of Hansmeier's updated statement of financial condition, the Court should reconsider its Order and determine that Hansmeier has satisfied his burden of proof of demonstrating an inability to pay.

Reconsideration is necessary to prevent manifest injustice. The Court's Contempt Order, for the reasons described in Section I, *supra*, threatens ruinous consequences for Hansmeier. The Court directed Hansmeier to file asset statements from a certified public accountant. Hansmeier did so with the understanding that an asset statement from an independent CPA indicating his net worth would satisfy his burden of showing an inability to pay $261,025.11. This is not a circumstance where Hansmeier is refusing to comply with an order of the Court out of disrespect,

or for any reason other than an inability to comply.³ Hansmeier's original statement of financial condition, his updated statement of financial condition, and Smith's discovery (as discussed below) both demonstrate that—at all relevant times—Hansmeier did not have the ability to pay $261,025.11.

### C. Smith's Discovery Is New Evidence That Further Demonstrates Hansmeier's Inability to pay $261,025.11.

Smith's discovery represents new evidence that was not available to Hansmeier prior to the briefing on the contempt motion. The results of Smith's discovery lend significant credibility to Hansmeier's demonstration of his inability to pay $261,025.11. It is important to put Smith's Renewed Motion in its proper context: Smith has enjoyed extremely broad latitude in obtaining post-Sanctions Order discovery in this matter. Among other things, he has been allowed to subpoena all of the financial records for at least *eighteen* different persons and entities, including Hansmeier, over a period of time ranging from as far back as 2010 to the present day. The over 180-pages of documents attached to Smith's Renewed Motion suggest that Smith has obtained detailed, transaction-level information, for virtually every inflow and outflow of money that could—under any theory—possibly be attributed to Hansmeier. Indeed, Smith's motion references specific checks issued in 2010, wire transfers initiated in 2011, credit card charges from 2012 and a payment made in 2013.

---

³ Indeed, in prior cases Hansmeier has had an ability to contribute to the posting of a bond and has not claimed an inability to pay. *See Ingenuity13 LLC v. John Doe*, 12-cv-8333 (C.D. Cal.). Yet, Hansmeier's ability to contribute to a bond in a different case is not evidence of his ability to contribute to a bond in this case. Quite the opposite, financial contributions are zero sum. Hansmeier's contributions in other cases have exhausted his ability to pay in this case.

5

Yet, despite Smith's seemingly omniscient access to Hansmeier's financial transactions, despite his apparent possession of over three years of Hansmeier's bank statements, credit card charges, wire transfers and checks (not to mention those of Steele, Duffy and over a dozen third-party entities), Smith has *totally* and *completely* failed to make a presentation of Hansmeier's ability to comply with the Sanctions Order.

The relevant inquiry, for purposes of the Sanctions Order, is really quite simple: Between November 2013 (when the Sanctions Order issued) and the present day, did Hansmeier ever have an ability to comply with the Sanctions Order? If the facts truly supported the proposition that Hansmeier had an ability to pay, then Smith could make this showing in a single sentence. All he would need to do is identify an asset that Hansmeier failed to apply towards the Sanctions Order.

Instead, Smith's Renewed Motion barely mentions Hansmeier, and instead focuses on berating Steele and, to a much lesser extent, Duffy. Hansmeier cannot overemphasize the significance of Smith's failure. The Court can literally perform a line-by-line comparison of Hansmeier's statement of financial condition and Smith's Renewed Motion. There are no apparent contradictions of hard facts.

To recap: Hansmeier has presented a statement of financial condition which was prepared by a Certified Public Accountant, was presented in accordance with GAAP, save for one now-explained variance, and which demonstrates that Hansmeier flat-out does not have the ability to pay $261,025.11. Smith, who has sweeping access to Hansmeier's financial records, and who has—by any standard—

6

been very aggressive in his discovery efforts, has not identified a single asset that Hansmeier failed to apply to the Sanctions Order. The proper path could not be clearer: the Court should reconsider the Contempt Order in light of Hansmeier's updated showing of an inability to pay and Smith's inability to rebut that showing with newly-discovered evidence.[4]

