UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHTSPEED MEDIA CORP.,** | Civ. No. 12-889-DRH |
| *Plaintiff,* | |
| *v.* | **MOTION OF JOHN STEELE, PAUL DUFFY AND PAUL HANSMEIER FOR STAY PENDING APPEAL AND FOR APPROVAL OF FORM OF SUPERSEDEAS BOND** |
| **ANTHONY SMITH, et al.,** | |
| *Defendants.* | |

# INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 62(d), John Steele, Paul Duffy and Paul Hansmeier (jointly, "Movants") respectfully request that the Court stay its order adjudging them to be in contempt, pending appellate review of that order. Further, Movants request that the Court approve the form of the attached supersedeas bond as security for the appeal in compliance with the mandates of the contempt order.

# ARGUMENT

**I.   The Court Should Stay the Contempt Order Pending Appellate Resolution of the Order.**

The Seventh Circuit has looked to the following factors in deciding whether to grant a motion for stay pending appeal: (1) whether the movant has shown a likelihood of success; (2) whether the movant has shown a likelihood of irreparable

injury absent a stay; (3) whether a stay would substantially harm other parties to the litiation; and (4) the public interest. *Glick v. Koenig*, 766 F.2d 265, 269 (7th Cir. 1985); *accord Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal of Radioactive Materials Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *see also Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 387 (7th Cir. 1984) ("The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor …"). As demonstrated below, all four factors weigh in favor of a stay.

This Court should stay the contempt order pending the Seventh Circuit's resolution of Movants' appeal. *First*, Movants have a strong likelihood of success on the merits of their appeal; *Second*, denial of the stay would irreparably harm Movants in light of the serious reputational and financial harm that would be imposed absent a stay. *Third*, the brief period needed to resolve the appeal will not prejudice the Defendants in any meaningful way. *Finally*, the heavy Constitutional issues implicated by contempt order weigh in favor of resolving the Movant's appeal before allowing the contempt to proceed.

**A.   Movants Have A Strong Likelihood of Success on the Merits.**

Movants respectfully submit that several assignments of error support reversal of the contempt order. *First*, this Court relied on an *ex parte* Google search, rather than CPA-prepared financial statements, to determine that Movants made "misrepresentations" to the Court regarding their ability to pay the sanctions order.

2

As an initial matter, the blog-post cited by the Court had no probative value with respect to Movants Duffy or Hansmeier regarding the ability of either of these men to pay the sanctions order. Indeed, it had little-to-no probative value with respect to Steele's ability to do the same. For good reason, appellate courts consistently rebuke district courts that embark on *ex parte* "evidence" gathering.

*Second*, the Court over-read the holding in *Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165 (7th Cir. 1997), as suggesting that district courts lack the discretion to impose sanctions under 28 U.S.C. § 1927 in the form of money judgments, rather than equitable decrees. Nothing in *Cleveland Hair Clinic* supports this conclusion. Relatedly, the Court erred by holding that an order imposing a "judgment" with "interest provided by law" was a "clear and unambiguous" equitable decree.

*Third*, and most plainly, the "10%" approach adopted by the Court resulted in the imposition of criminal sanctions. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) (holding that "[a] flat unconditional fine totaling as little as $50 announced after a finding of contempt … [where] the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance" is a criminal contempt sanction). Yet, the Court did not afford Movants criminal due process protections. On appeal, this Court's "subjective intent" will not be afforded any weight. *Id.* at 828.

While Movants acknowledge that the Court will disagree with their assignments of error, they respectfully submit that these assignments, and in particular the imposition of criminal sanctions, are rooted in nearly one century's-worth of Supreme Court precedent.

### B.  The Balance of Equities Supports a Stay.

The balance of equities plainly favors a stay. For their part, Movants will suffer crushing monetary penalties and irreparable reputational injuries absent a stay. On the other hand, if a stay is granted, the Defendants will simply have to wait a short time to determine whether the contempt order is upheld on appeal.

### C.  The Public Interest Supports a Stay.

The public has an extraordinarily strong interest, dating back to the passage of the Bill of Rights, to ensuring that government officials refrain from imposing criminal penalties without affording corresponding due process protections. This interest strongly supports a stay.

## II.  The Court Should Approve the Proposed Form of Bond.

In compliance with the contempt order, a supersedeas bond has been arranged. Movants respectfully request the Court to approve the form of bond attached hereto, with the provision that "Appellants" will be defined in the bond as Appellant John Steele, as submitted in compliance with the Court's contempt order. Upon approval by the Court, the surety will submit the bond to the Court for filing within three business days.

Dated: March 31, 2014

| | |
|---|---|
| /s/ Paul Duffy (with consent) | /s/ Paul Hansmeier |
| Paul Duffy | Paul Hansmeier |
| 2 N. LaSalle Street, 13th Floor | 80 S. 8th St. Ste 900 |
| Chicago, IL 60602 | Minneapolis, MN 55402 |
| 312-952-6136 | 612-234-5744 |

/s/ John Steele (with consent)
John Steele
1111 Lincoln Road, Suite 400
Miami Beach, FL 33139
786-571-8131