UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORPORATION, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 12-cv-889-DRH-SCW |
| | ) | |
| v. | ) | Judge:  Hon. David R. Herndon |
| | ) | |
| ANTHONY SMITH, *et al.*, | ) | Magistrate:  Stephen C. Williams |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO MOTION FOR STAY
PENDING APPEAL AND FOR APPROVAL OF FORM OF SUPERSEDEAS BOND**

Defendants Anthony Smith, Comcast Cable Communications LLC, Comcast Corporate Representative #1, and SBC Internet Services, Inc. d/b/a AT&T Internet Services respectfully submit this response in opposition to the motion of attorneys John Steele, Paul Duffy, and Paul Hansmeier ("Contemnors") for Stay Pending Appeal and for Approval of Form of Supersedeas Bond (ECF No. 141). Contemnors' motion fails to satisfy the terms of Rule 62(d) of the Federal Rules of Civil Procedure as well as the Court's conditions for compliance with its orders sanctioning Contemnors (ECF No. 100; "Sanctions Order") and holding them in contempt (ECF No. 136; "Contempt Order").

**BACKGROUND**

In the Sanctions Order, this Court found Contemnors jointly and severally liable to pay Defendants a total of $261,025.11, with interest as provided by law, within 14 days, that is, by December 11, 2013. (Sanctions Order at 13.) They did not do so.

In the Contempt Order, this Court found the Contemnors in civil contempt for "significantly violat[ing] an unambiguous order of the Court," specifically, their continued failure to pay Defendants as required by the Sanctions Order. (Contempt Order at 8.) The

Contempt Order required the attorneys to pay Defendants the full amount of the Sanctions Order, plus additional sanctions, as follows:

- attorneys' fees and costs totaling $261,025.31, as the Sanctions Order required;

- interest at 0.13% on that amount running from December 11, 2013; and

- a remedial sanction of $26,102.58 contemplating attorneys' fees and costs that Defendants incurred in litigating the contempt motion.

(*Id.* at 12.) The Court ordered compliance with the Sanctions Order and Contempt Order by March 31, 2014, which would consist of:

- "payment to all of the defendants of the ordered amounts in full"; or

- a motion to stay under Rule 62(d) of the Federal Rules of Civil Procedure "and accompanying supersedeas bond of the full amount."

(*Id.* at 12-13.) Finally, the Court held that Contemnors' failure to comply with the Contempt Order would result in an additional $500-per-day-per-attorney fine for up to 30 days, which would increase to $1,000 per day per attorney after 30 days. (*Id.* at 13.)

The Contemnors have not paid any of the amounts owed, in full or even in part. Instead, on March 31, 2014, at 11:25 PM, they filed the subject motion seeking a stay pending appeal and for "approval of form of supersedeas bond." (Mot. at 1.) In their motion, the Contemnors state only that a supersedeas bond "has been arranged." (Mot. at 4.) The motion does not attach any bond, however, as the Contempt Order required; it attaches only a "form of bond" with the word "DRAFT" scrawled across it. (ECF No. 141-1, the "Draft Form.")

The Draft Form purports to be issued by the "United States Fire Insurance Co." It is not in the form of a conventional supersedeas bond. It does not enumerate the monies ordered to be paid. It does not acknowledge the appeal. It does not purport to cover all three Contemnors—it

2

refers only to "the Appellants," but the Motion states that "Appellants" will be defined in the bond only as "Appellant John Steele," purportedly (but not in actuality) "in compliance with the Court's contempt order." (Mot. at 4.) The Draft Form also does not cover the full amount ordered, since Contemnors apparently assume that the $500-per-day-per-attorney fine will not kick in.

## ARGUMENT

The Court should deny the Contemnors' Motion for stay and for approval of the "form" of supersedeas bond attached to the Motion.

To be sure, a party may obtain a stay pending appeal upon posting, and the Court approving, an actual (not a proposed) supersedeas bond. Fed. R. Civ. P. 62(d). The Court recognized this when it held that the Contemnors could move for a stay with an "accompanying supersedeas bond of the full amount" owed. (Contempt Order at 12-13; *see also* Mot. at 4.) But there is no "accompanying supersedeas bond" before the Court for approval here, and for that reason alone a stay is not only unwarranted, it would not be permitted under Rule 62(d) unless and until an actual supersedeas bond was properly executed and filed with the Court for approval.

