IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORP.,

    Plaintiff,

vs.                                       No.   3:12-cv-889-DRH-SCW

ANTHONY SMITH, et al.,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This matter is before the Court on John Steel, Paul Duffy, and Paul Hansmeier's (collectively "plaintiff's counsel") motion for stay pending appeal and for approval of form of supersedeas bond (Doc. 141). Defendants Anthony Smith ("Smith"), Comcast Cable Communications LLC and Comcast Corporate Representative #1 (together "Comcast"), and SBC Internet Services, Inc. d/b/a AT&T Internet Services' ("AT&T") (collectively "defendants") jointly oppose the motion (Doc. 147).

    On March 24, 2014, the Court found attorneys John Steele, Paul Duffy, and Paul Hansmeier in contempt of Court for their failure to comply with the Court's Sanctions Order (Doc. 136) (hereinafter "Contempt Order"). The undersigned directed plaintiff's counsel to pay the amount as ordered in the Sanctions Order ($261,025.31), applicable interest on that amount from December 11, 2013, and a remedial sanction of $26,102.58 in contemplation of the attorneys' fees and costs

that defendants incurred during the litigation of the contempt motion within seven days. The Court warned plaintiff's counsel that failure to comply with the Contempt Order would result in a fine of $500.00 per day per attorney for up to 30 days. After 30 days, the amount would increase to a $1,000 fine per day per attorney.

On March 31, 2014, plaintiff's counsel filed a motion to stay the Contempt Order pending appeal. Plaintiff's counsel also provided a draft supersedeas bond for $287,300.00 for the Court's approval with the indication that if the Court approves the bond the bond will be submitted to the Court for filing within three business days. In their response, defendants assert that the proposed bond form is inadequate and does not support a stay pending appeal. Furthermore, they state that plaintiff's counsel "continue efforts to delay and multiply these proceedings" (Doc. 147 at 4). As such, they request attorneys' fees and costs in preparing and filing this opposition to a "plainly non-complaint motion for stay" (*Id.*). Pursuant to the Clerk of the Court's notice of errors (Doc. 142), plaintiff's counsel filed with the undersigned an official, signed copy of the proposed supersedeas bond dated April 2, 2014 for the amount of $287,300.00.

The district court may stay an order by supersedeas bond pending appeal. FED. R. CIV. P. 62(d). "The stay takes effect when the court approves the bond." *Id.* The Federal Rules do not provide clear guidance as to the required amount of a supersedeas bond. *See Id.* advisory committee's note. This Court has not adopted a particular practice or rule. However, the undersigned has previously

found compelling the method of the Northern District of Illinois. N.D. Ill. L.R. 62.1; *Liotine v. CDW-Government, Inc.*, No. 5-33 (S.D. Ill. Oct. 15, 2013). Northern District Local Rule 62.1 requires that a supersedeas bond be for the full amount, plus one year's interest, plus $500 to cover costs.

The Court considers the proposed supersedeas bond sufficient to stay the Contempt Order. The proposed supersedeas bond accounts for the full amount of the order (the Sanctions Order amount of $262,025.31 and the remedial contempt sanction $26,102.58), applicable interest from December 11, 2013 to April 2, 2014, and an additional remainder amount, approximately $67.00. Plaintiff's counsel appears to have rounded up. While this amount does not account for the costs or interest as contemplated by Northern District of Illinois and does not include any monies for the supersedeas bond's tardiness, plaintiff's counsel has clearly made a good faith effort to comply with the Contempt Order.

Accordingly, John Steele, Paul Duffy, and Paul Hansmeier's motion for stay pending appeal and for approval of form of supersedeas bond (Doc. 141) is **GRANTED.** The Court approves the bond and stays the order pending appeal. Plaintiff's counsel is directed to file the supersedeas bond with the Court on or before April 9, 2014.

**IT IS SO ORDERED.**
Signed this 4th day of April, 2014.

Digitally signed by David R. Herndon
Date: 2014.04.04 15:51:30 -05'00'

**Chief Judge**
**United States District Court**