UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:12-cv-00889 |
| ANTHONY SMITH, SBC INTERNET SERVICES, INC., d/b/a AT&T INTERNET SERVICES; AT&T CORPORATE REPRESENTATIVE #1; COMCAST CABLE COMMUNICATIONS, LLC, and COMCAST CORPORATE REPRESENTATIVE #1, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS**

**I. INTRODUCTION**

The evidence in this case is voluminous, undisputed, and disturbing. After Defendant Anthony Smith ("Smith") began efforts to enforce the Court's November 27, 2013 Order [Dkt. No. 100], he learned that Plaintiff's counsel John L. Steele ("Steele"), Paul A. Duffy ("Duffy"), and Paul R. Hansmeier ("Hansmeier") (collectively "Plaintiff's Counsel") have engaged in a massive effort to hide, move and transfer their assets in order to avoid complying with numerous sanctions orders and judgments levied against them. Plaintiff's Counsel say they have nothing—they have no money or assets to satisfy the Order. Yet, they provide dubious proof of these assertions and attempt to thwart any independent confirmation.

As a result of the Plaintiff's Counsel's continued recalcitrance, Smith is constrained to file this motion for discovery sanctions.

**II. RELEVANT FACTS AND PROCEDURAL HISTORY**

On November 27, 2013, pursuant to 28 U.S.C. § 1927, the Court ordered Plaintiff's Counsel to pay Defendants' attorney fees and expenses totaling $261,025.11 within 14 days. Dkt. No. 100 ("Sanctions Order"). Plaintiff's Counsel appealed the Order, *see* Dkt. No. 102, but they did not move for a stay of the Sanctions Order until January 29, 2014, *see* Dkt. No. 114—more than a month after the Contempt Motion was filed. Dkt. No. 107. Plaintiff's Counsel eventually filed a surety bond, but only after the Court found them in contempt—a ruling which they have also appealed. Dkt. No. 136 ("Contempt Order").

In the Contempt Motion, Defendants requested that Plaintiff's Counsel be held in contempt or ordered to show cause why they should not be, and sanctioned further for their defiance of the Sanctions Order. Dkt. No. 107. Duffy and Hansmeier filed oppositions. Dkt. Nos. 111 & 113. Duffy argued that Defendants had failed to determine whether any of Plaintiff's Counsel "has assets sufficient to comply with the judgment of the Court." Dkt. No. 111 p. 6. Hansmeier claimed, "the quarter of a million dollars liability created by the … Order would impose a crippling financial liability on Hansmeier." Dkt. No. 113 p. 6. Defendants filed a joint reply. Dkt. No. 119. Steele moved to stay the Sanctions Order (Dkt. No. 114) parroting, "[t]he quarter of a million dollars liability created by the … Order would impose a crippling financial liability on Steele." Dkt. No. 115 p. 3.

The Court heard arguments on February 13, 2014, denied Steele's motion to stay, and took the Contempt Motion under advisement, allowing Plaintiff's Counsel 10 days to submit asset statements from a certified public accountant. Dkt. No. 123. Without notice to Defendants, Plaintiff's Counsel "submitted incomplete, and to say the least suspicious, statements of financial condition" to the Court for *in camera* review. Dkt. No. 136 p. 8.

By subpoenas issued to twelve financial institutions on January 16, 2014, Smith sought post-order discovery to ascertain facts concerning Plaintiff's Counsel's financial resources and their ability to pay the amount ordered. *See* Dkt. No. 116-1. Steele moved to quash the subpoenas. Dkt. No. 116. Smith filed an opposition to the motion to quash. Dkt. No. 124. The Court denied the motion to quash, noting that "Smith provides compelling reasons why the financial records of these individuals and entities were subpoenaed." Dkt. No. 125 p. 3.

By subpoenas issued on March 24, 2014, Smith continued his post-order discovery concerning Plaintiff's Counsel's financial resources and representations. On April 11, 2014, Smith's counsel was informed by Steele that he himself had contacted the third parties involved and notified them the subpoenas were stayed. Exhibit A. Smith's counsel explained to Steele the fallacy of his contention and repeatedly requested confirmation from Steele in the form of faxes or emails from each of the entities he inappropriately contacted stating that he cleared up the misunderstanding and that discovery is back on track. *Id.* To date, Steele has provided no confirmation that he has done so.

