UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHSPEED MEDIA CORP.,** | |
| *Plaintiff,* | |
| v. | Civil No. 3:12-cv-889-DRH-SCW |
| **ANTHONY SMITH, et al.,** | |
| *Defendants.* | |

**PAUL HANSMEIER'S MOTION FOR SANCTIONS AND TO QUASH**

Anthony Smith's counsel, Jason Sweet, has grossly abused the subpoena process. Sweet invoked this Court's authority to issue non-party subpoenas without issuing prior notice—or any notice, for that matter—to Hansmeier and perhaps others. Indeed, Hansmeier was first notified of Sweet's subpoenas when, on Friday April 18, 2014, Smith filed a motion for sanctions against Hansmeier for allegedly interfering with subpoenas that *he never notified Hansmeier of*.[1] Sanctions are clearly warranted.

Making matters worse, this is not the first time Sweet has abused the subpoena process in these proceedings. On or around March 7, 2014, Sweet issued a round of stealth subpoenas, and was caught red-handed when one of the recipients—Google, Inc.—notified Hansmeier of the subpoena. When confronted

---

[1] The staggering chutzpah in Sweet's latest sanctions motion will be addressed in Hansmeier's forthcoming response and cross-motion for sanctions.

with his misconduct, Sweet quickly capitulated and withdrew the improperly-issued subpoenas.

Although under no obligation to do so, Hansmeier offered Sweet the same opportunity with respect to the subpoenas at issue in this motion. This time, however, Sweet appears to be adopting a different strategy: Sweet is ignoring Hansmeier's attempts to resolve the matter without court intervention in an apparent hope that the matter will disappear. It will not. District courts are well within their discretion to sanction attorneys who issue non-party subpoenas without the required notification to parties under Federal Rule of Civil Procedure 45. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 378–79 (7th Cir. 2008). There is no reason for this Court to endorse Sweet's abuse of its authority by allowing it to go unpunished. This is particularly true in an action, such as this, where the Court has previously accorded Sweet great deference.

For the reasons described herein, the Court should order Sweet to provide a sworn accounting of all of the subpoenas and related correspondence he has issued in this case. In addition, Hansmeier requests that the Court (1) quash and order the immediate withdrawal of all subpoenas issued by Sweet and his firm in this action since March 1, 2014; (2) order the destruction of any information obtained pursuant to these subpoenas; (3) enter a permanent injunction barring the disclosure or use by Smith or his counsel of any information obtained pursuant to these subpoenas; (4) prohibit Smith or his counsel from issuing further subpoenas from this action without prior leave of the Court; and (5) impose an appropriate sanction in light of

the circumstances, once they are fully known. If warranted, such a sanction should include amounts sufficient to deter Sweet from engaging in future misconduct and to compensate Hansmeier for the time spent he spent preparing and prosecuting this motion.

I. **BACKGROUND.**

This case has a multi-year history, but the relevant events occurred within the past six months. On November 27, 2013 the Court entered an order imposing over a quarter-million dollars in sanctions joint and severally against attorneys Paul Duffy, John Steele and Paul Hansmeier in favor of the defendants. (Dkt. #100.) The sanctions order went unpaid. On December 27, 2013 the defendants filed a joint motion for contempt against the sanctioned attorneys. (Dkt. #107.)

On January 30, 2014 the sanctioned attorneys filed a motion to quash certain subpoenas issued by Sweet. (Dkt. #116.) Among other things, the subpoenas sought detailed financial information about Steele, Duffy and Hansmeier, and fifteen persons and entities that were not parties to the sanctions order. (*Id.*) After taking the matter under consideration, the Court denied the motion to quash, and allowed Sweet to obtain extensive information about the financial positions of Duffy, Steele and Hansmeier and fifteen other natural persons and entities. (Dkt. #125.)

A hearing on the contempt motion was held on February 13, 2014. (Dkt. #123.) At the hearing, Duffy, Steele and Hansmeier all claimed an inability to pay the sanctions award, and the Court ordered them to support these statements by submitting CPA-prepared statements of financial position. (*Id.*) The attorneys

complied. On March 20, 2014 Smith unilaterally filed an *ex parte* motion for contempt, which included over 180-pages of information he obtained in the course of his broad-based discovery. (Dkt. #135.) Four days later, on March 24, 2014 the Court granted the original joint motion for contempt. (Dkt. #136.)

