# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LIGHSPEED MEDIA CORP.,**

    *Plaintiff,*

  *v.*

**ANTHONY SMITH, et al.,**

    *Defendants.*

Civil No. 3:12-cv-889-DRH-SCW

## DECLARATION OF PAUL HANSMEIER

1. I submit this Declaration in connection with Paul Hansmeier's Motion for Sanctions and to Quash.

2. I never received the notice contemplated by Federal Rule of Civil Procedure 45(a)(4) of subpoenas issued by Anthony Smith in this case on or around March 7, 2014. This lack of notice includes a mailed or electronic copy of the subpoenas. The first I learned of these subpoenas was when I received a notification from my e-mail provider, Google, notifying me of the company's receipt of a subpoena seeking information about my Internet account. Attached hereto as Exhibit A is a true and correct copy of the notice I received from Google. Among other things, the notice makes clear that the subpoena was issued from this case and that the issuing attorney was Jason Sweet. I received the notification from Google approximately one week after Jason Sweet issued the subpoena.

3. After receiving the notice from Google, I contacted Jason Sweet to gather more information about the subpoenas. A true and correct copy of our correspondence is attached hereto as Exhibit B.

4. I did not hear anything further from Jason Sweet on this issue until Jason Sweet filed his April 18, 2014 motion seeking to hold me in further contempt of court for interfering with subpoenas he never notified me about. After reviewing his April 18, 2014 motion, I contacted Jason Sweet to gather information about what appeared to be another round of *ex parte* subpoenas. A true and correct copy of that correspondence is attached hereto as Exhibit C.

This Declaration is submitted pursuant to 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 22, 2014.

Paul Hansmeier

# EXHIBIT A

Paul Hansmeier <prhansmeier@gmail.com>

# [3-5493000003024] Subpoena notice from Google (Internal Ref. No. 415655)

**google-legal-support@google.com** <google-legal-support@google.com>  Thu, Mar 13, 2014 at 4:26 PM
To: google-legal-support@google.com

Hello,

Google has received a subpoena for information related to your Google account in a case entitled Lightspeed Media Corporation v. Anthony Smith, et al., United States District Court for the Southern District of Illinois, 3:12-cv-00889-DRH-SCW (Internal Ref. No. 415655).

To comply with the law, unless you provide us with a file-stamped motion to quash the subpoena (or other formal objection filed in court) via email at google-legal-support@google.com by 5pm Pacific Time on April 2, 2014, Google may provide responsive documents on this date.

The party or counsel seeking the information is:

Jason Sweet
Booth Sweet LLP
32R Essex Street
Cambridge, Massachusetts 02139
617-250-8619

Google is not in a position to answer questions regarding the subpoena or provide you with legal advice.

If you have other questions regarding the subpoena, we encourage you to contact an attorney.

Thank you,

Legal Investigations Support

# EXHIBIT B



Paul Hansmeier <prhansmeier@thefirm.mn>

# Lightspeed v. Smith et al; Ex Parte Subpoena Practice
7 messages

---

**Paul Hansmeier** <prhansmeier@thefirm.mn>   Tue, Mar 18, 2014 at 9:48 AM
To: Jason Sweet <jsweet@boothsweet.com>, "dbooth@boothsweet.com" <dbooth@boothsweet.com>, john steele <johnlsteele33140@gmail.com>, Paul Duffy <paduffy@wefightpiracy.com>

Gentlemen:

I was informed last week by Google that you issued subpoenas captioned from the *Lightspeed v. Smith* matter. I was never provided with a notice copy of any such subpoenas, as is required under Rule 45(a)(4). Nor was I provided with copies of any subpoenas you have issued with respect to the information of Mr. Steele or Mr. Duffy. It should go without saying that *ex parte* subpoena practice is a very serious breach of an attorney's duty as an officer of the court. If have not received a copy of every subpoena you have issued in this matter by close of business Thursday, I intend to seek all necessary relief from the Court, which will include a request for costs and fees. Please accept this e-mail as my effort to meet and confer on this discovery issue.

