<u>UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS</u>

| | |
|---|---|
| **LIGHSPEED MEDIA CORP.,** | |
| *Plaintiff,* | |
| v. | Civil No. 3:12-cv-889-DRH-SCW |
| **ANTHONY SMITH, et al.,** | JOHN STEELE'S BRIEF IN OPPOSITION TO BOOTH AND SWEET'S MOTION FOR SANCTIONS FOR OBSTRUCTING DISCOVERY |
| *Defendants.* | |

Respondent John Steele, in response to Defendant Anthony Smith's third (but surely not the last) motion for sanctions hereby joins, and incorporates by reference as if fully set forth herein, the arguments stated in Paul Hansmeier's Brief in Opposition to Booth and Sweet's Motion for sanctions for obstructing discovery (ECF Dkt. #159).

In further opposition to the ongoing business model of the Booth Sweet law firm, Steele affirmatively states that he has the right to send court orders—and any other pleadings for that matter—to anyone he wishes. Unless and until Steele's First Amendment rights are abrogated—which Booth Sweet clearly wishes would happen here—Steele will continue to notify third parties of the developments in this case. This is particularly necessary in this case, where Booth Sweet's cover letters to the third-party subpoena recipients contain outrageous and libelous content. Booth

Sweet just invent facts that have never been found to be true in any case in America. For example, Steele has attached one of Booth Sweet's countless subpoenas in which Booth Sweet make the startling claim that Steele's old divorce practice has 21 aliases:

> Steele Hansmeier, PLLC
> Prenda Law, Inc.
> Anti-piracy Law Group, LLC
> Duffy Law Group, LLC
> Alpha Law Firm, LLC
> Class Action Justice Institute, LLC
> Class Justice, PLLC
> Media Copyright Group
> 6881 Forensics, LLC
> Ingenuity 13, LLC
> VPR, Inc.
> MCGIP, LLC
> LW Systems, LLC
> Livewire Holdings, LLC
> Peg Leg Productions, LLC
> Bessemer Films, LLC
> Under The Bridge Consulting, LLC
> Miami Beach Consulting, LLC
> Phoenix Ventures, LLC
> Guava, LLC
> Moneyt, LLC

Steele would ask the Court to step back and consider the sheer absurdity of this factual assertion. Booth Sweet, as officers of the court, are invoking this Court's subpoena authority on the basis of their assertion that a divorce law practice—which as a matter of public record existed from 2008 until Steele sold it and moved to Florida in 2011—is operating under not one, but *twenty-one* different assumed names. Not even the Central Intelligence Agency has that many fronts. Indeed, the entities listed above include companies created years after Steele sold his law firm,

and include former law clients of Steele (who almost certainly have not been given an opportunity to object to their information being divulged). Steele has never even been accused by Booth Sweet of ever having an involvement with some of these companies. This is but a single example of Booth Sweet's categorical abuse of the subpoena process in this case. They are obviously using this case to issue subpoenas to assist them in other cases.

As for their latest sanctions motion, Booth Sweet appear to believe that they can make up whatever facts they feel like. In fairness to Booth Sweet, their business model appears to occasionally work. And there is no downside for Booth Sweet. In cases where Booth Sweet have brought similar motions and courts have thrown them out, all Booth Sweet loses is a little bit of time[1]. They do not get sanctioned for bringing their frivolous motions, and after some cutting and pasting, are able to whip up a new sanctions motion to file in another court in another part of the country.

Since Steele is not using the sanctions process as a business model, he does not intend to waste his time and the court's time by incurring needless fees and then file a counter-sanctions motion. Steele merely hopes that this Court is now getting a better picture of how the law firm of Booth Sweet operates. By convincing their client, Anthony Smith—who is the only party to have actually done anything wrong in this entire matter—to forego a small settlement, Booth Sweet puts their

---

[1] As discussed further in Hansmeier's Response, the actual time Booth Sweet spend on preparing their mostly plagiarized pleadings is debatable. Of course, Steele has never been given the opportunity to challenge ANY estimates relating to Booth Sweet's motion in this matter.

own financial interests first. They use this case, and who knows how many others, as a fig leaf for their never-ending sanctions practice. Steele fully expects Booth Sweet to continue filing baseless sanction motions until this Court puts a stop to their abuse of the legal system.

I. **CONCLUSION**.

The Court should deny Sweet's latest sanctions motion.

                                          Respectfully Submitted,

May 2, 2014                           /s/ John Steele
                                          John Steele
                                          1111 Lincoln Road Suite 400
                                          Miami Beach, FL 33139
                                          612-466-0870