**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, )<br><br>    Plaintiff, )<br><br>v. )<br><br>ANTHONY SMITH, SBC INTERNET SERVICES, )<br>INC., d/b/a AT&T INTERNET SERVICES; AT&T )<br>CORPORATE REPRESENTATIVE #1; COMCAST)<br>CABLE COMMUNICATIONS, LLC, and )<br>COMCAST CORPORATE REPRESENTATIVE #1, )<br><br>    Defendants. )<br> ) | Case No. 3:12-cv-00889-GPM-SCW<br><br>**DEFENDANT ANTHONY<br>SMITH'S CONSOLIDATED<br>REPLY TO PLAINTIFF'S<br>COUNSEL'S OPPOSITIONS<br>TO SMITH'S MOTION FOR<br>CONTEMPT** |

Defendant Anthony Smith ("Smith"), in further support of his motion for contempt (Doc. 135) (the "Smith Motion"), respectfully submits this Reply to the Oppositions (Doc. 154, 155, and 156 respectively) filed by Paul Hansmeier ("Hansmeier"), Paul Duffy ("Duffy") and John Steele ("Steele") (collectively "Plaintiff's Counsel").

**I.     Plaintiff's Counsel's Oppositions Justify This Reply Pursuant to Local Rule 7.1(c).**

The Smith Motion included substantial evidence demonstrating that Plaintiff's Counsel, through the liberal use of aliases, are avoiding discovery while plundering the assets of Prenda Law. *See* Doc. 136 ("Contempt Order") p. 13 (noting that the Smith Motion "relates directly to representations made in Court and in the financial statements by plaintiff's counsel").[1] The Oppositions mischaracterize the Smith Motion's focus and its evidence, without presenting any evidence to the contrary. Moreover, while the Smith Motion was filed *ex parte*, Plaintiff's

---

[1] To mitigate the costs of discovery, Smith requested only the production of bank statements at this time. Smith is still awaiting additional documents requested from several banks, and has identified through discovery five more financial institutions likely to have relevant information. The documents received in discovery to date vary widely in the form and amount of information revealed, but they have yielded ample evidence that Plaintiff's Counsel's financial statements are materially incomplete.

Counsel saw fit to respond with sweeping *ad hominem* attacks on Smith's counsel, filed as public documents. Pursuant to Local Rule 7.1(c), their Oppositions give rise to exceptional circumstances that require this Reply to rectify Plaintiff's Counsel's most recent circumventions of the facts, the evidence, and common sense.

## II.     The Court's Contempt Order Did Not Stay Smith's Renewed Motion for Contempt.

Steele and Hansmeier contend that the relief Smith seeks is somehow "moot due to the recent stay of the contempt order." Doc. 156 p. 4; *see also* Doc. 154 p. 11. The contention is without merit, for the following reasons.[2]

1.    "The Court considers the proposed supersedeas bond sufficient to stay the Contempt Order." Doc. 148 p. 3. Yet the Court has issued no order from the Smith Motion that could be stayed. The Court considers Smith's Motion as a separate "motion for an additional sanction for contempt." Contempt Order p. 13; *see also* Doc. 153; Doc. 141 (Plaintiff's Counsel "respectfully request that the Court stay its order adjudging them to be in contempt").

2.    There is no authority for the proposition that belatedly filing a supersedeas bond excuses an act of contempt that had already been committed. *See* Doc. 153.

3.    Hansmeier filed a motion to quash Smith's subpoenas, belying any contention that an effective stay is in place. Doc. 157.

## III.    The Oppositions Fail to Counter the Authenticity of Smith's Evidence.

Plaintiff's Counsel object to a number of bank statements Smith submitted to the Court on the grounds that they have not been properly "authenticated" and that they are hearsay. Yet they do not seriously challenge the authenticity of the documents' substance, and the authentication is straightforward. Documents produced in response to discovery are self-authenticating. *Architectural Iron Workers Local No. 63 Welfare Fund v. United Contrs.*, 46 F. Supp. 2d 769, 772 (N.D. Ill. 1999) (*citing South Central Bank v. Citicorp Credit Services*, 863 F. Supp. 635, 645 (N.D. Ill. 1994)). Further, there is no error to admit as evidence documents that Plaintiff's Counsel themselves possess. *Id.* (*citing United States v. Brown*, 688 F.2d 1112 (7th

---

[2] Nor is this the first time Plaintiffs' Counsel have attempted to obstruct the legitimate course of discovery premised on a "misperceived stay." *See* Doc. 116, Doc. 135 p. 7, Doc. 153 p. 4.

Cir. 1982)). In addition to being self-authenticating, the documents produced that contain Plaintiff's Counsel's own statements are admissions, not hearsay. *Architectural Iron Workers*, 46 F. Supp. 2d at 772; Fed. R. Evid. 801(d)(2).

