UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, | CASE No. 3:12-CV-00889-GPM-SCW |
| Plaintiff, | |
| | Judge: Hon. David R. Herndon |
| v. | |
| ANTHONY SMITH, et al, | |
| Defendants. | |

**OPPOSITION OF PAUL DUFFY TO ANTHONY SMITH'S
MOTION FOR SANCTIONS FOR "OBSTRUCTING DISCOVERY"**

Respondent Paul Duffy, in response to Defendant Anthony Smith's Renewed Motion for Contempt (ECF Dkt. #153) hereby joins, and hereby incorporates by reference as if fully set forth herein the arguments stated in Paul Hansmeier's and John Steele's Memoranda in Opposition To Anthony Smith's Motion for Sanctions for Obstructing Discovery (ECF Dkt. #159, 160 respectively).

Smith's motion for "obstructing discovery" fails to allege a single fact with respect to any action that he believes that the undersigned took.  As such, the Motion is very highly unfounded and frivolus on its face.  Booth Sweet, Smith's Massachusetts counsel, has in the past several months established a practice of declaring individuals and entities as being "aliases" of one another in an attempt to seek to hold specific entities liable for the alleged conduct of others.  It is, of course, possible to allege that one entity vicariously liable for the acts of another under well-settled legal doctrines.  But peremptorily declaring one entity to be an "alias" of another, with absolutely no valid factual support, is not one of them.  If Booth Sweet had allegations sufficient to allege that the undersigned liable under its motion for "obstructing discovery," it

would have asserted them. Booth Sweet has not, and cannot, allege a basis for liability on the part of the undersigned for the matters set forth in their latest iteration of their motion for sanctions.

In further opposition to the baseless and bizarre Renewed Motion for Sanctions, Respondent Duffy states Smith in his Motion has failed to state a single fact suggesting that Duffy has "obstructed discovery." Indeed, Smith appears to have engaged in sanctionable discovery conduct through its series of fishing expeditions with respect to this matter. Booth Sweet has engaged in a repeated pattern of discovery abuses, by serving subpoenas upon third parties and serving them (if at all) only near or after the return dates on the subpoenas. Those subpoenas have sought, among other things communications and information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine. The conduct of the Booth Sweet firm, at a minimum, flagrantly violates applicable rules pertaining to that discovery and appears to violate several ethical rules applicable in Massachusetts as well as Illinois.

May 5, 2014

/s/ Paul Duffy
Paul Duffy
2 N. LaSalle Street
13th Floor
Chicago, IL  60602
312-952-6136

## CERTIFICATE OF SERVICE

      I hereby certify that on May 5, 2014, I filed the foregoing document through the Court's CM/ECF system, which will electronically serve this document on all parties of record.

                                                            /s/ Paul Duffy