# ALAN J. MANDEL, LTD.
### Attorneys at Law

7520 Skokie Boulevard  
Skokie, Illinois  60077

Telephone (847) 329-8450  
Facsimile (847) 329-8453

writer's e-mail: alan@mandelaw.net

May 7, 2013

**VIA US MAIL:**

Clerk of the Circuit Court  
CIRCUIT COURT OF COOK COUNTY,  
   ILLINOIS, LAW DIVISION  
Richard J. Daley Center  
50 West Washington Street, Room 801  
Chicago, Illinois  60602

Re:   *Freeborn & Peters v. Fletcher, et al.*, No 12 L 4104

Dear Clerk:

Enclosed please find for filing an original and two copies of Plaintiff Freeborn & Peters LLP's NOTICE OF FILING and RESPONSE TO DUFFY MOTION TO QUASH AND DISMISS.

We also enclose an SASE to return extra, file-stamped copies of the filings to our office.

Should you require anything further, please contact our office.

Sincerely,

Alan J. Mandel

AJM/wsp

Enclosures  
cc: Mr. John C. Martin  
    Mr. Martin T. Franz

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| FREEBORN & PETERS LLP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12 L 4104 |
| ) | |
| DAVID J. FLETCHER, MD, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| DAVID J. FLETCHER, MD, et al., ) | |
| ) | |
| Counterplaintiffs, ) | |
| v. ) | |
| ) | |
| FREEBORN & PETERS LLP, ) | |
| ) | |
| Counterdefendant. ) | |
| ) | |

## NOTICE OF FILING

To: Michael T. Franz
Sanchez, Daniels & Hoffman, LLP
333 West Wacker Drive, Suite 500
Chicago, IL 60606
mtfranz@sanchezdh.com

John C. Martin
Law Offices of John C. Martin, LLC
30 North LaSalle Street, Suite 3400
Chicago, IL 60602
jmartin@johnmartinlawoffices.com

BY U.S. MAIL

PLEASE TAKE NOTICE that, on May 7, 2013, I filed with the Clerk of the Circuit Court of Cook County, Illinois, plaintiff's response to defendant Duffy's motion to quash and to dismiss, a true and correct copy of which is attached and hereby served on you.

Attorney for Plaintiff

Joseph E. Tighe
ALAN J. MANDEL, LTD. #30758
7520 Skokie Boulevard
Skokie, Illinois 60077
(847) 329-8450

## CERTIFICATE OF SERVICE

Joseph E. Tighe, an attorney, certifies that he caused true and correct copies of the above on counsel by U.S. mail, to the addresses above, and by email, to the email addresses set forth above, on May 7, 2013.

*Joseph E. Tighe*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FREEBORN & PETERS LLP, )
)
Plaintiff, )
)
v. ) Case No. 12 L 4104
)
DAVID J. FLETCHER, MD; ARCHIE )
FLETCHER; SAFEWORKS ILLINOIS )
OCCUPATIONAL HEALTH SERVICES, )
LTD.; and PAUL A. DUFFY; )
)
Defendants, )
)
_____ )
)
DAVID J. FLETCHER, MD, and )
SAFEWORKS ILLINOIS )
OCCUPATIONAL HEALTH SERVICES, )
LTD., )
)
Counterplaintiffs, )
v. )
)
FREEBORN & PETERS LLP, )
)
Counterdefendant. )

### RESPONSE TO DUFFY MOTION TO QUASH AND TO DISMISS

Defendant Paul Duffy challenges the fact of and the diligence underlying the service of process on him. Duffy's motion acknowledges plaintiff's return of service but disputes its accuracy; moreover, he asserts his continued availability for service and questions why it took so long for plaintiff's investigator to serve the person whom the investigator took to be Duffy.

### Service Attempts and Successful Service on Defendant Duffy

Plaintiff supplements its proof of service with the Affidavit of Jerry Willson, whose company had been engaged by plaintiff to serve Mr. Duffy. Mr. Willson's

affidavit authenticates his firm's invoice and describes multiple attempts to serve Mr. Duffy both at his home and at his office.

Mr. Willson's company is IOI, Inc., Investigators of IL, 6100 N. Ravenswood, Chicago. On August 13, 2012, this Court appointed IOI and Mr. Willson as special process server.

*Unsuccessful Service Attempts*

As of July 8, 2012, the Cook County Sheriff had made three unsuccessful attempts to serve Mr. Duffy, the last occurring on that date.

