# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHSPEED MEDIA CORP.,** | Civil No. 3:12-cv-889-DRH-SCW |
| *Plaintiff,* | |
| | **PAUL HANSMEIER'S MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR AN ORDER TO SHOW CAUSE WHY RESPONDENTS ANTHONY SMITH, JASON SWEET AND DAN BOOTH SHOULD NOT BE FOUND IN CIVIL CONTEMPT** |
| *v.* | |
| **ANTHONY SMITH, et al.,** | |
| *Defendants.* | |

I.     Introduction.

Paul Hansmeier has petitioned this Court for an Order to Show Cause why Respondents Anthony Smith, Jason Sweet and Dan Booth ("Respondents") should not be found in civil contempt of this Court's Local Rules and Administrative Orders and the Federal Rules of Civil Procedure. This action is necessary to remedy the serious harm inflicted on Hansmeier by Respondents' recent filing, in which they brazenly disclosed the unredacted social security numbers and birth dates of Hansmeier and four others—John Steele's wife, Kerry Steele, Mark Lutz, John Steele and Paul Duffy.

Even though Hansmeier took quick action to mitigate the damages arising from Respondents' offense, the offending exhibit was accessed multiple times, has been publicly distributed and, although access to the offending exhibit is now restricted, it could be reposted to a public website anytime, if it has not been already.

Hansmeier engaged in an extensive effort to meet and confer with Respondents prior to filing the Petition, so as to avoid burdening this Court with yet another post-dismissal sanctions motion in this case. Respondents categorically rejected even the most modest of Hansmeier's proposals. As discussed below, Respondents have no legitimate basis for opposing the relief sought in the Petition.

Hansmeier submits this Memorandum in support of the Petition and respectfully requests that this Court order Respondents to show cause why they should not be found in civil contempt of this Court and thereafter adjudge them in civil contempt and order the relief requested in the Petition.

II.   <u>Statement of Facts</u>.

On May 5, 2014, Anthony Smith, through his attorneys Jason Sweet and Daniel Booth, filed a Memorandum in Opposition to Hansmeier's Motion to Quash and Motion for Sanctions. (*See* Dkt. #163.) Attached to Smith's memorandum was an exhibit that displayed the social security numbers and birth dates of Hansmeier, Kerry Steele, John Steele, Mark Lutz and Paul Duffy. (*See* Dkt. #163-4.) None of these personal identifiers were redacted. (*Id.*) In fact, the exhibit contained no redactions whatsoever. (*Id.*)

On May 6, 2014, after reviewing Smith's memorandum and noticing the unredacted personal identifiers, Hansmeier called the Court to inform it of the circumstances. Hansmeier Declaration, at ¶2. This call took place on or around 10:32 a.m. (CDT) that day. *Id.* At 10:51 a.m. the Court entered an order striking

Smith's memorandum and instructing Smith to refile a redacted copy of the memorandum. (Dkt. #164.)

Later that day, at 3:56 p.m., Hansmeier sent an e-mail to Booth and Sweet to notify them of their violation of Fed. R. Civ. P. 5.2, SDIL-LR 5.1(d) and Amended Administrative Order 107, and to demand that they purchase three years' worth of identity theft protection services for him. Hansmeier Declaration, Exhibit A, at 1. The cost per year for these services is approximately $275. *See id.* Hansmeier further indicated his hope that this matter could be resolved "without court intervention" and warned Booth and Sweet that he would be forced to resort to a motion for contempt if they declined his proposed resolution. *See id.* Roughly two hours later Sweet responded, rejecting Hansmeier's request out-of-hand, threatening to "file additional documents implicating" Steele's wife and making a veiled threat against Duffy's wife. *See id.*, at 1–2.

The next morning, Hansmeier discovered that, notwithstanding the Court's quick action, the offending exhibit had been uploaded to RECAP—a public (and free) alternative to PACER. *See* Hansmeier Declaration, Exhibit B. This means that at least one person accessed the offending exhibit during the eighteen hours before it was stricken. Hansmeier e-mailed Booth and Sweet to inform them of the development and to reiterate his demand for identity theft protections services. *See* Hansmeier Declaration, Exhibit A, at 3. Hansmeier warned Booth and Sweet that he would be seeking his "costs and fees" in his "forthcoming motion for contempt, assuming that it [was] still [their] position that [they] don't feel like [they] have any

obligation to address the harm caused by [their] blatant disregard for federal and local rules and court orders." *See id.* This time, Booth responded and, like Sweet, rejected Hansmeier's demand for identity theft protection services out-of-hand. *See id.*, at 5.

