UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHSPEED MEDIA CORP.,**<br><br>    *Plaintiff,*<br><br>    *v.*<br><br>**ANTHONY SMITH, et al.,**<br><br>    *Defendants.* | Civil No. 3:12-cv-889-DRH-SCW |

### PAUL HANSMEIER'S MOTION TO STRIKE REPLY BRIEF AND ACCOMPANYING EXHIBITS

Paul Hansmeier respectfully moves the Court to strike the reply brief and accompanying exhibits filed by Defendant Anthony Smith on May 16, 2014. As grounds for this motion, Hansmeier represents that:

1.  Smith filed a Motion for Sanctions on April 18, 2014. (Dkt. #153.)

2.  The burden is on Smith, as the moving party, to present facts or argument in support of the factors justifying sanctions.

3.  Smith submitted no affidavits with his Motion for Sanctions. Rather, Smith chose to support his motion exclusively through legal argument and an exhibit containing purported e-mail correspondence between John Steele and Smith's counsel. (*See* Dkt. #153-1.) Smith supplemented his Motion for Sanctions with an exhibit containing correspondence between Steele and a third-party bank. (*See* Dkt. #158.) In violation of the Local Rules, Smith did not seek leave before doing so.

4. Hansmeier, Steele and Paul Duffy each filed responses to Smith's Motion for Sanctions, in accordance with the briefing deadlines set forth in the Court's Local Rules. (*See* Dkts. #159, 160 and 162.)

5. On May 16, 2014, Smith filed a document titled, "Notice of Motion." The document indicates that Smith filed a Reply in Further Support of his Motion for Discovery Sanctions, and that "said motion" was filed *ex parte*, due to its reliance on "numerous financial documents as exhibits." (*See* Dkt. #171.)

6. Because it was filed *ex parte*, Hansmeier has not reviewed Smith's Reply or the documents attached to it. While Smith is entitled to seek to move to have his documents filed under seal, there is no justification for the use of *ex parte* procedures under the circumstances.

7. Smith's attempt to introduce new financial documents as exhibits for the *first time* on a reply brief precludes Hansmeier, Steele and Duffy from responding to the new documents. *See* SDIL-7.1(c) ("Under no circumstances will sur-reply briefs be accepted). This prejudice is exacerbated by the fact that Smith refuses to provide proper Rule 45 notice of his subpoenas or copies of the documents he has obtained.

8. To the extent that Smith is raising new legal arguments based on the content of the financial documents, Hansmeier will have no opportunity to respond to those arguments, having exhausted his sole right under the Court's Local Rules to be hearing on Smith's Motion for Sanctions upon filing his Response to it. This

circumstance is aggravated by the fact that Hansmeier cannot even review Smith's *ex parte* filing.

9. It is a well-established rule that courts do not consider facts and arguments raised for the first time in a reply memorandum. Raising new arguments in a reply brief run contrary to the purpose of the initial memorandum, which is to raise issues, and the purpose of a reply memorandum is to reply to arguments made in the response memorandum. If Smith wished to submit additional documents in support of his Motion for Sanctions, he should have filed it with his motion. The purpose of Smith's reply memorandum is to reply to the arguments raised in Hansmeier, Steele and Duffy's respective responses.

10. It is also well-established that *ex parte* relief is not appropriate under the circumstances present in this case. Indeed, Hansmeier would call this Court's attention to Rule 3.3(d) of the Illinois Rules of Professional Conduct, which obligates without reservation Smith's counsel to "inform the tribunal of all material facts known to [him] that will enable the tribunal to make an informed decision, whether or not the facts are adverse." Hansmeier asks the Court to review Smith's *ex parte* filing to determine whether it satisfies this high standard.

11. Therefore, Hansmeier requests that the Court strike Smith's reply, the accompanying documents and any other document filed along with it.

May 17, 2014

/s/ Paul Hansmeier
Paul Hansmeier
80 S. 8th St. Ste 900
Minneapolis, MN 55402
612-234-5744

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2014 I filed the foregoing document through the Court's CM/ECF system, which will electronically serve this document on all parties of record.

/s/ Paul Hansmeier