## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-00889-DRH-SCW |
| | ) | |
| ANTHONY SMITH, SBC INTERNET | ) | |
| SERVICES, INC., d/b/a AT&T INTERNET | ) | |
| SERVICES; AT&T CORPORATE | ) | |
| REPRESENTATIVE #1; COMCAST | ) | |
| CABLE COMMUNICATIONS, LLC, and | ) | |
| COMCAST CORPORATE | ) | |
| REPRESENTATIVE #1, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### AFFIDAVIT OF JASON E. SWEET

I, Jason E. Sweet, do hereby swear and say as follows.

1.    I make and submit this Affidavit in support of the response to Paul Hansmeier's May 9, 2014 petition for civil contempt. I am a partner in the law firm of Booth Sweet LLP, as is Dan Booth ("Booth"). Booth and I are counsel for defendant Anthony Smith ("Smith"). Unless otherwise stated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2.    On April 22, 2014 Paul Hansmeier filed a motion for sanctions against me and to quash subpoenas issued in this action. *See* Doc. 157. I prepared a response to that motion for filing, handling all redactions. Doc. 163 ("Response").

3.    The Response had ninety-five pages of exhibits. One exhibit ("Exhibit E") included thirteen subpoenas Smith had issued to third parties. Doc. 163-5. Exhibit E included properly redacted copies of a schedule (Schedule A) that Smith had issued with eight of his subpoenas. I redacted at least eighty-three personal data identifiers and financial account numbers from Exhibit E.

4.    Another exhibit ("Exhibit D") also included a copy of Schedule A. I mistakenly filed Exhibit D without redacting personal data identifiers on one of its pages. Specifically, by mistake, I did not redact five birth dates and Social Security numbers from Schedule A where it appeared in Exhibit D. Having already redacted Schedule A in Exhibit E of the Response, I erroneously believed that I had already redacted it when I prepared Exhibit D and I did not redact it again.

5.      I filed the Response and its exhibits on May 5, 2014 at 4:49 PM CDT through the ECF system and certified that I had done so. Doc. 163.

6.      The next morning, May 6, 2014, I became aware that I had not completely redacted the Response. I called the Court's clerk at approximately 10:25 AM CDT on May 6, 2014 to inform the Court of the error and to determine how to rectify it. The clerk instructed me to file a motion to withdraw and substitute a redacted version. As I drafted a motion to withdraw, the Court struck and sealed the Response of its own accord at 10:51 AM CDT, giving notice that a redacted copy needed to be refiled. Doc. 164.

7.      I refiled the Response, with Schedule A redacted in Exhibit D, on May 6, 2014 at 11:33 AM CDT. Doc. 165.

8.      Paul Hansmeier emailed me on May 7, 2014, at 7:06 CDT, stating among other things, "The documents you filed with the unredacted social security numbers and birth dates of me and four other people were retrieved by the piracy community before they were struck by the Court and are now being publicized." Though he did not specify where the unredacted Exhibit D had been publicized, I found it on an Internet Archive website that collects federal court filings: https://archive.org/details/usfederalcourtsdev ("RECAP").

9.      I did not upload that document to RECAP and I have never uploaded any other document to RECAP. Upon information and belief, Booth and Smith did not upload that document to RECAP and they have also never uploaded any documents to RECAP.

10.      On the morning of May 7, 2014, I used Google to search online for other websites where the unredacted Schedule A might still be available and found no indication that it was online anywhere else.

11.      At approximately 8:00 AM CDT on May 7, 2014, I called the Internet Archive to ask that the entire stricken Response, including all its exhibits, be taken down.

12.      At 11:57 CDT on May 7, 2014, the Internet Archive called me to say that the Response and exhibits had been removed from the site.

13.      I then reviewed RECAP to verify the removal. The page where the unredacted Schedule A had been available now turned up a "page not found" message.

14.      I again used Google to conduct further online searches, and found no indication that the unredacted subpoena was available online any longer.

15.   Booth and Smith did not handle the redactions to, or the filing of, the Response and its exhibits. I regret the unredacted filing and I take full responsibility for it.

16.   I have personally filed dozens of pages of pleadings and hundreds of pages of exhibits in this case in 2014 alone.

17.   Paul Hansmeier's petition for civil contempt marks the first time that anyone has claimed that my redactions were less than perfect, in this case or any other.

18.   Attached hereto as Exhibit A is a true and correct copy of Kerry Steele's LinkedIn page as it appeared on January 31, 2013, that I personally accessed and saved as a PDF on that date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 21, 2014

Jason E. Sweet

On May 21, 2014, before me, the undersigned notary public, personally appeared Jason E. Sweet, personally known to me to be the person whose name is signed on the preceding document, and acknowledged to me that he signed it voluntarily in his authorized capacity for its stated purpose.

WITNESS my hand and official seal:

By: _____

exp 4/13/2018

## CERTIFICATE OF SERVICE

I hereby certify that on this May 21, 2014 I filed the foregoing document through the Court's CM/ECF system, which will serve it on all counsel of record who have consented to electronic service.

/s/ Jason E. Sweet

# EXHIBIT A







Send InMail

BACKGROUND









Linked n Corpora ion © 2013 | User Agreemen | Privacy Policy | Communi y Guidelines | Cookie Policy | Copyrigh Policy | Send Feedback