#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:12-cv-00889-GPM-SCW |
| ) | |
| v. ) | |
| ) | |
| ANTHONY SMITH, SBC INTERNET SERVICES, ) | **ANTHONY SMITH'S** |
| INC., d/b/a AT&T INTERNET SERVICES; AT&T ) | **OPPOSITION TO THE** |
| CORPORATE REPRESENTATIVE #1; COMCAST ) | **RENEWED MOTION TO** |
| CABLE COMMUNICATIONS, LLC, and ) | **STRIKE** |
| COMCAST CORPORATE REPRESENTATIVE #1, ) | |
| ) | |
| Defendants. ) | |

John L. Steele ("Steele"), Paul A. Duffy ("Duffy"), and Paul R. Hansmeier ("Hansmeier") (collectively "Plaintiff's Counsel") say they have nothing—no money or assets to satisfy the Order, no shared interest in Prenda. Yet, they provide no proof of these assertions and obstruct any attempts at confirmation. The Renewed Motion to Strike ("Renewed Strike") is but another example of their dilatory tactics.

#### RELEVANT FACTS AND PROCEDURAL HISTORY

On November 27, 2013, pursuant to 28 U.S.C. § 1927, the Court ordered Plaintiff's Counsel to pay Defendants' attorney fees and expenses totaling $261,025.11 within 14 days. Doc. 100 ("Sanctions Order"). Plaintiff's Counsel appealed the Order, *see* Doc. 102, but they did not move for a stay of the Sanctions Order until January 29, 2014, *see* Doc. 114—more than a month after the Contempt Motion was filed. Doc. 107. Plaintiff's Counsel eventually filed a surety bond, but only after the Court found them in contempt—a ruling which they have also appealed. Doc. 136 ("Contempt Order").

In the Contempt Motion, Defendants requested that Plaintiff's Counsel be held in contempt or ordered to show cause why they should not be, and sanctioned further for their defiance of the Sanctions Order. Doc. 107. Duffy and Hansmeier filed oppositions. Docs. 111 & 113. Duffy argued that Defendants had failed to determine whether any of Plaintiff's Counsel "has assets sufficient to comply with the judgment of the Court." Doc. 111 at 6. Hansmeier claimed, "the quarter of a million dollars liability created by the … Order would impose a crippling financial liability on Hansmeier." Doc. 113 at 6. Defendants filed a joint reply. Doc. 119. Steele moved to stay the Sanctions Order

(Doc. 114) parroting, "[t]he quarter of a million dollars liability created by the … Order would impose a crippling financial liability on Steele." Doc. 115 at 3.

By subpoenas issued to twelve financial institutions on January 16, 2014, Defendant Anthony Smith ("Smith") sought postorder discovery to ascertain facts concerning Plaintiff's Counsel's financial resources and their ability to pay the amount ordered. *See* Doc. 116-1. Steele moved to quash the subpoenas. Doc. 116. Smith filed an opposition to the motion to quash. Doc. 124. The Court denied the motion to quash, noting that "Smith provides compelling reasons why the financial records of these individuals and entities were subpoenaed." Doc. 125 at 3.

The Court heard arguments on February 13, 2014, denied Steele's motion to stay, and took the Contempt Motion under advisement, allowing Plaintiff's Counsel 10 days to submit asset statements from a certified public accountant. Doc. 123. Without notice to Defendants, Plaintiff's Counsel "submitted incomplete, and to say the least suspicious, statements of financial condition" to the Court for *in camera* review. Doc. 136 at 8. Earlier that same day, Smith filed a Renewed Motion for Contempt. Doc. 135. The Renewed Motion for Contempt was filed *ex parte* in accord with the Court's instructions. The Court considered Smith's Renewed Motion for Contempt as "a motion for an additional sanction for contempt since it relates directly to representations made in Court and in the financial statements by plaintiff's counsel" to decided upon after being fully briefed. Doc. 136 at 13.

By thirteen subpoenas issued on March 24, 2014, Smith continued his post-order discovery concerning Plaintiff's Counsel's financial resources and representations. On April 11, 2014, Smith's counsel was informed by Steele that he himself had contacted the third parties involved and notified them the subpoenas were stayed. Docs. 153 & 153-1. Smith's counsel explained to Steele the fallacy of his contention and repeatedly requested confirmation from Steele in the form of faxes or emails from each of the entities he inappropriately contacted stating that he cleared up the misunderstanding and that discovery is back on track. *Id.* Steele refused to provide confirmation that he did so, nor did identify which of the subpoenaed parties (or non-subpoenaed parties) he contacted. On April 18, 2014, Smith moved for sanctions for obstructing discovery. *Id.*

Plaintiff's Counsel filed several oppositions wherein they quibbled over tangential issues, rehashed previously denied arguments, mischaracterized the facts and continued to make factual assertions without citation. *See* Docs. 159, 160 & 162. On May 16, 2014, Smith filed his Reply to the

oppositions. Doc. 172. Because the Reply relied on exhibits similar to those filed with the Renewed Motion for Contempt (Doc. 135), Smith filed his Reply *ex parte* in accord with the Court's prior instructions.[1] On May 17, 2014, Plaintiff's Counsel moved to strike Smith's Reply. On May 19, 2014 the Court ordered the Reply to be released to the parties but to remain sealed from the public. Doc. 174. The next day, Plaintiff's Counsel filed a renewed motion to strike Smith's Reply.

