IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LIGHTSPEED MEDIA CORP.,**

    **Plaintiff,**

vs.                                           No.   **3:12-cv-889-DRH-SCW**

**ANTHONY SMITH, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

This case is before the Court on Paul Hansmeier's ("Hansmeier"), petition for civil contempt as to defendant Anthony Smith ("Smith") and Smith's counsel, Jason Sweet ("Sweet") and Daniel Booth ("Booth") (collectively, "respondents") (Doc. 169 and Doc. 170). Respondents filed a responsive pleading (Doc. 176 and Doc. 177). Hansmeier replied (Doc. 178). For the reasons discussed herein, the petition is DENIED.

### II. BACKGROUND

On May 5, 2014, Smith filed a responsive pleading ("May 5th Response") without redacting personal data identifiers on one of the attached exhibits (Doc. 163). The following day, the Court struck the May 5th Response and the attached exhibits from the record (Doc. 164). Hansmeier contends that before the subject documents were stricken from the record, they were downloaded by a member of

the public and reposted on RECAP (a publicly available and free alternative to PACER). Although the documents are no longer available on RECAP, Hansmeier contends that the sensitive information is now in the public domain and that certain individuals have threatened to repost the sensitive information on another website. As a result, Hansmeier filed the current petition for civil contempt.

Respondents state that the failure to redact the sensitive information was inadvertent (Doc. 176 and Doc. 177). The responsive pleading included 6 exhibits totaling 95 pages. Sweet was responsible for filing the exhibits and redacting the same (Doc. 176-1 ¶ 2). Sweet states, in relevant part, as follows with regard to the May 5th Response:

> The Response had ninety-five pages of exhibits. One exhibit ("Exhibit E") included thirteen subpoenas Smith had issued to third parties. Doc. 163-5. Exhibit E included properly redacted copies of a schedule (Schedule A) that Smith had issued with eight of his subpoenas. I redacted at least eighty-three personal data identifiers and financial account numbers from Exhibit E.
>
> Another exhibit ("Exhibit D") also included a copy of Schedule A. I mistakenly filed Exhibit D without redacting personal data identifiers on one of its pages. Specifically, by mistake, I did not redact five birth dates and Social Security numbers from Schedule A where it appeared in Exhibit D. Having already redacted Schedule A in Exhibit E of the Response, I erroneously believed that I had already redacted it when I prepared Exhibit D and I did not redact it again.
>
> I filed the Response and its exhibits on May 5, 2014 at 4:49 PM CDT through the ECF system and certified that I had done so. Doc. 163. The next morning, May 6, 2014, I became aware that I had not com-pletely redacted the Response. I called the Court's clerk at approximately 10:25 AM CDT on May 6, 2014 to inform the Court of the error and to determine how to rectify it. The clerk instructed me to file a motion to withdraw and substitute a redacted version. As I drafted a motion to withdraw, the Court struck and sealed the

Response of its own accord at 10:51 AM CDT, giving notice that a redacted copy needed to be refiled. Doc. 164.

(Doc. 176-1).

### III. ANALYSIS

To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply.

*United States SEC v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010) (*citing Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008).

In the instant case, it is undisputed that one of the three respondents violated a Court order setting forth an unambiguous command. Sweet admits that he was responsible for redacting and filing the exhibits associated with the May 5th Response. One of those exhibits, exhibit D, contained sensitive information that was not redacted. The failure to redact this sensitive information was in violation of Federal Rule of Civil Procedure 5.2(a), SDIL-LR 5.1(d), and Southern District of Illinois Amended Administrative Order No. 107.[1] However, this single, inadvertent violation does not warrant a finding of civil contempt.

Although Sweet failed to properly redact the sensitive information found in exhibit D, Sweet carefully redacted the sensitive information found in exhibit E.

---

[1] Social Security numbers and birth dates included in a document publicly filed with the Court shall be in redacted form, pursuant to Fed. R. Civ. P. 5.2(a), SDIL-LR 5.1(d), and The Court's ECF electronic filing system gives notice that compliance with those redaction rules is required.

Exhibit E required at least eighty-three individual redactions of sensitive information. Thus, despite diligent efforts to comply, a mistake was made. This single inadvertent mistake, which was cured promptly, does not establish "substantial noncompliance." In addition, there is no evidence that Sweet failed to make a reasonable and diligent effort to comply." On the contrary, Sweet's careful redactions with regard to exhibit E and the prompt action he took upon learning of his mistake as to exhibit D demonstrate a reasonable and diligent effort to comply with applicable Court rules and orders.

In light of the facts presently before the Court, the Court cannot find that respondents are in contempt of court. Accordingly, Hansmeier's petition for civil contempt is **DENIED**.

### IV. CONCLUSION

For the aforementioned reasons, the motion for civil contempt (Doc. 169) is **DENIED.**

**IT IS SO ORDERED.**
Signed this 17th day of October, 2014.

Digitally signed by
David R. Herndon
Date: 2014.10.17
16:55:17 -05'00'

**District Judge**
**United States District Court**