IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORP.,

    Plaintiff,

vs.                                                         No.   3:12-cv-889-DRH-SCW

ANTHONY SMITH, et al.,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I.   INTRODUCTION

This case is before the Court on Paul Hansmeier's ("Hansmeier"), motion for sanctions and to quash (Doc. 157). Hansmeier contends that on March 24, 2014, defendant Anthony Smith ("Smith") issued third-party subpoenas without serving notice and copies to parties as required by Federal Rule of Civil Procedure 45(a)(4). Hansmeier asks the Court to order Smith to provide a sworn accounting of all of the subpoenas and related correspondence he has issued in this case. In addition, Hansmeier requests that the Court (1) quash and order the immediate withdrawal of all subpoenas issued by Smith in this action since March 1, 2014; (2) order the destruction of any information obtained pursuant to these subpoenas; (3) enter a permanent injunction barring the disclosure or use by Smith of any information obtained pursuant to these subpoenas; (4) prohibit Smith from issuing further subpoenas from this action without prior leave of the Court; and (5) impose an

appropriate sanction in light of the circumstances, once they are fully known.

Smith filed a response (Doc. 165). Smith contends that Hansmeier has no grounds to object because he was duly notified and served, even though he is not a party to this action. Smith further contends the motion is frivolous and should be denied. Hansmeier replied (Doc. 166 and Doc. 168). For the reasons discussed herein, the motion is DENIED.

## II. BACKGROUND

In its case in chief, plaintiff, Lightspeed Media Corporation ("Lightspeed"), raised baseless claims despite knowledge those claims were frivolous (Doc. 65). As a result, the Court sanctioned plaintiff's counsel, John Steele ("Steele"), Paul Duffy ("Duffy") and Hansmeier (collectively, "plaintiff's counsel") (Doc. 65). The Court found plaintiff's counsel jointly and severally liable and ordered them to pay defendants' attorney fees and expenses, totaling $261,025.11, with interest as provided by law (Doc. 100). Plaintiff's counsel failed to comply and defendants filed a joint motion for contempt on December 27, 2013 (Doc. 107). While that motion was pending, Smith issued third-party subpoenas to certain financial institutions to ascertain facts concerning plaintiff's counsel's financial resources and their ability to pay the amount ordered (Doc. 116-1). Hansmeier moved to quash those subpoenas (Doc. 116) and the Court denied that motion (Doc. 125). On or about March 7, 2014, Smith issued additional third-party subpoenas.

On March 18, 2014, Hansmeier contacted Smith's counsel to object to the March 7th subpoenas (Doc. 157-1 p. 6). Hansmeier stated that he was not provided

with notice or service (Doc. 157-1 p. 6). Smith's counsel responded, stating that Hansmeier was not a party to this action and Rule 45(a)(4) only required notice and service to parties (Doc. 157-1 p. 6). Smith's counsel also noted that plaintiff, Lightspeed, received copies of the disputed subpoenas and reminded Hansmeier that the Court previously determined service on Lightspeed's counsel (Duffy) constitutes service upon Hansmeier as well (Doc. 157-1 p. 6) (*see also* Doc. 100 p. 5) ("service on Duffy was effective for all of Plaintiff's counsel, past and present, including Steele and Hansmeier").

Eventually, despite disagreement over interpretation of Rule 45, Smith's counsel volunteered to withdraw and reissue the subpoenas (Doc. 157-1 pp. 7-8). Smith's counsel then enquired about the form of service Hansmeier would prefer: "When I send out new copies tomorrow, I will email them to you and Messrs. Steele and Duffy. Or would you prefer I send them via certified mail so that you each may later claim to have never received them?" (Doc. 157-1 p. 8). Hansmeier responded, "I do not accept service via e-mail, but it is relatively common practice to send a courtesy electronic copy in addition to the formal paper copy in order to create a record of notice, which I believe addresses the point raised in your e-mail." (Doc. 165-1 p. 1).

Smith filed a renewed motion for contempt on March 20, 2014 (Doc. 135). On March 24, 2014, the Court found plaintiff's counsel in contempt of court for willfully violating the sanctions order and making no effort to comply (Doc. 136 pp. 8-9). The Court concluded plaintiff's counsel failed to meet their burden of proving

they were unable to pay (Doc. 136 pp. 7-8). On March 25, 2014, Smith's counsel reissued the March 7th subpoenas (dated March 24, 2014). Smith served the reissued subpoenas on Steele, Duffy, and Hansmeier by certified mail on March 26, 2014 (Doc. 165-2).[1]

After receiving the subpoenas, Steele told Smith's counsel that he contacted the third parties to notify them that "the subpoenas must be withdrawn" (Doc. 153-1). This conduct is presently the subject of a motion for discovery sanctions filed by Smith (Doc. 153). That matter is set for hearing on November 12, 2014.

