IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LIGHTSPEED MEDIA CORP.,**

    **Plaintiff,**

**vs.**                                                                     No.   **3:12-cv-889-DRH-SCW**

**ANTHONY SMITH, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I.  INTRODUCTION

This case is before the Court on Anthony Smith's Motion for Contempt (Doc. 135) and Motion for Sanctions for Obstructing Discovery (Doc. 153) as to Paul Hansmeier, Paul Duffy, and John Steele (collectively, "Lightspeed's Counsel"). Both matters have been fully briefed ((as to Motion for Contempt: Response by Paul Hansmeier Doc. 154; Response by Paul Duffy Doc. 155; Response by John Steele Doc. 156; and Reply by Anthony Smith Doc. 161) and (as to Motion for Sanctions for Obstructing Discovery: Response by Paul Hansmeier Doc. 159; Response by John Steele Doc. 160; Response by Paul Duffy Doc. 162). The Court heard oral argument from the parties on November 12, 2014 (Doc. 187). For the reasons discussed herein, the motions are **DENIED**.

### II.  BACKGROUND

### A. Overview

On December 14, 2011, Lightspeed Media Corporation ("Lightspeed") filed suit in the Circuit Court of the Twentieth Judicial District in St. Clair County. Lightspeed owns or operates one or more paid-subscription adult entertainment websites. In its first complaint, Lightspeed alleged that John Doe and more than 6,600 "co-conspirators" had gained unauthorized access to its website. On December 16, 2011, the circuit court granted an *ex parte* motion for leave to obtain discovery by subpoena, from dozens of Internet Service Providers ("ISPs"), of information personally identifying the defendants. AT&T and Comcast subsequently filed motions to quash the subpoenas and/or for a protective order. On May 22, 2013, the Illinois Supreme Court directed the circuit court to vacate its order denying the motion to quash.

On August 3, 2012, Lightspeed filed an amended complaint. Lightspeed contended that Smith accessed content from Lightspeed's password-protected websites without authorization. Lightspeed asserted that AT&T and Comcast improperly opposed Lightspeed's discovery, failed to act to protect Lightspeed's websites, and conspired with their customers to Lightspeed's detriment. AT&T removed this action to federal court on August 9, 2012.

Plaintiff thereafter filed an emergency motion for discovery prior to the Rule 26(f) Conference (Doc. 9) requesting the ISP information. Judge G. Patrick Murphy held a hearing on the issue and denied the motion (Doc. 23). Defendants each filed motions to dismiss (Docs. 26, 28, 36). Prior to the resolution of the motions to

dismiss, Lightspeed entered a notice of voluntary dismissal on March 21, 2013. Defendants subsequently moved for attorney's fees pursuant to 28 U.S.C. § 1927 (Docs. 61, 78, 82). Judge Murphy granted Smith's motion (Doc. 65) and Lightspeed's Counsel sought reconsideration of that order (Docs. 66, 68, 74). On November 13, 2013, Judge Murphy held a hearing on the motions for reconsideration and the motions for attorney's fees by ComCast and AT&T (Doc. 96) in which he deferred ruling.

On November 27, 2013, Judge Murphy denied the motions to vacate, or in the alternative, reconsider the order granting Smith's motion for attorney fees, granted ComCast's and AT&T's motions for attorney's fees, and ordered Lightspeed's Counsel to pay attorney's fees totaling $261,052.11 (pursuant to 28 U.S.C. § 1927). The fee order was to be paid within 14 days

On December 27, 2013, defendants filed a joint motion for contempt, or in the alternative, for an order directing Lightspeed's Counsel to show cause why they each should not be held in contempt (Doc. 107). As of the filing of the December 27th motion for contempt, Lightspeed's Counsel had not paid the fee order or sought a stay. Duffy and Hansmeier filed oppositions (Doc. 111 and Doc. 113). Duffy argued that defendants had failed to determine whether any of plaintiff's counsel "has assets sufficient to comply with the judgment of the Court" (Doc. 111 p. 6). Hansmeier claimed, "the quarter of a million dollars liability created by the … Order would impose a crippling financial liability on Hansmeier" (Doc. 113 P. 6). In January 2014, Steele moved to stay the sanctions order (Doc. 114). Steele claimed,

"[t]he quarter of a million dollars liability created by ... Order would impose a crippling financial liability on Steele" (Doc. 115 p. 3).

