UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHSPEED MEDIA CORP.,** *Plaintiff,* <br><br> *v.* <br><br> **ANTHONY SMITH, et al.,** *Defendants.* | Civil No. 3:12-cv-889-DRH-SCW |

In its Order denying Jason Sweet's recent motions (the "Denial Order"), this Court expressed its hope that the Denial Order would mark the end of this litigation. (*See* Dkt. 188 at 10.) Unable to take a hint, Sweet, on behalf of his nominal client, Anthony Smith, has elected to further burden the Court with what can only be described as a vexatious filing. Sweet makes zero showing for why reconsideration is warranted. His motion should be denied.

An initial point bears emphasizing. While Sweet's motion correctly sets forth the legal standard applicable to motions for reconsideration[1], Sweet makes no attempt to actually apply the legal standard to his motion. Sweet's motion makes no argument, for example, that the Court committed a manifest error of law or fact. It also relies exclusively on information that was in Sweet's possession prior to the November 12, 2014 hearing on his motions or that could have been discovered via the exercise of reasonable diligence.

---

[1] The "Standard of Review" of Sweet's motion is plagiarized from this Court's order denying a motion for reconsideration entered in *Jankins v. Bayer Corp.*, No. 3:10-cv-20095-DRH-PFM (S.D. Ill. June 15, 2010)

1

Sweet's failure to apply the proper legal standard is reason enough for the Court to deny his motion. But this Court can, and should, go further. Sweet's motion rests on brazen misstatements of law and fraudulent assertions of fact. An order reflecting Sweet's misconduct is warranted.

I. Legal Standard.

Hansmeier adopts Sweet's statement of the law applicable to motions for reconsideration. (*See* Dkt. 189 at 1–3.)

II. Argument.

   A.   Discovery Sanctions Motion.

Sweet's motion for reconsideration does not argue that the Court committed a manifest error of law or fact in denying Sweet's discovery sanctions motion. While Sweet's motion for reconsideration purports to introduce new evidence, none of this so-called evidence relates to Hansmeier. Further, Sweet makes no attempt to explain why this "evidence" could not have been previously discovered with reasonable diligence.

Thus, this Court is presented with a clear path: it must deny Sweet's motion for reconsideration. Sweet's discovery sanctions motion did not allege that Hansmeier committed discovery misconduct; Sweet's motion for reconsideration does not argue that Hansmeier committed discovery misconduct; and nothing in the record even remotely suggests that Hansmeier engaged in discovery misconduct. An absolute prerequisite to liability for discovery misconduct should, at a minimum, be an *allegation* of wrongdoing. Sweet has made no such allegations.

In the interests of completeness, there are several additional independent reasons for the Court to deny Sweet's motion for reconsideration: (a) Sweet has not actually submitted new evidence; (b) the documents Sweet indicates he *may* file in the future were known to Sweet or could have been discovered by him with reasonable diligence; and (c) Sweet provides no explanation how the new information described in his motion could possibly give rise to a finding of discovery misconduct.

      1.      <u>Sweet has not submitted new evidence</u>.

In order to "clearly establish" that new evidence warrants reconsideration, Sweet must, as a matter of basic logic, actually submit new evidence. He has not done so. The only new information regarding discovery issues are Sweet's statements regarding his interactions with unidentified individuals at JP Morgan.

Sweet's statements are entirely unsubstantiated. While Sweet's memorandum indicates that Sweet intends—at some unspecified date in the future—to seek leave to supplement the record with documents from JP Morgan, the simple truth of the matter is that he has not done so yet. Sweet's obligation is to present all relevant evidence in his motion papers. The Court should deny any future-filed motions for leave to supplement the record. Litigants should not be allowed to sandbag one another by submitting documents after briefing has closed. Sweet was in total control of the timing of his motion—he could have waited to bring his motion until he had the alleged documents in hand.

2. <u>The "new evidence" was known to Sweet or could have been discovered with reasonable diligence</u>.

A party seeking reconsideration on the basis of new evidence must show that the new evidence was not known to him or could have been discovered with reasonable diligence. Sweet makes no showing on either of these fronts, even though it was his burden to do so.

The only new information in Sweet's motion for reconsideration consists of notes regarding his alleged conversation with someone at JP Morgan. This information was known to Sweet prior to the November 12, 2014 hearing in this matter; Duffy's alleged interactions with JP Morgan, for example, formed the basis for Sweet's original discovery sanctions motion. Any reasonably diligent attorney would have subpoenaed this information prior to bringing a discovery sanctions motion.

Indeed, Duffy and Steele's alleged interactions with JP Morgan occurred nearly one year ago. Sweet provides no explanation for why, via the exercise of reasonable diligence, he could not have provided this information to the Court earlier. He does not even provide an affidavit or declaration saying that this information was not, in fact, in his possession.

