UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHSPEED MEDIA CORP.,** *Plaintiff*, <br><br> *v.* <br><br> **ANTHONY SMITH, et al.,** *Defendants*. | Civil No. 3:12-cv-889-DRH-SCW |

**RESPONSE TO MOTION FOR RECONSIDERATION**

Steele adopts and incorporates Paul Hansmeier's response to Attorney Sweet's Motion for Reconsideration and the legal arguments contained therein.

Mr. Booth and Mr. Sweet have a simple business model. Continuously file sanctions motions against anyone associated with copyright enforcement across the country, and hope that the salacious accusations anger a court enough to award Booth Sweet money. Steele respectfully submits to this Court that Booth and Sweet will continue to file sanction motions for as long as this Court allows, particularly since their tactics have recently failed in other jurisdictions. Attorney Sweet had made no showing that would warrant reconsideration and has instead followed his worn-out playbook of unsubstantiated accusations, incorrect legal standards, and blatantly untrue statements. This Court should deny counsel's motion for reconsideration.

**ARGUMENT**

**1.     Steele's financial declaration**

Sweet breathlessly presents information to this Court that it is already aware of from Steele's declaration. For example, this Court was already aware that Steele disclosed in his

1

declaration that he purchased his home for $766,000, has a subsequent mortgage on the home for renovation purposes, and that his home would increase in value.

**2.     The Sabadell bank account in the names of John Steele and Kerry Steele, as Tenants By the Entirety.**

As an initial matter, it is simple impossible for Attorney Sweet to claim that bank records dated a year before the hearing of November 12, 2014 is newly discovered evidence.  Furthermore, the fact that the bank records show the exact opposite of what attorney Sweet claims demonstrates to this Court the level of analysis Sweet conducted when drafting his most recent (but not likely his last) motion.

Steele and his wife opened a bank account primarily for the renovation of their jointly owned home.  The funds from the mortgage was placed into that account and used to renovate the home.  Attorney Sweet helpfully made Steele's point for him when he attached the documentation of the bank account showing that it was opened by John Steele and Kerry Steele, as tenancy by the entirety ("TBE").  As every law student who has completed their first year knows, when an asset is held TBE, each spouse has a <u>non-divisable</u> interest in the <u>entire</u> account.  Furthermore, one spouse is prohibited from taking any of the funds in the account without the permission of the other spouse. The property is not divisible on behalf of one spouse, and cannot be reached to satisfy the creditors or judgments against one spouse.  This is simply black letter law.  The home owned by John Steele and Kerry Steele as TBE was the basis for the mortgage funds which were TBE, and those funds went into the account held TBE by Steele and his wife.  Since there has been no showing that Kerry Steele ever agreed to give up her interest in the marital home or home renovation proceeds to pay John Steele's sanction, the inclusion of this account in Sweet's motion is nothing more than a red herring.

It is one thing for attorney Sweet to simply make a mistake. But Sweet filed those bank statements with this Court for the purpose of showing that Steele lied to the Court when he said he did not have the money to pay the sanction. As a licensed attorney, Sweet should have known that it is literally a felony for Steele to simply take funds held in a TBE account with his wife and pay a personal debt. Most importantly, Sweet had to know that the account was TBE, *since he is the one that filed the account documents showing the account to be TBE.*

### 3. JP Morgan

As an initial matter, Steele would point out that Attorney Sweet simply ignores any effort to substantiate his supposed conversation with an employee of JP Morgan. Rather than provide affidavits, testimony, or business records, Attorney Sweet simply states, ala stream of consciousness, what he recalls some else recalls about Steele. Steele submits that such inadmissible hearsay upon hearsay was thrown out around the time of Sir Walter Raleigh.

It is possible that Steele did contact JP Morgan and inform them that a motion to quash in this matter. Since a motion to quash was filed, he is at a loss for why such a statement would be sanctionable. Furthermore, Steele is not aware of any order prohibiting him from disclosing to JP Morgan that a motion to quash was filed. In fact, it is common for people opposing discovery to file motions to quash. Steele has no idea how his actions regarding filing a motion to quash in this matter is at all sanctionable. To the extent that Attorney Sweet attempts to inform this Court as to what was in Steele's mind at the time, Steele objects and denies he attempted to obstruct discovery.

### CONCLUSION

At his first appearance before this Court, Steele asked for a protective order preventing attorney's Booth and Sweet from abusing the discovery process and harassing Steele by releasing said discovery. This Court denied Steele's request and subsequently Attorney Sweet published

the social security number of both Steele and his wife for no legitimate reason. Steele also suggested to the Court at the November 12, 2014 hearing that attorney's Booth and Sweet would not stop filing sanction motions in this case since that is their business model, and apparently their main source of income. Unfortunately for Steele, and this Court, Steele was correct on this issue as well. Steele fully expects more frivolous sanction motions to be filed in this case, as there is no downside for attorney Sweet.

Steele asks this Court to deny opposing counsel's most recent motion for sanctions, and order defense counsel to cease releasing private information obtained through discovery regarding Steele and his family.

December 29, 2014  /s/ John Steele
John Steele
50 Samana Drive
Miami FL 33133

### CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2014, I filed the foregoing document through the Court's CM/ECF system, which will electronically serve this document on all parties of record.

/s/ John Steele

4