**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANTHONY SMITH, SBC INTERNET SERVICES, ) <br> INC., d/b/a AT&T INTERNET SERVICES; AT&T ) <br> CORPORATE REPRESENTATIVE #1; COMCAST ) <br> CABLE COMMUNICATIONS, LLC, and ) <br> COMCAST CORPORATE REPRESENTATIVE #1, ) <br> ) <br>     Defendants. ) <br> ) | Case No. 3:12-cv-00889-GPM-SCW |

**SMITH'S REQUEST FOR JUDICIAL NOTICE OF AN ORDER FILED IN A**
**RELATED PROCEEDING AND IN SUPPORT OF SMITH'S**
**MOTION FOR RECONSIDERATION**

Pursuant to Federal Rule of Evidence 201, Defendant Anthony Smith ("Smith") respectfully requests that the Court take judicial notice of the Order, filed in a related matter involving Plaintiff's law firm, Prenda Law, John Steele and Paul Hansmeier (collectively, "Lightspeed's Counsel"). *Guava LLC v. Spencer Merkel,* No. 27-CV-12-20976 (4th Jud. Dist. Ct., Hennepin Cty., MN Jan. 20, 2015) ("Order"). The Order, a true and accurate copy of which is attached hereto as Exhibit A, provides further support for Smith' motion for reconsideration (Docs. 189 & 193).

### I. LEGAL STANDARD

Under Federal Rule of Evidence 201(b)(2), the Court is entitled to take judicial notice of facts that are not subject to reasonable dispute in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Court may take judicial notice, whether requested or not, at any stage of the proceeding. Fed.R.Evid. 201(c); (f). Judicial notice is mandatory when properly requested by a party who supplies the Court with the necessary information. Fed.R.Evid. 201(d). It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand. *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (confirming that court documents from state proceeding are noticeable).

### II. ARGUMENT

The Order is a public record filed in state court in Minnesota. Its existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" Fed.R.Evid. 201(b)(2). As such, its existence is properly the subject of judicial notice.

As Smith and the Court note, Lightspeed's Counsel has established a pattern of lying to this Court. Doc. 189, p. 9. This continuing behavior rises above "suspicious" or "plausible" conduct and should not be excused. Indeed, it is this exact sort of behavior that resulted in Lightspeed's Counsel prior sanctions. *Id.* (collecting quotes). The Order, in point of fact, takes notice of this conduct—and makes no allowance for it.

> When asked by the Court if Plaintiff had any presence in Minnesota, Steele did not directly respond … Plaintiff's counsel [Steele and Hansmeier] evaded the Court's inquiry …

Ex. A, p. 4.

> [T]he Court discredits Hansmeier's testimony based on the inconsistencies in his representations to the Court during the litigation of the case at the debtors' examination and based on his failures to provide responsive information in these proceedings.

*Id.*

The Order, further provides resolution as to whether or not Hansmeier had access to substantial funds at the time the court imposed the November 2013 sanctions order. *See* Docs. 193 pp. 3-4; 189-4; 189-5.

> Nearly all of Alpha's bank deposits had been transferred from other companies owned solely or equally by Hansmeier, and most of Alpha's bank withdrawals were for Hansmeier's personal or family purposes, including large transfers to **Monyet, LLC**, a company that was formed in conjunction with Hansmeier's family trust. (7/2/14 Hr'g Tr. at 16:25-20:8). Although Hansmeier claimed to lack knowledge when asked about many financial matters, sufficient evidence was presented showing that Hansmeier used Alpha primarily for his personal use and that Hansmeier had transferred funds away from Alpha to avoid paying creditors, including the Judgment Creditor in this action.

*Id.,* p. 13 (emphasis added).[1]

As previously noted, the numerous false representations by Lightspeed's Counsel have caused Smith to incur significant additional expenses in conducting third party discovery to obtain

---

[1] See also *id..* at p. 15 ("Hansmeier used Alpha as a liability shield to prosecute this and other actions, as well as a bridge for the transfer of money from other entities to himself. Hansmeier knew of the possibility of sanctions in this action, transferred Alpha's money away, and terminated Alpha to avoid paying the judgments in this action.")

2

accurate financial documentation.[2] These attempts were tainted by collusion and fraud, they were vexatious, and further warrant the relief requested in Smith's motions for contempt and discovery sanctions. To hold otherwise, to sanction such behavior without consequence, impugns the dignity and effectiveness of the judicial system as a whole.

> If this Court did not pierce the corporate veil in this case, Hansmeier would be allowed to act in bad faith and perpetuate a fraud on this Court, which is just as sanctionable as the conduct found to be sanctionable by this Court in the August 7, 2013 Order, without consequence. The truth behind all of Hansmeier's actions may never be revealed because of his bad faith actions and evasive testimony in the face of potential consequences.

*Id.,* p. 19.

**WHEREFORE**, Smith respectfully requests that the Court take judicial notice of the Exhibit attached hereto, and grant Smith such other and further relief to which he is entitled.

Dated: January 22, 2015				Respectfully,

/s/ Jason E. Sweet_____

Jason E. Sweet (BBO# 668596)
Email: jsweet@boothsweet.com
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883

*Counsel for Anthony Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2015, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

/s/ Jason E. Sweet_____

Jason E. Sweet

---

[2] This includes defending against frivolous motions filed by Lightspeed's Counsel [Docs. 184; 185 and 186] during the course of discovery.