UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, )<br>               Plaintiff, )<br>v. )<br>ANTHONY SMITH, SBC INTERNET SERVICES, )<br>INC., d/b/a AT&T INTERNET SERVICES; AT&T )<br>CORPORATE REPRESENTATIVE #1; COMCAST )<br>CABLE COMMUNICATIONS, LLC, and )<br>COMCAST CORPORATE REPRESENTATIVE #1, )<br>               Defendants. ) | Case No. 3:12-cv-00889 |

**SUPPLEMENTAL DOCUMENTATION IN SUPPORT OF
SMITH'S MOTION FOR RECONSIDERATION [ECF No. 189]**

    PLEASE TAKE NOTICE that Defendant Smith hereby files these Supplemental Exhibits in support of his Motion for Reconsideration, and hereby states the following:

1. At the February 13, 2014 show cause hearing, Lightspeed's Counsel emphatically indicated an inability to pay the November 2013 sanctions order. Specifically, Hansmeier stated "I can't pay what I don't have." *See*, Doc. 136 p. 6.

2. Yet, recently obtained evidence shows at the time of the Order, Hansmeier had access to at least $109,231 in disposable assets from a single account alone.

3. Beginning June 30, 2014, Hansmeier was the subject of a debtor's exam in Minnesota state court. Hansmeier as the sole member of Alpha Law wrote $515,000 in checks to Monyet, LLC. *See*, Doc. 189 p. 7.

4. Therein, Hansmeier identified Monyet, LLC as being created[1] for the benefit of himself, his wife and son.

    A: I mean yeah and that's my testimony that the Monyet distributions were made for estate planning purposes not for Alpha Law Firm.

    Q: Whose estate planning then?

    A: It's just setting up a trust for well now my son I guess he would be the beneficiary of it.

*See*, Doc. 189-4 p. 38:7-12.

---

[1] Q: Did the law office of Lee [McCullough], III PC assist in setting up the Monyet Trust?
   A: I don't believe so, no.

*See*, Doc. 189-4 p. 40:9-11. *Cf* Ex. G, Monyet's FEIN request and incorporation documents identifying Lee McCullough, III.

5. When questioned, Hansmeier denied having access to Monyet, LLC's bank accounts.

   > Q: Do you know where this money is located?
   >
   > A: I do not.
   >
   > Q: Well how would you ever as beneficiary of this money ever get any of it?
   >
   > A: I don't think I could get any of it.

   *See,* Doc. 189-5 p. 18:23-19:1.

6. On February 5, 2015, Defendant Smith's counsel obtained documents from TCF Bank. Among them were incorporation and account documents identifying Hansmeier as the sole member, manager and signatory for Monyet, LLC's accounts. *See*, Ex. H.

7. On February 20, 2015, Defendant Smith's counsel obtained documents from Scottrade, Inc. *See*, Ex. I. The Scottrade documents further disproving the claim that "the Monyet, LLC entity is simply an account associated with estate planning." *See,* Doc. 189-4 p. 37:7-8. An account to which to which Hansmeier had "no access." *Supra*, ¶ 5.

8. Indeed, the bulk of Monyet, LLC's assets from its Scottrade account went towards Hansmeier's personal debts and interests,[2] including costs in *Ingenuity 13 v. Doe*, No. 12-cv-00833 (C.D. Cal. 2012) totaling $130,333; and loans to Hansmeier's Class Justice LLC law firm totaling $115,000.[3] *See*, Ex. I pp. 1, 4-6, 10-11, 15 & 17.

Dated: February 26, 2015

                                    Respectfully,

                                    s/ Jason E. Sweet
                                    _____
                                    Jason E. Sweet (BBO# 668596)
                                    BOOTH SWEET LLP
                                    32R Essex Street
                                    Cambridge, MA 02139
                                    Tel.: (617) 250-8619
                                    Fax: (617) 250-8883
                                    Email: jsweet@boothsweet.com

---

[2] Several additional transactions merit notice as well:

   a. At the debtor exam, Hansmeier denied having an ownership interest in Livewire Holdings, LLC. *See*, Doc. 189-4 p. 52:25-53:1 Yet, the Scottrade documents show $20,000 was paid out of Monyet, LLC's account to Livewire. *See*, Ex. I pp. 2-3. In making these transfers, Hansmeier identifies himself as an "investor." *Id.*

   b. Smith previously identified transactions between accounts owned by Steele and a business Steele co-owns with Robert Balzebre ("Balzebre"). *See,* Doc. 172 p. 4. *See also,* Doc. 165 p. 6. On May 6, 2014, Hansmeier transferred the remaining $39,231 from Monyet, LLC to Chisholm Properties South Beach, a corporation limited solely to the "owning, holding, leasing, operating and managing parcels of real property" in Florida. *See*, Ex. J. Chisholm Properties identifies Balzebre as its registered agent. *Id*. Prior to that, Hansmeier had also paid out $21,250 directly to Balzebre.[4] *See*, Ex. I p. 14.

[3] If we are to give credence to the notations that the payments to his wife were indeed for "trust transfers," then only $275,000 of the $629,564 to flow through the Scottrade account made its way into the trust.

## CERTIFICATE OF SERVICE

      I hereby certify that on February 26, 2015, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

                                                                s/ Jason E. Sweet