# EXHIBIT J



# Detail by Entity Name

### Florida Profit Corporation

CHISHOLM PROPERTIES SOUTH BEACH, INC.

### Filing Information

| | |
|---|---|
| **Document Number** | P97000035672 |
| **FEI/EIN Number** | 721360545 |
| **Date Filed** | 04/21/1997 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | AMENDMENT |
| **Event Date Filed** | 06/25/2012 |
| **Event Effective Date** | NONE |

### Principal Address

1717 COLLINS AVE
MIAMI BEACH, FL 33139

Changed: 04/24/1998

### Mailing Address

1717 COLLINS AVE
MIAMI BEACH, FL 33139

Changed: 04/24/1998

### Registered Agent Name & Address

BALZEBRE, ROBERT P
1717 COLLINS AVENUE
MIAMI, FL 33139

Name Changed: 04/24/1998

Address Changed: 02/13/2001

### Officer/Director Detail

### Name & Address

Title P

BALZEBRE, ROBERT P
1717 COLLINS AVENUE
MIAMI BEACH, FL 33139

Title STD

BALZEBRE, ROBERT P
2211 SW 27 WAY
MIAMI, FL 33133

## Annual Reports

| Report Year | Filed Date |
|---|---|
| 2013 | 01/21/2013 |
| 2014 | 02/19/2014 |
| 2015 | 01/29/2015 |

## Document Images

| | |
|---|---|
| 01/29/2015 -- ANNUAL REPORT | View image in PDF format |
| 02/19/2014 -- ANNUAL REPORT | View image in PDF format |
| 01/21/2013 -- ANNUAL REPORT | View image in PDF format |
| 06/25/2012 -- Amendment | View image in PDF format |
| 04/02/2012 -- ANNUAL REPORT | View image in PDF format |
| 02/24/2011 -- ANNUAL REPORT | View image in PDF format |
| 03/22/2010 -- ANNUAL REPORT | View image in PDF format |
| 03/30/2009 -- ANNUAL REPORT | View image in PDF format |
| 05/21/2008 -- ANNUAL REPORT | View image in PDF format |
| 04/10/2007 -- ANNUAL REPORT | View image in PDF format |
| 05/22/2006 -- ANNUAL REPORT | View image in PDF format |
| 02/25/2005 -- ANNUAL REPORT | View image in PDF format |
| 02/25/2004 -- Amendment | View image in PDF format |
| 02/04/2004 -- ANNUAL REPORT | View image in PDF format |
| 03/17/2003 -- ANNUAL REPORT | View image in PDF format |
| 01/14/2002 -- ANNUAL REPORT | View image in PDF format |
| 02/13/2001 -- ANNUAL REPORT | View image in PDF format |
| 05/31/2000 -- ANNUAL REPORT | View image in PDF format |

Case 3:12-cv-00889-DRH-SCW   Document 197-4   Filed 02/26/15   Page 4 of 10   Page ID #4491

| | |
|---|---|
| 01/23/1999 -- ANNUAL REPORT | View image in PDF format |
| 07/17/1998 -- Amendment | View image in PDF format |
| 04/24/1998 -- ANNUAL REPORT | View image in PDF format |
| 04/21/1997 -- Domestic Profit Articles | View image in PDF format |

Copyright © and  Privacy Policies
State of Florida, Department of State

P9700003567 2

02/25/200 11 FA 936 38 PO ORN EOP @0

# Florida Department of State
## Division of Corporations
### Public Access System

### Electronic Filing Cover Sheet

**Note: Please print this page and use it as a cover sheet.** Type the fax audit number (shown below) on the top and bottom of all pages of the document.

