**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **LIGHTSPEED MEDIA CORP.,** | Civil No. 3:12-cv-889-DRH-SCW |
| *Plaintiff*, | |
| *v.* | **PAUL HANSMEIER'S RESPONSE TO JASON SWEET'S SECOND MOTION TO SUPPLEMENT THE RECORD** |
| **ANTHONY SMITH, et al.,** | |
| *Defendants*. | |

Jason Sweet's most recent filing should be disregarded by the Court. Some context may be helpful. For over one year Sweet has been trying to ressurect his sanctions practice via a quixotic investigation into the finances of Hansmeier and others. Originally, Sweet claimed (falsely) that he had overwhelming evidence that Hansmeier stashed untold millions of dollars in overseas bank accounts. At the sanctions hearing held on November 12, 2014, Sweet was forced to admit that he had no clue where this fabled money was.[1] The Court denied Sweet's renewed sanctions motion, holding that suspicions did not rise to the level of clear and convincing evidence. The Court further expressed its hope that its order would—at long last—mark an end to this litigation. Ignoring the Court's clear signal, Sweet has since filed a motion for reconsideration and two supplements to that motion.

As an initial matter, the Court should not lose sight of the legal standard applicable to motions for reconsideration. It is Sweet's burden to show that the

---

[1] Nor will he ever have evidence to support this claim because Hansmeier does not have and has never had assets stashed overseas—directly, indirectly or otherwise.

Court made a manifest error of law or fact or to present new evidence that could not have been previously discovered with reasonable diligence. Sweet does not attempt the former, and makes zero effort to show why the documents he has submitted to satisfy the latter. Most of the documents submitted by Sweet date back years ago and could have been discovered by him with reasonable diligence prior to bringing his renewed motion for sanctions. Further, and most fundamentally, despite having engaged in a multi-year sanctions odyssey, Sweet has failed to identify a single penny Hansmeier failed to disclose to the Court in his statement of financial position. This is reason enough for the Court to disregard Sweet's latest filing.

However, if the Court is nevertheless interested in learning more about Sweet's filing, Hansmeier would state the following:

Sweet's sanctions odyssey has veered wildly off course over the past year. Sweet's odyssey started with his allegation that there were millions of dollars stashed in overseas bank accounts. Now, in his motion for reconsideration and the supplements thereto, Sweet claims that Hansmeier, Steele and Duffy had money in domestic bank accounts—albeit in sums far less than the millions he originally claimed.[2] In his most recent filing, for example, Sweet claims that Hansmeier had approximately one hundred thousand dollars stashed in a domestic bank account.

Two characteristics of Sweet's accusation render it utterly irrelevant. First, Sweet does not specify when, exactly, this fabled bank account was endowed with

---

[2] The only demonstrable misstatements of financial position in this case have been made by Sweet, ironically enough.

one hundred thousand dollars. Second, Sweet does not identify the account in question.

*When.* Hansmeier has certainly had bank accounts with one hundred thousand dollars in them during his lifetime. But that is not the relevant inquiry. The relevant inquiry is whether Hansmeier misstated his financial position in the statement of financial position he submitted to the Court. As Hansmeier has made abundantly clear on multiple independent occasions, 2013 was a very rough year for him financially and he is quite confident that he had no bank accounts with a balance exceeding $100,000 when he made his representation to the Court.[3] Sweet's failure to identify when, exactly, this fabled bank account had a balance exceeding $100,000 renders his accusation irrelevant.[4]

*Where.* The other glaring problem with Sweet's accusation is that it does not identify what account he is referring to. In paragraph 2 of his motion papers, Sweet states, "recently obtained evidence shows … Hansmeier had access to at least $109,321 in disposable assets from a single account alone." Unlike every other paragraph in his filing, this paragraph is not accompanied by a citation. Nor do any of the 57 pages of exhibits attached to Sweet's filing contain an account statement showing this balance. To the contrary, Sweet's exhibits consist largely of corporate formation paperwork and financial account applications. Thus, Sweet's accusation

---

[3] Hansmeier would be appreciative of knowing about an account with $100,000 in it; he could certainly use the money.

[4] Paragraph 2 of Sweet's paperwork describes the timing as, "at the time of the Order", but "Order" is not a defined term in Sweet's filing and it is not clear from the context of Sweet's filing what "Order" he is referring to.

is nothing more than a naked assertion. This is an independent reason for the Court to disregard it.

The balance of Sweet's filing—namely paragraphs 3–8—has no discernable relevance to Hansmeier's statement of financial position. In paragraph 3, Sweet describes estate planning measures Hansmeier took *years* before the sanctions order in this case. . For example, Monyet LLC was formed in December 2010—nearly a half decade ago. (*See* Doc. 197-1 at 3.) These estate planning measures were before the Court when it previously denied Sweet's renewed sanctions motion. Paragraph 4 misstates Hansmeier's testimony; Hansmeier is not a beneficiary of Monyet LLC.[5] Paragraph 5 simply confirms the point that as of June 30, 2014, Hansmeier had no access to Monyet LLC's bank accounts. Paragraphs 6 and 7 simply describe Sweet's ongoing discovery efforts. Paragraph 8 accuses Hansmeier of plundering Monyet LLC to post a bond in relation to Judge Wright's Star Trek sanctions order. Hansmeier's statement of financial position disclosed his contribution to the bond. Further, the transaction in question was fully authorized, was made in accordance with the governing documents of Monyet LLC and was supported by reasonable consideration; all corporate formalities were observed.[6]

The footnotes scattered throughout Sweet's filing are plainly aimed at impugning Hansmeier. Unable to find fire, Sweet blows smoke. As with virtually

---

[5] In fact, there is no such thing as a beneficiary of a limited liability company. Owners of limited liability companies are called members. Hansmeier is not a member of Monyet LLC.

[6] The same is true for the loans from Monyet LLC to Class Justice PLLC.

every other statement Sweet makes, the footnotes are misleading and are, in any event, irrelevant to Hansmeier's statement of financial position. One footnote that is worth highlighting is footnote 1, where Sweet literally changes the language of a court transcript to suggest that Hansmeier was lying. Incredible.

A final point bears mentioning: it appears that this Court will have to intervene to put an end to Sweet's bizarre sanctions odyssey. The doctrine of finality must, at this point, trump any benefit from Sweet's further exploration of sanctionable activity. It would be unconscionable for this Court to allow Sweet to continue burdening its docket and the lives of Duffy, Steele and Hansmeier with his unending sanctions crusade. Sweet has had ample opportunity to prove his inaccurate sanctions hunches; it is high time for him to pick up his ball and go home.

Dated: February 27, 2015

/s/ Paul Hansmeier
Paul Hansmeier
80 S. 8th St. Ste. 900
Minneapolis, MN 55402
612-234-5744