IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORP.,

    Plaintiff,

v.                                                   No. 3:12-cv-889-DRH-SCW

ANTHONY SMITH, et al.,

    Defendants.

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

This matter is before the Court on defendant Anthony Smith's ("Smith") Motion to Reconsider (Doc. 189) the Court's November 18, 2014 order denying Smith's Motion for Contempt (Doc. 135) and his Motion for Sanctions for Obstructing Discovery (Doc. 153) against Paul Duffy ("Duffy"), John Steele ("Steele"), and Paul Hansmeier ("Hansmeier") (collectively, "Lightspeed's Counsel").

The Court previously found the claims asserted by plaintiff, Lightspeed Media Corporation ("Lightspeed"), were frivolous and baseless. Accordingly, the Court imposed attorney fees and costs on Lightspeed's Counsel totaling $261,052.11 ("Fee Order"). Lightspeed's Counsel did not timely pay the Fee Order and made various representations to the Court regarding an alleged inability to pay. Accordingly, defendants issued third-party subpoenas in an effort to obtain information pertaining to Lightspeed's Counsel's financial status.

Eventually, defendants filed a Motion for Contempt (Doc. 135) and a Motion for Sanctions for Obstructing Discovery (Doc. 153). The motions alleged Lightspeed's Counsel made various misrepresentations regarding their ability to pay the Fee Order and actively sought to obstruct discovery. Although the Fee Order was eventually paid, questions remained regarding (1) the veracity of Lightspeed's Counsel's statements regarding insolvency and (2) Lightspeed's Counsel's alleged obstruction of discovery.

On November 18, 2014, the Court issued an order denying the motions for contempt and sanctions (Doc. 188). The Court found Lightspeed's Counsel's conduct was highly suspicious. However, the Court concluded there was insufficient evidence to support a finding of contempt or to impose sanctions for obstructing discovery (Doc. 188). Thereafter, Smith filed the present motion for reconsideration (Doc. 189). In his motion for reconsideration, Smith argues newly obtained and previously submitted evidence warrant the imposition of sanctions. Accordingly, Smith asks the Court to revisit the issue of sanctions relating to Lightspeed's Counsel's alleged misrepresentations and obstruction of discovery.

The matter has been fully briefed (Response Hansmeier Doc. 191; Response by Steele Doc. 192; Reply Smith Doc. 193)[1] and is ripe for consideration.

Smith has also filed three motions to supplement (Docs. 194, 195, and 197). With regard to the motions to supplement, the Court rules as follows: (1)

---

[1] Duffy has failed to respond in any way to Smith's motion(s). The Court deems Duffy's failure to respond to be an admission of the merits of Smith's motion insofar as they concern him. SDIL-LR 7.1(c).

Smith's request for the Court to take judicial notice of an order filed in a related proceeding (Doc. 194) is **GRANTED**[2] (2) Smith's motion to supplement the record with documents received on February 13, 2015 pertaining to Steele's divorce (Doc. 195) is **GRANTED**; and (3) Smith's motion to supplement the record with recently obtained evidence pertaining to Hansmeier (Doc. 197) is **GRANTED**.

The Court considers Smith's Motion for Reconsideration (Doc. 189) below.

## II. BACKGROUND

### A. Overview

On December 14, 2011, plaintiff, Lightspeed Media Corporation ("Lightspeed"), filed suit in the Circuit Court of the Twentieth Judicial District in St. Clair County. Lightspeed owns or operates one or more paid-subscription adult entertainment websites. In its first complaint, Lightspeed alleged John Doe and more than 6,600 "co-conspirators" had gained unauthorized access to its website. On December 16, 2011, the circuit court granted an ex parte motion for leave to obtain discovery by subpoena, from dozens of Internet Service Providers ("ISPs"), of information personally identifying the defendants. AT&T and Comcast subsequently filed motions to quash the subpoenas and/or for a protective order. On May 22, 2013, the Illinois Supreme Court directed the circuit court to vacate

---

[2] Smith asks the Court to take judicial notice of an order filed in *Guava LLC v. Spencer Merkel*, No. 27-CV-12-20976 (4th Jud. Dist. Ct., Hennepin Cty., MN Jan. 20, 2015) (Doc. 194). *Guava LLC* involved Lightspeed's law firm, Prenda Law, John Steele, Paul Hansmeier, and related issues. Smith contends the Court may take judicial notice of the order under Federal Rule of Evidence 201(b)(2). The Court agrees that it may take judicial notice of the subject order to establish the fact of such litigation. However, the Court may not take judicial notice of the subject order to establish the truth of the matters asserted therein. Accordingly, the Court acknowledges the subject matter of the litigation in *Guava LLC.* However, the Court does not take judicial notice of the facts or conclusions contained therein and does not rely on the order in resolving the present motion to reconsider. *See Opoka v. Immigration and Naturalization Service,* 94 F.3d 392 (7th Cir. 1996).

its order denying the motion to quash.

