# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHTSPEED MEDIA CORP.,** | |
| *Plaintiff*, | Civil No. 12-889 DRH |
| *v.* | |
| **ANTHONY SMITH, et al.,** | **NOTICE OF APPEAL** |
| *Defendants*. | |

Notice is hereby given that Paul Hansmeier hereby appeals to the United States Court of Appeals for the Seventh Circuit from a final order penalizing him joint and severally in the amount of $65,000, entered in this action on the 5th day of June, 2015 at docket number 199.

/s/ Paul Hansmeier
Paul Hansmeier
100 5th Street South
Suite 1900
Minneapolis, MN 55402
612-234-5744

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORP.,

      Plaintiff,

v.                                       No. 3:12-cv-889-DRH-SCW

ANTHONY SMITH, et al.,

      Defendants.

## MEMORANDUM and ORDER

HERNDON, District Judge:

## I.  INTRODUCTION

This matter is before the Court on defendant Anthony Smith's ("Smith") Motion to Reconsider (Doc. 189) the Court's November 18, 2014 order denying Smith's Motion for Contempt (Doc. 135) and his Motion for Sanctions for Obstructing Discovery (Doc. 153) against Paul Duffy ("Duffy"), John Steele ("Steele"), and Paul Hansmeier ("Hansmeier") (collectively, "Lightspeed's Counsel").

The Court previously found the claims asserted by plaintiff, Lightspeed Media Corporation ("Lightspeed"), were frivolous and baseless. Accordingly, the Court imposed attorney fees and costs on Lightspeed's Counsel totaling $261,052.11 ("Fee Order"). Lightspeed's Counsel did not timely pay the Fee Order and made various representations to the Court regarding an alleged inability to pay. Accordingly, defendants issued third-party subpoenas in an effort to obtain information pertaining to Lightspeed's Counsel's financial status.

Eventually, defendants filed a Motion for Contempt (Doc. 135) and a Motion for Sanctions for Obstructing Discovery (Doc. 153). The motions alleged Lightspeed's Counsel made various misrepresentations regarding their ability to pay the Fee Order and actively sought to obstruct discovery. Although the Fee Order was eventually paid, questions remained regarding (1) the veracity of Lightspeed's Counsel's statements regarding insolvency and (2) Lightspeed's Counsel's alleged obstruction of discovery.

On November 18, 2014, the Court issued an order denying the motions for contempt and sanctions (Doc. 188). The Court found Lightspeed's Counsel's conduct was highly suspicious. However, the Court concluded there was insufficient evidence to support a finding of contempt or to impose sanctions for obstructing discovery (Doc. 188). Thereafter, Smith filed the present motion for reconsideration (Doc. 189). In his motion for reconsideration, Smith argues newly obtained and previously submitted evidence warrant the imposition of sanctions. Accordingly, Smith asks the Court to revisit the issue of sanctions relating to Lightspeed's Counsel's alleged misrepresentations and obstruction of discovery.

The matter has been fully briefed (Response Hansmeier Doc. 191; Response by Steele Doc. 192; Reply Smith Doc. 193)[1] and is ripe for consideration.

Smith has also filed three motions to supplement (Docs. 194, 195, and 197). With regard to the motions to supplement, the Court rules as follows: (1)

---

[1] Duffy has failed to respond in any way to Smith's motion(s). The Court deems Duffy's failure to respond to be an admission of the merits of Smith's motion insofar as they concern him. SDIL-LR 7.1(c).

Smith's request for the Court to take judicial notice of an order filed in a related proceeding (Doc. 194) is **GRANTED**[2] (2) Smith's motion to supplement the record with documents received on February 13, 2015 pertaining to Steele's divorce (Doc. 195) is **GRANTED**; and (3) Smith's motion to supplement the record with recently obtained evidence pertaining to Hansmeier (Doc. 197) is **GRANTED**.

The Court considers Smith's Motion for Reconsideration (Doc. 189) below.

## II.  BACKGROUND

### A. Overview

On December 14, 2011, plaintiff, Lightspeed Media Corporation ("Lightspeed"), filed suit in the Circuit Court of the Twentieth Judicial District in St. Clair County. Lightspeed owns or operates one or more paid-subscription adult entertainment websites. In its first complaint, Lightspeed alleged John Doe and more than 6,600 "co-conspirators" had gained unauthorized access to its website. On December 16, 2011, the circuit court granted an ex parte motion for leave to obtain discovery by subpoena, from dozens of Internet Service Providers ("ISPs"), of information personally identifying the defendants. AT&T and Comcast subsequently filed motions to quash the subpoenas and/or for a protective order. On May 22, 2013, the Illinois Supreme Court directed the circuit court to vacate

---

[2] Smith asks the Court to take judicial notice of an order filed in *Guava LLC v. Spencer Merkel*, No. 27-CV-12-20976 (4th Jud. Dist. Ct., Hennepin Cty., MN Jan. 20, 2015) (Doc. 194). *Guava LLC* involved Lightspeed's law firm, Prenda Law, John Steele, Paul Hansmeier, and related issues. Smith contends the Court may take judicial notice of the order under Federal Rule of Evidence 201(b)(2). The Court agrees that it may take judicial notice of the subject order to establish the fact of such litigation. However, the Court may not take judicial notice of the subject order to establish the truth of the matters asserted therein. Accordingly, the Court acknowledges the subject matter of the litigation in *Guava LLC.* However, the Court does not take judicial notice of the facts or conclusions contained therein and does not rely on the order in resolving the present motion to reconsider. *See Opoka v. Immigration and Naturalization Service*, 94 F.3d 392 (7th Cir. 1996).

its order denying the motion to quash.

On August 3, 2012, Lightspeed filed an amended complaint. The amended complaint substituted "Anthony Smith" for "john Doe." In addition, the amended complaint added AT&T, Comcast, AT&T Corporate Representative #1, and Comcast Corporate Representative #1 as defendants (collectively, "ISP Defendants"). In the amended complaint, Lightspeed contended that Smith used hacked passwords to access content from Lightspeed's websites without authorization. Lightspeed asserted the ISP Defendants improperly opposed Lightspeed's discovery, failed to act to protect Lightspeed's websites, and conspired with their customers to Lightspeed's detriment. Shortly thereafter, on August 9, 2012, AT&T removed the action to federal court.

Seven days after removal, Lightspeed filed an emergency motion for discovery (Doc. 9). In the emergency motion, Lightspeed asked the Court to order the ISP Defendants to provide information personally identifying ISP subscribers who were allegedly using hacked passwords to gain unauthorized access to Lightspeed's content. Judge G. Patrick Murphy held a hearing on the issue and denied the motion (Doc. 23). Smith and the ISP Defendants filed motions to dismiss (Docs. 26, 28, 36). On March 21, 2013, prior to the resolution of the motions to dismiss, Lightspeed entered a notice of voluntary dismissal.

On April 5, 2013, Smith moved for attorney's fees pursuant to 28 U.S.C. § 1927 (Doc. 61). Smith asked the Court to enter an order requiring Lightspeed's Counsel to satisfy personally the excess attorney's fees Smith reasonably incurred

because of their unreasonable and vexatious multiplication of the proceedings. Subsequently, the ISP Defendants also moved for attorney's fees (Docs. 78, 82).

On October 30, 2013, Judge Murphy granted Smith's motion for attorney's fees (Doc. 65). Lightspeed's Counsel sought reconsideration of that order (Docs. 66, 68, 74). On November 13, 2013, Judge Murphy held a hearing on the motions for reconsideration and the motions for attorney's fees by the ISP Defendants (Doc.96) in which he deferred ruling.

On November 27, 2013, Judge Murphy denied the motions to vacate, or in the alternative, reconsider the order granting Smith's motion for attorney fees, granted the ISP Defendants' motions for attorney's fees, and ordered Lightspeed's Counsel to pay attorney's fees totaling $261,052.11 (pursuant to 28 U.S.C. § 1927). The Fee Order was to be paid within 14 days.

As of December 27, 2013, Lightspeed's Counsel had not paid the Fee Order or sought a stay. Accordingly, Smith and the ISP Defendants filed a joint motion for contempt, or in the alternative, for an order directing Lightspeed's Counsel to show cause why they each should not be held in contempt (Doc. 107). Throughout this time period, Lightspeed's Counsel repeatedly asserted they had nothing – no money or assets to satisfy the Fee Order.

The Court heard argument on February 13, 2014. During the proceedings, Lightspeed's Counsel admitted on the record to noncompliance, each stating he had not paid the sanction amount to defendants or otherwise sought a supersedeas bond. Additionally, Lightspeed's Counsel emphatically indicated an

inability to pay. Steele and Hansmeier both asked the Court for leave to show they did not have the funds to satisfy the judgment. The Court denied Steele's motion to stay, and took the Contempt Motion under advisement, allowing Lightspeed's Counsel 10 days to submit asset statements from a certified public accountant. Thereafter, Lightspeed's Counsel submitted financial records to the Court for in camera review.

The Court issued its order addressing the Contempt Motion on March 24, 2014 (Doc. 136). As to the inability to pay arguments, the Court found Lightspeed's Counsel had not met the applicable burden. The Court concluded the records submitted by Lightspeed's Counsel were incomplete and suspicious. The Court found Lightspeed's Counsel in contempt and issued a sanction in the amount of 10% of the original sanction. On April 4, 2014, the Court granted Lightspeed's Counsel's motion to stay pending appeal and for approval of form of supersedeas bond (Doc. 148). Supersedeas bond was posted by Steele in the amount of $287,300.00 on April 8, 2014 (Doc. 149).

On appeal, the Seventh Circuit affirmed the original order of sanctions and the additional sanctions issued on March 24, 2014. Thereafter, on April 8, 2014, defense counsel collected on the bond (Doc. 149).

**B. Motion for Contempt (Doc. 135), Motion for Sanctions for Obstructing Discovery (Doc. 153), and Order denying the same (Doc. 188)**

On March 20, 2014 (prior to John Steele posting a supersedeas bond on April 8, 2014), Smith filed a Motion for Contempt (Doc. 135). Smith argued Lightspeed's Counsel made misrepresentations regarding their inability to pay the

Fee Order. Smith contended Lightspeed's Counsel was fully capable of paying the amounts ordered by the Court and had acted to conceal or otherwise move assets off-shore. The motion asked the Court for an order imposing additional sanctions for failing to pay as ordered;[3] freezing their assets; sanctioning them for interfering with discovery; and granting Smith access to the financial statements provided to the Court for in camera review.

On April 18, 2014, Smith filed a Motion for Sanctions for Obstructing Discovery (Doc. 153). Smith alleged Lightspeed's Counsel intentionally and improperly interfered with third-party subpoenas. The subject subpoenas were issued by Smith to ascertain facts concerning Lightspeed's Counsel's financial resources and their prior representations regarding inability to pay the Fee Order. Although the motion was directed against Steele, Duffy and Hansmeier, specific allegations of obstruction were limited to Steele and Duffy. Smith alleged that Steele and Duffy contacted involved third parties and misled them regarding the status of these proceedings and/or actively sought to obstruct discovery.

