# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LIGHSPEED MEDIA CORP.,** *Plaintiff*, v. **ANTHONY SMITH, et al.,** *Defendants*. | Civil No. 3:12-cv-889-DRH-SCW |

## OBJECTIONS TO SMITH'S ITEMIZATIONS

John Steele respectfully submits this objection to Anthony Smith's Itemization of Additional Expenses Incurred in Conducting Third Party Discovery, Including Costs and Attorney's Fees (the "Itemization"). Dkt. 200. The overwhelming majority of the items listed in Smith's Itemization have literally no relevance to what the Court asked Smith to itemize, *i.e.* the additional costs Smith incurred as a result of what the Court identified as Steele and Duffy's discovery obstruction. Dkt. 199, at 16 ("[T]he Court orders Anthony Smith to submit reasonable costs by July 3, 2015."). Smith has submitted an Itemization requesting no less than $94,343.51, for what essentially amounts to a minor delay in receiving information Smith ultimately received anyways.

The two acts described in the Court's June 5, 2015 Order were Duffy's submission of a file stamped copy of a motion to quash to JP Morgan Chase on March 3, 2014 and communications between Steele and Sabadell United Bank on April 16, 2014. The Court should reduce Smith's Itemization to what the Court actually ordered Smith to itemize. At a maximum, Smith should be allowed to recover for the March 7, 2014 entry for .2 hours and the March 12, 2014 entry for .1 hours. After that point, as Smith's itemization makes clear (*e.g.* March 13, 2014

and March 14, 2014 entries) Smith received the documents from JP Morgan, notwithstanding Duffy's apparent "obstruction." Smith should not be entitled to recover $94,343.51 for a potential one week delay in receiving these documents. As for Steele, the only entries that seem relevant are two April 11, 2014 entries regarding e-mail correspondence with Steele and three entries ranging from October 27, 2014 to October 28, 2014 regarding correspondence with Sabadell Bank. The aggregate amount of time associated with all of the entries listed in this paragraph 1.3 hours. At Smith's counsel's inflated billable rate of $409/hour, this would provide Smith with a recovery of $531.70.[1]

Smith's attorneys should be referred to the U.S. Attorney for the Southern District of Illinois for prosecution for attempted fraud. Smith's fee itemization includes 31 entries that predate the *earliest* act identified in the Court's June 5, 2015 Order. Dkt. 200-1, at 1-3. Most glaringly, Smith seeks recovery of over $4,580.80 for *preparing* initial discovery on January 17, 2014 and January 21, 2014. There is no way that this amount can reasonably be construed as resulting from any alleged obstruction on March 3, 2014 or April 16, 2014. The same can be said for the $4,539.90 Smith's counsel spent between January 30, 2014 and February 14, 2014 preparing an opposition to a motion to quash.

Smith's Itemization also includes: (a) dining expenses, suggesting that the discovery obstruction identified in the Court's order increased his counsel's appetite; (b) additional baggage fees; and (c) itemization of costs associated with subpoenas issued to TCF Bank, the Delaware Secretary of State, GoDaddy, Wells Fargo, and Scottrade—even though there is no suggestion whatsoever that discovery obstruction occurred with respect to any of these

---

[1] Any amounts attributable to attending or preparing for the hearing were already addressed in the Court's prior $65,000 sanction.

institutions. Dkt. 200-1, at 14. Finally, Smith's Itemization includes time entries for his attorneys' investigation of Monyet LLC (even though that entity is not in any manner alleged to be associated with Steele or Duffy), conferring with "Pershing", researching "SovereignMan", and conferring with TMobile.

As another example of just how fraudulent Smith's submission is, Smith seeks $3,394.70 for a March 19, 2014 entry for "Review correspondence and responsive documents from TCF Bank." There is not a single suggestion in the record that any obstruction occurred with respect to TCF Bank. Nevertheless, Smith's counsel states under the penalty of perjury that the itemization "accurately reflect[s] work [he] performed over the last eighteen months attributable to the discovery obstructions of Plaintiff's counsel John Steele and Paul Duffy, and accurately reflect[s] costs and expenses Smith incurred attributable to their discovery obstructions." Dkt. 200-4, at ¶ 2; Dkt. 200-3, at ¶ 2. Steele has never banked with TCF Bank.

It is as if Smith truly believes that the $2,781.20 in time his counsel spent in reviewing responsive documents from BluePay, on February 20, 2014, was attributable to alleged discovery obstructions that occurred, at the very earliest, three weeks later. Or, for that matter, the time his attorneys spent on the March 4, 2014, for conferring "with ISP co-counsel regarding Prenda's in-camera filing," and conferring with Google on March 13, 2014.

In aggregate, the amount of money Smith is attempting to obtain by fraud amounts to a Class A felony in Illinois, and ostensibly the equivalent penalty under federal law. There are some cases where attorneys attempt to push the boundaries, within reason, on what is recoverable. This is not one of those cases. The vast majority of the entries submitted by Smith are outright fraud in a case that is being closely-followed nationwide.

Steele is well aware of this Court's dislike for the Plaintiff's counsel in this case, and is well aware that this Court gives little credence to anything filed by either Steele, Hansmeier or Duffy.  The sanctions issued by this court and others have caused Mr. Hansmeier to recently file for bankruptcy.  If this Court grants a windfall of another $94,000 to Defense counsel, Steele will likely have to declare bankruptcy as well.  Steele has never denied sending a copy of this Court's order to Sabadell bank.  Steele honestly did not believe that sending the order was wrong at the time, but clearly the Court disagrees.  Steele is not rearguing the matter, and accepts the Court's decision to punish him.  However, Steele is begging this Court to consider what costs were really incurred by Defense Counsel in regards to waiting an extra week to get Steele's bank records.  Steele respectfully submits that it is not justice to reward Defendant's counsel with nearly $100,000 when it cost Defense counsel $531.40 in additional work.  And while Steele understands that his Court has awesome and incredible power to punish Steele as extensively as it wishes, Steele pleads with this Court to exercise judicial restraint and limit the latest Defense counsel's effort at sanctions to their actual cost of $531.40.

## CONCLUSION

At most, Smith has identified $531.40 in additional costs that are attributable to the conduct described in the Court's June 5, 2015 order.

July 17, 2015                                       Respectfully Submitted,

                                       By:    /s/ John Steele
                                              John Steele
                                              1111 Lincoln Road Suite 400
                                              Miami Beach, FL 33139
                                              786-751-8131

## Certificate of Service

      I hereby certify that on July 17, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

      /s/ John Steele