IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORP.,

    Plaintiff,

vs.                                   No. 3:12-cv-889-DRH-SCW

ANTHONY SMITH, et al.,

    Defendants.

## ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

On June 5, 2015, the Court issued an order finding, *inter alia*, that Lightspeed's counsel Paul Duffy ("Duffy") and John Steele ("Steele") "engaged in unreasonable, willful obstruction of discovery in bad faith." The Court awarded sanctions to Anthony Smith ("Smith") "in the amount of the additional expenses incurred in conducting third party discovery" and directed Smith to submit a memorandum detailing his additional expenses.

In response to that order, on July 2, 2015, Smith submitted a memorandum seeking $94,343.51 in expenses (Doc. 200). Steele objects to the submitted expenses (Doc. 208). Steele's objections are not well taken. As is customary for Steele, his objections minimize his misconduct and distort the facts of the case. For the reasons discussed herein, the Court finds that all of the submitted expenses are reasonable and recoverable. The Court awards sanctions against Steele and Duffy

in the amount of $94,343.51, apportioned equally between Steele and Duffy. The sanctions shall be paid on or before August 10, 2015.

## II. ANALYSIS

### 1. Expenses, Fees and Costs Reasonably Incurred in Conducting Third Party Discovery

Smith seeks expenses, fees and costs he incurred in conducting third party discovery beginning in January 2014. The Court finds that all of the submitted expenses, fees and costs were necessitated by Lighstpeed's counsel's frivolous, bad faith actions. Moreover, all of the requested amounts are reasonable and recoverable as "excess costs" under Section 1927 and/or as "reasonable expenses, caused by the failure" of Steele and Duffy under Rule 37(b)(2)(C).

With respect to the January 2014 amounts, the Court agrees with Smith. These expenses were incurred as a direct result of Lightspeed's counsel's refusal to pay the original sanctions order and false assertions of insolvency related thereto. Steele and Duffy used a variety of measures to obstruct the January 2014 discovery efforts (and the March 2014 discovery efforts). Thus, these expenses are recoverable. Moreover, as the Court has noted in previous orders, this litigation has proven entirely frivolous. Considering all of the above and Smith's briefing in support, the Court agrees that an award of sanctions in the amounts Smith incurred in conducting discovery beginning in January is appropriate.

### 2. Expenses, Fees and Costs Reasonably Incurred in Briefing and Litigating Steele and Duffy's Obstructions

Smith's submitted expenses include expenses, fees and costs incurred in briefing and litigating issues related to Steele and Duffy's obstructions. Both Section 1927 and Rule 37(b) support awarding Smith the requested amounts. *See e.g. Rickels v. City of South Bend,* 33 F.3d 785, 787 (7th Cir. 1994); *Nissenbaum v. Milwaukee County,* 333 F.3d 804, 811 (7th Cir. 3003). The Court has reviewed the submitted expenses, fees and costs and finds that they are reasonable and recoverable. The Court agrees that where, as here, the defendant's discovery motion was denied based on a willful, bad faith misrepresentation by plaintiff's counsel, and the court reconsiders the issue based on evidence of the misrepresentation, counsel should bear the costs incurred in both the original motion and the subsequent motion for sanctions.

### 3. Lodestar Method

Section 1927 and Rule 37 are both limited to fees, costs, and expenses that are reasonable or reasonably incurred. In assessing the fees reasonably incurred the Court finds the Lodestar method is appropriate. Under the lodestar method, attorney's fees are calculated as "the hours reasonably expended multiplied by the reasonable hourly rate." *Johnson v. GDF, Inc.,* 668 F.3d 927, 929 (7th Cir. 2012). The Court finds that the hours submitted by Smith were reasonably expended and that a reasonable hourly rate has been charged for those services. The Court additionally finds that the costs submitted by Smith were reasonably incurred in

conducting third party discovery.

### III.　CONCLUSION

This litigation has been entirely frivolous. Moreover, Lightspeed's counsel's falsehoods and obstructionist tactics have created significant costs for Smith. The Court agrees that the submitted expenses, costs and fees are eminently reasonable given the history of this litigation and the more than a year Smith spent defending against obstructionist tactics and engaging in extensive discovery to obtain proof of Duffy and Steele's misconduct.

Accordingly, for the reasons discussed herein and as set forth in Smith's briefing, the Court finds that Smith's requested sanction in the amount of $94,343.51 is reasonable and recoverable. The Court awards sanctions against Steele and Duffy in the amount of $94,343.51, apportioned equally between Steele and Duffy. The sanctions shall be paid on or before August 10, 2015.

**IT IS SO ORDERED.**

Signed this 10th day of August, 2015.

Digitally signed by David R. Herndon
Date: 2015.08.10 11:45:20 -05'00'

**United States District Court**