IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:12-cv-889-DRH-SCW |
| | ) | |
| v. | ) | **DEFENDANT ANTHONY** |
| | ) | **SMITH'S DESIGNATION** |
| ANTHONY SMITH, SBC INTERNET SERVICES, | ) | **OF RECORD AND NOTICE** |
| INC., d/b/a AT&T INTERNET SERVICES; AT&T | ) | **OF ORDER PURSUANT** |
| CORPORATE REPRESENTATIVE #1; COMCAST | ) | **TO FED. R. APP. P. 10(b)** |
| CABLE COMMUNICATIONS, LLC, and | ) | |
| COMCAST CORPORATE REPRESENTATIVE #1, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Fed. R. App. P. 10(b)(3), Defendant Anthony Smith ("Smith") hereby designates the complete transcript of the November 12, 2014 hearing (the "Hearing"; *see* Doc. 187), as necessary to be ordered as part of the record on appeal, along with all *in camera* filings, and provides notice that he has requested that the court reporter prepare the transcript.

An appellant must timely either order the transcript or file and serve on the appellee a statement of the issues that he intends to present on appeal. Fed. R. App. P. 10(b)(1)(A) & (b)(3)(A). Appellant John Steele ("Steele") has done neither, yet a transcript is necessary in his appeal.

The Hearing was held on Smith's motions for contempt and discovery sanctions. Doc. 135 & 153.[1] At the Hearing, Steele indicated he "never intentionally made misrepresentations to third parties" to obstruct discovery and "denied making misrepresentations regarding [his] financial status." Doc. 199 p. 7. The Court ultimately found otherwise. *Id.* pp. 14 (discussing

---

[1] The Court denied Smith's motions initially, Doc. 188, then granted reconsideration and found Steele and Paul Hansmeier ("Hansmeier") in contempt, awarding sanctions against both on June 5, 2015. Doc. 199. Hansmeier is appealing that order. Doc. 204; Appeal No. 15-2440.

1

evidence that "demonstrates [Steele's] knowing interference in Smith's discovery efforts") & 15 ("on November 12, 2014, Steele still pled insolvency. Yet, just one month later, he represented in his divorce proceeding that his assets approached $1.3 million[.]"). The Court sanctioned Steele for contempt and found discovery sanctions warranted, *id.* pp. 13-14 & 16-17. The Court then imposed those discovery sanctions in the July 23, 2015 order from which Steele is appealing. Doc. 210 & 211; Appeal No. 15-2682.

Steele's stated reason for not ordering the Hearing transcript is that "[t]he District Court granted a Motion for Reconsideration without a hearing." Doc. 10, Seventh Circuit Tr. Info. Sheet, Appeal No. 15-2682 (filed Aug. 25, 2015).[2] That is a red herring; Steele is not appealing from the Court's grant of reconsideration but from its later entry of sanctions. *Compare* Doc. 211 *with* Doc. 204. Steele's proffered reason is also irrelevant; "no hearing in court is required for a Rule 60(b) motion for reconsideration, either by the text of the rule or by due process." *Vranich v. Chater*, No. 95-1625, 1996 U.S. App. 32816, *5 (7th Cir. Dec. 6, 1996). And the Court construed Smith's motion for reconsideration under Rule 59(e), which requires an even "lower threshold of proof than does Rule 60(b)." Doc. 199 p. 10-11.

At the Hearing Steele made further *in camera* filings and argued against Smith's motions, making misrepresentations that will be squarely at issue in his appeal. *See* Doc. 187; Doc. 188 p. 7; Doc. 189 pp. 5-6; Doc. 199 pp. 13-14; *see also* Doc. 136 p. 7 (*in camera* filings). Therefore a Hearing transcript should be included in the record on appeal, along with all *in camera* filings.

---

[2] Hansmeier also did not order a Hearing transcript, stating as his grounds, "[t]he transcript is being ordered by another appellant." Doc. 13, Seventh Circuit Tr. Info. Sheet, Appeal No. 15-2440 (7th Cir. filed Aug. 14, 2015). Yet Steele is the only other appellant; their appeals are consolidated for purposes of briefing and disposition. Doc. 8, Order, *id*. (Aug. 12, 2015). Hansmeier's Hearing statements will also be at issue in his appeal, for the reasons stated herein.

## CONCLUSION

Pursuant to Fed. R. App. P. 10(b)(3)(B), Smith hereby designates the Hearing transcript as necessary for the record on appeal. Further, Smith gives notice that he has ordered a transcript from the Court reporter pursuant to Fed. R. App. P. 10(b)(3)(C).

Dated: September 4, 2015          Respectfully,

  /s/ Dan Booth
Dan Booth (admitted *pro hac vice*)
dbooth@boothsweet.com

Jason E. Sweet (admitted *pro hac vice*)
jsweet@boothsweet.com

BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8602
Fax: (617) 250-8883

*Counsel for Defendant Anthony Smith*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(b)

I hereby certify that on this 4th day of September, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record and provide service upon each.

  /s/ Dan Booth
Dan Booth