# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORP.,

    Plaintiff,

vs.                                                                  No. 3:12-cv-889-DRH-SCW

ANTHONY SMITH, et al.,

    Defendants.

## ORDER TO SHOW CAUSE WHY JOHN STEELE SHOULD NOT BE FINED FOR HIS CIVIL CONTEMPT OF COURT

**HERNDON, District Judge:**

On July 19, 2016, the Seventh Circuit vacated the fine imposed against John Steele for civil contempt.[1] The Appellate Court concluded the fine imposed was criminal in nature because it was an unconditional fine and did not reflect actual costs caused by the misconduct in issue. Accordingly, the Seventh Circuit vacated and remanded for further proceedings. In so holding, the Appellate Court expressly noted as follows:

> We make no comment on what type of contempt Smith may wish to seek, whether the court might re-consider the possibility of civil contempt, or whether criminal contempt could be justified once the proper procedures are followed. We are confident that the district court will take a fresh look at these questions in light of this opinion.

---

[1] The district court's fine was imposed against both John Steele and Paul Hansmeier. Both Steele and Hansmeier appealed. However, the Seventh Circuit concluded Hansmeier had no standing to appeal the sanctions against him because he is presently in Chapter 7 bankruptcy. Accordingly, only the contempt sanction as to Steele was vacated.

(Doc. 228 p. 15).

In light of the above, the Court issues this Show Cause Order directing John Steel to show cause why he should not be fined, as described herein, for his misrepresentations regarding his ability to pay the Fee Order imposed by Judge Murphy on November 27, 2013. Specifically, on January 29, 2014 Steele signed and filed a memorandum claiming the Court's sanction posed a "crippling financial liability." (Doc. 115 p. 3). Additionally, at a hearing on February 13, 2014, Steele sought leave to show inability to pay (Doc. 101). As detailed in this Court's June 5, 2015 Order (Doc. 199 pp. 14-15), subsequent evidence revealed Steele had funds and/or assets sufficient to pay the Fee Order.

As a direct result of Steele's misrepresentations, between January 29, 2014 and June 5, 2015, this Court expended a significant amount of time and effort addressing matters relating to Steele's ability to pay the Fee Order. This includes the following: (1) reviewing, researching, and issuing orders resolving and/or reconsidering numerous motions stemming from the misrepresentations; (2) preparing for and holding hearings on February 13, 2014 (Doc. 123) and November 12, 2014 (Doc. 187); and (3) reviewing asset statements submitted by John Steele in support of his inability to pay claim.

Steele's choice to make misrepresentations to this Court and to continue to press the issue of inability to pay necessitated all of the above. Steele's misconduct resulted in an actual loss to this Court and, more importantly, to the tax payers. It is the tax payers who ultimately bear the cost of adjudicating Steele's

misrepresentations. *See U.S. v. Dowell*, 257 F.3d 694, 699-700 (7th Cir. 2001). Considering the real cost to this Court and to the tax payers, the Court may impose a sanction that compensates the taxpayers for the Court's time. *See Id* (approving a fine of approximately $2500, imposed in a civil contempt order, based on the cost to the government of a lawyer's failure to appear at trial, including cost of impaneling a jury); *Maynard v. Nygren*, 332 F.3d 462 (approving a fine payable to the court of $3500, imposed under Rule 37(b)(2), for time spent by the court, at $500 per hour, on resolving emergency motion for sanctions and involuntary dismissal based upon discovery violations).

The Court intends to impose a remedial sanction for the Steele's misconduct, outlined in this Court's June 5, 2015 Order (Doc. 199). The remedial sanction shall be a fine in an amount necessary to reimburse the Court for the costs incurred as a result of Steele's misrepresentations to this Court.

Therefore, John Steele is **ORDERED** to appear on October 20, 2016 at 1:30 in the East St. Louis Courthouse before Judge David R. Herndon to Show Cause why he should not be held in civil contempt for his misrepresentations to this Court and fined in an amount necessary to reimburse the Court for the costs related to his misconduct as described herein.

**FURTHER,** to the extent that either John Steele or defendant Smith wishes

to file a brief with the Court in relation to this matter, briefing should be filed on or before September 23, 2016.

**IT IS SO ORDERED.**

Signed this 15th day of August, 2016.

                                        Digitally signed by Judge David R. Herndon
                                        Date: 2016.08.15 17:39:09 -05'00'

                                    **United States District Judge**