IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORP.,

    Plaintiff,

vs.                                                              No.  3:12-cv-889-DRH-SCW

ANTHONY SMITH, et al.,

    Defendants.

### ORDER

**HERNDON, District Judge:**

#### INTRODUCTION

This matter is before the Court on Anthony Smith's application for $94,343.51 of the funds submitted to the Court (Doc. 230). Based on the record and the following, the Court **ORDERS** as follows:

#### BACKGROUND

On June 5, 2015, the Court issued an order finding that Lightspeed's counsel Paul Duffy ("Duffy") and John Steele ("Steele") engaged in unreasonable, willful obstruction of discovery in bad faith." (Doc. 199). Consequently, the Court imposed discovery sanctions, payable to Anthony Smith ("Smith"), in the amount of $94,343.51 (Smith's discovery costs) (Doc. 210). The monetary sanction as to Steele and Duffy was to be "apportioned equally" between the two attorneys (Doc. 210, p. 2,4). Hereinafter, the Court will refer to this sanction as the Discovery Sanction.

The June 5, 2015 Order also found Steele and Lightspeed's counsel, Paul Hansmeier ("Hansmeier") in contempt for misleading the Court by claiming insolvency in relation to the Section 1927 Sanctions Order.[1] The Court ordered Steele and Hansmeier to pay contempt sanctions of $65,623. Hereinafter, the Court will refer to this sanction as the Contempt Sanction.

Hansmeier noticed an appeal from the contempt sanction on July 6, 2015 (Doc. 204). A week thereafter, he filed for bankruptcy (Doc. 228-1 p. 6). Steele noticed an appeal on August 7, 2015 (Doc. 211). Duffy died on August 10, 2015, without having filed a notice of appeal (Doc. 228-1 pp. 2 & 6).

On or about August 10, 2015, Steele transferred funds to the Court via two separate wire transfers: One wire transfer in the amount of $65,000 (apparently in relation to the Contempt Sanction on behalf of himself and Hansmeier)[2] and a second wire transfer in the amount of $47,171.75 (one-half of the Discovery Sanction).

Because an appeal was pending, the Court entered a minute order stating that it would "retain the $112,171.75 pending the outcome of the appeal." (Doc.

---

[1] The Court previously sanctioned attorneys Steele, Duffy, and Hansmeier pursuant to 28 U.S.C. § 1927 (Doc. 100). The attorneys denied that they could comply (Doc. 101, 115, 127, and February 2014 *in camera* filings). Smith's subsequent financial discovery demonstrated that Steele and Hansmier did in fact have sufficient assets to satisfy the Section 1927 Sanctions Order (Doc. 199 pp. 14-16).

[2] Hansmeier noticed an appeal from the contempt sanction on July 6, 2015 (Doc. 204). He filed for bankruptcy in Minnesota on July 13, 2015 (Doc. 228-1 p. 6). Hansmeier declared that his obligation for the contempt sanction would be paid by Steele (Doc. 230-1). Hansmeier's bankruptcy was converted to a Chapter 7 (Doc. 228-1 p. 6; Doc. 229 p. 1).

216). Further, pending the outcome of the appeal, the Court directed the party entitled to the money to "make an application to the Court for its receipt." *Id.*

On July 19, 2016, the Seventh Circuit ruled on Hansmeier and Steele's appeals from the Discovery Sanction and the Contempt Sanction (Doc. 228-1). Hansmeier's appeal was dismissed for lack of standing because only his bankruptcy trustee was authorized to pursue it. *Id.* p. 7. The Seventh Circuit affirmed the $94,343.51 Discovery Sanction. *Id.* pp. 10-12. It vacated the $65,623 contempt sanction against Steele upon finding it "was a criminal contempt imposed without the process required by the Fifth Amendment to the U.S. Constitution." *Id.* p. 15. The Seventh Circuit remanded for further proceedings as to the Contempt Sanction. *Id.*

Presently, a Show Cause Hearing is set for October 20, 2016 to address the Contempt Sanction (Doc. 229). On September 23, 2016, Smith filed a pleading that (1) responds to the Court's Show Cause Order in relation to the Contempt Sanction and (2) seeks distribution of funds in relation to the Discovery Sanction. Steele has not filed any briefing in relation to the Show Cause Order and has not responded to Smith's briefing. This Order addresses the distribution of funds in relation to the Discovery Sanction. The Court will address matters pertaining to the Contempt Sanction at the October 20 Show Cause Hearing.

