UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, | |
| Plaintiff, | |
| v. | Case No. 12-CV-889 |
| ANTHONY SMITH, et al., | Judge David R. Herndon |
| Defendants. | |

# MOTION TO RECONSIDER ORDER OF OCTOBER 14, 2016

NOW COMES John L. Steele ("Steele"), one of Plaintiff's attorneys, and as and for his Motion to Reconsider this Court's order entered on October 14, 2016, states as follows:

1.     On June 5, 2015, this Court entered an order holding Steele, Paul Hansmeier, and Paul Duffy in contempt, and imposing a contempt sanction of $65,263 jointly and severally on Steele, Hansmeier, and Duffy.

2.     On July 23, 2015, this Court entered an order imposing $94,343.51 in discovery sanctions on Steele and Duffy, with responsibility for paying the sanctions to be apportioned equally between Steele and Duffy. Thus, this Court ordered that Steele pay $47,171.75 of the $94,343.51 sanction.

3.     Thereafter, Steele, Hansmeier, and Duffy timely appealed the June 5 and July 23 orders to the United States Court of Appeals for the Seventh Circuit.

4. On DATE, Steele tendered $112,171.75 to this Court, representing the $47,171.75 he was required to pay toward the discovery sanction, and the entire $65,263 contempt sanction. The Court held those funds during the pendency of the appeal.

5. On August 10, 2015, Duffy died.

6. On July 19, 2016, the Seventh Circuit entered an opinion in this matter. *Lightspeed v. Smith, et al.*, nos. 15-2440 and 15-2682 (2016). The Appellate Court upheld the imposition of the discovery sanctions, but it <u>vacated</u> this Court's June 5, 2015 order holding Steele in contempt.[1] In so doing, the Appellate Court noted that the $65,263 contempt sanction was punitive in nature, rather than remedial or otherwise designed to compensate defendant Anthony Smith for any actual loss. On that basis, it determined to "vacate the existing contempt order and remand for further proceedings." *Id.*, at 15. After

7. On August 15, 2016, this Court entered an order setting a hearing in this matter for October 20, 2016. In the order, this Court stated that it "intends to impose a remedial sanction for the Steele's misconduct, outlined in this Court's June 5, 2015 Order," at the October 20, 2016 hearing. It then ordered Steele to appear for the October 20 hearing "to Show Cause why he should not be held in civil contempt

---

[1] The Seventh Circuit denied Hansmeier's appeal for lack of standing, as only Hansmeier's bankruptcy trustee had standing to bring the appeal. That holding does not pertain to Steele, and he therefore does not address it herein.

for his misrepresentations to this Court and fined in an amount necessary to reimburse the Court for the costs related to his misconduct as described herein."

8. On September 23, 2016, Smith filed a pleading in which he requested that this Court order the disbursement to him of the full $94,343.51 discovery sanction from the funds previously deposited with the Court by Steele, even though Steele was only responsible for payment of $47,141.75 of that sanction. Smith also asserted that "the Seventh Circuit vacated the contempt remedy as appropriate only for criminal contempts, [but] it did not question the well-grounded findings that Steele and Hansmeier committed civil contempt." Smith's Response to Order to Show Cause and Application for Receipt of Funds, at 4. Smith's pleading is directly contradicted by a plain reading of the Appellate Court's July 19, 2016 opinion.

9. On October 14, 2016, this Court entered an order in this matter granting Smith's request that $47,141.75 be paid to him from the funds previously deposited by Steele. It denied Smith's request that the remaining $47,141.75 of the discovery sanctions be paid from the remaining Steele funds on deposit with the Court, correctly reasoning that Steele could not be held responsible for paying Duffy's portion of those sanctions following Duffy's death.

10. This Court also stated, in the October 14 order, that "[t]he Seventh Circuit did not question the Court's finding that Steele and Hansmeier engaged in civil contempt" (p. 5). It also indicated that it was inclined to agree with Smith that it could sanction Steele (and Hansmeier) in the amount of $47,141.75 for that civil contempt. This Court ordered that the October 20, 2016 hearing would, in part,

concern the appropriateness of ordering that remedy, and the appropriateness of a further sanction against Steele with a view toward compensating the Court for its time spent on the matters set forth herein.

11. Respondent respectfully requests that this Court reconsider its finding that the Seventh Circuit allowed any contempt finding against Steele to stand. The Seventh Circuit stated that it was "vacat[ing] the existing contempt order," meaning the June 5, 2015 order. Therefore, as of the date the Seventh Circuit's opinion was entered, the June 5, 2015 order was vacated, and there were no findings of contempt against Steele. The discovery sanctions remained, but they are a separate matter relating to other conduct.

12. As such, Steele respectfully requests that this Court reconsider its determination that Steele already is in civil contempt for the conduct referred to in the June 5, 2015 order, and instead first consider (consistent with its August 15, 2016 order) whether Steele should be held in civil contempt for that conduct. Steele further respectfully requests that if he is found to be in civil contempt, that any sanction imposed be calculated based on costs actually expended by Smith in connection with the conduct upon which any contempt finding is based, consistent with the Seventh Circuit's opinion.

WHEREFORE, John L. Steele respectfully requests that this Court reconsider its order entered on October 14, 2016.

Respectfully submitted,

John L. Steele

    <u>/s/John Steele</u>
BY:   John L. Steele, *pro se*