```
 1                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF ILLINOIS
 2
    LIGHTSPEED MEDIA CORPORATION, )
 3                                )
                     Plaintiff,   )
 4                                )
         vs.                      ) No. 12-cv-00889-DRH
 5                                )
    ANTHONY SMITH, et al.,        )
 6                                ) October 20, 2016
                     Defendant.   )
 7
                         SHOW CAUSE HEARING
 8            BEFORE THE HONORABLE DAVID R. HERNDON
                 UNITED STATES DISTRICT COURT JUDGE
 9
    APPEARANCES:
10

11  For the Plaintiff:        John L. Steele, Esq.
                              Accessibility Law Group
12                            500 Michigan Ave., Unit 600
                              Chicago, IL  60611
13                            (303) 520-8080

14
    For the Defendant:        Daniel G. Booth, Esq.
15                            Booth Sweet LLP
                              32R Essex Street
16                            Cambridge, MA  02139
                              (617) 250-8883
17

18

19  REPORTED BY:             Laura A. Esposito, RPR, CRR
                             Official Court Reporter
20                           U.S. District Court
                             750 Missouri Avenue
21                           East St. Louis, IL  62201
                             (618) 482-9481
22                           Laura_Esposito@ilsd.uscourts.gov

23

24
         Proceedings recorded by mechanical stenography;
25  transcript produced by computer.
```

1    *(Court convened at 1:30 p.m.)*

2         **THE COURT:**  Call the case.  We have the *Lightspeed*

3    *Media Corporation vs. Smith* case, 12-889.  This is a matter

4    that's set on a show cause hearing regarding the John Steele

5    and consent sanctions matter.

6         So it's back again after remand from the

7    Seventh Circuit following their vacating the contempt order

8    that I entered.  Frankly, the bottom line is, I thought I

9    was entering a civil contempt.  Seventh Circuit determined

10   that, in actuality, I entered a criminal contempt, and so

11   they vacated that finding and remanded it for matters

12   consistent with their order.

13        So we have Mr. Daniel Booth on the phone, and he

14   represents Defendant Anthony Smith.  In the courtroom we

15   have?

16        **MR. STEELE:**  John Steele.

17        **THE COURT:**  John Steele.  And also -- anybody else?

18   Nobody's at that table.  Troy Bozarth is out in the

19   audience.  Interested observer, I guess.

20        So, Mr. Booth, what is your position at this point

21   in time relative to the issues?

22        **MR. BOOTH:**  Well, right now our position is that

23   still was an act of contempt, and the funds that we

24   requested as compensation we have now been authorized --

25   after the Seventh Circuit affirmed, in part, the decisions

1    on appeal, they authorized us to receive the compensation

2    for the obstructing discovery sanctions, which were entered

3    equally between Attorney Steele and the late Attorney Duffy.

4              In addition, there was the other sanctions, the

5    contempt sanctions, which was determined was entered as a

6    criminal sanction, not as a civil contempt sanction.  They

7    vacated the sanction amount.  So the issue now is the other

8    half of the discovery sanction, which essentially overlaps

9    in many respects with the test sanction.  Those are funds

10   that our client would certainly still like to have as

11   compensation.

12             So the position is that, as a practical matter,

13   those funds are to compensate the exact same set of wrongs,

14   two wrongs that overlap in significant amounts.  The costs

15   that were incurred in litigation to expose the contempt were

16   costs that we attributed in our billing statements to the

17   discovery sanctions, but it was -- all served the same

18   purpose, and it was -- if not for the contempt, if not for

19   the falsehood stated to the Court, the misrepresentations,

20   we never would have needed to conduct discovery to expose

21   those and make clear exactly what the financial status of

22   the attorneys was.

23             So there are now funds still on hold with the

24   Court.  The Court has authorized us to receive slightly over

25   $47,000, and we have invoiced and worked up to 94,000, just

1    over $94,000, so half of that has been approved.  Our

2    position is that the other half should be awarded to us as

3    civil compensation for civil contempt.  And essentially the

4    Court -- we'd ask the Court to reaffirm its finding that

5    Attorney Steele and Attorney Hansmeier committed civil

6    contempt, and allow us to be compensated through civil

7    contempt rather than through the discovery sanctions for the

8    simple reason that the order, the discovery sanctions, half

9    of that was to come from Attorney Steele, half from

10   Attorney Duffy.  And the half from Attorney Duffy is not

11   going to come -- no case has been opened.  His law firm is

12   now defunct, as are many of the clients that they were

13   running their lawsuits through, so the only way to obtain

14   full relief would be to obtain it through this other

15   sanction.  It seems to us that's appropriate, if only --

16   it's only just because the sanctions covered the same

17   ground.