### D. In the Alternative, the Court Should Stay the Contempt Order Pending its Adjudication of Smith's *Ex Parte* Renewed Motion for Contempt

If the Court declines to reconsider the Contempt Order, in the interests of justice the Court should, at a minimum, stay the Contempt Order as to Hansmeier pending its adjudication of Smith's Renewed Motion. The ultimate issue in Smith's Renewed Motion parallels that in the Contempt Order: does Hansmeier have the ability to pay $261,025.11? If the Court denies Smith's Renewed Motion against Hansmeier, then the Court will have created a remarkably unjust paradox in which Hansmeier has suffered the ruinous consequences of the Contempt Order, even though he was accurately presenting his inability to pay $261,025.11.

### E. If the Court Rejects Every One of Hansmeier's Arguments, it Should Grant Hansmeier a Stay Pending Appeal

If the Court rejects every one of Hansmeier's arguments raised above, Hansmeier will have no other option than to appeal the Contempt Order. In such an event, Hansmeier respectfully requests a stay of the Contempt Order pending

---

[4] Smith's failure also dispels the Court's description of Hansmeier's original statement of financial condition as "incomplete" and "suspicious."

Hansmeier's appeal to the Seventh Circuit.[5] The standard for a motion seeking a stay pending appeal consists of four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Antonelli v. FBI*, 553 F. Supp. 19, 20 (N.D. Ill. 1982). These familiar equitable factors cannot be reduced to a "set of rigid rules," but rather necessitate "individualized judgments in each case." *Hilton*, 481 U.S. at 777. Further, "to find that plaintiffs have a strong likelihood of success on appeal, the Court need not harbor serious doubts concerning the correctness of [a] decision. Otherwise, relief under Rule 62(c) would rarely be granted." *Peck v. Upshur Cnty. Bd. of Educ.*, 941 F. Supp. 1478, 1481 (N.D. W. Va. 1996). The substance of Hansmeier's arguments on appeal, together with the balance of equities, weighs heavily in favor of granting a stay pending appellate review.

The first element is satisfied. Hansmeier retained a CPA to compile a statement of his financial condition. The statement demonstrated that Hansmeier lacks an ability to pay $261,025.11. The Court expressed concerns about GAAP disclosures in the CPA's cover, and Hansmeier obtained an updated CPA letter to address those concerns. The credibility of Hansmeier's statement of financial

---

[5] Hansmeier acknowledges the Court's denial of a prior motion seeking a stay of the Sanctions Order. Hansmeier wishes to make clear that his request for stay pending appeal only applies to the Contempt Order.

condition is lent great weight by Smith's failure to demonstrate a single asset of Hansmeier's that could have been used to satisfy the Sanctions Order at any relevant time.

The second and third elements are satisfied. The balance of equities weighs heavily in favor of granting a stay of the Contempt Order. The burden of a contempt adjudication against someone, and in particular an attorney, who has no ability to comply cannot be overstated. As for Smith and the other Defendants, the only conceivable harm to them is a very brief delay while the Seventh Circuit resolves Hansmeier's appeal of the Contempt Order. But delay by itself "does not constitute substantial harm." *United States v. Phillip Morris, Inc.*, 314 F.3d 612, 622 (D.C. Cir. 2003). Hansmeier will not oppose a request for expedited review by Smith or any other defendant.

The public interest does not appear to weigh heavily in favor of or against a stay.

## CONCLUSION

For the reasons set for the above, the Court should reconsider its finding that Hansmeier failed to demonstrate an inability to pay. In the alternative, the Court should stay the Contempt Order pending its decision on Smith's Renewed Motion. Failing these remedies, Hansmeier will be forced to seek appellate review. In the event this is necessary, the Court should issue a stay of the Contempt Order pending appellate review.

|  |  |
|---|---|
| March 26, 2014 | /s/ Paul Hansmeier<br>Paul Hansmeier<br>80 S. 8th St. Ste 900<br>Minneapolis, MN 55402<br>612-234-5744 |

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2014 I filed the foregoing document through the Court's CM/ECF system, which will electronically serve this document on all parties of record.

                                                  /s/ Paul Hansmeier