In any event, the Draft Form that the Contemnors attach to their motion falls woefully short of an approvable supersedeas bond. First and foremost, it would (if it were an actual bond) cover only one of the three Contemnors—Steele. Duffy and Hansmeier don't even submit a "form of bond" to secure payment of their own several liabilities.

Further, the form is in an inadequate amount. The amount might be adequate if the stay motion complied with the clear directions in the Contempt Order, but for the reasons stated in this opposition, the motion is patently faulty and thus the $500-per-day-per-attorney fine began

to run on April 1, 2014. The Draft Form in a purported amount of $287,300 would not (if it were an actual bond) cover the enhanced amounts; rather, the Draft Form amount would cover only the sanctions award, the 10% additional amount, and less than $200 in interest. Contemnors filed their motion in the last hour of the deadline for compliance with the Contempt Order, but instead of complying, they offered only to pay "within three business days," were the Court to "approve" the Draft Form—something this Court did not contemplate and is not obligated to do. (Mot. at 4.) The failure to abide by the terms of the Contempt Order necessarily subjects Contemnors to the Contempt Order's additional fines, which renders the amount offered insufficient.

Finally, the Draft Form is not a standard supersedeas bond. The Draft Form does not state that its obligation is non-cancellable or binding on the surety's heirs, administrators, successors, and assigns. It does not list, let alone mention, the Sanctions or Contempt Orders. It does not acknowledge the appeal. And, because it is a "draft" and a "form," it is not signed and not notarized. It thus offers no assurance to Defendants that they will ever be paid in any amount. The Court should flatly deny the inadequate motion for stay.

### CONCLUSION AND REQUEST FOR ATTORNEYS' FEES

For these reasons, the proposed bond "form" is inadequate and does not constitute a "supersedeas bond of the full amount" consistent with the Court's Contempt Order. As such, it cannot support entry of a stay pending appeal. The motion should be denied.

Further, as the Contemnors continue efforts to delay and multiply these proceedings, Defendants request that Steele, Duffy, and Hansmeier be required to pay Defendants' attorneys' fees and costs in preparing and filing this opposition to a plainly non-compliant motion for stay.

This additional fee award may be made under 28 U.S.C. § 1927 or under the Court's inherent authority.

                Respectfully submitted,

                By: /s/ Bart W. Huffman
                Bart W. Huffman (admitted *pro hac vice*)
                LOCKE LORD LLP
                600 Congress Avenue, Suite 2200
                Austin, TX 78701
                (512) 305-4700

                Troy A. Bozarth – 06236748
                HEPLERBROOM LLC
                130 North Main Street
                Edwardsville, IL 62025
                (618) 656-0184

                *Attorneys for SBC Internet Services, Inc.*
                *d/b/a AT&T Internet Services*

                By: /s/ John D. Seiver (with consent)
                John D. Seiver (admitted *pro hac vice*)
                Ronald G. London
                DAVIS WRIGHT TREMAINE, LLP
                1919 Pennsylvania Ave., NW
                Suite 800
                Washington, DC 20006
                (202) 973-4200

                Andrew G. Toennies
                LASHLY & BAER, P.C.
                20 East Main Street
                Belleville, Illinois 62220-1602
                (618) 233-5587

                *Attorneys for Defendants Comcast Cable*
                *Communications, LLC and Comcast Corporate*
                *Representative #1*

By:  /s/ Dan Booth  (with consent)
Dan Booth (admitted *pro hac vice*)
Jason E. Sweet (admitted *pro hac vice*)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel: (617) 250-8602
Fax: (617) 250-8883

*Attorneys for Defendant Anthony Smith*

## Certificate of Service

  I hereby certify that on this 2nd day of April, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic system upon all counsel of record via the Court's CM/ECF system.

/s/ Bart W. Huffman_____
Bart W. Huffman