### III. STANDARD OF REVIEW

A court's authority to sanction a party is both inherent and statutory. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50-51 (1991) (federal courts may sanction bad faith conduct by its inherent powers

or by the Federal Rules of Civil Procedure); *Barnhill v. United States,* 11 F.3d 1360, 1368 (7th Cir. 1993) (same). Whether proceeding under Rule 37 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927 or under a court's inherent powers, the "analysis is essentially the same." *Cobell v. Babbitt*, 37 F. Supp. 2d 6, 18 (D.D.C. 1999); *Gates Rubber Co. v. Bando Chem. Indus., Ltd.,* 167 F.R.D. 90, 107 (D.Col. 1996) ("any distinctions between Rule 37 and the inherent powers of the court are distinctions without differences"). In general, sanctions are intended to serve one or more of the following purposes: (1) to ameliorate the prejudice caused to an innocent party by a discovery violation; (2) to punish the party who violates his or her obligations; and/or (3) to deter others from committing like violations. *See generally National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643 (1976) (noting dual purpose of punishment and deterrence). A district court considering the imposition of sanctions "must be guided by a certain measure of restraint[,]" *Barnhill,* 11 F.3d at 1368, and any sanction leveled must adhere to "the norm of proportionality …" *Newman v. Metropolitan Pier & Exposition Authority,* 962 F.2d 589, 591 (7th Cir. 1992).

This is not to say that a court is always required "to fire a warning shot" before imposing a stiff sanction; it is not. *Hal Commodity Cycles Mgmt. Co. v. Kirsh,* 825 F.2d 1136, 1139 (7th Cir. 1987). Nor must a court select the "least drastic" or "most reasonable" sanction. *Melendez v. Illinois Bell Telephone Co.,* 79 F.3d 661, 672 (7th Cir. 1996) (citing cases).  *See also Langley v. Union Elec. Co.,* 107 F.3d 510, 515 (7th Cir. 1997) ("An award of sanctions must be proportionate to the circumstances surrounding the failure to comply with discovery"); *Melendez,* 79 F.3d at 672 (same). *See generally Anderson v. Beatrice Foods Co.,* 900 F.2d 388, 395 (1st Cir. 1990) (judges must "take pains neither to use an elephant gun to slay a mouse nor to wield a cardboard sword if a dragon looms").

In the discovery context, "[i]f a party … fails to obey an order to … permit discovery … the court where the action is pending may issue further just orders," Fed. R. Civ. P. 37(b)(2)(A), including "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(vii).

Attorneys may also be sanctioned under § 1927 if they unreasonably and vexatiously multiply proceedings in any case. 28 U.S.C. § 1927. This statute permits a party to recoup fees and costs when an attorney acts in an objectively unreasonable manner and with either subjective or objective bad faith. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992); *Alexander v. United*

3

*States*, 121 F.3d 312, 316 (7th Cir. 1997) (holding that sanctions are also appropriate when objectively unreasonable litigation-multiplying conduct continues despite a warning to desist.); *see, e.g., Ordower v. Feldman*, 826 F.2d 1569, 1574 (7th Cir. 1987) (indicating that intentional ill will or reckless conduct constitutes vexatious conduct). While § 1927 sanctions are penal in nature and should be construed strictly, sanctions may be warranted when counsel drags out the discovery process, "thus causing more expensive litigation, and obstructed discovery." *In re Kitchin*, 327 B.R. 337, 368-69 (Bankr. N.D. Ill. 2005).

A court is given broad discretion to choose the appropriate sanction for a discovery violation given the unique factual circumstances of every case. *National Hockey League,* 427 U.S. at 642. The Seventh Circuit has directed that any sanctions rendered be proportionate to the offending conduct, *United States v. Golden Elevator, Inc.,* 27 F.3d 301, 303 (7th Cir. 1994); *Crown Life Ins. Co. v. Craig,* 995 F.2d 1376, 1382 (7th Cir. 1993), and that the harsh sanction of default be reserved for extreme circumstances. *Ellingsworth v. Chrysler,* 665 F.2d 180, 185 (7th Cir. 1981).

## IV. ARGUMENT

Smith has already been compelled to inform the Court of Duffy's effort to forestall discovery by falsely informing at least one bank that a motion to quash was still pending. Dkt. No. 135 p. 7. The documents which Duffy attempted to withhold and which were subsequently produced turned out to be some of the most dispositive to date regarding Plaintiff's Counsel's culpability and financial resources.