A few weeks earlier, on or around March 7, 2014, Sweet had issued a second round of subpoenas captioned from this case, without providing the required Rule 45 notice to Hansmeier. *See* Hansmeier Decl., at ¶2. Hansmeier first learned of these subpoenas when he received a notice from his e-mail provider, Google, informing him about a subpoena it had received. *See id.*, at Exhibit A. After receiving notice from Google, Hansmeier contacted Sweet to learn if Sweet was, indeed, issuing *ex parte* subpoenas. *See Id.*, at Exhibit B. Sweet responded by stating that notice to Hansmeier was not necessary because, *inter alia*, Sweet did not believe that there was "any legally cognizable basis upon which [Hansmeier] may have to challenge [the subpoenas]." *Id.* Sweet further stated that this Court had determined that "service on Plaintiff's counsel Paul Duffy constitutes service upon [Hansmeier] as well." *Id.* Hansmeier noted that a subpoena to Google, which provides e-mail service for Hansmeier's law firm, could implicate "information that is potentially subject to the attorney-client privilege." *Id.*

In the end, Sweet provided Hansmeier with a list of subpoenaed non-parties and, "in the interest of judicial economy", agreed to withdraw the March 7, 2014 subpoenas. *Id.* Sweet also stated that he would be reissuing the subpoenas in the future and indicated that he would serve Hansmeier with the reissued subpoenas

- 4 -

"via certified mail." *Id.* Hansmeier heard nothing further from Sweet on this issue until Sweet filed the April 18, 2014, motion. *Id.*, at ¶4.

On April 18, 2014, Sweet filed a motion titled "Motion for Sanctions for Obstructing Discovery." (Dkt. #153.) Sweet's motion referenced post-contempt order "subpoenas issued on March 24, 2014." (*Id.*, at 2.) Hansmeier did not receive notice of these subpoenas from Sweet. After reviewing Sweet's motion, Hansmeier immediately contacted Sweet to determine whether he was, once again, engaging in *ex parte* subpoena practice. Hansmeier Declaration, at Exhibit C. Despite the passage of over three days, Sweet has not responded to Hansmeier's e-mail in any manner whatsoever. (*See id.*)

## II. <u>LEGAL STANDARD</u>.

Rule 45 of the Federal Rules of Civil Procedure governs the use of subpoenas. A party must serve each party with prior notice if the subpoena commands the production of documents. Fed. R Civ. P. 45(a)(4). Prior notice is required in order "to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." Fed. R. Civ. P. 45 committee note, 1991 amendments. "The [prior notice] requirements of Rule 45 are clear." *Judson Atkinson Candies*, 529 F.3d at 386.

"The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1074 (9th Cir. 2004). Since the 1991 Amendments to the Federal Rules of Civil Procedure, attorneys have been vested

with the power, as officers of the court, to issue subpoenas rather than having to obtain them from a clerk. As the Advisory Committee noted at the time the Amendments were adopted, "Necessarily accompanying the evolution of this power of the lawyer as an officer of the court is the development of increased responsibility and liability for the misuse of this power." Fed. R. Civ. P. 45 committee note, 1991 amendments.

A court, under its inherent powers, may sanction conduct that it finds to be an abuse of the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991). In order to impose sanctions pursuant to its inherent power, a court must find that the party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons…." *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 2938 (7th Cir. 2004).

### III. SWEET'S CONDUCT MERITS SANCTIONS.

Sweet's decision to issue subpoenas in violation of Rule 45's "prior notice" requirements was a gross abuse of his subpoena power. To say that Sweet violated Rule 45's "prior notice" requirement fails to capture the gravity of Sweet's abdication of responsibility: Because Sweet has sought, if not obtained, information that he potentially had no right to receive, "[t]he subpoena[s'] falsity transformed the access of [Hansmeier's information] from a bona fide state-sanctioned inspection into private snooping." *Theofel*, 359 F.3d at 1073 (citations omitted). "To knowingly abuse [the subpoena] power is an affront to the fair and impartial administration of justice and is subject to sanctions under the inherent power of the court," *In re Air*

*Crash at Charlotte, N.C.*, 983 F. Supp. 1092, 1101 (D.S.C. 1997), and the Federal Rules. Indeed, Smith's withdrawn subpoenas, including a subpoena issued for information from Hansmeier's e-mail account, directly implicates the attorney-client privilege, which Hansmeier is obligated to defend at all costs. Further, Sweet's wanton abuse continued even though he had been caught red-handed. Accordingly, this Court should find that Sweet's conduct merits severe sanctions under Rule 45.