Regards,
Paul Hansmeier

---

**jsweet@boothsweet.com** <jsweet@boothsweet.com>   Tue, Mar 18, 2014 at 11:18 AM
To: Paul Hansmeier <prhansmeier@thefirm.mn>
Cc: Dan Booth <dbooth@boothsweet.com>

Mr. Hansmeier

Pursuant to Rule 45(a)(4), each *party* must be provided with prior notice of any commanded documents. To that end, I have sent copies to the Plaintiff, Lightspeed Media. As you have repeatedly asserted before the Court, you are not a party to this matter. As such, nothing in the rules required I serve you with the subpoenas or give you notice thereof.

Even if you were entitled to notice or service, Mr. Steele's motion to quash the first wave of subpoenas already failed to demonstrate any legally cognizable basis upon which you may have to challenge this second round as well. Furthermore, as the Court has already determined, service on Plaintiff's counsel Paul Duffy constitutes service upon you as well.

I can inform you that the subpoenas are directed to T-Mobile, American Express, MasterCard, GoDaddy, TransFirst, Hotmail, Google and Twitter. I can also state that I have not received any documents in response to any of the subpoenas issued to the above entities.

Regards,
Jason Sweet
[Quoted text hidden]

Jason Sweet
Booth Sweet LLP
32R Essex Street
Cambridge, MA 02139
T: (617) 250-8619
F: (617) 250-8883

www.boothsweet.com
www.facebook.com/BoothSweet

This e-mail is from the law firm Booth Sweet LLP, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments.



BoothSweet.pdf
14K

---

**Paul Hansmeier** <prhansmeier@thefirm.mn>  Tue, Mar 18, 2014 at 11:27 AM
To: "jsweet@boothsweet.com" <jsweet@boothsweet.com>
Cc: Dan Booth <dbooth@boothsweet.com>, john steele <johnlsteele33140@gmail.com>, Paul Duffy <pduffy@pduffygroup.com>

> Mr. Sweet:
>
> I am in receipt of your confirmation of your refusal to provide me with a copy of the subpoenas you are issuing. You have no basis whatsoever for engaging in this *ex parte* subpoena practice. I will be asking the Court for relief.
>
> Regards,
> Paul
>
> [Quoted text hidden]

---

**jsweet@boothsweet.com** <jsweet@boothsweet.com>  Tue, Mar 18, 2014 at 11:52 AM
To: Paul Hansmeier <prhansmeier@thefirm.mn>

> Paul
>
> The Rule is clear: "each *party* must be provided with prior notice of any commanded documents." You have argued in pleadings submitted to the Court and in hearings before it that you were never a party to these proceedings. Am I somehow incorrect in my review of the docket? If so, please tell me.
>
> To be clear: I need you to confirm whether or not it is your position that you are and always have been a party in this matter. If you are, I'd be happy to contact each of the entities below and withdraw my subpoenas; then reissue them with today's date and email you copies.
>
> Regards,
> Jason
>
> [Quoted text hidden]



BoothSweet.pdf
14K

**Paul Hansmeier** <prhansmeier@thefirm.mn>  Tue, Mar 18, 2014 at 12:35 PM
To: "jsweet@boothsweet.com" <jsweet@boothsweet.com>, "dbooth@boothsweet.com" <dbooth@boothsweet.com>, Paul Duffy <pduffy@pduffygroup.com>, john steele <johnlsteele33140@gmail.com>

Mr. Sweet:

In my forthcoming motion, it will be my position that, as a person subject to the sanctions award out of Southern Illinois, I am entitled to notice of all subpoenas issued in furtherance of satisfaction of that award.

If you confirm via e-mail before the end of today that you have withdrawn each subpoena issued without notification to me, and provide me with the contact information of the person at each subpoenaed entity so I may confirm your representation, then I will not seek relief from the court. If you do no do so, then I plan on seeking relief from the court at the earliest possible opportunity, as your subpoenas implicate, among other things, information that is potentially subject to the attorney-client privilege.

Please let me know what you intended course of action is.