Federal Rule of Evidence 902(9) provides a simple means resolve this non-issue. Under the Rule, extrinsic evidence of authenticity is not required with respect to "[c]ommercial paper, signatures thereon, and documents relating thereto to the extent provided by general commercial law." Fed. R. Evid. 902(9). *See Boim v. Quranic Literacy Inst.*, 340 F. Supp. 2d 885, 916-17 (N.D. Ill. 2004) ("*Boim I*"); *Edward G. Bashian & Sons v. Am. Nat'l Bank & Trust Co.*, No. 96-cv-6021, 1997 U.S. Dist. LEXIS 8716, *19-22 (N.D. Ill. June 10, 1997). Copies of checks and other bank records are self-authenticating under FRE 902(9). *See In re Baker & Getty Financial Services, Inc.*, 98 B.R. 300, 305 (Bankr. N.D. Ohio 1989) (finding copies of checks, bank records, and a letter acknowledging a wire transfer self-authenticating and admissible in support of motion for summary judgment); *Edward G. Bashian*, 1997 U.S. Dist. LEXIS 8716 (telex communicating acceptance of drafts drawn under letter of credit admissible under FRE 902(9) as self-authenticating document). Further, "checks and bank records 'have independent legal significance' and are not hearsay." *Boim v. Quranic Literacy Inst.*, 349 F. Supp. 2d 1097, 1106 (N.D. Ill. 2004) ("*Boim II*") (*quoting Boim I* at 916-17). *See also Boim I* at 916-17 (quoting *Estates of Ament v. Townsend,* No. 98-cv-1918, 1998 U.S. Dist. LEXIS 8448 (N.D. Ill. May 29, 1998) and *Kepner-Tregoe, Inc. v. Leadership Software, Inc.,* 12 F.3d 527, 540 (5th Cir. 1994) ("'signed instruments such as wills, contracts and promissory notes are writings that have independent legal significance and are nonhearsay.'"); *Boim I*, at 917 ("bank records are particularly suitable for admission under Rule 803(6) in light of the fastidious nature of record keeping in financial institutions, which is often required by governmental regulation") (*citing United States v. Johnson,* 971 F.2d 562, 572 (10th Cir. 1992)).

Notably, Plaintiff's Counsel's clamor about documents filed in other proceedings by their former colleague Brett Gibbs ("Gibbs") never denies the documents' authenticity. Duffy, the

titular head of Prenda Law, does not deny that the Gibbs statements accurately reflect Prenda Law's accounts in 2012. Hansmeier has argued that, "if these documents are authentic, then they were stolen." Hansmeier Letter to Magistrate Judge Noel, *AF Holdings v. Doe*, No. 12-cv-1445 (D. Minn. Filed Oct. 20, 2013). Entries in the Gibbs documents corroborate the banks' statements, as Smith has shown. On their face, and from the surrounding circumstances, the documents have sufficient indicia of reliability to support a finding that they are genuine internal Prenda documents showing how the firm actually shuffled its funds, and how much of the funds made their way to Plaintiff's Counsel's pockets.

## IV.   The Oppositions Fail to Support Plaintiff's Counsel's Inability to Pay Defense.

While conceding that, from 2010 through October 2013, Plaintiff's Counsel earned millions, they now claim to possess no assets at all, or to have lacked sufficient assets to pay the sanctions ordered in November 2013. They argue that the millions they received in 2012 is not "probative of their financial position at the time of the sanctions order." *See, e.g.*, Doc. 154 p. 6. Steele claims to have "retired," and identifies no current employment. Similarly, Duffy and Hansmeier are involved in little or no pending litigation other than cases where they face personal liability. In the meantime, they seem to offer no explanation as to how their monthly expenses, including mortgages; food; health insurance; utility bills; property taxes; credit card bills; car lease; gas for the car; etc.—are being paid for.

These arguments fail to support Plaintiffs' Counsel's burden to prove their defense.

"Inability to pay is a valid defense in a contempt proceeding, but the party raising the defense has the burden of proving its inability to pay." *In re Re. Tech. Corp.*, 624 F.3d 376, 387 (7th Cir. 2010) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). In the case where there has been no attempt to comply with the Court's order, plaintiff's counsel must show a "complete inability to pay." *Id.* Plaintiff's counsel, "stated differently, … [has] the burden of establishing *clearly*, *plainly*, and *unmistakably* that compliance is *impossible*." *Id.* (internal citations and quotations omitted) (emphasis in original).

Contempt Order p.7.

Plaintiff's Counsel's remonstrations regarding their ability to pay the sanctions ordered are belied by the financial records presented to the Court: "The Court finds that plaintiff's counsel has not met its burden. They submitted incomplete, and to say the least suspicious, statements of financial condition."[3] *Id.* They made millions, but have refused to provide probative evidence identifying where those funds were transfered, the purpose of the transfers, or how the transfered funds were used. Plaintiff's Counsel seek to defeat any sanction with bare, unsupported claims of poverty, which cannot sustain the defense or moot their sanctionable acts.

## CONCLUSION

Smith therefore respectfully renews his request for all relief sought in the Smith Motion. *See* Doc. 135 at 15.

Dated: May 2, 2014                              Respectfully,

                                                 /s/ Dan Booth
                                                Dan Booth (admitted *pro hac vice*)
                                                Email: dbooth@boothsweet.com

                                                 /s/ Jason Sweet (*by consent*)
                                                Jason E. Sweet (admitted *pro hac vice*)
                                                Email: jsweet@boothsweet.com

                                                BOOTH SWEET LLP
                                                32R Essex Street
                                                Cambridge, MA 02139
                                                Tel.: (617) 250-8602
                                                Fax: (617) 250-8883

                                                *Counsel for Defendant Anthony Smith*

---

[3] Not content with their scurrilous suggestions that Smith and his counsel are liars, Hansmeier and Steele cast the same aspersions on the Court. *See, e.g.,* Dkt. No. 154 p.10 ("Hansmeier's CPA-prepared presentation of his financial position at the time of the sanctions order makes clear that he did not have this ability."); Dkt. 156 p. 5 ("Steele's submissions were accurate, and no filing since has disproved any aspect of Steele's statement.").