IOI attempted to serve Mr. Duffy at his home, conducted surveillance both at Mr. Duffy's home and at the Daley Center, and it made repeated efforts to serve Mr. Duffy at his office, including the following 26 attempts in October 2012:

1. October 1, 2012—4:20 p.m.;
2. October 2, 2012—9:20 a.m.;
3. October 2,, 2012—3:16 p.m.;
4. October 3, 2012, 11:37 a.m.;
5. October 4, 2012—12:27 p.m.;
6. October 4, 2012—3:16 p.m.;
7. October 5, 2012—8:45 a.m.;
8. October 8, 2012—4:35 p.m.;
9. October 9, 2012—1:57 p.m.;
10. October 10, 2012—9:35 a.m.;
11. October 10, 2012—1:10 p.m.;
12. October 11, 2012—1:40 p.m.;
13. October 12, 2012—8:30 a.m.;

14. October 12, 2012—10:16 a.m.;

15. October 12, 2012—4:00 p.m.;

16. October 15, 2012—11:35 a.m.;

17. October 16, 2012—10:12 a.m.;

18. October 17, 2012—10:44 a.m.;

19. October 17, 2012—3:29 p.m.;

20. October 18, 2012—9:06 a.m.;

21. October 19, 2012—11:42 a.m.;

22. October 23, 2012—3:25 p.m.;

23. October 24, 2012—8:15 a.m.;

24. October 25, 2012—11:28 a.m.;

25. October 25, 2012—2:50 p.m.; and

26. October 26, 2012—at which time the receptionist advised that, although Mr. Duffy was in the office, he would not accept service.

In December, 2012, plaintiff's counsel's investigator was advised of scheduled court proceedings in which Mr. Duffy had filed an appearance as counsel. Although Mr. Duffy did not appear at the December hearing, he did appear at the subsequent hearing on January 22, 2013.

*Successful Service*

At that time, plaintiff's counsel's investigator had two men in Courtroom 2101 when the case of *Janesville, et al., v. American Enterprise Bank*, Case No. 12 L 12925 was called. Mr. Willson observed Mr. Duffy identify himself to the Court.

After court, Mr. Willson and his associate rode the elevator with Mr. Duffy down to the lobby of the Daley Center. Mr. Duffy exited the building, followed by Mr. Willson

3

and his associate. Mr. Willson called out Mr. Duffy's first and last names, and, when Mr. Duffy turned around, Mr. Willson confirmed Mr. Duffy's identity and handed him the summons.

Mr. Duffy tossed the summons to the ground. Later that morning, counsel's office received a phone call from a County employee who works in the Daley Center who advised that the summons and complaint had been found on the ground outside the Daley Center. Counsel retrieved the summons and has it in his possession.

Plaintiff's counsel's investigator conducted surveillance both at Mr. Duffy's home and at court. Plaintiff's counsel's investigator had a photograph of Mr. Duffy in addition to observing Mr. Duffy identify himself in court and speaking directly to Mr. Duffy outside the Daley Center.

### Plaintiff Served Duffy and Acted with Reasonable Diligence

Plaintiff has presented sufficient evidence of both proof of service on defendant Duffy and reasonable diligence in attempting to serve him. If the Court requires an evidentiary hearing, plaintiff will present testimony from Mr. Willson and, if warranted, his associates, Mr. Duffy, the County employee who picked the summons off the ground and anyone else with knowledge pertinent to the issues.

In terms of the sufficiency of the effort to place service, plaintiff notes that the Cook County Sheriff's Office made three unsuccessful efforts to serve defendant Duffy between the time of the filing of the complaint and July 8, 2012. Plaintiff moved for appointment of a special process server at the next scheduled court date thereafter, having successfully obtained service on other defendants.

Plaintiff's counsel's investigator conducted surveillance and attempted without success to serve defendant Duffy at his home. Plaintiff's counsel's investigator also made more than 25 attempts to serve defendant Duffy at his law office, after placing calls to the office to confirm defendant Duffy's presence each time.

Plaintiff's counsel's investigator then took to monitoring litigation in which defendant Duffy had an appearance and made two attempts to serve defendant Duffy after court proceedings. The investigators succeeded on the second attempt.

The defendant's motion rests on the incorrect premise that plaintiff made only one or perhaps two efforts to serve him. The cases he cites arose in the context of months of inactivity, not, as here, in the context of months of unsuccessful efforts, through public and private persons, to serve defendant.