Notwithstanding these blanket rejections, Hansmeier renewed his offer to resolve this matter for the modest cost of identity theft protection services, reiterated his warning that he would seek his costs and fees if he was forced to litigate a contempt motion, and invited Booth and Sweet to participate in a meet-and-confer teleconference. *See id.*, at 6, 9. Neither Booth nor Sweet even bothered responding to Hansmeier's e-mail requesting a teleconference. *See* Hansmeier Declaration, Exhibit A. Booth and Sweet also conspicuously avoided responding to Hansmeier's inquiries about: (a) how they learned of their failure to redact the personal identifiers from the offending exhibit; and (b) whether they were aware the identity of the person who uploaded the offending exhibit to RECAP. *See id.*

As of May 13, 2014, the docket in this case has been downloaded 18,045 times, making it the thirteen most downloaded case on RECAP nationwide. *See* Hansmeier Declaration, Exhibit C. Last week (the week beginning May 5, 2014), this case was the busiest case on RECAP of any case nationwide. RECAP downloads during the week totaled 1,002. *See* Hansmeier Declaration, Exhibit D.

III.   Discussion.

    A.   Legal Standard.

To succeed on his Petition, Hansmeier must "demonstrate by clear and convincing evidence that [Respondents] have violated the express and unequivocal command of a court order." *FTC v. Trudeau*, 579 F.3d 754, 763 (7th Cir. 2009) (quoting *Autotech Techs. LP v. Integral Research & Dev. Corp.*, 499 F.3d 737, 751 (7th Cir. 2007). Stated in terms of elements, Hansmeier must demonstrate: (1) an unambiguous command; (2) a violation of that command; (3) a failure to substantially comply with the command; and (4) a failure to take steps to reasonably and diligently comply with the command. *Prima Tex II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008).

Evidence of intent or willfulness on the part of the defendant is not required for a finding of civil contempt. *See McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949); *see also Goulba v. School Dist. Of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995) ("the district court does not, however, ordinarily have to find that the violation was 'willful' and may find a party in civil contempt if that party has not been reasonably diligent and energetic in attempting to accomplish what was ordered." (internal quotations omitted)).

Federal Rule of Civil Procedure 5.2(a) provides that unless the court orders otherwise, a party filing a document that contains an individual's social security number or birth date must include only the last four digits of the social-security number and the year of the individual's birth. *See* Fed. R. Civ. P. 5.2(a).

Southern District of Illinois Local Rule 5.1(d) contains the same redaction requirements. *See* SDIL-LR 5.1(d). It further states that "the responsibility for redacting these personal identifiers rests solely with counsel and the parties." *Id.* It "caution[s] that failure to redact these personal identifiers may subject [parties and counsel] to discipline." *Id.*

Southern District of Illinois Amended Administrative Order 107 contains the same redaction requirements and admonishes that the "**responsibility for redacting these personal identifiers rests solely with counsel and the parties**." *See* SDIL Amended Administrative Order 107 (emphasis in original).

To access the Southern District of Illinois CM/ECF system, a filer is required to check a box that indicates "I understand that, if I file, I must comply with the redaction rules. I have read this notice." The notice directly above this language and the check-box states:

> **IMPORTANT NOTICE OF REDACTION RESPONSIBILITY:** All filers must redact: Social Security or taxpayer-identification numbers; dates of birth; names of minor children; financial account numbers; and, in criminal cases, home addresses, in compliance with Fed. R. Civ. P. 5.2 or Fed. R. Crim. P. 49.1. This requirement applies to all documents, including attachments.

*See* United States District Court for the Southern District of Illinois CM/ECF Filer or Pacer Login, *available at* https://ecf.ilsd.uscourts.gov/cgi-bin/login.pl, (visited on May 11, 2014) (emphasis in original).

B.    <u>Respondents Are In Civil Contempt of Court</u>.

All of the elements of civil contempt are satisfied. First, this Court's Amended Administrative Order 107 and its counterparts in the Local Rules and the Federal Rules of Civil Procedure could not be clearer: social security numbers and birth dates must be redacted from court filings. *See, e.g.*, Amended Administrative Order 107; SDIL-LR 5.1(d); Fed. R. Civ. P. 5.2(a).

Second, the order was violated. As Respondents freely admit, included in their exhibits was, "a communication … which included social security numbers and dates of birth." (Dkt. #165, at 1 n.1.) These social security numbers and dates of birth were not redacted, as Booth and Sweet conceded in their e-mail correspondence with Hansmeier. *See* Hansmeier Declaration, Exhibit A, at 1–2, 5–6.