## STANDARD OF REVIEW

The Court may order stricken from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009); *Nelson v. Henson*, No. 09-cv-361-GPM-DGW, 2011 U.S. Dist. LEXIS 21207, *1 (S.D. Ill March 3, 2011). The determination whether to strike material under Rule 12(f) is within the discretion of the trial court. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

However, such motions to strike affirmative defenses are generally disfavored because they are often employed for the sole purpose of causing delay. *Lyssenko v. Int'l Titanium Powder, LLC*, No. 07-cv-6678, 2010 U.S. Dist. LEXIS 74349, *10 (N.D. Ill. July 23, 2010); *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Tektel, Inc. v. Maier*, 813 F.Supp. 1331, 1334 (N.D. Ill. 1992) ("Motions to strike under Federal Rule 12(f) are not favored, and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial.").

> [M]otions pursuant to Fed. R. Civ. P. 12(f) are viewed by federal courts with healthy skepticism. Motions to strike are often considered to be dilatory, irksome or simply a device to accomplish unessential cosmetic surgery to the pleadings. For those reasons, even when technically appropriate and well-founded, Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party.

5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1381 (3d ed. 2004) ("Wright & Miller")); see also *Skube v. Williamson*, No. 12-cv-3185, 2013 U.S. Dist. LEXIS 34400, *8 (C.D. Ill. Mar. 12, 2013) (citing *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975) (motions to strike are dilatory tactic)); *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citations omitted).

---

[1] At no point have Plaintiff's Counsel sought a protective order for any of the documents Smith has obtained or targeted through discovery. Yet. Smith and the Court have demonstrated great deference by keeping the financial exhibits out of the public record.

**ARGUMENT**

I.   **The Renewed Motion to Strike Fails to Meet Minimum Pleading Requirements and Should be Denied.**

Plaintiff's Counsels' Renewed Strike sets forth no standard of review, case citations or legal arguments in support thereof. "A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority, forfeits the point." *Doe, By and Through G.S. v. Johnson*, 52 F.3d 1448, 1457 (7th Cir. 1995); *Pulley v. Proviso Twp.*, No. 96-cv-492, 1996 U.S. Dist. LEXIS 17253, *6 (N.D. Ill. Nov. 18, 1996) (denying motion that lacked citation to relevant and supporting authority); *Littlefield v. McGuffey*, 954 F.2d 1337, 1342 (7th Cir. 1992); *Brooks v. Allison Div. of General Motors Corp.*, 874 F.2d 489, 490 (7th Cir. 1989) (absence of authority makes the motion worthless, ineffectual, and "frivolous."); *Hawkin v. Hollingsworth*, No. 11-128-GPM, 2012 U.S. Dist. LEXIS 166211, *3 (S.D. Ill. Nov. 21, 2012) (denying motion because "it is nothing more than five pages of unorganized, disjointed rambling. There is simply no cognizable or discernible legal argument contained … as it relates to a motion to reconsider."); *Adas v. American Airlines, Inc.*, No. 99-cv-2181, 2000 U.S. App. LEXIS 15482 (7th Cir. 2000) (dismissing appeal wherein the brief set forth "no standard of review or legal arguments, and cited no cases").

Even if the appropriate standard were cited, the Renewed Strike does not contend that Smith's Reply contains "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rather, the Renewed Strike alleges Smith's Reply is "procedurally false" (Dkt. 175 at 1); "substantively false" (*id.* at 3); and a "major ethical violation" (*id.* at 4)—none of which are among Rule 12's enumerated grounds for striking. Fed. R. Civ. P. 12(f).

Cogent and well-supported legal arguments and corresponding exhibits are not impertinent or scandalous merely because Plaintiff's Counsel disagrees with them. Nor are they "false" or "unethical." Without further unnecessary elaboration, Smith requests the Court *sua sponte* to strike the Renewed Motion to Strike for failing to comply with Rule 7(b)(1). *See e.g. Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 923-24 (7th Cir. 1994) (court may *sua sponte* enforce rules).