On April 18, 2014, the same day Smith filed his motion for discovery sanctions, Hansmeier sent Smith's counsel, Steele, and Duffy an email asserting that he had never received the subpoenas at issue, and asking that Smith's motion for discovery sanctions be withdrawn (Doc. 157-1 p. 11). Three days later Hansmeier filed the present motion.

### III. ANALYSIS

As an initial matter, the Court does not find a "pattern of deception" on the part of Smith or Smith's counsel. Smith's counsel properly served the March 7th subpoenas on Lightspeed. This satisfied the requirements of Federal Rule of Civil Procedure 45(a)(4) ("If the subpoena commands the production of documents,

---

[1] Smith states "I never got it" is an all too common refrain from plaintiff's counsel that has resulted in Smith's counsel now photographing the contents of every package (Doc. 165 p. 3 n.4; Doc. 165-2). In support, Smith cites to the following: *AF Holdings, LLC v. Patel*, 13-mc-00068, Doc. 11 (D. Minn. Sep. 24, 2013) (Hansmeier characterizing himself as a nonparty and not properly served), and Doc. 14 (order finding Hansmeier was properly served); *Ingenuity 13 v. Doe*, No. 12-cv-08333, Doc. 224 (C.D. Cal. July, 18, 2013) (finding lack of service was because "Steele entered his address incorrectly—not once, but four times."); *Freeborn & Peters v. Fletcher, et al.*, No. 12-L-4104 (May 7, 2013) (affidavit by process server that Duffy threw subpoena on ground and walked away).

electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each *party*.") (emphasis added). Nonetheless, out of an abundance of caution, Smith's counsel voluntarily withdrew the subpoenas and subsequently reissued them. Smith served the reissued subpoenas on Steele, Duffy, and Hansmeier by certified mail on March 26, 2014 (Doc. 165-2). The U.S. mail tracking number for the delivery to Hansmeier is 70123050000066664895 ("USPS Package 4895")(Doc. 165 p. 3).

Hansmeier asserts that he did not receive USPS Package 4895. However, as Smith notes, "[t]he critical event in the service procedure under Rule 5 is the mailing, not receipt, of the papers sought to be served. Non-receipt or nonacceptance of the envelope containing the papers is insignificant and has no effect on the validity of service." *Russell v. City of Milwaukee*, 338 F.3d 662, 667 (7th Cir. 2003) (*quoting* Moore's Federal Practice § 5.04[2][a][ii] at 5-29 to 5-30). Thus, even if Hansmeier were a party requiring notice under Rule 45, Smith has established notice and service as to Hansmeier.[2] Finally, the Court has previously

---

[2] The U.S. mail tracking number for the delivery to Hansmeier is 70123050000066664895 (Doc. 165 p. 3). *See also* Doc. 168 p. 6 (stating that the Hansmeier delivery was mailed to Minneapolis, MN) and Doc. 165-2 (showing that U.S. Certified Mail package was mailed to Minneapolis MN, with an expected delivery date of March 28, 2014). In his reply, Hansmeier notes that the return receipt included in Smith's responsive pleading is not a return receipt for USPS Package 4895 (Doc. 165-2 p. 6; Doc. 166). Smith admits that he has not received a return receipt for USPS Package 4895 and that inclusion of the return receipt found at Doc. 165-2 p. 6 was an inadvertent mistake (Doc. 168; Doc. 172 p. 1 n.1). Hansmeier further notes that, pursuant to the USPS tracking system, package number USPS Package 4895 was mailed on March 26, 2014 and was "out for delivery" on March 28, 2014 (Doc. 168 p. 4). According to the USPS tracking website, the package was listed as "in-transit" as of May 7, 2014 (Doc. 168). However, as discussed above, the fact that Smith has not received a return receipt for this package or that the package remains "in transit" does not establish a lack of service. The Court is also not persuaded by Hansmeier's arguments regarding the weight of the

determined that service on Duffy is effective service on Hansmeier and Steele (Doc. 100 pp. 5-8).

Considering the above, Hansmeier has not stated any valid reason for quashing the subpoenas. Likewise, the request for sanctions is baseless. Nothing in Hansmeier's motion establishes conduct on the part of Smith or Smith's counsel that would warrant imposition of sanctions under the Court's inherent authority.

Accordingly, Hansmeiers' motion to quash and for sanctions (Doc. 157) is **DENIED.**

**IT IS SO ORDERED.**
Signed this 17th day of October, 2014.

Digitally signed by David R. Herndon
Date: 2014.10.17 16:58:11 -05'00'

**District Judge**
**United States District Court**

package.