The Court heard argument on February 13, 2014. During the proceedings, plaintiff's counsel admitted on the record to noncompliance, each stating that he had not paid the sanction amount to defendants or otherwise sought a supersedeas bond. Additionally, Lightspeed's Counsel emphatically indicated an inability to pay. The Court denied Steele's motion to stay, and took the Contempt Motion under advisement, allowing Lightspeed's Counsel 10 days to submit asset statements from a certified public accountant. Thereafter, Lightspeed's Counsel submitted their financial records to the Court for *in camera* review.

The Court issued its order addressing the Contempt Motion on March 24, 2014 (Doc. 136). As to the inability to pay arguments, the Court found that Lightspeed's Counsel had not met the applicable burden. The Court concluded the records submitted by Lightspeed's Counsel were incomplete and suspicious. The Court found Lightspeed's Counsel in contempt and issued a sanction in the amount of 10% of the original sanction. On April 4, 2014, the Court granted Lightspeed's Counsel's motion to stay pending appeal and for approval of form of supersedeas bond (Doc. 148). Supersedeas bond was posted by John Steele in the amount of $287,300.00 on April 8, 2014 (Doc. 149).

On appeal, the Seventh Circuit affirmed the original order of sanctions and the additional sanctions issued on March 24, 2014. Thereafter, defense counsel

collected on the bond.[1]

### B. Motion for Contempt (Doc. 135)

Smith contends that Lightspeed's Counsel's prior assertions regarding inability to pay were misleading and/or untrue. Smith contends that Lightspeed's Counsel is fully capable of paying the amounts ordered by the Court and has acted to conceal or otherwise move assets off-shore. In his motion, Smith asks the Court for an order against Lightspeed's Counsel imposing additional sanctions for failing to pay as ordered; freezing their assets; sanctioning them for interfering with discovery; and granting Smith access to the financial statements they provided the Court for *in camera* review.

As previously noted, after the motion for contempt was filed, payment was collected on the bond posted by Steele. Accordingly, portions of the requested sanctions are now moot.

### C. Motion for Sanctions for Obstructing Discovery (Doc. 153).

While the December 27th motion for contempt was pending, Smith issued third-party subpoenas to certain financial institutions to ascertain facts concerning Lightspeed's Counsel's financial resources and their ability to pay the amount ordered (Doc. 116-1) (the "January 2014 Subpoenas"). Hansmeier moved to quash the January 2014 Subpoenas (Doc. 116) and the Court denied that motion (Doc. 125). On or about March 7, 2014, Smith issued additional third-party subpoenas.

On March 18, 2014, Hansmeier contacted Smith's counsel to object to the

---

[1] At oral argument for the presently pending motions, Smith reported collecting on the bond.

March 7th subpoenas (Doc. 157-1 p. 6). Hansmeier stated that he was not provided with notice or service (Doc. 157-1 p. 6). Smith's counsel responded, stating that Hansmeier was not a party to this action and Rule 45(a)(4) only required notice and service to parties (Doc. 157-1 p. 6). Smith's counsel also noted that plaintiff, Lightspeed, received copies of the disputed subpoenas and reminded Hansmeier that the Court previously determined service on plaintiff's counsel (Duffy) constitutes service upon Hansmeier as well (Doc. 157-1 p. 6) (*see also* Doc. 100 p. 5) ("service on Duffy was effective for all of Plaintiff's counsel, past and present, including Steele and Hansmeier").

Eventually, despite disagreement over interpretation of Rule 45, Smith's counsel volunteered to withdraw and reissue the subpoenas (Doc. 157-1 pp. 7-8). Smith's counsel then enquired about the form of service Hansmeier would prefer: "When I send out new copies tomorrow, I will email them to you and Messrs. Steele and Duffy. Or would you prefer I send them via certified mail so that you each may later claim to have never received them?" (Doc. 157-1 p. 8). Hansmeier responded, "I do not accept service via e-mail, but it is relatively common practice to send a courtesy electronic copy in addition to the formal paper copy in order to create a record of notice, which I believe addresses the point raised in your e-mail." (Doc. 165-1 p. 1).

On March 25, 2014, Smith's counsel reissued the March 7th subpoenas (dated March 24, 2014). Smith served the reissued subpoenas on Steele, Duffy, and Hansmeier by certified mail on March 26, 2014 (Doc. 165-2).