3. <u>The "new evidence" does not demonstrate sanctionable conduct</u>.

Most fundamentally, the "new evidence" submitted by Sweet goes no further than showing that John Steele contacted JP Morgan, indicated that he intended to file a motion to quash and subsequently faxed the company a copy of that motion. *That is it*. Sweet provides no explanation for how these actions could possibly justify

4

discovery sanctions. The balance of Sweet's motion is simply a rehash of his previous arguments, supported by nothing more than citations to the docket entries associated with arguments this Court previously rejected.

B. <u>Finances</u>.

As it relates to Hansmeier's finances, Sweet's motion for reconsideration is simply Sweet's attempt to recast arguments that were already presented to and considered by the Court. It also relies on brazen misstatements of law and fraudulent assertions of fact.

1. <u>Misstatement of law</u>.

Sweet, rather inexplicably, continues to assert that it is Hansmeier's burden to prove the absence of contempt. Seventh Circuit case law is crystal clear: in his renewed contempt motion, which alleged that Hansmeier materially misstated his statement of financial position, it was Sweet's burden to prove Hansmeier's "contempt" by clear and convincing evidence. *See, e.g., FTC v. Trudeau*, 579 F.3d 754, 763 (7th Cir. 2009); *Goluba v. School District of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995).

Clear and convincing evidence is a very high standard: Sweet was required to "leave[] no reasonable doubt in the mind of the trier of fact as to the truth of the proposition[s] in question." As the Supreme Court has observed, "clear and convincing evidence" is "evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Cruzan by Cruzan v. Director, Mo. Dept. of Health*, 497

5

U.S. 261, 285 n.11 (1990). In its order denying Sweet's motion for contempt, this Court ruled that, at most, Sweet's showings gave rise to suspicion, but that suspicion is not a sufficient basis for a finding of contempt.

Now that he is seeking reconsideration, Sweet's burden is even higher. It is now Sweet's burden to show by clear and convincing evidence that Hansmeier "acted to conceal or otherwise move assets off-shore" *and* to "clearly establish" that the Court manifestly erred in concluding that Sweet failed to meet his burden.

    2.    <u>Misstatement of facts</u>.

As the Court described it, Sweet's renewed contempt motion was predicted on Sweet's assertion that Hansmeier (and the other respondents) had stashed money in an offshore bank account, thus rendering Hansmeier's statement of financial position submitted to the Court materially inaccurate. It should be clear at this point that Hansmeier does not have an offshore bank account. Hansmeier categorically denied owning or controlling an offshore bank account during the November 12, 2014 hearing on Sweet's contempt motion. Sweet has offered nothing beyond his conjecture that such accounts exist—and, to be perfectly clear, Hansmeier has never been associated with an offshore account in any manner whatsoever.

Instead, Sweet's motion for reconsideration offers fraudulent assertions of fact. For example, Sweet states that Hansmeier owned a car at the time of the sanctions order issued by Judge Murphy. This is false. Hansmeier did not own a car then, and does not own one now. By performing a basic title search, Sweet would know that he was making a false assertion to the Court.

Sweet also asserts that Hansmeier had access to $515,000 at the time of Judge Murphy's sanctions order. This too is false. In fact, Sweet already tried to mislead the Court regarding this money; this issue was before the Court when it issued the Denial Order. The "new" information submitted by Sweet does not stand for the propositions advanced by Sweet and, in any event, was in Sweet's possession prior to the November 12, 2014 motion hearing (or would have been discoverable with reasonable diligence).

Sweet's statement that nearly $5 million is unaccounted for is totally bizarre. How, for example, does he arrive at his conclusion that "Lightspeed's Counsel collected online settlements in 2012 of $4.4 million and another $1.9 [million] from checks?" (*See* Dkt. 189 at 8.) The assertion is completely unsubstantiated. To the extent that he relies on the "mystery documents" attached at Dkt. 135-20, Hansmeier would note that these documents were before the Court on Smith's renewed contempt motion and that the documents are not authenticated.

The balance of Sweet's motion focuses on other respondents or relies on documents that were before the Court when it issued the Denial Order. Sweet has not come within miles of meeting the burden he faces on his motion for reconsideration.

III. Conclusion.

Smith's motion for reconsideration is baseless and it should be denied.

December 29, 2014 /s/ Paul Hansmeier
Paul Hansmeier
80 S. 8th St. Ste 900
Minneapolis, MN 55402
612-234-5744

## CERTIFICATE OF SERVICE

      I hereby certify that on December 29, 2014, I filed the foregoing document through the Court's CM/ECF system, which will electronically serve this document on all parties of record.

                                      /s/ Paul Hansmeier