(((H04000040925 3)))

**Note: DO NOT hit the REFRESH/RELOAD button on your browser from this page.** Doing so will generate another cover sheet.

```
To:
    Division of Corporations
    Fax Number      : (850)205-0380

From:
    Account Name    : LEOPOLD KORN & LEOPOLD, P.A.
    Account Number  : I20010000025
    Phone           : (305)935-3500
    Fax Number      : (305)935-9042
```

FILED 04 FEB 25 PH 2:13 SECRETARY OF STATE TALLAHASSEE, FLORIDA

RECEIVED 04 FEB 25 AM 11:40 DIVISION OF CORPORATIONS

## BASIC AMENDMENT

### CHISHOLM PROPERTIES SOUTH BEACH, INC.

| | |
|---|---|
| Certificate of Status | 0 |
| Certified Copy | 1 |
| Page Count | 05 |
| Estimated Charge | $43.75 |

Electronic Filing Menu    Corporate Filing    Public Access Help

T BROWN FEB 25 2004

ARTICLES OF AMENDMENT TO
ARTICLES OF INCORPORATION OF
CHISHOLM PROPERTIES SOUTH BEACH, INC.

FILED
04 FEB 25 PM 2: 13
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

Pursuant to the provisions of Section 607.1003, Florida Statutes, the Articles of Incorporation of CHISHOLM PROPERTIES SOUTH BEACH, INC. are hereby amended to include the following provisions:

1. The purposes for which the Corporation is organized is limited solely to (A) owning, holding, leasing, operating and managing the parcels of real property (the "Mortgaged Premises") described within Exhibit "A" attached hereto; (B) entering into and performing its obligations under the loan documents (the "Loan Documents") to be executed by the Corporation in favor of BANK OF AMERICA N.A. (the "Lender"); (C) selling, exchanging, transferring and refinancing the Mortgaged Premises to the extent permitted under the Loan Documents; and (D) transacting any and all lawful business for which the Corporation may be organized under the laws of the State of Florida that is incident, necessary and appropriate to accomplish the foregoing.

2. The Corporation shall not incur any indebtedness other than the loan (the "Mortgage Loan") identified in the Loan Documents, except in accordance with the Loan Documents.

3. For so long as the Mortgage Loan is outstanding, the Corporation shall not engage in any sale of assets, except in accordance with the Loan Documents, dissolution, liquidation, consolidation or merger.

4. The Board of Directors of the Corporation shall consider the interest of creditors in all corporation actions.

5. No transfer of any direct or indirect ownership interest in the Corporation may be made such that the transferee owns, in the aggregate with the ownership interest of its Affiliates and family members in the Corporation, more than a forty nine percent (49.00%) interest in the Borrower, unless: (i) such transfer is conditioned upon the delivery of an acceptable non-consolidation opinion to the holder of the Mortgage Loan and to any applicable rating agency concerning, as applicable, the Corporation, the new transferee and/or their respective owners; and (ii) the applicable rating agencies confirm that the transfer will not result in a qualification, withdrawal or downgrade of any securities rating.

6. The Corporation shall at all times observe the applicable legal requirements for the recognition of the Corporation as a legal entity separate from any other person or entity including, without limitation, the following:

    a. The Corporation shall maintain its books and records separate from any other person or entity;

    b. The Corporation shall maintain its bank accounts separate from any other person or entity;

    c. The Corporation shall not commingle its assets with those of any other person or entity and the Corporation shall hold all of its assets in its own name;

    d. The Corporation shall conduct its own business in its own name;

    e. The Corporation shall maintain separate financial statements, showing its assets and liabilities

separate and apart from those of any other person or entity and shall not have its assets listed on the financial statement of any other entity (provided, however, that the Corporation's assets may be listed in a consolidated financial statement of an Affiliate provided that: (i) an appropriate notation shall be made on such consolidated financial statement to indicate the separateness of the Corporation from such Affiliate and indicate that the Corporation's assets and credit are not available to satisfy the debts and other obligations of such Affiliate; and (ii) such assets are listed on the Corporation's own separate financial statements;

    f.    The Corporation shall file its tax returns separate from those of any other person or entity and shall not file a consolidated federal income tax return with any other person or entity;

    g.    The Corporation shall pay its own liabilities and expenses only out of its own funds;

    h.    The Corporation shall observe all corporate and other organizational formalities;