On August 3, 2012, Lightspeed filed an amended complaint. The amended complaint substituted "Anthony Smith" for "john Doe." In addition, the amended complaint added AT&T, Comcast, AT&T Corporate Representative #1, and Comcast Corporate Representative #1 as defendants (collectively, "ISP Defendants"). In the amended complaint, Lightspeed contended that Smith used hacked passwords to access content from Lightspeed's websites without authorization. Lightspeed asserted the ISP Defendants improperly opposed Lightspeed's discovery, failed to act to protect Lightspeed's websites, and conspired with their customers to Lightspeed's detriment. Shortly thereafter, on August 9, 2012, AT&T removed the action to federal court.

Seven days after removal, Lightspeed filed an emergency motion for discovery (Doc. 9). In the emergency motion, Lightspeed asked the Court to order the ISP Defendants to provide information personally identifying ISP subscribers who were allegedly using hacked passwords to gain unauthorized access to Lightspeed's content. Judge G. Patrick Murphy held a hearing on the issue and denied the motion (Doc. 23). Smith and the ISP Defendants filed motions to dismiss (Docs. 26, 28, 36). On March 21, 2013, prior to the resolution of the motions to dismiss, Lightspeed entered a notice of voluntary dismissal.

On April 5, 2013, Smith moved for attorney's fees pursuant to 28 U.S.C. § 1927 (Doc. 61). Smith asked the Court to enter an order requiring Lightspeed's Counsel to satisfy personally the excess attorney's fees Smith reasonably incurred

because of their unreasonable and vexatious multiplication of the proceedings. Subsequently, the ISP Defendants also moved for attorney's fees (Docs. 78, 82).

On October 30, 2013, Judge Murphy granted Smith's motion for attorney's fees (Doc. 65). Lightspeed's Counsel sought reconsideration of that order (Docs. 66, 68, 74). On November 13, 2013, Judge Murphy held a hearing on the motions for reconsideration and the motions for attorney's fees by the ISP Defendants (Doc.96) in which he deferred ruling.

On November 27, 2013, Judge Murphy denied the motions to vacate, or in the alternative, reconsider the order granting Smith's motion for attorney fees, granted the ISP Defendants' motions for attorney's fees, and ordered Lightspeed's Counsel to pay attorney's fees totaling $261,052.11 (pursuant to 28 U.S.C. § 1927). The Fee Order was to be paid within 14 days.

As of December 27, 2013, Lightspeed's Counsel had not paid the Fee Order or sought a stay. Accordingly, Smith and the ISP Defendants filed a joint motion for contempt, or in the alternative, for an order directing Lightspeed's Counsel to show cause why they each should not be held in contempt (Doc. 107). Throughout this time period, Lightspeed's Counsel repeatedly asserted they had nothing – no money or assets to satisfy the Fee Order.

The Court heard argument on February 13, 2014. During the proceedings, Lightspeed's Counsel admitted on the record to noncompliance, each stating he had not paid the sanction amount to defendants or otherwise sought a supersedeas bond. Additionally, Lightspeed's Counsel emphatically indicated an

inability to pay. Steele and Hansmeier both asked the Court for leave to show they did not have the funds to satisfy the judgment. The Court denied Steele's motion to stay, and took the Contempt Motion under advisement, allowing Lightspeed's Counsel 10 days to submit asset statements from a certified public accountant. Thereafter, Lightspeed's Counsel submitted financial records to the Court for in camera review.

The Court issued its order addressing the Contempt Motion on March 24, 2014 (Doc. 136). As to the inability to pay arguments, the Court found Lightspeed's Counsel had not met the applicable burden. The Court concluded the records submitted by Lightspeed's Counsel were incomplete and suspicious. The Court found Lightspeed's Counsel in contempt and issued a sanction in the amount of 10% of the original sanction. On April 4, 2014, the Court granted Lightspeed's Counsel's motion to stay pending appeal and for approval of form of supersedeas bond (Doc. 148). Supersedeas bond was posted by Steele in the amount of $287,300.00 on April 8, 2014 (Doc. 149).

On appeal, the Seventh Circuit affirmed the original order of sanctions and the additional sanctions issued on March 24, 2014. Thereafter, on April 8, 2014, defense counsel collected on the bond (Doc. 149).