The Court held a hearing on the Motion for Contempt (Doc. 135) and the Motion for Sanctions for Obstructing Discovery (Doc. 153) on November 12, 2014. At the hearing, Lightspeed's Counsel denied making misrepresentations regarding their financial status. With regard to obstructing discovery, Steele and Duffy indicated they never intentionally made misrepresentations to third parties.

On November 18 2014, the Court issued an order denying Smith's motions for contempt and for sanctions (Doc. 188). The Court acknowledged a high degree

---

[3] As noted, at the time the motion was filed, the supersedeas bond had not been posted.

of suspicion as to Lightspeed's Counsel's conduct and in-court statements. However, the Court concluded Smith had not presented evidence sufficient to support a finding of contempt or warrant an imposition of sanctions.

**C. Motion for Reconsideration (Doc. 189)**

On December 15, 2014 Smith filed a Motion for Reconsideration (Doc. 189) seeking to correct errors of fact and to present newly discovered evidence. As noted above, the motion for reconsideration asks the Court to revisit its November 18, 2014 Order (Doc. 188) denying Smith's Motion for Contempt (Doc. 135) and Motion for Sanctions for Obstruction of Discovery (Doc. 153). Smith contends newly obtained and previously submitted evidence demonstrate (1) Lightspeed's Counsel had sufficient assets to pay the Fee Order and made misrepresentations to the Court regarding the same and (2) Lightspeed's Counsel obstructed discovery. With regard to the former, the evidence presented relates to Steele and Hansmeier. With regard to the latter, the evidence presented relates to Steele and Duffy. Smith contends the Court should reconsider its previous finding and impose sanctions, as appropriate, on Steel, Hansmeier, and Duffy.

### III.  APPLICABLE LAW

**A.  Motion for Reconsideration**

Although they are frequently filed, the Seventh Circuit describes a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States*, 43 F.3d 1140, 1142 n. 2 (7th Cir. 1994). *See also Talano v. Northwestern Medical Faculty Foundation*,

*Inc.*, 273 F.3d 757, 760 n. 1 (7th Cir. 2001) ("Technically, a 'Motion for Reconsideration' does not exist under the Federal Rules of Civil Procedure."). This type of motion "is a request that the [court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir.2004) (internal quotation omitted). Thus, a court "may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *U.S. v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). In *Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir.1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828. *See also Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *Oto v. Metropolitan Life Insurance Company*, 224 F.3d 601, 606 (7th Cir.2000) (stating that a party cannot use a motion to reconsider "to introduce new evidence that could have been presented earlier").

There are two ways in which a Court may analyze a Motion to Reconsider,

under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where, as here, a substantive motion for reconsideration is filed within twenty-eight days of entry of judgment or order, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not the timing or label affixed to it.[4] Generally, if a motion is timely filed within the twenty-eight day period, the Court will construe it as a motion pursuant to Rule 59(e); later motions will be construed pursuant to Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995); see also *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). Instead of the exceptional circumstances required to prevail under Rule 60(b), Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). However, where "the only arguable basis for relief presented in the motion … is 'excusable neglect,' "the court should apply the standards governing a motion under Rule 60(b)." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

---

[4] As of December 1, 2009, motions under Rule 59(e) mist be filed "no later than 28 days after the entry" of the challenged order.

Pursuant to Rule 59(e), the Court finds that reconsideration is appropriate based on the newly discovered evidence and facts detailed below that were not immediately evident to the Court when it previously considered Smith's motion for contempt and discovery sanctions.

## B. Discovery Sanctions

Federal Rule of Civil Procedure 37(b)(2)(C) gives a federal judge authority to "order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey a discovery order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Although the language of Rule 37(b) requires violation of a judicial order in order to impose sanctions, a formal, written order to comply with discovery is not required, where a litigant engages in abusive litigation practices. *See Halas v. Consumer Services, Inc.*, 16 F.3d 161, 164 (7th Cir. 1994) ("a formal written order to comply with discovery requests is not required under Rule 37(b)").

Seventh Circuit law holds Rule 37 discovery sanctions "may only be imposed where a party displays willfulness, bad faith, or fault." *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir.1997) (*citing Philips Medical Systems Int'l, B.V. v. Bruetman,* 982 F.2d 211, 214 (7th Cir.1992)). District courts have broad discretion in deciding whether violation of rules of discovery warrants imposition of sanctions. *Matei v. Cessna Aircraft Co.*, 35 F.3d 1142 (7th Cir. 1994). However, Rule 37 essentially mandates sanctions for substantial unjustified discovery abuses. *See Rickels v. City of South Bend, Ind.* 33 F.3d 785, 786-87

(7th Cir. 1994) ("The great operative principle of Rule 37(a)(4) is that the loser pays. Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims.") (internal quotation and citation omitted).

Rule 37 requires no evidentiary hearing, and none is warranted where the briefs and affidavits fully recount the circumstances surrounding the noncompliance. *See Margoles v. Johns*, 587 F.2d 885, 889 (7th Cir. 1978); *see also Godlove v. Bamberger*, 903 F.2d 1145, 1149 (7th Cir. 1990); *Loctite Corporation v. Fel–Pro, Inc.*, 667 F.2d 577, 583 n. 6 (7th Cir. 1981).

Additionally, under 28 U.S.C § 1927, An attorney who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such a conflict." *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1183 (7th Cir. 1992).


**C.     Civil Contempt**

Federal courts have both inherent and statutory authority to punish for contempt and to coerce compliance with their orders. *International Union, UMWA v. Bagwell*, 512 U.S. 821, 831-833 (1994). To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that: (1) a court order sets forth an unambiguous command; (2) the

alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

## IV. ANALYSIS

### A.    Discovery Obstruction (Duffy and Steele)

In his motion for reconsideration (Doc. 189), Smith sheds new light on Duffy and Steele's efforts to obstruct discovery by misleading subpoenaed banking institutions. Smith refutes assertions made by Duffy and Steele at the November 12, 2014 hearing that they did not intentionally mislead any third party institutions about the status of the discovery subpoenas. Specifically, Smith presents new information pertaining to Steele and Duffy's communication with JP Morgan/Chase. This new information demonstrates that, on January 29, 2014, Steele informed JP Morgan he intended to file a motion to quash subpoenas issued by Smith requesting Lightspeed's counsel's financial records. The following day, Steele sent a copy of said motion to JP Morgan without a file stamp. Several days later, JP Morgan requested a file stamped copy from Duffy. Duffy finally supplied a file stamped copy of the motion to quash on March 3, 2014 - two weeks after the Court had **denied** the motion and allowed discovery to proceed. Without any defense from Duffy,[5] the Court takes his actions as intentionally obstructive, as he had reason to know the motion to quash had been denied at the

---

[5] As previously noted, Duffy has failed to respond in any way to Smith's motion(s). The Court deems Duffy's failure to respond to be an admission of the merits of Smith's motion insofar as they concern him. SDIL-LR 7.1(c).

time he relayed it to the bank.

Smith also points to communications in the record between Steele and Sabadell United Bank on April 16, 2014 (Doc. 158-1), in which Steele said the subpoena matter was stayed on April 4, 2014. Just five days before, Steele acknowledged that the Court's stay order did not pertain to the subpoenas, but rather a joint motion for contempt that had been filed by Smith weeks earlier. Steele agreed to resolve any misunderstandings about the subpoenas being withdrawn, but he clearly did not do so based on his April 16th email to Sabadell Bank. Despite Steele's explicit knowledge that discovery of his financial records had not been stayed, he proceeded to inform the bank that a stay was in place. This demonstrates his knowing interference in Smith's discovery efforts.

Based on the above, the Court finds that Duffy and Steele both engaged in unreasonable, willful obstruction of discovery in bad faith. As such, discovery sanctions are warranted as to Duffy and Steele.

**B.     Contempt (Hansmeier and Steele)**

Smith also provides the Court with newly discovered financial evidence to support his assertion that, despite their pleas of insolvency, Steele and Hansmeier had sufficient assets to satisfy the Fee Order. On January 29, 2014 Steele and Hansmeier both signed and filed memoranda claiming the Court's sanction posed a "crippling financial liability" on them (Doc. 113, 115). Similarly, at a hearing on February 13, 2014, they asked the Court for leave to show inability to pay (Doc. 101).

With regard to Steele, new evidence reveals that, in the two months before he filed his memorandum on January 29, 2014, he deposited over $300,000 into a new bank account with Sabadell Bank (Doc. 190 Ex. A). Moreover, within a month of asking the Court for leave to show his insolvency, Steele wrote checks totaling nearly $200,000, some of which were written to himself, for expenses related to home renovations. Between April and September of that year, Steele had deposits in that account totaling over $100,000. Steele briefly held a second account with Sabadell between September and October, into which he deposited $50,000, most of which he paid out to himself. Smith additionally points out that the value of Steele's home more than doubled from April 2013 (when he purchased it) to October 2014 (when it was on the market). Further, on November 12, 2014, Steele still pled insolvency. Yet, just one month later, he represented in his divorce proceeding that his assets approached $1.3 million (Doc. 195-1).

As to Hansmeier, Smith presents evidence that, in the years leading up to the judgment against him, Hansmeier had transferred nearly half a million dollars to a company called Monyet LLC (Doc. 172-21), of which Hansmeier was the sole member, manager, and signatory for its accounts ((Doc. 197-2). In a debtor's exam of a related proceeding in June 2014,[6] Hansmeier admitted that Monyet, LLC was set up as a trust for his son for purposes of estate planning (Doc. 190 Ex. D 38:11-12, 18). However, documents from Scotttrade, Inc. reveal that

---

[6]   The debtor's exam took place in a Minnestoa district court. While the statements made by Hansmeier therein were not made in this court, they are nonetheless directly relevant to the financial discovery being conducted by this court. As they were made by Hansmeier himself, the Court will accept them as true for the purposes of the instant motion to reconsider.

Monyet, LLC was not solely associated with estate planning, as the bulk of its assets went towards expenses such as payment of appellate bonds and attorney's fees, investments in Liverwire Holdings, LLC, and loans to his Class Justice LLC law firm (Doc. 190-3). Said expenditures occurred throughout the 2013 year and up to May 2014, demonstrating that Hansmeier had access to the Monyet funds both before and after he pled insolvency to the court.

In light of the above facts, the Court finds Steele and Hansmeier in contempt. The Court finds that the newly discovered evidence directly contradicts their claims of insolvency.