**ANALYSIS**

On appeal, the Discovery Sanction was affirmed in full (Doc. 228-1 pp. 9-12). The Seventh Circuit entered judgment on July 19, 2016 and its mandate

issued on August 10, 2016 (Doc. 228, 228-2). Accordingly, Smith contends the Discovery Sanction is now due and payable. Smith asks the Court to transfer $47,171.75, Steele's half of the $94,343.51 Discovery Sanction, from the retained funds to Smith.

Additionally, Smith asks the Court to transfer $47,171.76, Duffy's half of the $94,343.51 Discovery Sanction, from the retained funds to Smith. In the alternative, if the Court does not transfer $47,171.76 to Smith to cover Duffy's liability for his discovery obstructions, Smith argues the Court should transfer at least that amount to Smith to cover Steele and Hansmeier's obligations for their contemptuous misrepresentations. With respect to these requests, the Court finds as follows:

### Transfer of Steele's Half of the Discovery Sanction

The request to transfer $47,171.75, Steele's half of the $94,343.51 Discovery Sanction, from the retained funds to Smith is **GRANTED**.

### Request to Transfer $47,171.76, to Cover Duffy's Liability

The request to transfer $47,171.76 to cover Duffy's liability is **DENIED.** The Discovery Sanction imposed by the Court was to be apportioned equally between Steele and Duffy. The Court will not transfer funds posted by Steele to cover Duffy's half of the Discovery Sanction. The Court sympathizes with Smith's difficult position given the sudden death of Duffy. As set forth in Smith's briefing, no estate has been opened for Duffy. Because Duffy never posted security and left

no estate from which to collect debts, his half of the discovery sanction will be difficult, if not impossible to satisfy. Nonetheless, the request to transfer funds posted by Steele, for the purpose of covering Duffy's portion of the Discovery Sanction is **DENIED.**

**Request to Transfer $47,171.76, as a Sanction for Steele and Hansmeier's Civil Contempt**

The Discovery Sanction was imposed on Steele and Duffy for obstructing Smith's discovery efforts regarding the attorneys' alleged inability to pay (Doc. 200 p. 2). Smith's discovery efforts were necessitated only because of Steele and Hansmeier's contemptuous false statements. Smith argues that, in light of the above, it is appropriate to transfer funds (posted by Steele on behalf of himself and Hansmeier) to Smith to cover the unpaid portion of his discovery costs.

The Court is inclined to agree. The Seventh Circuit did not question the Court's finding that Steele and Hansmeier engaged in civil contempt. Rather, the Seventh Circuit vacated[3] the $65,263 contempt award as not compensatory upon finding that the $94,343.51 discovery sanction compensated any loss Smith incurred (Doc. 228-1 p. 14). However, in light of Duffy's death, Smith will receive only half of the compensation he is owed. But for Steele and Hansmeier's contemptuous false statements, Smith would not have pursued the subject discovery and would not have incurred $94,343.51 in costs. Imposing a fine on Steele in the amount of $47,171.76 (the remaining costs to Smith) for his conduct

---

[3] The award was vacated as to Smith. Hansmeier's appeal was dismissed for lack of standing.

would be purely compensatory and would be a permissible sanction for Steele's civil contempt.

The Court, however, will refrain from awarding costs at this time. Instead, in order to allow Steele every opportunity to respond, the Court will consider this matter at the Show Cause Hearing set for October 20, 2016.

## CONCLUSION

The request to transfer $47,171.75, Steele's half of the $94,343.51 Discovery Sanction, from the retained funds to Smith is **GRANTED**. The Court **DIRECTS** the Clerk of the Court to take the necessary steps to complete this transaction.

The Court will address the imposition of civil sanctions on Steele, in the amount of $47,171.76, to compensate Smith for his unpaid discovery costs at the October 20 Show Cause Hearing. Accordingly, at the Show Cause Hearing set for October 20, 2016, Steele must show cause why he should not be held in civil contempt for his misrepresentations to this Court and fined as follows:

(1) In an amount necessary to reimburse the Court for the costs incurred as a result of Steele's misrepresentations to this Court (*see* Doc. 229) and

(2) In the amount of $47,171.76 to cover the unpaid costs incurred by

Smith in conducting discovery necessitated by Steele's misrepresentations to this Court.

**Dated: October 14, 2016**

*Digitally signed by Judge David R. Herndon*
*Date: 2016.10.14 14:54:17 -05'00'*

**United States District Judge**