18            **THE COURT:**  Okay.  Anything else?

19            **MR. BOOTH:**  That's the fundamentals.

20            **THE COURT:**  Okay.  Mr. Steele?

21            **MR. STEELE:**  Would you like me to approach,

22   Your Honor, or --

23            **THE COURT:**  As long as you're using a microphone.

24   As long as that microphone is close to you.

25            **MR. STEELE:**  Well, Your Honor, the first thing I'd

1    like to bring up is that --

2          **THE COURT:**  Hold on one second.  Can you hear him,

3    Mr. Booth?

4          **MR. BOOTH:**  No.  It's very faint, unfortunately.

5    I'm sorry.

6          **THE COURT:**  That's probably because you're not

7    actually in the system.  So we're probably just going to

8    have to rely on hearing him through the ambient noise.  So,

9    Mr. Steele, just talk as loudly as you can.

10         **MR. STEELE:**  Your Honor, prior to the appellate

11   court argument, Mr. Duffy had already passed away.  And

12   during -- as part of opposing counsel's argument and

13   pleadings and whatnot was the argument that if the appellate

14   court would not agree that I should be sanctioned the

15   $65,000, that the appellate court could take the other

16   47,000 that was relating to Duffy's sanction and just give

17   it to them.  The appellate court declined to do that, and

18   here they're asking for the circuit court to do the exact

19   same thing.  And in the event that this is appealed, the

20   circuit court would be looking at the district court having

21   granted something that the circuit court specifically did

22   not agree to do, even though they were asked by counsel.

23         And I want to make it clear -- well, first of all,

24   I would like to, with respect, lodge an objection just to

25   preserve for the record that I have had less than a week to

1    prepare a defense to this, what I would characterize as a

2    very unusual liability that I now face; namely, that I may

3    be found liable for a sanction caused or due to the conduct

4    of Mr. Paul Duffy and that somehow this liability was

5    created because Mr. Duffy died and not based on anything

6    that I may have done.

7         The Court clearly apportioned half to me and half

8    to Mr. Duffy for discovery violations.  I tendered that

9    amount, and it would seem -- I'll put it this way:  I did my

10   research.  I've not found a single case in which the death

11   of one person who was found to have sanctionable conduct

12   would be transferred to someone else because he died.  As a

13   side note, I would mention that opposing counsel have not

14   presented any evidence that they've attempted to collect

15   these from Mr. Duffy's estate or that any efforts have been

16   made whatsoever.

17        And, furthermore, the -- it's my understanding,

18   from reading the appellate court's opinion, that the actual

19   sanction, which wasn't labeled as compensatory or punitive

20   but what was determined to be punitive by the appellate

21   court, was overturned.  I fully respect this Court's

22   decision yesterday that my motion for reconsideration --

23   that basically I'm not currently in contempt because of

24   that, the circuit court's opinion striking down this Court's

25   June 5th order, but I would like to just simply renew my

1    objection to that.

2          Outside of the law and whatnot, it seems

3    fundamentally unfair that counsel might use the word

4    "justice" or whatever, and leaving aside incurring $94,000

5    in fees on something of this nature, leaving that aside, not

6    arguing about that, but to expose one attorney to the

7    liability for someone else.  I mean who else am I going to

8    be liable for if they die?  I mean that just seems kind of

9    like an absurd argument.  If Mr. Duffy did something wrong,

10   then he can compensate the opposing counsel.  If they're

11   having difficulty obtaining funds and they look over and

12   see, oh, Mr. Steele successfully argued an appeal and was

13   able to -- still has some funds left in a bond, well, that's

14   easier than going and collecting from Mr. Duffy's estate,

15   that's not how our system works.  And I mean this money, as

16   this Court I believe is well aware of, or mentioned in an

17   order, was money lent and paid by -- directly by two other

18   individuals as a loan to me.  This is their money put into

19   the court.  It would seem fair that the predicate upon which

20   this money was deposited, i.e. to appeal the sanctions that

21   were imposed against me, be used for that purpose.

22          I'm not -- again, I don't want to, you know -- I do

23   want to state I'm not sure if what the Court is -- I'm a

24   little confused about what today's -- if it's about my

25   ability to argue whether or not I should be held in contempt

1   because that was the initial order I saw regarding today.