Now it is Steele who seeks to stymie legitimate discovery proceedings.

On April 11, 2014, Smith's counsel received an email from Steele, the following excerpt from which highlights the obstructive nature of Plaintiff's Counsel's current efforts:

> "I have just received your most recent round of subpoenas dated march 26, 2014. As you know the action has been stayed and any outstanding subpoenas must be withdrawn. I have already contacted the third parties involved, and notified them."

Any argument that the Court's Contempt Order (Dkt. No. 136) stayed discovery is without merit for several reasons. As an initial matter, the Contempt Order states "The Court considers the proposed supersedeas bond sufficient to stay the Contempt Order." The subpoenas which Steele took upon himself to withdraw were issued in conjunction with Smith's March 20th contempt motion, which the Court considers a separate and distinct motion. Dkt. Nos. 135 p. 13 ("Smith Contempt Motion").

> The Court "consider[s] that motion as a motion for an additional sanction for contempt since it relates directly to representations made in Court and in the financial statements by plaintiff's counsel. Counsel, Steele, Duffy and Hansmeier, shall respond to the March 20 motion, no later than April 20, 2014. Upon reviewing those responses, the Court will consider whether to require another hearing and the range of sanctions that it may be considering, if any."

*Id.*

Secondly, there is no authority for the proposition that filing a supersedeas bond can forgive an act of contempt that has already been committed. Plaintiff's Counsel made misleading statements in court, misrepresented their financial status, and refused to comply with the Court's orders for two months prior to filing the bond. At the time of the Court's orders, the act(s) of contempt had already occurred.

Third, Steele's representations to the subpoenaed parties are entirely without merit and misleading. Whether Steele "finds" that Smith's discovery requests were "stayed" is neither relevant nor a proper objection to discovery, even if properly asserted. As already made clear to Plaintiff's Counsel, Fed.R.Civ.P. 45 allows the subpoenaed party only to object. Dkt. No. 125 Steele has no such procedural right and certainly no authority to withdraw *sua sponte* an adversary's subpoena issued to a witness. Steele's proper procedural course, if a meritorious objection even exists, is to move to stay discovery. *See*, *e.g.*, *Hunt Int'l Resources Corp. v. Binstein*, 98 F.R.D. 689, 690 (N.D.Ill. 1983); *Mann v. Thompson*, No. 05-cv-0048, 2006 U.S. Dist. LEXIS 43084, *30 (E.D. Wis. June 15, 2006) (A motion to strike is not the proper method of objecting to improper discovery requests.). *See also AF Holdings LLC v. Navasca*, No. 12-cv-02396, 2013 U.S. Dist. LEXIS 149156, *18 ("[Plaintiff's C]ounsel is apparently not familiar with the rules of federal procedure, or with basic principles of motion practice."). Nowhere in Fed.R.Civ.P. 45 is it contemplated that the adversary of the party seeking the information may advise, no matter the reasons, the person commanded by the subpoena to produce the information to ignore the subpoena's command. Yet, that is exactly what happened here. Steele, like Duffy before him, took it upon himself to limit or attempt to "quash" the subpoenas by inappropriately notifying the third parties of a "stay."[1] In doing so he arrogated to himself a power assigned to the Court under the Rule. The violation is clear and it is sanctionable.

Smith respectfully submits that nothing short of a Court order can undo this damage. Undoubtedly, the objections were meant solely to frustrate and impede Smith's attempt to obtain

---

[1] This is not Plaintiff's Counsel's first attempt to obstruct discovery premised upon a "misperceived stay." See Dkt. No. 116, *Motion to Quash Subpoenas Issued by Anthony Smith in Violation of the Court's Stay*.

evidence about the veracity of Plaintiff's Counsel's representations. Here, Plaintiff's Counsel wrongly "advised" the subpoenaed parties away from producing materials directly relevant to Smith's motion. Such unsolicited legal advice is entirely improper when directed to a duly subpoenaed witness.[2] *Castillo v. St. Paul Fire & Marine Ins. Co.*, 828 F. Supp. 594, 597-98 (C.D. Ill. 1992) (finding contempt for obstructing discovery and imposing sanctions pursuant to 28 U.S.C. §1927); *Fox Indus., Inc. v. Gurovich*, No. 03-cv-5166, 2006 U.S. Dist. LEXIS 73035 (E.D.N.Y. Oct. 6, 2006) (Sanctioning defendant who informed non-parties that "the subpoena is null and void as a matter of law and should not be complied with."). *See also Price v. Trans Union, L.L.C.*, 847 F. Supp. 2d 788 (E.D. Pa. 2012).