The facts certainly suggest that Sweet has engaged in conduct warranting a severe sanction. *First*, Sweet has engaged in a pattern of deception, having failed at least once before to notify Hansmeier of third-party subpoenas. *Second*, to the extent Sweet has received information in response to the subpoenas he issued, he has not provided Hansmeier with copies of any such responses. *See Murphy v. Bd. of Edu. Of Rochester City Sch. Dist.*, 196 F.R.D. 220, 226 (W.D.N.Y. 2000) (where attorney issued third-party subpoenas without notifying opposing party, failure to share information obtained pursuant to subpoena weighed in favor of imposing sanctions). *Third*, Smith's prior subpoenas sought information from, among others, T-Mobile, Google and Twitter. Twitter is a service that allows users to post messages online in 140-characters or less. What possible relevance this service could have to the issue before the Court—namely, Hansmeier's ability to pay—is beyond comprehension. Does Smith really think that Hansmeier could order up a wire transfer, for example, on Twitter in 140 characters or less? *Finally*, absent a complete accounting of Sweet's improper behavior, one that he has thus far been unwilling to shed any light on, his conduct must be considered ongoing. *See* Fed. R.

Civ. P. 45(e)(2)(B) (requiring immediate return, sequester, or destruction of improperly obtained privileged materials).

In summary, on multiple occasions, Sweet has invoked this Court's authority to issue dozens of subpoenas without abiding by the mandates of Rule 45. He has further failed to respond to Hansmeier's requests for basic information about what subpoenas have been issued. It is likely that several of Sweet's subpoenas have no tangible relevance to the issues before the Court, and that several implicate the attorney-client privilege. Accordingly, Hansmeier requests that the Court order Sweet to provide a sworn accounting of all of his actions related to the issuance and service of any subpoena he has issued in this action, including (1) a list of all subpoenas he has issued since March 1, 2014; and (2) specification of the all information he has obtained in response to the subpoenas. Sweet should be required to file the complete information under seal. Sweet should further be required to aver that he has provided complete information about each of these categories.

In addition, Hansmeier requests that the Court (1) quash all subpoenas issued by Sweet since March 1, 2014; (2) order Sweet to withdraw any outstanding subpoenas; (3) enter a permanent injunction barring the disclosure or use by Sweet, Smith or any of their agents, of any information obtained pursuant to a subpoena in this action; (4) prohibit Smith or his counsel from issuing further subpoenas from this action without prior leave of the Court; and (5) impose an appropriate sanction in light of the circumstances, once they are fully known. Hansmeier also requests the Court order Sweet to provide a copy of that order to each third-party that has

been subpoenaed in this action. Finally, pursuant to Rule 45(c)(1), Hansmeier asks that Sweet (or his client) be ordered to reimburse the third-parties for the expenses Sweet has imposed on them.

In considering Hansmeier's motion, the Court should ask itself whether Sweet has any legitimate reason to be continuing his discovery campaign. The Court granted the sanctioned attorneys' motion for a stay. Sweet's renewed motion for contempt is fully briefed. Sweet cannot plausibly claim that the extraordinarily broad discovery he has already taken was insufficient for him to make his case regarding any of these attorneys' ability to pay. Indeed, the documents attached to Sweet's motion suggest that he obtained the details of every one of Hansmeier's transactions since 2010. And should Sweet argue that more discovery is needed, then he has wasted this Court's and the sanctioned attorneys' time by filing his motion prematurely, and he (and his client) should be required to reimburse the affected parties' for the wasted time.

## IV.     CONCLUSION.

Sweet has taken inexcusable liberties at the expense of Hansmeier, Duffy and Steele and the Court. Discovery is not a game, nor is it a tool to be wielded irresponsibly. Sweet has been warned once before that Hansmeier would seek judicial intervention in connection with Sweet's misconduct, but has failed to heed such warnings. Hansmeier respectfully asks this Court to demand a full accounting of Sweet's actions regarding the subpoenas in this litigation, to quash all post-March 1, 2014 subpoenas and subsequently to impose an appropriate sanction.

April 22, 2014

/s/ Paul Hansmeier
Paul Hansmeier
80 S. 8th St. Ste 900
Minneapolis, MN 55402
612-234-5744

## CERTIFICATE OF SERVICE

  I hereby certify that on April 22, 2014 I filed the foregoing document through the Court's CM/ECF system, which will electronically serve this document on all parties of record.

                   /s/ Paul Hansmeier