Regards,
Paul Hansmeier

[Quoted text hidden]

---

**jsweet@boothsweet.com** <jsweet@boothsweet.com>  Tue, Mar 18, 2014 at 1:38 PM
To: Paul Hansmeier <prhansmeier@thefirm.mn>
Cc: "dbooth@boothsweet.com" <dbooth@boothsweet.com>, Paul Duffy <pduffy@pduffygroup.com>, john steele <johnlsteele33140@gmail.com>

Paul

I disagree with you on your interpretation of Rule 45 (see. e.g. *FTC v. Trudeau*, 2012 U.S. Dist. LEXIS 160545 (N.D. Ohio Nov. 8, 2012)), however, in the interest of judicial economy I will withdraw the subpoenas today. When I send out new copies tomorrow, I will email them to you and Messrs. Steele and Duffy. Or would you prefer I send them via certified mail so that you each may later claim to have never received them?

Here's the contact info for each subpoenaed entity and copies of my correspondence.

**T-Mobile**
Fax: 973.292.8697

**American Express**
200 Vesey Street
New York, NY 10285

**MasterCard**
General Counsel
2000 Purchase Street
Purchase, NY 10577 USA

**GoDaddy**
Fax: 480.624.2546

**TransFirst**
Fax: 214.453.7739

**Microsoft Hotmail Legal Compliance**

Fax: 425.708.0096

**Google Legal Compliance**
Fax: 650-649-2939

**Twitter**
Fax: 415.222.9958

On Mar 18, 2014, at 1:35 PM, Paul Hansmeier wrote:

> Mr. Sweet:
>
> In my forthcoming motion, it will be my position that, as a person subject to the sanctions award out of Southern Illinois, I am entitled to notice of all subpoenas issued in furtherance of satisfaction of that award.
>
> If you confirm via e-mail before the end of today that you have withdrawn each subpoena issued without notification to me, and provide me with the contact information of the person at each subpoenaed entity so I may confirm your representation, then I will not seek relief from the court. If you do no do so, then I plan on seeking relief from the court at the earliest possible opportunity, as your subpoenas implicate, among other things, information that is potentially subject to the attorney-client privilege.
>
> Please let me know what you intended course of action is.
>
> Regards,
> Paul Hansmeier
>
> On Tue, Mar 18, 2014 at 11:52 AM, jsweet@boothsweet.com <jsweet@boothsweet.com> wrote:
>> Paul
>>
>> The Rule is clear: "each *party* must be provided with prior notice of any commanded documents." You have argued in pleadings submitted to the Court and in hearings before it that you were never a party to these proceedings. Am I somehow incorrect in my review of the docket? If so, please tell me.
>>
>> To be clear: I need you to confirm whether or not it is your position that you are and always have been a party in this matter. If you are, I'd be happy to contact each of the entities below and withdraw my subpoenas; then reissue them with today's date and email you copies.
>>
>> Regards,
>> Jason
>>
>> On Mar 18, 2014, at 12:27 PM, Paul Hansmeier wrote:

# EXHIBIT C



Paul Hansmeier <prhansmeier@thefirm.mn>

---

## Motion for Sanctions
1 message

---

**Paul Hansmeier** <prhansmeier@thefirm.mn>　　　　　　　　　　　　　　　Fri, Apr 18, 2014 at 2:21 PM
To: Jason Sweet <jsweet@boothsweet.com>, "dbooth@boothsweet.com" <dbooth@boothsweet.com>, john steele <johnlsteele33140@gmail.com>, Paul Duffy <pduffy@pduffygroup.com>

Gentlemen:

I have had an opportunity to review your most recent motion for sanctions. I never received the subpoenas at issue in the motion. Could you please forward me electronic copies of the subpoenas at your earliest possible convenience? If you did, in fact, mail me the subpoenas, could you please send me the tracking number of the package so I can find out where they are? I will again remind you that you have an absolute obligation under Rule 45 to furnish me with a copy of any subpoenas you issue.

Further, I would ask you to withdraw your motion for sanctions immediately. Your motion does not allege that I engaged in any wrongdoing, and for that (among other) reasons it is frivolous as to me. If you do not withdraw your motion by noon (Central) Monday 4/21/14 I intend to seek sanctions for being forced to defend myself against a sanctions motion that does not even allege wrongdoing.

Finally, please accept this e-mail as my attempt to meet-and-confer regarding my forthcoming motion to quash, for a protective order and for permanent stay of discovery. The grounds for my motion will be that the posting of the supersedeas bond eliminates any basis on which you might be entitled to seek discovery. Please indicate your positions on this issue.

Regards,
Paul