In *Paige-Myatt v. Mount Sinai Hospital Medical Center*, 313 Ill.App.3de 482 (1st Dist. 2000), for example, plaintiff waited more than 11 months after filing her complaint before placing summons for service on the defendant hospital. In *Polites v. U.S. Bank National Association*, 361 Ill.App.3d 718 (1st Dist. 2005), the plaintiff had not made any attempt to serve a defendant within the first nine months after filing suit, and the summons was misnamed. In *Hinkle v. Henderson*, 135 F.3d 521 (7th Cir. 1998), the initial suit was filed on the last possible day before the statute of repose, the plaintiff "let it sit in state court for eight months before voluntarily dismissing it (without effecting service), then new counsel took 11 months before refilling her complaint in federal court and serving it shortly thereafter." (135 F.3d at 524.)

In *Motorola Mobility, Inc. v. Myriad France SAS*, 850 F.Sup.2d 878 (N.D.Ill. 2012), the plaintiff made no effort to serve defendant for nearly seven months. The court

noted the distinction between instances in which unsuccessful attempts were made to effectuate service and instances in which no efforts were made to serve a defendant. (850 F.Supp.2d at 883.)

In *Cannon v. Dini*, 226 Ill.App.3d 82 (1st Dist. 1992), the Appellate Court found sufficient diligence, over the span of 13 months, through the placement of four summonses and four attempts to serve the defendant. A seven-month period of claimed inactivity was rejected as a basis for finding insufficient diligence.

In *Wilk v. Wilmorite, Inc.*, 349 Ill.App.3d 880 (2nd Dist. 2004), the issue before the court was whether an agency relationship existed between a party that was served and the defendant that was contesting service, not a question of the diligence with which the plaintiff served the person who had been served. *Wilk* recognizes the absence of a bright-line statement of what does and does not constitute reasonable diligence.

Here, within three months of filing plaintiff's complaint, the Sheriff made three attempts to serve defendant Duffy. Plaintiff's counsel's investigator then made more than 25 attempts to serve defendant Duffy at his home, his office and, ultimately, at the courthouse over the ensuing five months.

Efforts to obtain service included home surveillance and surveillance in the Daley Center itself, and, if the matter went to an evidentiary hearing, plaintiff would be prepared to address defendant Duffy's whereabouts during the time in question, his knowledge of the efforts to serve him and his efforts, if any, to evade service. Plaintiff will seek to depose defendant Duffy solely in connection with his present challenge to the fact and to the sufficiency of service, including the diligence of the effort, and it expects to complete that deposition prior to any evidentiary hearing necessary for this motion.

## CONCLUSION

Plaintiff has properly served defendant Duffy, and it exercised reasonable diligence in its efforts to serve him. Defendant's motion should be denied; in the event the Court determines that it cannot resolve defendant Duffy's motion without conducting an evidentiary hearing, plaintiff requests that the Court set the date for that hearing after receiving argument from the parties on the motion so that plaintiff can make appropriate arrangements for its witnesses for the hearing without unduly imposing on their schedules.

Respectfully submitted,

_____
Attorney for Plaintiff

Attorney No. 30758
Joseph E. Tighe
ALAN J. MANDEL, LTD.
7520 Skokie Boulevard
Skokie, Illinois 60077
(847) 329-8450

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| FREEBORN & PETERS LLP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID J. FLETCHER, MD; ARCHIE ) <br> FLETCHER; SAFEWORKS ILLINOIS ) <br> OCCUPATIONAL HEALTH SERVICES, ) <br> LTD.; and PAUL A. DUFFY; ) <br> ) <br> Defendants, ) <br> ) <br> DAVID J. FLETCHER, MD, and ) <br> SAFEWORKS ILLINOIS ) <br> OCCUPATIONAL HEALTH SERVICES, ) <br> LTD., ) <br> ) <br> Counterplaintiffs, ) <br> v. ) <br> FREEBORN & PETERS LLP, ) <br> ) <br> Counterdefendant. ) | Case No. 12 L 4104 |

## AFFIDAVIT OF JERRY WILLSON

Jerry Willson, under penalties of law as provided by Section 1-109 of the Illinois Code of Civil Procedure, 735 ILCS 5/1-109, deposes and states as follows:

1. I am an individual over the age of 18. I base this affidavit upon my personal knowledge and upon the business records of my firm sworn-to in this affidavit, and, if called to testify, I could testify competently to the facts set forth in this affidavit.

2. I am the owner of IOI, Inc. and Investigators of Illinois, 6100 N. Ravenswood, Chicago. On August 13, 2012, this Court appointed Investigators of Illinois and me as special process server in this case.