Third, Respondents failed to substantially comply with this Court's redaction requirements. Respondents did not redact *any* information on the offending exhibit. This is not a circumstance where, for example, Respondents partially redacted the personal identifiers and mistakenly let one "slip through." To the contrary, Respondents did not redact a single item in the offending exhibit.

Fourth, and finally, Respondents did not take steps to reasonably and diligently comply with this Court's redaction requirements. Before filing the offending exhibit, Respondents certified that they had complied with this Court's redaction rules. Yet, they cannot claim to have diligently reviewed the offending exhibit before filing it: there were no redactions. Indeed, Respondents concede that they based their prefiling certification on the "erroneous assumption" that the

personal identifiers were redacted. (*See* Dkt. #165, at 1 n.1.). This is not "reasonable diligence".

C.    <u>Compensatory Sanctions Are Warranted</u>.

A person's Social Security Number is a vital and highly confidential piece of information that must be protected. The Social Security Administration warns that "someone illegally using your Social Security number and assuming your identity can cause a lot of problems" and admonishes citizens to "be careful about sharing your number, even when you are asked for it." *See* IDENTITY THEFT AND YOUR SOCIAL SECURITY NUMBER, Social Security Administration, *available at* http://www.ssa.gov/pubs/EN-05-10064.pdf, at *2. According to the Social Security Administration, "Identity theft is one of the fastest growing crimes in America." *Id.*

Due to Respondents' misconduct, the social security numbers and birthdates of five people—Hansmeier, Mark Lutz, Kerry Steele, John Steele and Paul Duffy—have been widely distributed, and each of them are now at an extreme risk of identity theft. *See Greidinger v. Davis*, 988 F.2d 1344, 1353 (4th Cir. 1993) ("[T]he harm that can be inflicted from the disclosure of a social security number to an unscrupulous individual is alarming and potentially financially ruinous."); *see also Ostergren v. Cuccinelli*, 615 F.3d 263, 267 (4th Cir. 2010) ("An unscrupulous individual who knows another's SSN could, for example, obtain fraudulent credit cards or order new checks on that person's account."); *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 675 (9th Cir. 2010) (describing circumstances where an

8

"imposter had obtained the plaintiff's social security number and birth date and used that information to apply for credit from various companies.").

This is a high profile case. As discussed above, this is the thirteenth most-downloaded case on RECAP of any case nationwide. Last week—the week in which the unredacted social security numbers and birth dates of the individuals in this case were posted on RECAP—this case was the most actively downloaded case (for the week) of any case nationwide, having been accessed 1,002 times. Twitter users associated with the anti-copyright movement have discussed their possession of the unredacted exhibits.[1] *See* Hansmeier Declaration, Exhibit E. It is beyond question that the offending exhibit had been widely distributed among people who have the sophistication and motive to do harm to Hansmeier, John Steele and his wife, Paul Duffy and Mark Lutz.

District courts do not hesitate to punish attorneys who violate redaction requirements, even in much lower-profile circumstances. *See Engeseth v. County of Isanti*, 665 F. Supp. 2d 1047 (D. Minn. 2009) (imposing criminal sanction of $5,000 on attorney for violating Rule 5.2 and imposing on the attorney the costs associated with preventing identity theft for the harmed parties); *See also* Order, *Reed v. AMCO Ins. Co.*, No. 3:09-cv-328 (D. Nev. Mar. 9, 2012) (granting motion for sanctions against attorney for filing documents containing confidential information in violation of Rule 5.2 even though counsel's conduct "was not tantamount to bad faith"); Order Granting in Part and Denying in Part Plaintiff's Motion For

---

[1] Although, to their credit, they appear to have refrained from reposting the exhibit.

Sanctions, *Weakley v. Redline Recovery Services, LLC*, No. 09-cv-1423 (S.D. Cal. Apr. 20, 2011) (imposing criminal sanction of $1,817 on attorney for violating Rule 5.2 and ordering attorney to pay the costs of five years of credit monitoring for the injured party).

Even in a case where the defendant's conduct was deemed "inadvertent, it was the first time defendant made the mistake, the mistake was corrected quickly and defendant offered to pay for 12 months of credit monitoring," a district court imposed sanctions in the amount of the plaintiff's fees in bringing a motion to seal and 12 months of credit monitoring. *See* Opinion and Order, *Tesch v. Onemain Financial, Inc. et al*, 12-cv-273 (W.D. Wi. Feb. 19, 2013).

There are examples of district courts declining to impose sanctions for violations of Federal Rule of Civil Procedure 5.2(a). *See*, *e.g.*, *Id.*, at *7 (collecting cases). However, in those cases there was never any evidence that the offending exhibit was accessed by the public prior to sealing. In this case, there is overwhelming evidence that members of the public have accessed the exhibit— potentially over one thousand times.