II.   **Plaintiff's Counsel have Demonstrated No Basis to Strike the Reply.**

"The purpose of a reply is to allow the original movant to address any such additional evidence [or argument] that was raised in the response." *Roos v. Patterson*, No. 10-cv-4073, 2013

U.S. Dist. LEXIS 106050, *4 (C.D. Ill. July 26, 2013) (denying motion to strike). This is precisely what Smith has done.

Even if properly pleaded, the Renewed Motion states no grounds for striking the Reply. Rather than address how discovery was not obstructed or how the obstruction was mitigated, Plaintiff's Counsel's oppositions (*See* Docs. 159, 160 & 162) instead chose to rehash arguments already briefed in other pleadings or previously ruled upon by the Court (Doc. 172), and portrayed the obstruction as nothing more than "an [innocuous] e-mail." Doc. 159 at 1.

Similarly, the Renewed Strike fails to make any cognizable argument that would support striking Smith's Reply.

Arguing that Smith's Reply was "procedurally false," the Renewed Strike cites exhibits filed in Smith's Motion for Renewed Contempt (Docs. 135 & 135-28) for the proposition that Smith is seeking discovery sanctions "*for the obstruction of discovery that has already been produced*." Doc. 175 at 2. The exhibits in question are financial documents from TCF Bank ("TCF"). However, TCF was among the January 16, 2014 subpoenaed financial institutions, and *not* among those for which Smith has claimed were obstructed in his motion (Doc. 153) or for which obstruction sanctions are being sought. *Id. See* also Doc. 165 at 7; 165-5 (identifying the March 24 subpoenas).

This argument is made again in support of the "major ethical violations" made by Smith's counsel. To wit, it is said:

> [T]he entire basis for Sweet's motion—that Steele obstructed discovery—is fatally undermined by the GMS documents he attached, as several of the documents appear to be *the product of discovery Sweet claims was obstructed*.[2]

Doc. 175 at 4.

The problem is Smith never subpoenaed GMS Group. Doc. 158; 158-1. As such, the GMS documents upon which the "major ethical violations" rely could never be a product of the obstructed discovery. Smith, however, did subpoena the Pershing Group. Doc. 165 at 7; 165-5. And as previously explained in Smith's Reply, "Pershing is a clearing firm for GMS Group, and while it has in its possession some documents from GMS Group, it by no means has them all." Doc. 172 at 5.

---

[2] The discovery identified by Smith as being obstructed relates to ING and Sabadell Bank. Doc. 172 at 4.

5

Lastly, is the Renewed Strike's allegation of "substantially false" evidence proffered by Smith.[3] Doc. 175 at 3. At issue are initials on an insurance document for Prenda. Doc. 172 at 4; 172-15. The initials in question, may read as either "PD" or "PH". However, given that Paul Duffy's signature is 1) typically stamped in full; and 2) the loop on the "P" runs clockwise, while Duffy's runs counterclockwise, Smith has a reasonable basis to believe the initials bear more in common with Hansmeier's than Duffy's. Compare:

| Duffy's initials from Doc. 172-8 | Initials from Doc. 172-15 | Hansmeier's initials from Doc. 172-15 |
|---|---|---|
| *[signature]* | *[signature]* | *[signature]* |

## CONCLUSION

For the reasons stated within, Smith respectfully urges this Court to deny the Renewed Motion to Strike in all regards.

Dated: May 30, 2014                                         Respectfully,

/s/ Jason Sweet
Jason E. Sweet (admitted *pro hac vice*)
Email: jsweet@boothsweet.com

/s/ Dan Booth (with consent)
Dan Booth (admitted *pro hac vice*)
Email: dbooth@boothsweet.com

BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139

---

[3] For Hansmeier to say with any certainty the initials are not his strains credibility. There also exists evidence that Hansmeier may have forged his brother's signature. Peter Hansmeier is a technician for Media Copyright Group, LLC/6881 Forensics, LLC, and the sole source of technical evidence in support of Prenda's clients' copyright claims. Peter Hansmeier's signature bears an uncanny resemblance to Paul Hansmeier's own signature. *C.f. Lightspeed Media Corp. v. Does 1-100*, No. 10-cv-5606, Doc. 6-1 (N.D. Ill. Sept. 2, 2010) with *Hard Drive Productions Inc. v. Does 1-14*, No. 11-cv-02981, Doc. 5-2 (N.D. Ill. May 5, 2011). When asked to explain the similarity of the signatures, Hansmeier testified that he could not identify his brother's signature because he could not, "recall having seen him sign anything." *Duffy v. Godfread, et al.*, No. 13-cv-01569, Doc. 11-1 at 236-238 (N.D. Ill. April 16, 2013).

Tel.: (617) 250-8602  
Fax: (617) 250-8883

*Counsel for Defendant Anthony Smith*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 30, 2014, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

/s/ Jason Sweet  
Jason E. Sweet