After receiving the subpoenas, Steele told Smith's counsel that he contacted the third parties to notify them that "the subpoenas must be withdrawn" (Doc. 153-1) as the action had been stayed. Smith's counsel responded noting that although the contempt order had been stayed (Doc. 148), the disputed subpoenas were issued in conjunction with the March 20th motion for sanctions (Doc. 135), which was still pending (Doc. 153-1). Smith's counsel then requested as follows:

> 1) to stop interfering with legitimate discovery efforts; and 2) [provide] confirmation in the form of faxes or emails from each of the entities you inappropriately contacted stating that you cleared up this "misunderstanding" and that discovery is back on track.

(Doc. 153-1). Steele did not comply with this request. Smith also asserts as follows: (1) Steele sent a copy of the Court's order staying the contempt order (Doc. 148) to at least one subpoenaed bank in an attempt to foster the mistaken belief that the bank should not comply with the subpoena and 2) Duffy and Steele faxed copies of the motion to quash the January 2014 subpoenas – after the motion had been denied – to at least two subpoenaed banks in an attempt to obstruct discovery.

At the November 12th hearing, Steele stated that he never intentionally made any misrepresentations to third parties. He admitted to sending at least one banking institution a copy of the Court's order staying the contempt order but insists he never commented on how the bank should interpret that order. Steele contends he simply sent the order, at the bank's request, and any misinterpretations can only be attributed to the bank. At the November 12th hearing Duffy denied the allegations directed at him and stated that if he did send

Page **7** of **10**

the motion to quash to one of the banking institutions it was in error. Moreover, Duffy asserts that he cannot be held responsible for a banking institution improperly relying on a motion to quash as a basis for not responding to a subpoena (Duffy stated he did not know why a bank would rely on a motion to quash as opposed to an order).

### III. ANALYSIS

With regard to the Motion for Contempt (Doc. 135), the question before the Court is whether Lightspeed's Counsel, as of November 2013, had sufficient assets to pay the fee order. Smith cites to various records reflecting Lightspeed's Counsel's significant financial assets in 2010, 2011, and 2012. The financial records cited by Smith, however, do not definitively demonstrate that Lightspeed's Counsel understated their financial resources in relation to the fee order issued by this Court in November 2013. In addition, Smith has uncovered questionable financial activity on the part of Lightspeed's Counsel (*See e.g.,* Doc. 135 p. 3 (noting records showing payment to McCullough Sparks, an asset protection law firm that specializes in the "541 Trust," which "removes assets from your personal ownership and from any disclosure of your personal assets. It is a private document and it cannot be discovered through any public records."); Doc. 135 p. 9 (contending that Hansmeier drained Alpha Law's assets and dissolved Alpha law in an effort to avoid paying attorney fees in another case)). Smith contends that the referenced activity demonstrates misconduct and supports a finding of contempt. The Court disagrees.

The arguments raised by Smith and the records cited in support thereof leave this Court with a high degree of suspicion as to the representations Lightspeed's Counsel have previously made to this Court. The Court does not believe that Lightspeed's Counsel have conducted themselves in a professional manner. However, suspicion is not a sufficient basis for a finding of contempt. Ultimately, Smith has failed to meet his burden of demonstrating that Lightspeed's Counsel is in contempt of this Court's orders. Accordingly, the Motion for Contempt (Doc. 135) is **DENIED**.

With regard to the Motion for Sanctions for Obstructing Discovery (Doc. 153), once again the Court is highly suspicious of the alleged conduct. However, the evidence presented by Smith does not present sufficient basis for a finding of obstruction and/or the imposition of sanctions. Further, although the explanations provided by Duffy and Steele are questionable, they are not so inherently implausible as to establish sanctionable conduct. Accordingly, the Motion for Sanctions for Obstructing Discovery (Doc. 153) is **DENIED.**

## IV. CONCLUSION

For the reasons discussed herein, the Motion for Contempt (Doc. 135) is

**DENIED**. **FURTHER,** the Motion for Sanctions for Obstructing Discovery (Doc. 153) is **DENIED.** Hopefully, this will put an end to this ugly and distasteful chapter in the annals of litigation for this case and this district with these attorneys.

**IT IS SO ORDERED.**

Signed this 18th day of November, 2014.

Digitally signed by
David R. Herndon
Date: 2014.11.18
14:41:20 -06'00'

**District Judge**
**United States District Court**