    i.    The Corporation shall enter into transactions with Affiliates only on a commercially reasonable basis and on terms similar to those of an arms-length transaction;

    j.    The Corporation shall pay the salaries of its own employees only from its own funds;

    k.    The Corporation shall maintain a sufficient number of employees in light of its contemplated business operations;

    l.    The Corporation shall not guaranty or become obligated for the debts of any other person or entity;

    m.    The Corporation shall not hold out its credit as being available to satisfy the obligations of any other person or entity;

    n.    The Corporation shall not acquire the obligations or securities of its Affiliates or owners, including those of shareholders;

    o.    The Corporation shall not extend loans to any other person or entity or buy or hold evidence of indebtedness issued by any other person or entity (other than cash and investment-grade securities);

    p.    The Corporation shall allocate fairly and reasonably any overhead expenses that are shared with an Affiliate, including paying for office space and services performed by any employee of an Affiliate;

    q.    The Corporation shall use separate stationery, invoices and checks bearing its own name;

    r.    The Corporation shall not pledge its assets for the benefit of any other person or entity, other than with respect to the Mortgage Loan;

    s.    The Corporation shall hold itself out as a separate entity;

    t.    The Corporation shall correct any known misunderstanding regarding its separate identity;

    u.    The Corporation shall not identify itself as a division of any other person or entity;

    v. The Corporation shall maintain adequate capital in light of its contemplated business operations; and

    w. The Corporation shall not form, acquire or hold any subsidiary or own any equity interest in any other entity.

"Affiliate" means any person or entity other than the Corporation: (i) which owns beneficially, directly or indirectly, more than fifty percent (50.00 %) of the outstanding shares of the common stock of the Corporation or which is otherwise in control of the Corporation; (ii) of which more than fifty percent (50.00%) of the outstanding voting securities are owned beneficially, directly or indirectly, by any person or entity described in clause (i) above, or (iii) which is controlled by any person or entity described in clause (i) above; provided that for the purposes of this definition the term "control" and "controlled by" shall have the meanings assigned to them in Rule 405 under the Securities Act of 1933, as amended.

7. Notwithstanding anything to the contrary contained herein and/or contained within any other documents governing the formation, management or operation of the Corporation to the contrary, any indemnification shall be fully subordinated to any obligations respecting the Mortgage Loan and shall not constitute a claim against the Corporation in the event that the cash flow of the Corporation, after payment of all obligations under the Mortgage Loan is insufficient to pay such obligations.

8. The Corporation shall not, without the affirmative vote of one hundred percent (100%) of its Board of Directors, institute proceedings to be adjudicated bankrupt or insolvent; or consent to the institution of bankruptcy or insolvency proceedings against it; or file a petition seeking, or consent to, reorganization or relief under any applicable federal or state law relating to bankruptcy; or consent to the appointment of a receiver, liquidator, assignee, trustee, sequestrator (or other similar official) of the Corporation or of a substantial part of its property; or make any assignment for the benefit of creditors, or admit in writing its inability to pay its debts generally as they become due; or take any corporate action in furtherance of any such action.

9. The Corporation shall not, without the affirmative vote of one hundred percent (100%) of its Board of Directors; (i) liquidate or dissolve the Corporation in whole or in part; (ii) consolidate, merge or enter into any form of consolidation with or into any other entity, nor convey, transfer or lease its assets substantially as an entirety to any person or entity nor permit any entity to consolidate, merge or enter into any form of consolidation with or into the Corporation, nor convey, transfer or lease its assets substantially as an entirety to any person or entity; (iii) amend or modify the Articles of Incorporation of the Corporation; or (iv) recommend that the shareholders amend or modify the Articles of Incorporation of the Corporation.