**B. Motion for Contempt (Doc. 135), Motion for Sanctions for Obstructing Discovery (Doc. 153), and Order denying the same (Doc. 188)**

On March 20, 2014 (prior to John Steele posting a supersedeas bond on April 8, 2014), Smith filed a Motion for Contempt (Doc. 135). Smith argued Lightspeed's Counsel made misrepresentations regarding their inability to pay the

Fee Order. Smith contended Lightspeed's Counsel was fully capable of paying the amounts ordered by the Court and had acted to conceal or otherwise move assets off-shore. The motion asked the Court for an order imposing additional sanctions for failing to pay as ordered;[3] freezing their assets; sanctioning them for interfering with discovery; and granting Smith access to the financial statements provided to the Court for in camera review.

On April 18, 2014, Smith filed a Motion for Sanctions for Obstructing Discovery (Doc. 153). Smith alleged Lightspeed's Counsel intentionally and improperly interfered with third-party subpoenas. The subject subpoenas were issued by Smith to ascertain facts concerning Lightspeed's Counsel's financial resources and their prior representations regarding inability to pay the Fee Order. Although the motion was directed against Steele, Duffy and Hansmeier, specific allegations of obstruction were limited to Steele and Duffy. Smith alleged that Steele and Duffy contacted involved third parties and misled them regarding the status of these proceedings and/or actively sought to obstruct discovery.

The Court held a hearing on the Motion for Contempt (Doc. 135) and the Motion for Sanctions for Obstructing Discovery (Doc. 153) on November 12, 2014. At the hearing, Lightspeed's Counsel denied making misrepresentations regarding their financial status. With regard to obstructing discovery, Steele and Duffy indicated they never intentionally made misrepresentations to third parties.

On November 18 2014, the Court issued an order denying Smith's motions for contempt and for sanctions (Doc. 188). The Court acknowledged a high degree

---

[3] As noted, at the time the motion was filed, the supersedeas bond had not been posted.

of suspicion as to Lightspeed's Counsel's conduct and in-court statements. However, the Court concluded Smith had not presented evidence sufficient to support a finding of contempt or warrant an imposition of sanctions.

**C. Motion for Reconsideration (Doc. 189)**

On December 15, 2014 Smith filed a Motion for Reconsideration (Doc. 189) seeking to correct errors of fact and to present newly discovered evidence. As noted above, the motion for reconsideration asks the Court to revisit its November 18, 2014 Order (Doc. 188) denying Smith's Motion for Contempt (Doc. 135) and Motion for Sanctions for Obstruction of Discovery (Doc. 153). Smith contends newly obtained and previously submitted evidence demonstrate (1) Lightspeed's Counsel had sufficient assets to pay the Fee Order and made misrepresentations to the Court regarding the same and (2) Lightspeed's Counsel obstructed discovery. With regard to the former, the evidence presented relates to Steele and Hansmeier. With regard to the latter, the evidence presented relates to Steele and Duffy. Smith contends the Court should reconsider its previous finding and impose sanctions, as appropriate, on Steel, Hansmeier, and Duffy.

### III. APPLICABLE LAW

**A. Motion for Reconsideration**

Although they are frequently filed, the Seventh Circuit describes a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States*, 43 F.3d 1140, 1142 n. 2 (7th Cir. 1994). *See also Talano v. Northwestern Medical Faculty Foundation*,

*Inc.*, 273 F.3d 757, 760 n. 1 (7th Cir. 2001) ("Technically, a 'Motion for Reconsideration' does not exist under the Federal Rules of Civil Procedure."). This type of motion "is a request that the [court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir.2004) (internal quotation omitted). Thus, a court "may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *U.S. v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). In *Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir.1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828. *See also Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *Oto v. Metropolitan Life Insurance Company*, 224 F.3d 601, 606 (7th Cir.2000) (stating that a party cannot use a motion to reconsider "to introduce new evidence that could have been presented earlier").

There are two ways in which a Court may analyze a Motion to Reconsider,

under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where, as here, a substantive motion for reconsideration is filed within twenty-eight days of entry of judgment or order, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not the timing or label affixed to it.[4] Generally, if a motion is timely filed within the twenty-eight day period, the Court will construe it as a motion pursuant to Rule 59(e); later motions will be construed pursuant to Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995); see also *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). Instead of the exceptional circumstances required to prevail under Rule 60(b), Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). However, where "the only arguable basis for relief presented in the motion ... is 'excusable neglect,' "the court should apply the standards governing a motion under Rule 60(b)." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

---

[4] As of December 1, 2009, motions under Rule 59(e) mist be filed "no later than 28 days after the entry" of the challenged order.