## V.  CONCLUSION

For the reasons discussed herein, Anthony Smith's Motion for Reconsideration (Doc. 189) is **GRANTED**. **FURTHER,** the Court **ORDERS** as follows:

**Sanctions as to John Steele and Paul Duffy for Obstructing Discovery:**

The Court finds Paul Duffy and John Steele engaged in unreasonable, willful obstruction of discovery in bad faith. As such, discovery sanctions are warranted against Paul Duffy and John Steele. The Court awards sanctions to Anthony Smith in the amount of the additional expenses incurred in conducting third party discovery, apportioned equally between Paul Duffy and John Steele.

**FURTHER**, with regard to these sanctions, the Court orders Anthony Smith to submit reasonable costs by July 3, 2015.

**Sanctions as to John Steele and Paul Hansmeier – Contemptuous Conduct:**

The Court finds John Steele and Paul Hansmeier in contempt. Accordingly, the court awards sanctions against John Steele and Paul Hansmeier in the amount of $65,263.00. for their contemptuous statements in court. One might recognize that the amount of the sanction is twenty-five percent of Judge Murphy's original sanction and that the last sanction from the undersigned was ten percent. A pattern is purposely developing whereby the contemnors could find their way back to the full sanction Judge Murphy ordered for their original wrongdoing if they continue their misdeeds before this Court. The current sanction, including the costs addressed above, shall be paid on or before July 15, 2015.

**IT IS SO ORDERED.**

Signed this 5th day of June, 2015.

Digitally signed by
David R. Herndon
Date: 2015.06.05
15:57:49 -05'00'

**United States District Court**

APPEAL,CJRA_B,DSW2

## U.S. District Court
## Southern District of Illinois (East St. Louis)
## CIVIL DOCKET FOR CASE #: 3:12-cv-00889-DRH-SCW
## Internal Use Only

Lightspeed Media Corporation v. Smith et al
Assigned to: Chief Judge David R. Herndon
Referred to: Magistrate Judge Stephen C. Williams
Case in other court:  St. Clair County, Illinois, 11-L-683
     USCA-7, 13-03801
     USCA-7, 14-01682
Cause: 28:1446 Petition for Removal

Date Filed: 08/09/2012
Date Terminated: 03/22/2013
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

**Plaintiff**

**Lightspeed Media Corporation**   represented by **Paul A. Duffy**
                    Duffy Law Group
                    321 North LaSalle Street
                    5th Floor
                    Chicago, IL 60654
                    312-952-6136
                    Email: pduffy@pduffygroup.com
                    *LEAD ATTORNEY*
                    *ATTORNEY TO BE NOTICED*

                    **John L. Steele**
                    Steele Hansmeier PLLC
                    161 North Clark Street
                    Suite 4700
                    Chicago, IL 60601
                    312-880-9160
                    Fax: 312-893-5677
                    Email: johnlsteele33140@gmail.com
                    *TERMINATED: 03/07/2013*

                    **Kevin T. Hoerner**
                    Becker, Paulson et al.
                    Generally Admitted
                    5111 West Main Street
                    Belleville, IL 62226
                    618-235-0020
                    Email: KTH@bhtylaw.com
                    *TERMINATED: 11/06/2013*

                    **Paul Hansmeier**
                    Alpha Law Firm
                    80 South 8th Street

Ste 900
Minneapolis, MN 55402
651-399-1583
Email: prhansmeier@thefirm.mn
*TERMINATED: 11/15/2012*

V.

**Consol Plaintiff**

**Mr. John Steele**                   represented by **John L. Steele**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

V.

**Petitioner**

**Paul Hansmeier**                    represented by **Paul Hansmeier**
                                      PRO SE

                                      **Paul Hansmeier**
                                      (See above for address)
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Anthony Smith**                     represented by **Daniel G. Booth**
                                      Booth Sweet LLP
                                      32R Essex Street
                                      Cambridge, MA 02139
                                      617-250-8602
                                      Fax: 617-250-8883
                                      Email: dbooth@boothsweet.com
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                      **Jason E Sweet**
                                      Booth Sweet LLP
                                      32R Essex Street
                                      Cambridge, MA 02139
                                      617-250-8602
                                      Fax: 617-250-8883
                                      Email: jsweet@boothsweet.com
                                      *ATTORNEY TO BE NOTICED*

                                      **John D. Seiver**
                                      Davis Wright Tremaine LLP
                                      1919 Pennsylvania Avenue, NW

Suite 800
Washington, DC 20006
202-973-4200
Fax: 202-973-4412
Email: johnseiver@dwt.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**SBC Internet Services, Inc.**                represented by **Bart Westcott Huffman**
*doing business as*                                        Locke Lord LLP - Austin
AT&T Internet Services                                     100 Congress Avenue
                                                          Suite 300
                                                          Austin, TX 78701
                                                          512-305-4746
                                                          Fax: 512-391-4741
                                                          Email: bhuffman@lockelord.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **John D. Seiver**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Troy A. Bozarth**
                                                          HeplerBroom LLC - Edwardsville
                                                          130 North Main Street
                                                          P.O. Box 510
                                                          Edwardsville, IL 62025
                                                          618-656-0184
                                                          Fax: 618-656-1364
                                                          Email: troy.bozarth@heplerbroom.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**AT&T Corporate Represenative #1**            represented by **Bart Westcott Huffman**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**ComCast Cable Communications,**              represented by **Andrew G. Toennies**
**LLC**                                                    Lashly & Baer PC
                                                          714 Locust Street
                                                          St. Louis, MO 63101
                                                          314-436-8347
                                                          Fax: 314-621-6844
                                                          Email: atoennies@lashlybaer.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **John D. Seiver**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **ComCast Corporate Representative #1** | represented by | **Andrew G. Toennies**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **John D. Seiver**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **Paul Duffy** | represented by | **Paul Duffy**<br>PRO SE |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/06/2015 | 204 | NOTICE OF APPEAL as to 199 Order on Motion for Reconsideration, Order on Motion to Supplement,,,,,,,,,,, by Paul Hansmeier. (Hansmeier, Paul) (Entered: 07/06/2015) |
| 07/06/2015 | 203 | Notice re Taxation of Costs: Action due by 7/16/2015. (mar) (Entered: 07/06/2015) |
| 07/06/2015 | 202 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 201 Notice re Taxation of Costs. Additional named attorney to be added to Notice. (mar)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/06/2015) |
| 07/06/2015 | 201 | STRICKEN AT DOC. 202 - Notice re Taxation of Costs: Action due by 7/16/2015. (mar) (Entered: 07/06/2015) |
| 07/02/2015 | 200 | BILL OF COSTS by Anthony Smith. (Attachments: # 1 Exhibit A (Invoice), # 2 Exhibit B (Travel Itinerary), # 3 Affidavit Jason E. Sweet, # 4 Affidavit Daniel G. Booth)(Booth, Daniel) (Entered: 07/02/2015) |
| 06/05/2015 | 199 | ORDER granting 189 Motion for Reconsideration; granting 194 Motion to Supplement; granting 195 Motion to Supplement; granting 197 Motion to Supplement. FURTHER, the Court imposes sanctions as to John Steele, Paul Duffy, and Paul Hansmeier as described herein. FURTHER, Anthony Smith is DIRECTED to submit reasonable costs, as described herein, by July 3, 2015. FURTHER, the sanctions and costs imposed herein shall be paid on or before July 15, 2015. Signed by Judge David R. Herndon on 6/5/2015. (dsw) (Entered: 06/05/2015) |
| 02/27/2015 | 198 | MEMORANDUM in Opposition re 197 Second MOTION to Supplement filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 02/27/2015) |
| 02/26/2015 | 197 | Second MOTION to Supplement by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Sweet, Jason) (Entered: |

| | | 02/26/2015) |
|---|---|---|
| 02/13/2015 | 196 | MEMORANDUM in Opposition re 195 MOTION to Supplement *Motion for Reconsideration* filed by John Steele. (Steele, John) (Entered: 02/13/2015) |
| 02/13/2015 | 195 | MOTION to Supplement *Motion for Reconsideration* by Anthony Smith. (Attachments: # 1 Exhibit)(Sweet, Jason) (Entered: 02/13/2015) |
| 01/22/2015 | 194 | MOTION to Supplement by Anthony Smith. (Attachments: # 1 Exhibit MN Order)(Sweet, Jason) (Entered: 01/22/2015) |
| 01/13/2015 | 193 | REPLY to Response to Motion re 189 MOTION for Reconsideration re 188 Order, Terminate Motions filed by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Sweet, Jason) (Entered: 01/13/2015) |
| 12/29/2014 | 192 | MEMORANDUM in Opposition re 189 MOTION for Reconsideration re 188 Order, Terminate Motions filed by John Steele. (Steele, John) (Entered: 12/29/2014) |
| 12/29/2014 | 191 | RESPONSE in Opposition re 189 MOTION for Reconsideration re 188 Order, Terminate Motions filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 12/29/2014) |
| 12/16/2014 | 190 | EXHIBIT by Anthony Smith. Exhibit to 189 Motion for Reconsideration . (Attachments: # 1 Exhibit Ex B, # 2 Exhibit Ex C, # 3 Exhibit Ex D, # 4 Exhibit Ex E)(Sweet, Jason) (Entered: 12/16/2014) |
| 12/15/2014 | 189 | MOTION for Reconsideration re 188 Order, Terminate Motions by Anthony Smith. (Sweet, Jason) (Entered: 12/15/2014) |
| 11/18/2014 | 188 | ORDER, Denying 135 SEALED MOTION filed by Anthony Smith, 153 MOTION for Sanctions *for Obstructing Discovery* filed by Anthony Smith.Signed by Judge David R. Herndon on 11/18/2014. (dsw) (Entered: 11/18/2014) |
| 11/12/2014 | 187 | Minute Entry for proceedings held before Judge David R. Herndon: Motion Hearing held on 11/12/2014 re 135 SEALED MOTION filed by Anthony Smith, 153 MOTION for Sanctions *for Obstructing Discovery* filed by Anthony Smith. (Court Reporter Laura Esposito.) (cekf) (Entered: 11/12/2014) |
| 10/20/2014 | 186 | ORDER, Denying 175 MOTION to Strike 172 Ex Parte Document, filed by Paul Hansmeier and 173 MOTION to Strike 171 Notice (Other) filed by Paul Hansmeier.Signed by Judge David R. Herndon on 10/17/2014. (dsw) (Entered: 10/20/2014) |
| 10/20/2014 | 185 | ORDER denying 157 Motion to Quash; denying 157 Motion for Sanctions. Signed by Judge David R. Herndon on 10/17/2014. (dsw) (Entered: 10/20/2014) |
| 10/20/2014 | 184 | ORDER denying 169 Motion for Contempt. Signed by Judge David R. Herndon on 10/17/2014. (dsw) (Entered: 10/20/2014) |