2   And, if so, I would like to briefly touch upon the only

3   piece of evidence that has been entered about me, namely my

4   bank record, and that is -- well, first, let me get to the

5   bank record.

6        The bank record from Sabadell Bank is an account,

7   by the way, Your Honor, that was very well-known to opposing

8   counsel and to many counsel.  I've testified about it in

9   various depositions.  It's well-known.  I wasn't trying to

10  hide any account.  But I knew, after consulting with legal

11  counsel, that this would be considered, or a fair

12  interpretation of a bank account held in joint tenancy by

13  the entirety with funds that have always been joint tenancy

14  by the entirety funds is not my asset that I can simply go

15  and like take from without permission from the other tenant

16  who has an equal interest in the entire amount, as this

17  Court knows.  And my wife never gave permission for me to

18  say, *Okay.  Take all this money and pay the Court for that*

19  *sanction.*

20       And most importantly, opposing counsel's never

21  introduced any evidence that this bank account was mine to

22  do as I please, was not currently frozen by another court.

23  I mean, who knows?  They essentially did not put on any

24  evidence that there were funds that I could personally go

25  and just take legally.  I mean, of course, I could take the

1    funds and violate the law or I could go rob a bank.  There's

2    ways I could technically get money but not legally.  And so

3    I made it clear.  I mean I -- opposing counsel knows this is

4    an account in tenancy by entirety.  Counsel did not submit

5    any paperwork -- or submit this as evidence.  They just

6    attached it as some sheets of paper to a motion to

7    reconsider, which, I would add, was done after I was

8    successful in front of this Court regarding the actual

9    motion for contempt, in which point counsel had already had

10   that information.  They already knew about my Sabadell Bank.

11   Had they tried to bring it up at that hearing I would have

12   objected and demanded that they present it as evidence, they

13   put someone on at trial, they establish foundation, they

14   establish that I could have accessed these funds without my

15   wife's permission, etc.  And it's their affirmative duty to

16   present clear and convincing evidence of this.  Simply

17   attaching someone's bank statement that -- the document

18   itself says that I don't have a right to just take the money

19   is so far from any evidence.

20           And I would briefly mention that the other items

21   attached, such as circuit court opinions and other states

22   that have nothing to do with behavior in this courtroom or

23   documents relating to Paul Hansmeier, who has nothing to do

24   with this proceeding, it would not be evidence that I should

25   be sanctioned or to support maintaining any sanction against

 1    me.

 2         I also would like to briefly address this Court's

 3    statement or issue -- order to show cause, the portion

 4    specifically dealing with looking at imposing a cost upon me

 5    for the Court's time.  If the Court would look at the bigger

 6    ramifications of doing this I think the Court may agree that

 7    it's a pretty awesome extension of Court power.

 8         **THE COURT:**  Let me stop you right there.  So the

 9    Seventh Circuit said it's also telling that the amount of

10    fine was not connected to any cost imposed on either Smith

11    or the District Court.

12         So it's pretty clear that the Seventh Circuit was

13    inviting me to consider a contempt finding.  It's clear that

14    they didn't take umbrage with me at all in holding you in

15    contempt.  What they -- the problem they had was they found

16    that my punishment for your contempt was a punitive one

17    rather than tying it into costs.  They also suggest that the

18    costs were not either -- not Smith's costs or the Court's

19    costs.

20         So have you given thought to what that would mean

21    if the Court were to assess court costs?  For example, am I

22    to quiz the clerk of the court back there and say, *Well,*

23    *what costs are associated with your deputy clerks in filing*

24    *these things?*  What costs -- am I to look to the law clerk

25    and say, *What kind of time did you spend in reviewing this*

1    *motion?*  Am I to look inward and say, *What kind of time did*

2    *I spend in reading all of this stuff?*  *What kind of time did*

3    *I spend in listening to, frankly, that nonsensical argument*

4    *I just listened to?*

5            How do you perceive the Seventh Circuit's message

6    to me when one -- when a judge assesses contempt of court

7    and sanctions the contemptor for court costs?  How does that

8    work?