Any argument by Plaintiff's Counsel that "no prejudice" ensued in this case misapprehends the harm caused in this case. Even if Plaintiff's Counsel has withdrawn the "advice" he refuses to confirm he has done so. Plaintiff's Counsel's uncooperative discovery tactics impose yet another cost upon Smith and the Court, requiring Smith to file this motion, and additional action by the Court. This not only increases the expense of this litigation to the parties as a whole, but requires the expenditure of judicial resources unnecessarily. When a party recklessly and repeatedly creates needless costs the other side is entitled to relief. *In re TCI Ltd.*, 769 F.2d 441, 446 (7th Cir. 1985); *Troost v. Kitchin (In re Kitchin)*, 327 B.R. 337, 368-369 (Bankr. N.D. Ill. 2005). *See also In re Prudential*, 278 F.3d 175, 187 (E.D. Pa. 2002) ("[T]he principal purpose of imposing sanctions under [§ 1927] is the deterrence of intentional and unnecessary delay in the proceedings.").

## V. CONCLUSION

There have been warnings. There have been orders. There have been directions on the record. Yet, Plaintiff's Counsel continues to engage in dilatory tactics and dilettante arguments.

Based on Plaintiff's Counsel's obstreperous conduct in connection with the defense of these proceedings, further sanctions are warranted. Smith respectfully submits that the only way to undo Plaintiff's Counsel's continuing wrongful interference is for the Court to: 1) issue further monetary sanctions against Plaintiff's Counsel; and 2) order Plaintiff's Counsel to send a letter rescinding the "stay notice" with a copy of the Court's order directing that the rescission letters be sent, and stating

---

[2] Such advice also runs afoul of Ill. Rule of Professional Conduct 3.4(a) which provides:
>  A lawyer shall not: 1) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act.

that the Court authorizes the parties to respond to the subpoenas. The appropriate amount of sanctions to be awarded should be calculated to deter this type of conduct, and may take into consideration Smith's attorney fees incurred in the amount of $4,908 in connection with this motion.

Dated: April 18, 2014 　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Jason E. Sweet
　　　　　　　　　　　　　　　　　　　　　　　　　　　―――――――――――――――――
　　　　　　　　　　　　　　　　　　　　　　　　　　　Jason E. Sweet BBO # 668596

　　　　　　　　　　　　　　　　　　　　　　　　　　　Counsel for Defendant Smith
　　　　　　　　　　　　　　　　　　　　　　　　　　　*Admitted Pro Hac Vice*

　　　　　　　　　　　　　　　　　　　　　　　　　　　BOOTH SWEET LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　　32R Essex Street, Suite 1
　　　　　　　　　　　　　　　　　　　　　　　　　　　Cambridge, MA 02139
　　　　　　　　　　　　　　　　　　　　　　　　　　　jsweet@boothsweet.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　T: (617) 250-8619
　　　　　　　　　　　　　　　　　　　　　　　　　　　F: (617) 250-8883

## CERTIFICATE OF COMPLIANCE WITH RULE 37

As required by Fed. R. Civ. P. 37(a)(1), counsel for Smith hereby certifies that they have conferred in good faith with Plaintiff's Counsel to try to resolve the disputes related to the production of the documents by non-parties.

Dated: April 18, 2014　　　　　　　　　　　　　　　　/s/ Jason E. Sweet
　　　　　　　　　　　　　　　　　　　　　　　　　　　―――――――――――――――――

## CERTIFICATE OF SERVICE

I, Jason E. Sweet, hereby certify that a copy of the foregoing document, filed through the ECF system on Dated: April 18, 2014, was sent electronically on that date to the registered participants as identified in the Notice of Electronic Filing.

Dated: April 18, 2014　　　　　　　　　　　　　　　　/s/ Jason E. Sweet
　　　　　　　　　　　　　　　　　　　　　　　　　　　―――――――――――――――――