3. I was responsible for the efforts to serve defendant Duffy with summons in this case.

4. I was assisted in the project by Matt Kanter and by Jerome Turbyville, i.e., associates of Investigators of Illinois.

5. In connection with my efforts to serve defendant Duffy, I had a photograph of him as well as access to public records and search resources.

6. In addition to public search resources, I also supervised surveillance of Mr. Duffy's reported residence on Mohawk in Chicago, obtained from publicly available information, and attempts to serve defendant Duffy at his home.

7. I began efforts to serve Mr. Duffy in August, 2012. Under my direction, Mr. Turbyville attempted to serve Mr. Duffy at his home on at least two occasions in August.

8. After we had made several attempts at Mr. Duffy's home and an office address supplied by the client. By September, 5, 2012, I came to the conclusion that Mr. Duffy was taking efforts to avoid service. At one point in time during that month, an office receptionist at the Levenfeld Pearlstein office at 2 North LaSalle Street, Chicago, advised Mr. Kanter that Mr. Duffy would allow himself to be served at the office.

9. Between October 1 and October 26, 2012, I made numerous attempts to serve Mr. Duffy at his law office at 161 North Clark Street, Chicago. On more than half of these occasions, I placed a call to Mr. Duffy's office and confirmed with the firm's receptionist that Mr. Duffy was in the office. I appeared at the office within half an hour of each such call and was advised that Mr. Duffy was not available.

10. On each of the following occasions, either Mr. Kanter or myself, or both of us went to Mr. Duffy's law office and attempted to serve him, without success or comment from his office colleagues, except for the comment noted as to the final entry:

    a. October 1, 2012—4:20 p.m.;

    b. October 2, 2012—9:20 a.m.;

    c. October 2,, 2012—3:16 p.m.;

    d. October 3, 2012, 11:37 a.m.;

    e. October 4, 2012—12:27 p.m.;

    f. October 4, 2012—3:16 p.m.;

    g. October 5, 2012—8:45 a.m.;

    h. October 8, 2012—4:35 p.m.;

    i. October 9, 2012—1:57 p.m.;

    j. October 10, 2012—9:35 a.m.;

    k. October 10, 2012—1:10 p.m.;

    l. October 11, 2012—1:40 p.m.;

    m. October 12, 2012—8:30 a.m.;

    n. October 12, 2012—10:16 a.m.;

    o. October 12, 2012—4:00 p.m.;

    p. October 15, 2012—11:35 a.m.;

    q. October 16, 2012—10:12 a.m.;

    r. October 17, 2012—10:44 a.m.;

    s. October 17, 2012—3:29 p.m.;

    t. October 18, 2012—9:06 a.m.;

    u. October 19, 2012—11:42 a.m.;

    v. October 23, 2012—3:25 p.m.;

    w. October 24, 2012—8:15 a.m.;

    x. October 25, 2012—11:28 a.m.;

    y. October 25, 2012—2:50 p.m.; and

    z. October 26, 2012—at which time the receptionist advised that, although Mr. Duffy was in the office, he would not accept service.

11. I made a similar number of attempts to serve Mr. Duffy in his office at 161 North Clark Street in November, 2012.

12. In December, 2012, I was advised of scheduled court proceedings in which defendant Duffy had filed an appearance as counsel. Although Mr. Duffy did not appear at the December hearing, he did appear at the subsequent hearing on January 22, 2013.

13. On that date, I went to Courtroom 2101 of the Richard J. Daley Center and met Mr. Kanter there. We had a photograph of Mr. Duffy which we downloaded from an internet listing of his legal specialties. We were present in Courtroom 2101 when the case of *Janesville, et al., v. American Enterprise Bank*, Case No. 12 L 12925 was called.

14. I observed Mr. Duffy as he addressed the Court.

15. After court, Matt Kanter and I rode the elevator with Mr. Duffy down to the lobby of the Daley Center. Defendant Duffy exited the building, followed by Mr. Kanter and me. I called out defendant Duffy's first and last names, and, when defendant Duffy turned around, I confirmed defendant Duffy's identity and advised him that I was

4

serving him with a summons and complaint. I placed the summons and complaint upon his body, and he summarily and angrily rejected the document after I gave it to him.

16. I did not have any further discussions with him.

17. The engagement to serve defendant Duffy was a difficult engagement. My firm pursued the engagement diligently, but I believe that defendant Duffy was attempting to evade service.

DATED: May 7, 2013

_____
Jerry Willson