For all of these reasons, at a minimum, the following civil sanctions are warranted: (1) five years worth of the identify theft protection services (estimated cost of $275 per year); and (2) the costs and fees associated with adjudicating the Petition. Hansmeier gave Respondents multiple opportunities to voluntarily provide identity theft protection services without a contempt proceeding. Respondents declined outright.

10

D.   <u>A Criminal Referral Is Warranted</u>.

The Court should also refer this matter to the U.S. Attorney for the Southern District of Illinois for the prosecution of criminal sanctions against Respondents. As cited above, at least two other district courts have imposed criminal sanctions on violators of Fed. R. Civ. P. 5(a) (and in far less-extreme circumstances). Criminal sanctions are appropriate for three reasons. First, as described above, this case is one of the most prominent proceedings nationwide. Respondents know this case is high profile and, indeed, have taken significant steps to publicize their involvement in it on both their firm's website and in social media. *See*, *e.g.*, http://boothsweet.com/blog/news/happy-halloween-to-prenda-law-the-nightmare-continues/ (last visited on May 12, 2014) (publicizing their efforts in this case).[2]

In high profile cases, violations of Rule 5.2 and its counterparts threaten to inflict much higher harm and call for more extreme care. Here, Respondents cavalierly admit that they did not even bother to review the offending exhibit before filing, and instead based their redaction certification on an "erroneous assumption." (*See* Dkt. #165, at 1 n.1.) This sort of willful disregard for the personal identifiers of

---

[2] The blog post cited references a case, *Guava LLC v. John Doe*, 1:12-cv-11880 (D. Mass.). In reviewing the blog post, Hansmeier learned for the first time that Booth and Sweet filed a motion for sanctions under 28 U.S.C. § 1927 in the Massachusetts case, that was remarkably similar to the sanctions motion they filed in this case. In the Massachusetts case, the motion was *unopposed*, yet the district court nevertheless summarily denied it. *See* Order on Motion for Sanctions, No. 1:12-cv-11880 (D. Mass. Mar. 10, 2014), at ECF No. 23. Booth and Sweet did not appeal the denial.

litigants, when coupled with the national prominence of this case, is precisely what deterrent (i.e. criminal) sanctions are for.

Second, the Respondents' misconduct has targeted individuals who have no connection to this case. Respondents, for example, targeted Mr. Steele's *wife* and publicized her social security number and birth date on public documents.[3] They did the same to Mark Lutz, who also has nothing to do with this case. It is bad enough that Respondents published the personal identifiers of Hansmeier, Duffy and Steele, but that they are destroying the financial security of individuals who could not have less to do with this case is truly beyond the pale.

Finally, there are non-trivial indications that Respondents' publication of the unredacted social security numbers and birth dates of Hansmeier, Duffy, Steele, Kerry Steele and Mark Lutz was not actually inadvertent. *First*, although they were willing to offer some information about the circumstances of the publication of the offending exhibit, both Booth and Sweet refused to answer direct questions about how they first became aware of the unredacted personal identifiers, or about whether they knew who uploaded the offending exhibit to RECAP. *Second*, the offending exhibit had no real relevance to their Response. It was attached to the Response in support of a footnoted proposition. Further, the proposition being supported (that Steele had e-mailed third-parties about this case) did not require the attachment to Steele's e-mail that contained the unredacted personal

---

[3] As discussed above, when Mr. Steele voiced his concern with Sweet's conduct, Sweet proceeded to threaten Steele's wife again and also issued a veiled threat against Duffy's wife.

identifiers. *Third*, and most bizarrely, in an e-mail, Sweet informed Hansmeier that he called the Court at 10:25 a.m. on May 6, 2014 to ask that the offending exhibit be stricken. *See* Hansmeier Declaration, Exhibit A, at 7. This was the exact same time—to the very minute—that the offending document was posted to RECAP. *See* Hansmeier Declaration, Exhibit B (listing the time of upload of document 163.4 as 2014-05-06 at 11:25:23).[4] This is a coincidence that demands an explanation.

IV.   Conclusion.

For all of the reasons stated herein, the Court should grant Hansmeier's Petition.


May 13, 2014                              Respectfully Submitted,

                                          /s/ Paul Hansmeier
                                          Paul Hansmeier
                                          80 S. 8th St. Ste 900
                                          Minneapolis, MN 55402
                                          612-234-5744

---

[4] To Hansmeier's knowledge, RECAP posts upload times in the time zone.

13

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2014 I filed the foregoing document through the Court's CM/ECF system, which will electronically serve this document on all parties of record.


/s/ Paul Hansmeier