10. The Corporation shall not amend the provisions specified in Paragraphs 1 through 9 herein or amend the definitions of the defined terms used in such paragraphs or any other provisions of its organizational

documents in a manner that is inconsistent with such provision, without the consent of the Lender, its successors or assigns as holders of the Mortgage Loan or, after the securitization of the Mortgage Loan, only if the Corporation receives: (i) confirmation from each of the applicable rating agencies that such amendment would not result in the qualification, withdrawal or downgrade of any securities rating; and (ii) approval of such amendment by the Lender, its successors or assigns as holders of the Mortgage Loan.

The foregoing amendments were adopted by the written consent of the Board of Directors and the Shareholders of the Corporation entitled to vote thereon on February 20, 2004.

IN WITNESS WHEREOF, the undersigned has executed these Articles of Amendment this 20th day of February, 2004.

> CHISHOLM PROPERTIES SOUTH BEACH, INC.,
> a Florida corporation
>
> By: _____
> JOHNNY CHISHOLM, President

STATE OF FLORIDA        )
                        ) SS:
COUNTY OF MIAMI-DADE    )

The execution of the foregoing Articles of Amendment to Articles of Incorporation was acknowledged before me this 20th day of February, 2004, by JOHNNY CHISHOLM, as President of CHISHOLM PROPERTIES SOUTH BEACH, INC., a Florida corporation, who is personally known to me.

My Commission Expires:

_____
Notary Public, State of Florida

Print Name: _____



GARY A. KORN
MY COMMISSION # CC 952878
EXPIRES: August 22, 2004
Bonded Thru Notary Public Underwriters

## EXHIBIT "A"

## LEGAL DESCRIPTION

**PARCEL I:**

Lots Three (3) and Eighteen (18) and the South Forty (S.40) Feet of Lots Four (4) and Seventeen (17) of Block Twenty-eight (28), of FISHER'S FIRST SUBDIVISION OF ALTON BEACH, according to the Plat thereof, recorded in Plat Book 2, at Page 77, of the Public Records of Dade County, Florida.

**PARCEL II:**

BEGINNING at the Southeast (SE) corner of Lot Three (3), Block Twenty-eight (28), as shown by a plat entitled "FISHER'S FIRST SUBDIVISION OF ALTON BEACH", said Plat being recorded in Plat Book 2, at Page 77, of the Public Records of Dade County, Florida, run in a Northerly direction along the East line of Block Twenty-eight (28), a distance of Ninety-one and Twenty-six one-hundredths (91.26) feet to a point, thence run in an Easterly Direction along a line parallel to and Ten (10) feet south of the North line of Lot Four (4), Block Twenty-eight (28) produced, to the High Water Line of the Atlantic Ocean; thence run in a Southerly direction, meandering said High Water Line a distance of Ninety-one and Twenty-six One-hundredths (91.26) feet plus or minus to a point, thence run in a Westerly Direction along the South line of Lot Three (3), Block Twenty-eight (28) produced, to the point of beginning.

**PARCEL III:**

The South One-Half of the following described parcel of real property:

> The North Ten (N.10) Feet of Lots Four (4) and Seventeen (17); all of Lots Five (5) and Sixteen (16), and the South Forty (S.40) Feet of Lots Six (6) and Fifteen (15) of Block Twenty-eight (28), of FISHER'S FIRST SUBDIVISION OF ALTON BEACH, according to the Plat thereof, recorded in Plat Book 2, at Page 77 of the Public Records of Dade County, Florida; together with the land lying to the East thereof, to the high water mark of the Atlantic Ocean.

**ALSO DESCRIBED AS:**

Lots 16 and 5, less the North 10.00 feet thereof, and all of Lots 17, 18, 3 and 4, Block 28, of FISHER'S FIRST SUBDIVISION OF ALTON BEACH, according to the Plat thereof, as recorded in Plat Book 2, at Page 77 of the Public Records of Dade County, Florida;

**TOGETHER WITH:**

That certain parcel of land lying South of the North line lot of the above described parcel, extended Easterly, lying North of the South line of the above described parcel, extended Easterly, lying East of the East line of the above described parcel, and lying West of the Mean High Water Line of the Atlantic Ocean.

F:\work\REAL\ChisholmProp\BankOfAmer\Legal.wpd