Pursuant to Rule 59(e), the Court finds that reconsideration is appropriate based on the newly discovered evidence and facts detailed below that were not immediately evident to the Court when it previously considered Smith's motion for contempt and discovery sanctions.

## B. Discovery Sanctions

Federal Rule of Civil Procedure 37(b)(2)(C) gives a federal judge authority to "order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey a discovery order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Although the language of Rule 37(b) requires violation of a judicial order in order to impose sanctions, a formal, written order to comply with discovery is not required, where a litigant engages in abusive litigation practices. *See Halas v. Consumer Services, Inc.*, 16 F.3d 161, 164 (7th Cir. 1994) ("a formal written order to comply with discovery requests is not required under Rule 37(b)").

Seventh Circuit law holds Rule 37 discovery sanctions "may only be imposed where a party displays willfulness, bad faith, or fault." *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir.1997) (*citing Philips Medical Systems Int'l, B.V. v. Bruetman,* 982 F.2d 211, 214 (7th Cir.1992)). District courts have broad discretion in deciding whether violation of rules of discovery warrants imposition of sanctions. *Matei v. Cessna Aircraft Co.*, 35 F.3d 1142 (7th Cir. 1994). However, Rule 37 essentially mandates sanctions for substantial unjustified discovery abuses. *See Rickels v. City of South Bend, Ind.* 33 F.3d 785, 786-87

(7th Cir. 1994) ("The great operative principle of Rule 37(a)(4) is that the loser pays. Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims.") (internal quotation and citation omitted).

Rule 37 requires no evidentiary hearing, and none is warranted where the briefs and affidavits fully recount the circumstances surrounding the noncompliance. *See Margoles v. Johns*, 587 F.2d 885, 889 (7th Cir. 1978); *see also Godlove v. Bamberger*, 903 F.2d 1145, 1149 (7th Cir. 1990); *Loctite Corporation v. Fel–Pro, Inc.*, 667 F.2d 577, 583 n. 6 (7th Cir. 1981).

Additionally, under 28 U.S.C § 1927, An attorney who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such a conflict." *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1183 (7th Cir. 1992).

### C.   Civil Contempt

Federal courts have both inherent and statutory authority to punish for contempt and to coerce compliance with their orders. *International Union, UMWA v. Bagwell*, 512 U.S. 821, 831-833 (1994). To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that: (1) a court order sets forth an unambiguous command; (2) the

alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

## IV.  ANALYSIS

### A.   Discovery Obstruction (Duffy and Steele)

In his motion for reconsideration (Doc. 189), Smith sheds new light on Duffy and Steele's efforts to obstruct discovery by misleading subpoenaed banking institutions. Smith refutes assertions made by Duffy and Steele at the November 12, 2014 hearing that they did not intentionally mislead any third party institutions about the status of the discovery subpoenas. Specifically, Smith presents new information pertaining to Steele and Duffy's communication with JP Morgan/Chase. This new information demonstrates that, on January 29, 2014, Steele informed JP Morgan he intended to file a motion to quash subpoenas issued by Smith requesting Lightspeed's counsel's financial records. The following day, Steele sent a copy of said motion to JP Morgan without a file stamp. Several days later, JP Morgan requested a file stamped copy from Duffy. Duffy finally supplied a file stamped copy of the motion to quash on March 3, 2014 - two weeks after the Court had **denied** the motion and allowed discovery to proceed. Without any defense from Duffy,[5] the Court takes his actions as intentionally obstructive, as he had reason to know the motion to quash had been denied at the

---

[5] As previously noted, Duffy has failed to respond in any way to Smith's motion(s). The Court deems Duffy's failure to respond to be an admission of the merits of Smith's motion insofar as they concern him. SDIL-LR 7.1(c).

time he relayed it to the bank.

Smith also points to communications in the record between Steele and Sabadell United Bank on April 16, 2014 (Doc. 158-1), in which Steele said the subpoena matter was stayed on April 4, 2014. Just five days before, Steele acknowledged that the Court's stay order did not pertain to the subpoenas, but rather a joint motion for contempt that had been filed by Smith weeks earlier. Steele agreed to resolve any misunderstandings about the subpoenas being withdrawn, but he clearly did not do so based on his April 16th email to Sabadell Bank. Despite Steele's explicit knowledge that discovery of his financial records had not been stayed, he proceeded to inform the bank that a stay was in place. This demonstrates his knowing interference in Smith's discovery efforts.