| 08/22/2014 | 183 | MANDATE of USCA as to 140 Notice of Appeal filed by Paul Hansmeier, John Steele, Paul Duffy, Affirming Fines. 102 Notice of Appeal, filed by Paul Hansmeier, John Steele, Paul Duffy, Affirming Sanctions. (Attachments: # 1 Final Order, # 2 Opinion)(anm) (Entered: 08/22/2014) |
| --- | --- | --- |
| 07/30/2014 | 182 | NOTICE of Hearing on Motion 153 MOTION for Sanctions *for Obstructing Discovery*, 135 SEALED MOTION for contempt. Motion Hearing set for 11/12/2014 at 01:30 PM in East St. Louis Courthouse before Chief Judge David R. Herndon. The parties may NOT appear by phone for the hearing. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 07/30/2014) |
| 07/22/2014 | 181 | Certified and Transmitted Record on Appeal to US Court of Appeals re 140 Notice of Appeal. (anm) (Entered: 07/22/2014) |
| 07/22/2014 | 180 | Request from USCA to transmit Record on Appeal re 140 Notice of Appeal. (anm) (Entered: 07/22/2014) |
| 05/30/2014 | 179 | MEMORANDUM in Opposition re 175 MOTION to Strike 172 Ex Parte Document, filed by Anthony Smith. (Sweet, Jason) (Entered: 05/30/2014) |
| 05/24/2014 | 178 | REPLY to Response to Motion re 169 MOTION for Contempt *against Anthony Smith, Jason Sweet and Daniel Booth* filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 05/24/2014) |
| 05/22/2014 | 177 | EXHIBIT by Anthony Smith. *Corrected Ex. A to Affidavit.* (Sweet, Jason) (Entered: 05/22/2014) |
| 05/21/2014 | 176 | RESPONSE in Opposition re 169 MOTION for Contempt *against Anthony Smith, Jason Sweet and Daniel Booth* filed by Anthony Smith. (Attachments: # 1 Affidavit)(Sweet, Jason) (Entered: 05/21/2014) |
| 05/20/2014 | 175 | MOTION to Strike 172 Ex Parte Document, by Paul Hansmeier. (Hansmeier, Paul) (Entered: 05/20/2014) |
| 05/19/2014 | 174 | ORDER re (172) Ex Parte Document filed by Anthony Smith. The Clerk of the Court is DIRECTED to modify the restriction level on this document. It is to be released to the parties but to remain sealed from the public. Signed by Chief Judge David R. Herndon on 05/19/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 05/19/2014) |
| 05/17/2014 | 173 | MOTION to Strike 171 Notice (Other) by Paul Hansmeier. (Hansmeier, Paul) (Entered: 05/17/2014) |
| 05/16/2014 | 172 | *SEALED* DOCUMENT . (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 |

| | | |
|---|---|---|
| | | Exhibit, # 25 Exhibit, # 26 Exhibit)(Sweet, Jason) Modified on 5/19/2014 (tkm ). (Entered: 05/16/2014) |
| 05/16/2014 | 171 | NOTICE by Anthony Smith re 159 Memorandum in Opposition to Motion, 160 Memorandum in Opposition to Motion, 162 Response (Sweet, Jason) (Entered: 05/16/2014) |
| 05/13/2014 | 170 | MEMORANDUM in Support re 169 MOTION for Contempt *against Anthony Smith, Jason Sweet and Daniel Booth* filed by Paul Hansmeier. (Attachments: # 1 Affidavit of Paul Hansmeier in Support of Petition for Contempt Against Anthony Smith, Jason Sweet and Daniel Booth) (Hansmeier, Paul) (Entered: 05/13/2014) |
| 05/13/2014 | 169 | MOTION for Contempt *against Anthony Smith, Jason Sweet and Daniel Booth* by Paul Hansmeier. (Hansmeier, Paul) (Entered: 05/13/2014) |
| 05/09/2014 | 168 | AFFIDAVIT re 166 Reply to Response to Motion *Corrected to Include Previously-Omitted Exhibit A per Clerk's Notice Of Error [Dkt #167]* by Paul Hansmeier. (Hansmeier, Paul) (Entered: 05/09/2014) |
| 05/08/2014 | 167 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 166 Reply to Response to Motion filed by Paul Hansmeier. See attached document for specifics. (bkl) (Entered: 05/08/2014) |
| 05/07/2014 | 166 | REPLY to Response to Motion re 157 MOTION to Quash MOTION for Sanctions filed by Paul Hansmeier. (Attachments: # 1 Affidavit of Paul Hansmeier)(Hansmeier, Paul) (Entered: 05/07/2014) |
| 05/06/2014 | 165 | MEMORANDUM in Opposition re 157 MOTION to Quash MOTION for Sanctions filed by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Sweet, Jason) (Entered: 05/06/2014) |
| 05/06/2014 | 164 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 163 Memorandum in Opposition to Motion filed by Anthony Smith. Document contains sensitive information and should be redacted. Doc. 163 is stricken and will be sealed. A redacted copy of Doc. 163 needs to be refiled.(cekf)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 05/06/2014) |
| 05/05/2014 | 163 | STRICKEN - MEMORANDUM in Opposition re 157 MOTION to Quash MOTION for Sanctions filed by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Sweet, Jason) Modified on 5/6/2014 (cekf). (Entered: 05/05/2014) |
| 05/05/2014 | 162 | RESPONSE to 159 Memorandum in Opposition to Motion, 153 Motion for Sanctions, 160 Memorandum in Opposition to Motion *for Sanctions for "Obstructing "Discovery"* filed by Paul Duffy. (Duffy, Paul) (Entered: 05/05/2014) |
| 05/02/2014 | 161 | REPLY to Response to Motion re 135 SEALED MOTION filed by |

| | | |
|---|---|---|
| | | Anthony Smith. (Booth, Daniel) (Entered: 05/02/2014) |
| 05/02/2014 | 160 | MEMORANDUM in Opposition re 153 MOTION for Sanctions *for Obstructing Discovery* filed by John Steele. (Attachments: # 1 Exhibit)(Steele, John) (Entered: 05/02/2014) |
| 05/02/2014 | 159 | MEMORANDUM in Opposition re 153 MOTION for Sanctions *for Obstructing Discovery* filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 05/02/2014) |
| 04/23/2014 | 158 | SUPPLEMENT by Anthony Smith. Supplement to 153 Motion for Sanctions . (Attachments: # 1 Supplement Exhibit B)(Sweet, Jason) (Entered: 04/23/2014) |
| 04/22/2014 | 157 | MOTION to Quash , MOTION for Sanctions by Paul Hansmeier. (Attachments: # 1 Affidavit of Paul Hansmeier)(Hansmeier, Paul) (Entered: 04/22/2014) |
| 04/21/2014 | 156 | MEMORANDUM in Opposition re 135 SEALED MOTION filed by John Steele. (Attachments: # 1 Exhibit)(Steele, John) (Entered: 04/21/2014) |
| 04/21/2014 | 155 | MEMORANDUM in Opposition re 135 SEALED MOTION filed by Paul Duffy. (Duffy, Paul) (Entered: 04/21/2014) |
| 04/18/2014 | 154 | MEMORANDUM in Opposition re 135 SEALED MOTION filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 04/18/2014) |
| 04/18/2014 | 153 | MOTION for Sanctions *for Obstructing Discovery* by Anthony Smith. (Attachments: # 1 Exhibit)(Sweet, Jason) (Entered: 04/18/2014) |
| 04/17/2014 | | Record on Appeal Prepared re 140 Notice of Appeal, 10 volumes of pleadings, 2 transcripts. (anm) (Entered: 04/17/2014) |
| 04/15/2014 | 152 | TRANSCRIPT INFORMATION SHEET by Attorney/Pro Se Party (Hansmeier, Paul) (Entered: 04/15/2014) |
| 04/15/2014 | | USCA Appeal Fees received $ 505 receipt number 34625047746 re 140 Notice of Appeal filed by Paul Hansmeier, John Steele, Paul Duffy (cekf) (Entered: 04/15/2014) |
| 04/09/2014 | 151 | ORDER Granting 150 MOTION to Withdraw 138 Emergency MOTION for Reconsideration re 136 Order on Motion for Contempt filed by Paul Hansmeier. The 138 Emergency MOTION for Reconsideration re 136 Order on Motion for Contempt filed by Paul Hansmeier is hereby WITHDRAWN. Signed by Chief Judge David R. Herndon on 04/09/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 04/09/2014) |
| 04/09/2014 | 150 | MOTION to Withdraw 138 Emergency MOTION for Reconsideration re 136 Order on Motion for Contempt by Paul Hansmeier. (Hansmeier, Paul) (Entered: 04/09/2014) |
| 04/08/2014 | 149 | Supersedeas BOND in the amount of $ $287,300.00 posted by John |

| | | Steele (lmb) (Entered: 04/08/2014) |
|---|---|---|
| 04/04/2014 | 148 | ORDER granting 141 Motion to Stay. Signed by Chief Judge David R. Herndon on 04/04/2014. (kbl) (Entered: 04/04/2014) |
| 04/02/2014 | 147 | RESPONSE to 141 Motion to Stay *jointly* filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Huffman, Bart) (Entered: 04/02/2014) |
| 04/02/2014 | 146 | ORDER of USCA as to 140 Notice of Appeal filed by Paul Hansmeier, John Steele, Paul Duffy (drb) (Entered: 04/02/2014) |
| 04/01/2014 | 145 | USCA Case Number 14-1682 for 140 Notice of Appeal filed by Paul Hansmeier, John Steele, Paul Duffy. (Attachments: # 1 Notice, # 2 Fee Notice)(cekf) (Entered: 04/01/2014) |
| 04/01/2014 | 144 | Rule 10 LetterAppeal Record due to be prepared by 4/15/2014. (cekf) (Entered: 04/01/2014) |
| 04/01/2014 | 143 | Transmission of Short Record to US Court of Appeals re 140 Notice of Appeal (cekf) (Entered: 04/01/2014) |
| 04/01/2014 | 142 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 141 Motion to Stay filed by Paul Hansmeier, John Steele, Paul Duffy. See attached document for specifics (cekf) (Entered: 04/01/2014) |
| 03/31/2014 | 141 | MOTION to Stay re 136 Order on Motion for Contempt by Paul Duffy, Paul Hansmeier, John Steele. (Attachments: # 1 Exhibit Proposed Form of Supersedeas Bond)(Hansmeier, Paul) (Entered: 03/31/2014) |
| 03/31/2014 | 140 | NOTICE OF APPEAL as to 136 Order on Motion for Contempt by Paul Duffy, Paul Hansmeier, John Steele. (Hansmeier, Paul) (Entered: 03/31/2014) |
| 03/26/2014 | 139 | MEMORANDUM in Support re 138 Emergency MOTION for Reconsideration re 136 Order on Motion for Contempt filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 03/26/2014) |
| 03/26/2014 | 138 | WITHDRAWN PER ORDER AT DOCUMENT #151 -- Emergency MOTION for Reconsideration re 136 Order on Motion for Contempt by Paul Hansmeier. (Hansmeier, Paul) Modified on 4/9/2014 (kbl). (Entered: 03/26/2014) |
| 03/24/2014 | 137 | ORDER re (135) EX PARTE MOTION *for Contempt* filed by Anthony Smith. The Clerk of the Court is DIRECTED to modify the restriction level on this document. It is to be released to the parties but to remain sealed from the public. The Clerk of the Court is also DIRECTED to send notice to plaintiff's counsel of the pending motion. Finally, defendant Smith is DIRECTED to provide a copy of the motion to plaintiff's counsel. Pursuant to the Court's Order on Motion for Contempt 136 , plaintiff's counsel is ORDERED to respond to the motion on or before 4/20/2014. Signed by Chief Judge David R. Herndon on 03/24/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF |

|            |     | THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/24/2014) |
|------------|-----|---------------------------------------------------------------------------|
| 03/24/2014 | 136 | ORDER granting 107 Motion for Contempt. See Order for details. Signed by Chief Judge David R. Herndon on 03/24/2014. (kbl) (Entered: 03/24/2014) |
| 03/20/2014 | 135 | SEALED MOTION *for Contempt* by Anthony Smith. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Affidavit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE) (Sweet, Jason) Modified on 3/24/2014 (myz ). (Entered: 03/20/2014) |
| 03/20/2014 | 134 | NOTICE by Anthony Smith (Sweet, Jason) (Entered: 03/20/2014) |
| 03/07/2014 | 133 | Acknowledgment of receipt of transcripts in Record on Appeal by USCA 7 re 102 Notice of Appeal (lmb) (Entered: 03/11/2014) |
| 03/07/2014 | 132 | Acknowledgment of receipt of Record on Appeal by USCA 7 re 102 Notice of Appeal (lmb) (Entered: 03/11/2014) |
| 03/04/2014 | 131 | Certified and Transmitted Record on Appeal to US Court of Appeals re 102 Notice of Appeal. (drb) (Entered: 03/04/2014) |
| 03/04/2014 |     | Record on Appeal Prepared re 102 Notice of Appeal (drb) (Entered: 03/04/2014) |
| 03/04/2014 | 130 | Request from USCA to transmit Record on Appeal re 102 Notice of Appeal, (drb) (Entered: 03/04/2014) |
| 03/03/2014 | 129 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 127 Transcript. Transcript not signed or "s/" by court reporter. Document to be executed and refiled by court reporter this date.(jaj) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/03/2014) |
| 03/03/2014 | 128 | Transcript of SHOW CAUSE HEARING held on 2/13/2014, before Judge David R. Herndon. Court Reporter/Transcriber Laura A. Blatz, Telephone number (618) 482-9481.<br><br>**NOTICE: Attorneys and unrepresented parties have 7 calendar days to file a Notice of Intent to Request Redaction of this transcript and 21 calendar days to file a Redaction Request. If redactions are not requested, the transcript will be made remotely available to the public without redaction after 90 calendar days. See the full Transcript Policy on the website at http://www.ilsd.uscourts.gov/forms/TransPolicy.pdf** |

|  |  |  | Transcript may be viewed at the public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/24/2014. Redacted Transcript Deadline set for 4/3/2014. Release of Transcript Restriction set for 6/2/2014. (lb) (Entered: 03/03/2014) |
|---|---|---|---|
| 02/28/2014 | 🔒 | 127 | ENTRY STRICKEN - Transcript of SHOW CAUSE HEARING held on 2/13/2014, before Judge David R. Herndon. Court Reporter/Transcriber Laura A. Blatz, Telephone number (618) 482-9481.<br><br>**NOTICE: Attorneys and unrepresented parties have 7 calendar days to file a Notice of Intent to Request Redaction of this transcript and 21 calendar days to file a Redaction Request. If redactions are not requested, the transcript will be made remotely available to the public without redaction after 90 calendar days. See the full Transcript Policy on the website at http://www.ilsd.uscourts.gov/forms/TransPolicy.pdf**<br><br>Transcript may be viewed at the public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/21/2014. Redacted Transcript Deadline set for 3/31/2014. Release of Transcript Restriction set for 5/29/2014. (lb) Modified on 3/3/2014 (jaj). (Entered: 02/28/2014) |
| 02/19/2014 |  | 126 | ORDER granting 110 Joint MOTION to Supplement the Record on Appeal by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. Appellants Paul Duffy, Paul Hansmeier, and John Steele have not responded. The Court deems appellants' failure to respond as an admission of the merits of defendants' motion. See SDIL-LR 7.1(c). Therefore, the Court GRANTS defendants' motion and DIRECTS the Clerk of the Court to supplement the record on appeal accordingly. Signed by Chief Judge David R. Herndon on 2/19/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 02/19/2014) |
| 02/19/2014 |  | 125 | ORDER denying 116 Motion to Quash. Signed by Chief Judge David R. Herndon on 2/19/2014. (kbl) (Entered: 02/19/2014) |
| 02/16/2014 |  | 124 | RESPONSE in Opposition re 116 MOTION to Quash *Subpoenas Issued by Anthony Smith in Violation of the Court's Stay* filed by Anthony Smith. (Sweet, Jason) (Entered: 02/16/2014) |
| 02/13/2014 |  | 123 | Minute Entry for proceedings held before Chief Judge David R. Herndon: Show Cause Hearing re: 107 Joint Motion for Contempt held on 2/13/2014. Motion taken under advisement. Mr. Steele, Mr. Hansmeier and Mr. Duffy shall submit asset statements prepared by a certified public accountant on or before 2/24/2014. MOTION to Stay November 27, 2013 Order 114 filed by John Steele is denied. (Court |

| | | |
|---|---|---|
| | | Reporter Laura Blatz.) (slj) (Entered: 02/13/2014) |
| 02/12/2014 | 122 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 120 Motion for Leave to File, filed by Paul Hansmeier. See attached document for specifics (kek) (Entered: 02/12/2014) |
| 02/11/2014 | 121 | ORDER denying 120 Motion for Leave to File Surreply to the Defendants Joint Reply to Oppositions of Paul Duffy and Paul Hansmeier to Motion for Contempt, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Should Not be Held in Contempt by Paul Hansmeier. Pursuant to Local Rule 7.1(c), "Under no circumstances will sur-reply briefs be accepted." Signed by Chief Judge David R. Herndon on 2/11/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 02/11/2014) |
| 02/11/2014 | 120 | MOTION for Leave to File *Surreply to the Defendants Joint Reply to Oppositions of Paul Duffy and Paul Hansmeier to Motion for Contempt, or in the Alternative, for an Order to Plaintiffs Counsel to Show Cause Why They Should Not be Held in Contempt* by Paul Hansmeier. (Attachments: # 1 Exhibit Proposed Surreply-Deleted pursuant to NOE at Document 122) (Hansmeier, Paul) Modified on 2/12/2014 (kek). (Entered: 02/11/2014) |
| 02/06/2014 | 119 | REPLY to Response to Motion re 107 Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Seiver, John) (Entered: 02/06/2014) |
| 01/30/2014 | 118 | NOTICE re 112 Order. Parties may appear by phone for the Show Cause Hearing on 2/13/2014 at 9:00 AM. Call-in information: Toll Free Meeting Number (888) 684-8852, Access Code 6128101, Participant Security Code 2587. (slj) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/30/2014) |
| 01/30/2014 | 117 | ORDER re 107 Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by ComCast Cable Communications, LLC, Anthony Smith, SBC Internet Services, Inc., ComCast Corporate Representative #1. Defendants are DIRECTED to file a reply to 113 Memorandum in Opposition to Motion filed by Paul Hansmeier on or before 2/6/2014. Signed by Chief Judge David R. Herndon on 1/30/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/30/2014) |
| 01/30/2014 | 116 | MOTION to Quash *Subpoenas Issued by Anthony Smith in Violation of the Court's Stay* by Paul Duffy, Paul Hansmeier, John Steele. (Attachments: # 1 Affidavit)(Hansmeier, Paul) (Entered: 01/30/2014) |
| | | |

| 01/29/2014 | 115 | MEMORANDUM in Support re 114 MOTION to Stay *November 27, 2013 Order* filed by John Steele. (Steele, John) (Entered: 01/29/2014) |
| 01/29/2014 | 114 | MOTION to Stay *November 27, 2013 Order* by John Steele. (Steele, John) (Entered: 01/29/2014) |
| 01/29/2014 | 113 | MEMORANDUM in Opposition re 107 Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by Paul Hansmeier. (Attachments: # 1 Affidavit)(Hansmeier, Paul) (Entered: 01/29/2014) |
| 01/29/2014 | 112 | ORDER re 107 Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by ComCast Cable Communications, LLC, Anthony Smith, SBC Internet Services, Inc., ComCast Corporate Representative #1. The defendants are DIRECTED to file a reply to 111 RESPONSE in Opposition filed by Paul Duffy on or before 2/6/2014. Further this matter is set for a Show Cause Hearing on 2/13/2014 at 09:00 AM in East St. Louis Courthouse before Chief Judge David R. Herndon. Signed by Chief Judge David R. Herndon on 1/29/2014. (kbl, )THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/29/2014) |
| 01/28/2014 | 111 | RESPONSE in Opposition re 107 Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by Paul Duffy. (Duffy, Paul) (Entered: 01/28/2014) |
| 01/14/2014 | 110 | Joint MOTION to Supplement *the Record on Appeal* by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Booth, Daniel) (Entered: 01/14/2014) |
| 01/06/2014 | 109 | TRANSCRIPT INFORMATION SHEET by Court Reporter (mnc) (Entered: 01/06/2014) |
| 12/30/2013 | 108 | TRANSCRIPT INFORMATION SHEET by Attorney/Pro Se Party (Hansmeier, Paul) (Entered: 12/30/2013) |
| 12/30/2013 | | Chief Judge David R. Herndon added. Judge G. Patrick Murphy no longer assigned to case. (lmt) (Entered: 12/30/2013) |
| 12/27/2013 | 107 | Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Seiver, John) (Entered: 12/27/2013) |
| 12/26/2013 | 106 | DESIGNATION of Record on Appeal by Paul Duffy, Paul Hansmeier, John Steele re 102 Notice of Appeal, (Hansmeier, Paul) (Entered: 12/26/2013) |