9            **MR. STEELE:**  Well, I would argue that the circuit

10   court didn't just -- the circuit court vacated your contempt

11   against me because it violated my due process rights.  I

12   didn't get proper --

13           **THE COURT:**  We're beyond that.  My question of you

14   is:  Since I'm now considering the civil contempt -- we're

15   not worried about your due process.  You're getting that,

16   certainly.  But the question is:  If I look at this from the

17   standpoint of a civil contempt and that civil contempt takes

18   the form of recompensing the Court for its costs, in all of

19   your vast research what have you found in terms of orders

20   for contempt that recompense the Court for the Court's

21   costs?

22           **MR. STEELE:**  Well, Your Honor, I found absolutely

23   no cases that -- well, there's the cases that Your Honor

24   cites dealing with a very different type of sanction.  In

25   those cases, attorney didn't appear, and so direct costs

1   associated with buying the jurors lunch, or attorney didn't

2   show up for a hearing, so relatively minor punitive to make

3   sure that the attorney shows up in the future.  But there's

4   no case that I'm aware of in which, if a judge doesn't agree

5   with the testimony presented or paperwork submitted by an

6   attorney or party, that he can hold everyone -- he can hold

7   that person liable for the costs of the entire proceeding.

8       And I think the reason why, based on what I've

9   read, is that it would be an awesome expansion of judicial

10  power because nobody testifying or providing any evidence to

11  a Court is going to want to say something the Court doesn't

12  agree with; otherwise, they could be found liable for the

13  whole court case.  Essentially the judge would get to decide

14  what kind of testimony is introduced; otherwise, the person

15  might be on the hook for paying a lot of money.

16      And the other problem with it is, again, a due

17  process problem because normally in a fee petition where a

18  person's made aware of, *Hey, you might be liable for this*

19  *fee petition*, the person gets to see a printout of all the

20  different costs.  He gets to look at it, may perhaps

21  challenge it if he feels it's appropriate.  He looks at

22  billing statements.  And here the Court will be deciding on

23  the credibility of itself.  I certainly can't dispute any

24  charges that the Court just decides is fair, and so it takes

25  away all the protections of just a rubber stamp of an

1    unchallengeable sanction order.

2          Plus, there's no way for me to know ahead of time

3    what my possible liability is because under this theory,

4    since no evidence has to be given to me or pay records or

5    any kind of documentation like a normal sanction would

6    entail, I don't know -- if I'm on the hook for a hundred

7    dollars, for instance, I would just pay it and say, well,

8    that just makes right sense.  But if this exposure's a

9    million dollars then I would ask for time, you know.  I'd

10   hire attorneys, I'd get expert witnesses to explain why it's

11   not fair or it's unconstitutional to simply make someone --

12   make someone who's tendered a document or evidence that this

13   Court doesn't agree with to just make him responsible for

14   any kind -- any amount of money that the Court decides in

15   its own mind is good.  Seems to violate the due process of

16   my right to contest before a neutral judge because obviously

17   you're going to be the one deciding if your calculations

18   were fair or were proper.  I have no recourse.

19         And, of course, under appeal, with deference given

20   to the Court, it seems like I would have never gotten the

21   ability to have a neutral arbiter, someone that calls balls

22   and strikes to say, *Okay, this is fair, this is not*, etc.

23         But more importantly, the idea of loser pays, or

24   the idea of, if I don't like what you're saying, you got to

25   pay, that would change our entire judicial system because

1    then people would be afraid to file something.  And I'm not

2    saying there's not recourse if someone lies under oath or

3    presents evidence -- surely if there's evidence that's out

4    there that I lied under oath or whatever, there's

5    appropriate action, whether it's the ARDC or whatever it may

6    be, there is repercussions, but if this Court doesn't -- and

7    I want to make clear, in good faith I made a financial

8    statement to this Court.  This Court disagreed and thinks

9    that I could have paid anyway.

10         But I didn't commit any sort of -- that

11   disagreement with what I've submitted, I don't --

12   respectfully, I don't believe should engender -- or should

13   endanger me to now having to pay for all the proceedings,

14   especially because there are portions of the proceedings

15   that were overturned by the circuit court.  So --

16         **THE COURT:**  Anything else, Mr. Steele?

17         **MR. STEELE:**  Well, I would only add that opposing

18   counsel has not given any evidence -- well, they haven't

19   presented any evidence that's been admitted since the Court

20   ruled in my favor on June 5th.  But most importantly,

21   opposing counsel hasn't presented any different argument

22   than they presented to the circuit court that they should be

23   compensated from the $65,000 that I was able to preserve on

24   appeal.  Their argument they should just take that money and

25   give it to them for Duffy's 47 fell flat.  The circuit court

1   had no interest in that argument, thought that was a poor

2   argument, did not follow their advice, and instead ruled the

3   way it did.