Based on the above, the Court finds that Duffy and Steele both engaged in unreasonable, willful obstruction of discovery in bad faith. As such, discovery sanctions are warranted as to Duffy and Steele.

**B.     Contempt (Hansmeier and Steele)**

Smith also provides the Court with newly discovered financial evidence to support his assertion that, despite their pleas of insolvency, Steele and Hansmeier had sufficient assets to satisfy the Fee Order. On January 29, 2014 Steele and Hansmeier both signed and filed memoranda claiming the Court's sanction posed a "crippling financial liability" on them (Doc. 113, 115). Similarly, at a hearing on February 13, 2014, they asked the Court for leave to show inability to pay (Doc. 101).

With regard to Steele, new evidence reveals that, in the two months before he filed his memorandum on January 29, 2014, he deposited over $300,000 into a new bank account with Sabadell Bank (Doc. 190 Ex. A). Moreover, within a month of asking the Court for leave to show his insolvency, Steele wrote checks totaling nearly $200,000, some of which were written to himself, for expenses related to home renovations. Between April and September of that year, Steele had deposits in that account totaling over $100,000. Steele briefly held a second account with Sabadell between September and October, into which he deposited $50,000, most of which he paid out to himself. Smith additionally points out that the value of Steele's home more than doubled from April 2013 (when he purchased it) to October 2014 (when it was on the market). Further, on November 12, 2014, Steele still pled insolvency. Yet, just one month later, he represented in his divorce proceeding that his assets approached $1.3 million (Doc. 195-1).

As to Hansmeier, Smith presents evidence that, in the years leading up to the judgment against him, Hansmeier had transferred nearly half a million dollars to a company called Monyet LLC (Doc. 172-21), of which Hansmeier was the sole member, manager, and signatory for its accounts ((Doc. 197-2). In a debtor's exam of a related proceeding in June 2014,[6] Hansmeier admitted that Monyet, LLC was set up as a trust for his son for purposes of estate planning (Doc. 190 Ex. D 38:11-12, 18). However, documents from Scotttrade, Inc. reveal that

---

[6] The debtor's exam took place in a Minnestoa district court. While the statements made by Hansmeier therein were not made in this court, they are nonetheless directly relevant to the financial discovery being conducted by this court. As they were made by Hansmeier himself, the Court will accept them as true for the purposes of the instant motion to reconsider.

Monyet, LLC was not solely associated with estate planning, as the bulk of its assets went towards expenses such as payment of appellate bonds and attorney's fees, investments in Liverwire Holdings, LLC, and loans to his Class Justice LLC law firm (Doc. 190-3). Said expenditures occurred throughout the 2013 year and up to May 2014, demonstrating that Hansmeier had access to the Monyet funds both before and after he pled insolvency to the court.

In light of the above facts, the Court finds Steele and Hansmeier in contempt. The Court finds that the newly discovered evidence directly contradicts their claims of insolvency.

## V. CONCLUSION

For the reasons discussed herein, Anthony Smith's Motion for Reconsideration (Doc. 189) is **GRANTED**. **FURTHER,** the Court **ORDERS** as follows:

**Sanctions as to John Steele and Paul Duffy for Obstructing Discovery:**

The Court finds Paul Duffy and John Steele engaged in unreasonable, willful obstruction of discovery in bad faith. As such, discovery sanctions are warranted against Paul Duffy and John Steele. The Court awards sanctions to Anthony Smith in the amount of the additional expenses incurred in conducting third party discovery, apportioned equally between Paul Duffy and John Steele.

**FURTHER**, with regard to these sanctions, the Court orders Anthony Smith to submit reasonable costs by July 3, 2015.

**Sanctions as to John Steele and Paul Hansmeier – Contemptuous Conduct:**

The Court finds John Steele and Paul Hansmeier in contempt. Accordingly, the court awards sanctions against John Steele and Paul Hansmeier in the amount of $65,263.00. for their contemptuous statements in court. One might recognize that the amount of the sanction is twenty-five percent of Judge Murphy's original sanction and that the last sanction from the undersigned was ten percent. A pattern is purposely developing whereby the contemnors could find their way back to the full sanction Judge Murphy ordered for their original wrongdoing if they continue their misdeeds before this Court. The current sanction, including the costs addressed above, shall be paid on or before July 15, 2015.

**IT IS SO ORDERED.**

Signed this 5th day of June, 2015.

Digitally signed by David R. Herndon
Date: 2015.06.05 15:57:49 -05'00'

United States District Court