| 12/18/2013 | 105 | USCA Case Number 13-3801 for 102 Notice of Appeal, filed by Paul Hansmeier, John Steele, Paul Duffy. (Attachments: # 1 Notice of Docketing)(cds) (Entered: 12/18/2013) |
| 12/16/2013 | 104 | Rule 10 Letter. Appeal Record due to be prepared by 12/26/2013. (lmb) (Entered: 12/16/2013) |
| 12/16/2013 | 103 | Transmission of Short Record to US Court of Appeals re 102 Notice of Appeal (lmb) (Entered: 12/16/2013) |
| 12/12/2013 | 102 | NOTICE OF APPEAL as to 100 Order on Motion to Vacate, Order on Motion for Reconsideration,,,, Order on Motion for Attorney Fees,,,,,,,,,,,,,,,,,,,, 65 Order on Motion for Attorney Fees by Paul Duffy, Paul Hansmeier, John Steele. Filing fee $ 505, receipt number 0754-2145266. (Hansmeier, Paul) (Entered: 12/12/2013) |
| 12/10/2013 | 101 | Transcript of ALL PENDING MOTIONS held on 11/13/2013, before Judge G. Patrick Murphy. Court Reporter Molly Clayton, Telephone number 618.482.9226.<br><br>**NOTICE: Attorneys and unrepresented parties have 7 calendar days to file a Notice of Intent to Request Redaction of this transcript and 21 calendar days to file a Redaction Request. If redactions are not requested, the transcript will be made remotely available to the public without redaction after 90 calendar days. See the full Transcript Policy on the website at http://www.ilsd.uscourts.gov/forms/TransPolicy.pdf**<br><br>Transcript may be viewed at the public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/31/2013. Redacted Transcript Deadline set for 1/10/2014. Release of Transcript Restriction set for 3/10/2014. (mnc) (Entered: 12/10/2013) |
| 11/27/2013 | 100 | ORDER DENYING 66 Motion to Vacate/for Reconsideration by Paul Hansmeier; DENYING 68 Motion to Vacate/for Reconsideration by John Steele; DENYING 74 Motion to Vacatefiled by Paul Duffy; GRANTING 78 Motion for Attorney Fees by ComCast Cable Communications, LLC; GRANTING 82 Motion for Attorney Fees by SBC Internet Services, Inc. It is ORDERED that pursuant to 28 U.S.C § 1927, Paul Duffy, Paul Hansmeier, and John Steele are jointly and severally liable, and shall pay within 14 days of this order, attorney fees and costs to Defendant Anthony Smith in the amount of $72,367.00, to AT&T in the amount of $119,637.05, and to ComCast in the amount of $69,021.26 for a total judgment of $261,025.11, with interest as provided by law. Signed by Judge G. Patrick Murphy on 11/27/13. (klh2) (Entered: 11/27/2013) |
| 11/25/2013 | 99 | ORDER: This matter is before the Court for the purposes of docket control. In the future, any and all itemizations of fees should be filed as a supplement to the respective motion for attorney fees. Accordingly, |

| | | |
|---|---|---|
| | | 97 MOTION for Attorney Fees Supplemental Itemization filed by SBC Internet Services, Inc. and 90 MOTION for Attorney Fees Supplemental Itemization filed by Anthony Smith are terminated as pending motions. The Clerk of Court is DIRECTED to modify the docket text to reflect that 90 is a Supplemental Itemization of Fees linked to 61 MOTION for Attorney Fees filed by Anthony Smith; 97 is a Supplemental Itemization of Fees linked to 82 MOTION for Attorney Fees filed by SBC Internet Services, Inc.; and 98 is a Supplemental Itemization of Fees linked to 78 MOTION for Attorney Fees filed by ComCast Cable Communications, LLC. Signed by Judge G. Patrick Murphy on 11/25/13. (klh2) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/25/2013) |
| 11/22/2013 | 98 | Supplemental Itemization of Fees re 78 by Defendant Comcast's, ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Toennies, Andrew) Modified on 11/25/2013 (trb). (Entered: 11/22/2013) |
| 11/15/2013 | 97 | Supplemental Itemization of Fees re 82 by SBC Internet Services, Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Bozarth, Troy) Modified on 11/25/2013 (trb). (Entered: 11/15/2013) |
| 11/13/2013 | 96 | Minute Entry for proceedings held before Judge G. Patrick Murphy: Motion Hearing held on 11/13/2013. Motions Taken Under Advisement: 66 MOTION to Vacate 65 Order on Motion for Attorney Fees/MOTION for Reconsideration re 65 Order on Motion for Attorney Fees, 74 MOTION to Vacate 65 Order on Motion for Attorney Fees, 82 MOTION for Attorney Fees, 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees/MOTION to Vacate, 90 MOTION for Attorney Fees *Supplemental Itemization, 78 MOTION for Attorney Fees. (Court Reporter Molly Clayton.) (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/13/2013)* |
| 11/13/2013 | 95 | ORDER re law clerk conflict. Signed by Judge G. Patrick Murphy on 11/13/13. (lmm) (Entered: 11/13/2013) |
| 11/12/2013 | 94 | NOTICE of Hearing on 82 MOTION for Attorney Fees, 90 MOTION for Attorney Fees/Supplemental Itemization: Motion Hearing SET for 11/13/2013 at 10:00 AM in East St. Louis Courthouse before Judge G. Patrick Murphy, along with the other pending motions previously set for oral arguments at that time. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/12/2013) |
| 11/12/2013 | 93 | REPLY to Response to Motion re 82 MOTION for Attorney Fees , 78 MOTION for Attorney Fees filed by Anthony Smith. (Booth, Daniel) (Entered: 11/12/2013) |
| 11/12/2013 | 92 | RESPONSE in Opposition re 66 MOTION to Vacate 65 Order on |

| | | |
|---|---|---|
| | | Motion for Attorney Fees MOTION for Reconsideration re 65 Order on Motion for Attorney Fees , 74 MOTION to Vacate 65 Order on Motion for Attorney Fees , 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees MOTION to Vacate filed by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Booth, Daniel) (Entered: 11/12/2013) |
| 11/12/2013 | 91 | NOTICE by Anthony Smith re 90 MOTION for Attorney Fees *Supplemental Itemization Notice of Hearing* (Booth, Daniel) (Entered: 11/12/2013) |
| 11/12/2013 | 90 | Supplemental Itemization of Fees re 61 by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Affidavit, # 6 Affidavit)(Booth, Daniel) Modified on 11/25/2013 (trb). (Entered: 11/12/2013) |
| 11/12/2013 | 89 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 81 Response in Opposition to Motion filed by Anthony Smith, 84 Motion for Attorney Fees filed by Anthony Smith, 85 Notice (Other) filed by Anthony Smith. See attached document for specifics (kek) (Entered: 11/12/2013) |
| 11/11/2013 | 88 | MEMORANDUM in Opposition re 82 MOTION for Attorney Fees , 78 MOTION for Attorney Fees filed by John Steele. (Attachments: # 1 Exhibit, # 2 Exhibit)(Steele, John) (Entered: 11/11/2013) |
| 11/10/2013 | 87 | NOTICE by Paul Hansmeier re 85 Notice (Other) (Hansmeier, Paul) (Entered: 11/10/2013) |
| 11/10/2013 | 86 | RESPONSE in Opposition re 82 MOTION for Attorney Fees , 78 MOTION for Attorney Fees filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 11/10/2013) |
| 11/08/2013 | 85 | STRICKEN PURSUANT TO DOCUMENT 89 - NOTICE by Anthony Smith re 84 MOTION for Attorney Fees *Supplemental Itemization Notice of Hearing* (Booth, Daniel) Modified on 11/12/2013 (kek, ). (Entered: 11/08/2013) |
| 11/08/2013 | 84 | STRICKEN PURSUANT TO DOCUMENT 89 - MOTION for Attorney Fees *Supplemental Itemization* by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Affidavit, # 6 Affidavit)(Booth, Daniel) Modified on 11/12/2013 (kek, ) (Entered: 11/08/2013) |
| 11/08/2013 | 83 | NOTICE by SBC Internet Services, Inc. re 82 MOTION for Attorney Fees , *Notice of Hearing* (Bozarth, Troy) (Entered: 11/08/2013) |
| 11/08/2013 | 82 | MOTION for Attorney Fees by SBC Internet Services, Inc.. (Attachments: # 1 Exhibit 1)(Bozarth, Troy) (Entered: 11/08/2013) |
| 11/08/2013 | 81 | STRICKEN PURSUANT TO DOCUMENT 89 - RESPONSE in Opposition re 66 MOTION to Vacate 65 Order on Motion for Attorney Fees MOTION for Reconsideration re 65 Order on Motion for Attorney Fees , 74 MOTION to Vacate 65 Order on Motion for Attorney Fees , |

| | | |
|---|---|---|
| | | 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees MOTION to Vacate filed by Anthony Smith. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Booth, Daniel) Modified on 11/12/2013 (kek, ) (Entered: 11/08/2013) |
| 11/08/2013 | 80 | NOTICE of Hearing on 78 MOTION for Attorney Fees: Motion Hearing SET for 11/13/2013 at 10:00 AM in East St. Louis Courthouse before Judge G. Patrick Murphy, along with the other pending motions previously set for oral arguments at that time. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/08/2013) |
| 11/08/2013 | 79 | NOTICE by ComCast Cable Communications, LLC, ComCast Corporate Representative #1 re 78 MOTION for Attorney Fees *Notice of Hearing for Defendant Comcast Cable's Motion for Attorney's Fees* (Toennies, Andrew) (Entered: 11/08/2013) |
| 11/08/2013 | 78 | MOTION for Attorney Fees by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Toennies, Andrew) (Entered: 11/08/2013) |
| 11/08/2013 | 77 | NOTICE of Hearing on 74 MOTION to Vacate 65 Order on Motion for Attorney Fees: Motion Hearing SET for 11/13/2013 at 10:00 AM in East St. Louis Courthouse before Judge G. Patrick Murphy, along with the other pending motions previously set for oral arguments at that time. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/08/2013) |
| 11/07/2013 | 76 | ORDER: DENYING 73 MOTION to Continue filed by John Steele. The hearing will go forward on 11/13/2013 at 10:00 AM in East St. Louis Courthouse. Signed by Judge G. Patrick Murphy on 11/7/2013. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/07/2013) |
| 11/07/2013 | 75 | MEMORANDUM in Support re 74 MOTION to Vacate 65 Order on Motion for Attorney Fees filed by Paul Duffy. (Attachments: # 1 Exhibit Declaration)(Duffy, Paul) (Entered: 11/07/2013) |
| 11/07/2013 | 74 | MOTION to Vacate 65 Order on Motion for Attorney Fees by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 11/07/2013) |
| 11/06/2013 | 73 | MOTION to Continue by John Steele. (Steele, John) (Entered: 11/06/2013) |
| 11/06/2013 | 72 | ORDER: GRANTING 71 MOTION to Withdraw as Attorney filed by Lightspeed Media Corporation. Attorney Kevin T. Hoerner was local counsel not implicated in the Order at Doc. 65. Kevin Hoermer is terminated in case. Signed by Judge G. Patrick Murphy on 11/6/2013. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: |