4        So I've seen nothing, and I don't believe the Court

5   has either, since the appellate court issued that opinion.

6   If this Court is looking at what was recently presented,

7   such as Paul Hansmeier's bankruptcy petition, which I've

8   never even seen before, that -- I would hope that this Court

9   agrees that has nothing to do with whether or not I

10  committed any kind of, you know, sanctionable conduct in

11  this courtroom.

12        And this isn't just a form over substance issue.  I

13  know, I'm well aware that this Court does not hold me or

14  several of the other attorneys in this case in high regard

15  and thinks plenty of bad things about us.  I understand

16  that.  But it's people in my situation that need these

17  protections and these requirements more than anyone else

18  because this is what protects, sort of ends that justify the

19  means, let's just punish this guy.  But you can't do it

20  without due process.  And due process isn't just giving me a

21  chance to show up and not, you know, follow rules of

22  evidence and just kind of let me talk and then, you know --

23  due process means that the other side's required to do

24  things in order for the Court to consider it, it's proper

25  notice that, *Hey, Mr. Steele, you've gotten -- five days*

1    *from now you may be found liable for $47,000*, which I don't

2    believe comports with due process, for example.

3           And so I would just ask that, even if this Court,

4    you know, thinks that I submitted this documentation in bad

5    faith or that I was not including a bank account, that that

6    doesn't rise to suddenly making me liable for $47,000 in bad

7    acts that Mr. Duffy did.

8           **THE COURT:**  Mr. Booth, have anything else?

9           **MR. BOOTH:**  I do.  I think it should be clear,

10   there's no question that Attorney Steele's conduct was

11   contemptuous and was sanctionable through civil contempt,

12   and this was a finding that the Court made last year.   In

13   fact, something that the Seventh Circuit found far from any

14   concern over.

15          Looking back at page 12 of the Seventh Circuit's

16   opinion this summer, and they make clear that -- the

17   Seventh Circuit made clear that there was no error in the

18   grounds for the sanction itself.  They vacated the sanction

19   but they did not reverse it or overturn it, so the factual

20   findings aren't in question.

21          They found that Steele and Hansmeier's acts,

22   insisting that they could not pay the previous sanction

23   order while they were drained of bank and trust accounts,

24   were obviously egregious behavior, as they put it, and a

25   flat violation of the district court's order, and also

1   commented that their actions necessitated Smith's litigation

2   over their ability to pay the sanctions.  Those are quotes.

3            So that's essentially -- the Seventh Circuit has

4   walked through the elements of a contempt claim, a civil

5   contempt claim in the Seventh Circuit.  This was a direct

6   violation, a significant violation, and it was consequential

7   too because if it hadn't happened then we wouldn't have had

8   any of those costs incurred.  And so Mr. Smith is simply

9   seeking compensation for the costs that they put him

10  through.

11           So the Seventh Circuit noted that it wasn't

12  commenting on whether this Court might reconsider the

13  possibility of civil contempt, and all they did was vacate

14  the quantum of the sanction imposed.  Now, that sanction was

15  vacated specifically because the Seventh Circuit didn't see

16  a direct correlation between costs incurred and the amount

17  imposed.

18           All we are asking for now is precisely the dollar

19  figure that was already committed, an amount that the

20  Seventh Circuit has already determined was not grossly

21  excessive, as Attorney Steele put it on appeal, that that

22  amount should be paid in full and no more.  We're not

23  seeking any further.  And, in fact, there were hours that we

24  put in on this case that we are not claiming for that we put

25  out, but these hours are clearly within the realm of reason

1    as far as the Seventh Circuit is concerned and as far as

2    this Court was concerned.

3           The only question is whether Attorney Steele should

4    be sanctioned for them and whether the sanctions that --

5    whether he should be held liable for both his discovery

6    obstruction and the contemptuous falsehood that those

7    discovery instructions served to obstruct, served to prevent

8    the Court from knowing about.  So those two wrongs are

9    effectively overlapping.  They were both in furtherance of

10   the same obstruction.  The whole point of the discovery

11   obstruction was to maintain the false story that they

12   couldn't have paid up.

13          So it's Smith's position that Attorney Steele

14   should bear the costs of both wrongs because he caused both.