|  |  | 11/06/2013) |
|---|---|---|
| 11/06/2013 | 71 | MOTION to Withdraw as Attorney by Lightspeed Media Corporation. (Hoerner, Kevin) (Entered: 11/06/2013) |
| 11/05/2013 | 70 | NOTICE of Hearing on 66 MOTION to Vacate 65 Order on Motion for Attorney Fees/MOTION for Reconsideration re 65 Order on Motion for Attorney Fees, and 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees/MOTION to Vacate: Motion Hearing SET for 11/13/2013 at 10:00 AM in East St. Louis Courthouse before Judge G. Patrick Murphy. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/05/2013) |
| 11/04/2013 | 69 | MEMORANDUM in Support re 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees MOTION to Vacate filed by John Steele. (Attachments: # 1 Exhibit)(Steele, John) (Entered: 11/04/2013) |
| 11/04/2013 | 68 | MOTION for Reconsideration re 65 Order on Motion for Attorney Fees , MOTION to Vacate by John Steele. (Attachments: # 1 Exhibit, # 2 Supplement)(Steele, John) (Entered: 11/04/2013) |
| 10/31/2013 | 67 | MEMORANDUM in Support re 66 MOTION to Vacate 65 Order on Motion for Attorney Fees MOTION for Reconsideration re 65 Order on Motion for Attorney Fees filed by Paul Hansmeier. (Attachments: # 1 Exhibit Declaration of Paul Hansmeier)(Hansmeier, Paul) (Entered: 10/31/2013) |
| 10/31/2013 | 66 | MOTION to Vacate 65 Order on Motion for Attorney Fees , MOTION for Reconsideration re 65 Order on Motion for Attorney Fees by Paul Hansmeier. (Hansmeier, Paul) (Entered: 10/31/2013) |
| 10/30/2013 | 65 | ORDER granting 61 Motion for Attorney Fees. Defendant shall file itemization of fees on or before 11/8/2013. Signed by Judge G. Patrick Murphy on 10/30/2013. (ktc) (Entered: 10/30/2013) |
| 05/01/2013 | 64 | REPLY to Response to Motion re 61 MOTION for Attorney Fees filed by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit)(Booth, Daniel) (Entered: 05/01/2013) |
| 04/19/2013 | 63 | RESPONSE in Opposition re 61 MOTION for Attorney Fees filed by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 04/19/2013) |
| 04/08/2013 | 62 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 61 Motion for Attorney Fees, filed by Anthony Smith. See attached document for specifics (tkm ) (Entered: 04/08/2013) |
| 04/05/2013 | 61 | MOTION for Attorney Fees by Anthony Smith. (Attachments: # 1 Exhibit Smith Declaration, # 2 Exhibit Guava Hearing Transcript, # 3 Exhibit Ingenuity 13 Order to Show Cause, # 4 Exhibit Sunlust Hearing Transcript, # 5 Exhibit Ingenuity 13 Verified Petition, # 6 Exhibit AF |

| | | Holdings Complaint & Assignment, # 7 Exhibit Forbes Article)(Booth, Daniel) (Entered: 04/05/2013) |
|---|---|---|
| 03/22/2013 | 60 | ORDER re 59 Notice of Voluntary Dismissal filed by Lightspeed Media Corporation. Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a Notice of Dismissal filed before Defendants have filed their answers or motions for summary judgment does not require judicial approval and is effective immediately. This is the case here. The motions to dismiss are terminated without prejudice as moot pursuant to Plaintiff's voluntary dismissal. This action is DISMISSED without prejudice and shall be closed on the docket.. Signed by Judge G. Patrick Murphy on 3/22/2013. (ktc)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/22/2013) |
| 03/21/2013 | 59 | NOTICE of Voluntary Dismissal by Lightspeed Media Corporation (Duffy, Paul) (Entered: 03/21/2013) |
| 03/07/2013 | 58 | ORDER granting 57 Motion to Withdraw. As Plaintiff is represented by other counsel, the Court GRANTS the motion to withdraw. *See* **SDIL-LR 83.1(g).** Attorney John L. Steele is hereby terminated from the case. Signed by Magistrate Judge Stephen C. Williams on 3/7/2013. (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/07/2013) |
| 03/06/2013 | 57 | MOTION to Withdraw as Attorney by Lightspeed Media Corporation. (Steele, John) (Entered: 03/06/2013) |
| 11/15/2012 | 56 | ORDER granting 55 Motion to Withdraw. Attorney Paul Hansmeier has moved to withdraw from the case as counsel for Plaintiff, which is represented by multiple other counsel. The motion is GRANTED; Attorney Hansmeier is TERMINATED from the case. Signed by Magistrate Judge Stephen C. Williams on 11/15/2012. (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/15/2012) |
| 11/14/2012 | 55 | MOTION to Withdraw as Attorney by Lightspeed Media Corporation. (Hansmeier, Paul) (Entered: 11/14/2012) |
| 11/07/2012 | 54 | NOTICE OF CANCELLATION of Hearing: today's telephonic scheduling/discovery conference is terminated.(jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/07/2012) |
| 11/07/2012 | 53 | ORDER. The Motion to Stay Discovery (Doc. 47 ) is **GRANTED.** Discovery in this case is STAYED pending resolution of the motions to dismiss (Docs. 26, 28, 36). After the motions have been resolved, the Court will set a new scheduling conference to address the scheduling and conduct of discovery. Signed by Magistrate Judge Stephen C. Williams on 11/7/2012. (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/07/2012) |

| 11/05/2012 | 52 | REPLY to Response to Motion re 47 MOTION Motion to Defer Discovery Pending Ruling on Defendants' Outstanding Motions to Stay filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Bozarth, Troy) (Entered: 11/05/2012) |
|---|---|---|
| 11/02/2012 | 51 | REPLY to Response to Motion re 36 MOTION to Dismiss for Failure to State a Claim filed by Anthony Smith. (Sweet, Jason) (Entered: 11/02/2012) |
| 10/31/2012 | 50 | RESPONSE in Opposition re 47 MOTION Motion to Defer Discovery Pending Ruling on Defendants' Outstanding Motions to Stay filed by Lightspeed Media Corporation. (Hansmeier, Paul) (Entered: 10/31/2012) |
| 10/29/2012 |  | Set/Reset Deadlines as to 47 MOTION Motion to Defer Discovery Pending Ruling on Defendants' Outstanding Motions to Stay. Responses due by 10/31/2012 Replies due by 11/5/2012. (jaj) (Entered: 10/29/2012) |
| 10/26/2012 | 49 | Minute Entry for Telephonic Scheduling & Discovery Conference held before Magistrate Judge Stephen C. Williams on 10/25/2012. Appearing for Plaintiff: Paul Hansmeier, Kevin Hoerner, and John Steele; for Defendant Smith: Daniel Booth; for AT&T Defendants: Troy Bozarth and Bart Huffman; for ComCast Defendants: John Seiver and Andy Toennies. The court set a truncated briefing schedule for the motion to defer discovery (which is really a motion to stay) filed by Defendants. Plaintiff's response to the motion to stay (Doc. 47) shall number 10 pages or less and shall be due on or before 10/31/2012. Defendants' reply brief shall number 5 pages or less and shall be due on or before 11/5/2012. The case is RESET for another Telephonic Scheduling / Discovery Conference (and if necessary any argument on the motion to stay) before Magistrate Judge Williams on **11/7/2012 at 03:00 PM**. (Court Reporter n/a.) (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/26/2012) |
| 10/25/2012 | 48 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 47 Motion for Miscellaneous Relief, filed by ComCast Cable Communications, LLC, Anthony Smith, SBC Internet Services, Inc., ComCast Corporate Representative #1. At time of filing, Document 47 should have been linked to the various pending motions referenced. Clerk has linked entry to pending motions to dismiss and edited the docket text to reflect Motion to Dismiss instead of Motion to Stay as referenced in initial docket text. NO ACTION REQUIRED -- THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY.(drb) (Entered: 10/25/2012) |
| 10/24/2012 | 47 | MOTION to Defer Discovery Pending Ruling on Defendants' Outstanding 26 28 36 Motions to Dismiss by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Bozarth, Troy) Modified on 10/25/2012 (drb). (Entered: 10/24/2012) |

| | | |
|---|---|---|
| 10/23/2012 | 46 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 45 Notice (Other) filed by Lightspeed Media Corporation. Joint Report of Parties are to be e-mailed to the appropriate Judge's in box, not filed on the docket. Entry stricken, document deleted this date by Clerk's Office Staff. Per chambers, a copy was e-mailed and received 10/22/2012. No further action required at this time. (jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/23/2012) |
| 10/22/2012 | 45 | ENTRY STRICKEN - NOTICE by Lightspeed Media Corporation *Joint Report Of The Parties And Proposed Scheduling And Discovery Order* (Duffy, Paul) Modified on 10/23/2012 (jaj). (Entered: 10/22/2012) |
| 10/22/2012 | 44 | RESPONSE in Opposition re 36 MOTION to Dismiss for Failure to State a Claim filed by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 10/22/2012) |
| 10/17/2012 | 43 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 42 Response filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. See attached document for specifics (jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/17/2012) |
| 10/15/2012 | 42 | RESPONSE to 39 Response in Opposition to Motion *to Dismiss* filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Seiver, John) (Entered: 10/15/2012) |
| 10/11/2012 | 41 | NOTICE of Scheduling and Discovery Conference: Scheduling/Discovery Conference set for 10/25/2012 at 3:30 PM via Telephone Conference before Magistrate Judge Stephen C. Williams. (amv) (Entered: 10/11/2012) |
| 10/01/2012 | 40 | MEMORANDUM in Opposition re 26 MOTION to Dismiss for Failure to State a Claim filed by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 10/01/2012) |
| 10/01/2012 | 39 | RESPONSE in Opposition re 28 MOTION to Dismiss *Plaintiff's First Amended Complaint* filed by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 10/01/2012) |
| 09/28/2012 | 38 | CJRA TRACK B assigned: Jury Trial set for presumptive month 10/2013 in East St. Louis Courthouse before Judge G. Patrick Murphy. Signed by Judge G. Patrick Murphy on 9/28/2012. (lmm) (Entered: 09/28/2012) |
| 09/18/2012 | 37 | MEMORANDUM in Support re 36 MOTION to Dismiss for Failure to State a Claim filed by Anthony Smith. (Attachments: # 1 Exhibit A) (Booth, Daniel) (Entered: 09/18/2012) |
| 09/18/2012 | 36 | MOTION to Dismiss for Failure to State a Claim by Anthony Smith. Responses due by 10/22/2012 (Booth, Daniel) (Entered: 09/18/2012) |
| 09/12/2012 | 35 | ORDER granting 30 Motion to Appear Pro Hac Vice for attorney Dan |