15          **MR. STEELE:**  Your Honor, counsel said himself that

16   the Seventh Circuit didn't comment.  Of course the

17   Seventh Circuit said clearly that if this Court wishes to

18   institute a civil contempt proceeding against me, it was --

19   that's great, it's no problem, as long as it follows the

20   due -- my due process rights.  It didn't say, everything you

21   did was great but just go back and call it civil contempt

22   and we're all good.  It did not say that.  And for counsel

23   to suddenly say that the Court thought that the entire

24   contempt process was fine is completely misleading.  The

25   Court found that the process was unconstitutional.

 1   Therefore, how can the end result be okay?

 2        And so, simply put, what they're trying to do is

 3   confuse two different -- there's a discovery violation,

 4   which is not even -- not only is it unrelated but it's not

 5   even up really as an issue because the appellate court's

 6   already ruled on that.  That's done.  $94,000 discovery

 7   sanction, Steele has to pay half, Duffy has to pay half.

 8   That's been approved, done, off the table.

 9        Essentially what counsel wants you to do is say,

10   now that the appellate court has upheld it, we want you to

11   change it.  We want you to now say Mr. Steele's responsible

12   for Mr. Duffy's conduct as well as Mr. Steele's conduct

13   because it's hard to go get the money from Duffy's estate.

14   But besides being a ridiculous legal argument, that doesn't

15   really matter.  It doesn't matter how difficult it is for

16   them to obtain money from Mr. Duffy's estate or from

17   anyone's estate that's ever committed any kind of

18   sanctionable conduct in this country.  That's not my

19   problem.  And so for them to mix it all together and say

20   they're all related, but that's not what the appellate court

21   said.  The appellate court said the discovery misconduct is

22   fine, great deference to the Court, Mr. Steele has to pay

23   half, and we approve of Mr. Steele paying half, we approve

24   Mr. Duffy paying half, the whole thing.  What they then said

25   was that the punitive sanction against me was

1    unconstitutional.  It's done.  Now you can go back and now

2    have a process where they've got to introduce evidence, you

3    know, and the Court will determine if I'm in civil contempt,

4    but I didn't read anywhere in the appellate opinion that

5    they're saying that you can find that I'm still in civil

6    contempt just because they struck -- they said that you

7    cannot have a punitive sanction against me.

8            And, quite frankly, on the bigger picture, this

9    Court very quickly ruled on whether or not -- my ability to

10   pay, which it said I could, which obviously, as I mentioned

11   earlier, other people paid this on my behalf, but that was a

12   period of harm.  Counsel's acting like there was this

13   multi-year extremely involved process where I was evading

14   this and doing that.  As soon as the Court said I had to pay

15   it, I went and borrowed the money.  The damage -- the

16   amount -- the time and damages was a matter of days, I'd

17   have to look at a calendar, but this isn't some odyssey, a

18   multi-year odyssey where I was running around trying to do

19   anything clearly in bad faith, or at least that's what I

20   would argue.  And I don't think there's any smoking gun to

21   that effect.

22           Clearly, the Court doesn't agree with what I

23   present to the Court, which, by the way, it's my

24   understanding opposing counsel still hasn't seen.  So how

25   they believe it's not true, I've always been very confused

1    about.  But anyway, the Court doesn't agree with my

2    financial statement.  It was prepared by my accountant who's

3    done my taxes for 15 years, or at least ten years.  I'm

4    not -- I believe that if this is a civil contempt -- if this

5    is a hearing to determine whether or not I should be held in

6    civil contempt then I should have the right to confront this

7    evidence that somehow been submitted after I already won the

8    civil contempt hearing on June 2014.

9         If we're going to have another one then I should

10   get my full due process rights.  Okay, present evidence,

11   present the bank records, present the persons to

12   authenticate them, present the argument, by clear and

13   convincing evidence, that there was enough money that I

14   could personally take out of there without doing it

15   illegally, and that I could have paid this Court.  That's

16   what they would have to do if we have a new civil contempt

17   process.  And, quite frankly, that's what the circuit court

18   said.

19        Now, what the opposing counsel wants to do is say,

20   let's not go through that because (a) they didn't introduce

21   any evidence the first time, and (b) they don't want to have

22   to try to find evidence now.  What would be a lot easier for

23   them is for you to go, I'm going to find civil contempt

24   without making any other requirements and just take the

25   money out of that bond from before and everyone's happy,

1  except for Mr. Steele because we don't like Mr. Steele.  And

2  it's hard for me to even -- quite frankly, to say that

3  sometimes because I know I can't argue certain things about

4  whether or not discovery violations existed, and I

5  understand that, and I'm not.