|  |  |  |
|---|---|---|
|  |  | Booth and granting 31 Motion to Appear Pro Hac Vice for attorney Jason Sweet, both on behalf of Defendant Anthony Smith on 9/12/2012. (jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/12/2012) |
| 09/11/2012 | 34 | ORDER granting 33 Motion for Extension of Time to Answer. Defendant Smith shall file answer or responsive pleading on or before 9/20/2012. Signed by Judge G. Patrick Murphy on 9/11/2012. (ktc) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/11/2012) |
| 09/10/2012 | 33 | MOTION for Extension of Time to File Answer *or Otherwise Respond to Complaint* by Anthony Smith. (Attachments: # 1 Exhibit Summons - St. Clair County)(Booth, Daniel) (Entered: 09/10/2012) |
| 09/10/2012 | 32 | NOTICE of Appearance by Daniel G. Booth on behalf of Anthony Smith (Booth, Daniel) (Entered: 09/10/2012) |
| 09/10/2012 | 31 | MOTION to Appear Pro Hac Vice *by Attorney Jason Sweet* by AttorneyDaniel G. Booth $100 fee paid,receipt number 0754-1779103 by on behalf of Anthony Smith. (Booth, Daniel) (Entered: 09/10/2012) |
| 09/10/2012 | 30 | MOTION to Appear Pro Hac Vice by AttorneyDaniel G. Booth $100 fee paid,receipt number 0754-1779083 by on behalf of Anthony Smith. (Booth, Daniel) (Entered: 09/10/2012) |
| 08/30/2012 | 29 | Transcript of MOTION FOR DISCOVERY held on 08/20/2012, before Judge G. Patrick Murphy. Court Reporter Molly N. Clayton, (618) 482.9226.<br><br>**NOTICE: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. This policy is located on our website at www.ilsd.uscourts.gov/Forms/CMECFTranscriptPolicy.pdf.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/20/2012. Redacted Transcript Deadline set for 10/1/2012. Release of Transcript Restriction set for 11/28/2012. (mnc) (Entered: 08/30/2012) |
| 08/29/2012 | 28 | MOTION to Dismiss *Plaintiff's First Amended Complaint* by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. Responses due by 10/1/2012 (Attachments: # 1 Comcast's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's First Amended Complaint, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C) (Seiver, John) (Entered: 08/29/2012) |

| 08/29/2012 | 27 | MEMORANDUM in Support re 26 MOTION to Dismiss for Failure to State a Claim filed by SBC Internet Services, Inc.. (Bozarth, Troy) (Entered: 08/29/2012) |
|---|---|---|
| 08/29/2012 | 26 | MOTION to Dismiss for Failure to State a Claim by SBC Internet Services, Inc.. Responses due by 10/1/2012 (Bozarth, Troy) (Entered: 08/29/2012) |
| 08/21/2012 | 25 | ORDER granting 22 Motion to Appear Pro Hac Vice for Attorney John Seiver for Defendants ComCast Cable Communications LLC and ComCast Corporate Representative #1 on 8/21/2012. (jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/21/2012) |
| 08/21/2012 | 24 | ORDER granting 21 Motion to Appear Pro Hac Vice for attorney Paul Hansmeier on behalf of Plaintiff Lightspeed Media Corporation on 8/21/2012. (jaj) (Entered: 08/21/2012) |
| 08/20/2012 | 23 | Minute Entry for proceedings held before Judge G. Patrick Murphy: Motion Hearing held on 8/20/2012. DENYING 9 Emergency MOTION for Discovery Prior to the Rule 26(f) Conference filed by Lightspeed Media Corporation. (Court Reporter Molly Clayton.) (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/20/2012) |
| 08/20/2012 | 22 | MOTION to Appear Pro Hac Vice by AttorneyJohn D. Seiver by on behalf of ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Attachments: # 1 Certificate of Good Standing) (Seiver, John) (Entered: 08/20/2012) |
| 08/20/2012 | 21 | MOTION to Appear Pro Hac Vice by AttorneyPaul Hansmeier by on behalf of Lightspeed Media Corporation. (Hansmeier, Paul) (Entered: 08/20/2012) |
| 08/20/2012 | 20 | NOTICE of Appearance by John L. Steele on behalf of Lightspeed Media Corporation (Steele, John) (Entered: 08/20/2012) |
| 08/20/2012 | 19 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 15 Motion to Appear Pro Hac Vice filed by Lightspeed Media Corporation. See attached document for specifics (jaj) (Entered: 08/20/2012) |
| 08/20/2012 | 18 | ORDER granting 12 Motion to Appear Pro Hac Vice for attorney Bart W. Hoffman on behalf of Defendants SBC Internet Services, Inc and AT&T Corporate Representative No 1 on 8/20/2012. (jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/20/2012) |
| 08/20/2012 | 17 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 13 Motion to Appear Pro Hac Vice, filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. See attached document for specifics (jaj) (Entered: 08/20/2012) |
| 08/20/2012 | 16 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS |

| | | |
|---|---|---|
| | | striking 11 Notice of Appearance filed by Lightspeed Media Corporation. See attached document for specifics (jaj) (Entered: 08/20/2012) |
| 08/20/2012 | 15 | ENTRY STRICKEN - MOTION to Appear Pro Hac Vice by AttorneyPaul A. Duffy $100 fee paid,receipt number 0754-1762255 by on behalf of Lightspeed Media Corporation. (Duffy, Paul) Modified on 8/20/2012 (jaj). (Entered: 08/20/2012) |
| 08/20/2012 | 14 | RESPONSE in Opposition re 9 Emergency MOTION for Discovery *Prior to the Rule 26(f) Conference*Emergency MOTION for Discovery *Prior to the Rule 26(f) Conference*Emergency MOTION for Discovery *Prior to the Rule 26(f) Conference* filed by SBC Internet Services, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Bozarth, Troy) (Entered: 08/20/2012) |
| 08/20/2012 | 13 | ENTRY STRICKEN - MOTION to Appear Pro Hac Vice *by Attorney John D. Seiver* by AttorneyAndrew G. Toennies $100 fee paid,receipt number 0754-1762199 by on behalf of ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Toennies, Andrew) Modified on 8/20/2012 (jaj). (Entered: 08/20/2012) |
| 08/17/2012 | 12 | MOTION to Appear Pro Hac Vice by AttorneyBart Westcott Huffman $100 fee paid,receipt number 0754-1761679 by on behalf of AT&T Corporate Represenative #1, SBC Internet Services, Inc.. (Huffman, Bart) (Entered: 08/17/2012) |
| 08/17/2012 | 11 | ENTRY STRICKEN - NOTICE of Appearance by Paul A. Duffy on behalf of Lightspeed Media Corporation (Duffy, Paul) Modified on 8/20/2012 (jaj). (Entered: 08/17/2012) |
| 08/17/2012 | 10 | ORDER Setting Hearing on Motion 9 Emergency MOTION for Discovery. Motion Hearing set for 8/20/2012 03:00 PM in East St. Louis Courthouse before Judge G. Patrick Murphy. Signed by Judge G. Patrick Murphy on 8/17/2012. (ktc)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/17/2012) |
| 08/16/2012 | 9 | Emergency MOTION for Discovery *Prior to the Rule 26(f) Conference* by Lightspeed Media Corporation. (Attachments: # 1 Exhibit Declaration, # 2 Exhibit Judge Howell Order, # 3 Exhibit Complaint, # 4 Exhibit Order Granting Discovery, # 5 Exhibit Motion to Quash, # 6 Exhibit Order Denying Motion to Quash, # 7 Exhibit Motion to Stay, # 8 Exhibit Order Denying Motion to Stay, # 9 Exhibit Motion for Supervisory Order, # 10 Exhibit Order Granting Motion, # 11 Exhibit Amended Complaint, # 12 Exhibit Cease and Desist Letter)(Duffy, Paul) (Entered: 08/16/2012) |
| 08/16/2012 | 8 | NOTICE of Appearance by Andrew G. Toennies on behalf of ComCast Corporate Representative #1 (Toennies, Andrew) (Entered: 08/16/2012) |

| 08/14/2012 | 7 | NOTICE of Appearance by Andrew G. Toennies on behalf of ComCast Cable Communications, LLC (Toennies, Andrew) (Entered: 08/14/2012) |
|---|---|---|
| 08/14/2012 | 6 | ORDER OF RECUSAL. Judge William D. Stiehl recused. Case reassigned to Judge G. Patrick Murphy for all further proceedings. Signed by Judge William D. Stiehl on 8/14/2012. (bjw) (Entered: 08/14/2012) |
| 08/13/2012 | 5 | DISCLOSURE OF INTERESTED PARTIES *Corporate Disclosure Statement* by ComCast Cable Communications, LLC, ComCast Corporate Representative #1.(Toennies, Andrew) (Entered: 08/13/2012) |
| 08/13/2012 | 4 | CONSENT to Removal byComCast Corporate Representative #1, ComCast Cable Communications, LLC. (Toennies, Andrew) (Entered: 08/13/2012) |
| 08/09/2012 | 3 | Corporate Disclosure Statement by SBC Internet Services, Inc.. (Bozarth, Troy) (Entered: 08/09/2012) |
| 08/09/2012 | 2 | NOTICE OF REMOVAL by SBC Internet Services, Inc. from St. Clair County, case number 11-L-683. ( Filing fee $ 350 receipt number 0754-1755201) (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A-1 A-1 First Amended Complaint, # 3 Exhibit A-2 Original Complaint, # 4 Exhibit A-3 Order granting leave to file, # 5 Exhibit B (1 of 23), # 6 Exhibit B (2 of 23), # 7 Exhibit B (3 of 23), # 8 Exhibit B (4 of 23), # 9 Exhibit B (5 of 23), # 10 Exhibit B (6 of 23), # 11 Exhibit B (7 of 23), # 12 Exhibit B (8 of 23), # 13 Exhibit B (9 of 23), # 14 Exhibit B (10 of 23), # 15 Exhibit B (11 of 23), # 16 Exhibit B (12 of 23), # 17 Exhibit B (13 of 23), # 18 Exhibit B (14 of 23), # 19 Exhibit B (15 of 23), # 20 Exhibit B (16 of 23), # 21 Exhibit B (17 of 23), # 22 Exhibit B (18 of 23), # 23 Exhibit B (19 of 23), # 24 Exhibit B (20 of 23), # 25 Exhibit B (21 of 23), # 26 Exhibit B (22 of 23), # 27 Exhibit B (23 of 23)) (Bozarth, Troy) (Entered: 08/09/2012) |
| 08/09/2012 | 1 | Case Opened. Documents may now be electronically filed. Case number 12-cv-889-WDS/SCW must be placed on all documents prior to filing them electronically. (Attachments: # 1 Consent to Proceed before a Magistrate Judge)(jlrr ) (Entered: 08/09/2012) |