6       But all I'm asking for is, despite the Court's

7  dislike for me and for other perhaps people in this process,

8  I'm just asking for the rights -- literally the right to --

9  if this Court's going to take property, money from me by

10  suddenly holding -- by deciding that I'm liable for

11  Paul Duffy's malfeasance in front of this Court, that

12  there'd be a hearing, that they'd have to present testimony

13  that there's some -- you know, that there's some evidence

14  against me because that's what's always lacking in these

15  things, Your Honor.  A lot of really horrific stories and

16  things said about me, but when I was standing in front of

17  you and said I can't pay and they haven't provided a single

18  piece of paper otherwise, they just stood there and didn't

19  present anything.  That was their hearing.  So if we want to

20  do that again, they can now try to present some evidence,

21  fine.  But we have never had a hearing in which anyone's

22  been forced to present any evidence that I can cross-examine

23  or that I can show is not correct or anything.  And without

24  that, we again have a due process violation because it's not

25  just a notice to be heard; it's a notice to be fairly heard,

1  a notice to present their accusers, ability to get up and

2  show why tenancy by the entirety means I would be legally

3  barred from just taking that money on my own.  All the

4  different things I would present at an evidentiary hearing

5  I've never been able to do.

6          **MR. BOOTH:**  May I address that, Your Honor?

7          **THE COURT:**  Sure.

8          **MR. BOOTH:**  We had a hearing about this and at that

9  hearing, it's absolutely true, we didn't have all of the

10 documents that we needed to show that Attorney Steele was

11 misrepresenting his financial status.  We got them soon

12 after.  And the Seventh Circuit actually looked at this

13 afterwards and agreed, first off, that there was no abuse of

14 discretion in granting the motion to reconsider under the

15 circumstances where there were documents that were withheld

16 that were not able to access because of Attorney Steele and

17 Attorney Duffy's obstructions with safe doll, for example.

18          Once we got those documents, as this Court found

19 and as the Seventh Circuit noted well, Attorney Steele

20 had -- was revealed to have been taking hundreds of

21 thousands of dollars from his accounts with his wife and

22 putting them to other uses in the period right around the

23 time when he was telling this Court that he could not afford

24 to pay; $355,000, in fact.  So there is no question that

25 this is not abuse of discretion.  There has already been a

1    day in court, there has already been a hearing, and there's

2    already been a determination upon these facts.  So on

3    reconsideration there was no abuse to reconsider.  Once we

4    had those documents and were able to put them in front of

5    the Court, at that point this was found to be an act of

6    civil contempt.

7              And so the question about whether due process is

8    granted, that's already -- the Seventh Circuit has already

9    decided that there was no abuse of discretion in granting

10   reconsideration.  Their concern was with the form of the

11   sanction that could be imposed, and so a more reasonable

12   sanction is appropriate, but there is no point in rehashing

13   what actually happened.  We can do it but there is no point.

14   It would be more waste.  I believe the point of this hearing

15   is to address how to address the waste that have already

16   been incurred of Attorney Smith's time and of the Court's

17   time and the waste of all of our resources in having to

18   uncover and expose and deal with these falsehoods,

19   misrepresentations, and the time it chewed up on all of our

20   parts.

21             **MR. STEELE:**  Your Honor, the --

22             **THE COURT:**  Thanks.  You're just going to keep

23   rehashing the same thing you've been rehashing over and over

24   again.

25             So the Court's going to take the matter under

1    advisement.  And I appreciate it.  We're adjourned.

2         *(Court adjourned)*

3                              *   *   *   *

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1              **REPORTER'S CERTIFICATE**

2

3        I, Laura A. Esposito, RPR, CRR, CCR(MO), Official Court
  Reporter for the U.S. District Court, Southern District of
4  Illinois, do hereby certify that I reported in shorthand the
  proceedings contained in the foregoing 24 pages, and that
   the same is a full, true, correct, and complete transcript
5  from the record of proceedings in the above-entitled matter.

6        Dated this 2nd day of November, 2016.

7

8                                        _Laura A Esposito_   Digitally signed by Laura Esposito
                                                      Date: 2016.11.07 11:54:50 -06'00'
9                                        _____
                                         LAURA A. ESPOSITO, RPR, CRR, CCR

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25